UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SYBRENA EVANS, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DANIELLE ROBERTSON, *et al.*,<br><br>Defendants. | Case No. 24-cv-13435<br>Honorable Judith E. Levy<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO SET ASIDE
THE CLERK'S ENTRY OF DEFAULT AGAINST DEFENDANT
ROBERTSON (ECF NO. 9)**

I.   **Introduction**

Plaintiffs Sybrena Evans and Sybrena Kenan & Associates, Inc. (SKA), sue Defendant Danielle Robertson and Jane Does 1-10 for copyright infringement, defamation, fraud, and harassment. ECF No. 1. The Honorable Judith E. Levy referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 7.

Plaintiffs attempted to serve Robertson's alleged registered agent in Delaware. ECF No. 5; ECF No. 12, PageID.100. Service was sent by certified mail, return receipt requested, to 8 The Green, Suite A, Dover, DE 19901. ECF No. 5. Delivery was not restricted to Robertson or to a named

agent.  *Id.*  The return receipt was unsigned but states that delivery was received by "Benn."  *Id.*  Plaintiffs offer an email in which Robertson agreed to receive service of process at the Dover address for allegedly infringing content posted to YouTube under her account name "Dani Montana."  ECF No. 12, PageID.104.  The email does not identify any agent by name and only lists the Dover address.  *Id.*

Robertson did not respond to the complaint, and plaintiffs requested a Clerk's entry of default, which was entered in January 2025.  ECF No. 8; ECF No. 9.  The Court ordered plaintiffs to show cause why the default should not be set aside for failure to properly serve.  ECF No. 11.  Plaintiff responded.  ECF No. 12.  Because plaintiffs did not serve Robertson in accordance with federal or state law, the Court **RECOMMENDS** that the Clerk's entry of default be **SET ASIDE**.

II.   Analysis

When "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a) (cleaned up).  District courts have discretion to set aside a clerk's entry of default on a showing of good cause.  Rule 55(c).  But before evaluating good cause, the Court must determine whether the defendants were properly served.  *Adams v.*

2

*Sunlighten Inc.*, 328 F.R.D. 477, 481 (W.D. Mich. 2018) (*citing O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 355 (6th Cir. 2003)). If the defendants were not served, the default must be set aside without reference to good cause. *Id.*

Plaintiffs did not serve Robertson in accordance with federal law. Federal Rule of Civil Procedure 4(e)(2) permits serving an individual by:

> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Plaintiffs did not personally serve Robertson or leave copies of the summons and complaint at her residence with a person of a suitable age, as required under Rule 4(e)(2)(A) or (B). Nor did plaintiffs serve Robertson's agent as required under Rule 4(e)(2)(C). "'[D]elivery [under Rule 4(e)(2)(C)] means personal service on the appropriate individual, not service by mail.'" *Fleury v. Polk Cnty. Sheriff's Off.*, No. 24-cv-11417, 2024 WL 4894846, at *4 (E.D. Mich. Nov. 26. 2024) (quoting *Shelton v. Credit Corp Solutions Inc.*, No. 23-cv-13314, 2024 WL 2724159, at *1 (E.D. Mich. May 28, 2024)) (cleaned up). And even if Robertson authorized a

3

registered agent to accept service on her behalf, the return receipt did not include the agent's name—only the address.  A simple search reveals that at least two registered agents operate from the Dover address.[1]  Thus, it is unclear whether the service documents were delivered to the correct agent.

Rule 4(e)(1) also permits a plaintiff to serve an individual by following state law in the state where the action is pending or where service is made.  Plaintiffs could have served Robertson under Michigan law by:

> (1)  delivering a summons and a copy of the complaint to the defendant personally; or

> (2)  sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee.  Service is made when the defendant acknowledges receipt of the mail.  A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2).

Mich. Ct. R. 2.105(A).  Michigan also permits substituted service on a nonresident individual by:

> (a) serving a summons and a copy of the complaint in Michigan on an agent, employee, representative, sales representative, or servant of the defendant, and

> (b) sending a summons and a copy of the complaint by registered mail addressed to the defendant at his or her last known address.

---

[1] *See* A Registered Agent, Inc., https://www.yelp.com/biz/a-registered-agent-dover-2 (last visited February 10, 2025); Delaware Corporate Headquarters, Inc., https://www.delawareregisteredagent.com/contact-us (last visited February 10, 2025).

Mich. Ct. R. 2.105(B)(1).

Plaintiffs did not comply with Michigan law when serving Robertson. Plaintiffs did not personally serve Robertson, nor did they supply a return receipt bearing Robertson's signature. *See Dortch v. First Fid. Mortg. Co. of Mich.*, 8 F. App'x 542, 546 (6th Cir. 2001) (service was not perfected under Rule 2.105(A)(2) because the defendant did not sign the return receipt). Plaintiffs also failed to make substituted service, as they did not personally serve the complaint on an agent in Michigan or mail it to Robertson's last known address. *See Cardello-Smith v. Combs*, No. 24-12647, 2024 WL 4800187, at *2 (E.D. Mich. Nov. 15, 2024) (holding that the plaintiff did not satisfy Mich. Ct. R. 2.105(B)(1) when he complied with subpart (b) but not subpart (a)); *Gray-El v. Jennifer Lopez/Nuyorican Prods., Inc.*, No. 19-10952, 2019 WL 8750506, at *14 n.3 (E.D. Mich. Dec. 18, 2019) ("It does not appear that service by certified mail to a registered agent satisfies service on an individual or a business organization under" Mich. Ct. Rule 2.105(B)).

Under Delaware law, process "may be served on the defendant in the manner prescribed by any rule of court, or by stating the substance of it to the defendant personally, or by leaving a copy of it at the defendant's usual place of abode, in the presence of some adult person." 10 Del. Code

5

§ 3103(a) (cleaned up).[2] The Delaware Superior Court Rules permit service by:

> [D]elivering a copy of the summons, complaint and affidavit, to that individual personally or by leaving copies thereof at that individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, or by delivering copies thereof to an agent authorized by appointment or by law to receive service of process.

Del. Super. Ct. R. 4(f)(1)(I).

Again, plaintiffs did not serve the complaint by stating the substance of the complaint to Robertson personally, by leaving it with an adult at her residence, or by personally delivering it to her. Although they purported to serve Robertson's agent, "delivery" by certified mail is insufficient under Delaware law. *See Chapman v. Homecoming Fin. Servs., LLC*, No. 07-4553, 2008 WL 1859540, *2 n.3 (E.D. Pa. Apr. 25, 2008) (noting that the Del. Super. Ct. R. 4(f) "permit[s] *personal delivery* to [the] residence or authorized agent of [an] individual" (emphasis added)); *Shipley v. Orndoff*, 491 F. Supp. 2d 498, 503 (D. Del. June 7, 2007) ("[S]ervice by certified mail is not a valid form of service under Delaware law."); *Shomide v. ILC Dover*

---

[2] Plaintiffs cite 8 Del. Code § 321(a) and 10 Del. Code § 3114 in support of their argument that they properly served Robertson. ECF No. 12, PageID.101, 107. Those provisions do not apply, as they govern service on corporations and on nonresident directors, trustees, board members, or officers of corporations. They do not apply to service of individuals.

6

*LP*, No. 03-1019, 2006 WL 2042969, at *3 (D. Del. July 20, 2006) (holding that Del. Super. Ct. R. 4(f)(1)(III), which similarly authorizes service on corporations "by delivering" service documents to an authorized agent, "does not authorize service through certified mail of an initial pleading").

Plaintiffs contend that Robertson was served by certified mail sent to the Dover address in another case pending before the Honorable Laurie J. Michelson, *Smith v. Robertson*, No. 24-12213 (E.D. Mich.). ECF No. 12, PageID.101, 106. They argue that they were not ordered in that case to show cause whether service was proper. *Id.* That Judge Michelson has not yet addressed service in that case is unpersuasive. In *Smith*, the Clerk entered default against Robertson, and the plaintiff has moved for default judgment. Clerk's Entry of Default, *Smith*, No. 24-12213, ECF No. 12 (E.D. Mich. Oct. 18, 2024); Mot. for Default J., *Smith*, No. 24-12213, ECF No. 18 (E.D. Mich. Nov. 1, 2024). Judge Michelson may still address whether service was proper in deciding that motion.

Because plaintiffs have not served Robertson in accordance with federal, Michigan, or Delaware law, the Clerk's entry of default should be set aside. But if plaintiffs properly serve Robertson and she fails to respond, they may seek default judgment at that time.

7

III. Conclusion

The Court **RECOMMENDS** that the Clerk's entry of default against Robertson be **SET ASIDE** (ECF No. 9).

s/Elizabeth A. Stafford  
ELIZABETH A. STAFFORD  
United States Magistrate Judge

Dated: February 13, 2025

### NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the

objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections lack merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 13, 2025.

s/Davon Allen
DAVON ALLEN
Case Manager
