UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SYBRENA EVANS, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DANIELLE ROBERTSON, *et al.*,<br><br>Defendants. | Case No. 24-cv-13435<br>Honorable Judith E. Levy<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER DENYING NON-PARTY JOHN DOE'S REQUESTS TO PROCEED UNDER A PSEUDONYM AND TO SEAL HIS CONTACT INFORMATION (ECF NOS. 26, 30)**

Plaintiffs Sybrena Evans and Sybrena Kenan & Associates, Inc., sue Defendant Danielle Robertson and Jane Does 1-10 for copyright infringement, defamation, fraud, and harassment. ECF No. 1. The Honorable Judith E. Levy referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 7.

Evans served subpoenas under Federal Rule of Civil Procedure 45 on nonparty Block Inc. Cash App, seeking production of information about accounts linked to Robertson. Non-party John Doe moves to quash the subpoenas or for a protective order and requests permission to proceed under a pseudonym and that his contact information be sealed. ECF No.

26; ECF No. 27; ECF No. 30. Doe argues that the subpoenas seek personal and private information that bears no relevance to the action.

A party or other individual seeking to proceed under a pseudonym must satisfy a heavy burden, showing that his "'privacy interests substantially outweigh the presumption of open judicial proceedings.'" *Doe v. UNUM Life Ins. Co. of Am.*, No. 3:22-CV-212, 2022 WL 20686965, at *2 (E.D. Tenn. Sept. 20, 2022) (quoting *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004)). Courts consider:

> (1) whether the [parties] seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the [parties] to disclose information of the utmost intimacy; (3) whether the litigation compels [the parties] to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the [parties] are children.

*Porter*, 370 F.3d at 560 (cleaned up). Also relevant is "whether the defendants are being forced to proceed with insufficient information to present their arguments against the plaintiff's case." *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005).

Doe offers no argument explaining what privacy interests favor proceeding anonymously. And plaintiffs cannot adequately respond to the motion to quash without knowing Doe's identity. Because Doe has not carried his burden, the Court **DENIES** his request to proceed under a

2

pseudonym.  By **May 23, 2025**, Doe must file a written notice disclosing his identity.

Doe's request to seal his contact information also lacks merit.  In *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, the Sixth Circuit emphasized the movant's burden for overcoming the strong presumption that records filed with the court be done so openly.  825 F.3d 299, 305 (6th Cir. 2016).  "Unlike information merely exchanged between the parties, '[t]he public has a strong interest in obtaining the information contained in the court record.'"  *Id.* (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)).  Thus, "[o]nly the most compelling reasons can justify non-disclosure of judicial records*.*"  *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983).  The moving party must meet this heavy burden even if no party objects, and with a "document-by-document, line-by-line" showing "that specific information in the court record meets the demanding requirements for a seal."  *Shane Grp.*, 825 F.3d at 308.  The order to seal must be narrowly tailored to serve the compelling reason for the seal.  *See, e.g.*, *Press-Enter. Co. v. Superior Court of California, Riverside Cnty.*, 464 U.S. 501, 509-11 (1984).

3

This district updated Local Rule 5.3 in 2018 to enforce the presumption of openness. Under that rule, a motion to file under seal must include "for each proposed sealed exhibit or document, a detailed analysis, with supporting evidence and legal citations, demonstrating that the request to seal satisfies controlling legal authority." E.D. Mich. LR 5.3(b)(3)(A)(iv).

Again, Doe's summary filing fails to meet this burden, as he fails to justify sealing his contact information. Thus, his request to seal is **DENIED**.

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: May 14, 2025

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

      The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 14, 2025.

                                               <u>s/Davon Allen</u>
                                               DAVON ALLEN
                                               Case Manager