UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Sybrena Evans, *et al.*,

                Plaintiffs,      Case No. 24-13435

v.                                  Judith E. Levy
                                      United States District Judge

Danielle Robertson, *et al.*,

                                   Mag. Judge Elizabeth A. Stafford

                Defendants.

_____/

**OPINION AND ORDER OVERRULING PLAINTIFF SYBRENA EVANS' OBJECTIONS [22] AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [21]**

Before the Court is Magistrate Judge Elizabeth A. Stafford's Report and Recommendation ("R&R") recommending the Court dismiss Plaintiff Sybrena Kenan & Associates, Inc. ("SKA") from the action. (ECF No. 21.) Plaintiff Sybrena Evans filed objections to the R&R. (ECF No. 22.)

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a de novo standard of review. 28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b)(1)–(3). "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires

parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Group LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018). Objections that restate arguments already presented to the magistrate judge are improper, *Coleman-Bey v. Bouchard*, 287 F. App'x 420, 422 (6th Cir. 2008) (citing *Brumley v. Wingard*, 269 F.3d 629, 647 (6th Cir. 2001)), as are those that are vague and dispute the general correctness of the report and recommendation. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id.* (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). In sum, the objections must be clear and specific enough to permit the Court to squarely address them on the merits. *See Pearce*, 893 F.3d at 346.

In January 2025, Judge Stafford issued an order to show cause "directing Evans to find counsel for SKA by February 28, 2025, and

2

warning her that failure to do so would result in a recommendation to dismiss SKA from the action." (ECF No. 21, PageID.130 (citing ECF No. 11).) Because counsel has not appeared for SKA, a corporation, the R&R recommends that SKA be dismissed from the case because Evans may not represent it pro se. The R&R states, "[w]hile Evans may represent herself pro se, she must retain counsel to represent the SKA, a corporation." (*Id.* at PageID.129 (citing *Bischoff v. Waldorf*, 660 F. Supp. 2d 815, 820 (E.D. Mich. 2009)).)

As an initial matter, SKA has waived its right to object to the R&R because it has not filed its own objections within fourteen days after being served with the R&R. Fed. R. Civ. P. 72(b). When a party has not filed any timely objections, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 Advisory Committee Note Subdivision (b). The Court has carefully reviewed the R&R and concurs in the reasoning and result as it applies to SKA.

Evans submitted objections to the R&R.[1] (ECF No. 22.) However, these objections cannot be attributed to SKA because Evans is not an attorney; as such, she is not allowed to represent anyone or any entity other than herself. *See United States v. Twenty Miljam-350 IED Jammers*, 669 F.3d 78, 91 (2d Cir. 2011). While Evans is correct that pro se litigants have the right to proceed without an attorney pursuant to 28 U.S.C. § 1654, "that statute does not permit plaintiffs to appear *pro se* where interests other than their own are at stake." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002). "[A] corporation cannot appear in federal court except through an attorney." *Doherty v. Am. Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984); *see also Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201–02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel.").

---

[1] Evans argues that dismissing SKA from the case is "premature," stating, "[u]nder 28 U.S.C. § 1654, pro se litigants have the right to proceed without an attorney, and the Court has the discretion to allow reasonable time for a plaintiff to retain counsel when circumstances warrant it." (ECF No. 22, PageID.132.) Evans states she "intends to retain an attorney [for SKA] once the service issue is resolved" and dismissal of SKA "would unfairly prejudice [Evans]." (*Id.*) Evans also "objects to any finding that would prevent her from amending the complaint to include [SKA] at a later date." (*Id.*)

For the reasons set forth above, the R&R (ECF No. 21) is ADOPTED. Evan's objections (ECF No. 22) are OVERRULED. Plaintiff Sybrena Kenan & Associates, Inc. is DISMISSED from the action.

IT IS SO ORDERED.

Dated: May 15, 2025                       s/Judith E. Levy
Ann Arbor, Michigan                 JUDITH E. LEVY
                                               United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 15, 2025.

                                           s/William Barkholz
                                           WILLIAM BARKHOLZ
                                           Case Manager