**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN**

Sybrena Evans, Plaintiff

V.

Danielle Robertson et al.   Defendant(s).

Case no: 5:24-cv-13435
Hon. Judith E. Levy
Magistrate Judge Elizabeth A. Stafford

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S MOTION TO DISMISS AND OPPOSITION TO MOTION TO COMPEL IDENTITY (ECF NO. 49)**

**TO THE HONORABLE COURT AND ALL PARTIES:**

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure and this Court's inherent authority to manage its docket and sanction abuse of process, Plaintiff Sybrena Evans respectfully moves to strike the document titled:

> "Opposition to Plaintiff's Motion to Strike and Motion to Dismiss and Motion to Compel Identity" [ECF No. 49],

filed by Defendant Danielle Robertson, on the following grounds:

- The filing is procedurally improper and intentionally obfuscatory;
- The document attempts to circumvent prior court orders and deadlines;
- Defendant has not properly appeared or identified herself as required under Rule 11;
- The filing contains false representations and is designed to delay and harass;
- Defendant cannot "move to dismiss" a motion — motions to dismiss apply to pleadings, not to discovery motions.

**I. BACKGROUND**

Plaintiff initiated this action on December 23, 2024. After entry of default, a barrage of anonymous and procedurally irregular filings began appearing on the docket between May 6 and May 16, 2025. These were submitted under the pseudonyms "John Doe" and "Jane Doe," though the factual context pointed clearly to Defendant Danielle Robertson as the orchestrator.

On May 6, 2025, a "Motion to Quash" was filed by "John Doe," who claimed not to be Danielle Robertson, but simultaneously sought to suppress records from the Cash App account **"$TruthTellerDani."**

On May 7, 2025, "Jane Doe" filed ECF No. 28, containing:

> "Special Appearance; Motion to Set Aside Default; Motion to Dismiss; Motion to Quash; and Motion for Protective Order."

The filing purported to be on behalf of both "Jane Doe" and "John Doe", despite neither properly appearing under Rule 11 nor revealing their identity.

Also on May 7, 2025, "Jane Doe" submitted ECF No. 29, and "John Doe" filed ECF No. 30 Motion to Seal.

On May 12, 2025:

- ECF No. 33 – Defendant's Objection to Plaintiff's Certification of Exhibits;
- ECF No. 34 – "John Doe's" Objection to Plaintiff's Motion to Strike;
- ECF No. 35 – Supplemental Evidence in support of Motion to Set Aside Default;
- ECF No. 39 – Supplement to Defendant's Motion to Dismiss under Special Appearance.

Due to the volume and impropriety of these filings, Plaintiff filed an Emergency Motion to Strike on May 13, 2025 ECF No. 36, requesting the Court strike all pseudonymous submissions and require Defendant Robertson to proceed under her true name.

On May 14, 2025, the Court entered ECF No. 37, ordering "John Doe" to disclose his identity by May 23, 2025 and directing Plaintiff to respond to the motion to quash by June 6. The Court denied "John Doe's" motion to proceed anonymously the same day ECF No. 38.

On May 15, 2025, Plaintiff filed ECF No. 42, a Motion to Compel Disclosure of Identity.

On May 16, 2025, Defendant Danielle Robertson, no longer hiding behind "Jane Doe," filed ECF No. 49, titled:

> "Opposition to Plaintiff's Motion to Strike and Motion to Dismiss and Motion to Compel Identity."

This filing improperly included a Motion to Dismiss embedded within what was styled as an opposition to a discovery motion, continuing Defendant's pattern of procedural misdirection.

## II. LEGAL STANDARD

Under Rule 12(f), the Court may strike "any redundant, immaterial, impertinent, or scandalous matter" from the pleadings. Courts also retain inherent authority to strike filings that are:

- Procedurally improper or unauthorized;

- Misleading or filed under false pretenses;

- Intended to delay or disrupt judicial proceedings.

See *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (affirming courts' inherent powers to manage proceedings and sanction abusive tactics).

### III. ARGUMENT

### A. Defendant Cannot File a "Motion to Dismiss" a Motion

Federal Rule 12(b)(6) permits dismissal of a complaint, not a motion. Discovery motions, such as Plaintiff's Motion to Compel Identity ECF No. 42, are not subject to motions to dismiss. Defendant's embedded "motion to dismiss" is procedurally void and lacks any legal foundation.

### B. Defendant Has Not Properly Appeared or Complied With Rule 11

Although Defendant has now used her legal name, she continues to evade formal appearance requirements, including the designation of an address and proper signature under Rule 11. Prior filings under the "Jane Doe" alias further compound the impropriety.

Filing pseudonymously without leave of Court is strongly disfavored and permitted only in rare cases. See *Doe v. Stegall*, 653 F.2d 180 (5th Cir. 1981).

### C. Defendant Is Misusing the Docket to Obstruct and Harass

Defendant's opposition is a continuation of her campaign to delay proceedings, confuse the record, and hinder discovery. The embedded "motion to dismiss" seeks to dispose of a motion to compel — a request clearly outside the scope of Rule 12 and devoid of legal merit.

This misuse of procedure warrants judicial intervention.

### IV. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully moves the Court to:

1. **STRIKE** ECF No. 49 in its entirety;

2. **DISREGARD** any "Motion to Dismiss" embedded in that document;

3. **PROHIBIT** Defendant from filing further submissions under pseudonyms without prior leave of Court;

4. **ORDER** Defendant Danielle Robertson to make a formal appearance with Rule 11-compliant pleadings;

5. **GRANT** such other relief as this Court deems just and proper.

Respectfully submitted,
Sybrena Evans, Pro Se
17710 Lakeview Cr.
Northville, Michigan 48168
Dated: May 20, 2025

**DECLARATION OF SYBRENA EVANS IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S MOTION TO DISMISS AND OPPOSITION TO MOTION TO COMPEL IDENTITY (ECF NO. 49)**

I, Sybrena Evans, declare as follows:

1. I am the lead plaintiff in the above-captioned action. I have personal knowledge of the facts set forth herein and, if called to testify, could and would competently testify thereto.

2. I submit this declaration in support of Plaintiff's Motion to Strike the Defendant's Motion to Dismiss and Opposition to Motion to Compel Identity ECF No. 49.

3. The filing identified as ECF No. 49 contains arguments that are repetitive, improper under the Federal Rules of Civil Procedure, and part of a pattern of delay and harassment tactics by individuals using pseudonymous identities in this case.

4. Plaintiff respectfully requests that the Court strike ECF No. 49 and deny the relief requested therein, as detailed in the accompanying motion.

5. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on this 20th day of May, 2025, in Northville, Michigan

Respectfully submitted,
Sybrena Evans, Pro Se
17710 Lakeview Cr.
Northville, Michigan  48168
Dated: May 20, 2025