UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Sybrena Evans,

               Plaintiff,        Case No. 24-13435

v.                                Judith E. Levy
                                  United States District Judge

Danielle Robertson, *et al.*,

                                  Mag. Judge Elizabeth A. Stafford

               Defendants.

_____/

**ORDER STRIKING NON-PARTY JOHN DOE'S OBJECTIONS [46, 47] AND EXTENDING DEADLINE FOR OBJECTIONS AND DISCLOSURE OF IDENTITY**

Before the Court is third-party John Doe's objection to Magistrate Judge Elizabeth A. Stafford's order denying Doe's motion to seal his contact information and setting a deadline for Doe to disclose his identity, and Doe's emergency motion to stay the deadline to disclose his identity. (ECF Nos. 46, 47.)[1] For the reasons set forth below, Doe's filings are stricken.

---

[1] Doe submitted his objection and motion twice. (*See* ECF Nos. 46, 47.) These documents are nearly identical, and the latter purports to be a "corrected" document. As such, the Court will refer only to the later filing. (ECF No. 47.)

In March and April of 2025, Plaintiff issued subpoenas pursuant to Federal Rule of Civil Procedure 45 on third-party Block Inc., seeking information regarding "all Block / Cash App accounts liked to Danielle Robertson (aka Dani Robertson), including https://cash.app/$TruthTellerDani." (*See* ECF No. 25, PageID.158; ECF No. 38.) In response, Doe filed a motion to quash subpoenas and for protective order (ECF No. 27), a "notice of contact information submitted under seal & motion to seal contact information" (ECF No. 26), and a "motion to seal contact information." (ECF No. 30.)

Doe's objections will be stricken. First, Doe's objections cite to nonexistent, seemingly AI-generated authority. Doe makes several references to "*Navarro v. Sedgwick Claims Mgmt. Servs., Inc.*, 2015 WL 3757129 (N.D. Cal. June 16, 2015)," and claims that this case held that "[a] limited special appearance to challenge a subpoena does not constitute general appearance or jurisdictional consent." (ECF No. 47, PageID.448; *see also id.* ("As established in *Navarro v. Sedgwick Claims Mgmt. Servs., Inc.*, 2015 WL 3757129 (N.D. Cal. June 16, 2015), a limited special appearance to quash a subpoena does not equate to general

2

appearance or submission to jurisdiction."); *id.* at PageID.445–446 (referencing "*Navarro v. Sedgwick*").)

This case does not exist. The citation, 2015 WL 3757129, refers to *Wideman v. Watson*, 617 F. App'x 891, 2015 WL 3757129 (10th Cir. 2015), which does not mention subpoenas or motions to quash. The Court is unable to locate a case in any court called "*Navarro v. Sedgwick Claims Mgmt. Servs.*"[2]

This non-existent case has "the hallmarks of cases generated by AI found in other courts." *Sanders v. United States*, No. 24-CV-1301, 2025 WL 957666, at *4 (Fed. Cl. Mar. 31, 2025). "It is no secret that generative AI programs are known to 'hallucinate' nonexistent cases, and with the advent of AI, courts have seen a rash of cases in which both counsel and pro se litigants have cited such fake, hallucinated cases in their briefs."

---

[2] Doe also cites *Strike 3 Holdings, LLC v. Doe*, 964 F.3d 1203 (D.C. Cir. 2020), and claims that this case held that "[a] court errs by ordering identity disclosure of an anonymous person before resolving a pending motion to quash." (ECF No. 47, PageID.448.) While this case *does* exist, *Strike 3 Holdings v. Doe* does not mention a motion to quash. Doe's argument regarding *Strike 3 Holdings'* reasoning may have also been AI-generated because it is nonsensical and not based on that opinion. *See Buckner v. Hilton Glob.*, No. 3:24-CV-375-RGJ, 2025 WL 890175, at *14 (W.D. Ky. Mar. 21, 2025) (stating that the court has "reason to believe" a pro se party used AI in drafting his fourth amended complaint because one cited case does not exist, and another cited case does not discuss what the party claimed it did).

*Id.* By referencing a nonexistent case, Doe has wasted judicial resources and violated his obligations pursuant to Federal Rule of Civil Procedure 11(b)(2) which states, "[b]y presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party certifies that . . . the claims, defenses, and other legal contentions are warranted by existing law . . . ."

"Pro se [filers] enjoy the benefit of a liberal construction of their pleadings and filings." *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999). Although Doe is self-represented, this does not excuse a violation of Rule 11. *King v. IB Prop. Holdings Acquisition*, 635 F. Supp. 2d 651, 661 (E.D. Mich. 2009). *Pro se* litigants, like represented litigants, may be sanctioned for Rule 11 violations. *Id.* The Court warns Doe, and all other litigants involved in this case, that they may be subject to sanctions if they violate Rule 11, including by citing nonexistent cases.[3]

---

[3] Doe is not a party in this case. However, he has made an appearance, is filing motions and other documents, and is actively litigating to protect his interests. (*See* ECF Nos. 26, 27, 30, 34, 46, 47, 48, 54.) All litigants, regardless of party status or pro se status, have an obligation to follow the Local Rules and the Federal Rules of Civil Procedure.

4

Second, Doe's filings do not comply with Eastern District of Michigan Local Rule 5.1(a)(2), which requires filings to be double-spaced and contain page numbers. Because Doe's filings are not double-spaced, his filings may also not comply with Local Rule 7.1(d)(3)(A), which states, "[t]he text of a brief supporting a motion or response, including footnotes and signatures, may not exceed 25 pages."[4]

Failure to comply with the Local Rules is a basis to strike filings. *Ordos City Hawtai Autobody Co., Ltd. v. Dimond Rigging Co.*, LLC, 695 F. App'x 864, 870 (6th Cir. 2017); *Hansberry v. United States*, No. 21-2733, 2022 WL 1010281, at *2 (6th Cir. Mar. 15, 2022).

For the reasons set forth above, Doe's objections (ECF Nos. 46, 47) are STRICKEN. Doe will receive another opportunity to file objections to Judge Stafford's order that comply with the Local Rules and Federal Rule of Civil Procedure 11. His corrected objection must be filed by **June 3, 2025**, and it must contain a certification that he has checked all citations and ensured that the content is correct, applicable to the case, and makes sense, unlike the stricken filing. Parties may respond to Doe's objections within **14 days** of his corrected objection.

---

[4] Local Rule 7.1 applies to objections as well. *See* Local Rule 72.1(d)(5).

Finally, the Court will extend the deadline for Doe to disclose his identity to **June 20, 2025**.

IT IS SO ORDERED.

Dated: May 21, 2025                   s/Judith E. Levy
Ann Arbor, Michigan              JUDITH E. LEVY
                                                 United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 21, 2025.

                                                               s/William Barkholz
                                                               WILLIAM BARKHOLZ
                                                               Case Manager