UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SYBRENA EVANS, *et al.*, | |
| | Case No. 24-cv-13435 |
| Plaintiffs, | Honorable Judith E. Levy |
| | Magistrate Judge Elizabeth A. Stafford |
| v. | |
| | |
| DANIELLE ROBERTSON, *et al.*, | |
| | |
| Defendants. | |

**ORDER GRANTING NON-PARTY JOHN DOE'S MOTION TO QUASH SUBPOENA (ECF NO. 27), GRANTING DEFENDANT ROBERTSON'S MOTION TO QUASH SUBPOENAS (ECF NO. 28), AND DENYING PLAINTIFF'S MOTION TO COMPEL (ECF NO. 25)**

Plaintiff Sybrena Evans served subpoenas under Federal Rule of Civil Procedure 45 on nonparty Block, Inc. Cash App seeking information for accounts linked to Defendant Danielle Robertson. ECF No. 27, PageID.171. A non-party identifying himself as John Doe seeks to quash the subpoenas, claiming that Evans seeks disclosure of his personal and private information that is irrelevant to this action. ECF No. 27. Robertson, appearing as Jane Doe because "Danielle Robertson" is allegedly not her legal name, also seeks to quash Rule 45 subpoenas that Evans allegedly

served on Google.  ECF No. 28, PageID.183.  Evans, in turn, moves to compel Block Inc.'s compliance with the subpoena.  ECF No. 25.

Evans's subpoenas are premature.  Rule 26(d)(1) precludes parties from "seek[ing] discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."  None of the exceptions to this rule apply.  Nor has Evans requested early discovery.  Thus, John Doe's and Robertson's motions to quash are **GRANTED**, and Evans's motion to compel is **DENIED**.  At this stage, the Court must determine whether it has personal jurisdiction over Robertson and whether Evans properly served Robertson.  Until the Court determines those issues, Evans may not seek further discovery from any source.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: May 22, 2025

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The

2

district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 22, 2025.

<u>s/Davon Allen</u>
DAVON ALLEN
Case Manager