UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Sybrena Evans,

            Plaintiff,       Case No. 24-13435

v.                                  Judith E. Levy
                                   United States District Judge

Danielle Robertson, *et al.*,
                                   Mag. Judge Elizabeth A. Stafford

           Defendants.

_____/

**ORDER OVERRULING IN PART NON-PARTY JOHN DOE'S CORRECTED OBJECTION TO MAGISTRATE JUDGE'S ORDER [63]**

Before the Court is third-party John Doe's corrected objection to Magistrate Judge Elizabeth A. Stafford's order denying Doe's motion to seal his contact information and setting a deadline for Doe to disclose his identity. (ECF No. 63.)

In March and April of 2025, Plaintiff Sybrena Evans issued subpoenas pursuant to Federal Rule of Civil Procedure 45 on third-party Block Inc., seeking information regarding "all Block / Cash App accounts liked to Danielle Robertson (aka Dani Robertson), including https://cash.app/$TruthTellerDani." (*See* ECF No. 25, PageID.158; ECF

No. 38.) In response, Doe filed a motion to quash subpoenas and for protective order (ECF No. 27), a "notice of contact information submitted under seal & motion to seal contact information" (ECF No. 26), and a "motion to seal contact information." (ECF No. 30.)

On May 14, 2025, Judge Stafford entered an order denying Doe's requests to proceed under a pseudonym and to seal his contact information. (ECF No. 38.) The order also stated that Doe must file a written notice disclosing his identity by May 23, 2025. (*Id.*)

On May 15, 2025, Doe filed objections to Judge Stafford's order and an emergency motion to stay the required disclosure of his identity. (ECF Nos. 46, 47; *see also* ECF No. 57.) These filings were stricken because Doe's objections cited to nonexistent, seemingly AI-generated authority, in violation of Federal Rule of Civil Procedure 11, and because his objections did not comply with the Local Rules. (ECF Nos. 58, 59.) Doe was ordered to file corrected objections by June 3, 2025, and the Court extended the deadline for Doe to disclose his identity to June 20, 2025.

Doe filed an untimely, corrected objection to Judge Stafford's order on June 4, 2025. (ECF No. 63.) In his untimely objection, Doe notes that Judge Stafford issued an order on May 22, 2025, granting his motion to

2

quash the subpoena. (ECF No. 62.) Doe states that the order granting his motion to quash "resolves the primary issue that prompted his objection" and submits the corrected objection "to preserve the record and confirm the improper nature of Plaintiff's subpoena efforts." (ECF No. 63, PageID.546.)

Federal Rule of Civil Procedure 72(a) provides that, for non-dispositive pretrial matters where a magistrate judge issues a written order:

> [a] party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a). The Eastern District of Michigan Local Rules state that objections under Rule 72 "must: (A) specify the part of the order . . . to which a person objects; and (B) state the basis for the objections." E.D. Mich. LR 72(d). "This standard requires the District Court to review findings of fact for clear error and to review matters of law de novo." *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (quoting *EEOC v. City of Long Branch*, 866 F.3d 93, 99 (3d. Cir. 2017)). "[A]n order is 'contrary to the law' when it 'fails to apply or misapplies relevant

3

statutes, case law, or rules of procedure.'" *Id.* (quoting *United States v. Winsper*, No. 3:08-CV-631-H, 2013 WL 5673617, at *1 (W.D. Ky. Oct. 17, 2013)).

"The courts have long recognized . . . a 'strong presumption in favor of openness' as to court records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)). Secrecy in court proceedings is disfavored; "secrecy insulates the participants, masking impropriety, obscuring incompetence, and concealing corruption." *Brown & Williamson*, 710 F.2d at 1179. *See also Bd. of Educ. of the Highland Loc. Sch. Dist. v. United States Dep't of Educ.*, No. 2:16-CV-524, 2016 WL 4269080, at *5 (S.D. Ohio Aug. 15, 2016) ("As a general matter, litigating under a pseudonym is disfavored . . . ."). Here, Doe filed a motion to quash; as such, he is participating and litigating in this case, even if it is in a limited capacity.

Litigants must ask permission to proceed under a pseudonym. *See Doe v. Streck*, 522 F. Supp. 3d 332, 333 (S.D. Ohio 2021); *see also Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004); *Poe v. Lowe*, 756 F. Supp. 3d 537, 549 (M.D. Tenn. 2024) (applying *Doe v. Porter* factors to third-party

4

request for anonymity). When evaluating whether a litigant may proceed under a pseudonym, courts consider whether the litigant's "privacy interests substantially outweigh the presumption of open judicial proceedings." *Porter*, 370 F.3d at 560. Courts may consider "whether the [anonymous litigant] would risk suffering injury if identified and whether the [other litigants] would be prejudiced by [their] proceeding anonymously." *Doe 1 v. Gupta*, No. 3:22-CV-1122, 2023 WL 2734674, at *1 (N.D. Ohio Mar. 31, 2023) (quoting *Doe v. Fedex Ground Package Sys., Inc.*, No. 3:21-cv-395, 2021 WL 5041286, at *5 (M.D. Tenn. Oct. 29, 2021)). A litigant may be prejudiced by another litigant's use of a pseudonym if they "are being forced to proceed with insufficient information to present their arguments." *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005)

    Here, there is little risk that Plaintiff would be prejudiced by Doe's use of a pseudonym at this point in the litigation. Doe's appearance was solely for the purposes of filing his motion to quash. (ECF No. 62, PageID.544.) Judge Stafford ordered Doe to disclose his identity out of concern that Plaintiff would not be able to "adequately respond to the motion to quash without knowing Doe's identity." (ECF No. 38,

5

PageID.344.) However, Doe's motion to quash was resolved without this information. (*See* ECF No. 62.) Further, Doe argues that his identity should not be compelled because "[Plaintiff] has threatened disclosure [of his identity] for retaliation and content . . . . She has already publicly stated everything that she has found out about me so far on YouTube for content and promised to post and discuss more as the information comes in . . . . This doesn't just involve or invite harassment from her but from her audience." (ECF No. 63, PageID.551.)

Doe may remain anonymous at this time. He alleges some risk of harassment but, more importantly, his appearance under a pseudonym has no risk of prejudice to Plaintiff because his identity was not relevant to the resolution of his motion to quash. However, the Court warns that, going forward, Doe may not submit filings under a pseudonym in this case without explicitly seeking permission from the Court. Further, Doe has not demonstrated an entitlement to sealing of his contact information or any other filings.[1]

---

[1] Doe's other objections do not hold merit. Doe argues that Judge Stafford "incorrectly treated Doe's motion as seeking pseudonymity" (ECF No. 63, PageID.547), but Judge Stafford correctly ordered Doe to reveal his identity because he filed under a pseudonym without asking permission from the Court. Additionally, Doe's objection that Judge Stafford's order contained "due process concerns" because

For the reasons set forth above, Doe's objections are OVERRULED IN PART and GRANTED IN PART. Judge Stafford's May 14, 2025 order requiring Doe to disclose his identity is VACATED. Doe's objections to Judge Stafford's denial of his request to seal is OVERRULED.

IT IS SO ORDERED.

Dated: June 23, 2025  　　　　　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　　United States District Judge


CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 23, 2025.

　　　　　　　　　　　　　　　　　s/Kourtney Collins
　　　　　　　　　　　　　　　　　KOURTNEY COLLINS
　　　　　　　　　　　　　　　　　Case Manager

---

she required disclosure of his identity "before the Rule 72(a) objection deadline" is moot because the deadline is no longer at issue. (*Id.*)