UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SYBRENA EVANS, *et al.*,

Plaintiffs,

v.

DANIELLE ROBERTSON, *et al.*,

Defendants.

Case No. 24-cv-13435
Honorable Judith E. Levy
Magistrate Judge Elizabeth A. Stafford

---

**ORDER DIRECTING ALTERNATE SERVICE, EXTENDING THE
SUMMONS, AND RESOLVING MISCELLANEOUS MOTIONS
(ECF NOS. 28, 31, 36, 41, 42, 50, 51, 54, 56)**

---

Plaintiff Sybrena Evans, proceeding pro se, sues Defendant Danielle

Robertson[1] and Jane Does 1-10 for copyright infringement, defamation,

fraud, and harassment.  ECF No. 1.  The Honorable Judith E. Levy referred

the case to the undersigned for all pretrial matters under 28 U.S.C.

§ 636(b)(1).  ECF No. 7.

---

[1] Robertson made a special appearance as a Jane Doe stating that
"Danielle Robertson" is not her legal name.  ECF No. 28, PageID.183.  For
the sake of clarity, the Court will refer to the defendant as Robertson.

### A. John Doe Motions

Evans moves to strike a motion to quash a discovery subpoena filed by a non-party identifying himself as John Doe.  ECF No. 31.  The Court initially denied Doe's requests to proceed anonymously and ordered him to disclose his identity.  ECF No. 38.  But the Court later granted Doe's motion to quash on procedural grounds, as discovery was premature.  ECF No. 62.  Evans's motion to strike the motion to quash is **DENIED** as moot.  In any event, the proper course would not have been to strike Doe's motion but to reassess whether he showed that his privacy interests outweighed the presumption favoring disclosure of his identity.

Evans also moves to compel disclosure of Doe's identity, arguing that he should not be permitted to proceed anonymously.  ECF No. 50.  And Doe moves for reconsideration of the Court's order denying his request to proceed anonymously.  ECF No. 54.  He also presented similar arguments in objections to the order.  ECF No. 63.  Judge Levy addressed those objections and held that "Doe may remain anonymous at this time."  ECF No. 72.  Because Judge Levy addressed the overlapping arguments made in his objections, Doe's motion for reconsideration is **DENIED** as moot.  Likewise, Evans's motion to compel Doe to reveal his identity is **DENIED** as moot.

2

## B. Robertson's Anonymity

Evans moves to strike Robertson's filings and to compel disclosure of her identity and address.  ECF No. 36; ECF No. 41; ECF No. 42; ECF No. 51; ECF No. 56.  A party or other individual seeking to proceed under a pseudonym must satisfy a heavy burden, showing that his "'privacy interests substantially outweigh the presumption of open judicial proceedings.'"  *Doe v. UNUM Life Ins. Co. of Am.*, No. 3:22-CV-212, 2022 WL 20686965, at *2 (E.D. Tenn. Sept. 20, 2022) (quoting *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004)).  Courts consider:

> (1) whether the [parties] seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the [parties] to disclose information of the utmost intimacy; (3) whether the litigation compels [the parties] to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the [parties] are children.

*Porter*, 370 F.3d at 560 (cleaned up). Also relevant is whether the party opposing anonymity will be prejudiced by "being forced to proceed with insufficient information to present their arguments."  *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005) (cleaned up).

The first, third, and fourth factors do not favor permitting Robertson to proceed anonymously.  The case does not concern government activity, the civil action will not expose Robertson to criminal prosecution, and Robertson is an adult.

3

Although Robertson does not claim that the litigation will require her to disclose sensitive information, she argues that Evans has harassed and stalked her online.  ECF No. 28, PageID.184-191; ECF No. 49, PageID.468, 479-480.  "To proceed anonymously for fear of retaliation and harassment a [party] must demonstrate that retaliation is not merely hypothetical but based in some real-word evidence; a simple fear is insufficient."  *John Does 1-4 v. Snyder*, No. 12-11194, 2012 WL 1344412, at *2 (E.D. Mich. Apr. 18, 2012) (cleaned up).  Parties seeking to proceed anonymously can satisfy this burden "by demonstrating the need for anonymity to prevent retaliation, the reasonableness of [their] fear, and the severity of the threatened harm, and [their] vulnerability."  *Id.* (quoting *Does v. Shalushi*, No. 10-11837, 2010 WL 3037789, at *3 (E.D. Mich. July 30, 2010)) (cleaned up).

Robertson offers screenshots of direct messages with Evans.  ECF No. 28-2, PageID.226-240.  The exact meaning of most messages is unclear.  But the parties discussed a social media collaboration where Evans would appear as Robertson's "twin."  *Id.*, PageID.226-232.  They had a disagreement, which ended with Robertson blocking Evans.  *Id.*, PageID.233-240.  Robertson contends that she initially responded to

4

Evans's ideas cordially but made clear that she was uninterested in a collaboration. *Id.*, PageID.240; ECF No. 28, PageID.188.

As discussed in the report and recommendation (R&R), the Court cannot consider URLs linking to media exhibits. *See* ECF No. 28-2, PageID.225. But the Court notes that Evans has posted dozens of YouTube videos about Robertson and this case, with the most recent published just days ago. ECF No. 28-2, PageID.241-245; ECF No. 28-3, PageID.246-268; ECF No. 28-4, PageID.269-279.[2] Many videos tag Robertson and link to her own YouTube accounts. *Id.* Robertson contends that Evans is interfering with her "branding" and is collaborating with others for targeted harassment and doxxing. ECF No. 28, PageID.186-187. Robertson also claims that Evans has made comments in her videos like, "When [Robertson's] identity is revealed, I said I don't care who does it first, just that it's done and that she's held accountable." *Id.*, PageID.185.

To be sure, Evans's many videos evince an unusual fixation on Robertson and the dispute. But Robertson has not shown how disclosing her legal name would aggravate matters. Any harm to Robertson's YouTube channels through tagging and doxxing is already being done.

---

[2] *See* https://www.youtube.com/@unwinewithteddy/videos (last visited September 17, 2025).

And it is unclear whether Evans meant to threaten Robertson rather than hoping to hold her legally accountable.  Evans's activities have been confined to the internet; there is no allegation of physical stalking or threats of physical harm.  *See Doe v. Kamehameha Schs.*, 596 F.3d 1036, 1045 (9th Cir. 2010) (online threats did not reasonably give rise to fear of severe harm, as "many times people say things anonymously on the internet that they would never say in another context and have no intention of carrying out"); *Doe v. Felician Univ.*, No. 2:18-CV-13539, 2019 WL 2135959, at *4 (D.N.J. May 15, 2019) (a blog that sought to expose a plaintiff's identity did not reasonably give rise to fear of harm, although "the blog post and comments [were] filled with hate speech and offensive comments").

At the same time, the Court is sensitive to Robertson's privacy concerns.  Even if Robertson discloses her legal name, she may retain a registered agent to accept delivery of legal documents to protect her physical location from disclosure.  Without Robertson's location, it is unlikely that Evans or her followers could threaten her physical safety.  *See Bird v. Barr*, No. 19-cv-1581, 2019 WL 2870234, at *5-6 (D.D.C. July 3, 2019) (when a plaintiff did not show that her physical safety or ability to perform her job would be compromised, her privacy was appropriately

6

shielded by permitting her to seal her address rather than proceed anonymously).

Last, Evans would be prejudiced if Robertson proceeded anonymously.  Robertson seeks dismissal of the action by arguing that she has not been properly named in the litigation.  ECF No. 28, PageID.183, 185; ECF No. 49, PageID.469.  As discussed in the R&R, Robertson has used several aliases and addresses to evade service.  Robertson cannot have it both ways.  She may not use anonymity simultaneously as a shield to protect her privacy and as a sword to undermine the litigation.  And without knowing Robertson's identity or home address, any judgment Evans might obtain could be unenforceable.

Thus, the Court **GRANTS** Evans's motions to compel disclosure of Robertson's identity.  By **<u>November 3, 2025</u>**, Robertson must file a notice identifying her legal name and postal address.  But for privacy purposes, Robertson may retain a registered agent and use that address.  The Court **DENIES** Evans's motion to strike Robertson's filings made under her alias.

### C. Protective Order

Robertson moves for a protective order seeking various forms of relief.  ECF No. 28, PageID.184-191.  Rule 26(c)(1) allows a party from whom discovery is sought to move for a protective order to protect it from

7

"annoyance, embarrassment, oppression, or undue burden."  The movant

bears the burden of showing good cause for a protective order.  *Nix v.*

*Sword*, 11 F. App'x 498, 500 (6th Cir. 2001).  "To show good cause, a

movant for a protective order must articulate specific facts showing 'clearly

defined and serious injury' resulting from the discovery sought and cannot

rely on mere conclusory statements."  *Id*. (cleaned up).  Courts enjoy

"broad discretion to decide when a protective order is appropriate and what

degree of protection is required."  *Seattle Times Co. v. Rhinehart*, 467 U.S.

20, 36 (1984) (cleaned up).  In exercising that discretion, a court must

balance the competing interests and hardships of the parties.  *Am. Gen.*

*Life Ins. Co. v. Harshman*, 299 F.R.D. 157, 158 (E.D. Ky. 2014).

Robertson first seeks to prevent Evans from engaging in discovery

before a Rule 26(f) conference and to quash any third-party subpoenas

Evans may have already issued.  ECF No. 28, PageID.191.  As determined

in a previous order, discovery is precluded before the parties confer under

Rule 26(f).  ECF No. 62, citing Fed. R. Civ. P. 26(d)(1)).  Thus, Evans may

not yet engage in discovery, and any third-party subpoenas already issued

must be quashed.

Next, Robertson requests a blanket order enjoining Evans from

publicly disclosing any materials she obtains in discovery, "including

8

metadata or identifying records."  ECF No. 28, PageID.191.  Because it is unclear what kind of information Robertson seeks to protect, the Court cannot assess whether good cause exists.

Last, Robertson seeks injunctive relief, including barring Evans from accessing Robertson's YouTube channels or restraining her from contacting or harassing Robertson.  ECF No. 28, PageID.191.  That relief does not relate to discovery conduct, so a protective order is inappropriate. But if Evans engages in harassing or abusive discovery tactics, Robertson may move for sanctions, including dismissal, for violating discovery orders, procedural rules, or court orders under Rule 37(b)-(c) or Rule 41(b).

Thus, Robertson's motion for protective order is **GRANTED IN PART AND DENIED IN PART**.

### D.  Alternate Service & Extending the Summons

Rule 4(m) provides that "if a defendant is not served within 90 days after the complaint is filed, the court must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  But if the plaintiff shows good cause for the failure to serve, the Court *must* extend the time for service.  *Id.* (emphasis added). For the reasons discussed in the R&R regarding alternate service, Evans has shown good cause for failing to serve.  The Court thus extends the

summons and the time to serve until **October 8, 2025**.  By that date, Evans

must serve Robertson at her email address—

danimontana2022@gmail.com—with copies of the summons, complaint,

the R&R, and this order.  Evans must also file a notice with evidence

confirming that email was sent.

### E. Factitious Citations

The Court notes that the parties' briefing contained multiple factitious

citations and quotations, presumably a product of using artificial intelligence

(AI) software.  For example, Evans cites *Aguirre v. Reese*, No. 2:12-cv-

01837, 2013 WL 6577085, at *5 (D. Nev. Dec. 13, 2013).  ECF No. 64,

PageID.559.  The citation is nonexistent, and the District of Nevada

assigned that case number to *Mazzorana v. Emergency Med. Phys. Grp.*,

in which no filings were made on December 13, 2013.  Next, Evans

attributed the following quote to *Doe v. F.B.I.*, 218 F.R.D. 256 (D. Colo.

2003): "Parties may not evade service by hiding behind pseudonyms while

continuing to engage in legal actions using those same identities."  ECF

No. 64, PageID.561.  That case contains no such language, nor has the

Court found that language in any other case.  Evans likewise misattributes

quotations to two other cases.  ECF No. 64, PageID.570-571 (citing *United*

*States v. Ziegler Bolt & Parts Co.*, 111 F.3d 878 (Fed. Cir. 1997); *Sec. & Exchange Comm'n v. Knowles*, 87 F.3d 413 (10th Cir. 1996)).

Robertson's filings also contain inaccurate citations.  She cites *Mickens v. 10th Jud. Dist. Ct.*, 460 F. App'x 728 (9th Cir. 2011), in support of her argument that courts may dismiss actions used to harass or intimidate rather than to vindicate legitimate claims.  ECF No. 39, PageID.352.  Although two cases by that title exist, Robertson's citation is inaccurate.  *See Mickens v. 10th Jud. Cir. Ct.*, 458 F. App'x 839 (11th Cir. 2012); *Mickens v. 10th Jud. Cir.*, 181 F. App'x 865 (11th Cir. 2006).  The cases were decided by the Eleventh Circuit and concern the application of the Rooker-Feldman doctrine and not dismissal of abusive litigation. Robertson also cites *McNair v. Everly*, No. 18-12511, 2019 WL 2560069 (E.D. Mich. June 20, 2019), which does not exist.  ECF No. 71, PageID.686.  This district assigned that case number to *Arnold v. Fresh Start Transitional Homes*, in which no filings were made on June 20, 2019. Robertson's filings also contain other inaccuracies that the Court will not belabor here.

"[F]or a pro se litigant especially, AI software offers a tempting tool to offset the disadvantage of appearing in an unfamiliar court setting."  *Everett J. Prescott, Inc. v. Beall*, No. 1:25-cv-00071, 2025 WL 2084353, at *2 (D.

11

Me. July 24, 2025).  Yet "a pro se litigant must not provide the Court with erroneous and factitious citations and has an obligation to review documents filed with the Court to make certain they are scrupulously accurate."  *Id.*  Failure to do so disrupts the Court's timely and efficient review of cases, as its efforts are wasted researching nonexistent citations and legal principles.

While pro se litigants are typically afforded a measure of latitude, that leniency is not boundless.  *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).  Pro se parties are expected to strictly follow procedural rules, and no authority suggests that those rules "should be interpreted so as to excuse mistakes by those who proceed without counsel."  *McNeil v. United States*, 508 U.S. 106, 113 (1993).  If an attorney had submitted a brief littered with inaccurate citations, Federal Rule of Civil Procedure 11 sanctions would have been appropriate.  *Everett*, 2025 WL 2084353, at *2.

The parties' pro se status offers no excuse for the factitious citations or quotations, and the Court will not tolerate this practice in future filings from either party.  In each of their future filings, Evans and Robertson "must include a written representation that [they have] personally checked each legal citation and each citation is accurate and stands for its asserted

12

proposition." *See Everett*, 2025 WL 2084353, at *2.  Failure to do so may result in a recommendation to impose more stringent sanctions.

In sum, the Court:

- **DENIES** Evans's motion to strike Doe's motion to quash (ECF No. 31);

- **DENIES** Doe's motion for reconsideration (ECF No. 54);

- **DENIES** Evans's motion to compel Doe's identity (ECF No. 50);

- **GRANTS** Evans's motions to compel Robertson's identity (ECF Nos. 42, 51);

- **DENIES** Evans's motions to strike Robertson's filings (ECF Nos. 36, 41, 56);

- **GRANTS IN PART AND DENIES IN PART** Robertson's motion for protective order (ECF No. 28, PageID.184-191);

- **ORDERS** Evans, by <u>**October 8, 2025**</u>, to serve Robertson at danimontana2022@gmail.com with copies of the summons, complaint, the R&R, and this order, and to file notice with evidence confirming that email was sent;

- **ORDERS** Robertson, by <u>**November 3, 2025**</u>, to file a notice identifying her legal name and postal address, which may be the address of a registered agent; and

13

- **ORDERS** both parties, in each of their future filings, to include a written representation that they have personally checked each legal citation and that each citation is accurate and stands for its asserted proposition.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
Dated: September 25, 2025              United States Magistrate Judge

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 25, 2025.

s/Davon Allen
DAVON ALLEN
Case Manager