UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SYBRENA EVANS, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DANIELLE ROBERTSON, *et al.*,<br><br>Defendants. | Case No. 24-cv-13435<br>Honorable Judith E. Levy<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER ON PLAINTIFF'S MOTION TO EXTEND PAGE LIMIT AND FILING DEADLINE AND FOR LEAVE TO SUBMIT VIDEO EXHIBITS (ECF NOS. 92, 101)**

Plaintiff Sybrena Evans moves to extend the page limit and to submit video exhibits in support of her response to Defendant Danielle Robertson's motion to dismiss.  ECF No. 92.  She then filed a renewed motion clarifying the requested page limit, requesting one more day to respond to Robertson's motion to dismiss, and again seeking leave to file video exhibits.  ECF No. 101.  Evans's motions are **GRANTED IN PART AND DENIED IN PART**.

Evans sought to exceed by ten pages the page limit for her brief in response to Robertson's motion to dismiss.  ECF No. 92.  She later clarified that she only needs an extension of five pages beyond the

standard limit.  ECF No. 101.  Evans's request is **GRANTED**, and she may file a response of no more than 30 pages.

Evans also asks for a one-day extension to file her response to Robertson's motion to dismiss by November 5, 2025, rather than by November 4, 2025.  ECF No. 101.  Robertson's motion was entered on October 10, 2025.  ECF No. 77.  The local rules state that a response to a motion to dismiss is due "within 21 days following service of the motion." E.D. Mich. LR 7.1(e)(2)(A).  But Robertson's motion contains no certificate of service.

Federal Rule of Civil Procedure 5(a)(1) requires motions and other papers to be served on the other parties to an action.  Parties may serve those papers by postal mail or by "sending it to a registered user" via the Court's electronic filing system.  Rule 5(b)(2).  E-filing is not an acceptable method of serving Evans because she is not a registered user of the e-filing system.  So Robertson must serve Evans by postal mail with any papers filed in the future.[1]

---

[1] Conversely, neither Evans nor the Court can serve Robertson by postal mail until she provides a legitimate address, a matter currently under dispute.  Until that issue is resolved, Robertson must be served by filing papers on the Court's docket.

Given the uncertainty about whether Evans was served with Robertson's motion, the Court **GRANTS** Evans's request to extend the deadline to respond to that motion to **November 5, 2025**.

Last, Evans moves for leave to file video exhibits in support of her response to Robertson's motion to dismiss.  ECF No. 92; ECF No. 101. Evans has not described what issues raised in the motion the videos will address.  A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests a complaint's legal sufficiency.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Plausibility is usually assessed on the face of the complaint, although a court may also consider "public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein."  *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

Most of Robertson's motion argues that Evans's pleadings are insufficient to state a plausible claim or are barred under the statute of limitations.  ECF No. 77, PageID.981-991.  The Court must resolve those

arguments without reference to evidence outside the pleadings.  If

Robertson's arguments go beyond the pleadings, the Court will not

consider those issues unless an exception applies as discussed above

(e.g., matters of public record, exhibits attached to the complaint).  The rest

of Robertson's motion rehashes the same arguments the Court already

considered in its report and recommendation about personal jurisdiction

and venue.  *Id.*, PageID.991-996.  The Court will not revisit those

arguments, so no evidence is necessary.

     Because Evans has not shown that the video exhibits are relevant to

the issues properly presented in the motion to dismiss, the Court **DENIES**

her motion for leave to file those videos.

s/Elizabeth A. Stafford  
ELIZABETH A. STAFFORD  
United States Magistrate Judge

Dated: November 4, 2025

**<u>NOTICE TO PARTIES ABOUT OBJECTIONS</u>**

     Within 14 days of being served with this order, any party may file

objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The

district judge may sustain an objection only if the order is clearly erroneous

or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a**

4

**magistrate judge's ruling on a non-dispositive motion, the ruling**

**remains in full force and effect unless and until it is stayed by the**

**magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 4, 2025.

s/Davon Allen
DAVON ALLEN
Case Manager