UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Sybrena Evans,

                Plaintiff,      Case No. 24-13435

v.                              Judith E. Levy
                                  United States District Judge

Danielle Robertson, *et al.*,

                                  Mag. Judge Elizabeth A. Stafford

                Defendants.

_____/

### ORDER TO SHOW CAUSE, STRIKING FILINGS [79, 80, 90, 91, 93, 103, 105], AND DENYING PLAINTIFF'S MOTION AS MOOT [88]

The litigants in this case—Plaintiff Sybrena Evans, Defendant "Danielle Robertson,"[1] and non-party John Doe—have been repeatedly warned that factitious citations will not be tolerated by the Court. (*See* ECF No. 58, PageID.529 ("The Court warns Doe, and all other litigants involved in this case, that they may be subject to sanctions if they violate Rule 11, including by citing nonexistent cases."); ECF No. 74, PageID.781–784.)

---

[1] "Danielle Robertson" is Defendant's alias and not her true name.

As set forth by Judge Stafford in her September 25, 2025 order:

> "[F]or a pro se litigant especially, AI software offers a tempting tool to offset the disadvantage of appearing in an unfamiliar court setting." *Everett J. Prescott, Inc. v. Beall*, No. 1:25-cv-00071, 2025 WL 2084353, at *2 (D. Me. July 24, 2025). Yet "a pro se litigant must not provide the Court with erroneous and factitious citations and has an obligation to review documents filed with the Court to make certain they are scrupulously accurate." *Id.* Failure to do so disrupts the Court's timely and efficient review of cases, as its efforts are wasted researching nonexistent citations and legal principles.
>
> While pro se litigants are typically afforded a measure of latitude, that leniency is not boundless. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Pro se parties are expected to strictly follow procedural rules, and no authority suggests that those rules "should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993). If an attorney had submitted a brief littered with inaccurate citations, Federal Rule of Civil Procedure 11 sanctions would have been appropriate. *Everett*, 2025 WL 2084353, at *2.

(ECF No. 74, PageID.782–783.) Judge Stafford ordered Plaintiff and Defendant to "include a written representation that [they have] personally checked each legal citation and each citation is accurate and stands for its asserted proposition" and warned that a failure to do so may result in sanctions. (*Id.* at PageID.783–784 (quoting *Everett*, 2025 WL 2084353, at *2).)

2

## I. Order striking filings

Despite Judge Stafford's order, both Plaintiff and Defendant have violated the Court's express requirements and lied to the Court numerous times.[2]

### A. ECF No. 78

Defendant's objection (ECF No. 78), which was previously stricken by the Court, contained several factitious citations.[3] Defendant provided a quotation from *Walden v. Fiore*, 571 U.S. 277, 284 (2014), but the quote provided does not appear in that opinion. (ECF No. 78, PageID.1004 ("Those are not 'contacts she created with the forum State.' *Walden*, 571 U.S. at 284.").)

---

[2] "Lying" is defined as "marked by or containing untrue statements." *Lying*, Merriam-Webster, https://www.merriam-webster.com/dictionary/lying (last visited Nov. 7, 2025).

[3] Even Defendant's references to cases that exist are problematic. Defendant cites *Oesterle v. Wallace*, 272 Mich. App. 260 (2006), for the contention that "Commentary regarding police activity and law-enforcement records is not actionable where derived from official or quasi-official proceedings. Such materials are subject to absolute privilege, which bars liability even for allegedly inaccurate summaries." (ECF No. 78, PageID.1012.) But *Oesterle* concerns absolute privilege as applicable to statements made during judicial proceedings and is not related to Defendant's argument.

Additionally, Defendant cites "*Smith v. Suburban Bars, Inc.*, 374 N.W.2d 480 (Mich. Ct. App. 1985)." (ECF No. 78, PageID.1012.) The Court is unable to identify or locate this case. Defendant uses factitious citations despite her certification, which states that she "has personally checked each legal citation in this filing and that each citation is accurate and stands for the proposition asserted." (*Id.* at PageID.1045.)

**B. ECF No. 79**

Plaintiff's objection (ECF No. 79) contains at least two factitious citations. First, Plaintiff references "*Smith v. Arnold*, No. 16-1487, 2017 WL 1193990 (8th Cir. Mar. 28, 2017) (unpublished)." (ECF No. 79, PageID.1066, 1118.) This case does not exist. The Eighth Circuit issued five opinions on March 28, 2017, and none are titled "*Smith v. Arnold*." The citation, 2017 WL 1193990, refers to a filing in the United States District Court for the District of Maryland. *See Thomas v. Comm'r, Soc. Sec. Admin.*, No. CV SAG-16-1229, 2017 WL 1193990 (D. Md. Mar. 29, 2017).

Second, Plaintiff purports to quote a case called "*Townsend v. Chase Bank USA, N.A.*, No. 19-11083, 2019 WL 7206100 (E.D. Mich. Dec. 26, 2019)." (ECF No. 79, PageID.1061; *see also id.* at PageID.1117.) Again,

4

this case does not exist. The citation, 2019 WL 7206100, refers to *Cyr v. Ford Motor Co.*, No. 345751, 2019 WL 7206100 (Mich. Ct. App. Dec. 26, 2019), which does not mention conspiracy. The Court was able to locate a case called *Townsend v. Chase Bank USA N.A.*, that was issued by District Court for the Central District of California in 2009, but this opinion does not contain Plaintiff's quote. *See Townsend v. Chase Bank USA N.A.*, No. SACV08-00527AGANX, 2009 WL 426393, at *7 (C.D. Cal. Feb. 15, 2009).

Plaintiff references these factitious citations despite her declaration of verification, which states "I, the undersigned, verify that the legal authorities cited herein are accurately stated, relevant to Plaintiff's Objection to ECF 75, and drawn from controlling or persuasive precedent applicable to the issues presented in this case." (ECF No. 79, PageID.1120.)

### C. ECF No. 90

Plaintiff's response to Defendant's objections (ECF No. 90) also contains a factitious citation. Plaintiff references "*Byrd v. Alpha Alliance Ins. Corp.*, 518 F. Supp. 3d 831, 845 (E.D. Mich. 2021)," which does not exist. The citation, 518 F. Supp. 3d 831, actually refers to a case called

5

*Oxenberg v. Cochran*, 518 F. Supp. 3d 831 (E.D. Pa. 2021). Plaintiff references this factitious citation despite her certification, which states "Plaintiff affirms that all legal authorities cited in this filing have been reviewed and verified for accuracy. All case citations were cross-checked using Westlaw and the University of Detroit Law Library, with the assistance of library staff, to ensure correct citation format, validity, and precedential status as of the date of filing." (ECF No. 90, PageID.1789.)

### D. ECF No. 91

In addition, Defendant's response to Plaintiff's objections (ECF No. 91) contains numerous factitious citations. Defendant's references to "*Doe v. Individuals*, 561 F. Supp. 3d 573, 579 (E.D. Va. 2021)," "*Blessing v. Chappell*, 2020 WL 7640967, at 6 (E.D. Mich. Dec. 23, 2020)," "*Gupta v. Mellon*, 912 F.3d 618, 626 (6th Cir. 2019)," and "*In re Subpoena Duces Tecum to Ramey*, 2015 WL 3541422, at 2 (E.D. Mich. June 4 2015)" are all factitious. (*See* ECF No. 91, PageID.1794, 1803, 1804.) Incredibly, Defendant references "*Blessing v. Chappell*" four times in her brief. (ECF No. 91, PageID.1803, 1808, 1809, 1812.)

Defendant references these factitious citations despite her certification, which states, "Pursuant to ECF No. 74, Defendant hereby

6

certifies that she has personally checked each legal citation in this filing and that each citation is accurate and stands for the proposition asserted." (*Id.* at PageID.1813.)

### E. ECF No. 93

Next, Defendant's objections to Judge Stafford's Report and Recommendation contains factitious citations. (ECF No. 93.) Despite Defendant's certification that "she has personally checked each legal citation in this filing and that each citation is accurate and stands for the proposition asserted," (*Id.* at PageID.1882), Defendant's citations are not accurate and do not stand for her propositions asserted.

For example, Defendant cites *Blessing v. Chandrasekhar*, 988 F.3d 889 (6th Cir. 2021), for the proposition that "Sixth Circuit authority makes clear that a concise argument still preserves the defense for de novo review." (ECF No. 93, PageID.1877.) While *Blessing* is a real case, nothing in that opinion relates to Defendant's statement regarding the preservation of arguments. It is obvious that Defendant's certification regarding accuracy is false.

## F. ECF No. 103

Defendant's "motion to strike Plaintiff's limited rebuttal" contains factitious citations and lacks the required written representation that she personally checked each legal citation and that each citation is accurate and stands for its asserted proposition. (ECF No. 103.)

Defendant cites "*Rosen v. Goodyear Tire & Rubber Co.*, 682 F.2d 1285, 1291 (9th Cir. 1982)," which does not exist. (ECF No. 103, PageID.1964–1965.) Defendant claims that the Sixth Circuit in *Seay v. Tennessee Valley Authority*, 339 F.3d 454, 481 (6th Cir. 2003), stated, "Sur-replies are not permitted absent leave of court." (ECF No. 103, PageID.1962.) While *Seay* exists, this quotation does not appear in the opinion.

Other fake quotes from real cases appear in this filing. Defendant claims that the Supreme Court in *Aetna Life Ins. Co. v. Ward*, 140 U.S. 76, 89 (1891), stated "Courts will not countenance deception or false evidence in judicial proceedings," and also claims that the Fourth Circuit in *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 457 (4th Cir. 1993), stated, "A court has inherent power to protect the integrity of its processes from deception and fraud." (ECF No. 103, PageID.1963.)

8

Shockingly, neither quote is real. It is appalling that Defendant would use fabricated quotations in her argument that Plaintiff is misleading the Court.[4]

### G. ECF No. 105

Plaintiff's "consolidated response to Defendant's refiled objections" and Defendant's "motion to strike Plaintiff's limited rebuttal" also contains factitious citations, despite Plaintiff's verification that "the authorities cited herein are true and correct to the best of her knowledge and belief, and that all references accurately reflect the legal sources relied upon in this filing." (ECF No. 105, PageID.2253.) Plaintiff quotes *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404–05 (9th Cir. 2010) as stating that a stricken document "ceases to exist for any purpose." (ECF No. 105, PageID.2234.) But the case does not include that quote.

---

[4] The Court notes that Defendant's citation to *Key v. Shelby County*, 551 F. App'x 262, 264 (6th Cir. 2014), may also be in violation of Rule 11 and the Court's orders. Defendant claims that the Sixth Circuit in *Key* "affirm[ed] [the] district court's discretion to strike unauthorized filings." (ECF No. 103, PageID.1962.) But *Key* does not involve or discuss any stricken filings.

9

### H. Conclusion

Plaintiff and Defendant's filings with factitious citations are stricken from the record and will not be considered. (ECF Nos. 79, 90, 91, 93, 103, 105.) The Court will also strike filings that purport to be exhibits to filings with factitious citations. (ECF No. 80 (Plaintiff's "supplemental exhibits" in support of ECF No. 79).)

## II. Order to show cause why Plaintiff and Defendant should not be sanctioned

Despite the Court's warnings, *and* despite filing declarations verifying that their citations are accurate and stand for their asserted proposition, Plaintiff and Defendant have yet again filed briefs with citations to authority that do not exist. In short, Plaintiff and Defendant have repeatedly lied to the Court and wasted both the Magistrate Judge and the undersigned's time.

It is apparent that further sanctions are necessary. Plaintiff and Defendant are ordered to show cause why they should not be sanctioned for repeated failure to follow Court orders and for dishonesty to the Court. *See Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011) (holding that a court may impose sanctions "under its inherent powers when a party

10

has acted in bad faith, vexatiously, wantonly, or for oppressive reasons . . . or when the conduct is tantamount to bad faith") (cleaned up).

Sanctions may include:

- Monetary sanctions in the form of $100.00 per filing with a factitious citation, payable to the Court;[5]

- A prohibition on future filings until the monetary sanction is paid to the Court;

- Requiring both Plaintiff and Defendant to appear in Court, in person, for a hearing on the record explaining their factitious citations and failure to follow Court orders, and;

- Revoking both Plaintiff and Defendant's Pro Se Upload privileges, which would require them to file documents either by mail or by hand-delivery to the Clerk's office.

Plaintiff and Defendant are ordered to file one brief in response to the Court's show cause order by November 14, 2025. The brief must be

---

[5] As set forth previously, the Court identified four filings by Defendant with factitious citations, (ECF Nos. 78, 91, 93, 103), and three filings by Plaintiff with factitious citations (ECF Nos. 79, 90, 105.) Based on the Court's current review, Defendant would owe $400.00 and Plaintiff would owe $300.00 in monetary sanctions.

11

double-spaced and may not exceed 7 pages.[6] Plaintiff and Defendant's responses must focus on their own conduct. The parties are not permitted to file any brief in response to the other party's brief regarding the order to show cause.

### III. Plaintiff's motion to file an exhibit under seal (ECF No. 88)

Plaintiff requests leave to file an exhibit under seal in support of her objection to Judge Stafford's order. (ECF No. 88.) Plaintiff's motion is denied as moot because her objection (ECF No. 79) is stricken for factitious citations and for falsely declaring that the legal authorities cited in her brief were accurately stated. Because Plaintiff's objection was stricken, Plaintiff's exhibit to her objection is unnecessary.

### IV. Conclusion

For the reasons set forth above, the following filings are STRICKEN. (ECF Nos. 79, 80, 90, 91, 93, 103, 105.) Plaintiff's motion for leave to file an exhibit under seal is DENIED as MOOT. (ECF No. 88.)

IT IS SO ORDERED.

Dated: November 7, 2025　　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　United States District Judge

---

[6] The 7-page page limit includes exhibits, if applicable.

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 7, 2025.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager
