UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Sybrena Evans,

        Plaintiff,        Case No. 24-13435

v.        Judith E. Levy
        United States District Judge

Danielle Robertson, *et al.*,

        Mag. Judge Elizabeth A. Stafford

        Defendants.

_____/

**ORDER IMPOSING SANCTIONS ON PLAINTIFF SYBRENA EVANS AND DEFENDANT DANIELLE ROBERTSON**

On November 7, 2025, the Court issued an order to show cause why Plaintiff Sybrena Evans and Defendant "Danielle Robertson"[1] should not be sanctioned for repeated failure to follow Court orders and for dishonesty to the Court. (ECF No. 106, PageID.2263.) Both Plaintiff and Defendant filed responses to the Court's order to show cause. (ECF Nos. 107, 108.)

The Court may impose sanctions "under its inherent powers when a party has acted in bad faith, vexatiously, wantonly, or for oppressive

---

[1] "Danielle Robertson" is Defendant's alias and not her true name.

reasons . . . or when the conduct is tantamount to bad faith." *Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011) (cleaned up). Such actions include when a party "shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order," *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991) (quoting *Hutto v. Finney*, 437 U.S. 678, 689 n.14 (1978)), or "if a court finds 'that fraud has been practiced upon it, or that the very temple of justice has been defiled.'" *Id.* (quoting *Universal Oil Prods. Co. v. Root Ref. Co.*, 328 U.S. 575, 580 (1946)).

I. **Defendant's response to the Court's order to show cause (ECF No. 108)**

In Defendant's response to the Court's show cause order, she explains that she takes "full and personal responsibility" for the factitious citations in her filings, that these errors "were the result of careless transcription, misapplication of case holdings, and failure to perform the required verification checks," and that she did not intend to "mislead, deceive, or perpetuate a fraud upon this Court." (ECF No. 108, PageID.2281.) Defendant includes corrections to her factitious citations and does not object to the imposition of appropriate sanctions.

2

The Court appreciates Defendant's honesty and that she has taken responsibility for her filings. While Defendant represents that her factitious citations were not made in bad faith, the Court still finds that sanctions are appropriate. As set forth in the Court's order to show cause, the Court identified four filings by Defendant with factitious citations, even after Judge Stafford issued an order warning the parties against factitious citations and requiring them to include written representations that they personally checked each legal citation, and each citation is accurate and stands for its asserted proposition. (*See* ECF No. 106, PageID.2255, 2264 n.5.) Even if these factitious citations were not done maliciously, the Court finds that these factitious citations were "tantamount to bad faith" or used "wantonly."[2] *Metz*, 655 F.3d at 489.

Additionally, Defendant's response to the Court's show cause order is nine pages long despite the Court's order that the response may not exceed seven pages, including exhibits. (ECF No. 106, PageID.2264–

---

[2] "Wanton" is defined as "[u]nreasonably or maliciously risking harm while being utterly indifferent to the consequences." Wanton, *Black's Law Dictionary* (12th ed. 2024)

3

2265, n.6.) As such, Defendant's response does not follow the Court's order.

## II. Plaintiff's response to the Court's order to show cause (ECF No. 107)

In Plaintiff's response to the Court's show cause order, she claims that she received assistance from librarians at the University of Detroit Mercy Law Library on October 23, October 31, and November 10, 2025, and used Westlaw to verify that her citations were accurate. (ECF No. 107, PageID.2275–2276; *id.* at PageID.2280 (screenshots purporting to show emails with information on citations from a librarian from the University of Detroit Mercy Law Library).)

Plaintiff's response provides corrections to her factitious citations, but also states that the factitious citations in her filings were "inadvertent, not intentional" and "arose from end-stage formatting under deadline pressure—not from any attempt to mislead." (ECF No. 107, PageID.2276.) Plaintiff also represents that her false quotation from *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404–05 (9th Cir. 2010) was unintentional because she intended to use quotation marks as an "emphasis around a paraphrased line" and that she "has

4

long used quotation marks for emphasis but now understands that legal filings require exact quotations only." (ECF No. 107, PageID.2277.)

Plaintiff's explanations are not convincing. For example, Plaintiff states,

> The prior citations to *Smith v. Arnold*, No. 16-1487, 2017 WL 1193990 (8th Cir. Mar. 28, 2017), and *Townsend v. Chase Bank USA, N.A.*, No. 19-11083, 2019 WL 7206100 (E.D. Mich. Dec. 26, 2019), resulted from clerical mix-ups during final formatting. Neither accurately reflected the controlling principle intended. Upon verification through the University of Detroit Mercy Law Library, Plaintiff confirmed that the correct and controlling authority is *Hooks v. Hooks*, 771 F.2d 935 (6th Cir. 1985) . . . .

(ECF No. 107, PageID.2275.) Later in her response, Plaintiff claims that her citations to "*Smith v. Arnold*, No. 16-1487, 2017 WL 1193990 (8th Cir. Mar. 28, 2017)," and "*Townsend v. Chase Bank USA, N.A.*, No. 19-11083, 2019 WL 7206100 (E.D. Mich. Dec. 26, 2019)" were "incompletely verified due to reliance on partial Westlaw search results rather than full opinion text." (ECF No. 107, PageID.2278.)

Plaintiff's explanations regarding these citations lack consistency and credibility. The Court understands that typos can happen, or that someone could accidentally cite the wrong case. Here, however, the Court cannot comprehend how "clerical mix-ups" or "partial Westlaw

5

search results" can result in citations that (1) bear no resemblance to *Hooks v. Hooks*, 771 F.2d 935 (6th Cir. 1985), and (2) contain case names that bear no resemblance to the actual case names related to the citations, and vice-versa.[3] Furthermore, Plaintiff's claim that she misunderstood the purpose of quotation marks is implausible considering that she used quotation marks correctly in that same brief (ECF No. 90) and in many others prior to the Court's order to show cause.

---

[3] As set forth in the Court's order to show cause, Plaintiff's factitious citation to "*Townsend v. Chase Bank USA, N.A.*, No. 19-11083, 2019 WL 7206100 (E.D. Mich. Dec. 26, 2019)" appears to be a combination of several different case citations and bears no close resemblance to a legitimate case:

> The citation, 2019 WL 7206100, refers to *Cyr v. Ford Motor Co.*, No. 345751, 2019 WL 7206100 (Mich. Ct. App. Dec. 26, 2019) . . . . The Court was able to locate a case called *Townsend v. Chase Bank USA N.A.*, that was issued by District Court for the Central District of California in 2009 [not 2019], but this opinion does not contain Plaintiff's quote. See *Townsend v. Chase Bank USA N.A.*, No. SACV08-00527AGANX, 2009 WL 426393, at *7 (C.D. Cal. Feb. 15, 2009).

(ECF No. 106, PageID.2257–2258.) Plaintiff's factitious citation to "*Smith v. Arnold*, No. 16-1487, 2017 WL 1193990 (8th Cir. Mar. 28, 2017) (unpublished)" is the same:

> The Eighth Circuit issued five opinions on March 28, 2017, and none are titled "*Smith v. Arnold.*" The citation, 2017 WL 1193990, refers to a filing in the United States District Court for the District of Maryland. See *Thomas v. Comm'r, Soc. Sec. Admin.*, No. CV SAG-16-1229, 2017 WL 1193990 (D. Md. Mar. 29, 2017).

(ECF No. 106, PageID.2257.)

6

Finally, Plaintiff argues that sanctions are not warranted because "the citation inaccuracies were inadvertent, not intentional, and were promptly addressed once identified." (ECF No. 107, PageID.2276.) Plaintiff's argument regarding her prompt response to the Court's show cause order is not well taken. Plaintiff was required to "promptly address" her factitious citations due to the Court's order to show cause, not by her own initiative.

It is not the Court's role to identify failures to correctly cite cases. Although the Court acknowledges that both parties are pro se and should be "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)), a litigant's pro se status is not an excuse for wasting Judge Stafford and the undersigned's time. The parties' repeated use of erroneous and factitious citations "disrupts the Court's timely and efficient review of cases, as its efforts are wasted researching nonexistent citations and legal principles." (ECF No. 74, PageID.782–783.)

While Plaintiff represents that her factitious citations were not used intentionally, this does not excuse Plaintiff's violations. As set

7

forth in the Court's order to show cause, the Court identified three filings by Plaintiff with factitious citations, even after Judge Stafford issued an order warning the parties against factitious citations and requiring them to include written representations that they personally checked each legal citation, and each citation is accurate and stands for its asserted proposition. (*See* ECF No. 106, PageID.2255, 2264 n.5.) Even if these factitious citations were not done maliciously, the Court finds that Plaintiff's failures were "tantamount to bad faith" or "wanton." *Metz*, 655 F.3d at 489. Additionally, Plaintiff's explanations for why these factitious citations were included in her briefs are not credible.

### III. Sanctions

In the Court's order to show cause, it listed possible sanctions, such as monetary sanctions payable to the Court, a prohibition on future filings until the monetary sanction is paid to the Court, requiring an in-person hearing regarding failure to follow court orders, and revoking the parties' Pro Se Electronic Document Upload privileges, which would require them to file documents either by mail or by hand-delivery. (ECF No. 106, PageID.2264.)

The Court finds that an appropriate sanction at this time is to revoke Plaintiff and Defendant's Pro Se Electronic Document Upload privileges for this case. **For all filings related to this case, 24-13435 (E.D. Mich.), Plaintiff and Defendant must file documents by mail or by hand-delivery to the Clerk's office**.[4] The Court believes that revoking Plaintiff and Defendant's Pro Se Electronic Document Upload privileges will remind the parties to be appropriately careful and intentional with their filings to the Court and that such filings must be truthful and not waste the Court's time.

The Court will not impose monetary sanctions or require the parties to attend an in-person hearing at this time. However, in the event that a future filing contains factitious citations, the Court will impose additional sanctions, including but not limited to monetary sanctions of $100.00 per brief with factitious citations.

The stricken briefs with factitious citations (ECF Nos. 78, 79, 90, 91, 93, 103, 105) will remain stricken.

Plaintiff, in her response to the order to show cause, requests leave to file "corrected" versions of her stricken filings, i.e., ECF Nos.

---

[4] Addresses for the Clerk's Offices for the Eastern District of Michigan can be located here: https://www.mied.uscourts.gov/index.cfm?pageFunction=coContactUs

79, 90, 105. (ECF No. 107, PageID.2279.) Plaintiff states that the basis for this request is "made under the Court's inherent authority to ensure a complete docket and pursuant to Fed. R. Civ. P. 11(b)(3) and 11(c)(2), which are interpreted to mean that the Rule favors reasonable inquiry and the opportunity to correct inadvertent errors before sanctions are imposed." (ECF No. 107, PageID.2276–2277.) But, as set forth above, the Court found that Plaintiff's repeated violations were not mere "inadvertent errors" but were "tantamount to bad faith" or done "wantonly." *Metz*, 655 F.3d at 489.

Additionally, the time has expired for Plaintiff to file these documents, i.e., her objection to Judge Stafford's Order (ECF No. 74), her objection to Judge Stafford's Report and Recommendation (ECF No. 75), and response to Defendant's objections. (ECF No. 82.) The Court declines to extend the time for Plaintiff to file these documents because Plaintiff has not demonstrated good cause for an extension. *See* Fed. R. Civ. P. 6(b)(1)(B).

### IV. Conclusion

For the reasons set forth above, Plaintiff and Defendant's Pro Se Electronic Document Upload privileges are REVOKED for this case.

10

The parties are warned that future violations of the Court's orders will result in additional sanctions. Plaintiff's request for leave to file "corrected" versions of her stricken filings is DENIED. (ECF No. 107.)

IT IS SO ORDERED.

Dated: November 20, 2025　　　　　s/Judith E. Levy
　　Ann Arbor, Michigan　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 20, 2025.

　　　　　　　　　　　　　　　　s/William Barkholz
　　　　　　　　　　　　　　　　WILLIAM BARKHOLZ
　　　　　　　　　　　　　　　　Case Manager