UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Sybrena Evans,

                    Plaintiff,       Case No. 24-13435

v.                              Judith E. Levy
                                 United States District Judge

Danielle Robertson, *et al.*,

                               Mag. Judge Elizabeth A. Stafford

                    Defendants.

_____/

## ORDER DENYING AS MOOT PLAINTIFF'S MOTION FOR LEAVE TO FILE AN EXHIBIT UNDER SEAL [88] AND DENYING PLAINTIFF'S MOTION TO STRIKE [97]

Before the Court is Plaintiff Sybrena Evans' motion for leave to file an exhibit under seal and Plaintiff's motion to strike two filings by Defendant "Danielle Robertson."[1] (ECF Nos. 88, 97.)

## I.    Plaintiff's motion for leave to file an exhibit under seal (ECF No. 88)

Plaintiff moves for leave to file her Exhibit G under seal. (ECF No. 88.) She explains that this exhibit relates to her objections (ECF No. 79)

---

[1] "Danielle Robertson" is Defendant's alias and not her true name.

to Magistrate Judge Stafford's Report and Recommendation (ECF No. 75) and Order. (ECF No. 74.)

Plaintiff's objections (ECF No. 79) were stricken and are not part of the record for the reasons set forth in the Court's November 7, 2025 order. (ECF No. 106, PageID.2257 (striking ECF No. 79).) Because Plaintiff's objections are stricken and are not part of the record, Plaintiff's motion to file an exhibit in support of her objections is denied as moot.

## II.     Plaintiff's motion to strike Defendant's filings (ECF No. 97)

Plaintiff also moves to strike Defendant's filings (ECF Nos. 93, 94) as "untimely, duplicative, and in violation of prior court orders." (ECF No. 97, PageID.1931.) Plaintiff argues that the "governing standard" of motions to strike is Federal Rule of Civil Procedure 12(f) and "the Court's inherent authority to control its docket." (ECF No. 97, PageID.1932.) Plaintiff believes that Defendant's filings are late, duplicative, and contain a "pattern of procedural evasion and docket manipulation." (*Id.* at PageID.1933–1934.)

First, Plaintiff's motion to strike Defendant's objections to the Report and Recommendation (ECF No. 93) is denied as moot. That

document already stricken for the reasons set forth in the Court's November 7, 2025 order. (*See* ECF No. 106, PageID.2260.)

Next, Plaintiff's motion to strike Defendant's "motion for leave to reinstate Exhibit 83 and to submit video evidence" (ECF No. 94) is not well taken. Federal Rule of Civil Procedure 12(f) states that "the court may strike <u>from a pleading</u> an insufficient defense or any redundant, immaterial, impertinent, or scandalous material." Fed. R. Civ. P. 12(f) (emphasis added). Motions and objections are not pleadings. *See* Fed. R. Civ. P. 7(a) (defining pleadings as complaints, answers to complaints, etc.); *see also Deltro Elec. Ltd. v. Elec. Power Sys. Int'l, Inc.*, No. 1:21-CV-303, 2022 WL 4449002, at *12 (S.D. Ohio Sept. 23, 2022) ("As a general matter, motions to strike apply only to pleadings, not motions or responses to motions.").

It is true that the Court has the inherent authority to strike filings. *See Am. C.L. Union of Kentucky v. McCreary Cnty.*, 607 F.3d 439, 451 (6th Cir. 2010) (describing the district court's discretion to strike motions as its power to manage its own docket). However, the Court's inherent authority to strike filings does not mean that litigants may file unnecessary motions to strike that needlessly complicate litigation and

hinder the Court's ability to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

The Court notes that the litigants—and Plaintiff especially—have filed numerous motions to strike. Between May 9, 2025 and November 3, 2025, a period of less than 6 months, the parties filed six motions to strike. (ECF Nos. 31, 36, 41, 56, 97, 103.) Plaintiff alone has filed five of these motions to strike. (ECF Nos. 31, 36, 41, 56, 97.) Four of these motions to strike have been denied (*see* ECF No. 74), and one was stricken because it included factitious citations. (*See* ECF No. 106, PageID.2261 (striking Defendant's motion to strike (ECF No. 103)).) The parties—and non-party John Doe—have also filed responses to these motions to strike, further increasing the number of unnecessary filings on the docket. (ECF Nos. 34, 49, 99.)

Filing excessive motions overwhelms the docket and is disrespectful of the Court's time. Issues like overlength, duplicative filings, and timeliness do not require a motion to strike. If the parties disagree with a motion, they may file a response in opposition to that motion. If the parties disagree with a response, they may file a reply explaining their disagreement. The Court is especially concerned that motions to strike

may be used as an attempt to file unauthorized sur-replies. (*See, e.g.*, ECF No. 103 (Defendant's stricken motion to strike Plaintiff's reply (titled "limited rebuttal") to Plaintiff's stricken objection (ECF No. 79)).)

In short, Plaintiff's motion to strike is denied. The parties are warned that their excessive filings have hindered the Court's ability to speedily adjudicate this case and are unnecessary. The parties are cautioned against further motions to strike in this case.

## III.   Conclusion

For the reasons set forth above, Plaintiff's motion for leave to file an exhibit under seal (ECF No. 88) is denied as moot, and Plaintiff's motion to strike two filings by Defendant is denied in part as moot and denied in part. (ECF No. 97.)

IT IS SO ORDERED.

Dated: November 20, 2025          s/Judith E. Levy
Ann Arbor, Michigan               JUDITH E. LEVY
                                  United States District Judge

6

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 20, 2025.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager
