# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

Sybrena Evans,

                Plaintiff,        Case No. 24-13435

v.                        Judith E. Levy
                               United States District Judge

Danielle Robertson, *et al.*,

                             Mag. Judge Elizabeth A. Stafford

                Defendants.

_____/

**ORDER OVERRULING DEFENDANT DANIELLE ROBERTSON'S OBJECTIONS [82] TO MAGISTRATE JUDGE STAFFORD'S ORDER [74], DENYING AS MOOT DEFENDANT'S EMERGENCY MOTION TO STAY [82], OVERRULING DEFENDANT'S OBJECTIONS [94] TO MAGISTRATE JUGDE STAFFORD'S ORDER STRIKING ECF NO. 83 [87], AND DENYING DEFENDANT'S MOTION TO SUBMIT VIDEO EVIDENCE [94]**

Before the Court is Defendant "Danielle Robertson's"[1] objections (ECF No. 82) to Magistrate Judge Elizabeth A. Stafford's September 25, 2025 order (ECF No. 74), which contained the following decisions:

- Denying as moot Plaintiff Sybrena Evans' motion to strike non-party John Doe's motion to quash, John Doe's motion for reconsideration, and Plaintiff's motion to compel John Doe to

---

[1] "Danielle Robertson" is Defendant's alias and not her true name.

reveal his identity. (ECF No. 74, PageID.773; ECF Nos. 31, 50, 54.)

- Granting Plaintiff's motions to compel disclosure of Defendant's identity and denying Plaintiff's motions to strike Defendant's filings made under her alias. (ECF No. 74, PageID.778; ECF Nos. 36, 41, 42, 51, 56.)

- Granting in part and denying in part Defendant's motion for protective order. (ECF No. 74, PageID.780; ECF No. 28.)

- Extending the summons and the time to serve until October 8, 2025 and permitting alternate service. (ECF No. 74, PageID.780–781.)

- Ordering Defendant to file a notice identifying her legal name and postal address, which may be the address of a registered agent, by November 3, 2025. (*Id.* at PageID.784.)

- Ordering both parties to include a written representation that they have personally checked each legal citation and that each citation is accurate and stands for its asserted proposition. (*Id.* at PageID.785.)

On October 9, 2025, Defendant filed objections to Judge Stafford's order and an emergency motion to stay the order. (ECF No. 82.)[2]

Defendant also filed objections to Judge Stafford's order striking ECF No.

---

[2] Plaintiff's objections to Judge Stafford's order and her response to Defendant's objections (ECF Nos. 79, 90) were stricken and are not a part of the record for the reasons set forth in the Court's November 7, 2025 order. (ECF No. 106, PageID.2257–2258.)

83, which she claims contains exhibits to her objections and motion for a stay. (ECF No. 94.) Finally, Defendant moves for leave to submit media files as exhibits. (*Id.*)

## I.    Legal Standard

Federal Rule of Civil Procedure 72(a) provides that, for non-dispositive pretrial matters where a magistrate judge issues a written order:

> [a] party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a). The Eastern District of Michigan Local Rules state that objections under Rule 72 "must: (A) specify the part of the order . . . to which a person objects; and (B) state the basis for the objections." E.D. Mich. LR 72.1(d). "This standard requires the District Court to review findings of fact for clear error and to review matters of law de novo." *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (quoting *EEOC v. City of Long Branch*, 866 F.3d 93, 99 (3d. Cir. 2017)). "A [factual] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and

firm conviction that a mistake has been committed." *Id.* (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "[A]n order is 'contrary to the law' when it 'fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Id.* (quoting *United States v. Winsper*, No. 3:08-CV-631-H, 2013 WL 5673617, at *1 (W.D. Ky. Oct. 17, 2013)).

## II. Defendant's objections to Judge Stafford's order striking ECF No. 83 and motion for leave to submit video evidence (ECF No. 94)

The Court will first address Defendant's "motion for leave to reinstate Exhibit 83 and to submit video evidence in support of Defendant's protective order request." (ECF No. 94, PageID.1920.)

Regarding Defendant's "motion for leave to reinstate Exhibit 83," the Court construes this as an objection to Judge Stafford's order striking ECF No. 83. (ECF No. 87.) On October 15, 2025, Judge Stafford issued an order striking ECF No. 83, which is "a 97-page document containing Exhibits E through A16."[3] (ECF No. 87, PageID.1716.) The document was stricken because it "did not identify whether these exhibits relate to

---

[3] The Court notes that ECF No. 83 specifically contains Defendant's Exhibits E, F, J, V, W, X, Y, Z, A1, A2, A3, A4, A5, A6, A7, A8, A9, A10, A11, A12, A13, A14, A15-1, A15-2, and A16.

4

another permissible filing," and "the exhibits are untethered to any motion or other authorized filing" and are thus improper. (*Id.* at PageID.1716–1717.)

Defendant explains that these exhibits were intended to support her objections to Judge Stafford's order and emergency motion to stay. (ECF No. 94, PageID.1921.) She states that her exhibits were uploaded separately from that filing "[d]ue to the Pro Se Portal's 5MB upload limit," that "it contains supporting exhibits referenced throughout ECF No. 82," and that "they are substantive supporting materials for that filing." (*Id.*) As such, Defendant requests that her filing be reinstated and no longer stricken.

Defendant's objection regarding Judge Stafford's order striking her filing is overruled as moot. This objection is moot because every exhibit in Defendant's stricken filing appears in subsequent, duplicative filings. (*See* ECF No. 84 (containing Exhibits E, F, J, V, W, X, Y, and Z); ECF No. 84-1 (containing Exhibits Z, A1, A2, A3, A4, A5, A6, A7, A8, A9, A10, A11, A12, A13, A14, A15-1, and A15-2); ECF No. 84-2 (containing Exhibits A15-1, A15-2, A16); ECF No. 84-4 (containing Exhibits E, F, J).)

Reinstating the stricken document is unnecessary because all stricken exhibits are already in the record.

Additionally, despite her argument that the stricken document "contains supporting exhibits referenced throughout ECF No. 82," many of the exhibits in the stricken document are not referenced in Defendant's objections and are thus not relevant to her filing.[4]

For the reasons set forth above, Defendant's objection to Judge Stafford's order striking ECF No. 83 is overruled.

Defendant also moves for leave to submit "video evidence" to the Court. (ECF No. 94, PageID.1923). Defendant's proposed "video evidence" consists of a "vast catalog of videos created and monetized by Plaintiff that reference or target Defendant" which apparently number in the hundreds and "span one to four hours each." (*Id.* at PageID.1922.) Despite Defendant's representation that this number of videos exists, that each video "reference[s] or target[s] Defendant," and that the videos are "crucial to demonstrate the pattern, frequency, and nature of harassment," she also admits that she "has not reviewed every file" and

---

[4] Exhibits J, X, Z, A9, A10, A11, A12, A13, A14, A15-1, A15-2, and A16, while submitted in the now-stricken filing, are never referenced in her objections. (*See* ECF No. 82.)

that "neither she nor the Court has that much time or desire to review" hundreds of hours of footage. (*Id.* at PageID.1923.)

Defendant's motion for leave to submit video evidence to the Court is denied. As stated by Judge Stafford, "[u]nder Rule 19(c) of the Court's electronic filing policies and procedures, "[m]edia files (see R1(i)), such as an audio clip or video clip, may be filed only with leave of court," and the filing party must adhere to certain procedural requirements when seeking leave to submit those files." (ECF No. 75, PageID.824.) Defendant's motion for leave to submit these video files does not adhere to these procedural requirements. More importantly, the Court cannot conclude that these videos provide factual support to Defendant's arguments considering that Defendant herself has not reviewed all of the footage and thus cannot attest that each video is relevant and actually "demonstrate[s] the pattern, frequency, and nature of harassment." (ECF No. 94, PageID.1923.)

As such, Defendant's motion for leave to submit video evidence is denied.

## III.  Defendant's objections to Judge Stafford's order (ECF No. 82)

Defendant filed several objections to Judge Stafford's order which extended the period for service, allows for alternate service on Defendant, and required Defendant to file a notice identifying her legal name and postal address by November 3, 2025. (ECF No. 74, PageID.784.)

The Court notes that Defendant's brief is not well organized, repetitive, does not cite much, if any, caselaw, and is generally difficult to understand. The Court attempts to summarize and address Defendant's objections as follows.

### A. Defendant's emergency motion to stay

The Court notes that Defendant's filing regarding her objections to Judge Stafford's order consists of both objections to Judge Stafford's order and an emergency motion to stay Judge Stafford's order requiring Defendant to disclose her identity by November 3, 2025. (ECF No. 82, PageID.1127–1133.)

The Court issued an order staying this November 3, 2025 deadline pending resolution of Defendant's objections. (ECF No. 95.) Because this relief is already granted, Defendant's emergency motion to stay is denied as moot.

8

## B. Objection related to the suit's "bad-faith foundation"

In Defendant's first objection, she argues that "The Lawsuit's Bad-Faith Foundation Vitiates Any Finding of 'Good Cause.'" (ECF No. 82, PageID.1134.) The Court construes this objection as objecting to Judge Stafford's authorization of alternate service and extension of the service deadline pursuant to Federal Rule of Civil Procedure Rule 4(m) on the basis that Judge Stafford's finding of "good cause" for the extension was erroneous. (*See id.* at PageID.1134–1137; *see also id.* at PageID.1140.)

Federal Rule of Civil Procedure 4(m) states,

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In this objection, Defendant does not demonstrate that Judge Stafford's extension of the service deadline and permitting alternate service was clearly erroneous or contrary to law. Defendant argues that the service deadline should not be extended because the lawsuit itself is "bad-faith" and that such action would reward Plaintiff's alleged wrongdoings or "unclean hands." (*See* ECF No. 82, PageID.1134–1137.)

9

She also asserts that Plaintiff should not be able to serve her and that the Court's efforts to facilitate service should cease due to unspecified "Sixth Circuit and Michigan equity principles." (*Id.* at PageID.1135.)[5]

Defendant cannot avoid or evade service on any basis. "While Defendants certainly enjoy the right to have service effected upon them in a manner consistent with the applicable laws and rules, they are not permitted to willfully evade service of process." *Smith v. Burk*, No. 1:19-CV-1018, 2021 WL 12263260, at *2 (W.D. Mich. Oct. 19, 2021) (internal citations omitted) (citing *Friedman v. Estate of Presser*, 929 F.2d 1151, 1155–56 (6th Cir. 1991); *Adams v. Allied Signal General Aviation Avionics*, 74 F.3d 882, 886 (8th Cir. 1996); *Manufacturers' Industrial Relations Assoc. v. East Akron Casting Co.*, 58 F.3d 204, 206–07 (6th Cir. 1995)).

Here, there is no question that Plaintiff does not know Defendant's identity nor an address at which Plaintiff may properly serve Defendant. Plaintiff's alleged wrongdoings, even if true, are not an excuse for

---

[5] While the Court recognizes that Defendant is self-represented, it is not the Court's role to conduct research for her. Without citations to authority or more information on these purported "Sixth Circuit and Michigan equity principles," the Court is unable to credit these arguments.

Defendant to evade service and Defendant has not shown any authority demonstrating otherwise. Moreover, even if Plaintiff failed to show good cause, good cause is not necessary for the Court to extend the service deadline. "[A] district court, even in the absence of good cause, can exercise discretion to extend the time." *Savoie v. City of E. Lansing*, No. 21-2684, 2022 WL 3643339, at *4 (6th Cir. Aug. 24, 2022) (collecting cases).

Defendant's objection related to the suit's "bad-faith foundation" is overruled.

### C. Objection related to Michigan Court Rule 2.105(J)

Next, Defendant argues that Judge Stafford's order permitting alternate service is contrary to Michigan Court Rule 2.105(J), which Defendant believes "strictly governs substituted/alternate service." (ECF No. 82, PageID.1138.)

Federal Rule of Civil Procedure 4(e)(1) provides that an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." In Michigan, where the district court is located, an individual may be served by "delivering a summons

11

and a copy of the complaint to the defendant personally" or "sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee." Mich. Ct. R. 2.105(A). Service by registered or certified mail is only complete once "the defendant acknowledges receipt of the mail," and "[a] copy of the return receipt signed by the defendant must be attached to proof showing service." Mich. Ct. R. 2.105(A)(2).

The Michigan Court Rules also permit the Court to approve alternative means of service. Michigan Court Rule 2.105(J)(1) provides, "[o]n a showing that service of process cannot reasonably be made as provided by this rule, the court may by order permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard." Regarding requests for alternative means of service, Michigan Court Rule 2.105(J)(2) states,

> A request for an order under the rule must be made in a verified motion dated not more than 14 days before it is filed. The motion must set forth sufficient facts to show that process cannot be served under this rule and must state the defendant's address or last known address, or that no address of the defendant is known. If the name or present address of the defendant is unknown, the moving

party must set forth facts showing diligent inquiry to ascertain it. A hearing on the motion is not required unless the court so directs.

The Court finds that Michigan Court Rule 2.105(J)(2) was adequately followed. On May 16, 2025, Plaintiff filed a "supplemental motion to compel disclosure of identity and confirmation of address used by 'Jane Doe.'" (ECF No. 51.) In support of this motion, Plaintiff filed a declaration in which she declared under penalty of perjury that the Sheridan, WY address appears to not be suitable for service because of its link "to shell corporations, fraud reports, and service evasion schemes," and that Plaintiff is unable to ascertain Defendant's identity or true address for service. (*Id.* at PageID.491.) Although Plaintiff's motion itself is not verified, Plaintiff's declaration is sufficient because it, like a verified motion under this Rule, is a sworn statement that "set[s] forth sufficient facts to show that process cannot be served under [Michigan Court Rule 2.105]." Mich. Ct. R. 2.105(J)(2). Further, Defendant's identity is unknown to Plaintiff, as acknowledged numerous times by Defendant herself. (*See* ECF No. 82, PageID.1127 (describing herself as "improperly named" Danielle Robertson); *id.* at PageID.1143 (describing "Danielle Robertson" as a "non-existent entity").)

13

Defendant's argument that Michigan Court Rule 2.105(J)(2) "requires . . . a supporting affidavit with specific facts showing due diligence at ordinary methods (personal service or restricted-delivery certified mail to the proper addressee), including dates, times, locations, process-server attempts, skip traces, postal inquiries, etc." is unsupported by citations to authority, and these requirements do not appear in the language of the Rule itself. (ECF No. 82, PageID.1138.) Finally, it is not clear how an attempt at ordinary methods of service could be made when Defendant's identity is unknown.

Thus, Defendant's objection related to Michigan Court Rule 2.105 is overruled.

### D. Objection related to "evasion narrative"

Defendant also objects on the basis of "The Evasion Narrative Fails: Alias ≠ Concealment; Non-Existent LLC ≠ Organization." (ECF No. 82, PageID.1138–1139.) In this objection, Defendant argues that Plaintiff knew that her previous attempts at service were unsuccessful, that the use of multiple aliases cannot be construed as "proof of evasion," and that information related to her use and/or cancellation of a registered agent in Dover, Delaware is "legally irrelevant." (*Id.*)

14

Defendant's objection does not demonstrate that Judge Stafford's order is clearly erroneous or contrary to law. As set forth by Judge Stafford in her order, "Robertson has used several aliases and addresses to evade service. Robertson cannot have it both ways. She may not use anonymity simultaneously as a shield to protect her privacy and as a sword to undermine the litigation." (ECF No. 74, PageID.778.)

Defendant's arguments—that Plaintiff's attempts to serve her alias "Danielle Robertson" and non-existent LLC are "not diligence" but "a pretext to create a record for alternate service" or "harassment" because Plaintiff was aware that these entities did not exist, that Defendant's use of many usernames was not an attempt to evade service, and that Defendant's prior use of a registered agent is irrelevant—are not well taken. (ECF No. 82, PageID.1138–1139.) Plaintiff is required to attempt to serve Defendant, and it is not clear how Plaintiff could have legitimately served Defendant's correct identity when Defendant's identity is unknown. Additionally, it is not clear why any of these arguments entitle Defendant to avoid service.

Defendant is "not permitted to willfully evade service of process." *Smith*, 2021 WL 12263260, at *2. As such, Defendant's objection is overruled.

### E. Objection related to service to Defendant's email

Defendant argues that Judge Stafford's order authorizing Plaintiff to serve Defendant by sending the complaint and summons to Defendant's email, danimontana2022@gmail.com, is not reasonably calculated to give notice according to due process principles. (ECF No. 82, PageID.1139–1140.) In support of this argument, Defendant continues to argue that Plaintiff is acting in bad faith and that Plaintiff's attempt to serve Defendant via email would be "performative harassment." (*Id.*)

Defendant's argument is unrelated to due process and therefore fails to demonstrate that Judge Stafford's order is clearly erroneous or contrary to law. Again, Defendant is not entitled to evade service.

Defendant's objection is overruled.

### F. Objections related to "Rule 4(m) Defects"

Defendant argues that "Plaintiff Did Not—and Cannot—Cure Rule 4(m) Defects." (ECF No. 82, PageID.1140.) To the extent this objection

repeats her previous arguments, it is overruled for the reasons set forth in this opinion.

Similarly, Defendant's objection titled "90-day clock" is overruled. (*Id.* at PageID.1141–1142.) Defendant's argument that Plaintiff failed to meet the service deadline is irrelevant because Judge Stafford extended the summons and the time to serve. (ECF No. 74, PageID.780–781.) Defendant's argument that this extension "cannot retroactively cure a Rule 4(m) failure" is not supported by any citation to authority and thus fails to demonstrate that Judge Stafford's order is clearly erroneous or contrary to law.

### G. Objection related to disclosure of Defendant's name and an address

Defendant objects to Judge Stafford's order to disclose her name and an address where service can be effected. (*See* ECF No. 82, PageID. 1128–1133, 1136, 1140–1141.) She claims that the order permits premature discovery and "tramples anonymous-speech protections in the face of documented threats." (*Id.* at PageID.1140–1141.) Defendant also takes issue with Judge Stafford's refusal to consider her improperly-filed media exhibits. *(Id.* at PageID.1128, 1132.)

17

First, Defendant's argument that Judge Stafford's order permits premature discovery is rejected. The Court reiterates that Plaintiff's subpoenas to nonparty Block Inc. were quashed because they were premature pursuant to Federal Rule of Civil Procedure 26(d)(1). (*See* ECF No. 62.) Plaintiff's inability to obtain early discovery has no connection to Defendant's ability to stay anonymous.

Second, Defendant's objections related to the Judge Stafford's refusal to consider her media exhibits are overruled. Defendant did not properly seek leave to submit media exhibits pursuant to Rule 19(c) of the Court's Electronic Filing Policies and Procedure. (*See* ECF No. 75, PageID.824–824; ECF No. 82, PageID.1129 (describing the exhibits as "URLs")); *see also supra* II. Judge Stafford's refusal to consider Defendant's videos is warranted.

Third, Defendant's contention that Judge Stafford's order "ignore[d]" exhibits submitted by Defendant is unsupported by the record.[6] (ECF No. 82, PageID.1129, 1145.) Judge Stafford's order clearly

---

[6] Defendant states at several points, without citation to legal authority, that the Court should hold an evidentiary hearing. (ECF No. 82, PageID.1145, 1151.) Defendant's request is surprising considering that an evidentiary hearing would require her to come to Court, in person, therefore making any request for anonymity

demonstrates familiarity with the exhibits submitted by both parties. (*See* ECF No. 74, PageID.775–777.)

Fourth, Defendant claims that her exhibits to her objections demonstrate Plaintiff's "Collaboration with Documented Violent Individuals" and the threats Defendant faces. (ECF No. 82, PageID.1145–1147; *see also* ECF Nos. 84, 84-1, 84-2, 84-3, 84-4, 85 (exhibits to Defendant's objections).) However, the Court cannot consider much of the evidence submitted with Defendant's objections because they are improperly filed and presented to the Court. Throughout Defendant's exhibits, Defendant includes inappropriate commentary and argument. (*See*, *e.g.*, ECF No. 84, PageID.1274 (Defendant arguing in her "Exhibit V" and "Exhibit W" that Plaintiff's actions were "fraudulent" or "intentional" misrepresentation); *id.* at PageID.1275 (Defendant including in her "Exhibit X" a 230-word narrative urging the Court to "see it from my perspective" and describing, in her own words, events that allegedly occurred).) "The inclusion of such statements, notes, or arguments on the exhibits themselves is neither a proper method of

_____

moot. In any event, Defendant has not demonstrated that an evidentiary hearing is required at this stage of the case.

19

providing supporting exhibits nor a proper method of presenting arguments to the Court." *Redus v. Revenue Cycle Serv. Ctr., LLC*, No. 3:22-CV-01029, 2025 WL 2324078, at *6 n.3 (M.D. Tenn. Aug. 11, 2025), *report and recommendation adopted*, No. 3:22-CV-01029, 2025 WL 2535628 (M.D. Tenn. Sept. 2, 2025). The place for argument and explanation is in the brief, not in exhibits. The Court is concerned that Defendant's inclusion of arguments in her exhibits is an effort to circumvent reasonable page limits and, as such, will not consider any statement by Defendant included with her exhibits.

Additionally, Defendant's exhibits are repetitive and too long. Defendant's exhibits to her objections total 461 pages. (ECF Nos. 84, 84-1, 84-2, 84-3, 84-4, 85.)[7] While such a voluminous evidentiary record could be appropriate, Defendant's submissions are inappropriately lengthy because they are needlessly repetitive. As set forth above, *see supra* II, Defendant filed the same exhibits in support of her brief two to three times. (*See* ECF Nos. 83, 84, 84-1, 84-2.) Further, many of the screenshots used in her exhibits are presented numerous times within

---

[7] If the Court included Defendant's stricken exhibits, her exhibits would total 558 pages. (*See* ECF No. 83.)

the same filing. (*See, e.g.*, ECF No. 84-3, PageID.1436, 1500 (displaying the same screenshot); ECF No. 85, PageID.1676, 1685 (displaying the same screenshot).)

Moreover, hundreds of pages of Defendant's exhibits are not attributed to an exhibit number and are thus not clearly applicable to any particular filing or argument. (*See* ECF No. 84-2, PageID.1356–1424; ECF No. 84-3 (lacking exhibit numbers throughout the entire 88-page filing); ECF No. 85, PageID.1605–1650, 1653–1709.)

Defendant's brief also often lacks citations to her exhibits, references exhibits that the Court cannot locate, or does not provide necessary explanation or context to understand the exhibits presented to the Court.[8] For example, Defendant describes actions taken by a man named Marquisio Watson, stating that "[d]uring one live, when Evans and Watson argued, Plaintiff begged him not to drop her from the panel, even as he was posting about me across his channel—with Plaintiff assisting on panels." (ECF No. 82, PageID.1146.) At no point in her objection does Defendant explain why this incident demonstrates that

---

[8] For example, the Court is unable to locate Defendant's "Exhibits A3-1 & A3-2" or Exhibit "A3-3." (ECF No. 82, PageID.1146–1147.)

Watson's threats can be attributed to Plaintiff, nor does Defendant provide a citation to the record that supports her description of this incident. The Court is unable to understand or credit Defendant's description of events without further information.

In short, because much of the factual record is improperly presented and lacks clear explanation, Defendant has failed to demonstrate that Judge Stafford's decision was clearly erroneous or contrary to law.

Finally, Defendant generally objects to the correctness of Judge Stafford's opinion and that she "minimiz[es] [ ] Ongoing and Escalating Harm." (ECF No. 82, PageID.1144.) But Defendant does not cite to any caselaw in support of her arguments, and much of her argument relitigates matters already considered by Judge Stafford or concerns improperly presented facts. Defendant's exhibits and explanations are deficient and fail to demonstrate that Judge Stafford's decision is clearly erroneous or contrary to law.

Defendant's objection is overruled.

### H. Objection related to "jurisdictional challenges"

Defendant's objection titled "Jurisdictional Challenges" is also overruled. (ECF No. 82, PageID.1142–1143.) The Court notes that this

22

objection does not specifically identify a part of the order to which it objects, in violation of Local Rule 72.1(d). Additionally, Judge Stafford's order does not make any determinations regarding jurisdiction.

To the extent that Defendant intends to challenge Judge Stafford's entire order on the basis that she lacks jurisdiction to issue the order, that objection is also overruled.

Defendant first claims that the Court lacks federal question subject matter jurisdiction because "the foundation of the suit is flawed, resting on a fraudulent DMCA claim." (ECF No. 82, PageID.1143.) The merits of Plaintiff's claims are not a proper basis to challenge federal question subject matter jurisdiction. *See Teamsters Loc. Union 480 v. United Parcel Serv., Inc.*, 748 F.3d 281, 286 (6th Cir. 2014) ("Subject-matter jurisdiction is not a merits question . . . . Subject-matter jurisdiction 'presents an issue quite separate from the question whether the allegations the plaintiff makes entitle him to relief.' (quoting *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247, 254 (2010))).

The Court has federal question subject matter jurisdiction over a suit if "a federal question [ ] appear[s] on the face of the complaint." *Chase Bank USA, N.A. v. City of Cleveland*, 695 F.3d 548, 554 (6th Cir. 2012)

(citing 28 U.S.C. § 1331). Here, Plaintiff brings claims of copyright infringement under federal law. (*See* ECF No. 1, PageID.7; ECF No. 75, PageID.825.) As such, the suit arises from a federal law and the Court has subject matter jurisdiction over the suit.[9]

Defendant's arguments related to service and personal jurisdiction are overruled. The Court permits alternate service and issued an extension of the deadline for service.

Finally, Defendant's argument that the order for Defendant to reveal her identity should be "postponed until the plaintiff can demonstrate a prima facie case supporting the claims" is overruled. (ECF No. 82, PageID.1143.) Defendant does not provide any legal basis or authority for that argument and thus fails to demonstrate that Judge Stafford's decision was clearly erroneous or contrary to law.

---

[9] Even if the Court lacked federal question subject matter jurisdiction over the suit, Defendant's argument that the Court lacks diversity subject matter jurisdiction would not succeed. The Court is unable to determine whether there is complete diversity in this case because Defendant refuses to share information about herself. Defendant "may not use anonymity simultaneously as a shield to protect her privacy and as a sword to undermine the litigation." (ECF No. 74, PageID.778.)

## IV.   Defendant's    statement    related    to    "litigation misconduct"

Defendant accuses Plaintiff of "engag[ing] in pre-suit scrubbing and post-filing concealment of core materials." (ECF No. 82, PageID.1147–1149.) It is not clear what relief Defendant seeks in this part of her filing. To the extent this section of the brief intends to object to Judge Stafford's order, it is overruled. Defendant does not specify the part of Judge Stafford's order to which she objects, in violation of Local Rule 72.1(d). Additionally, Defendant's argument that this "misconduct" "warrant[s] adverse inferences and weigh against compel[ing] [Defendant's] identity or alternate service" is perfunctory and unsupported by any authority. (ECF No. 82, PageID.1149.)

To the extent that this section is intended to be a motion pursuant to Federal Rule of Civil Procedure 37(e) (*see* ECF No. 82, PageID.1148), it is denied as premature. Discovery in this case has not begun.

## V.   Conclusion

For the reasons set forth above, Defendant's objections to Magistrate Judge Stafford's order (ECF No. 82) are OVERRULED, Defendant's motion to stay is DENIED AS MOOT (*id.*), Defendant's objections to Magistrate Judge Stafford's order striking ECF No. 83 are

OVERRULED (ECF No. 94), and Defendant's motion for leave to submit video evidence is DENIED. (*Id.*)

Further, the Court's order staying Defendant Danielle Robertson's deadline to file a written notice identifying her legal name and postal address is VACATED. (ECF No. 95.) Defendant must file this written notice by **December 15, 2025**.

IT IS SO ORDERED.

Dated: December 4, 2025
Ann Arbor, Michigan

s/Judith E. Levy
JUDITH E. LEVY
United States District Judge

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 4, 2025.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager

26