

F I L E D
DEC 18 2025
CLERK'S OFFICE
DETROIT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SYBRENA EVANS ET AL., | Case No.24-cv-13435 |
| Plaintiffs, | Honorable Judith E. Levy |
| vs. | Magistrate Judge Elizabeth A. Stafford |
| DANIELLE ROBERTSON ET AL., | |
| Defendants. | DEFENDANT'S EMERGENCY MOTION TO STAY IDENTITY DISCLOSURE PENDING RESOLUTION OF MOTION FOR RECONSIDERATION; AND MOTION FOR RECONSIDERATION OF IDENTITY-DISCLOSURE ORDER (ECF NOS. 74 & 118); AND CONDITIONAL REQUEST FOR § 1292(b) CERTIFICATION |

DEFENDANT'S EMERGENCY MOTION TO STAY IDENTITY DISCLOSURE
PENDING RESOLUTION OF MOTION FOR RECONSIDERATION; AND MOTION
FOR RECONSIDERATION OF IDENTITY-DISCLOSURE ORDER (ECF NOS. 74 &
118); AND CONDITIONAL REQUEST FOR § 1292(b) CERTIFICATION
*(Submitted Under Special Appearance Without Waiving Jurisdictional Objections)*

## I. PRELIMINARY STATEMENT

Defendant moves for reconsideration of the Court's Order (ECF No. 118) on the grounds that the Order suffers from a palpable defect by which the Court and the parties have been misled, and that correcting this defect will result in a different disposition of the case. Specifically, the Order compels the disclosure of Defendant's anonymous identity without properly applying the heightened scrutiny required by the First Amendment and Sixth Circuit precedent.

1

POOR QUALITY ORIGINAL

Crucially, the Order fails to account for a dispositive judicial admission made by Plaintiff just days prior: on December 1, 2025, Plaintiff filed a Notice (ECF No. 117) admitting that the U.S. Copyright Office has **refused** registration of the work at issue and the work wasn't registered or refused at filing, *See Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881 (2019). Under binding Supreme Court authority, this refusal renders the copyright claim legally defective. Ordering the unmasking of an anonymous defendant for a claim that lacks statutory standing constitutes manifest error and irreparable harm.

## CLARIFICATION REGARDING TIMING AND COMPLIANCE

Defendant respectfully states that this motion is timely under E.D. Mich. LR 7.1(h) because it is filed within the rule's time period measured from the Court's December 4, 2025 Order (ECF No. 118). Defendant further states that, since entry of the December 4 Order and the ensuing compliance deadline, Defendant has been actively seeking legal counsel regarding the delay, compliance obligations, and available emergency relief. Defendant acknowledges the identity-disclosure compliance deadline occurred before the Court had an opportunity to review a stay request, and therefore seeks immediate clarification and a temporary stay to preserve the status quo pending resolution of this motion.

## I. EMERGENCY MOTION TO STAY ENFORCEMENT OF IDENTITY DISCLOSURE

Defendant Danielle Robertson (improperly named), appearing specially, respectfully moves for an **immediate emergency stay** of the requirement to disclose her legal identity and address as ordered in **ECF No. 118 (Dec. 4, 2025)** and **ECF No. 74 (Oct. 8, 2025)**, pending the Court's resolution of the Motion for Reconsideration below. Defendant seeks

2

temporary relief to permit judicial review and does not intend disrespect for the Court's orders; Defendant requests a stay to avoid irreversible harm while the Court considers reconsideration.

**A. Standard for Stay** In determining whether to grant a stay, courts consider four factors: (1) the likelihood that the moving party will succeed on the merits; (2) whether the moving party will suffer irreparable injury absent a stay; (3) whether a stay would substantially harm other parties; and (4) where the public interest lies. *Nken v. Holder,* *556 U.S. 418 (2009).* Courts in the Sixth Circuit apply these same factors. *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog,* 945 F.2d 150 (6th Cir. 1991).

**B. Likelihood of Success on the Merits** Defendant has a substantial likelihood of success on reconsideration because the identity-disclosure order did not expressly weigh Defendant's asserted anonymity and safety interests against Plaintiff's asserted need for disclosure at this stage, nor address narrower alternatives. At minimum, the absence of express balancing presents a serious question warranting preservation of the status quo pending reconsideration.

**C. Irreparable Harm is Imminent** Compelled disclosure of an anonymous litigant's identity is effectively irreversible. Once identifying information is disclosed, it cannot be "undisclosed," and any resulting dissemination cannot be undone. Defendant submits a declaration and exhibits showing a concrete risk that disclosure will lead to harassment, retaliation, and misuse of identifying information, including threats made by third parties and public posts anticipating disclosure.

**Post-Order Escalation Shows Disclosure Is Being Marketed as a Countdown "Event," Not a Litigation Necessity.** Since the Court's December 4, 2025 Order (ECF

3

No. 118), Plaintiff has publicly framed the identity-disclosure deadline as a timed "countdown" for her audience, encouraging anticipation and engagement around the moment Defendant's legal name is revealed. For example, in a December 8, 2025 livestream, Plaintiff displayed and narrated a "clock" tied to the Court's disclosure deadline—"**As you can see the clock defendant must identify her legal name**"—and separately emphasized: "**The defendant must identify her legal name the date is set for December 15th.**" Plaintiff repeatedly used "train" countdown language to portray disclosure as an inevitable arrival—"**this train is coming to the station.**" Plaintiff also described disclosure as opening a consequential "door," stating: "**that will open a door that once we go through that door… it ain't going to be boring.**" (Ex G). Further, on December 11, 2025, Plaintiff stated that once Defendant's legal name is revealed, "**we will get the answer—Rule it in or rule it out,**" following discussion comparing Defendant to "DEA / Daniel Elizabeth Allen." (Ex G). This post-Order escalation matters to the stay analysis because it is direct evidence that compelled unmasking will be used as content and audience activation, not confined to litigation needs—confirming irreparable harm risk and reinforcing the need for narrow tailoring before any disclosure occurs.

**Pre-Discovery Subpoena Abuse Demonstrates Foreseeable Misuse of Identity Information** This case does not involve a speculative risk that Plaintiff might misuse Defendant's identity. The record already reflects attempts to extract identifying information before discovery was authorized, including issuance and public posting of subpoenas falsely representing attorney involvement. Specifically, Plaintiff caused subpoenas to be issued and circulated that falsely listed attorney Robert J. Figa of Dean & Fulkerson as counsel, despite no appearance by that firm and no authorization for

4

discovery. (Ex. C-1). Plaintiff also publicly posted subpoena materials on social media, including subpoenas connected to third parties, demonstrating a willingness to weaponize legal process for intimidation and identity exposure rather than lawful discovery. (Ex. C2–C3). This conduct is directly relevant to irreparable harm. It shows that once identifying information is obtained, Plaintiff does not confine its use to litigation but instead republishes and amplifies it as content. Disclosure of Defendant's identity under these circumstances would not merely advance adjudication; it would complete an already-demonstrated pattern of doxxing-adjacent conduct that cannot be undone.

**D. Plaintiff's Brand/Identity Usurpation Shows a Years-Long Fixation and Profit Motive That Makes Identity Disclosure Uniquely Dangerous** Plaintiff's conduct is not limited to criticism or "commentary." The record reflects a multi-year course of brand/identity usurpation in which Plaintiff attempted to adopt, replicate, and monetize Defendant's identity markers online, and—after Defendant rejected and blocked Plaintiff—Plaintiff escalated into a sustained campaign of monetized harassment built around Defendant's name, likeness, and associated branding.

1. **The fixation began as attempted "twin" roleplay and escalated after Defendant blocked Plaintiff.** Defendant's exhibits reflect that Plaintiff initiated contact in 2021 and repeatedly proposed a "twin" concept; after Defendant refused and blocked Plaintiff on May 1, 2022, Plaintiff escalated and Defendant thereafter sent multiple cease-and-desist letters beginning September 3, 2022 (Exhibit A-1-A-4).

2. **Plaintiff appropriated Defendant's branding for payment and platform exploitation.** Plaintiff's conduct includes appropriating Defendant's brand identifiers and using them as a mechanism for financial intake and audience

5

capture, including adopting "MessyDani"—a name tied to Defendant's domain/branding—and using it as a Cash App handle to receive money. This is not incidental; it evidences a commercial motive to profit from the association with Defendant's brand while simultaneously pursuing litigation and identity disclosure (Exhibit A-5).

These facts are offered solely to demonstrate foreseeability of misuse if disclosure occurs, not to adjudicate intent or liability.

**E. No Prejudice to Plaintiff** A brief stay to allow the Court to review the serious constitutional and safety issues raised herein will not prejudice Plaintiff. Defendant is not seeking to avoid litigation. Defendant seeks only to maintain the status quo while the Court resolves reconsideration and any threshold motions. Defendant does not consent to disclosure of her identity at this stage. The Court may resolve threshold issues—including Rule 12 motions, jurisdiction, and attribution—without disclosure of Defendant's identity because Plaintiff has not yet made a prima facie showing requiring such disclosure.

**F. Public Interest** The public interest favors protecting constitutional and safety interests against irreversible disclosure where the case can proceed through threshold rulings without public identification, and where narrower measures can preserve orderly litigation.

**G. Request** Defendant requests that the Court temporarily suspend enforcement of the identity-disclosure requirement and decline to impose any adverse consequence for noncompliance while this motion is pending. Defendant respectfully requests that the Court stay enforcement of identity disclosure pending resolution of this motion. Defendant further requests that the Court not require disclosure—publicly or to

6

Plaintiff—unless Plaintiff first makes a prima facie showing attributable to this Defendant.

Defendant requests a stay until the Court resolves this motion for reconsideration, or alternatively, for 14 days, whichever occurs first, and if certification is granted, during the pendency of any interlocutory appeal.

## II. RECONSIDERATION IS WARRANTED BECAUSE THE COURT MISTAKENLY FAILED TO APPLY THE MANDATORY *DENDRITE* "PRIMA FACIE" SAFEGUARD

The Court's Order compelling identity disclosure (ECF No. 118) contains a palpable defect because it authorizes unmasking of an anonymous defendant without applying the heightened First Amendment scrutiny required for anonymous speech.

The Court's Order constitutes a mistake based on the record because it compelled the irreversible unmasking of an anonymous defendant without first requiring Plaintiff to satisfy the constitutional protections established in *Dendrite Int'l, Inc. v. Doe*, 775 A.2d 756 ((N.J. Super. Ct. App. Div. 2001) and adopted by courts in this Circuit. *See Signature Mgmt. Team, LLC v. Doe*, 876 F.3d 831 (6th Cir. 2017).

Under *Dendrite*, unmasking is not automatic. It requires a specific four-step analysis. The Court's Order skipped Steps 3 and 4 entirely. Correcting this mistake requires the Court to stay disclosure and perform the analysis now.

Under *Dendrite* and *Cahill*, a plaintiff may not strip an anonymous defendant of constitutional anonymity merely by filing a complaint. The Court must:

(1) require the plaintiff to produce prima facie evidence sufficient to withstand a summary-judgment motion for each surviving claim; and

7

(2) balance the defendant's First Amendment right to anonymous speech against the strength of that prima facie showing and the necessity of disclosure.

The Order did not conduct this analysis. Had the Court required a *Dendrite/Cahill* prima facie showing, it would have found that every purportedly "surviving" claim is barred by a dispositive legal defect, privilege, or constitutional protection. Compelled disclosure in the absence of that threshold showing is itself a palpable defect warranting reconsideration.

**The following chart summarizes why Plaintiff cannot satisfy the prima facie evidentiary threshold required under Dendrite and Cahill for any purportedly surviving theory.**

| Surviving Theory | Dispositive Legal Bar | Effect Under Dendrite |
|---|---|---|
| Copyright | Premature filing; § 411(a) precondition absent at filing; refusal issued post-complaint; Register not served | Void ab initio; no prima facie case |
| Defamation (LARA / Police) | Petitioning immunity; absolute privilege (*Noerr-Pennington, Eddington*) | Constitutionally immune |
| Defamation (Divorce) | Qualified fair-report privilege; public court records | Protected speech |
| Harassment | No incitement; tort premised on time-barred speech | Fails as a matter of law |
| Misattribution | Failure of "of and concerning" element; group attribution | No prima facie attribution |
| Procedural | Undated and time-barred allegations | Statute-barred |

| Surviving Theory | Dispositive Legal Bar | Effect Under Dendrite |
|---|---|---|
| Public Figure Overlay | Limited-purpose public figure; no actual malice pled | Constitutional bar |

## B. The Court Erred by Not Requiring a Prima Facie Showing Before Compelled Unmasking

Even in civil litigation, the First Amendment does not permit compelled disclosure of an anonymous speaker's identity based on allegations alone. Courts require a structured, claim-specific analysis before unmasking, beginning with a prima facie evidentiary showing sufficient to withstand summary judgment, followed by a balancing of interests and narrow tailoring of any disclosure. See *Dendrite Int'l, Inc. v. Doe*, 775 A.2d 756, 760–61 (N.J. Super. Ct. App. Div. 2001); *Doe v. Cahill*, 884 A.2d 451, 460–61 (Del. 2005); *Highfields Capital Mgmt., L.P. v. Doe*, 385 F. Supp. 2d 969, 975–76 (N.D. Cal. 2005).

The Sixth Circuit has likewise recognized that compelled identification causes "significant and irreversible harm" and requires courts to weigh First Amendment anonymity interests against the asserted need for disclosure. *Signature Mgmt. Team, LLC v. Doe*, 876 F.3d 831, 836–37 (6th Cir. 2017). Signature confirms—rather than displaces—the Dendrite/Cahill requirement that disclosure be denied unless and until the plaintiff makes a competent, claim-specific prima facie showing and demonstrates that disclosure is necessary at the current stage.

Here, the Order compelled disclosure without first requiring Plaintiff to satisfy that threshold. "That omission constitutes a **mistake based on the record,** warranting reconsideration.

9

**1. Under *Dendrite*, *Highfields*, Plaintiff Fails to Make a *Prima Facie* Showing for Any Surviving Claim**

Even where a plaintiff alleges potentially actionable conduct, the First Amendment requires a court to impose a meaningful evidentiary threshold before compelling disclosure of an anonymous speaker's identity. The Sixth Circuit has made clear that courts must balance a defendant's First Amendment right to anonymity against a plaintiff's asserted need for discovery and ensure that the claim is real and not merely a device to silence an unwanted critic. *Signature Mgmt. Team, LLC v. Doe*, 876 F.3d 831, 836–37 (6th Cir. 2017) (citing *Dendrite Int'l, Inc. v. Doe*, 775 A.2d 756 (N.J. Super. Ct. App. Div. 2001)).

Under the *Dendrite/Highfields* framework, a plaintiff must first produce competent evidence supporting each element of a viable claim—at a summary-judgment–like level—before anonymity may be pierced. *Highfields Cap. Mgmt., L.P. v. Doe*, 385 F. Supp. 2d 969, 975–76 (N.D. Cal. 2005); *Doe v. Cahill*, 884 A.2d 451, 460–61 (Del. 2005). Plaintiff cannot meet that burden for any surviving theory here.

Plaintiff cannot meet the prima facie evidentiary threshold required under *Dendrite* for **Count I (Copyright)**, because the U.S. Copyright Office **refused registration** of the asserted work, and thus Plaintiff lacks any presumption of validity or likelihood of success on the merits. *See Feist Publications, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340 (1991)*. This substantially weakens any asserted need for compelled identity disclosure at this stage, particularly where the Court can resolve threshold defects without knowing Defendant's identity.

Plaintiff cannot meet the prima facie evidentiary threshold required under *Dendrite* for **Count II (Harassment)**, Plaintiff's allegations rest entirely on Defendant's commentary regarding public divorce filings and related public-record materials. The First Amendment protects the publication and discussion of truthful information obtained from public court records, and Plaintiff cannot weaponize discovery to punish

10

a critic for engaging in protected petitioning or commentary activity. *Florida Star v. B.J.F., 491 U.S. 524 (1989)*. Plaintiff has produced no competent evidence of incitement, or unlawful conduct attributable to this Defendant. *See Brandenburg v. Ohio, 395 U.S. 444 (1969)*. Subjective offense or reputational discomfort does not satisfy the *prima facie* threshold required to strip an anonymous speaker of constitutional protection.

Finally, even if Plaintiff could articulate colorable allegations, the balancing of interests weighs decisively against compelled disclosure. Unmasking Defendant for claims grounded in a refused copyright and constitutionally protected public-record commentary would chill lawful speech and public participation. Identity disclosure is not necessary to adjudicate the dispositive legal defects present here, and compelling it in the absence of a *prima facie* showing would impose an irreversible burden on Defendant's First Amendment rights without sufficient justification.

## C. Count I (Copyright) Does Not Justify Compelled Identification at This Stage

- **The § 411(a) precondition was not satisfied when the action was instituted.** Plaintiff filed suit before the Copyright Office had registered or refused registration of the work. *See* 17 U.S.C. § 411(a); *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881 (2019). Plaintiff's later-received refusal does not retroactively cure that timing defect for purposes of compelling identity disclosure now.

- **The complaint does not plausibly plead ownership/standing under § 501(b).** The complaint describes use of Plaintiff's "likeness" in an online meme, but does not plausibly allege that Plaintiff owns an exclusive right in a protectable copyrighted work. Allegations sounding in identity, reputation, or likeness do not substitute for pleading ownership of protected expression.

11

- **Practical consequence for the identity issue.** These defects substantially reduce Plaintiff's asserted need for compelled identification pending resolution of threshold motions and reconsideration. Defendant does not ask the Court to resolve the merits of Count I at this stage, only to recognize that its apparent defects substantially weaken any asserted need for compelled identity disclosure pending threshold review. Defendant raises these defects solely to address necessity for disclosure, not to seek merits adjudication at this stage.

## D. Defendant Requests Narrow Tailoring: No Compelled Identification Absent a *Prima Facie* Showing Attributable to This Defendant

Defendant does not seek to evade litigation or frustrate the Court's authority. Defendant seeks narrow tailoring appropriate to compelled unmasking in a speech-related case—because disclosure is irreversible, and because the surviving theories described in the pleadings substantially involve petitioning activity, public-commentary on public documents, and allegedly time-barred or misattributed statements.

### 1. The Surviving Theories Sound in Protected Petitioning and Commentary, Not "Harassment"

Plaintiff's remaining allegations substantially arise from (i) advocacy/petition activity (including communications urging oversight or public accountability) and (ii) commentary on public proceedings and public records. Such activity is commonly protected by the First Amendment and, under Michigan law, can fall within qualified privilege depending on context. Compelling unmasking based on allegations that largely describe petitioning and public-record commentary risks chilling lawful speech and public participation. Plaintiff has not presented competent evidence that any surviving "harassment" theory is supported by conduct beyond protected speech, nor evidence meeting the elements of a viable harassment claim.

### 2. Plaintiff's Pleading and Record Reflect Misattribution Across Multiple "Jane Does" This case also presents an attribution problem: Plaintiff's theory repeatedly aggregates online statements and activity from

multiple accounts and speakers and attributes them to "Jane Doe" without a supported basis tying particular actionable statements to this Defendant. Where attribution is uncertain and the record reflects multiple "Does," compelled identification risks unmasking an individual in search of a claim rather than to vindicate a supported claim. The new videos make that fallback more credible: they show why disclosure to Plaintiff (even if "for litigation") is realistically likely to be republished. **(See Ex. B-3, Third Party Threats).**

**3. Requested Relief: Require a Prima Facie Showing Attributable to This Defendant Before Any Compelled Disclosure** Because compelled identification is effectively irreversible and because Plaintiff's allegations substantially implicate protected petitioning and public-commentary (with significant misattribution concerns), Defendant requests that the Court modify or stay the identity-disclosure requirement unless and until Plaintiff makes a *prima facie* showing—supported by competent evidence— of:

- A viable surviving claim (not time-barred, not privileged, and legally actionable);
- Specific statements or conduct attributable to this Defendant (not merely to unnamed "Does" or unrelated third parties); and
- A demonstrated necessity for Defendant's identity at this stage (i.e., why the case cannot proceed through threshold rulings without compelled identification).

Absent that showing, compelled disclosure is not narrowly tailored and would impose a severe, irreversible burden on protected anonymity interests without an adequate evidentiary predicate. Given the demonstrated risks of dissemination and the current record, Defendant requests the Court adopt the least intrusive course consistent with constitutional protections—a *prima facie* / attribution threshold before compelled identification.

**E. Judicial Recognition of "Unusual Fixation" and New Escalation**

13

In the Order compelling disclosure, the Magistrate Judge explicitly found: *"To be sure, Evans's many videos evince an unusual fixation on Robertson and the dispute."* (ECF No. 74, PageID.776). Despite recognizing this "unusual fixation," the Court ordered disclosure. Since that Order, Plaintiff has escalated her conduct, as detailed in the attached Declaration and Exhibits. Furthermore, Plaintiff has escalated by posting identity-disclosure countdown content and stating that disclosure will be used to 'rule in/rule out' the misidentification theory.

**F. Plaintiff's Serial Misidentification Campaign ("Rule In / Rule Out") Shows Disclosure Will Be Used in a Manner Likely to Escalate Harassment**

Plaintiff has produced dozens of videos and serialized content repeatedly asserting or implying that Defendant is the same person as unrelated women, most prominently Danielle Allen, a Louisiana woman involved in an unrelated criminal matter. Plaintiff's content uses thumbnails, titles, voice and avatar comparisons, and audience prompts asking viewers to "rule in" or "rule out" Defendant's identity, including by polling or inviting viewers to participate in "analysis" as a group. **(See Ex. B-1, Countdowns and "Rule In" Content).**

Plaintiff has tagged Defendant in this content and has stated that court-ordered identity disclosure will allow Plaintiff and her audience to "confirm" identity claims. Plaintiff has continued this campaign despite Defendant repeatedly stating she is not Danielle Allen, and despite cease-and-desist communications disputing the misidentification. Plaintiff's conduct has also extended to offline interference directed at the Danielle Allen family: Plaintiff has discussed contacting family members and/or encouraged actions toward them, and a Plaintiff-associated follower ("Crazy Lucian") contacted the workplace of Danielle Allen's father in connection with these allegations, causing real-world disruption. **(See Ex. B-4, Workplace Interference).**

14

This record demonstrates that Plaintiff's "identity investigation" format predictably escalates from online content into real-world targeting, and that compelled disclosure would foreseeably intensify that pattern. Specific examples are set forth in the accompanying Declaration.

## G. Predictable Offline Escalation Through Targeted Tagging and Amplification

Specifically, Plaintiff repeatedly tagged Marquisio Watson using the handle "@kingwurld2023" in videos, livestream descriptions, and community posts discussing Defendant's identity, disclosure deadlines, and "unmasking." Screenshots submitted as **Exhibit B-5** show Plaintiff listing Watson alongside other antagonistic accounts in posts tied to court deadlines. This tagging functioned as intentional activation: it pushed content directly to known individuals with documented histories of harassment (e.g., threats to "pull up" or "catch this fade").

Plaintiff repeatedly tagged known actors in identity-focused content tied to court deadlines; threats predictably followed in close temporal proximity; Plaintiff continued this conduct after threats were known; and Plaintiff exercised control over the platform without mitigation. This pattern demonstrates foreseeability and irreparable risk, not incidental association.

- **Exhibit B-5.2:** Documents sexual harassment directed at Defendant by these activated third parties.
- **Exhibit B-5.3:** Shows "Donat" making veiled threats towards Defendant.
- **Exhibit B-5.4:** Captures specific instances of individuals wishing death on Defendant in live chats hosted by Plaintiff's associates.
- **Exhibit B-5.6:** Links this conduct directly to the litigation, showing "Watson's October 30th, 2025, threats video" which specifically mentions the upcoming disclosure.

## H. Community-Wide Targeting, "Dirty 40" Lists, and Retaliation Against Petitioning Activity

15

Plaintiff's conduct is not limited to commentary about Defendant personally. The record shows a pattern of community-wide targeting, in which Plaintiff publicly labels, tags, and harasses individuals she perceives to be associated with Defendant, including moderators, supporters, and other creators—many of whom have expressly requested to be left alone. As documented in **Exhibit D** and related materials, Plaintiff created and promoted lists referred to as the "Dirty 40" and "goons," consisting of individuals alleged to be Defendant's supporters or associates. **(See Ex. D-1, Targeting Lists).** These labels were used repeatedly in videos, thumbnails, community posts, and livestream discussions, often accompanied by tagging and hostile commentary.

The individuals targeted were not parties to this litigation and had no involvement in the underlying claims, yet were nonetheless subjected to harassment by association. Plaintiff's targeting extended to Defendant's moderators, including individuals identified by initials (e.g., "LM" and "JP"), whom Plaintiff publicly tagged, accused of conspiratorial conduct, and attempted to doxx. **(See Ex. D-2, Harassment of Moderators).** Plaintiff also repeatedly harassed and tagged unrelated creators alleged to be "close" to Defendant, including creator DTRHN, despite requests to stop. **(See Ex. D-3).**

**Abuse of Process:** This abuse extends to the legal process itself. Plaintiff and her collaborator (Kimberly Smith) have issued premature subpoenas outside of judicial review—some including misuse of lawyer information—to extra-judicially obtain identity information. **(See Ex. C-1-C-2, Subpoenas Falsely Listing Attorney; Ex. C-3, Misuse of Third-Party and Criminal Subpoenas).** Furthermore, Plaintiff has publicly posted subpoenaed material to humiliate the defendant, alleging it was a criminal case **(See Ex. C-3),** demonstrating that standard protective orders are insufficient.

**I. No Disclosure Is Appropriate Absent a Prima Facie Showing**

Defendant does not seek to evade the Court's authority, but Defendant does not consent to disclosure of her identity in any form—public, sealed, or in camera—unless and until Plaintiff first makes a *prima facie* showing of a viable claim attributable to this Defendant. Where disclosure is effectively irreversible and poses a substantial risk of retaliation, courts routinely require such a threshold showing before any form of unmasking. Until that showing is made, the least restrictive and constitutionally appropriate course is to maintain Defendant's anonymity and allow the Court to resolve threshold issues—including jurisdiction, sufficiency of the pleadings, and attribution—without disclosure of Defendant's identity.

## J. Retaliation Against Defendant's Petitioning Activity and Attempted Sabotage

Defendant has engaged in extensive online petitioning activity concerning matters of public concern. As reflected in the record, Defendant has authored or supported multiple petitions over time, with public participation ranging from several hundred signatures to tens of thousands of signatures (Exhibit F). These petitions addressed issues of alleged misconduct, public accountability, and advocacy on behalf of victims and affected communities. Plaintiff was aware of this petitioning activity and publicly referenced it. In at least one video, Plaintiff referred to Defendant as a "Shanquella Robinson activist" (Exhibit F-1).

Notwithstanding that acknowledgment, Plaintiff simultaneously continued to publicly misidentify Defendant as an unrelated individual ("Danielle Allen"), including posting a mugshot and other records that Defendant asserts do not depict her. Plaintiff tagged Defendant into this content and associated commentary while discussing the petitioning activity, creating a foreseeable risk that viewers would associate Defendant's advocacy with criminal allegations unrelated to her. The timing and framing of this content are significant. Plaintiff's misidentification posts occurred while Defendant was engaged in petitioning for justice on behalf of others, and Plaintiff's tagging and commentary operated to undermine Defendant's credibility in that advocacy space.

17

Plaintiff also publicly asserted that Defendant was "collecting money" from petitions, despite the fact that petition funds were administered through Change.org and directed to the platform and, where applicable, to the family or cause identified by the petition. These statements, coupled with misidentification content, functioned to discredit Defendant's petitioning activity rather than advance any legitimate litigation purpose. This pattern is relevant to the Court's analysis because it demonstrates that Plaintiff's conduct extends beyond commentary about Defendant's alleged statements and into retaliation against protected petitioning activity. It further shows that disclosure of Defendant's identity would not merely reveal a name for purposes of litigation, but would foreseeably be used to attack, discredit, and interfere with Defendant's advocacy and those associated with it. Such retaliation risks chilling constitutionally protected speech and petitioning and weighs strongly against compelled public identification absent a *prima facie* showing and narrow tailoring.

*Offline escalation is not speculative.* In an Aug. 15, 2023 Stationhead episode titled *Unwinewithteddyradio* (recorded Aug. 15, 2023. https://www.stationhead.com/s/1196038 Timestamp **57:00 - 59:33**), Plaintiff discussed attempting to contact Danielle Allen and/or her family members by phone and described analyzing shared phone numbers associated with multiple relatives, including noting that certain numbers appeared disconnected. Defendant submits this evidence solely to demonstrate foreseeability of offline targeting connected to Plaintiff's identity-focused campaigns, not for the truth of any underlying allegations. **(Ex. A-11.3; Decl. ¶ 4.)**

## III. CONDITIONAL REQUEST FOR CERTIFICATION OF INTERLOCUTORY APPEAL (28 U.S.C. § 1292(b))

**Defendant requests certification only in the event the Court denies reconsideration of the identity-disclosure order.**

**A. Controlling Question of Law.** The identity-disclosure order presents a controlling legal question: *whether, and under what standard, a district court may compel an anonymous defendant to disclose her identity in a case involving speech-related claims where disclosure is effectively irreversible and where the case can proceed, at least through resolution of threshold motions, without public identification.*

**B. Substantial Ground for Difference of Opinion.** There is substantial ground for difference of opinion regarding the threshold showing and balancing required before compelling disclosure of an anonymous speakers identity, including how to weigh the asserted need for disclosure at the pleading stage against the asserted First Amendment and safety interests in anonymity.

**C. Material Advancement of the Litigation.** Immediate appellate review may materially advance termination of the litigation and avoid unnecessary proceedings by resolving the standard governing compelled disclosure of identity at this stage. Absent review, disclosure may occur before meaningful appellate consideration, potentially mooting the issue.

**D. Requested Relief.** If certification is granted, Defendant respectfully requests that the Court stay enforcement of the identity-disclosure requirement pending resolution of any interlocutory appeal.

## IV. CONCLUSION

Defendant respectfully requests that the Court:

1. **GRANT** the Emergency Stay of identity disclosure;

2. **GRANT** Reconsideration and **VACATE** the disclosure order;

19

3. **Alternatively, the Court should defer identity disclosure until pending threshold defects—including the § 411(a) timing defect and standing issues—are resolved.**

4. **Alternatively, if reconsideration is denied, CERTIFY this matter for interlocutory appeal.**

Respectfully submitted,

/s/ Danielle Robertson Defendant, Pro Se (Appearing Specially)
DaniMontana2022@gmail.com Dated: December 15, 2025
30 N. Gould St
Sheridan, WY 82801

## CERTIFICATE OF SERVICE

I certify that on December 15, 2025, I served this motion on Plaintiff by the method(s) authorized by the Court's order(s), including: (1) U.S. Mail to Sybrena Evans, 17710 Lakeview Cr., Northville, MI 48168.

/s/ Danielle Robertson Defendant, Pro Se

## CERTIFICATION OF CITATION ACCURACY

Pursuant to ECF No. 74, Defendant hereby certifies that she has personally checked each legal citation in this filing and that each citation is accurate to the best of her ability and stands for the proposition asserted

**DECLARATION OF DEFENDANT DANIELLE ROBERTSON**

I, Danielle Robertson, declare under penalty of perjury as follows:

1. Personal Knowledge. I submit this Declaration to authenticate and explain the exhibits attached to my Emergency Motion to Stay Identity Disclosure and Motion for Reconsideration. Unless otherwise stated, the facts in this Declaration are based on my personal knowledge, my review of publicly available online content, and communications I have personally received or reviewed.

2. Stationhead Podcast (Aug. 15, 2023). I personally listened to and transcribed portions of a Stationhead broadcast titled *unwinewithteddyradio* recorded on Aug. 15, 2023. The screenshot (See Exhibit A-11.3) captures the existence of this broadcast. I am in possession of the audio recording and can submit it to the Court upon request. In that episode, at approximately 57:00–59:33, Plaintiff stated words to the effect of: *"I called... the number was disconnected... I'm trying to reach the family."* I offer this solely to show foreseeability of offline escalation connected to Plaintiff's identity-focused campaign.

3. May 2024 Video Statement. In or about May 2024, I reviewed a video in which Plaintiff described traveling to a public library to access my website after being blocked at her home/office (See Exhibit A-10). I have retained a copy of this video and can produce it upon request. In the video, Plaintiff states: *"She blocked the specific library. How about that? That means prove positive. Means prove positive. She's tracking me because I'm blocked there. I said, 'Aha.' At first, I thought, you know, okay, I can just go to the library."* This excerpt is offered solely to show Plaintiff's narrative of "investigation" and offline escalation framing.

4. Brand/Identity Usurpation. My exhibits reflect that Plaintiff initiated contact in 2021 and repeatedly proposed a "twin" concept (See Exhibits A-1, A-2, A-3); after I blocked

21

Plaintiff, I sent multiple cease-and-desist letters beginning September 3, 2022, but Plaintiff continued (See Exhibits A-4, A-6).

5. Use of My Branding. Plaintiff has appropriated branding associated with me, including using "MessyDani"—a name tied to my domain/branding—as a Cash App handle (See Exhibit A-5).

6. Connection to Third Parties (Exhibit B-5A). I reference third parties (including, by way of example, Marquisio Watson and Donat Ricketts) because the evidence shows Plaintiff repeatedly signals, tags, and amplifies specific accounts that have issued threats against me. The connection is established through Plaintiff's repeated tagging/mentions and the temporal proximity between Plaintiff's "countdown" content and third-party threats (See Exhibit B-5 Series).

7. Specific Tagging. Plaintiff tagged "@kingwurld2023" (Marquisio Watson) in videos and livestream descriptions discussing identity disclosure (See Exhibit B-2.1, B-2.3). Plaintiff also tagged Kimberly Smith and Donat Ricketts in similar identity-focused posts (See Exhibit B-2.4).

8. Escalation Involving Violent Collaborators. Plaintiff has repeatedly tagged, amplified, and appeared alongside individuals who have made explicit violent threats toward me in connection with her identity-focused content. I have personally viewed the videos containing these statements and can produce them upon request:

- Donat Ricketts: Stated, "I will knock on your door and beat your motherf**ing ass," and "I want to see the helicopters go in and shoot her dead."

- Kimberly Smith: Stated while appearing on Plaintiff's panel during a July 15, 2024 livestream, "I'm going to mangle her."

- Madgie Germain: Stated, "If I saw her face to face, I'd whoop your ass."

22

9. Offline Targeting and Real-World Interference. Plaintiff's conduct has escalated beyond online speech. Marquisio Watson publicly discussed calling and showing up in person, stating: "I'll pull up—she can catch this fade while I'm live" (See Exhibit B-1). Additionally, a Plaintiff-associated subscriber known as "Crazy Lucian" admitted to calling the workplace of the father of the misidentified Danielle Allen, resulting in police involvement (See Exhibit B-4).

10. Incitement Toward Families (June 7, 2024 Livestream). In a June 7, 2024 livestream (now privated), Plaintiff encouraged Donat Ricketts to target a supporter's sister who she thought was Defendant (See Exhibit A-11). I have retained a recording of this livestream. Specifically, Plaintiff stated: *"If Donat thinks that Val has a sister that's DForDanielle, bring her on ... now that is one person where the whereabouts I think can be found rather quickly ... has she brought on her sister? She can debunk it. Let's see how easy we can close that one."* This resulted in offline targeting and a police report by the affected sister.

11. Subpoena Abuse. Plaintiff's use of subpoenas prior to any authorized discovery reinforces my belief that disclosure of my identity would be used as content and leverage (See Exhibits C-1, C-2, C-3).

**12. Post-Order Escalation (Exhibit G).** Following this Court's December 4, 2025 Order, Plaintiff posted new videos on December 5, 6, and 12–15, 2025, which I have personally reviewed and retained

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 15, 2025.

/s/ Danielle Robertson Defendant, Pro Se

23

**EXHIBIT LIST**

**EXHIBIT A – Origin of Dispute, Brand Usurpation, and Identity Targeting**

- **Exhibit A-1:** Initial message from Plaintiff requesting to roleplay as Defendant's character/brand for Halloween (October 5, 2021).
- **Exhibit A-2:** Plaintiff's message asking to be a "twin" of Defendant's brand/character (January 2022).
- **Exhibit A-3:** Defendant's rejection of the "twin" concept and subsequent blocking of Plaintiff (May 1, 2022).
- **Exhibit A-4:** First Cease and Desist Letter sent to Plaintiff (September 3, 2022).
- **Exhibit A-5:** Screenshots evidencing Plaintiff's use of Defendant's brand identifiers for identity-focused content, including the handle "$MessyDani" on Cash App and "DForDanielle" on Instagram, Stationhead, and YouTube.
- **Exhibit A-6:** Screenshot summary showing six (6) separate Cease and Desist letters sent to Plaintiff between 2022 and 2024.
- **Exhibit A-7:** Evidence of Plaintiff maintaining membership in Defendant's community for 44 months and accessing multiple channels despite the dispute.
- **Exhibit A-8:** Screenshots of Plaintiff's "Rule In / Rule Out" identity content falsely asserting or implying Defendant is "Danielle Allen," including thumbnails and titles.
- **Exhibit A-9:** Screenshots showing Plaintiff tagging Defendant and inviting audience participation (polling, group "analysis," or voting) regarding Defendant's identity.
- **Exhibit A-10:** Escalation: Offline Verification and Location Scouting - evading website ban.
- **Exhibit A-11:** Screenshots evidencing offline spillover related to the Danielle Allen misidentification, including discussion of contacting family members or real-world interference.
- **Exhibit A-11.2:** Surveillance outside of home, which Plaintiff attributes to Defendant.
- **Exhibit A-11.3:** Plaintiff making offline calls to perceived family members.
- **Exhibit A-12:** Screenshots documenting Plaintiff's continued repetition of misidentification despite cease-and-desist communications or express denials.

**EXHIBIT B – Threats Against Defendant, Targeted Amplification, and Offline Risk**

- **Exhibit B-1:** Screenshots of threats or "boots on the ground" rhetoric by Marquisio Watson ("@kingwurld2023"), including language such as "pull up" or "catch this fade" directed at Defendant.
- **Exhibit B-2:** Screenshots showing Plaintiff tagging or signaling Watson and other antagonistic accounts in posts tied to identity disclosure, countdowns, or court deadlines.
    - **Exhibit B-2.1:** Plaintiff tagging Watson in voice identification posts.
    - **Exhibit B-2.2:** Plaintiff appearing on Watson's channel/panel assisting him with "unmasking."
    - **Exhibit B-2.3:** Plaintiff tagging Watson, herself, and the Defendant in unmasking videos.
    - **Exhibit B-2.4:** Tagging antagonistic accounts in countdowns to disclosure.
- **Exhibit B-3:** Screenshots of threats or violent rhetoric by other third parties (e.g., Donat Ricketts, Kimberly Smith, Madgie Germain) directed at Defendant.
- **Exhibit B-4:** Screenshots evidencing real-world or workplace interference, including the "Crazy Lucian" call to the workplace of Danielle Allen's father.

24

- **Exhibit B-5:** Screenshots demonstrating temporal proximity between Plaintiff's tagging/countdown posts and third-party threats or offline escalation against Defendant.
    - **Exhibit B-5A:** Watson in Plaintiffs' live chat, suggesting coming to my house
    - **Exhibit B-5.1:** Plaintiff on a panel with Donat Ricketts harassing the defendant
    - **Exhibit B-5.2:** Donat copying Plaintiff's misidentification theories and voice comparisons.
    - **Exhibit B-5.3:** Donat sexually harassing Defendant.
    - **Exhibit B-5.4:** Donat making a veiled threat towards Defendant.
    - **Exhibit B-5.5:** Donat explicitly wishing death on Defendant in a live chat.
    - **Exhibit B-5.6:** Other YouTubers tagging Defendant after viewing Plaintiff's misidentification videos.
    - **Exhibit B-5.7:** Watson's October 30th, 2025 threats video explicitly mentioning the upcoming identity disclosure.
    - **Exhibit B-5.8:** Kimberly Smith's mangled threat issued on Plaintiffs' live panel

## EXHIBIT C – Subpoena Abuse and Misuse of Legal Process (Pre-Discovery)

- **Exhibit C-1:** Screenshots/PDF excerpts of subpoenas falsely listing attorney Robert J. Figa of Dean & Fulkerson as counsel, despite no appearance and no authorization for discovery.
- **Exhibit C-2:** Screenshots showing public posting, sharing, or discussion of subpoena materials on social media by Plaintiff or at Plaintiff's direction.
- **Exhibit C-3:** Screenshots reflecting misuse of subpoenas connected to third parties (including criminal subpoenas unrelated to Defendant) to intimidate or signal credibility.

## EXHIBIT D – Community-Wide Targeting and Retaliation

- **Exhibit D-1:** Screenshots of "Dirty 40," "goon list," or similar community-targeting posts labeling individuals alleged to be Defendant's supporters or associates.
- **Exhibit D-2:** Screenshots showing harassment or attempted doxxing of Defendant's moderators or supporters (identified by initials such as "LM" or "JP").
- **Exhibit D-3:** Screenshots of Plaintiff tagging or harassing unrelated creators alleged to be "close" to Defendant (including DTRHN), despite requests to stop.

## EXHIBIT E – Platform Abuse

- **Exhibit E-1:** DMCA notice or related platform communication demonstrating misuse of copyright enforcement as leverage (e.g., YouTube termination emails).

## EXHIBIT F – Retaliation Against Activism and Smear Campaigns

- **Exhibit F-1:** Screenshots of Plaintiff inserting herself into Defendant's advocacy work to smear her, specifically titling content "Shanquella Robinson Activist Anonymous Impersonator" alongside Defendant's petitioning activity.

## EXHIBIT G – POST-ORDER ESCALATION

Screenshots of New Videos and Livestreams (December 5–15, 2025)

25

**Exhibit A-1**



**Exhibit A-2**



**Exhibit A-3**



**Exhibit A-4**

28



CEASE AND DESIST: Sybrena Kenan

me  Sep 3, 2022
to RFiga ˅

Dear Ms. Kenan:

This letter serves as notice to you to immediately cease and desist all defamatory, harassing activities against and towards Danielle Robertson (Dani Robertson).

ATTACHED DOCUMENT

SYBRENA KENAN –CEA...
PDF

29

**Exhibit A-4 continued**

**CEASE AND DESIST**

9/03/2022

By Email:
UnWineWithTeddy@gmail.com
RFiga@DFLaw.com

Sybrena Kenan
100 W. Big Beaver Rd., suite 650
Troy, Michigan  48084

Dear Ms. Kenan:

This letter serves as notice to you to immediately cease and desist all defamatory, harassing activities against and towards Danielle Robertson (Dani Robertson).

You are hereby directed to

**CEASE AND DESIST ALL DEFAMATION/HARASSMENT OF DANIELLE ROBERTSON CHARACTER AND REPUTATION.**

It's against YouTube guidelines to add someone's name to video tags if the video isn't about them. However, Miss Kenan continues to add Dani's name to her tags to get attention and views and to harass her. Miss Kenan is obsessed with taking over Dani's online identity. She made a new YouTube channel to copy her likeness and harass her. Kenan is constantly making up lies and acts as if it's facts without doing research and without evidence.

Further, Kenan refuses to leave spaces that Dani frequents or owns, such as her member's area. When Miss Kenan was asked to leave Dani's membership and stop the harassment, she refused to leave and still refuses to leave. Instead of canceling her membership to Dani's channel, Kenan upgraded her membership and began to steal and leak Dani's private, members-only content. She would leak the content and steal it so that she could have content to talk about on her own channel. Again, her motive appears to be financial gain and profiting off Dani.

**Exhibit A-5**

30

‹ *DForDanielle*        🔲  Q  ⋮

Welcome to *DForDanielle*, where we dive deep into unsolved mysteries and investigative stories. Here, we explore the intriguing narrative of a real *Danielle*, a woman once charged as an Accessory After the Fact in the tragic case of a 4-month-old infant's death—a charge later dismissed by Lake Charles Police. While no definitive link between her and the anonymous *DForDanielle* has been proven, compelling questions remain.

Join us as we follow clues, analyze evidence, and seek answers to illuminate the mystery surrounding these stories. Together, let's explore the truth behind the shadows and see where the trail leads.

#*DForDanielle* #TruthTeller #IdentifyTheVoice #Unmasking

## Links

🔳 CashApp
cash app/$MessyDani

🔳 Instagram
instagram.com/messydan

‹ *DForDanielle*        🔲  Q  ⋮

deep into unsolved mysteries and investigative stories. Here, we explore the intriguing narrative of a real *Danielle*, a woman once charged as an Accessory After the Fact in the tragic case of a 4-month-old infant's death—a charge later dismissed by Lake Charles Police. While no definitive link between her and the anonymous *DForDanielle* has been proven, compelling questions remain.

Join us as we follow clues, analyze evidence, and seek answers to illuminate the mystery surrounding these stories. Together, let's explore the truth behind the shadows and see where the trail leads.

#*DForDanielle* #TruthTeller #IdentifyTheVoice #Unmasking

## Links

🔳 CashApp
cash app/$MessyDani

🔳 Instagram
instagram.com/messydani

🔳 Stationhead
stationhead.com/dfordanielle



✕                           ☆

**D**

# D For Danielle

$MessyDani

🔲 Joined Nov 2023

⊘ Not paid by people you know

⊘ Contacts not synced

31







messydani Join us tonight for the launch of our new YouTube Channel,"*D For Danielle*"
https://youtu.be/2gTJRC5zDEA

Feb 11   24

**Exhibit A-6**

Label ▾     From ▾     To ▾     Attachment ▾     [

me                                                    Jun 21
Cease and Desist – Sixth Notice for Sy...
Please find attached the sixth formal C...     ☆

    📄 CEASE NUM...

me                                                    9/11/24
CEASE AND DESIST: Sybrena N Evans...
This letter serves as notice to you to im...     ☆

    📄 Cease 5.pdf     ◂     NOT BEING...

me                                                    4/30/24
CEASE AND DESIST: Sybrena N Evans
This letter serves as notice to you to im...     ☆

    📄 SYBRENA K...

me                                                    1/31/23
CEASE AND DESIST: Sybrena Kenan Ev...
This letter serves as notice to you to im...     ☆

    📄 UnwinewithT...     +2

me                                                    9/3/22
CEASE AND DESIST: Sybrena Kenan
This letter serves as notice to you to im...     ☆

    📄 SYBRENA K...

me                                                    10/5/22
CEASE AND DESIST: Sybrena Kenan Ev...
This letter serves as notice to you to im...     ☆

    📄 KENAN STA...     📄 SYBRENA K...

35

**Exhibit A-7**



**Exhibit A-8**

 **Teddy** updated the event cover photo in **Messy Mocha** **| DANIELLE THAT'S YOU SIS? Mystery Clue #15 "Analyze This" Interview | @UNWINEWITHTEDDY**. · Follow
May 3, 2023 · 🌐                                                                      •••



▶ Listen          👍 Like          💬 Comment          ↪ Share

#truthtellerdani #danirobertson #unwinewithteddy #runtellthattoo #donat #jaguarwright #downtherabbitholenews #allaboutthetea #sodebnair



**Exhibit A-9**





**Teddy** was live. · **Follow**
July 23, 2023 · 🌐

UNWINEWITHTEDDY and join me at 8:55 p.m. in The Bear Cave for another important 2021 FlashBack. Go ahead, grab a glass of ♥ and let's get cozy.
In this video, @TalesFromTheCult gives her electrifying commentary on the Kalina Collier who's kidnap hoax, spawned a viral rumour that she was being held hostage at a Jamaican hotel. In tonight's broadcast we continue with Pt. 2 of this this saga premiered on February 14, 2021.

Also, don't in case you missed Mystery Clue #22 @DanielleRobertson Danielle Elizabeth, then check it out here: **https://youtube.com/shorts/7RBO-rOnBvc** What say youuu? How deep does your love go Danielle? Let's find out.

What new clues lie ahead in this story as we continue to connect the dots in search of Danielle? Tell us what you think. Drop your comments below.What new clues lie ahead in this story as we continue to connect the dots in search of Danielle? Tell us what you think. Drop your comments below.

Gossip, today's news, and so much more! ☎ Live Call In! (563) 999-3051. Please hit the like 👍 if your enjoy the content. Grab your ☕ and let's sip this mocha up. Take a listen and tell me what you think?

Don't forget to check out our other series:
Girl Bye! "Analyze This" Surviving Dani Robertson @DaniRobertson
Magic Trick "Analyze This" Surviving The Black Rabbit @DOWNtheRABBITHOLENews

Featured Video:
BlackRabbit TROLLED @TalesFromTheCult As RabbitHole "Analyze This" RealCommentary | @UNWINEWITHTEDDY

Subscribe to This Channel: 🔳UNWINEWITHTEDDY

**1** Filters    Posts You've Seen    Most Recent    T

 **Teddy** updated the event cover photo ⋯ in **Night Talk | VOICE COMPARISION How Is It Done? "Analyze This" RealCommentary | @UNWINEWITHTEDDY.**
Aug 14, 2023 · 🌐



Mon, Aug 14, 2023
**Night Talk | VOICE COMPARISION How Is It Don...**            ☆ Interested

Like            Comment            Share



# Comments

 Lisa Ann · 1h ago                                    ⋮

I'm a paralegal and I think most of the general public learned from the Cardi B v Tasha K defamation lawsuit as well as the Depp v Heard defamation case that you can't go around telling lies on people. You've done absolutely everything to insinuate that Danielle Allen is DR so I hope you do have something in your back pocket that maybe you're taking forever to drawl out. That recording doesn't sound anything like her and how did you hear it in the first place to even think it sounded like her? Did you just pull this because it was Monique or Monica's daughter? I mean you paid for the records but I don't understand what led you to those records in the first place. Unless you've been searching and waiting for something to pin on her and somehow this fell into your lap? The girl in this video said she was pregnant. DR puts out about 8 hours of well planned videos every day. Are you telling me she does that with a kindergartner around?



**Teddy** updated the event cover photo ···
in @DaniRobertson ALL IN THE
FAMILY "Analyze This" MYSTERY
CLUE #14 I Did It For Love |
UNWINEWITHTEDDY.
Apr 22, 2023 · 🌎



Sat, Apr 22, 2023
@DaniRobertson ALL IN THE          ☆ Interested
FAMILY "Analyze This" MYST...

**Exhibit A-10**

Activity Detail                                                                        ✕

and visited

... 2024 ...  ... 5 ...  52 mins ago

) Chrome/125.0.0.

Northville, Michigan, United States    /index.php/2024/07/22/pam-and-...    7/22/202

## Activity Detail

 Northville, Michigan, United States arrived from https
https://peanutcant.com/index.php/2024/07/22/pam-and-c
7/22/2024 5:02:46 PM (8 hours 28 mins ago)

**UNWINEWITHTEDDY** 5 months ago (edited)

Hey MOB! I found the video where Oklahoma was visiting DForDanielle in California for her birthday. Take a look at shots from the video. The photo of the restaurant outside is taken from Google. The others were streamed live on New Years Day, January 1, 2024. Also, check out the restaurant! **UNWINEWITHTEDDY**



👍 33 👎 ↪





 **RunTellThatToo** 1 year ago (edited)

Hey MOB! If you are looking for the story about Danielle Elizabeth Allen, Larry Champ and Co Morris, then watch the complete series Love Triangle 'Murder In Lake Charles' check it out h https://www.youtube.com/watch?v=0sJ_H... #dfordanielle #unwinewithteddy



in an orange jumpsuit with her face fully covered. I wonder if she can do the same, and tell us Who Dis Is on the right of Danielle? What ya'll think? #BringEmOut



48

**Exhibit A-11**

# Subject: Teddy Questions you never ask. Never answer.

**?** **PublicInquiry** <PublicInquiry@proton.me>                      Thu, May 18, 2023, 10:53 AM

to RedLabelReacts, unwinewithteddy, theofficialkingpain, intheknowradio410, niqueatnite1, DE ▼   ⊙ **Listen**

https://www.youtube.com/watch?v=Pu93X8aWPJo

Teddy asking for help in a video once again, urging others to contact DEA's father and DEA. However, questions arise as to why Teddy's lawyer cannot fulfill this request? Teddy's lawyer could have obtained information from the police

On Wed, Mar 8, 2023 at 10:46 AM, PublicInquiry <PublicInquiry@proton.me> wrote:

https://www.kplctv.com/story/32572646/father-arrested-in-death-of-infant/

Chief Shawn Caldwell,
Recently YouTube channel UnwinewithTeddy played alleged excerpts of a police interrogation of Danielle Elizabeth Allen. The channel owner is Sybrena Evans of Michigan. Is the complete interrogation of Ms. Allen available to the public? Where can we access it? It would be most helpful in clearing up any allegations presented. I don't know any of the parties on YouTube or in Louisiana. Only a viewer of YouTube.

https://www.youtube.com/live/3Amtvebhxqs?feature=share&t=4093

https://www.youtube.com/watch?v=FUrOYofxjgs

https://www.youtube.com/@unwinewithteddy/streams

https://www.youtube.com/@runtellthattoo.

Thank you kindly,

49

**Exhibit A-11.2**



**Exhibit A-11.3: Podcast screenshot**







**UNWINEWITHTEDDY**

i month ago (edited

Hey MOB!  Here's another one.  People on PayPal @DaniRobertson aka @TruthTellerDani.  As early as 2021.

# Truthtellerdani

# ple on PayPal

# Danielle Robertson
# @TruthTellerDani

**Exhibit A-12**

 **Teddy** updated the event cover photo in **@DaniRobertson IT'S YOU SIS! Receipts Don't Lie "Analyze This" People Do | @UNWINEWITHTEDDY.** · Follow
May 12, 2023 · 🌐                                                                                    **...**



Listen      👍 Like              💬 Comment              ↪ Share

54

 **Teddy** updated the event cover photo in **DANIELLE ELIZABETH @DANIROBERTSON Mystery Clue #22 "Analyze This" RealCommentary | @UNWINEWITHTEDDY.** · **Follow**

July 20, 2023 · 🌐

···



⊙ Listen          👍 Like          ◯ Comment          ↗ Share



**UNWINEWITHTEDDY** 1 year ago

Hey MOB!  Good Saturday morning.  Superman and Clark Kent have yet to appear together. @DaniRobertson have you gotten in touch with Danielle Elizabeth yet? #BringEmOut @TruthTellerDani





**unwinewithteddy**
Original audio

•••

**unwinewithteddy** @DaniRobertson VOICE CONFIRMED As Danielle Elizabeth Allen By Courtney Morris's Family Members | @UNWINEWITHTEDDY #Shorts

**ms.redhead1969**
6'w   Reply

**shugga2424** 🟫 🟫 🟫 🟫 ❤️ ❤️ ❤️
3w   Reply

**tessa2valentina** Boom 💥
3w   Reply

♡ ○ ◁                                          🔖

**10 likes**
October 12, 2022

☺ Add a comment..



It all began on Thursday evening. July 16. 2016 in Lake Charles. Louisiana when police were called. and arrived to the scene of the crime. On July 28. 2016 Danielle. who is the third suspect in this crime was interrogated. She was charged with accessory after the fact in the death of a 4 month old twin baby girl.

Let's go inside the interrogation room and find out what happened next

**TrueCrime | FULL INTERROGATION "*DForDanielle*" | @DForDanielle NEW!**

**DForDanielle**
185 subscribers

Subscribe  Remix

👍 69  👎 1  ↗ Share  ...

599 views Feb 9, 2024 #TrueCrime #DForDanielle #DaniRobertson
Welcome to our New YouTube Channel "*D For Danielle* @DForDanielle

**Exhibit B-1**



**Exhibit B-2.1**

 **UNWINEWITHTEDDY** 6 months ago
Hey MOB! @KINGWURLD2023 Does this sound like somebody you know?
https://x.com/unwinewithteddy/status/... Or Does this sound like somebody you know?
https://www.youtube.com/live/-vWYdL3f.. Listening Carefully. @UNWINEWITHTEDDY
@RunTellThatToo.

👍 34 👎 ↷

**Exhibit B-2.2**



**Exhibit B-2.3**



NightTalk

Cash App cash app: $unwinewithteddy    PAYPAL: unwinewithteddy@gmail.com

# Description ✕

NightTalk 🍷 | BlackTea "COMMUNICATIONS CLEAR?" AnalyzeThis | @UNWINEWITHTEDDY

| 112 | 933 | Jul 15 |
|-----|-----|--------|
| Likes | Views | 2024 |

#unwinewithteddy    #kingwurld    #danirobertson

UNWINEWITHTEDDY and The MOB.  Just like that, we're back in The Bear Cave. Grab a glass of 🍷 and join me.

Featured Video:
NightTalk 🍷 | BlackTea "COMMUNICATIONS CLEAR?" AnalyzeThis | @UNWINEWITHTEDDY ⟩

Subscribe to This Channel: 💥 UNWINEWITHTEDDY
🔗 / @unwinewithteddy

Subscribe To Our Other Channel: 🏛

**Exhibit B-2.4**



## Description ✕

AnalyzeThisMess

| 106 | 758 | Sep28 |
|-----|-----|-------|
| Likes | Views | 2025 |

#charliekirk   #candaceowens   #piersmorgan

Dani Robertson | DForDecision: Wyoming
Agent, Shell Cos & Secrecy |
UNWINEWITHTEDDY AnalyzeThisMess
#unwinewithteddy **#dfordanielle**
#danirobertson
#unwinewithteddy #danirobertson
#truthtellerdani #danimontanatv
#charliekirk #candaceowens
#piersmorgan @unwinewithtashak
@unwinewithteddy @unwinewithtashak
@TheWiseBlackOwl-z1y7r
@RealTalkTeaWithKimmieLuv
@donatfanpage @AT24real  @RealJag77
@KarizmaSpeaksOfficial
@cupsofconversations @armonwiggins
@crownfamilv9123 @kingwurld2023



**UNWINEWITHTEDDY**

COURT ORDER  ROBERTSON MUST IDENTIFY LEGAL NAME

36 : 17 : 53 :

"AnalyzeThisMess"

UNWINEWITHTEDDY ✉ email us  unwinewithteddy.@gmail.com  Fair Us

## Description                                          ✕

| 72 | 506 | Sep27 |
|----|-----|-------|
| Likes | Views | 2025 |

#charliekirk    #candaceowens    #piersmorgan

Dani Robertson | DForDecision: Protective
Order Alternate Service |
UNWINEWITHTEDDY AnalyzeThisMess
#unwinewithteddy #dfordanielle
#danirobertson
#unwinewithteddy #danirobertson
#truthtellerdani #danimontanatv
#charliekirk #candaceowens
#piersmorgan @unwinewithtashak
@unwinewithteddy @unwinewithtashak
@TheWiseBlackOwl-z1y7r
@RealTalkTeaWithKimmieLuv
@donatfanpage @AT24real  @RealJag77
@KarizmaSpeaksOfficial
@cupsofconversations @armonwiggins
@crownfamily9123 @kingwurld2023
@seandaviewayshow

63

**Exhibit B-3**





**Exhibit B-4**





**Exhibit B-5A**



**Exhibit B-5.1**



**Exhibit B-5.2**

 **DONAT⁻** 23 hours ago
Wow! That is her voice! Same person!

 COME HERE & HEAR THIS~ #danirobertson SAY IT AIN'T SO...
HEAR HER TV • 2.2K views • Streamed 22 hours ago

#hearhertv #danirobertson #allaboutthetrees #seandavieway #jaguarwright #officialkingpain #donat #lagenagold #at2 #unwinewithtashak #armonwiggins_

👍 15 👎 ↪



**DANI ROBERTSON UNALIVE A TODDLER!!**

Scheduled for 6/20/23, 3:00 AM

69

**Exhibit B-5.3**



**Exhibit B-5.4: Donat, making a veiled threat towards the Defendant**



**Exhibit B-5.5**



**Exhibit B-5.6**



**HEAR HER TV** 3 weeks ago (edited)

STAY OUT MY INBOX, Danielle Elizabeth Allen @DaniRobertson !! I'M NOT
DEFAMING YOU or your daddy Gerald Allen. Both articles are in the newspaper and I have videos to
prove what I have posted. LET'S STAND BEFORE THE JUDGE!! YOUR DOING A LOT FOR IT TO NOT BE
"YOU". I'm aware that your a dangerous woman. I'm aware that 2016 you were arrested - a accessory
to the murd*r of a innocent 4 month old. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
▇▇▇▇▇▇▇▇▇▇. Where are all your Friends now ? @DOWNtheRABBITHOLENews
@DontTellMeTellThePeople @comegetthiscommentary @thePLAINESTJane @ALLABOUTTHETREES
@ValrieRobertsonSmithspeaklife @seandaviewayshow @TheOfficialKingPain @QueenTulsa SAY
HELLO to the BAD GUYS 🖤 read this article ••·
https://www.kplctv.com/story/32572646...
Show less



▇▇▇▇▇▇ 🖊 5 months ago (edited)

DANI ⟶ ROBERTSON/DANIELLE ALLEN GOT ALOT OF ENEMIES BWAHAHA ••· 🗡 🗡 #Unmask
#Unveil #Avatar 🗝 #KingWorld #ModSquad #KultivatewKah #UnWinewithTeddy #Fyp #Viral
#ExplorePage #BlackTeaSector

This video isn't publicly available



👍 2 👎 ↷ 🖹

72

**Exhibit B-5.7**



**KING WURLD is live!**

KING WURLD
20.6K subscribers    Subscribe    Remix ∨        👍 291   👎 3    ↪ Share    ↓ Download    •••

3,120 views  Oct 30, 2025
*No description has been added to this video.*

**Exhibit B-5.8**



**Exhibit C-1**

# Go·gle

Hello

Google has received a subpoena for information related to your Google account in a case entitled *Syrena Evans et al v. Dishelle Robertson et al*, United States District Court for the Eastern District of Michigan, 5:24-cv-13435.

This email serves as notice to you that Google may produce information related to your Google account in response to this subpoena unless you email a file-stamped copy of a motion to quash to google-legal-support@google.com .

To make sure that we receive a copy of what you filed with the court, please attach it in reply to this email. Please also include in your reply our Google Internal Reference No. ██████████

Google, however, cannot give you legal advice about this matter or advise you on what to do here. If you have questions about the subpoena, you can contact an attorney, or contact the party or the lawyer who served the subpoena on Google at

Robert J. Figa

Dean & Fulkerson

100 W. Big Beaver Road, Suite 650

Troy, Michigan 48084

240-362-1300

**Exhibit C-2**



**RunTellThatToo**  11 months ago (edited)

Hey MOB! Friday, November 15, 2024: By 5:00 p.m. today, Google must respond to the subpoena issued by the plaintiff in the case against @DaniRobertson. How do you think this will unfold? #IdentifyTheVoice #DontRunNow



👍 43   👎   ↪

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Michigan

| | | |
|---|---|---|
| Sybrena Evans et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  5:24-cv-13435 |
| | ) | |
| Danielle Robertson et al. | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  GOOGLE LLC, Custodian of Records 1600 Amphitheatre Parkway Mountain View, CA 94043, usa legal-support

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

This subpoena covers all YouTube accounts linked to Danielle Robertson (aka Dani Robertson), including but not limited to https://www.youtube.com/@DaniRobertson. Requested information includes the full legal name, linked emails, and IP addresses, etc. See attached 'ADDENDUM TO SUBPOENA REQUEST' for detailed information and account descriptions.

75

**Exhibit C-3**

*(These exhibits are offered solely to demonstrate foreseeability of misuse and irreparable harm, not to adjudicate discovery disputes.)*



**Exhibit D-1**

76



#YouTubeDrama | "GOONS GOONS and MORE GOONS" | RunTellThatToo

744 views  Streamed live on May 25, 2022  Hey MOB! It's Wednesday! Pick up The Bear Phone 🐻
"Goons Goons and More Goons"  The Pile On and Obscenities Continue.  Join me LIVE !   ...more



#YouTubeDrama | "GOONS GOONS and MORE GOONS" | RunTellThatToo

744 views  Streamed live on May 25, 2022  Hey MOB! It's Wednesday! Pick up The Bear Phone 🐻
"Goons Goons and More Goons"  The Pile On and Obscenities Continue.  Join me LIVE !   ...more



**Exhibit D-2**



**UNWINEWITHTEDDY** 6 months ago (edited)

Hi MOB! "Now, Let's Be Clear"...Here is the reason that explains why @DForDanielle doesn't want my videos up. I clearly show how I searched her moderator's IG page "Following Tab"and #DaniNirvana came up. Evidence of a unique receipt from my 2023 video that she DaniRobertson doesn't want out there. #UNWINEWITHTEDDY



👍 35  👎      ↪



**Teddy · Follow**
March 29 · 🌐

MochaMeltdown | DForDanielle "IT'S RECEIPTS HUNTY RECEIPTS" | UNWINEWITHTEDDY

**#unwinewithteddy #danirobertson #daninirvana #lenoramillen #take5**





**UNWINEWITHTEDDY**  2 hours ago (edited)

Hey MOB! DaniRobertson aka #DForDanielle hit me with another bogus privacy complaint tonight—her fourth takedown in two days! I removed the video before she could double down and false strike it. She's desperately trying to hide the truth, including receipts linking #LeNoraMillen #Take5 to #DaniNirvana #SoulCycle in my 2023 video. Stay tuned! #UNWINEWITHTEDDY



👍 18   👎   ↗

**4 Comments**   ☰ Sort by

**Exhibit D-3**



**COURT ORDER: ROBERTSON MUST IDENTIFY LEGAL NAME**

37 ◄17 ►56►¡ 34

DAYS    HOURS    MINUTES    SECONDS

47:26 UNWITH TEDDY

## Description ✕

79 Likes    596 Views    Sep26 2025

#charliekirk    #candaceowens    #piersmorgan

@unwinewithtashak
@unwinewithteddy @unwinewithtashak
@TheWiseBlackOwl-z1y7r
@RealTalkTeaWithKimmieLuv
@donatfanpage @AT24real @RealJag77
@KarizmaSpeaksOfficial
@cupsofconversations @armonwiggins
@crownfamily9123 @kingwurld2023
@seandaviewayshow
@downtherabbitholenews @ConsciouzTv
@P___feProductions @SharrellsWorld
@H___listicTherapy @TisaTells

81

## Exhibit E-1



### Your YouTube Account will be disabled in 7 days
1 message

YouTube <no-reply@youtube.com>                                      Thu, Dec 12, 2024 at 7:16 PM



HI DANI MONTANA,

We received a copyright removal request for your video. Based on applicable copyright law, we removed your video from YouTube:

**Video title: DANI ROBERTSON AND JAGUAR WRIGHT SIDE, SHH: JAG FAKING - ROTTED ROOT WARRANT**
**Video url:** https://www.youtube.com/watch?v=AjCZaPkEODY
**Removal request issued by:** Sybrena Kenan and Associates, Inc. dba/ UNWINEWITHTEDDY
**Contact Info:** unwinewithteddy@gmail.com

**Video title: DANI ROBERTSON: ADDRESSING THE BASICS: 5/29/2024**
**Video url:** https://www.youtube.com/watch?v=UX7Qgbq0Gu8
**Removal request issued by:** Sybrena Kenan and Associates, Inc. dba/ UNWINEWITHTEDDY
**Contact Info:** unwinewithteddy@gmail.com

**Video title: DANI ROBERTSON AND JAGUAR WRIGHT SIDE SHH - LOOSE ENDS AND PSYCHOS**
**Video url:** https://www.youtube.com/watch?v=uicvxu6Uyzg
**Removal request issued by:** Sybrena Kenan and Associates, Inc. dba/ UNWINEWITHTEDDY
**Contact Info:** unwinewithteddy@gmail.com

**Video title: DANI ROBERTSON! JAG ALGORITHM SHH: IF IT'S UP, THEN IT'S STUCK!**
**Video url:** https://www.youtube.com/watch?v=thjqgNJ_zf8
**Removal request issued by:** UNWINEWITHTEDDY TOO
**Contact Info:** unwinewithteddy@gmail.com

This means that your video can no longer be viewed on YouTube.

For more information about this removal request, please email copyright@youtube.com.

## You received a copyright strike

You now have **3 copyright strikes**. As a result, your channel is scheduled to be terminated in 7 days.

83

       Gmail - Your YouTube Account will be disabled in 7 days

**VIEW DETAILS**

## How we process requests to remove content

We use a combination of automated systems and human reviews to process removal requests.

## What to do next

Your channel will remain live for the next 7 days to allow you to seek a resolution and keep your channel up. During this time, you will not be able to upload new videos and strikes on your channel will not expire.

- If you believe you're not at fault in one or more of the instances above, you can appeal by submitting a **counter notification**. Your ability to upload videos will be restored if your forwarded counter notifications bring your strike count under 3, and your channel won't be terminated while these counter notifications are processing. There may be severe legal consequences for submitting a counter notification with false information.

- You can also contact the party that removed your video and ask them to retract their removal request.

- **Learn more about your resolution options.**

Thanks,
The YouTube team

You received this email to provide information and updates around your YouTube channel or account.

 **YouTube**

© 2024 Google LLC d/b/a YouTube, 901 Cherry Ave, San Bruno, CA 94066

**EXHIBIT F**

- **Exhibit F-1: Smear Campaign: Inserting Into Activism (Shanquella Robinson)**

👍 LIke            💬 Comment            ↪ Snare

 **Teddy · Follow**                                        •••
Jun 16, 2024 · 🌐

UNWINEWITHTEDDY and The MOB. Just like that, we're back in The Bear Cave.  Grab a glass of 🍷 and join me.

Featured Video:
*D For Danielle* "SHANQUELLA ROBINSON

ACTIVIST ANONYMOUS IMPERSONATOR" |
@UNWINEWITHTEDDY

Subscribe to This Channel: 🐻
UNWINEWITHTEDDY
  / @unwinewithteddy

Now let's UNWINE!
Teddy | YouTuber | Music & Entertainment

#unwinewithteddy #danirobertson
#truthtellerdani

# JUSTICE FOR SHANQUELLA ROBINSON! WE NEED ANSWERS! #ShanquellaRobinson

## Share this petition

# 46,942 °

Verified signatures ✓

**EXHIBIT G**



**UNWINEWITHTEDDY | DForDeadline: "Reveal Identity"**

UNWINEWITHTEDDY
5.05K subscribers

Join    Subscribe    Remix ✓         👍 60    👎 0    ↪ Share    ...

478 views  Dec 12, 2025  #unwinewithteddy #dfordanielle #danirobertson
UNWINEWITHTEDDY | DForDeadline: "Reveal Identity"
#unwinewithteddy #dfordanielle #danirobertson
...more



## UNWINEWITHTEDDY | "DForDeep6" Part 3 AnalyzeThisMess



**UNWINEWITHTEDDY**
5.05K subscribers

Join    Subscribe    Remix ⌄          👍 68    👎 0    ↱ Share    •••

406 views  Dec 10, 2025  #unwinewithteddy #dfordanielle #danirobertson
UNWINEWITHTEDDY | "DForDeep6" Part 3 AnalyzeThisMess
#unwinewithteddy #dfordanielle #danirobertson #truthtellerdani

⚡ New to streaming or looking to level up? Check out StreamYard and get $10 discount! ⓒ
https://streamyard.com/pal/d/60359881...



## UNWINEWITHTEDDY | NightTalk

  

**UNWINEWITHTEDDY**
5.05K subscribers

Subscribe    Remix ⌄          👍 55    👎 0    ↱ Share    ✦ Ask    •••

405 views  Dec 7, 2025  #unwinewithteddy #dfordanielle #analyzethismess

87



**UNWINEWITHTEDDY | DForDeadline "AnalysisThisMess" Who Gon' Check Me Boo?**

UNWINEWITHTEDDY
5.05K subscribers

Join   Subscribe   Remix ⌄        👍 74   👎 0   ↪ Share   •••

529 views  Dec 4, 2025  #unwinewithteddy #danirobertson #dfordanielle