UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Sybrena Evans,

          Plaintiff,        Case No. 24-13435

v.                                   Judith E. Levy
                                   United States District Judge

Danielle Robertson, *et al.*,

                                   Mag. Judge Elizabeth A. Stafford

          Defendants.

_____/

ORDER STRIKING DEFENDANT DANIELLE ROBERTSON'S EMERGENCY MOTION TO STAY, MOTION FOR RECONSIDERATION, AND CONDITIONAL REQUEST FOR CERTIFICATION [121]

Before the Court is Defendant "Danielle Robertson's"[1] "emergency motion to stay identity disclosure pending resolution of motion for reconsideration; and motion for reconsideration of identify-disclosure order (ECF Nos. 74 & 118); and conditional request for § 1292(b) certification." (ECF No. 121.) For the reasons set forth below, Defendant's filing is stricken.

---

[1] "Danielle Robertson" is Defendant's alias and not her true name.

The litigants in this case have been repeatedly warned that factitious citations will not be tolerated by the Court. (*See* ECF No. 106, PageID.2254.) Magistrate Judge Elizabeth A. Stafford ordered Plaintiff and Defendant to "include a written representation that [they have] personally checked each legal citation and each citation is accurate and stands for its asserted proposition" and warned that a failure to do so may result in sanctions. (ECF No. 74, PageID.783–784.) Despite Judge Stafford's order and the Court's repeated warnings, both Plaintiff and Defendant have violated the Court's express requirements numerous times. (*See* ECF No. 106 (striking numerous filings).)

In Defendant's recent filing, she argues that the Court's order overruling her objections and requiring that Defendant file a written notice identifying her legal name and postal address should be reconsidered. (ECF No. 121, PageID.2523.) Defendant claims that the "Order compels the disclosure of Defendant's anonymous identity without properly applying the heightened scrutiny required by the First Amendment and Sixth Circuit precedent." (*Id.*) In support of this argument, Defendant states:

> Even where a plaintiff alleges potentially actionable conduct, the First Amendment requires a court to impose a meaningful

2

evidentiary threshold before compelling disclosure of an anonymous speaker's identity. The Sixth Circuit has made clear that courts must balance a defendant's First Amendment right to anonymity against a plaintiff's asserted need for discovery and ensure that the claim is real and not merely a device to silence an unwanted critic. *Signature Mgmt. Team, LLC v. Doe*, 876 F.3d 831, 836–37 (6th Cir. 2017) (citing *Dendrite Int'l, Inc. v. Doe*, 775 A.2d 756 (N.J. Super. Ct. App. Div. 2001)).

(*Id.* at PageID.2532.) Additionally, Defendant "certifies that she has personally checked each legal citation in this filing and that each citation is accurate to the best of her ability and stands for the proposition asserted." (*Id.* at PageID.2542.)

However, Defendant's citation in this paragraph appears to be a factitious citation. The Sixth Circuit in *Signature Management Team* does not at any point cite *Dendrite*. In fact, the Court is unable to locate any Sixth Circuit opinions that cite *Dendrite*, nor is the Court able to locate any United States District Court opinions within the Sixth Circuit that have cited *Dendrite*.

Despite Defendant's certification that "each citation is accurate to the best of her ability and stands for the proposition asserted" (ECF No. 121, PageID.2542), her filing contains yet another factitious citation. Defendant was warned in previous Court orders that sanctions may be

3

imposed if future filings contain factitious citations. (*See* ECF No. 111, PageID.2322.)

As such, Defendant's filing (ECF No. 121) is STRICKEN. Defendant must file a written notice identifying her legal name and postal address by **January 5, 2026**.

IT IS SO ORDERED.

Dated: December 29, 2025      s/Judith E. Levy
Ann Arbor, Michigan     JUDITH E. LEVY
    United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 30, 2025.

s/Kelly Winslow
KELLY WINSLOW
Case Manager