UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SYBRENA EVANS,

Plaintiff,

v.

DANIELLE ROBERTSON, *et al.*,

Defendants.

Case No. 24-cv-13435
Honorable Judith E. Levy
Magistrate Judge Elizabeth A. Stafford

## ORDER DENYING PLAINTIFF'S MOTIONS FOR LEAVE TO SUPPLEMENT THE COMPLAINT (ECF NOS. 128, 129)

## I.    Introduction

Plaintiff Sybrena Evans, proceeding pro se, sues Defendant Danielle Robertson[1] and Jane Does 1-10 for copyright infringement, defamation, fraud, and harassment.  ECF No. 1.  The Honorable Judith E. Levy referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 7.  Evans moves for leave to supplement her

_____

[1] Robertson made a special appearance as a Jane Doe stating that "Danielle Robertson" is not her legal name.  ECF No. 28, PageID.183.  For the sake of clarity, the Court will nevertheless refer to this individual as Robertson.

complaint.  ECF No. 128; ECF No. 129.  The Court **DENIES** Evans's

motions.

## II.    Analysis

### A.

Evans moves for leave to supplement her complaint.  ECF No. 128;

ECF No. 129.[2]  Under Federal Rule of Civil Procedure 15(d), the Court may

grant leave to allow a party to file "a supplemental pleading setting out any

transaction, occurrence, or event that happened after the date of the

pleading to be supplemented."  Rule 15(d) gives "the court broad discretion

in allowing a supplemental pleading."  Rule 15(d) advisory committee's

note (1963); *Ne. Ohio Coal. for the Homeless v. Husted*, 837 F.3d 612, 625

(6th Cir. 2016).  Unlike Rule 15(a), which governs motions for leave to

amend pleadings, Rule 15(d) "does not expressly require that leave to

supplement be freely granted."  *Sroka v. Wal-Mart Stores E. LP*, No. 2:16-

CV-10149, 2018 WL 8621212, at *3 (E.D. Mich. Apr. 9, 2018).  Even so,

"the same standard of review and rationale" for Rule 15(a) motions apply to

---

[2] Evans filed a motion for leave to supplement her complaint and a
corrected motion two days later.  ECF No. 128; ECF No. 129.  The first
motion is denied as moot.  ECF No. 128.  The Court evaluates the merits of
the second motion.

2

Rule 15(d) motions for leave to supplement.  *Spies v. Voinovich*, 48 F. App'x 520, 527 (6th Cir. 2002).

Thus, leave to supplement should be freely given when justice so requires, but "should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile."  Rule 15(a)(2); *Colvin v. Caruso*, 605 F.3d 282, 295 (6th Cir. 2010) (cleaned up).  "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss."  *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

A motion to dismiss under Rule 12(b)(6) tests a complaint's legal sufficiency.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The *Iqbal* Court explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  The complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief."  *League*

3

*of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

In deciding whether a plaintiff has set forth a plausible claim, the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations. *Iqbal*, 556 U.S. at 678. But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *id.*, and the Court has no duty to create a claim not spelled out in the pleadings, *Freightliner of Knoxville, Inc. v. DaimlerChrysler Vans, LLC*, 484 F.3d 865, 871 n.4 (6th Cir. 2007). Pleadings filed by pro se litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers, but such complaints still must plead a plausible claim for relief. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012); *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007).

## B.

Evans seeks to add allegations about her copyright application, the Copyright Office's refusal to register her copyright, and Robertson's alleged interference with the application. ECF No. 129, PageID.2813, 2815-2816, 2840-2843. In a February 2026 report and recommendation (R&R) entered along with this order, the Court concluded that Evans failed to exhaust her

4

copyright claim under 17 U.S.C. § 411(a) and failed to state a viable copyright claim. In recommending dismissing the copyright claim on those grounds, the Court considered the allegations in the proposed supplemental complaint (PSC). Thus, supplementing the copyright claim would be futile.

Evans also includes in the PSC claims that were already dismissed. Evans repeats her allegations that Robertson defamed her by describing her "as a psychopathic serial killer," nicknamed her "Teddy Bundy," accused her of stalking, and called her "a Black Karen" who was involved with other crimes. *Id.*, PageID.2845-2846, 2859-2860. She also claims that Robertson created deepfake pornography featuring Evans's likeness. *Id.* Evans repeats her claims of cyberbullying and harassment stemming from Robertson's filing of allegedly fraudulent copyright and privacy complaints with YouTube and the Copyright Claims Board, resulting in the termination or suspension of Evans's accounts. *Id.*, PageID.2852-2858. Judge Levy dismissed those claims for lack of personal jurisdiction. ECF No. 75, PageID.807-809, 810-811; ECF No. 112. The PSC does not add allegations altering those determinations.

The February 2026 R&R recommends dismissing some of Evans's defamation claims based on the statute of limitations and others because

no reasonable person would rely on Robertson's statements about Evans as factual.  The PSC does not change the dates of publication to render the claims timely.  *See* ECF No. 129, PageID.2846-2849, 2907-2909, 2911, 2859; ECF No. 129-1, PageID.2937.  Nor does the PSC amend the allegations such that Robertson's posts about the LARA investigation or urging her followers to submit new LARA complaints could reasonably be viewed as factual.  *See* ECF No. 129, PageID.2846, 2850-2851, 2859, 2905, 2907; ECF No. 129-1, PageID.2915-2917.

Next, Evans seeks to add allegations about the alleged conspiracy between Robertson and Williams.  ECF No. 129, PageID.2816-2818. Judge Levy adopted the Court's September 2025 R&R and dismissed Evans's claim of "conspiracy to commit fraud and cause emotional distress" for lack of personal jurisdiction, as Evans failed to allege a "meeting of the minds" between Robertson and Williams.  ECF No. 75, PageID.799-802; ECF No. 112.

The PSC elaborates on the alleged conspiracy between Robertson and Williams.  Evans alleges that Williams was a moderator for Robertson's YouTube channels and assisted Robertson during livestreams "by managing chats, promoting content, and amplifying narratives targeting [Evans]."  ECF No. 129, PageID.2861.  Williams allegedly posted her own

6

defamatory online content about Evans in coordination with Robertson.  *Id.*, PageID.2860-2862.  Williams filed a PPO petition against Evans in February 2024, allegedly in conspiracy with Robertson to get Evans's physician assistant license revoked.  *Id.*, PageID.2860-2861; ECF No. 129-1, PageID.2939.

A PPO hearing was held on April 9, 2024, via a closed, non-public Zoom proceeding.  ECF No. 129, PageID.2862.  The only participants were the presiding judge, court staff, Evans, her attorney, and Williams.  *Id.*, PageID.2862, 2875.  The next day, Robertson allegedly published a live broadcast discussing details from the hearing.  *Id.*, PageID.2863.  Robertson also allegedly published an image of Evans captured during the hearing.  *Id.*  Evans contends that Robertson could only have obtained this content from a participant in the hearing—*i.e.*, Williams.  *Id.*

As explained in the September 2025 R&R, more than allegations of a conspiracy are required.  To exercise personal jurisdiction over a nonresident defendant based on the actions of an alleged coconspirator, a plaintiff must make a "minimal factual showing" of conspiracy.  *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1236-37 (6th Cir. 1981); *see also Ecclesiastical Order of the Ism of Am, Inc. v. Chasin*, 845 F.2d 113, 116 (6th Cir. 1988).  "[T]otally unsupported allegations of conspiracy cannot

7

constitute sufficient contacts with Michigan," and do not support personal jurisdiction under the long arm statute without some factual showing. *Chrysler Corp.*, 643 F.2d at 1237.[3]

Evans provides no factual support for her allegation that Robertson and Williams conspired to obtain a PPO.  The evidence shows that Williams filed the PPO petition.  ECF No. 129-1, PageID.2939.  And Robertson posted about the PPO hearing several days before it took place, suggesting that Williams informed her of the hearing in advance.  *Id.*, PageID.2943.  An affidavit attached to the proposed supplemental complaint states that Evans participated in a non-public PPO hearing; the WCCC prohibited recording or dissemination of the hearing; the only participants in the hearing were the judge, court staff, Evans, her attorney, and Williams; and Robertson published a livestream on YouTube discussing the hearing.  ECF No. 129, PageID.2874-2875.  And there is no

---

[3] Many courts and commentators have questioned whether a conspiracy theory of personal jurisdiction would violate a defendant's due process rights.  *Brown v. Kerkhoff*, 504 F. Supp. 2d 464, 514 n.34 (S.D. Iowa 2007) (collecting cases).  And "[n]o Michigan or Sixth Circuit case has explicitly adopted the conspiracy theory of personal jurisdiction, nor has any Michigan or Sixth Circuit case found personal jurisdiction to in fact exist based on the conspiracy theory of jurisdiction."  *Odish v. Peregrine Semiconductor, Inc.*, No. 13-cv-14026, 2015 WL 1119951, at *13 n.6 (E.D. Mich. Mar. 11, 2015).

dispute that Robertson obtained a still image of Evans from the hearing and published it with some modifications.  ECF No. 114, PageID.2336, 2342.

At most, this evidence shows a conspiracy to share and publish the screenshots of Evans unlawfully captured during the hearing.  But no evidence supports the basis of the claim—that Robertson and Williams conspired to fraudulently obtain the PPO.  *See* ECF No. 129, PageID.2859-2868.  Some allegations within the claim reference reputational harm, suggesting that Evans alleges defamation.  But the September 2025 R&R noted that while Evans "intersperses allegations of defamation within other claims," the Court declined "to scour the complaint for allegations of defamation asserted under different claims."  ECF No. 75, PageID.802 n.7 (citing *Knight Cap. Partners Corp. v. Henkel AG & Co., KGaA*, 930 F.3d 775, 780 n.1 (6th Cir. 2019)).  The Court again declines to do so.  Personal jurisdiction over this claim is still lacking, so Evans's proposed supplement is futile.

## III.    Conclusion

The Court thus **DENIES** Evans's motions for leave to supplement the complaint.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: February 9, 2026

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 9, 2026.

s/Davon Allen
DAVON ALLEN
Case Manager