UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SYBRENA EVANS,

    Plaintiff,

v.

DANIELLE ROBERTSON, *et al.*,

    Defendants.

Case No. 24-cv-13435
Honorable Judith E. Levy
Magistrate Judge Elizabeth A. Stafford

**ORDER GRANTING PLAINTIFF'S
MOTION FOR ORDER TO SHOW CAUSE
(ECF NO. 134)**

## I.   Introduction

Plaintiff Sybrena Evans, proceeding pro se, sues Defendant Danielle Robertson[1] and Jane Does 1-10 for copyright infringement, defamation, fraud, and harassment.  ECF No. 1.  The Honorable Judith E. Levy referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 7.  Evans moves for an order requiring Robertson to show cause why she should not be held in contempt and sanctioned for

---

[1] Robertson made a special appearance as a Jane Doe stating that "Danielle Robertson" is an online alias and not her legal name.  ECF No. 28, PageID.183.  For the sake of clarity, the Court will nevertheless refer to this individual as Robertson.

disobeying two of Judge Levy's orders. ECF No. 134. The Court **GRANTS** Evans's motion.

## II. Background

The substance of Evans's claims has been described in two previous reports and recommendations and is not repeated here. ECF No. 75; ECF No. 138. In relevant part, Robertson is an anonymous online poster who allegedly cyberbullied and made defamatory remarks about Evans on her social media platforms.

In September 2025, the Court considered several motions involving Robertson's positions that she should be allowed to proceed anonymously and that the action should be dismissed because Evans failed to serve her properly or use her legal name. ECF No. 74, PageID.774-778, 780-781; ECF No. 75, PageID.813-823. Finding that Robertson may not use her anonymity "simultaneously as a shield to protect her privacy and as a sword to undermine the litigation," the Court ordered alternate service on Robertson's email address and that Robertson disclose her legal name and postal address. ECF No. 74, PageID.778, 781. Robertson objected to the order, and Judge Levy stayed the requirement that she disclose her identity pending resolution of those objections. ECF No. 82; ECF No. 95.

Judge Levy overruled Robertson's objections and ordered her to disclose her legal name and postal address by December 15, 2025. ECF No. 118, PageID.2393. Robertson did not comply and instead moved for reconsideration on December 18, 2025. ECF No. 121. Judge Levy struck Robertson's motion for reconsideration because it contained a factitious citation and ordered Robertson to disclose her legal name and postal address by January 5, 2026. ECF No. 124, PageID.2636. Again, Robertson did not comply.

### III. Analysis

#### A.

A court has the inherent authority to sanction bad-faith conduct, "derive[d] from its equitable power to control the litigants before it and to guarantee the integrity of the court and its proceedings." *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 512 (6th Cir. 2002). A primary aspect of [a court's inherent authority] is the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991). Sanctions are appropriate "when a party litigates in bad faith, vexatiously, wantonly, or for oppressive reasons." *First Bank*, 307 F.3d at 512. The

Court's inherent authority also includes the power to punish for disobeying a court order. *Chambers*, 501 U.S. at 44.

Sanctions permitted under the Court's inherent authority include "'contempt citations, fines, awards of attorneys' fees, and such other orders and sanctions as [courts] find necessary, including even dismissals and default judgments.'" *Dell, Inc. v. Advicon Comput. Servs., Inc.*, No. 06-11224, 2007 WL 2021842, at *5 (E.D. Mich. July 12, 2007) (quoting *Shepherd v. Am. Broad. Cos., Inc.*, 62 F.3d 1469, 1472 (D.C. Cir. 1995)). "'Egregious misconduct may warrant the extreme sanction of total dismissal [or default judgment], but for lesser wrongdoing a court may assess attorney's fees and costs.'" *Mich. Immigrant Rights Ctr. v. U.S. Dep't of Homeland Sec.*, No. 2:16-cv-14192, 2020 WL 5627088, at *2 (E.D. Mich. Sept. 2020) (quoting *Priority One Servs., Inc. v. W&T Travel Servs., LLC*, 987 F. Supp. 2d 1, 4 (D.D.C. 2013)).

### B.

A court order "must be obeyed by the parties until it is reversed by orderly and proper proceedings." *United States v. Hendrickson*, 822 F.3d 812, 818 (6th Cir. 2016). Even if an order is erroneous, the remedy is to appeal. *Maness v. Meyers*, 419 U.S. 449, 458 (1975). Without a stay, parties must promptly comply with an order pending appeal. *Id.* Judge

4

Levy twice ordered Robertson to disclose her identity, and Robertson defied both orders. ECF No. 118; ECF No. 124. Although Robertson moved for reconsideration of the first order, Judge Levy struck that motion because it contained a factitious citation. ECF No. 121; ECF No. 124. Robertson thus did not properly appeal Judge Levy's orders and instead chose not to comply.

Litigants like Robertson who "make private determinations of the law and refuse to obey an order generally risk criminal contempt even if the order is ultimately ruled incorrect." *Maness*, 419 U.S. at 458. An exception to this rule applies when compliance with an invalid order "would necessarily result in an *irrevocable* and permanent surrender of a constitutional right." *Kleiner v. First Nat'l Bank of Atlanta*, 751 F.2d 1193, 1208 (11th Cir. 1985) (cleaned up). This exception applies when a witness refuses to testify about information implicating the Fifth Amendment privilege against self-incrimination. *Maness*, 419 U.S. at 460-61. Although legal experts have advocated for the exception to apply when a litigant violates "ex parte injunctions restraining First Amendment speech rights[,]…thus far, the exception has not extended beyond the limited confines of self-incrimination." *In re Establishment Inspection of Hern Iron Works, Inc.*, 881 F.2d 722, 728 (9th Cir. 1989); *see also Kleiner*, 751 F.2d

5

at 1208 ("The Supreme Court emphatically rejected the suggestion that an individual may disregard a court order simply because it interfered with his exercise of First Amendment rights." (cleaned up)); *United States v. Donziger*, No. 19-CR-561, 2021 WL 3141893, at *62 n.573 (S.D.N.Y. July 26, 2021) ("Other courts have expressly declined to extend *Maness* beyond its facts.").

To justify her defiance, Robertson may repeat her argument from her October 2025 motion to dismiss that the orders to disclose her identity violate the First Amendment protections against "unmasking" anonymous online critics. *See* ECF No. 77, PageID.994 (citing *In re Anonymous Online Speakers*, 661 F.3d 1168, 1173-76 (9th Cir. 2011)). As recognized in the Court's recent report and recommendation, Robertson is correct that "[a]n author's decision to remain anonymous is an aspect of the freedom of speech protected by the First Amendment." *Signature Mgmt. Team, LLC v. Doe*, 876 F.3d 831, 835 (6th Cir. 2017) (cleaned up). In litigation involving anonymous internet users, courts have weighed the validity of the claims and the plaintiff's need to uncover the users' identities against the First Amendment's protection of anonymous speech. *See, e.g.*, *id.* at 834; *Sony Music Ent. Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 564-65 (S.D.N.Y. 2004); *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 578-79 (N.D. Cal.

6

1999).  Thus, case law supports Robertson's position that the First Amendment may protect against disclosure of her identity.

But as stated above, finding a disobedient party in contempt is appropriate even if the order is later found incorrect.  And Judge Levy's determination that Robertson must disclose her identity is the law of the case and may not be revisited absent extraordinary circumstances.  *See Hayden v. Rhode Island*, 13 F. App'x 301, 302 (6th Cir. 2001) ("Under the law of the case doctrine, findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation.").  "A prior ruling may only be reconsidered where: (1) substantially different evidence is raised on subsequent trial; (2) where a subsequent contrary view of the law is decided by the controlling authority; or (3) where a decision is clearly erroneous and would work a manifest injustice." *United States v. Haynes*, 468 F.3d 422, 426 (6th Cir. 2006) (cleaned up).

Even if Robertson argues that the orders were clearly erroneous, she waived her First Amendment argument "by failing to assert it [i]n any of [her] previously-filed briefs" about the anonymity issue.  *See Evanston Ins. Co. v. Cogswell Props., LLC*, No. 1:09-CV-996, 2010 WL 11691694, at *2 (W.D. Mich. Aug. 12, 2010).  Although she made the argument in a motion to dismiss, that motion did not concern the orders to disclose her identity.

7

Neither the Court nor Judge Levy was obligated to scour the record on Robertson's behalf to develop her arguments. *See Sutherland v. Warren*, No. 18-cv-13568, 2019 WL 13368706, at *2 (E.D. Mich. Dec. 6, 2019), *adopted*, 2020 WL 13789265 (E.D. Mich. Feb. 10, 2020) (declining to review hundreds of pages of documents that were in the record but were not attached to the relevant motion). As the Court has warned the parties, "[j]udges are not like pigs, hunting for truffles that might be buried in the record." *Knight Cap. Partners Corp. v. Henkel AG & Co., KGaA*, 930 F.3d 775, 780 n.1 (6th Cir. 2019).

    Robertson did not raise the First Amendment argument in opposing Evans's motion to strike her filings made under an alias or in seeking a protective order preventing Evans from obtaining discovery about her identity. ECF No. 28; ECF No. 49. Her sole reference to the First Amendment in those filings was a factitious quotation misattributed to *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004), a case the Court considered in its ruling about Robertson's anonymity. ECF No. 49, PageID.469; *see also* ECF No. 74, PageID.774. Issues not presented to a magistrate judge in the first instance are waived. *See Ward v. Cnty. of Wayne*, No. 21-cv-12742, 2024 WL 1174555, at *8-9 (E.D. Mich. Mar. 19, 2024).

Nor did Robertson make the argument in her objections to the Court's order to disclose her identity. ECF No. 82. Her only reference to the First Amendment in those objections concerned her argument that the Court ignored evidence in determining that Evans had made no physical threats against her. *Id.*, PageID.1145. "When a defendant does 'not raise an argument in his objections to the magistrate's report and recommendation he has forfeited" his right to raise that issue on appeal. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (cleaned up).

Robertson did raise the First Amendment argument in her motion for reconsideration of Judge Levy's order overruling the objections and directing Robertson to disclose her identity. ECF No. 121, PageID.2529-2533. But Judge Levy struck that motion because Robertson included a factitious citation in support of her First Amendment argument, despite previous sanctions and many warnings that such citations would not be tolerated. ECF No. 124 (quoting ECF No. 121, PageID.2542); *see also* ECF No. 58, PageID.529; ECF No. 74, PageID.783; ECF No. 106; ECF No. 111. Forfeiting her First Amendment argument was a justified consequence of Robertson's reckless litigation practices.

Because Judge Levy ordered Robertson to disclose her identity after the parties had "a full and substantial round of briefing," the law-of-the-case

9

doctrine applies.  See Evanston Ins., 2010 WL 11691694, at *2.  The Court declines to consider Robertson's belated First Amendment argument on the anonymity issue.

### IV. Conclusion

The Court thus **GRANTS** Evans's motion for an order to show cause (ECF No. 134).  By **March 24, 2026**, Robertson must show cause why she should not be held in contempt and sanctioned for her defiance of Judge Levy's orders to disclose her legal name and postal address.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: March 3, 2026

### NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## **CERTIFICATE OF SERVICE**

 The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 3, 2026.

          s/Julie Owens  
          JULIE OWENS  
          Case Manager