UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Sybrena Evans,

                            Plaintiff,         Case No. 24-13435

v.                                     Judith E. Levy
                                     United States District Judge

Danielle Robertson, *et al.*,

                                     Mag. Judge Elizabeth A. Stafford

                      Defendants.

_____/

## ORDER OVERRULING DEFENDANT'S OBJECTIONS [152]

Before the Court is Defendant "Danielle Robertson's"[1] "objections to Magistrate Judge's Order." (ECF No. 152.) Defendant asks the Court to "[s]et aside the Magistrate Judge's order compelling identity disclosure (ECF No. 144)." (*Id.* at PageID.3435.) Defendant appears to reference Magistrate Judge Elizabeth A. Stafford's March 3, 2026 order requiring Defendant to show cause by March 24, 2026, why she should not be held in contempt and sanctioned for her defiance of the Undersigned's orders to disclose her legal name and postal address. (ECF No. 144.)

---

[1] "Danielle Robertson" is apparently Defendant's alias and not her true name.

For the reasons set forth below, Defendant's objections are overruled.

## I. Legal Standard

Federal Rule of Civil Procedure 72(a) provides that, for non-dispositive pretrial matters where a magistrate judge issues a written order:

> [a] party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a). The Eastern District of Michigan Local Rules state that objections under Rule 72 "must: (A) specify the part of the order . . . to which a person objects; and (B) state the basis for the objections." E.D. Mich. LR 72.1(d). "This standard requires the District Court to review findings of fact for clear error and to review matters of law de novo." *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (quoting *EEOC v. City of Long Branch*, 866 F.3d 93, 99 (3d. Cir. 2017)). "A [factual] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* (quoting *United*

*States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "[A]n order is 'contrary to the law' when it 'fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Id.* (quoting *United States v. Winsper*, No. 3:08-CV-631-H, 2013 WL 5673617, at *1 (W.D. Ky. Oct. 17, 2013)).

## II.   Analysis

On March 3, 2026, Magistrate Judge Elizabeth A. Stafford issued an order requiring Defendant to show cause by March 24, 2026, why Defendant should not be held in contempt and sanctioned for her defiance of the Undersigned's orders to disclose her legal name and postal address. (ECF No. 144.)

As with her motion to stay Judge Stafford's order to show cause, Defendant interprets Judge Stafford's order as requiring Defendant to disclose her identity, and claims that requiring her to disclose her identity would create harm that is "permanent and irreversible." (ECF No. 152, PageID.3425.)

But Defendant, as with her motion to stay, misunderstands Judge Stafford's order to show cause. Judge Stafford's March 3, 2026 order did not order Defendant to disclose her legal name and postal address. It

ordered Defendant to show cause why Defendant should not be held in contempt and sanctioned for her repeated failure to follow the Undersigned's orders. Other orders in this case required Defendant to disclose her legal name and postal address (ECF Nos. 118, 124) and they remain in full force and effect.

> As set forth in Judge Stafford's order to show cause,
>
> Judge Levy twice ordered Robertson to disclose her identity, and Robertson defied both orders. ECF No. 118; ECF No. 124. Although Robertson moved for reconsideration of the first order, Judge Levy struck that motion because it contained a factitious citation. ECF No. 121; ECF No. 124. Robertson thus did not properly appeal Judge Levy's orders and instead chose not to comply.

(ECF No. 144, PageID.3209–3210.) And, as explained in Judge Stafford's order, a party's disagreement with a court order is not an excuse to disobey it. (*Id.* at PageID.3212.)

Defendant's objections repeat her arguments that disclosing her legal name and postal address would violate the law or cause her harm. (ECF No. 152.) She also claims that she acted in good faith, "has not defied or disregarded this Court's authority at any stage of these proceedings," and has "consistently appeared, responded, and sought judicial review of orders she believes implicate significant constitutional

concerns." (*Id.* at PageID.3411–3412.)[2] These arguments are unavailing. It is undisputed that the Court ordered Defendant to reveal her identity on December 4, 2025 (ECF No. 118) and December 29, 2025 (ECF No. 124), and Defendant did not comply with those orders. As such, Defendant's objections do not demonstrate that Judge Stafford's order to show cause is contrary to the law or clearly erroneous.

Defendant's objections are OVERRULED. (ECF No. 152.)

IT IS SO ORDERED.

Dated: May 26, 2026          s/Judith E. Levy
Ann Arbor, Michigan          JUDITH E. LEVY
                             United States District Judge

---

[2] Defendant also argues that revealing her identity would be inappropriate because Plaintiff has not successfully served her pursuant to Federal Rule of Civil Procedure 4. (ECF No. 152, PageID.3433.) But Plaintiff's failure to serve Defendant is due to Defendant's own unwillingness to reveal her identity despite numerous Court orders. As set forth numerous times by Judge Stafford and the Undersigned, "Robertson may not use her anonymity 'simultaneously as a shield to protect her privacy and as a sword to undermine the litigation.'" (ECF No. 144, PageID.3207 (quoting ECF No. 74, PageID.778).)

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 26, 2026.

<u>s/William Barkholz</u>
WILLIAM BARKHOLZ
Case Manager