UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SYBRENA EVANS

        Plaintiff

v.

DANIELLE ROBERTSON, et al.

        Defendants.

Case No: 5:24-cv-13435
Hon. Judith E. Levy
Magistrate Judge Elizabeth A. Stafford



FILED

MAY 29 2026

CLERK'S OFFICE
DETROIT

---

## PLAINTIFF'S RENEWED MOTION FOR LEAVE TO FILE

## PROPOSED FIRST AMENDED AND SUPPLEMENTAL COMPLAINT

### (Pursuant to Fed. R. Civ. P. 15(a) and 15(d))

---

Plaintiff Sybrena Evans, proceeding pro se, respectfully moves this Court for leave to file her

Proposed First Amended and Supplemental Complaint pursuant to Federal Rules of Civil

Procedure 15(a) and 15(d). In support thereof, Plaintiff states as follows:

## I. INTRODUCTION

On February 9, 2026, the Magistrate Judge denied Plaintiff's motion for leave to supplement the

complaint. The Magistrate noted that Judge Levy had previously dismissed the conspiracy claim

for lack of personal jurisdiction because Plaintiff had failed to allege sufficient facts showing a "meeting of the minds" between Defendant Danielle Robertson and non-party Keva Williams regarding the initiation of the PPO proceeding, as discussed in (ECF No. 137, PageID.3047), citing (ECF No. 75, PageID.799–802) and (ECF No. 112).

The Court explained that:

> "[a]t most, this evidence shows a conspiracy to share and publish the screenshots of Evans unlawfully captured during the hearing," but that "no evidence supports the basis of the claim—that Robertson and Williams conspired to fraudulently obtain the PPO."

Id. at PageID.3050.

This Renewed Motion directly addresses that distinction. At the time of the Court's prior ruling adopting the September 2025 Report and Recommendation (ECF No. 75) and Order adopting the same (ECF No. 112), Plaintiff's allegations were based primarily on circumstantial inferences from timing and parallel conduct. The prior pleading did not sufficiently organize those allegations into a clear chronological sequence tied to specific dates and events.

Plaintiff now addresses that deficiency by presenting a structured, chronological timeline of Defendant's own contemporaneous statements in Count 6 of the Proposed First Amended and Supplemental Complaint (Exhibit A). Plaintiff also supplements the pleading with Defendant's November and December 2025 court admissions acknowledging possession and use of the "Original PPO Zoom Image" recorded by non-party Keva Williams during the closed April 9, 2024 hearing.

2

Plaintiff further supplements the pleading with Defendant's May 23, 2026 livestream statements referencing "we fought" medical board allegations, a forthcoming "curveball," and withheld litigation "strategy" and "next move," which Plaintiff alleges further support an inference of coordinated and strategic conduct connected to the underlying proceedings.

In addition, Plaintiff has consolidated allegations of defamation and reputational harm into the appropriate counts, eliminating any need for the Court to scour the record, as noted in (ECF No. 75, PageID.802) and (ECF No. 137, PageID.3050).

Plaintiff has also amended and reorganized the pleading to incorporate allegations and exhibits concerning Defendant's 2023–2024 republications, including discrete republication acts occurring within the limitations period, involving the Change.org petition, divorce materials, wellness-check imagery, LARA-related publications, and related accusations of professional misconduct that form part of the surviving defamation and reputational-harm claims addressed. (ECF Nos. 75 and 138).

The amended pleading additionally consolidates allegations and exhibits reflecting coordinated LARA-related publications and accusations directed at Plaintiff's physician assistant license, including statements referencing communications with the Medical Board, alleged misuse of medical systems, and related professional misconduct accusations later amplified and republished by Defendant during the 2024 limitations period.

The amended pleading further resolves prior organizational and structural issues reflected throughout the litigation by consolidating the surviving defamation and reputational-harm allegations into the appropriate counts, organized chronologically and tied to specific

3

publications, republications, dates, and supporting exhibits, thereby eliminating any need for the Court to scour the record to reconstruct the factual basis and chronology of Plaintiff's surviving claims.

These allegations, previously dispersed throughout the record and later referenced in Plaintiff's objections to the Report and Recommendation (ECF No. 138), are now consolidated into the appropriate counts and organized chronologically within the Proposed First Amended and Supplemental Complaint.

As set forth below, the Proposed First Amended and Supplemental Complaint is neither futile nor prejudicial. It directly addresses the deficiencies identified by the Court. (ECF No. 137.) (Exhibit A) contains the complete Proposed First Amended and Supplemental Complaint, reproduced in full and in compliance with E.D. Mich. LR 15.1.

## II. PROCEDURAL BACKGROUND

Plaintiff filed her original motion to supplement on January 16, 2026 (ECF No. 129), attaching a Proposed Supplemental Pleading that included detailed allegations in Count 6 concerning coordinated conduct between Defendant Robertson and non-party Keva Williams. The Magistrate Judge denied Plaintiff's motion for leave to supplement, noting that Judge Levy had previously dismissed the conspiracy claim for lack of personal jurisdiction because Plaintiff had failed to allege a sufficient "meeting of the minds" between Robertson and Williams regarding the initiation of the PPO proceeding, as discussed (ECF No. 137, PageID.3047), citing (ECF No. 75, PageID.799–802) and (ECF No. 112).

In response, Plaintiff has restructured and clarified the presentation of those facts. In the Proposed First Amended and Supplemental Complaint (Exhibit A), Plaintiff now places a clear, chronological timeline at the beginning of Count 6, organized into consecutively numbered paragraphs. These facts, which were previously presented in a fragmented manner, are now organized into a unified sequence derived from Defendant's own contemporaneous statements, including advance planning, knowledge of service execution, awareness of the hearing date, and post-hearing conduct.

This restructured presentation, together with the incorporation of reorganized 2023–2024 republication allegations and supplemental post-filing admissions, directly addresses the deficiencies identified in the Court's prior ruling.

## III. THE PROPOSED PLEADING CURES THE DEFICIENCY IDENTIFIED IN (ECF NO. 137)

The Proposed First Amended and Supplemental Complaint (Exhibit A) directly addresses that ruling. In Count 6, Plaintiff now pleads a clear chronological sequence of coordinated conduct between Defendant and non-party Keva Williams:

Note: Paragraph numbers (¶ ___) refer to Count 6 in the Proposed First Amended and Supplemental Complaint (Exhibit A). Exhibit letters refer to the exhibits attached to this Motion.

- February 2, 2024 — Non-Party Keva Williams' Livestream Broadcast *"Exposed: Licensed Michigan Physician's Assistant Doxing — Protect Yourself Now!!"* and Coordinated Use of Plaintiff's Image  (¶ 102; Exhibit B)
- February 27, 2024 — Petition for Personal Protection Order ("PPO") Filed by Non-Party Keva Williams Against Plaintiff, Notice of Hearing, Issuance of April 9, 2024 Electronic

5

Hearing Information and Order Denying or Dismissing Personal Protection Order (¶ 103; Exhibits B-1, B-2, B-3 and B-4 );

- March 24, 2024 — Defendant's anticipation of a new "shocking" and "surprising" public record to be added about Plaintiff (¶ 104; Exhibit C);

- March 24, 2024 — Defendant's statements announcing she was acting "behind the scenes," planning in a "calculated" and "methodical" manner, that she was "always a few steps ahead," and that "everything is according to plan" (¶ 105; Exhibit D);

- April 3, 2024 — Defendant's statements showing prior knowledge of the exact April 9, 2024 hearing date before it was public (¶ 106; Exhibit E);

- April 3–4, 2024 — Defendant's statements reflecting advance awareness of service efforts, collective references concerning service execution ("What we did for Bundy...to get her served"), and procedural coordination surrounding the advancement of the PPO proceeding against Plaintiff (¶ 107; Exhibit F);

- April 5, 2024 — Plaintiff's Pre-Hearing Notification to the Court Regarding Coordinated Activity Between Defendant Danielle Robertson and Non-Party Keva Williams (¶ 108; Exhibit G);

- April 10, 2024 — Defendant's immediate post-hearing dissemination of non-public details from the closed PPO proceeding (¶ 109; Exhibit H); and

- April 23, 2024 — Defendant's livestream publicly displaying the LARA complaint response sent to non-party Keva Williams while encouraging others to file their own complaints to the Michigan Medical Board (¶ 110; Exhibit I).

These facts are now presented as a unified, numbered timeline in Count 6 of the Proposed First Amended and Supplemental Complaint (Exhibit A), beginning at (¶ 102). This timeline

6

culminates in (¶ 113), which expressly alleges that the collective evidence gives rise to a plausible "meeting of the minds" between Defendant Danielle Robertson and non-party PPO petitioner Keva Williams, who allegedly shared an understanding and acted in concert pursuant to a common objective to initiate, advance, weaponize, and publicly exploit the Personal Protection Order proceeding and related regulatory accusations against Plaintiff in order to damage Plaintiff's reputation, professional standing, and online presence through synchronized legal, reputational, and media-based attacks. All facts alleged in this timeline are fully supported by (Exhibits B through I) attached to this Motion.

The revised proposed pleading now provides a substantially expanded factual chronology supporting a plausible inference of coordinated conduct between Defendant Robertson and non-party Keva Williams. Based upon the specificity, timing, and sequence of Defendant Robertson's public disclosures, Plaintiff alleges that Robertson maintained advance awareness of the PPO proceeding, anticipated allegations and evidence later discussed during and after the hearing, and coordinated related public messaging with non-party Keva Williams before and after the April 9, 2024 closed proceeding.

This inference is further supported by Defendant Robertson's contemporaneous references to an impending "shocking" public record, her use of collective language concerning service efforts, her immediate post-hearing dissemination of non-public hearing details, and her later admissions concerning possession and use of the "Original PPO Zoom Image" recorded by a non-party participant.

What transforms these allegations from mere parallel online commentary into a plausible inference of coordinated action is that Defendant later made additional post-filing admissions

and disclosures independently corroborating Plaintiff's earlier concerns regarding advance knowledge, restricted hearing material, coordinated dissemination activities, and strategic planning surrounding the litigation.

## IV. SUPPLEMENTAL FACTS ARISING AFTER THE ORIGINAL COMPLAINT

Plaintiff further supplements the complaint with facts that arose after the original filing. In Count 6, Plaintiff now includes the following supplemental allegations:

On November 17, 2025 (ECF No. 109), and again on November 21, 2025 (ECF No. 114), Defendant admitted in her own court filings that she possessed the "Original PPO Zoom Image" captured during the April 9, 2024 closed PPO hearing. Defendant expressly stated that the image was "Recorded by Non-Party" and confirmed that Plaintiff was not the source.

Defendant further admitted creating a digital composite/derivative meme using Plaintiff's likeness extracted from the original image. Specifically, Defendant publicly released this derivative meme on May 26, 2024. In nearly identical language in both filings, Defendant admitted:

> "The image … is not a photograph [Plaintiff] created, but a digital composite generated by Defendant for commentary. …Defendant removed that face, inserted Plaintiff's face, and performed digital adjustments to lighting, tint, and context, pairing the image with commentary. …These elements establish that the work is derivative and highly transformed."

— Danielle Robertson

8

(ECF No. 109, PageID.2295; ECF No. 114, PageID.2336.) In those same filings, Defendant identified her own composite as Exhibit G4, with G1 being the original PPO Zoom Image and G2 the cropped version of Plaintiff's face that she used. (¶ 111; Exhibits J, J-1, and J-2).

In a May 23, 2026 livestream titled *"The Dani Robertson After Show Cafe! The Secret OPP Recording! CPS! Terminations! Audience Choice!,"* Defendant made additional statements, including references to "we fought" medical board allegations, a forthcoming "curveball," and withheld "next move" and "strategy," which further support Plaintiff's allegations that Defendant's conduct extended beyond isolated commentary and reflected coordinated and strategic activity connected to the underlying proceedings. (Exhibit K):

- During a May 23, 2026 livestream published on Defendant's YouTube channel "The After Show Cafe," Defendant discussed Plaintiff's remaining claim involving alleged false reports to the Michigan Medical Board and stated that Plaintiff alleged that "Me and Come Get This Commentary" "fought" false reports against her on the medical board, referencing non-party PPO petitioner Keva Williams' online platform "Come Get This Commentary."
- Defendant further stated that if Plaintiff's remaining claim proceeded, "there's going to be a curveball that she doesn't expect and no one will expect."
- Defendant additionally stated, "2026 is the year of reckoning," and further warned that "some of you b*** that have been f*** with me, you're going to get a curveball thrown your way" while discussing anticipated future developments concerning the litigation and Plaintiff's remaining claims.

9

- Defendant later repeated that "there is going to be a curveball," while also stating that she could only disclose information when others could not "know my next move or my next strategy" concerning the litigation.

These repeated post-filing admissions further support Plaintiff's allegation of coordination between Defendant Danielle Robertson and non-party Keva Williams and demonstrate Defendant's knowing and intentional use of Plaintiff's likeness unlawfully obtained from a closed judicial proceeding.

## V. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides that courts should freely give leave to amend when justice so requires. Rule 15(d) similarly permits supplementation to set forth events that have occurred since the original pleading.

Amendment should ordinarily be freely given absent undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or futility. *Foman v. Davis,* 371 U.S. 178, 182 (1962). Courts routinely grant leave to amend to cure deficiencies identified by the Court or to incorporate newly discovered or supplemental facts.

Here, the Proposed First Amended and Supplemental Complaint is not futile. It directly addresses the specific deficiency identified (ECF No. 137) by  reorganizing Defendant's own contemporaneous statements into a clear chronological timeline in Count 6 and incorporating post-filing admissions concerning the "Original PPO Zoom Image."

## VI. WHY LEAVE SHOULD BE GRANTED

### A. The Proposed First Amended and Supplemental Complaint Cures the Deficiency Identified in (ECF No. 137)

The Proposed First Amended and Supplemental Complaint directly cures the deficiency identified in (ECF No. 137). Plaintiff now pleads specific, non-conclusory factual allegations organized into a unified chronological timeline at the beginning of Count 6 (¶¶ 102–110), followed by Defendant's later post-filing admissions and supplemental statements (¶¶ 111–112). Taken together, these allegations provide a concrete factual basis from which a plausible "meeting of the minds" may reasonably be inferred, as expressly alleged in (¶ 113).

Under Sixth Circuit law, "a civil conspiracy is an agreement between two or more persons to injure another by unlawful action. Express agreement among all the conspirators is not necessary to find the existence of a civil conspiracy." *Hooks v. Hooks*, 771 F.2d 935, 943–44 (6th Cir. 1985). Rather, a conspiracy may be inferred from circumstantial evidence, coordinated conduct, and overt acts undertaken in furtherance of a common plan.

Plaintiff alleges that the coordinated conduct included the unlawful acquisition, dissemination, and public exploitation of restricted PPO-derived material and related accusations directed at Plaintiff for the purpose of damaging Plaintiff's reputation, professional standing, and emotional well-being.

11

The revised Count 6 allegations supply precisely this type of circumstantial factual chronology, including Defendant's own contemporaneous statements, collective references concerning service and litigation activity, advance awareness of procedural developments, post-hearing dissemination of non-public information, and later court admissions and livestream statements reflecting coordinated and strategic conduct.

There has been no undue delay, bad faith, or dilatory motive. Plaintiff promptly reorganized and supplemented the allegations following the Court's ruling in (ECF No. 137) in an effort to address the pleading deficiency identified by the Magistrate Judge. Defendant will suffer no unfair prejudice because the amended allegations arise from the same underlying series of events already at issue in this litigation, and Defendant will have a full opportunity to respond to the revised pleading. Granting leave will permit the claims to be resolved on their substantive merits rather than on pleading deficiencies capable of clarification through amendment.

## B. The Amended Pleading Does Not Expand Copyright Claims

Plaintiff's state-law tort claims — including defamation, false light invasion of privacy, and misappropriation of likeness — do not depend upon ownership of a valid copyright. Rather, these claims arise from Defendant's alleged unauthorized acquisition, alteration, use, and public dissemination of visual material depicting Plaintiff's likeness from a closed judicial proceeding, together with the resulting reputational, privacy, and personal-rights harms allegedly caused by Defendant's conduct.

Because these state-law claims require proof of additional elements beyond mere reproduction, distribution, or display of copyrighted material, they are not equivalent to rights protected exclusively under the Copyright Act and therefore are not preempted by federal copyright law. See 17 U.S.C. § 301(a); *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 456–57 (6th Cir. 2001).

## VII. CONCLUSION AND RELIEF REQUESTED

For the foregoing reasons, Plaintiff respectfully requests that this Court:

1. **GRANT** her leave to amend and supplement the complaint pursuant to Federal Rules of Civil Procedure 15(a) and 15(d);

2. **ACCEPT** the Proposed First Amended and Supplemental Complaint attached as (Exhibit A) as the operative pleading in this matter; and

3. **GRANT** such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Sybrena Evans

Sybrena Evans, Pro Se

17710 Lakeview Cr.

Northville, MI 48168

Date: May 29, 2026

## CERTIFICATE OF SERVICE

I certify that on May 29, 2026, I served this Motion by First-Class U.S. Mail, postage upon:

Danielle Robertson

4539 N. 22nd St.

Phoenix, Arizona 85016-4639

/s/ Sybrena Evans

**DECLARATION OF SYBRENA EVANS**

**IN SUPPORT OF PLAINTIFF'S RENEWED MOTION FOR LEAVE TO FILE**

**PROPOSED FIRST AMENDED AND SUPPLEMENTAL COMPLAINT**

(Pursuant to Fed. R. Civ. P. 15(a) and 15(d))

1. I am the Plaintiff in this action and submit this Declaration in support of Plaintiff's Renewed Motion for Leave to File the Proposed First Amended and Supplemental Complaint pursuant to Federal Rules of Civil Procedure 15(a) and 15(d).

2. I previously filed a motion for leave to supplement on January 16, 2026 (ECF No. 129), which included allegations concerning coordinated conduct between Defendant Danielle Robertson and non-party Keva Williams relating to the April 9, 2024 Personal Protection Order ("PPO") proceeding.

3. On February 9, 2026, the Magistrate Judge denied Plaintiff's motion for leave to supplement in (ECF No. 137), finding that the proposed supplemental pleading lacked sufficient factual allegations to plausibly establish a "meeting of the minds" between Defendant Robertson and non-party Keva Williams concerning the initiation and advancement of the PPO proceeding. In so ruling, the Magistrate Judge cited and relied upon Judge Levy's prior dismissal of Plaintiff's conspiracy claim for lack of personal jurisdiction, as discussed in (ECF No. 75, PageID.799–802) and (ECF No. 112).

4. In response, I reorganized and clarified the factual allegations and chronology reflected throughout the record. The Proposed First Amended and Supplemental Complaint (Exhibit A) now presents those allegations in a structured and chronological format, organized by specific publications, republications, dates, and supporting exhibits.

5. The exhibit references contained in this Declaration correspond to the exhibits attached to the present motion and are narrower than the exhibit designations used in the Proposed First Amended and Supplemental Complaint, which contains exhibits relating to all asserted counts.

6. In addition to clarifying the factual allegations concerning Count 6, the Proposed First Amended and Supplemental Complaint reorganizes and consolidates Plaintiff's defamation and reputational-harm allegations addressed throughout (ECF Nos. 75 and 138), including allegations concerning Defendant's 2023–2024 republications, discrete republication acts occurring within the limitations period, the Change.org petition, divorce-related publications, wellness-check imagery, LARA-related publications, and related accusations of professional misconduct. These allegations, previously dispersed throughout the record, briefing, objections, and exhibits, are now organized chronologically and tied to specific publications, republications, dates, and supporting exhibits so that the factual chronology and basis of Plaintiff's claims may be evaluated from a single operative pleading.

7. The amended and supplemental allegations concerning Count 6 are based on recorded statements made by Defendant Robertson on March 24, 2024, between April 3 and April 10, 2024, and on April 23, 2024, which I reviewed and preserved. These statements are fully set forth and supported by (Exhibits D through I).

8. In those statements, Defendant described acting "behind the scenes," planning outcomes in advance, and anticipating the creation of a new "shocking" and "surprising" public record concerning Plaintiff. Defendant also demonstrated advance awareness of service efforts and procedural developments surrounding the PPO proceeding, including

collective references concerning service execution ("what we did for Bundy...to get her served"), public discussion of the April 9, 2024 hearing before it became publicly known, and publication of the LARA complaint response sent to non-party Keva Williams while encouraging additional complaints to the Michigan Medical Board.

9.  The April 9, 2024 PPO hearing was a closed, non-public Zoom proceeding. As reflected in the Notice of Hearing and related filings (Exhibits B-1, B-2, B-3 and B-4), only the judge, court staff, the non-party PPO petitioner Keva Williams, Plaintiff, and Plaintiff's attorney were authorized to participate. Recording of the proceeding was strictly prohibited.

10. On November 17, 2025 (ECF No. 109), and again on November 21, 2025 (ECF No. 114), Defendant admitted in court filings that she nevertheless possessed the "Original PPO Zoom Image" captured during that closed hearing. Defendant expressly stated the image was "Recorded by Non-Party" and confirmed that Plaintiff was not the source. Defendant further admitted creating a digital composite and derivative meme using Plaintiff's likeness extracted from the original image. (Exhibits J, J-1, and J-2).

11. Defendant further referenced the alleged unlawful recording in the same filings, quoting the Magistrate Judge's summary of Plaintiff's allegations:

> "The PPO petitioner unlawfully recorded and copied Evans's image during the virtual hearing, and Robertson allegedly published that image in YouTube videos."

(ECF No. 109, quoting ECF No. 75, PageID.799; see also ECF No. 114.)  In the same filings, Defendant argued that Plaintiff did not record the PPO hearing,

create the still frames, or receive rights from the recorder or the court, but instead merely appeared in the footage, as stated in (ECF No. 109, PageID.2294). These statements are consistent with Defendant's position that the "Original PPO Zoom Image" originated from a recording allegedly created by the PPO petitioner rather than Plaintiff.

11. In a later May 23, 2026 livestream published on Defendant Danielle Robertson's YouTube channel "The After Show Cafe," Defendant discussed Plaintiff's remaining claim involving alleged false reports to the Michigan Medical Board, referenced non-party Keva Williams' online platform "Come Get This Commentary," discussed a future "curveball," and referenced withheld "next move" and "strategy" concerning the litigation. During the livestream, Defendant further stated that Plaintiff alleged that "Me and Come Get This Commentary" "fought" false reports against her on the medical board. These statements are reflected in (Exhibit K) and were reviewed and preserved by Plaintiff.

12. The Proposed First Amended and Supplemental Complaint is intended to present the surviving allegations, disputed allegations, supplemental factual developments, and related republication chronology in a clear and organized format tied to specific exhibits and publications so that the factual basis of Plaintiff's claims may be evaluated from a single operative pleading rather than reconstructed from multiple filings dispersed throughout the docket.

13. The facts described above are based upon my personal knowledge and review of Defendant's recorded statements, court filings, publications, and related materials, which have been preserved.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 29, 2026, in Northville, Michigan.

*/s/ Sybrena Evans*

Sybrena Evans

**TABLE OF AUTHORITIES**

**Cases**

*Foman v. Davis,* 371 U.S. 178, 182 (1962).

*Hooks v. Hooks,* 771 F.2d 935, 943–44 (6th Cir. 1985)

*Wrench LLC v. Taco Bell Corp.,* 256 F.3d 446, 456–57 (6th Cir. 2001)

**Federal Rules**

Fed. R. Civ. P. 15(a)

Fed. R. Civ. P. 15(d)

**Local Rules**

E.D. Mich. LR 15.1

**Statutes**

17 U.S.C. § 301(a)

28 U.S.C. § 1746

**Certification**

Plaintiff certifies that all cited authorities have been reviewed and, to the best of Plaintiff's knowledge, the citations are accurate and reflect the sources relied upon herein.

/s/ Sybrena Evans

Sybrena Evans, Pro Se

# MOTION EXHIBITS

**EXHIBIT LIST**

**Plaintiff's Renewed Motion for Leave to File Proposed First Amended and Supplemental Complaint**

**Exhibit A** — Proposed First Amended and Supplemental Complaint

**Exhibit B** — Non-Party Keva Williams' February 2, 2024 Livestream Broadcast *"Exposed: Licensed Michigan Physician's Assistant Doxing — Protect Yourself Now!!"* and Coordinated Use of Plaintiff's Image

**Exhibit B-1** — February 27, 2024 Petition for Personal Protection Order ("PPO") Filed by Non-Party Keva Williams Against Plaintiff

**Exhibit B-2** — February 27, 2024 Notice of April 9, 2024 Hearing on Petition For Personal Protection Order (PPO) Filed by Non-Party Keva Williams Against Plaintiff

**Exhibit B-3** — February 27, 2024 Issuance of April 9, 2024 Electronic Hearing Information for Petition for Personal Protection Order ("PPO") Filed by Non-Party Keva Williams Against Plaintiff

**Exhibit B-4** — April 9, 2024 Order Denying or Dismissing Petition For Personal Protection Order

**Exhibit C** — Defendant's March 24, 2024 Statements Anticipating a "Shocking" and "Surprising" Public Record About Plaintiff

22

**Exhibit D** — Defendant's March 24, 2024 Statements Announcing "Behind the Scenes" Planning and "Everything is According to Plan"

**Exhibit E** — Defendant's April 3, 2024 Statements Showing Prior Knowledge of the April 9, 2024 PPO Hearing Date

**Exhibit F** — Defendant's April 3–4, 2024 Statements Reflecting Advance Awareness of Service Efforts and Coordination Surrounding the PPO Proceeding

**Exhibit G** — Plaintiff's April 5, 2024 Pre-Hearing Notification to the Court Regarding Coordinated Activity Between Defendant Danielle Robertson and Non-Party Keva Williams

**Exhibit H** — Defendant's April 10, 2024 Post-Hearing Statements Disseminating Non-Public Details from the Closed PPO Proceeding

**Exhibit I** — Defendant's April 23, 2024 Livestream Displaying LARA Complaint Response Sent to Non-Party Keva Williams

**Exhibit J** — Defendant's November 17, 2025 Court Filing (ECF No. 109) Containing Original PPO Zoom Image (Recorded by Non-Party) and Cropped Face Extracted from Original for Use in Meme

**Exhibit J-1** — Defendant's November 21, 2025 Court Filing (ECF No. 114) Containing Original PPO Zoom Image (Recorded by Non-Party) and Cropped Face Extracted from Original for Use in Meme

24

**Exhibit J-2**  — Defendant's May 26, 2024 Digital Composite Derivative Meme, Filed as Exhibit G4 (ECF Nos. 109 and 114)

**Exhibit K** — Defendant's May 23, 2026 Livestream *"The Dani Robertson After Show Cafe! The Secret OPP Recording! CPS! Terminations! Audience Choice!"* Containing Statements Referencing "We Fought" Medical Board Allegations, a "Curveball," and Withheld Litigation "Strategy" and "Next Move"

**Exhibit B**

**February 2, 2024 — Non-Party Keva Williams' Livestream Broadcast *"Exposed: Licensed Michigan Physician's Assistant Doxing — Protect Yourself Now!!"* and Coordinated Use of Plaintiff's Image**

On or about February 2, 2024, non-party Keva Williams published a video titled "Exposed: Licensed Michigan Physician's Assistant Doxing — Protect Yourself Now!!" containing commentary concerning Plaintiff's Michigan medical license, alleged "doxxing," and professional conduct. During the video, Williams displayed an image of Plaintiff previously used in Defendant Danielle Robertson's wellness-check-related broadcasts.



(8:05–8:32)

- "She is a physician's assistant in Michigan… you have access to people's information… God forbid that you don't like someone… you can reach into their files…"

— Non-Party Keva Williams

25

**Exhibit B**  (Page 2)

**February 2, 2024 — Non-Party Keva Williams' Livestream Broadcast** *"Exposed: Licensed Michigan Physician's Assistant Doxing — Protect Yourself Now!!"* **and Coordinated Use of Plaintiff's Image**

(37:55–39:28)

- "I have emailed and spoken with the Medical Board about her online behavior…"
- "I'm gonna hashtag you, tag you, make sure that Michigan knows to stay away from any possible services that you offer."

(49:55–50:02)

- "You don't deserve your medical license."

— Non-Party Keva Williams



**Exhibit B-1**

**February 27, 2024 — Petition for Personal Protection Order ("PPO") Filed by Non-Party**

**Keva Williams Against Plaintiff**

Petition for Personal Protection Order ("PPO") (Non-Domestic) filed by non-party Keva Williams

against Plaintiff in the Wayne County Circuit Court on February 27, 2024.

27

**Exhibit B-1** (Page 2)

**February 27, 2024 — Petition for Personal Protection Order ("PPO") Filed by Non-Party Keva Williams Against Plaintiff**

Petition for Personal Protection Order (Nondomestic)   3/23
Page 2 of 2

Case No _____

(F)  [X] 6. I request an ex parte order because immediate and irreparable injury, loss, or damage will occur between now and a hearing or because notice itself will cause irreparable injury, loss, or damage before the order can be entered.

(G)  7. I have a next friend petitioning for me. I certify that the next friend is not disqualified by statute and is an adult.

(H)  February 27, 2024
Date

/s/ Keva Williams _____ (e-signed pursuant to MCR 1.109)
Petitioner's/Next friend's signature

Keva Williams
Name (type or print)

28

**Exhibit B-1** (Page 3)

**February 27, 2024 — Petition for Personal Protection Order ("PPO") Filed by Non-Party**

**Keva Williams Against Plaintiff**

(Statement of Facts Page 1)

| | Petition for Personal Protection Order (Nondomestic) |
| --- | --- |
| | Case No. |

**STATEMENT OF FACTS**

4. (Continued)

The parties' relationship is as follows: The respondent Michigan Physicians Assistant. She is a elderly woman who runs a drama/messy channels on youtube and other social media websites. We do not know each other except on social media.

———— Incidents ————

a. One incident of stalking or other threatening behavior by Sybrena Kenan Evans occurred on or about Starting in 2022 till current 2024 she has been harassing me online via her social media channels at the following location: The incidents all have occured online on her social media accounts.

At that time, Sybrena Kenan Evans said or did the following: I am seeking a restraining order against Sybrena Evans due to her continuous cyberstalking activities directed towards me. Sybrena operates various online platforms, including RunTellThatToo and UnWineWithTeddy, through which she and her followers have engaged in cyberstalking and attempted intimidation, including threats of exposure. This harassment has persisted since 2022, despite my explicit requests for her to cease contact. Evans has escalated her threats into actions by disseminating false information about me to a broad audience, revealing personal details that compromise my safety, and inciting her audience against me, which has resulted in further harassment.

Evans has utilized her platforms to target me directly, tagging me in numerous videos to ensure I receive notifications of her derogatory comments. These tags represent unwanted attempts to communicate with me and serve as a method for her to continue her harassment. The frequency of her attacks, including video posts designed to bully, harass, and intimidate me, occurs at least twice a week since the initiation of her campaign in 2022.

Her relentless harassment spans across multiple social media platforms, where she not only stalks my activities but also records them to fabricate and spread false narratives. Evans has also subjected me to public ridicule concerning my appearance, particularly my weight, encouraging her followers to partake in this behavior across social and digital spaces.

Given that Sybrena Evans is a licensed physician assistant, her refusal to respect my desire for no contact and her choice to engage in cyberstalking are particularly concerning. Her professional background contrasts sharply with her behavior towards me, highlighting the need for legal intervention to halt her actions. As her attempts to harass me have not ceased voluntarily, I am compelled to request a restraining order to address this issue through legal means and to restore my peace of mind both online and offline.

I can provide proof of harassment with audio and screenshots. .

I know the Respondent was responsible for the behavior because: I know Sybrena Evans was responsible for this behavior because she livestreamed it online to her subscribers. .

As a result of this incident I felt I feel harassed, dogpiled, and fearful for the safety of my children because she is actively looking up my information attempting to doxing me to her subscribers. Even though alot of information is public record Sybrena Kenan Evans acting with malice and wanting harm to come to me and my children. .

There were witnesses to the incident.

b. Another incident of stalking or other threatening behavior by Sybrena Kenan Evans occurred on or about Another incident occurred on or about January 2024, she went on her livestream after attempting to dox me to audience via another womans chapter 7 information. Stated she is actively looking for my personal identifiable information (PII) at the following location: The (continued on next page)

Statement of Facts
Page 1

29

**Exhibit B-1** (Page 4)

**February 27, 2024 — Petition for Personal Protection Order ("PPO") Filed by Non-Party**

**Keva Williams Against Plaintiff**

(Statement of Facts Page 2)

|  | Petition for Personal Protection Order (Nondomestic) |
| --- | --- |
|  | Case No. |

**STATEMENT OF FACTS**

4. (Continued)

incident occurred on her youtube channel unwinewithteddy bundy and I have the audio. .

At that time, Sybrena  Kenan Evans said or did the following: About 3- 5 months ago (and I have the audio for this) Sybrena Evans was on her youtube channel harassing and doxing another youtuber, stated that she had pages and pages of information on me. In another video around that time she stated she would expose it. The Jan 2024 she actually pulled up the document that she thought was my information and started to read information from it as a way to intimidate me. She told her audience that was my information. I went online and found the information and it was not my information. The last 4 of the ss of the person is not mine. The husband listed is not my husband, the children listed are not my children. So debunked what she put out to my audiance and to bring awareness of her attempting to dox me.

Then she went back online and told her audiance that I said she got the information wrong and that she doubt it is wrong. One her subs stated "but teddy you have the recipts" and Sybrena agreed with the subscriber, even though she has the wrong Keva Williams. She admitted that we have the same document.

The fact that she is searching high and low for my information is alarming. I can imagine of she got ahold of the correct information with my childrens information. I feel they would be in danger due to her unhinged behavior and relentless obessing over me.

She even tried to justify her actions and stated that I didnt deny I had a chapter 7 to imply she must be right.

Her behavior is very alarming consider she is PA and has access to certain medical systems that can give her people personal information. It leads me to think she may use her medical systems to attempt to find out my information as she has already shown she is actively looking for me online.

Again to reinerate, Sybrena operates various online platforms, including RunTellThatToo and UnWineWithTeddy, through which she and her followers have engaged in cyberstalking and attempted intimidation, including threats of exposure. Also when you address her she plays victim and says she is being bullied. This is a sick tatic of hers to garner sympathy from her subs and fuel her to keep harassing me. The constant tagging me in her videos is a indirect way to "talk" to me even though I have her blocked on social media, you only can block comments on youtube. You can still "@" , tag and hashtag a person to get their attention. This is her sick way of intimdation.

I can provide proof of harassment with audio and screenshots. .

I know the Respondent was responsible for the behavior because: I know Sybrena Evans was responsible for this behavior because she posts and livestream her actions on her social media. I seen it with my own eyes on her youtube channel. .

As a result of this incident I felt I feel fearful that my children's safety could compromised because she has access to

certain michigan systems and might use them to get my actual information somehow. She is obsessive with all the tagging me constantly begging for my attention. Then when I verbally defend myself, she plays victim. In my opinion she wanted a intimate relationship with me and due to me rejecting her she has become unhinged. I need Sybrena Kenan Evans to understand that no is no. I dont want to engage with her in any form or fashion. She is a dangerous individual.

There were witnesses to the incident.

c. Another incident of stalking or other threatening behavior by Sybrena  Kenan Evans occurred on or about Another incident occurred on or about Jan 2024  at the following location: The incident occured on her youtube channel.

At that time, Sybrena  Kenan Evans said or did the following: Jan (continued on next page)

Statement of Facts
Page 2

30

**Exhibit B-1** (Page 5)

**February 27, 2024 — Petition for Personal Protection Order ("PPO") Filed by Non-Party**

**Keva Williams Against Plaintiff**

(Statement of Facts Page 3)

|  | Petition for Personal Protection Order (Nondomestic) |
|---|---|
|  | Case No. |

**STATEMENT OF FACTS**

4. (Continued)

2024 she went live to imtimade me saying she has more information on me that she knows for sure is me. This is ongoing harassment with threats of doxing. .

I know the Respondent was responsible for the behavior because: I saw her say on her youtube channel and I have the audio.

As a result of this incident I felt I constantly worry and feel stressed and unsafe for me and my childrens safety. I am tired of the emotional distress, being terrorized online, frightened, intimidated, threatened, harassed constanly. Sybrena Kenan Evans constantly threatning to expose my personal information is worrisome and dangerous. My goal is to make sure me and especially my children are protected. I know that requesting a PPO is a start to regaining my peace of mind.

Knowing that a Michigan physicans assistant is in the same state as me, has access to certain systems due to her job status, makes me feel sick to my stomach. Its always the thought that she might find some information on myself or my family. I have the audio recording of her diablical sick laugh when she speaks about doxing.

I understand about public information and that is is out there for people to see, however when posting someones information is done with malice, and to incite potenital harm to someone & their family, that is doxing or attempted doxing. This is what Sybrena continues to do online, and it has to stop.

With her being a licenced phicians assistant in Michigan, she has access to certain systems that hold intimate identifying information. Sybrena Kenan Evans in a postion, as physicans assistant to have this a underlying and implied threat to anyone she want to intimadate. Seeing as I have audio of her admitting to trying dox and will keep trying to dox, it is frighting. I have warned my family and others online to beware of her based off the evidence she has posted online because I would feel bad if someone was harmed to due her malicous and spiteful ways.

Her behavior online is harmful to the community and this has gone on way to long. My family and the community who may run across her, have a right to feel safe from an spiteful elderly woman who delibertaly made drama social media channels to harass, and be in online beef and mess. HER BEHAVIOR UNACCEPTABLE regardless of her age. She is not above the law because of her medical degree age.

I find it appalling that Sybrena Kenan Evans who is a Michigan physicans assistant and almost 70 yrs old is online harassing people.

There were witnesses to the incident.

d. I would also like the court to know: That subscriber told me that Sybrena went behind her paywall and allegedly provided what was presumed to be my information and made all kinds of threats about me. The subscribers who let me know felt me and my kids safety could be compromised.

Her behavior as a PA is concerning and she is also online harassing a pregnant girl. There hundreds of online videos of her harassing people by excessively tagging them as well. She is very sick and demented person and I need to protect my kids. A PPO is the first step to my safety and documenting her continued harassment. I have responded to her multiple times defending my name and debunking her.

However I need legal protection and I feel a PPO is the first step to get help for me and my children. We live in the same state and could possible cross each other. Defending myself and children will be top priority and I dont want to be in that position because of her unhinged behavior I have no idea what her mindset would be if she saw me or me and my children in person. .

Statement of Facts
Page 3

31

**Exhibit B-1** (Page 6)

**February 27, 2024 — Petition for Personal Protection Order ("PPO") Filed by Non-Party**

**Keva Williams Against Plaintiff**

(Addendum 1/2)

Addendum 1/2

Other Relief, from E5a

I would like to request that ALL her current social media platforms PUBLIC, AND BEHIND PAYWALLS and any new social media pages/channels she might create to circumvente the rules of a PPO to continue to harrass me NOT BE ALLOWED.

I request the court do not allow Sybrena Kenan Evans to mention me even by my real name or derogatory nicknames to try to get me to respond or pay attention to her.

I request the court to NOT allow Sybrena Kenan Evans to contine to attempt to dox me, dox me and dont allow her to tag me or use the "@" mention me feature, "@ everyone or @ highlight" or "hashtag me" on her social media platforms towards me. I have her blocked ifrom all my social media. On social she is a well known troll because allegedlly runs a troll page called Tammy the Machine (this youtube channel disappeared when she created ainatshathemachine). Sadly ainatshathemachine she has harassing and intimadting videos on that channel.
In my opinion Sybrena Kenan Evans is behind Tammy the Machine youtube account based on her online behaviors. So I am requesting ZERO contact with me/family.

I want her to stay away from me on social media, and this PPO is to prevent any possiblity of her approching me in real life at my home, my place of buisness, and any possible social events or work events compromising my safety and that of my children.

There is audio (which I have) of her openly admitting to doxing another YouTube content creator and attempting to dox me.
I have audio her trying to dox me and I have screenshots.
I have audio of her trying to justify that her information is correct and that she will look again for more information.
She created a drama/messy channe (runtellthattoo) to deliberalty harass people and then when someone responds she cry and play victim. I was shocked to see a woman almost 70 online messy, uncouth, and commiting crimes of doxing considering she has a lot to lose being a PA.

I can demonstrate to the court the information she is providing to her audiace in her latest attempted dox in the month of Jan 2024 with the chapter 7 or another Keva Williams IS FACTUALLY NOT MY INFORMATION. SHE HAS THE WRONG KEVA WILLIAMS. I can provide my information to compare against the the Chapter 7 document she was discussing as if it was me to intimdate and harass me to her audiance.
She is desperate to expose people for her own sick pleasure. This is unacceptable behavior and even more alarming she is a licended PA Michigan.

SHE DESPERATE AND HAS NO REGARD FOR HER PROFESSIONAL LICENCE. I HAVE EMAILED AND SPOKE WITH THE MEDICAL BOARD ABOUT HER ONLINE BEHAVIOR. WITH THE DOXING, ATTEMPTED DOX AND ADMITTED DOXING she has been doing the last 2yrs to me and others.

32

**Exhibit B-1** (Page 7)

**February 27, 2024 — Petition for Personal Protection Order ("PPO") Filed by Non-Party**

**Keva Williams Against Plaintiff**

(Addendum 2/2)

Addendum 2/2

If she feel she is being harassed then she has the means/income to make a police report and lawyer up against me. I have done nothing but verbally responded to her lies by debunked her doxing false information to her audiance and spread awareness of doxing pattern.

What she is doing is dangerous to everyone around and I am taking the steps to protect my family especially my children. She has become fixated on me and could show up at my home to harm me and my family. I would also like to request that she does not go behind a paywall attempting to release personal information about me.

Her youtube channels are the same name across all platforms:
Youtube, Instagram, Twiiter, Twitch. Facebook and her website
unwinewithteddy
runtellthattoo
ainatashathemachine
messy dani
All of the social media listed above, are always set to similtanously stream at the same time doxing me on all her social media.
This needs to stop and that is why I am taking the steps to do things the right way with the law and ask the law to step in.

1.  Heavyset elder woman with glasses and owns a dog

**Exhibit B-2**

**February 27, 2024 — Notice of April 9, 2024 Hearing on Petition For Personal Protection Order (PPO) Filed by Non-Party Keva Williams Against Plaintiff**

("It is unlawful to record any Court Proceeding.")

**Exhibit B-3**

**February 27, 2024 — Issuance of April 9, 2024 Electronic Hearing Information for Petition for Personal Protection Order ("PPO") Filed by Non-Party Keva Williams Against Plaintiff**

("It is unlawful to record any Court Proceeding.")

<u>ELECTRONIC HEARING INFORMATION</u>

Dear Litigant/Counsel of Record,

The **Family Division Court** is conducting all court proceedings remotely by Zoom video except as otherwise ordered by the Judge or Referee. You are receiving this communication due to your upcoming hearing as stated on the previous page.

| | |
|---|---|
| Case NO: | 24▮▮▮▮▮▮ |
| Judge: | Docket Judge PPO |
| Hearing Type: | PPO PETITION |
| Date: | 4/9/2024 |
| Time: | 10:30 AM |

ZOOM HEARING PROCEDURE:

1. Join the Zoom Hearing. All parties should do the following to join your hearing at the time of the call:

   - Go to www.3rdcc.org/zoom or you can find the link under "Essential Links".
   - Click on "Family Division- Domestic"
   - Click "Join Meeting" next to YOUR corresponding Judge's Name.

DOWNLOAD THE ZOOM APP FROM GOOGLE PLAY OR THE APP STORE.

   IF YOU ARE UNABLE TO CONNECT TO THE MEETING OR **REQUIRE AN INTERPRETER**, PLEASE CONTACT YOUR JUDGES COURTROOM DIRECTLY AT               THE COURT'S GENERAL EMAIL ADDRESS IS   PPO@3rdcc.org

2. Enter your name and case number for "Your Name" For example, "John Doe 20-123456-DO".

3. Waiting Room. You will be immediately placed into a waiting room into your Assigned Judge's "Personal Meeting Room". *Do not hang up or leave the meeting.*

4. You will be brought "into" the virtual hearing at or around the designated time.

5. As this is a Court proceeding, professional decorum is expected on ALL Zoom hearings including, but not limited to, appropriate dress, background view, and NO driving, smoking, eating, drinking, or chewing gum during the proceeding. Please limit all background noise, distractions, and third party interactions. No minor children are to hear or oversee your Zoom hearing at any time. There is to be no recording of Zoom hearings; it is unlawful to record any Court proceeding.

6. Once you are done with the virtual hearing, click "Leave Meeting".

For information on all domestic filings and Personal Protection Order filings, you can visit the Court's website at http://www.3rdcc.org/divisions/family-domestic#/list for detailed instructions under the following links: "Family Domestic/FOC Filing Instructions" and "Personal Protection Order Filing Instructions

**Exhibit B-4**

**April 9, 2024 — Order Denying or Dismissing Petition For Personal Protection Order**

Original - Court
1ˢᵗ copy - Petitioner
2ⁿᵈ copy - Respondent (if applicable)

Approved, SCAO

| STATE OF MICHIGAN THIRD JUDICIAL CIRCUIT WAYNE COUNTY | ORDER DENYING OR DISMISSING PETITION FOR PERSONAL PROTECTION ORDER | CASE NO. |
|---|---|---|

Court address
Two Woodward Avenue, Room 1801, Coleman A. Young Municipal Center, Detroit, MI 48226

Court telephone no.
(313)224-0120

Petitioner's name
Keva Williams

Respondent's name, address, telephone no.
Sybrena Kenan Evans

Address and telephone no. where court can reach petitioner

v.

| Date | 04/09/2024 | Judge | PPO Docket Judge | P15255 |
|---|---|---|---|---|

Bar no.

1. This order is entered ☐ without a hearing ☒ **after hearing

**THE COURT FINDS:**

2. ☐ a. A petition was filed for a personal protection order in a domestic relationship
   ☐ There is not reasonable cause to believe the respondent may commit one or more of the acts listed in MCL 600.2950(1)
   ☒ b. A petition was filed for a personal protection order in a nondomestic relationship
   ☐ Respondent has not committed two or more acts of willful, unconsented contact
   ☐ c. A petition was filed for a nondomestic sexual assault personal protection order
   ☐ d. Other

☒ 3. The petitioner requested an ex parte order
   ☐ a. The petitioner has been interviewed, the petitioner's claims are sufficiently without merit, and the action should be dismissed without hearing
   ☐ b. An ex parte order should not be issued, but the petitioner has been advised of the right to request hearing on petition
   c. Other   Allegations failed to meet the burden of proof necessary to show immediate and irreparable harm.

**IT IS ORDERED:**

4. ☒ a. The petition for personal protection order is denied for the following reasons. (Specified below.)
   ☐ b. The petition for an ex parte personal protection order is denied with notice of right to request a hearing for the following reasons. (Specific below.)
   ☐ c. The petition for an ex parte personal protection order is dismissed without notice of the right to request a hearing because the petitioner's claims are sufficiently without merit for the following reasons. (Specified below.)

**SEE ATTACHED**

| 04/09/2024 | | William E Hultgren |
|---|---|---|
| Date | Judge | WILLIAM HULTGREN |

**CERTIFICATE OF SERVICE**

☐ I certify that on this date I personally served a copy of this order on the petitioner at _____
Location

at _____
Time

☐ I certify that on this date I mailed a copy of this order to the petitioner by first-class mail addressed to his/her last known address.

☐ I certify that I   ☐ personally served a copy of this order on the respondent at _____
Location

at _____
Time

☐ served a copy of this order on the respondent by first-class mail addressed to his/her last known address

because the respondent was served with a copy of the petition for a personal protection order.

**Exhibit B-4**  (Page 2)

**April 9, 2024 — Order Denying or Dismissing Petition For Personal Protection Order**

---

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | ADDENDUM TO ORDER DENYING OR<br>DISMISSING PETITION FOR<br>PERSONAL PROTECTION ORDER | CASE NO. ▓▓▓▓ |
|---|---|---|
| Court address | | Court telephone no. |
| Two Woodward Avenue, Room 1801, Coleman A. Young Municipal Center, Detroit, MI 48226 | | (313)224-0120 |

| Petitioner's name | | Respondent's name, address, and telephone no. |
|---|---|---|
| Keva Williams | v | Sybrena Kenan Evans |
| ▓▓▓▓▓▓▓▓▓▓ | | ▓▓▓▓▓▓▓▓▓▓ |

### ADDENDUM TO ORDER DENYING OR
### DISMISSING PETITION FOR
### PERSONAL PROTECTION ORDER

☐ The Petition fails to clearly establish by specific facts and there is not reasonable cause to believe that the Petitioner was entitled to a Personal Protection Order per MCL 600.2950.

☒ The Petition fails to clearly establish that the Petitioner is being stalked as defined by MCL 600.2950a, 750.711h, 750.114i.

☒ The Petition fails to clearly establish by specific fact 2 or more acts that constitute stalking behavior.

☐ The Petition fails to clearly establish reasonable cause to believe that a serious or irreparable injury will occur if the Petition is not granted immediately and without notice to the Respondent. The matter is set for hearing. A separate Notice of Hearing shall be entered contemporaneously with this Order.

☐ Another PPO exists, and a hearing with both parties present is necessary.

☐ This problem appears to relate to a custody and/or parenting time issue/s and both parties need to be present to determine if a PPO should issue and/or if the custody and/or parenting time order should be modified.

☐ The petitioner is a prisoner, as defined under MCL 600.2950a(29)(c).

☐ A PPO is not a substitute for an Order for Exclusive Use of the Marital Home.

☐ A PPO is not a substitute for an eviction proceeding.

☒ Other: Parties have engaged in mutual contact.
Allegations failed to meet the burden of proof necessary to invoke the remedies provided by the non-domestic stalking statutes.

**Exhibit C**

**March 24, 2024 — Defendant's Anticipation of a New "Shocking" Upcoming Public Record in Advance of the April 9, 2024 PPO Hearing**

**Defendant's Livestream:** *"Black Tea Sector Open Chat Late Night Chit Chat"*

(2:35–3:02)

- "And also, there's going to be **another thing coming up**, it's going to be another public record, it's going to be added as well."
- "It's going to be something totally different and totally **shocking** and totally **surprising**"
- "It's going to be a **matter of public record** that will also be added to the real truth about Sybrena Evans."
- "I believe the real truth will be out there because this person is notorious, they're unethical, and **they should be called out**…"

**Defendant's Livestream:** *"Black Tea Sector What Is Yawl Talking About?"*

(29:23–30:26)

- "Teddy Bundy, it looks like you have public records because you're a cyber stalker."
- "You're upset because you have the cyberstalker restraining order"
- Like why are y'all trying to blame me for me? I'm just reporting on y'all's activities."

— Danielle Robertson

**Exhibit D**

**March 24, 2024 — Defendant's March 24, 2024 Statements Announcing Advance Planning and "Behind the Scenes" Activity Related to the Upcoming April 9, 2024 PPO Hearing**

**Defendants Livestream:** *"Black Tea Sector Open Chat Late Night Chit Chat"*

(0:00–4:39)

- "Smarter to me is exactly what I'm doing. Behind the scenes, establishing public records and public things."
- "Please understand I know what I'm doing at all times."
- "I always know what I'm doing. I plan things out."
- "I'm clearly calculated and everything is for a purpose and for a reason. It's methodical."
- "I'm actually taking over Bundy's algorithm in her real life. …"
- "I will control the narrative. I will control what's put out…"

(4:39–4:50)

- "Any enemy might think they're ahead of me… but trust and believe, I'm always a few steps ahead."
- "In the long run, the end goal, the objective will be in my favor because I have it all laid out and planned."

— Danielle Robertson

39

**Exhibit E**

**April 3, 2024 — Defendant's Advance Knowledge of the April 9, 2024 PPO Hearing Date and Solicitation of Legal Action Against Plaintiff.**

Defendant's Livestream:  *"Three Stooges Upcoming Court Case April 3, 2024" and "Black Tea Sector What Is Yawl Talking About"*



(6:49–8:07)

- "Oh I forgot. I'm not the one that has court, or anything on April 9."
- "Who has an April 9th court day? Teddy Bundy the stalker."
- "Now, when I called the court, they still kept saying that it's still on for April 9."

(53:10)

- "Teddy Bundy, don't blame me because you have a restraining order hearing. Okay."

— Danielle Robertson

**Exhibit E** (Page 2)

Defendant's Livestream:  *"Three Stooges Upcoming Court Case April 3, 2024"* and *"Black Tea Sector What Is Yawl Talking About"*

(1:11:26)

- "And Teddy Bundy, listen up. I can talk about your cyber stalking, restraining order hearing. When I want to, where I want to, how I want to, why I want to, and where I want to, when, where, what, why, and how."
- "And who gon' check me boo? I'll motherf*ing wait. You see, you have tried to check me and other people have tried to check me, but I remain on motherf*ing checked. Yeah."

**Planning / Paper Trail / Public Record Creation**

(17:02–22:43)

- "I actually emailed it to the police department… I made sure there was a paper trail…"
- "I'm actually going to put it on public pages and pages and pages… I'm also going to put that on the website."
- "All of this stuff will be public record."

(35:57)

- "The judge does not want to hear about Dani Dani Dani… The judge only wants to hear about you and the petitioner."

— Danielle Robertson

**Exhibit F**

**April 3–4, 2024 — Defendant's Statements Reflecting Advance Awareness of Service Efforts and Coordination Surrounding the PPO Proceeding**

Defendant's Livestream: *"The Three Stooges Upcoming Court Case"* April 3, 2024

(31:08–31:57)

- "She did not want to be seen when they were trying to serve her."
- "She was looking out the window… taking a picture of the car."
- "She was not wanting to be served."
- "OK, now she has officially been served."
- "So she knows about this upcoming hearing. She knows about it."

Defendant's Livestream: *"Black Tea Sector What Is Yawl Talking About"* April 4, 2024

(1:27:32–1:28:39)

- "Bundy was actually scared, because somebody was coming to her house; but she didn't know she was being served."
- "A service…similar to what we did for Bundy… to get her served."
- "So she was finally served. Yes hunty yes, she was paranoid.
- "Now I did call around to some places…sending them some pictures of her"
- That guy was like you know they always make sure they serve everybody."

— Danielle Robertson

**Exhibit G**

**April 5, 2024 — Plaintiff's Pre-Hearing Notification to the Court Regarding Coordinated Activity Between Defendant Danielle Robertson and Non-Party Keva Williams**

Redacted cover letter dated April 5, 2024, transmitted by Plaintiff via email to the Wayne County Circuit Court and Plaintiff's attorney. The communication enclosed filings completed by non-party Keva Williams relating to the PPO petition filed on February 27, 2024.

**COVER LETTER**

Your Honor

I appear before the court to address a distressing situation involving ████ Williams, known as ████████████████ and YouTube Content Creator Danielle Robertson. This matter has arisen due to a personal protection order filed by ████ Williams against me, alleging that I pose a danger to her and her family. I must assert that this claim is entirely fraudulent and baseless.

It has become evident that ████ Williams and Danielle Robertson are engaged in a calculated effort to defame my character and damage my reputation. This is exemplified by ████ Williams' use of police cam footage in her videos, along with the filing of three false police reports by Danielle Robertson. Furthermore, both individuals are seemingly collaborating to submit fabricated information to the Michigan Licensing Board, with the intent to revoke my Physician Assistant License.

Additionally, Your Honor, I must bring to the court's attention a deeply troubling aspect of this situation. There is reason to believe that Danielle Robertson, one of the parties involved in this matter, may attempt to unlawfully record the proceedings of this hearing. Given the nature of her previous actions, including the use of police cam footage without consent, there is a genuine concern that she may engage in illegal recording activities during this court session. This raises significant privacy and legal implications, and I respectfully request the court's vigilance in ensuring the integrity of these proceedings.

In light of these circumstances, I implore the court to carefully consider the facts presented and take appropriate action to address the defamation and harassment I have faced. I trust that the court will uphold justice in this matter.

Thank you for your attention.

Syrena Kenan (Evans)

43

**Exhibit H**

**April 10, 2024 — Defendant's Post-Hearing Statements Disseminating Non-Public Details from the Closed PPO Proceeding**

Recording of Defendant's livestream in which she disclosed non-public information from the April 9, 2024 closed PPO hearing. Recordings also reveal timed communication and coordination between Defendant and non-party Keva Williams regarding the acquisition and sharing of restricted material from the closed proceeding.

Defendant's Livestream: *"Black Tea Sector: Teddy Bundy! The Real Tea April 9"*

(21:09–24:57)

- "Even this person told me that the judge apologized to them."
- "I was told when the judge was asking questions…"

(29:08–29:14)

- "Once I heard the other person, what was stated, I said, there are certain things that you left out… they will refile… they will continue to gather evidence."

(38:10–38:18)

- "She can appeal… or refile… gather more evidence… stop responding."

— Danielle Robertson

**Exhibit H** (Page 2)

**April 10, 2024 — Defendant's Post-Hearing Statements Disseminating Non-Public Details from the Closed PPO Proceeding**

**Metadata and Timing Evidence**

The following screenshot reflects metadata and timing supporting the plausibility that Defendant Danielle Robertson accessed the Third Judicial Circuit Court public database on or about April 9, 2024, at approximately 6:59 PM ET, before related material later appeared in the thumbnail of Defendant's April 10, 2024 livestream titled *"Black Tea Sector: Teddy Bundy! The Real Tea April 9."*

Screenshot of Defendant's April 10, 2024 YouTube video titled *"BBlack Tea Sector: Teddy Bundy! The Real Tea April 9 "* whose thumbnail visibly displays the Third Judicial Circuit Court link https://cmspublic.3rdcc.org/default.aspx



https //cmspublic 3rdcc org/default aspx

**Exhibit I**

**April 23, 2024 — Defendant's Livestream "Black Tea Sector: Pathological Liars and Scammers" Publicly Displaying Non-Party Keva Williams's April 22, 2024 LARA Complaint and Encouraging Additional Complaints Against Plaintiff.**

On April 23, 2024, one day after non-party Keva Williams filed a new LARA complaint, Defendant Danielle Robertson published a livestream titled "*Black Tea Sector: Pathological Liars and Scammers,*" during which Defendant displayed Williams's complaint and encouraged viewers to file additional complaints, lawsuits, and restraining orders against Plaintiff.





**Exhibit I** (Page 2)

Full Screenshot of the April 22, 2024 Complaint Filed with the Michigan Department of Licensing

and Regulatory Affairs ("LARA") by Non-Party Keva Williams, as Publicly Displayed by

Defendant Danielle Robertson during the April 23, 2024 Livestream *"Black Tea Sector:*

*Pathological Liars and Scammers"*



47

**Exhibit I** (Page 3)

**April 23, 2024** — Defendant's commentary acknowledging receipt and publication of non-party Keva Williams' April 22, 2024 complaint submitted to the Michigan Department of Licensing and Regulatory Affairs ("LARA") concerning Plaintiff's Physician Assistant license.

Defendant publicly discussed receiving, publishing, and amplifying licensing-related complaint materials allegedly provided by non-party Keva Williams, supporting Plaintiff's allegations of coordinated conduct and synchronized reputational targeting concerning Plaintiff's professional license and mental health.

Defendant's Livestream:  *"Black Tea Sector: Pathological Liars and Scammers"*

(1:40:08–2:21:13)

- "Somebody sent me this and they wanted me to post it."
- "I wasn't gonna post it, but I'm like, why not?"
- "They wanted me to, anyways, this is April 22nd, 2024"
- "They received this email from the Michigan Licensing Board"
- "They filed a claim against Sybrena to the board"
- "She has an active Physician's license."
- "This is not my complaint"
- "When I did one, I let y'all know I did one"
- "They did file a claim against her license "

— Danielle Robertson

48

**Exhibit J**

**November 17, 2025 — Defendant's Filing (ECF No. 109) Admitting Possession of the Original PPO Zoom Image (Recorded by Non-Party) and Cropped Face Extracted from Original for Use in Meme**

Original PPO Zoom Image (Recorded by Non-Party) and Cropped Face Extracted from Original (Used in Meme)

Case 5:24-cv-13435-JEL-EAS   ECF No. 109, PageID.2302   Filed 11/17/25   Page 13 of 22

*Exhibit G1 – Original PPO Zoom Image (April 2024 – Recorded by Non-Party)*



Case 5:24-cv-13435-JEL-EAS   ECF No. 109, PageID.2303   Filed 11/17/25   Page 14 of 22

*Exhibit G2 – Cropped Face Extracted From Original (Used in Meme)*



**Exhibit J-1**

**November 21, 2025 — Defendant's Filing ECF No. 114 Admitting Possession of the Original PPO Zoom Image (Recorded by Non-Party) and Cropped Face Extracted from Original for Use in Meme**

Original PPO Zoom Image (Recorded by Non-Party) and Cropped Face Extracted from Original (Used in Meme)

Case 5:24-cv-13435-JEL-EAS   ECF No. 114, PageID.2342   Filed 11/21/25   Page 9 of 18

*Exhibit G1 – Original PPO Zoom Image (April 2024 – Recorded by Non-Party)*



Case 5:24-cv-13435-JEL-EAS   ECF No. 114, PageID.2343   Filed 11/21/25   Page 10 of 18

*Exhibit G2 – Cropped Face Extracted From Original (Used in Meme)*



**Exhibit J-2**

**May 26, 2024 — Defendant's Digital Composite Derivative Meme Filed as Exhibit G4 (ECF Nos. 109 and 114)**

Created Using Plaintiff's Likeness from the Unlawfully Recorded April 9, 2024 PPO Hearing


Case 5:24-cv-13435-JEL-EAS   ECF No. 109, PageID.2305   Filed 11/17/25   Page 16 of 22

Exhibit G4 – Defendant's Composite Meme (Derivative Work)



**Exhibit K**

**May 23, 2026 — Defendant's May 23, 2026 Livestream "The Dani Robertson After Show Cafe! The Secret OPP Recording! CPS! Terminations! Audience Choice!" Containing Statements Referencing "We Fought" Medical Board Allegations, a "Curveball," and Withheld Litigation "Strategy" and "Next Move"**

The following excerpts and screenshots are taken from a May 23, 2026 livestream published on Defendant Danielle Robertson's YouTube channel "The After Show Cafe." During the livestream, Defendant referenced Plaintiff's remaining claim, non-party PPO petitioner Keva Williams' online platform "Come Get This Commentary," a future "curveball," and withheld litigation "strategy" and "next move. "

(39:22–39:42; 51:14–51:20)

- "Me and Come Get This Commentary" "fought" false reports against her on the medical board
- "There's going to be a curveball that she doesn't expect and no one will expect"
- " …Someone cannot know my next move or my next strategy"

— Danielle Robertson



52

**Exhibit K** (Page 2)

**May 23, 2026 — Defendant's May 23, 2026 Livestream "The Dani Robertson After Show Cafe! The Secret OPP Recording! CPS! Terminations! Audience Choice!" Containing Statements Referencing "We Fought" Medical Board Allegations, a "Curveball," and Withheld Litigation "Strategy" and "Next Move"**

(17:58–18:03)

- "2026 is the year of reckoning. …"

- "Some of you b*** that have been f*** with me…"

- "You're going to get a curveball thrown your way"

— Danielle Robertson



The Dani Robertson After Show Cafe! The Secret OPP recording! CPS! Terminations! Audience Choice!

THE AFTER SHOW CAFE

1,508 views  Streamed live on May 23, 2026  #truthtellerdani #aftershowcafe #danirobertson
Tonight on The Dani Robertson After Show Cafe, we're breaking down the BTS Awards results, audience votes, defamation claims, channel terminations, CPS calls, and more.
#truthtellerdani #aftershowcafe #danirobertson