235

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SYBRENA EVANS

        Plaintiff

                               Case No: 5:24-cv-13435
                               Hon. Judith E. Levy

v.                                 Magistrate Judge Elizabeth A. Stafford

DANIELLE ROBERTSON, et al.

        Defendants.

---

## PLAINTIFF'S PROPOSED FIRST AMENDED AND SUPPLEMENTAL COMPLAINT

### (Pursuant to Fed. R. Civ. P. 15(a) and 15(d))

**EXHIBIT A**

---

Plaintiff Sybrena Evans, proceeding pro se, submits this Proposed First Amended and Supplemental Complaint.

## NATURE OF THE CASE

This action arises from Defendant Danielle Robertson's sustained campaign to harass, defame, and professionally harm Plaintiff Sybrena Evans. Since at least April 2022, Defendant has targeted Plaintiff's YouTube channels, UNWINEWITHTEDDY and RunTellThatToo, by filing fraudulent copyright claims, engaging in impersonation, and committing other unlawful acts that resulted in the suspension and termination of both channels.

54

Defendant has also engaged in a pattern of publishing false and defamatory statements about Plaintiff, making fraudulent reports to law enforcement and regulatory agencies, repeatedly impersonating others to file false complaints, publicly disclosing Plaintiff's private divorce records, and willfully exploiting images of Plaintiff captured during a closed, non-public Personal Protection Order ("PPO") hearing held on April 9, 2024. Throughout this period, Defendant also operated through multiple aliases and anonymous online personas while engaging in the conduct alleged herein.

Specifically, although the April 9, 2024 PPO proceeding was closed to the public and expressly prohibited recording or dissemination, Defendant obtained a recording of that hearing from non-party Keva Williams. Defendant then used Plaintiff's likeness from that restricted Michigan proceeding to create, alter, publish, and monetize sexually explicit deepfake images and related content across YouTube and other social media platforms while displaying and promoting Defendant's "$TruthTellerDani" Cash App account in connection with such content. Defendant has openly admitted possessing and using the "Original PPO Zoom Image (Recorded by Non-Party)" while continuing to publish and monetize material derived from it.

Plaintiff asserts specific personal jurisdiction over Defendant regarding the deepfake-related claims. Defendant allegedly used multiple Michigan-sourced images of Plaintiff in connection with the creation and dissemination of deepfake pornography and related manipulated content, including: (1) an image unlawfully captured during a closed Michigan Personal Protection Order ("PPO") proceeding; and (2) images derived from a prior Michigan police wellness-check encounter. Defendant deliberately exploited Plaintiff's likeness obtained through Michigan-based

events and proceedings with malicious intent to humiliate, harass, and injure Plaintiff in this state.

Defendant's conduct further includes filing and soliciting multiple false complaints with the Michigan Department of Licensing and Regulatory Affairs ("LARA"), encouraging third parties to target Plaintiff's medical license, and engaging in a prolonged campaign of cyberbullying, harassment, and reputational attacks directed toward Plaintiff in Michigan. As a result of Defendant's conduct, Plaintiff has suffered severe emotional distress, reputational injury, professional harm, and substantial economic losses.

## JURISDICTION AND VENUE

This Court has **subject matter jurisdiction based on diversity of citizenship** pursuant to 28 U.S.C. § 1332(a). The parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff Sybrena Evans is a citizen of the State of Michigan. Upon information and belief, Defendant Danielle Robertson is a citizen of a state other than Michigan.

This Court has personal jurisdiction over Defendant because she purposefully directed her tortious conduct at Plaintiff in Michigan, causing harm to Plaintiff in this District.

Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in the Eastern District of Michigan. This Court also has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

**THE PARTIES**

Plaintiff Sybrena Evans is a citizen of the State of Michigan and resides in Northville, Michigan. Plaintiff uses the email address evansservicecase13435@protonmail.com for communications in this action.

Defendant Danielle Robertson is, upon information and belief, a citizen of a state other than Michigan. Upon information and belief, Defendant has used addresses and registered agent filings outside Michigan, including in Delaware, Wyoming, California, Oregon, and Arizona. Defendant also caused a certified letter addressed to Plaintiff to be mailed from Phoenix, Arizona while using a Michigan return address. Defendant has used multiple email addresses in connection with the conduct alleged in this action, including danimontana2022@gmail.com and danirobertson@proton.me.

Defendant maintains and has operated multiple social media accounts and online personas, including YouTube channels under the names Dani Robertson, Truth Teller Dani, Dani Montana, and The Messy Lounge (created April 18, 2026), as well as numerous terminated channels including Nothing Without Me, Unhinged With Bundy, The After Show Cafe, Whew Chile The Ghetto, and Dani Monroe. Defendant has also maintained accounts on X (formerly Twitter), Facebook, Instagram, Twitch, TikTok, and Stationhead in connection with the conduct alleged herein.

**NON-PARTY**

Keva Williams, a Michigan resident and the non-party petitioner in the April 9, 2024 Personal Protection Order ("PPO") proceeding, is referenced in this Complaint solely for purposes of

57

factual context, source attribution, and evidentiary completeness. Williams is not named as a Defendant. Allegations concerning Williams are included solely to establish Defendant Danielle Robertson's alleged conduct, knowledge, intent, and liability.

**CLAIMS FOR RELIEF**

**COUNT 1** — Misappropriation of Likeness / Right of Publicity

(*Copyright Infringement Pleaded in the Alternative*)

**COUNT 2** — Defamation and False Light Invasion of Privacy

**COUNT 3** — False Reports and Fraudulent Complaints

**COUNT 4** — Cyberbullying and Harassment

**COUNT 5** — Impersonation and Fraudulent Misrepresentation

**COUNT 6** — Conspiracy to Commit Fraud and Cause Emotional Distress

## COUNT 1

### Misappropriation of Likeness / Right of Publicity

(*Copyright Infringement Pleaded in the Alternative*)

### A. Nature of the Material at Issue

On April 9, 2024, Plaintiff appeared in a closed Personal Protection Order ("PPO") hearing conducted via Zoom, as reflected in the accompanying PPO hearing materials attached to this Proposed Complaint as (Exhibits A, A-1, and A-2). The proceeding was not open to the public. Only the presiding judge, the court clerk, non-party PPO petitioner Keva Williams, Plaintiff Sybrena Evans, and Plaintiff's attorney were authorized participants. The Court expressly prohibited unauthorized recording, reproduction, or dissemination of the hearing and further advised participants that it was unlawful to record the proceeding. Visual iVisual images depicting Plaintiff's likeness were nevertheless captured, reproduced, and later disseminated images depicting Plaintiff's likeness were nevertheless created, captured, reproduced, and later disseminated from this restricted judicial proceeding without Plaintiff's authorization.

### B. Copyright Application and Refusal

On December 20, 2024, Plaintiff submitted an application to the United States Copyright Office for a still image from the April 9, 2024 PPO hearing, Application No. 1-14583975161 (Exhibit B). The Copyright Office refused Plaintiff's registration on December 1, 2025. (Exhibit C).

59

**C. Plaintiff's Protectable Interest in Her Likeness (Pled in the Alternative)**

Plaintiff pleads in the alternative that she holds a protectable interest in her likeness as captured during the closed Personal Protection Order proceeding on April 9, 2024.

The relevant timeline is as follows:

- On November 26, 2025, Defendant Danielle Robertson contacted the U.S. Copyright Office by email requesting intervention concerning Plaintiff's copyright application relating to the April 9, 2024 PPO-derived image material. (Exhibit D).
- On December 1, 2025, Defendant made a second contact with the U.S. Copyright Office by telephone concerning the same application and disputed PPO-derived image material.
- On December 11, 2025, the U.S. Copyright Office responded to Defendant's November 26, 2025 email and request for intervention through email correspondence. (Exhibit E).
- On December 11, 2025, the U.S. Copyright Office notified Plaintiff of Defendant's communications and request for intervention. (Exhibit F).

Defendant unlawfully obtained Plaintiff's likeness from a recording of the closed April 9, 2024 PPO hearing. Although Defendant was not a participant in the proceeding, she used Plaintiff's unaltered facial likeness to create and publish content on YouTube and multiple social media platforms for commercial gain.

These acts form the factual basis for Plaintiff's claims of misappropriation of likeness, false light invasion of privacy, and defamation.

**D. Defendant's Inconsistent Statements and Intervention with Copyright Proceedings**

In her November 26, 2025 email to the U.S. Copyright Office (Exhibit D), Defendant characterized Plaintiff's pending copyright application as a "potentially fraudulent copyright application" and asserted that the PPO hearing footage was "unlawfully obtained." Defendant further stated that "[i]t is unlawful to record any Court Proceeding" and represented that "a third person, not Evans, took or extracted the image from the court hearing."

Defendant additionally requested a § 411(b) review and asserted that Plaintiff had engaged in "material misrepresentation" before the Copyright Office.

However, Defendant did not disclose that she had already obtained, used, manipulated, and publicly disseminated derivative content created from the same PPO-derived material, including cropped facial extracts and composite meme imagery depicting Plaintiff's likeness.

Despite characterizing the recording as unlawfully obtained and improperly fixed by a third party, Defendant later admitted possessing and using the "Original PPO Zoom Image" from the closed April 9, 2024 PPO hearing in connection with publicly disseminated derivative content and later court filings.

**E. Defendant's Unauthorized Acquisition of PPO-Derived Material**

On or about April 10, 2024, Defendant unlawfully obtained video and still images of Plaintiff from the closed April 9, 2024 PPO hearing without Plaintiff's authorization or consent. Upon information and belief, Defendant acquired this restricted material from non-party PPO Petitioner Keva Williams.

61

62

Defendant has expressly acknowledged that Plaintiff was not the source of the material. In her November 26, 2025 email to the U.S. Copyright Office (Exhibit D), Defendant stated that "a third person, not Evans, took or extracted the image from the court hearing."

## F. Unauthorized Use, Alteration, and Distribution

Defendant used Plaintiff's likeness, which was unlawfully captured during the closed April 9, 2024 PPO hearing in the State of Michigan, to create unauthorized content. Specifically, Defendant cropped the background, altered Plaintiff's clothing, and incorporated Plaintiff's unaltered facial likeness into multiple videos, memes, and online posts. Defendant further used the same unlawfully obtained Michigan recording to create and disseminate sexually explicit deepfake images of Plaintiff. Defendant has published and monetized these materials on YouTube and multiple social media platforms and continues to do so in other online forums. (Exhibits G and H).

## G. Defendant's Admissions

In November 17, 2025 court filings and Copyright Office correspondence submitted in connection with this litigation and related copyright proceedings, Defendant identified the source image as the "Original PPO Zoom Image (April 2024 – Recorded by Non-Party)" and asserted that Plaintiff did not record the PPO hearing, create any still frames, or receive rights from the recorder or the court, but instead merely appeared in the footage. (Exhibits I and I-1).

Defendant further characterized the image as having been "extracted" from "sealed PPO imagery" and additionally asserted that the "fixation originated with the court," describing the material as:

- "A court-created recording,"

- "Fixed by the Third Judicial Circuit Court,"

- "Sealed,"

- "Prohibited from being recorded by any party," and

- "Not created, filmed, or authored by Evans."

(As reflected in Exhibit I and shown fully in the correspondence attached as Exhibit D, Page 1)

Defendant also identified and submitted images labeled "Cropped Face Extracted From Original, (Used in Meme)" and "Defendant's Composite Meme (Derivative Work)," depicting the extraction, manipulation, and republication of Plaintiff's likeness from the underlying PPO recording. (Exhibit J).

## H. Plaintiff's Good-Faith Efforts to Stop the Misuse and Defendant's Channel Termination

After discovering that Defendant had unlawfully obtained and misused Plaintiff's likeness from the closed April 9, 2024 PPO hearing, Plaintiff filed multiple good-faith complaints with YouTube, including privacy complaints. YouTube removed the offending videos based on those complaints. Despite receiving notice of the removals, Defendant repeatedly republished the content.

Plaintiff subsequently filed good-faith DMCA copyright takedown requests, identifying the copyrighted work as video images from the "Hearing on Petition for Personal Protection Order" in Case No. 24-13435. Plaintiff expressly stated that the videos contained material from her closed PPO hearing in violation of the Court's order prohibiting any recording of the proceeding.

Defendant acknowledged the prohibited nature of recording the hearing. In her November 26, 2025 email to the U.S. Copyright Office, Defendant stated:

> "The official Notice of Hearing warned all participants… It is unlawful to record any Court Proceeding."

(Exhibit D, Page 2).

Defendant's YouTube channel operating under the name "Dani Montana" was ultimately terminated by YouTube following repeated violations of YouTube's Community Guidelines arising from sustained cyberbullying, harassment, and privacy-related conduct directed at Plaintiff over a period of years. (Exhibit K) includes a thumbnail from Defendant's video titled "Black Tea Sector and Jag Algorithm," published on May 26, 2024, together with Plaintiff's privacy complaints, YouTube takedown notices, and documentation reflecting the video's removal for privacy violations. These materials, attached as (Exhibits K-1 through K-3) and incorporated herein by reference, further demonstrate Defendant's continued publication of targeted content concerning Plaintiff despite repeated platform enforcement actions.

## I. Willfulness and Repeated Violations

Defendant knowingly and willfully used, altered, manipulated, and disseminated Plaintiff's likeness obtained from the closed April 9, 2024 PPO hearing. Despite receiving multiple takedown notices from Plaintiff and repeated removals by YouTube for privacy violations, Defendant continued to re-upload, republish, and further disseminate the content. This repeated conduct demonstrates Defendant's willful disregard for Plaintiff's rights, YouTube's enforcement actions, and the restrictions governing the PPO hearing material.

## J. Damages

As a direct and proximate result of Defendant's knowing, willful, and malicious unauthorized acquisition, alteration, manipulation, and repeated dissemination of Plaintiff's likeness from the closed April 9, 2024 PPO hearing — including the alleged creation and monetization of sexually explicit deepfake content — Plaintiff has suffered and continues to suffer severe emotional distress, anxiety, humiliation, embarrassment, reputational injury, professional harm, and substantial financial losses. Defendant's conduct was intentional, outrageous, and undertaken with reckless disregard for Plaintiff's rights and the foreseeable emotional and reputational harm caused thereby.

## K. Claim for Relief

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and award all available relief under Michigan law, including:

- Injunctive relief permanently enjoining Defendant from any further use, display, publication, dissemination, or monetization of Plaintiff's likeness from the closed PPO hearing or any derivative works;
- An order requiring the immediate destruction or deletion of all copies of the unlawfully obtained images, videos, deepfake content, and related materials;
- Compensatory damages;
- Damages for emotional distress and reputational harm;
- Exemplary damages for Defendant's malicious, willful, and outrageous conduct; and
- Such other and further relief as the Court deems just and proper.

COUNT 2

**Defamation and False Light Invasion of Privacy**

**A. Nature and Scope of Defendant's Publications**

Between April 23, 2022 and December 1, 2025, Defendant Danielle Robertson published and republished numerous false and defamatory statements and unauthorized disclosures of information about Plaintiff across multiple social media platforms, including YouTube, Instagram, X (formerly Twitter), Stationhead, her websites MessyDani.com and ICANTICANT.com, as well as through direct transmissions to governmental agencies and regulatory bodies. At various times, Defendant also utilized "wanted"-style imagery and other targeted publications portraying Plaintiff in a hostile and accusatory manner, effectively branding Plaintiff as a public target rather than engaging in legitimate commentary or debate.

These publications falsely portrayed Plaintiff as a criminal, an unethical and unfit medical professional who engaged in medical malpractice and posed a danger to patients, and as a person of severely flawed character. Defendant further portrayed Plaintiff as mentally unstable and dangerous, maliciously intending to damage Plaintiff's personal reputation, professional standing, career opportunities, and public credibility.

Defendant additionally disclosed or republished sensitive personal and professional information concerning Plaintiff, including information relating to Plaintiff's home address, professional license, and other identifying details, exposing Plaintiff to harassment, threats, humiliation, intimidation, and potential harm. Specific incidents of these defamatory statements, privacy

66

violations, and targeted publications are set forth throughout this Complaint and supported by accompanying exhibits.

## B. Specific Defamatory Statements

On or about October 14, 2023, Defendant published a Change.org petition titled "Prohibit Medical Professionals from Cyberbullying, Harassment, and Doxxing" containing numerous false and defamatory statements concerning Plaintiff. (Exhibit L).

Defendant continued publicly referencing, promoting, and republishing the October 14, 2023 Change.org petition through subsequent livestreams and online publications, including a November 4, 2023 livestream broadcast on the "For The Basics" YouTube channel and additional March 2024 republication-related livestreams and website activity directed toward Plaintiff. (Exhibits L-1 through L-5).

- On November 4, 2023, Defendant broadcast a livestream titled "*Who is Danielle Elizabeth Allen! Sybrena's Petition! Teddy Bundy's Obsession! Black Tea Sector Drama*" on the "For The Basics" YouTube channel, during which Defendant further promoted and discussed the petition concerning Plaintiff. (Exhibit L-1);
- On December 30, 2023, Defendant updated her YouTube channel description to promote the petition and falsely stated that Plaintiff "is currently under investigation." (Exhibit L-2);
- On February 5, 2024, the petition was actively promoted during a jointly promoted livestream. (Exhibit L-3);

67

- On March 24, 2024, Defendant published a new post on her website ICANTICANT.com titled "305 Signatures On Change.org about Unethical Cyber Stalker Sybrena Evans Kenan In Northville Michigan," which included a direct link to the petition and additional defamatory content. (Exhibit L-4); and

- On March 24, 2024, Defendant promoted the petition during a livestream, emphasizing the signatures as validation of her accusations against Plaintiff's professional fitness. (Exhibit L-5).

Among other things, the petition and its republications falsely accused Plaintiff of living a "double life," having an "unhealthy obsession" with Defendant, suffering from a mental illness, spreading lies and conspiracies, teaming up with a "violent criminal," and being "currently under investigation by the Michigan Medical Board" despite knowing the complaint had been closed with no violation found.

The petition also publicly disclosed Plaintiff's home address, business address, and professional license number, and encouraged members of the public to file complaints with Northville Police, submit complaints to LARA, and contact local officials.

On May 26, 2024, in videos titled "*Black Tea Sector and Jag Algorithm SHH Part One*" and "*Black Tea Sector and Jag Algorithm SHH (Edited Version, Part 2)*" Defendant displayed Plaintiff's image from the April 9, 2024 PPO hearing while falsely accusing her of unethical online conduct and unfitness to practice as a licensed physician assistant. (Exhibit M).

On February 20, 2024, Defendant also repeatedly published false statements claiming that Plaintiff abused alcohol, sounded intoxicated during broadcasts, engaged in inappropriate

68

behavior, suffered from mental instability, and was unfit to practice as a licensed medical professional. Plaintiff's counsel was additionally notified regarding Defendant's statements encouraging listeners and viewers to submit reports to Michigan LARA concerning alleged substance abuse and mental health issues involving Plaintiff. (Exhibit N, N-1).

## C. Publication of Private Information and Targeted Ridicule

Defendant first published Plaintiff's private Michigan divorce documents on or about February 23, 2023, as reflected in (Exhibit O), and its related sub-exhibits. Defendant thereafter engaged in multiple affirmative acts of republication of these private materials within the limitations period, including:

- On March 1, 2024, Defendant created and disseminated a "Wanted" poster that depicted Plaintiff wearing only a blue bathrobe for the purpose of public ridicule. (Exhibit O-1); and
- Between March 1, 2024 and March 4, 2024, Defendant republished and cross-promoted Plaintiff's private divorce documents across her YouTube channel, website ICANTICANT.com, and social media accounts. (Exhibits O-2 through O-5).

These republications occurred in conjunction with a livestream video titled "Breaking News: Bundy's Divorce and Skate Rink Lawsuit," in which Defendant mocked Plaintiff's personal life and legal matters.

These acts constitute public disclosure of private facts, false light invasion of privacy, and defamation. They were part of Defendant's sustained campaign to humiliate Plaintiff and damage her reputation and professional standing.

69

### D. 2023–2024 Affirmative Acts of Republication and Renewed Dissemination

Within the limitations period (December 23, 2023 through December 23, 2024), Defendant engaged in multiple discrete affirmative acts of renewed dissemination of previously published defamatory content to new or renewed audiences. These acts include:

- Rebroadcasting the October 2022 police body camera footage;

- Republishing Plaintiff's private Michigan divorce records (originally published February 23, 2023);

- Transmitting prior defamatory materials to LARA in support of licensing complaints (building on the September 12, 2023 complaint); and

- Republishing and actively promoting the October 14, 2023 Change.org petition across YouTube, her website ICANTICANT.com, and livestreams.

### E. False Light and Misuse of Likeness

Defendant Danielle Robertson created, manipulated, published, and disseminated fabricated sexually explicit content and deepfake imagery using Plaintiff's actual likeness without authorization.

### Background Conduct (Evidence of Pattern):

On or about April 8, 2023, Defendant created and distributed explicit deepfake pornography impersonating Plaintiff through a fabricated "OnlyFans" account. In connection with that publication, Defendant stated: "Sybrena corn star, heavy headed Evans will be popular on all the amateur corn sites… make you a celebrity overnight. There goes her legacy." (Exhibit P).

70

**Actionable Conduct Within the Limitations Period:**

The Defendant continued and escalated this pattern. In a May 31, 2024 video titled "*Black Tea Sector: Jaguar Wright 'If It's Up Then It's Stuck*'," Defendant admitted to creating a deepfake image by placing Plaintiff's face — cropped from the unlawfully recorded April 9, 2024 PPO hearing — onto another person's body. (Exhibit P-1).

Defendant explicitly stated:

> "There's one picture of her with her head on a body that's not her body. I put her
> head on this one body. She got unhinged by it and that was the point."

— Danielle Robertson

Defendant further published a sexually suggestive manipulated image created from a cropped screenshot of Plaintiff taken from the closed April 9, 2024 PPO hearing on June 22, 2024. (Exhibit P-2).

These publications did not occur in isolation. Beginning in April 2022, Defendant engaged in an ongoing campaign portraying Plaintiff through fabricated criminal, violent, sexually explicit, deepfake, and psychologically disturbing narratives, including publications falsely depicting Plaintiff as a serial killer, dangerous stalker, mentally unstable individual, or person connected to violent crimes. (Exhibits P-3, P-4, P-6, P-8). Defendant also utilized social media and impersonation-style accounts, including the "Public Awareness To Medical Malpractice" Twitter/X account, to publish false allegations concerning Plaintiff's professional competence. (Exhibit P-5). In or around February 2023, Defendant made public statements intended to

71

damage Plaintiff's personal and professional reputation through harassment, intimidation, and cyberbullying, including inflammatory accusations concerning Plaintiff's deceased brother and republication of his obituary on Defendant's YouTube channel. (Exhibit P-7).

Although certain earlier publications are included as historical background and evidence of Defendant's continuing narrative, motive, malice, and course of conduct, Defendant continued republishing, escalating, and materially expanding similar false portrayals and attacks within the applicable limitations period. Defendant distributed these fabricated and sexually explicit materials across multiple platforms, including YouTube, ICANTICANT.com, X (formerly Twitter), and the fabricated "OnlyFans" website.

Defendant knowingly published this fabricated material with the intent to humiliate, degrade, and publicly ridicule Plaintiff. These actions placed Plaintiff in a highly offensive false light before the public and constituted unauthorized commercial use and misuse of Plaintiff's likeness. Defendant acted intentionally and with full knowledge that the content and portrayals were fabricated, false, and highly offensive, thereby causing Plaintiff severe humiliation, emotional distress, reputational harm, and damage to her personal and professional standing.

## F. Public Disclosure of Private Facts

Defendant publicly disclosed Plaintiff's private and confidential personal information, including her home address, sensitive divorce records, and professional medical license number, without consent and with no legitimate public concern. Defendant deliberately published this information on her YouTube channels, website ICANTICANT.com, and the Change.org petition, and

72

expressly instructed her followers to use it to file complaints with the Michigan Medical Board and local police.

These disclosures were highly offensive to a reasonable person and subjected Plaintiff to severe harassment, threats, and a credible risk of physical harm. As a direct and proximate result, Plaintiff has suffered severe emotional distress, reputational damage, and professional harm.

## G. Contextual Background and Prior Publications

Plaintiff references certain earlier statements and publications not as separate time-barred claims for relief, but as contextual evidence of Defendant's knowledge, notice, motive, course of conduct, refusal to retract, and pattern of repeated republication and amplification of substantially similar accusations and content directed at Plaintiff.

## H. Notice, Retraction Efforts, Refusal, and Misleading Contact Information

On May 31, 2022, prior to initiating this action, Plaintiff, through counsel, transmitted a formal cease-and-desist correspondence to Defendant demanding removal and cessation of defamatory publications, unauthorized use of Plaintiff's likeness and copyrighted materials, misuse of Plaintiff's trademarks, and related online publications appearing on YouTube and other internet platforms. (Exhibit Q). The correspondence was directed to contact and address information then associated with Defendant, including danirobertson2021@gmail.com and 2600 N.W. College Way, Bend, Oregon 97703.

Plaintiff also attempted delivery of the correspondence by certified mail. The certified mailing was returned as undeliverable and/or unable to forward. (Exhibit Q-1 ). Despite receiving notice of Plaintiff's objections, demands, and legal concerns through other communications and subsequent public discussion, Defendant continued publishing, republishing, and amplifying the challenged content.

Thereafter, Defendant publicly mocked Plaintiff's efforts to pursue legal remedies, challenged Plaintiff to initiate legal action while simultaneously maintaining anonymity, and made statements suggesting Plaintiff could not identify or locate her. Defendant also discussed Plaintiff's efforts to obtain "accurate address" and "real person" information for legal and service-related purposes during subsequent livestreams and online publications.

Upon information and belief, Defendant provided inaccurate, misleading, outdated, and/or unusable identifying or address information while simultaneously invoking legal process and threatening litigation-related action against Plaintiff. Defendant further responded with dismissive public remarks, including statements such as "who gon' check me, boo?" while continuing to republish and amplify the challenged material after receiving notice and demands for removal.

## I. Actual Malice and Pattern of Conduct

Defendant Danielle Robertson acted with actual malice. Defendant knew the statements and publications concerning Plaintiff were false, misleading, invasive, highly offensive, and/or materially misleading, or acted with reckless disregard for their truth or falsity, yet deliberately published, republished, redistributed, and amplified them across multiple online platforms.

Defendant's conduct was sustained, escalating, and specifically directed toward Plaintiff. Even after receiving formal notice, cease-and-desist demands, privacy complaints, platform removals, and requests for retraction and removal, Defendant continued republishing substantially similar material and directing new audiences to the challenged content.

## J. Damages

As a direct and proximate result of Defendant's defamatory statements, invasion of privacy, false light publications, misuse of Plaintiff's likeness, and repeated republications, Plaintiff has suffered severe reputational injury, emotional distress, humiliation, embarrassment, professional harm, and economic losses. This includes damage to Plaintiff's reputation and standing as a licensed physician assistant, interference with professional and online business opportunities, lost advertising revenue, lost memberships and subscription income, lost Cash App donations, diminished goodwill, and related financial harm.

Defendant's statements and publications constitute defamation per se because they falsely accused Plaintiff of criminal, unethical, and professionally improper conduct and directly injured Plaintiff in her profession as a licensed physician assistant. Plaintiff is therefore entitled to compensatory damages, exemplary damages, and all other relief permitted by law.

## K. Claim for Relief

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, awarding compensatory damages, exemplary damages, permanent injunctive relief, costs, attorney fees where permitted by law, and such other and further relief as the Court deems just and proper.

## COUNT 3

### False Police Reports, Fraudulent Regulatory Complaints, and Related Republications

#### A. Overview of Defendant's Fraudulent Conduct

Between October 2022 and September 2024, Defendant Danielle Robertson knowingly submitted multiple false reports and fraudulent complaints about Plaintiff to law enforcement agencies, regulatory boards, and governmental organizations, including the Michigan Department of Licensing and Regulatory Affairs (LARA), the Northville Police Department, and Crime Stoppers. These false reports were made with the specific intent to trigger official action, disrupt Plaintiff's life, and damage her professional standing.

#### B. Fraudulent Law Enforcement Reports and Impersonation

On or about October 3, 2022 (Incident No. 22-28031), Defendant impersonated a relative of Plaintiff, identifying herself as "Stacy Evans," and made false statements about Plaintiff's mental health to initiate a fraudulent wellness check. Officers responded and conducted an in-person welfare check, recording body camera footage of Plaintiff in her home. (Exhibit R).

Defendant repeated this conduct on June 13, 2023 (Incident No. 23-15558), again impersonating a relative. On June 15, 2023 (Incident No. 23-15718), Defendant impersonated a neighbor and filed a false animal cruelty report. (Exhibit S). These false reports caused repeated, unwarranted police visits to Plaintiff's residence.

76

**C. Exploitation and Republishing of Michigan Wellness Checks and Police Cam Footage**

After causing these false police responses, Defendant obtained the resulting body camera footage through a FOIA request. Defendant then extracted images and video clips from that footage — prominently featuring Plaintiff in a blue bathrobe inside her home — and publicly posted them on her social media accounts and websites, MessyDani.com and ICANTICANT.com, as well as on her YouTube channel "Unhinged with Bundy."

The original publication of the police wellness check and body camera footage occurred on or about October 13, 2022. (Exhibit T). Despite repeated removals by YouTube for privacy violations, Defendant knowingly re-uploaded and rebroadcast the content multiple times within the limitations period (December 23, 2023 through December 23, 2024). Many of these republications ran on a continuous 24-hour loop for the specific purpose of humiliating Plaintiff. These republications included multiple renewed livestreams, looped videos, and cross-platform promotions. (Exhibits T-1 through T-11).

**D. Regulatory Complaints to the Michigan Department of Licensing and Regulatory Affairs ("LARA") and Renewed 2024 Campaign Against Plaintiff**

Between September 12, 2023, and September 16, 2024, Defendant Danielle Robertson submitted complaints and publicly promoted allegations concerning Plaintiff's physician assistant license to the Michigan Department of Licensing and Regulatory Affairs ("LARA"), Bureau of Professional Licensing, while also encouraging third parties to submit similar complaints and reports against Plaintiff.

77

On or about September 12, 2023, Defendant submitted a complaint to the Michigan Medical Board alleging professional misconduct by Plaintiff. (Exhibit U). Defendant also encouraged members of the public to submit complaints and reports to the Michigan Department of Licensing and Regulatory Affairs ("LARA") concerning Plaintiff's physician assistant license.

Between February 2, 2024 and April 4, 2024, Defendant Danielle Robertson and non-party Keva Williams publicly promoted and amplified allegations concerning Plaintiff's physician assistant license, including allegations of unethical conduct, substance abuse, cyberstalking, doxxing, and professional misconduct, while encouraging complaints and reports to the Michigan Department of Licensing and Regulatory Affairs ("LARA") and the Medical Board. (Exhibits U-1 through U-7).

During this period, non-party Keva Williams repeatedly referenced alleged communications with the Medical Board, Plaintiff's status as a licensed physician assistant in Michigan, and alleged concerns regarding Plaintiff's access to confidential systems and information through her profession.

These statements were made in connection with ongoing allegations of doxxing, cyberstalking, and harassment and overlapped with Defendant Robertson's continued publication and amplification of LARA-related allegations and accusations of professional misconduct directed at Plaintiff.

Plaintiff's allegations concerning the LARA complaints and related communications are based upon the materials presently available to Plaintiff, including public livestreams, videos, related

78

publications, and publicly disclosed statements by Defendant Danielle Robertson and non-party Keva Williams.

Specifically, non-party Keva Williams stated:

- "I have emailed and spoken with the Medical Board about her online behavior…"
- "You don't deserve your medical license… you obviously don't want it."
- "Her behavior is very alarming considering she is a PA and has access to certain medical systems…"
- "I want to make sure… Michigan knows to stay away from your services… You should not be touching babies."

— Non-Party Keva Williams

These statements appear in non-party Keva Williams' Petition for Personal Protection Order ("PPO") and related livestreams published on the YouTube channel "Come Get This Commentary." Plaintiff references these PPO-related materials in this section because they contained statements concerning Plaintiff's physician assistant license, alleged professional misconduct, alleged misuse of confidential information, and related Medical Board and LARA allegations. (Exhibits U-4 and U-5).

On March 6, 2024, during a livestream published on the YouTube channel "Come Get This Commentary," non-party Keva Williams made additional statements concerning Plaintiff's physician assistant license, alleged communications with the Medical Board, alleged reporting efforts, and Plaintiff's professional reputation in Michigan. (Exhibit U-5).

Specifically, non-party Keva Williams stated:

- "I did speak to the medical board..."

- "She is a physician's assistant here in Michigan..."

- "I have been talking to the medical board..."

- "I would make sure that I spread the word that you are a Michigan physician's assistant..."

- "Your reputation in the streets of Michigan will not be fine..."

- "...This is going to be linked in another email to the medical board..."

- "...I'm still in touch with the medical board..."

— Non-Party Keva Williams

After the Bureau of Professional Licensing closed the initial complaint on April 16, 2024, finding no violation of the Public Health Code, additional complaints and related publications concerning Plaintiff's physician assistant license continued throughout 2024.

On April 22, 2024, non-party Keva Williams submitted an additional complaint concerning Plaintiff's physician assistant license and alleged professional misconduct to the Michigan Department of Licensing and Regulatory Affairs ("LARA"). (Exhibit U-9).

On April 23, 2024, Defendant publicly displayed Williams's LARA complaint during a livestream titled "Black Tea Sector: Pathological Liars and Scammers" and encouraged additional complaints concerning Plaintiff's physician assistant license. (Exhibit U-10).

Defendant continued publicly promoting allegations concerning Plaintiff's professional conduct and physician assistant license throughout 2024, including additional publications, regulatory complaints, and related online activity directed toward the Michigan Department of Licensing and Regulatory Affairs ("LARA") and the Michigan Medical Board. Specifically:

- February 2, 2024: Non-party Keva Williams published a livestream titled "Exposed: Licensed Michigan Physician's Assistant Doxing — Protect Yourself Now!!" displaying Plaintiff's image and containing statements concerning Plaintiff's physician assistant license, alleged doxxing, and alleged professional misconduct. (Exhibit U-2).

- February 20, 2024: Defendant Danielle Robertson's "Dani Montana" YouTube post encouraged anonymous complaints to Michigan LARA alleging substance abuse, mental illness, and professional misconduct by Plaintiff. (Exhibit U-3).

- February 27, 2024: Non-party Keva Williams filed a Petition for Personal Protection Order ("PPO") containing statements concerning Plaintiff's physician assistant license and alleged professional misconduct. (Exhibit U-4).

- March 6, 2024: Non-party Keva Williams published a livestream referencing Plaintiff's physician assistant license, Medical Board communications, alleged reporting efforts, and Plaintiff's professional reputation in Michigan. (Exhibit U-5).

- April 2, 2024: Non-party Keva Williams published a video titled "Beware Of The YouTuber She Will Dox You" containing statements concerning Plaintiff's professional conduct, mental health, and alleged access to confidential medical information through Plaintiff's role as a Michigan Physician Assistant. (Exhibit U-6).

- April 2, 2024: Defendant published a post titled "Sybrena Evans Kenan: Northville, Michigan!" accusing Plaintiff of stalking and unethical conduct while referencing Plaintiff's

81

status as a Physician Assistant and the upcoming April 9, 2024 PPO hearing. (Exhibit U-7).

- April 16, 2024: The Michigan LARA Bureau of Professional Licensing issued correspondence stating that no violation of the Public Health Code could be substantiated. (Exhibit U-8).

- April 22, 2024: Non-party Keva Williams submitted a follow-up complaint to Michigan LARA after closure of the prior complaint against Plaintiff. (Exhibit U-9).

- April 23, 2024: Defendant displayed non-party Keva Williams' LARA complaint during a livestream and encouraged additional complaints concerning Plaintiff's physician assistant license. (Exhibit U-10).

- May 26, 2024 through June 9, 2024: Defendant published multiple YouTube videos discussing regulatory complaints while displaying and referencing the PPO Zoom image. (Exhibit U-11).

- June 11, 2024: Defendant submitted an additional complaint to the Michigan Medical Board concerning Plaintiff. (Exhibit U-12).

- July 28, 2024: Defendant published statements referencing a new Medical Board complaint and allegations of "attacks" and "unethical" conduct by Plaintiff. (Exhibit U-13).

- August 12, 2024: Defendant publicly referenced submitting "200 Pages" of materials to the Michigan Medical Board and creating "Permanent Internal Records" concerning allegations against Plaintiff. (Exhibit U-14).

- September 16, 2024: Defendant publicly posted and commented on Michigan LARA correspondence while repeating allegations concerning alcohol abuse, unethical conduct, and professional misconduct by Plaintiff. (Exhibit U-15).

82

Plaintiff alleges these repeated complaints, republications, and related public statements were intended to encourage regulatory scrutiny of Plaintiff's physician assistant license and amplify allegations of professional misconduct.

The incorporation of PPO hearing imagery and other previously published materials into these 2024 regulatory submissions and related publications constitutes new acts of publication within the limitations period.

These post-April 2024 submissions to LARA, Defendant's republication of related materials, and Defendant's public solicitations encouraging third parties to submit complaints constitute new and independently actionable publications within the limitations period.

Plaintiff further alleges Defendant acted with knowledge of falsity, reckless disregard for the truth, and actual malice in continuing to publicly promote allegations of professional misconduct against Plaintiff despite prior closure of the initial LARA complaint and continued republication and removal activity involving related materials.

As a direct and proximate result of these actions, Plaintiff alleges she suffered substantial harm to her professional reputation, continued jeopardy to her physician assistant license, and related reputational and financial harm.

**E. Defendant's May 31, 2024 Admissions Demonstrating Malicious Intent to Destroy Plaintiff's License and Reputation**

On May 31, 2024, in a video titled *"Black Tea Sector: Jaguar Wright 'If It's Up Then It's Stuck',"* Defendant made numerous statements revealing her malicious intent to harm Plaintiff's professional license, reputation, and livelihood. These statements include:

(2:20:55–2:50:25)

- "You know who checked you boo? The licensing board checked you boo."
- "The licensing board checked Teddy Bundy."
- "You were checked by the medical board… And you're going to be checked again by the medical board…"
- "You're going to be checked by the medical board. Check to see your behavior. You're delusional, unethical, lack decorum, lack of good behavior, ma'am."
- "Who gon' mfk*** check me?"
- "I have no choice but to retaliate and respond…"

— Danielle Robertson

These statements, made shortly after Defendant's renewed LARA-related activity, further demonstrate her malicious intent and continuing efforts to weaponize regulatory complaints and public attacks against Plaintiff.

84

**F. Intent, Knowledge, and Pattern of Conduct**

Defendant's actions were not isolated incidents. Defendant knowingly and repeatedly filed false complaints with law enforcement and regulatory agencies (including LARA), impersonated others, caused official investigations and actions based on those falsehoods, and then exploited the resulting official records by republishing them on her platforms. Defendant also actively encouraged and solicited third parties to join in the harassment by filing additional false complaints.

This continuous, escalating, and coordinated pattern of conduct demonstrates a deliberate and malicious scheme to misuse governmental and regulatory processes as weapons to harm Plaintiff's reputation, professional license, and livelihood.

**G. Damages**

As a direct and proximate result of Defendant's false reports, fraudulent regulatory complaints, abuse of process, and repeated republication of defamatory materials, Plaintiff has suffered:

- Repeated unwarranted police interventions at her home;
- Severe emotional distress, anxiety, fear, embarrassment, and humiliation;
- Significant reputational harm;
- Professional injury and ongoing regulatory scrutiny;
- Jeopardy to her active Physician Assistant license; and
- Substantial financial losses.

85

Defendant's repeated publication and broadcast of body-camera footage depicting Plaintiff inside her home, including footage showing Plaintiff wearing a blue bathrobe has caused Plaintiff ongoing anxiety, humiliation, and substantial disruption to her daily life and sense of security.

## H. Claim for Relief

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and award:

- Compensatory damages in an amount to be determined at trial;
- Exemplary and/or punitive damages for Defendant's malicious and willful conduct;
- Injunctive relief prohibiting Defendant from further harassment, false reporting, and publication of defamatory materials;
- Attorney's fees and costs as allowed by law; and
- Any other and further relief the Court deems just and proper.

**COUNT 4**

**Cyberbullying and Harassment**

**A. Nature and Scope of Harassing Conduct**

From July 2022 through November 2024 and continuing thereafter, Defendant Danielle Robertson (also known as Dani Montana) engaged in a deliberate, sustained, and escalating campaign of cyberbullying and harassment against Plaintiff Sybrena Evans. While some conduct began earlier, Defendant's unlawful actions continued and intensified during the limitations period (December 23, 2023 through December 23, 2024 and beyond) through repeated republication of private PPO hearing materials, new fraudulent filings, and coordinated attacks. These acts were intentional and designed to destroy Plaintiff's online presence, damage her professional and personal reputation, and interfere with her livelihood.

**B. Repeated Republication and Exploitation of Private PPO Hearing Materials During the 2024 Limitations Period**

Defendant repeatedly republished and exploited private materials from Plaintiff's April 9, 2024 Michigan PPO hearing during the limitations period. Specific instances include:

- April 10, 2024: Livestream titled "*Black Tea Sector: Teddy Bundy! The Real Tea,*" publicly discussing alleged non-public PPO hearing details, characterizing the hearing outcome, referencing Plaintiff's professional license, and displaying screenshots from the PPO proceedings. (Exhibit V).

- April 23, 2024: Livestream segment in which Defendant discussed Plaintiff's PPO hearing, described Plaintiff's physical appearance in degrading terms, referenced complaints filed with the Michigan licensing board, and attributed the submission of licensing-related materials to unnamed third parties. (Exhibit W).
- April 24, 2024: Livestream "Black Tea Sector: Pathological Liars & Scammers," publicly displaying the April 22, 2024 LARA complaint filed against Plaintiff, discussing Plaintiff's PPO proceedings and alleged conduct, and referencing third-party submission of licensing-related complaints and materials. (Exhibit X).
- May 26, 2024 – October 30, 2024: Multiple additional social media posts, livestreams, reposts, and related publications continuing to discuss the "Miss Evans" PPO hearing image while making allegations of criminal behavior. (Exhibits Y, Z, AA, BB, CC).

These repeated republications of private court materials during the limitations period constitute fresh and independently actionable publications.

## C. Fraudulent Copyright Claims and Platform Abuse (2024)

March 2, 2024, Defendant filed a fraudulent claim with the Copyright Claims Board. (Exhibit DD). On October 18, 2024, YouTube reinstated thirteen of Plaintiff's videos after determining Defendant's claims were invalid and issued her a formal warning. (Exhibit EE).

Following the termination of Defendant's YouTube channel for failure to respond regarding a false copyright claim, Defendant "porn bombed" Plaintiff's YouTube channel with sexually explicit channel graphics while trolling Plaintiff under the alias "Whitney Jamison." (Exhibit FF).

## D. Incitement of Third-Party Harassment

Defendant used her platforms throughout 2024 to encourage her audience to harass Plaintiff by publishing false and inflammatory allegations tied to the PPO proceedings and LARA complaints. This conduct foreseeably resulted in coordinated third-party harassment.

## E. Express Intent and Monetization

From May 2022 through December 2024, Defendant monetized a sustained online campaign targeting Plaintiff through YouTube and other social media platforms, including content containing defamatory, harassing, and disparaging statements concerning Plaintiff. Defendant publicly expressed an intent to damage Plaintiff's reputation and continued conduct consistent with that stated intent throughout 2024. During the limitations period, Defendant profited from the content through advertising revenue, viewer engagement, and solicitations directed to the "$TruthTellerDani" Cash App account.

## F. Pattern, Intent, and Escalation

Despite platform warnings, content removals, and channel terminations, Defendant persisted and escalated her conduct during the limitations period. This ongoing, willful pattern demonstrates a deliberate and malicious campaign of cyberbullying and harassment.

## G. Damages

As a direct and proximate result of Defendant's cyberbullying, fraudulent copyright claims, republication of private materials, and incitement of harassment during the limitations period, Plaintiff has suffered:

- Termination of her YouTube channels and substantial loss of income;

- Severe emotional distress, anxiety, fear, embarrassment, and humiliation;

- Significant reputational harm;

- Interference with her livelihood and business expectancy; and

- Ongoing disruption to her personal and professional life.**H. Claim for Relief**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and award:

- Compensatory damages in an amount to be determined at trial;

- Exemplary and/or punitive damages for Defendant's malicious and willful conduct;

- Injunctive relief prohibiting Defendant from further harassment, false copyright claims, and publication of defamatory or private materials;

- Attorney's fees and costs as allowed by law; and

- Any other and further relief the Court deems just and proper.

## COUNT 5

**Impersonation and Fraudulent Misrepresentation**

**A. Overview**

From 2023 through 2024 and continuing thereafter, Defendant Danielle Robertson engaged in a course of conduct involving the use of aliases, anonymity, and misleading representations in communications with third-party platforms, including YouTube. Plaintiff alleges that Defendant used such representations and concealment tactics to initiate enforcement actions against Plaintiff's content and accounts.

**B. Specific Misrepresentations to Third Parties – Whitney Jamison Impersonation**

During the limitations period,beginning October 15, 2024, multiple copyright complaints were submitted to YouTube under the name "Whitney Jamison" (email: whitneylj1992@gmail.com), falsely identifying the complainant as the purported owner of custom thumbnails  used in Plaintiff's videos.

In reliance on these representations, YouTube removed Plaintiff's content and terminated Plaintiff's YouTube channels, "UNWINEWITHTEDDY" and "RunTellThatToo." (Exhibit GG).

Following Plaintiff's complaints and YouTube's internal review, YouTube determined that at least three of these strikes resulted from fraudulent takedown notices and, on October 19, 2024, reinstated Plaintiff's channels and content. (Exhibit HH).

Plaintiff alleges, upon information and belief, that Defendant was responsible for submitting or causing these fraudulent complaints under the name "Whitney Jamison," and that such conduct constitutes false and misleading representations to third-party platforms.

Plaintiff further alleges that, prior to the limitations period, similar complaints were submitted using false or misleading identifying information, including representations purporting to be made on behalf of third parties such as "NoseyHeauxLive," Sybille Titeux de la Croix, and Danielle Elizabeth Allen. (Exhibits II, JJ, and KK). While these earlier instances fall outside the applicable limitations period, they are included to demonstrate Defendant's knowledge, intent, and pattern of operation.

## C. Use of Anonymity, Aliases, and Evasiveness

Plaintiff further alleges that Defendant used multiple aliases, pseudonymous accounts, and privacy-protective mechanisms in connection with the conduct described above. Plaintiff alleges that such anonymity and evasiveness enabled the submission of the alleged misrepresentations while avoiding immediate identification and accountability.

## D. Statements Reflecting Intent and Awareness

Plaintiff further alleges that Defendant made public statements, including "People will see whatever I want them to see" and "I will control the narrative," in temporal proximity to the conduct described above. Plaintiff alleges that these statements reflect Defendant's awareness of, and intent regarding, the impact of her actions on Plaintiff's content and reputation.

92

## E. Falsity, Knowledge, and Intent

Plaintiff alleges that the identifying information and representations described above were false or misleading at the time they were made, and that Defendant knew, or acted with reckless disregard for the truth, that such representations were inaccurate. Plaintiff further alleges that Defendant made these representations with the intent that platforms would rely on them when evaluating and enforcing claims against Plaintiff.

## F. Actual Reliance and Resulting Harm

Online platforms, including YouTube, relied upon the accuracy of those representations when determining whether to remove or restrict Plaintiff's content. As a direct and proximate result of Defendant's conduct, Plaintiff suffered:

- Loss of access to content and platform functionality;
- Reputational harm;
- Disruption to Plaintiff's online presence and business activities;
- Loss of income and economic opportunity; and
- Emotional distress.

## G. Claim for Relief

WHEREFORE, Plaintiff respectfully requests that this Court:

- Enter judgment in favor of Plaintiff on this Count;
- Award compensatory damages in an amount to be determined at trial;

93

94

- Award punitive or exemplary damages to the extent permitted by law based on willful or reckless conduct;

- Grant appropriate injunctive relief prohibiting Defendant from submitting false or misleading complaints or representations to third-party platforms concerning Plaintiff, including through the use of aliases or anonymity; and

- Grant such other and further relief as the Court deems just and proper.

## COUNT 6

**Conspiracy to Commit Fraud and Cause Emotional Distress**

**A. Overview**

100.  Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein. At all relevant times, non-party Keva Williams acted as a moderator and online associate of Defendant Danielle Robertson, participating in livestream activities, online discussions, and amplification of narratives concerning Plaintiff.

101.  Defendant Danielle Robertson and non-party Keva Williams acted in concert pursuant to a shared understanding, agreement, and coordinated course of conduct relating to the PPO proceeding and the subsequent dissemination and exploitation of PPO-derived material concerning Plaintiff.

**B. Chronological Sequence of Coordinated Conduct**

102.   On February 2, 2024, non-party Keva Williams published a livestream titled *"Exposed: Licensed Michigan Physician's Assistant Doxing — Protect Yourself Now!!"* containing commentary concerning Plaintiff's Physician Assistant license, alleged "doxxing," and professional conduct, including statements portraying Plaintiff as a "dangerous licensed Michigan physician assistant." During the livestream, Williams displayed an image of Plaintiff wearing a blue bathrobe that had previously appeared in Defendant Robertson's wellness-check-related broadcasts, reflecting coordinated use and dissemination of the same media material concerning Plaintiff. (Exhibit LL).

95

103.  On February 27, 2024, non-party Keva Williams filed a Petition for Personal Protection Order ("PPO") against Plaintiff, together with a Notice of Hearing, Issuance of April 9, 2024 Electronic Hearing Information and Order Denying ("PPO"), which have been marked as (LL-1, LL-2, LL-3 and LL-4).

104.  On March 24, 2024 — before service of the PPO petition was even completed — Defendant Robertson publicly stated in a livestream that "there's going to be another thing coming up," that "it's going to be another public record," and that it was "going to be something totally different and totally shocking and totally surprising" that "will also be added to the real truth about Sybrena Evans," while stating that Plaintiff is "notorious," "unethical," and "should be called out." (Exhibit NN).

105.  In the same March 24, 2024 livestream, Defendant Robertson stated she was acting "behind the scenes," planning things out in a "calculated" and "methodical" manner, that she was "always a few steps ahead," and that "everything is according to plan." (Exhibit OO).

106.  On April 3, 2024, less than one week before the April 9, 2024 hearing, Robertson publicly identified the exact hearing date, confirmed with the court that the hearing remained scheduled, and stated that Plaintiff was required to participate — details not available to the general public. (Exhibit QQ).

107.  Between April 3 and April 4, 2024, Robertson used collective language such as "what we did for Bundy...to get her served" when discussing service attempts at Plaintiff's residence, indicating joint participation in the process. In the same period, while referring to Plaintiff as "Bundy," Defendant Robertson stated that the restraining order against Plaintiff "is going to be

public record," that Plaintiff's name would come up as a respondent in a cyberstalking restraining order, and that she hoped this would be the "first of many" so that Plaintiff would face "real life consequences." (Exhibit PP).

108. On April 5, 2024, Plaintiff sent a pre-hearing notification to the Court regarding coordinated activity between non-party Keva Williams and Defendant Danielle Robertson. (Exhibit MM).

109. On April 10, 2024, within hours of the closed, non-public PPO hearing, Robertson published a livestream disclosing non-public details from the proceeding. (Exhibit RR). Because the proceeding was closed and restricted to the presiding judge, court staff, Plaintiff, Plaintiff's counsel, and the non-party PPO petitioner Keva Williams, Defendant Robertson had no authorized access to the hearing or its contents.

110. On April 23, 2024, Defendant Robertson published a livestream in which she publicly displayed the LARA complaint response sent to non-party Keva Williams. While displaying the document on screen, Robertson stated that "they filed a claim against Sybrena to the board" and encouraged viewers by saying other people could reach out to her for Plaintiff's information "to file lawsuits, to file a restraining order, to file whatever" they needed. (Exhibit SS).

**C. Post-Filing Admissions Regarding the "Original PPO Zoom Image"**

111. On November 17, 2025, Defendant Robertson admitted in court filings that she possessed the "Original PPO Zoom Image" captured during the April 9, 2024 closed, non-public PPO hearing. She expressly stated the image was "Recorded by Non-Party" and confirmed that Plaintiff was not the source. (Exhibit TT). On November 21, 2025, Defendant made additional related admissions regarding the same "Original PPO Zoom Image." (Exhibit UU).

97

Defendant further admitted creating a digital composite/derivative meme using Plaintiff's likeness extracted from the original image. Defendant publicly released this derivative meme on May 26, 2024 and identified her own composite as Exhibit G4 in those filings. (Exhibit VV). In those filings, Defendant admitted:

"The image … is not a photograph [Plaintiff] created, but a digital composite generated by Defendant for commentary. …Defendant removed that face, inserted Plaintiff's face, and performed digital adjustments to lighting, tint, and context, pairing the image with commentary. …These elements establish that the work is derivative and highly transformed."

## D. Supplemental 2026 Statements Reflecting Coordinated Conduct and Litigation Strategy

112. In a May 23, 2026 livestream titled "The Dani Robertson After Show Cafe! The Secret OPP Recording! CPS! Terminations! Audience Choice!" published on Defendant Danielle Robertson's YouTube channel "The After Show Cafe," Defendant discussed Plaintiff's remaining claim involving alleged false reports to the Michigan Medical Board, referenced non-party Keva Williams' online platform "Come Get This Commentary," referenced a forthcoming "curveball," and discussed withheld litigation "strategy" and "next move." During the livestream, Defendant further stated that Plaintiff alleged that "me and Come Get This Commentary" "fought" false reports against her on the medical board. Defendant additionally stated that if Plaintiff's remaining claim proceeded, "there's going to be a curveball that she doesn't expect and no one will expect," while later stating that she could only disclose information when others could not "know my next move or my next strategy" concerning the litigation. (Exhibit WW).

98

## D. Meeting of the Minds

113. Taken together, the foregoing facts give rise to a plausible inference that Defendant Danielle Robertson and non-party PPO petitioner Keva Williams acted pursuant to a shared objective and mutual understanding to initiate, advance, weaponize, and publicly exploit the PPO proceeding and related accusations against Plaintiff through coordinated legal, reputational, and media-based conduct, including:

- Non-Party Keva Williams files a Petition for Personal Protection Order ("PPO") against Plaintiff (¶ 103);

- Defendant's anticipation of a new "shocking" and "surprising" public record (¶ 104);

- Her statements about acting "behind the scenes," planning in a "calculated" and "methodical" manner…"according to plan"(¶ 105);

- Prior knowledge of the exact April 9, 2024 hearing date before it was public (¶ 106);

- Use of collective language ("What we did for Bundy…to get her served") and calls for "real life consequences" (¶ 107);

- Immediate post-hearing dissemination of non-public details from the closed proceeding (¶ 109);

- Public display of the LARA complaint response sent to non-party Keva Williams and encouragement of additional complaints (¶ 110); and

- Defendant's November 17 and November 21, 2025 admissions that she possessed the "Original PPO Zoom Image" recorded by a non-party, along with her admission that she created a digital composite/derivative meme using Plaintiff's likeness from the closed hearing (¶ 111).

99

- Defendant's later May 23, 2026 livestream statements asserting that "Me and Come Get This Commentary" "fought" false reports against her on the medical board, referencing the YouTube persona/channel Plaintiff associates with non-party PPO petitioner Keva Williams, while also discussing an upcoming "curveball" and withheld litigation "strategy" and "next move" contingent upon the outcome of Plaintiff's remaining claim (¶ 112).

These facts, derived largely from Defendant's own contemporaneous statements and later court admissions, provide additional support for a reasonable inference of a "meeting of the minds."

### E. Specific Personal Jurisdiction

114. Plaintiff asserts that this Court has specific personal jurisdiction over Defendant Robertson with respect to this conspiracy claim. The conspiracy was directed at, and substantially performed in, the State of Michigan. The underlying PPO hearing occurred in a Michigan courtroom. The image at issue was unlawfully captured during that closed Michigan proceeding.

Defendant obtained and used a still image from the April 9, 2024 PPO hearing that originated from non-party Keva Williams. Defendant then used that Michigan-sourced material to create and disseminate harmful content with the foreseeable effect of injuring Plaintiff in Michigan. These purposeful contacts with the forum state satisfy due process requirements.

100

**F. Underlying Tortious Acts**

115. In furtherance of the conspiracy, Robertson and Williams engaged in a series of overt and unlawful acts, including defamation, false light invasion of privacy, misappropriation of likeness, and tortious interference with Plaintiff's professional relationships.

These acts included, but were not limited to, making false and defamatory statements about Plaintiff in public livestreams, publicly disclosing non-public court information obtained through their coordinated efforts, and encouraging third parties to file complaints against Plaintiff with regulatory bodies such as LARA.

**G. Damages**

116. As a direct and proximate result of Defendants' conspiracy and the overt acts committed in furtherance thereof, Plaintiff has suffered severe and continuing harm, including substantial reputational damage, severe emotional distress, interference with her professional medical license, loss of income and business opportunities, and other economic losses. These harms were foreseeable consequences of Defendants' coordinated campaign to publicly humiliate and professionally harm Plaintiff.

**H. Claim for Relief**

117. WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant Danielle Robertson on this Count, award compensatory damages in an amount to be proven at trial, award exemplary and punitive damages for Defendants' willful,

malicious, and reckless conduct, grant appropriate injunctive relief, and grant such other and further relief as the Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant as follows:

## A. Injunctive Relief

A permanent injunction prohibiting Defendant Danielle Robertson, and any persons acting in concert with her, from:

- Creating, reproducing, altering, publishing, distributing, or disseminating any images, videos, or audiovisual content derived from the April 9, 2024 closed PPO hearing without Plaintiff's express written consent;
- Publishing or republishing any manipulated, altered, or deepfake images or videos depicting Plaintiff;
- Engaging in any further harassment, false reporting, or impersonation directed at Plaintiff.

**B. Monetary Relief**

Plaintiff seeks damages to be proven at trial as follows:

**Count 1** – Misappropriation of Likeness / Right of Publicity (Pleaded in the Alternative): $550,000

**Count 2** – Defamation and False Light Invasion of Privacy: $500,000

**Count 3** – False Reports and Abuse of Process: $300,000

**Count 4** – Harassment, Platform Abuse, and Tortious Interference: $250,000

**Count 5** – Impersonation and Fraudulent Misrepresentation: $200,000

**Count 6** – Civil Conspiracy: $500,000

**C. Attorney's Fees and Costs**

An award of reasonable attorney's fees and costs, including fees under 17 U.S.C. § 505.**D.**

**Additional Relief**

Such other and further relief as the Court deems just and proper.

103

**CERTIFICATION PURSUANT TO FED. R. CIV. P. 11**

By signing below, I certify that to the best of my knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, this Complaint:

(1) is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my mailing address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in dismissal of my case.

Date: May 29, 2026

Signature of Plaintiff: _____

**DECLARATION OF SYBRENA EVANS**

**IN SUPPORT OF PLAINTIFF'S PROPOSED FIRST AMENDED AND SUPPLEMENTAL**

**COMPLAINT  (Pursuant to Fed. R. Civ. P. 15(a) and 15(d))**

1.  I am the Plaintiff in this action and submit this Declaration in support of the Proposed First Amended and Supplemental Complaint.

2.  The amended portions of the Proposed First Amended and Supplemental Complaint reorganize, clarify, and consolidate factual allegations previously presented to the Court regarding Defendant Danielle Robertson's alleged defamation, republication, reputational-harm, and LARA-related conduct, including allegations relating to the April 9, 2024 Michigan Personal Protection Order ("PPO") proceeding, Defendant's subsequent acquisition and use of restricted PPO-derived material, Defendant's alleged coordinated conduct with Michigan non-party PPO petitioner Keva Williams, and Defendant's alleged 2023–2024 republications occurring within the applicable limitations period, including allegations involving the Change.org petition, police wellness-check imagery, divorce-related publications, LARA-related publications, and accusations of unethical conduct, professional misconduct, and medical malpractice directed at Plaintiff's physician assistant license.

3.  The supplemental portions of the Proposed First Amended and Supplemental Complaint include additional facts, admissions, and later-occurring events arising after the filing of the original complaint and Plaintiff's prior motion to supplement, including Defendant's November and December 2025 filings acknowledging possession and use of the "Original PPO Zoom Image" recorded during the closed April 9, 2024 PPO hearing, together with Defendant's later May 23, 2026 livestream statements concerning alleged

105

coordinated conduct, litigation "strategy," and an upcoming "curveball" contingent upon the outcome of Plaintiff's remaining claim.

4. The amended and supplemental allegations are organized as a unified chronological timeline derived from Defendant's own recorded statements, court filings, livestreams, publications, and related exhibits preserved by Plaintiff. The allegations are presented in a unified and organized manner to address the deficiencies identified in (ECF No. 137) concerning the factual basis for a plausible inference of coordinated conduct and a "meeting of the minds," while also consolidating the surviving republication and reputational-harm allegations addressed throughout (ECF Nos. 75 and 138).

5. On April 9, 2024, I appeared in a closed, non-public Personal Protection Order ("PPO") hearing conducted via Zoom. The only participants present during the proceeding were the judge, court staff, the non-party PPO petitioner Keva Williams, Plaintiff, and Plaintiff's counsel. The hearing was not open to the public, and the Court prohibited unauthorized recording, reproduction, or dissemination of the proceeding.

6. The factual allegations in Count 6 of the Proposed First Amended and Supplemental Complaint are supported by the following chronological sequence of coordinated conduct between Defendant and non-party Keva Williams:

- February 2, 2024 — Non-Party Keva Williams' Livestream Broadcast *"Exposed: Licensed Michigan Physician's Assistant Doxing — Protect Yourself Now!!"* and Coordinated Use of Plaintiff's Image (¶ 102; Exhibit LL)

- February 27, 2024 — Petition for Personal Protection Order ("PPO") Filed by Non-Party Keva Williams Against Plaintiff, Notice of Hearing, Issuance of April 9,

2024 Electronic Hearing Information and Order Denying Petition For Personal Protection Order (¶ 103; Exhibit L-1, L-2, L-3 and LL-4);

- March 24, 2024 — Defendant's anticipation of a new "shocking" and "surprising" public record to be added about Plaintiff (¶ 105; Exhibit MM);

- March 24, 2024 — Defendant's statements announcing she was acting "behind the scenes," planning in a "calculated" and "methodical" manner, that she was "always a few steps ahead," and that "everything is according to plan" (¶ 106; Exhibit NN);

- April 3, 2024 — Defendant's statements showing prior knowledge of the exact April 9, 2024 hearing date before it was public (¶ 108; Exhibit OO);

- April 3–6, 2024 — Defendant's statements reflecting advance awareness of service efforts, collective references concerning service execution ("what we did for Bundy...to get her served"), and procedural coordination surrounding the advancement of the PPO proceeding against Plaintiff (¶ 107; Exhibit PP);

- April 5, 2024 — Plaintiff's Pre-Hearing Notification to the Court Regarding Coordinated Activity Between Defendant Danielle Robertson and Non-Party Keva Williams (¶ 104; Exhibit QQ);

- April 10, 2024 — Defendant's immediate post-hearing dissemination of non-public details from the closed PPO proceeding (¶ 109; Exhibit RR); and

- April 23, 2024 — Defendant's livestream publicly displaying the LARA complaint response sent to non-party Keva Williams while encouraging others to file their own complaints to the Michigan Medical Board (¶ 110; Exhibit SS).

107

- November 17, 2025 — Defendant's filings (ECF No. 109) admitting possession of the "Original PPO Zoom Image" from the closed hearing, expressly stating it was "Recorded by Non-Party" and confirming that Plaintiff was not the source. (Exhibit ¶ 111; Exhibit TT ).

- November 21, 2025 — Defendant's filings (ECF No. 114), admitting possession of the "Original PPO Zoom Image" from the closed hearing, expressly stating it was "Recorded by Non-Party" and confirming that Plaintiff was not the source; ( ¶ 111; Exhibit UU)

- November 17, 2025 — Defendant's court filings of her May 26, 2024 digital composite/derivative meme, filed as G4 created using Plaintiff's likeness from the unlawfully recorded PPO hearing (¶ 111; Exhibit VV).

- May 23, 2026 — Defendant's Livestream *"The Dani Robertson After Show Cafe! The Secret OPP recording! CPS! Terminations! Audience Choice!"* Statements Referencing "We Fought" Medical Board Allegations, a Future "Curveball," and Withheld Litigation Strategy (¶ 112; Exhibit WW).

7. Taken together, the foregoing chronological allegations, Defendant's contemporaneous statements, later court admissions, and supplemental livestream statements form the factual basis for Plaintiff's allegation in (¶ 113) that Defendant Danielle Robertson and non-party PPO petitioner Keva Williams acted pursuant to a shared objective and mutual understanding to initiate, advance, and publicly exploit the PPO proceeding and related accusations against Plaintiff.

8. I seek relief in this action based upon Defendant Robertson's independent acts, including Defendant's alleged unauthorized acquisition, alteration, manipulation,

108

publication, and dissemination of Plaintiff's likeness and related PPO-derived material, including alleged use of manipulated or composite imagery depicting Plaintiff.

9. The facts stated herein are based on my personal knowledge, review of recordings and court filings, and materials maintained in the ordinary course of this litigation.

10. If called as a witness, I could and would competently testify to the facts stated herein.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 29, 2026, in Northville, Michigan.

Sybrena Evans

Plaintiff, Pro Se

**CIVIL COVER SHEET**

I. (a) PLAINTIFFS
Sybrena Evans

(b) County of Residence of First Listed Plaintiff   Wayne

(c) Attorneys

DEFENDANTS
1. Jane Doe, also known as Danielle Robertson, Dani Robertson, Dani Montana, Truth Teller Dani, Lori Davis and Danielle Robertson; I14   2. Jane Does I-10 including John Doe

County of Residence of First Listed Defendant

Attorneys (If Known)

II. BASIS OF JURISDICTION

III. CITIZENSHIP OF PRINCIPAL PARTIES

IV. NATURE OF SUIT

V. ORIGIN

VI. CAUSE OF ACTION
17 U.S.C. § 301(a); 17 U.S.C. § 41(a)
Copyright Infringement Pleaded in the Alternative 17 U.S.C. § 41(a); Misappropriation of Likeness, right of Publicity

VII. REQUESTED IN COMPLAINT:
JURY DEMAND: No

VIII. RELATED CASE(S) IF ANY

DATE
May 18, 2026

FOR OFFICE USE ONLY

Date: May 29, 2026_____

110

## PURSUANT TO LOCAL RULE 83.11

1.        Is this a case that has been previously dismissed?        ☐ Yes
                                                                    ■ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


2.        Other than stated above, are there any pending or previously
          discontinued or dismissed companion cases in this or any other        ☐ Yes
          court, including state court? (Companion cases are matters in which    ■ No
          it appears substantially similar evidence will be offered or the same
          or related parties are present and the cases arise out of the same
          transaction or occurrence.)

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


Notes :

# PROPOSED COMPLAINT

# EXHIBITS

**EXHIBIT LIST**

**Plaintiff's Proposed First Amended and Supplemental Complaint**

This Exhibit List identifies the exhibits incorporated within Plaintiff's Proposed First Amended and Supplemental Complaint, attached as (Exhibit A) to Plaintiff's Renewed Motion for Leave to File Proposed First Amended and Supplemental Complaint, including both amended and supplemental exhibits.

**COUNT 1 — EXHIBITS**

**Misappropriation of Likeness / Right of Publicity**

(Copyright Infringement Pleaded in the Alternative)

**Exhibit A** — February 27, 2024 Petition for Personal Protection Order ("PPO") Filed by Non-Party Keva Williams Against Plaintiff

**Exhibit A-1** — February 27, 2024 Issuance of April 9, 2024 Electronic Hearing Information for Petition for Personal Protection Order ("PPO") Filed by Non-Party Keva Williams Against Plaintiff

**Exhibit A-2** — February 27, 2024 Issuance of April 9, 2024 Electronic Hearing Information for Petition for Personal Protection Order ("PPO") Filed by Non-Party Keva Williams Against Plaintiff

**Exhibit A-4** — April 9, 2024 Order Denying or Dismissing Petition For Personal Protection Order

113

**Exhibit B** — Plaintiff's December 20, 2024 U.S. Copyright Office Application No. 1-14583975161

**Exhibit C** — December 1, 2025, U.S. Copyright Office Refusal of Application No. 1-14583975161

**Exhibit D** — Defendant's November 26, 2025 Email to the U.S. Copyright Office

**Exhibit E** — U.S. Copyright Office Response to Defendant (December 11, 2025)

**Exhibit F** — U.S. Copyright Office Notice to Plaintiff Regarding Defendant's Communications (December 11, 2025)

**Exhibit G** — May 26, 2024 – October 18, 2024 Defendant's Altered and Manipulated Publications Using Plaintiff's Likeness from the April 9, 2024 PPO Hearing

**Exhibit H** — June 23, 2024 Defendant's Sexually Explicit Deepfake Content and Monetized Publications Using Plaintiff's Likeness from the April 9, 2024 Closed PPO Hearing

**Exhibit I** — November 17, 2025 Defendant's Court Filing Identifying the "Original PPO Zoom Image" as a Non-Party Recording

**Exhibit I-1** — November 26, 2025 Defendant's Copyright Office Correspondence Asserting Plaintiff Did Not Create, Record, or Author the Image

**Exhibit J** — November 17, 2025 Defendant's Submitted Images Labeled "Cropped Face Extracted From Original (Used in Meme)" and "Defendant's Composite Meme (Derivative Work)"

114

**Exhibit J-1** — February 9, 2026 Screenshot from Magistrate Judge's Order, ECF No. 137, PageID.3050, Addressing Conspiracy to Share and Publish Screenshots Captured During the PPO Hearing

**Exhibit K** — May 26, 2024 Plaintiff's Privacy Complaints, YouTube Takedown Notices, and Removal of Defendant's "Black Tea Sector and Jag Algorithm" Video for Privacy Violations

**Exhibit K-1** — May 26, 2024 Plaintiff's Privacy Complaint to YouTube and Notice of Removal of Defendant's "Black Tea Sector and Jag Algorithm" Video for Privacy Violations

**Exhibit K-2** — December 8, 2024 Plaintiff's Good-Faith DMCA Copyright Takedown Notification to YouTube Regarding PPO Hearing Image

**Exhibit K-3** — October 2, 2025 Termination of Defendant's "Dani Montana" YouTube Channel

## COUNT 2 — EXHIBITS

### Defamation and False Light Invasion of Privacy

**Exhibit L** — October 14, 2023 Defendant's Original Change.org Petition Publication and Related Republications (Including Exhibits L-1 Through L-5)

**Exhibit L-1** — Defendant's Livestream "Who is Danielle Elizabeth Allen! Sybrena's Petition Promoting October 14, 2023 Change.org Petition

**Exhibit L-2** — Defendant's YouTube Channel "Unhinged With Bundy" Description Republishing Link to October 14, 2023 Change.org Petition

**Exhibit L-3** — February 5, 2024 Non-Party Keva Williams' Video Description Soliciting Support for Defendant Danielle Robertson's Change.org Petition Against Plaintiff

**Exhibit L-4** — March 24, 2024 Defendant's ICANTICANT.com Posting Republishing Link to October 14, 2023 Change.org Petition

**Exhibit L-5** — March 24, 2024 Defendant's Livestream Rebroadcast Referencing Change.org Petition *"Black Tea Sector: Open Chat – Late Night Chit Chat"*

**Exhibit M** — May 26, 2024 Videos Titled *"Black Tea Sector and Jag Algorithm SHH Part One"* and *"Part 2"*

**Exhibit N** — February 20, 2024 Defendant's Published Statements Alleging Plaintiff Engaged in Alcohol Abuse and Inappropriate Conduct During Livestreams While Encouraging Reports to Michigan LARA and the Medical Board Regarding Alleged Substance Abuse and Mental Health Issues

**Exhibit N-1** — February 20, 2024 Plaintiff's Notification to Counsel Regarding Defendant Dani Robertson's Statements Encouraging Listeners to File False Reports to Michigan LARA

**Exhibit O** — February 23, 2023 Defendant's Original Livestream Publication of Plaintiff's Michigan Divorce Documents on the "Dani Montana" YouTube Channel and ICANTICANT.COM

**Exhibit O-1** — March 1, 2024 Defendant's Republication Announcement of Divorce-Related Livestream

116

**Exhibit O-2** — March 1, 2024 Defendant's Livestream Republication of Plaintiff's Divorce Documents

**Exhibit O-3** — March 1, 2024 Defendant's Livestream Clip Integrating Divorce Materials with Professional Misconduct Allegations

**Exhibit O-4** — March 1, 2024 Defendant's Republication of Divorce Documents on ICANTICANT.com

**Exhibit O-5** — March 1, 2024 Defendant's Cross-Platform Promotion on X Announcing Divorce-Related Livestream

**Exhibit P** — April 8, 2023 Defendant's Deepfake Sexually Suggestive Content and Impersonation "OnlyFans" Site Created Using Plaintiff's Likeness From Police Wellness Check

**Exhibit P-1** — May 31, 2024 Defendant's Livestream *"Black Tea Sector: Jaguar Wright 'If It's Up Then It's Stuck'"* Containing Statements Concerning Creation of Deepfake Image Using Plaintiff's Likeness from the April 9, 2024 PPO Hearing

**Exhibit P-2** — June 22, 2024 Sexually Suggestive Post on the "Unhinged with Bundy" YouTube Channel

**Exhibit P-3** — May 5, 2022 Defendant's False Light Publications and Serial Killer Portrayals in the "Single Black Female" / "Teddy Bundy" Series

**Exhibit P-4** — April 10, 2023 Defendant's False Criminal Narratives and "Unsolved Michigan Cold Cases" Publication

117

**Exhibit P-5** — August 21, 2022 Defendant's Publication from the "Public Awareness To Medical Malpractice" Twitter/X Account Containing False Medical Malpractice Allegations Against Plaintiff

**Exhibit P-6** — May 5, 2022 Defendant's Social Media Publications and Impersonation Content Portraying Plaintiff as Dangerous and Mentally Unstable

**Exhibit P-7** — February 10–11, 2023 Defendant Danielle Robertson's "Dani Montana" Statements Concerning Intent to Damage Plaintiff's Personal and Professional Reputation

**Exhibit P-8** — December 30, 2023 Defendant's "Wanted" Style Publication Portraying Plaintiff as Dangerous

**Exhibit Q** — May 31, 2022 Plaintiff's Cease-and-Desist and Retraction Letter Sent Through Counsel to Defendant

**Exhibit Q-1** — May 31, 2022 Plaintiff's Cease-and-Desist and Retraction Letter Sent Through Counsel to Defendant Danielle Robertson at Bend, Oregon Address (2600 N.W. College Way), Returned Certified Mail, and Subsequent Public Response

**COUNT 3 — EXHIBITS**

**False Police Reports, Fraudulent Regulatory Complaints, and Related Republications**

**Exhibit R** — October 3, 2022 – October 13, 2022 Police Wellness Checks, Police Reports, Body-Camera Footage, and Related Publications

**Exhibit S** — June 15, 2023 Police Report and Body-Camera Footage (Incident No. 23-15718)

**Exhibit T** — October 13, 2022 Defendant's Original Livestream Publication of Plaintiff's Police Wellness Check Report and Body-Camera Footage (Incident No. 22-28031) and Subsequent Republications

**Exhibit T-1** — December 30, 2023 Defendant's Republications of Police Body Camera Footage

**Exhibit T-2** — December 30, 2023 Plaintiff's Privacy Complaint and Removal by YouTube

**Exhibit T-3** — January 1, 2024 Defendant's Republications of Police Body Camera Footage

**Exhibit T-4** — January 2, 2024 Plaintiff's Privacy Complaint and Removal by YouTube

**Exhibit T-5** — March 2, 2024 Defendant's Republications of Police Body Camera Footage

**Exhibit T-6** — March 3, 2024 Plaintiff's Privacy Complaint and Removal by YouTube

**Exhibit T-7** — March 3, 2024 Defendant's Republications of Police Body Camera Footage

**Exhibit T-8** — March 4, 2024 Plaintiff's Privacy Complaint and Removal by YouTube

**Exhibit T-9** — March 4, 2024 Defendant's Republications of Police Body Camera Footage

119

**Exhibit T-10** — March 4, 2024 Plaintiff's Privacy Complaint and Removal by YouTube

**Exhibit T-11** — March 13, 2024 Defendant's Republications of Police Body Camera Footage

**Exhibit U** — September 12, 2023 Defendant's Initial Complaint to the Michigan Bureau of Professional Licensing ("LARA") Against Plaintiff

**Exhibit U-1** — December 30, 2023 Defendant's WhewChile TheGhetto YouTube Post Providing Instructions and Links Encouraging Medical and Anonymous Complaints Against Plaintiff's Michigan Physician Assistant License

**Exhibit U-2** — February 2, 2024 Non-Party Keva Williams' Livestream *"Exposed: Licensed Michigan Physician's Assistant Doxing — Protect Yourself Now!!"* Displaying Plaintiff's Image and Containing Statements Concerning Plaintiff's Physician Assistant License

**Exhibit U-3** — February 20, 2024 Defendant Danielle Robertson's "Dani Montana" YouTube Post Encouraging Anonymous Complaints to Michigan LARA Alleging Substance Abuse, Mental Illness, and Professional Misconduct by Plaintiff

**Exhibit U-4** — February 27, 2024 Non-Party Keva Williams' Petition for Personal Protection Order ("PPO") Containing Statements Concerning Plaintiff's Physician Assistant License and Alleged Professional Misconduct

**Exhibit U-5** — March 6, 2024 Non-Party Keva Williams' Livestream *"Jaguar Wright Copycat Twin - A 70yr Elderly Doxing Troll Reaction to Three Interviews"* Referencing Plaintiff's Physician Assistant License, Medical Board Communications, and Alleged Reporting Efforts

120

**Exhibit U-6** — April 2, 2024 Non-Party Keva Williams' "Beware Of The YouTuber She Will Dox You" Broadcast Concerning Plaintiff's Professional Conduct

**Exhibit U-7** — April 2, 2024 Defendant's Post Titled "Sybrena Evans Kenan: Northville, Michigan!" Accusing Plaintiff of Stalking and Unethical Conduct as a Physician Assistant

**Exhibit U-8** — April 16, 2024 Michigan LARA Bureau of Professional Licensing Closure Letter Finding No Violation Could Be Substantiated

**Exhibit U-9** — April 22, 2024 Non-Party Keva Williams' Follow-Up Complaint to Michigan LARA After Closure of Prior Complaint Against Plaintiff

**Exhibit U-10** — April 23, 2024 Defendant's Livestream Displaying Non-Party Keva Williams' LARA Complaint

**Exhibit U-11** — May 26, 2024 – June 9, 2024 Defendant Published Multiple YouTube Videos Discussing Regulatory Complaints While Displaying and Referencing the PPO Zoom Image

**Exhibit U-12** — June 11, 2024 Defendant's Additional Complaint Filed with the Michigan Medical Board

**Exhibit U-13** — July 28, 2024 Defendant's Publication Referencing a New Medical Board Complaint and Allegations of "Attacks" and "Unethical" Conduct by Plaintiff

**Exhibit U-14** — August 12, 2024 Defendant's Public Reference to Submitting "200 Pages" of Materials to the Michigan Medical Board and Creating "Permanent Internal Records"

**Exhibit U-15** — September 16, 2024 Defendant's Public Posts Referencing Michigan LARA Correspondence and Alleging Alcohol Abuse, Unethical Conduct, and Professional Misconduct by Plaintiff

## COUNT 4 — EXHIBITS

**Cyberbullying and Harassment**

**Exhibit V** — April 10, 2024 Defendant's Livestream "*Black Tea Sector: Teddy Bundy! The Real Tea*" Post "PPO" Hearing Broadcasting Plaintiff's Private Proceeding

**Exhibit W** — April 23, 2024 Defendant's Livestream Segment Discussing PPO Proceedings, LARA Complaints, and Plaintiff's Appearance and Non-Party Keva Williams' LARA Complaint

**Exhibit X** — April 24, 2024 Defendant's Community Post and Livestream Regarding Plaintiff's LARA Complaint and PPO Proceedings

**Exhibit Y** — May 26, 2024 Through June 9, 2024 Defendant's Livestreams and Additional Republications of PPO Image

**Exhibit Z** — May 26, 2024 Through June 9, 2024 Defendant's Livestreams and Continued Republications of PPO Image

**Exhibit AA** — September 12, 2024 Defendant's Post Mocking Plaintiff Following Termination of the UNWINEWITHTEDDY YouTube Channel While Referencing Multiple Monetized Channels

**Exhibit BB** — October 27, 2024 Defendant's Post Threatening Additional Copyright Strikes and Channel Reporting Following Termination of the "Whitney J" Channel

**Exhibit CC** — October 30, 2024 Defendant's Post Referencing "Silencing" Alleged "Liars" Following Prior Copyright Strike Threats

**Exhibit DD** — March 2, 2024 – April 5, 2024 Defendant's Alleged Fraudulent Copyright Claim Submitted to the Copyright Claims Board ("CCB") and Related Social Media Posts

**Exhibit EE** — October 18, 2024 YouTube Reinstatement Letter and Warning to Defendant

**Exhibit FF** — October 21, 2024 Plaintiff's Evidence of "Porn Bombing" by Defendant In Retaliation Against Plaintiff's YouTube Channel

## COUNT 5 — EXHIBITS

**Impersonation and Fraudulent Misrepresentation**

**Exhibit GG** — October 15, 2024 Defendant's Copyright Takedown Submissions to YouTube Using the "Whitney Jamison" Identity (whitneylj1992@gmail.com)

**Exhibit HH** — October 19, 2024 Plaintiff's YouTube Reinstatement Following Findings of Fraudulent Takedowns

**Exhibit II** — July 17, 2022 Through August 18, 2022 Defendant's Impersonation and False Copyright Claims Submitted to YouTube Using the "NoseyHeauxLive" Identity

123

**Exhibit JJ** — Defendant's False Copyright Claims and Impersonation Activity Submitted to YouTube Between September 6, 2023 and December 27, 2023 Using the "Sybille Titeux de la Croix" Identity

**Exhibit KK** — November 4, 2023, Defendant's Prior Publications Referencing the "Danielle Elizabeth Allen" Identity and Related Accusations Against Plaintiff

**COUNT 6 — EXHIBITS**

**Conspiracy to Commit Fraud and Cause Emotional Distress**

**Exhibit LL** — Non-Party Keva Williams' February 2, 2024 Livestream Broadcast *"Exposed: Licensed Michigan Physician's Assistant Doxing — Protect Yourself Now!!"* and Coordinated Use of Plaintiff's Image

**Exhibit LL-1** — February 27, 2024 Petition for Personal Protection Order ("PPO") Filed by Non-Party Keva Williams Against Plaintiff

**Exhibit LL-2** — February 27, 2024 Notice of April 9, 2024 Hearing on Petition For Personal Protection Order (PPO) Filed by Non-Party Keva Williams Against Plaintiff

**Exhibit LL-3** — February 27, 2024 Issuance of April 9, 2024 Electronic Hearing Information for Petition for Personal Protection Order ("PPO") Filed by Non-Party Keva Williams Against Plaintiff

124

**Exhibit LL-4** — April 9, 2024 Order Denying or Dismissing Petition For Personal Protection Order

**Exhibit MM** — Defendant's March 24, 2024 Statements Anticipating a "Shocking" and "Surprising" Public Record About Plaintiff

**Exhibit NN** — Defendant's March 24, 2024 Statements Announcing "Behind the Scenes" Planning and "Everything is According to Plan"

**Exhibit OO** — Defendant's April 3, 2024 Statements Showing Prior Knowledge of the April 9, 2024 PPO Hearing Date

**Exhibit PP** — Defendant's April 3–6, 2024 Statements Reflecting Advance Awareness of Service Efforts and Coordination Surrounding the PPO Proceeding

**Exhibit QQ** — Plaintiff's April 5, 2024 Pre-Hearing Notification to the Court Regarding Coordinated Activity Between Defendant Danielle Robertson and Non-Party Keva Williams

**Exhibit RR** — Defendant's April 10, 2024 Post-Hearing Statements Disseminating Non-Public Details from the Closed PPO Proceeding

**Exhibit SS** — Defendant's April 23, 2024 Livestream Displaying LARA Complaint Response Sent to Non-Party Keva Williams

**Exhibit TT** — Defendant's November 17, 2025 Court Filing (ECF No. 109) Containing Original PPO Zoom Image (Recorded by Non-Party) and Cropped Face Extracted from Original for Use in Meme

125

**Exhibit UU** — Defendant's November 21, 2025 Court Filing ECF No. 114 Containing Original PPO Zoom Image (Recorded by Non-Party) and Cropped Face Extracted from Original for Use in Meme

**Exhibit VV** — Defendant's May 26, 2024 Digital Composite Derivative Meme, Filed as Exhibit G4 in (ECF Nos. 109 and 114)

**Exhibit WW** — Defendant's May 23, 2026 Livestream *"The Dani Robertson After Show Cafe! The Secret OPP Recording! CPS! Terminations! Audience Choice!"* Containing Statements Referencing "We Fought" Medical Board Allegations, a "Curveball," and Withheld Litigation "Strategy" and "Next Move"

**COUNT 1 — EXHIBITS**

**Misappropriation of Likeness / Right of Publicity**

(*Copyright Infringement Pleaded in the Alternative*)

**Exhibit A**

**February 27, 2024 — Petition for Personal Protection Order ("PPO") Filed by Non-Party Keva Williams Against Plaintiff**

Petition for Personal Protection Order ("PPO") (Non-Domestic) filed by non-party Keva Williams against Plaintiff in the Wayne County Circuit Court on February 27, 2024.



127

**Exhibit A** (Page 2)

**February 27, 2024 — Petition for Personal Protection Order ("PPO") Filed by Non-Party**

**Keva Williams Against Plaintiff**

Petition for Personal Protection Order (Nondomestic)    3/23                                  Case No _____
Page 2 of 2

F  [X] 6.  I request an ex parte order because immediate and irreparable injury, loss, or damage will occur between now and a hearing or because notice itself will cause irreparable injury, loss, or damage before the order can be entered.

G      7.  I have a next friend petitioning for me. I certify that the next friend is not disqualified by statute and is an adult.

H  February 27, 2024                                            /s/ Keva Williams                    (e-signed pursuant to MCR 1.109)
   Date                                                         Petitioner's/Next friend's signature

                                                               Keva Williams
                                                               Name (type or print)

128

**Exhibit A-1**

**February 27, 2024 — Notice of April 9, 2024 Hearing on Petition For Personal Protection Order (PPO) Filed by Non-Party Keva Williams Against Plaintiff**

Closed Hearing – Petition for Personal Protection Order (PPO) Wayne County Circuit Court.

("It is unlawful to record any Court Proceeding.")

129

**Exhibit A-2**

**February 27, 2024 — Issuance of April 9, 2024 Electronic Hearing Information for Petition for Personal Protection Order ("PPO") Filed by Non-Party Keva Williams Against Plaintiff**

("It is unlawful to record any Court Proceeding.")

### ELECTRONIC HEARING INFORMATION

Dear Litigant/Counsel of Record,

The **Family Division Court** is conducting all court proceedings remotely by Zoom video except as otherwise ordered by the Judge or Referee. You are receiving this communication due to your upcoming hearing as stated on the previous page.

| | |
|---|---|
| Case NO: | 24█████████████ |
| Judge: | Docket Judge PPO |
| Hearing Type: | PPO PETITION |
| Date: | 4/9/2024 |
| Time: | 10:30 AM |

ZOOM HEARING PROCEDURE:

1. Join the Zoom Hearing. All parties should do the following to join your hearing at the time of the call:

   - Go to www.3rdcc.org/zoom or you can find the link under "Essential Links".
   - Click on "Family Division- Domestic"
   - Click "Join Meeting" next to YOUR corresponding Judge's Name.

DOWNLOAD THE ZOOM APP FROM GOOGLE PLAY OR THE APP STORE.

   IF YOU ARE UNABLE TO CONNECT TO THE MEETING OR REQUIRE AN INTERPRETER, PLEASE CONTACT YOUR JUDGES COURTROOM DIRECTLY AT          THE COURT'S GENERAL EMAIL ADDRESS IS    PPO@3rdcc.org

2. Enter your name and case number for "Your Name". For example, "John Doe 20-123456-DO"

3. Waiting Room. You will be immediately placed into a waiting room into your Assigned Judge's "Personal Meeting Room". *Do not hang up or leave the meeting.*

4. You will be brought "into" the virtual hearing at or around the designated time.

5. As this is a Court proceeding, professional decorum is expected on ALL Zoom hearings including, but not limited to, appropriate dress, background view, and NO driving, smoking, eating, drinking, or chewing gum during the proceeding. Please limit all background noise, distractions, and third party interactions. No minor children are to hear or oversee your Zoom hearing at any time. There is to be no recording of Zoom hearings; It is unlawful to record any Court proceeding.

6. Once you are done with the virtual hearing, click "Leave Meeting".

For information on all domestic filings and Personal Protection Order filings, you can visit the Court's website at http://www.3rdcc.org/divisions/family-domestic#/list for detailed instructions under the following links: "Family Domestic/FOC Filing Instructions" and "Personal Protection Order Filing Instructions"

**Exhibit A-4**

**April 9, 2024 — Order Denying or Dismissing Petition For Personal Protection Order**

Approved, SCAO

Original – Court
1st copy  Petitioner
2nd copy – Respondent (if applicable)

| STATE OF MICHIGAN THIRD JUDICIAL CIRCUIT WAYNE COUNTY | ORDER DENYING OR DISMISSING PETITION FOR PERSONAL PROTECTION ORDER | CASE NO. |
|---|---|---|

Court address
Two Woodward Avenue, Room 1801, Coleman A. Young Municipal Center, Detroit, MI 48226

Court telephone no.
(313)224-0120

Petitioner's name
Keva Williams

Respondent's name, address, telephone no.
Sybrena Kenan Evans

Address and telephone no. where court can reach petitioner

Date   04/09/2024   Judge   PPO Docket Judge   P15255   Bar no.

1   This order is entered ☐ without a hearing ☒ **after hearing

**THE COURT FINDS:**

2  ☐  a   A petition was filed for a personal protection order in a domestic relationship
      ☐ There is not reasonable cause to believe the respondent may commit one or more of the acts listed in MCL 600.2950(1)

   ☒  b   A petition was filed for a personal protection order in a nondomestic relationship
      ☐ Respondent has not committed two or more acts of willful, unconsented contact

   ☐  c   A petition was filed for a nondomestic sexual assault personal protection order
   ☐  d   Other

☒  3   The petitioner requested an ex parte order
   ☐  a   The petitioner has been interviewed, the petitioner's claims are sufficiently without merit, and the action should be dismissed without hearing
   ☐  b   An ex parte order should not be issued, but the petitioner has been advised of the right to request hearing on petition
      c   Other   Allegations failed to meet the burden of proof necessary to show immediate and irreparable harm

**IT IS ORDERED:**

4  ☒  a   The petition for personal protection order is denied for the following reasons. (Specified below.)
   ☐  b   The petition for an ex parte personal protection order is denied with notice of right to request a hearing for the following reasons. (Specific below.)
   ☐  c   The petition for an ex parte personal protection order is dismissed without notice of the right to request a hearing because the petitioner's claims are sufficiently without merit for the following reasons. (Specified below.)

**SEE ATTACHED**

04/09/2024
Date

Judge   WILLIAM HULTGREN

**CERTIFICATE OF SERVICE**

☐ I certify that on this date I personally served a copy of this order on the petitioner at _____ Location
at _____ Time

☐ I certify that on this date I mailed a copy of this order to the petitioner by first-class mail addressed to his/her last known address.

☐ I certify that I   ☐ personally served a copy of this order on the respondent at _____ Location
at _____ Time

☐ served a copy of this order on the respondent by first-class mail addressed to his/her last known address

because the respondent was served with a copy of the petition for a personal protection order

131

**Exhibit A-4** (Page 2)

**April 9, 2024 — Order Denying or Dismissing Petition For Personal Protection Order**

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | ADDENDUM TO ORDER DENYING OR<br>DISMISSING PETITION FOR<br>PERSONAL PROTECTION ORDER | CASE NO. |
|---|---|---|
| Court address<br>Two Woodward Avenue, Room 1801, Coleman A. Young Municipal Center, Detroit, MI 48226 | | Court telephone no.<br>(313)224-0120 |
| Petitioner's name<br>Keva Williams | v   Respondent's name, address, and telephone no.<br>Sybrena Kenan Evans | |

### ADDENDUM TO ORDER DENYING OR
### DISMISSING PETITION FOR
### PERSONAL PROTECTION ORDER

☐   The Petition fails to clearly establish by specific facts and there is not reasonable cause to believe that the Petitioner was entitled to a Personal Protection Order per MCL 600.2950.

☒   The Petition fails to clearly establish that the Petitioner is being stalked as defined by MCL 600.2950a, 750.711h, 750.1141.

☒   The Petition fails to clearly establish by specific fact 2 or more acts that constitute stalking behavior.

☐   The Petition fails to clearly establish reasonable cause to believe that a serious or irreparable injury will occur if the Petition is not granted immediately and without notice to the Respondent. The matter is set for hearing. A separate Notice of Hearing shall be entered contemporaneously with this Order.

☐   Another PPO exists, and a hearing with both parties present is necessary.

☐   This problem appears to relate to a custody and/or parenting time issue/s and both parties need to be present to determine if a PPO should issue and/or if the custody and/or parenting time order should be modified.

☐   The petitioner is a prisoner, as defined under MCL 600.2950a(29)(c).

☐   A PPO is not a substitute for an Order for Exclusive Use of the Marital Home.

☐   A PPO is not a substitute for an eviction proceeding.

☒   Other:  Parties have engaged in mutual contact.
Allegations failed to meet the burden of proof necessary to invoke the remedies provided by the non-domestic stalking statutes.

132

**Exhibit B**

**December 20, 2024 — U.S. Copyright Office Application No. 1-14583975161**

This exhibit contains Plaintiff's copyright application submitted to the United States Copyright Office on December 20, 2024 concerning the April 9, 2024 PPO-derived image material.

11/1/25, 4:11 PM          Gmail - Acknowledgement of Uploaded Deposit

**M** Gmail          Evan &lt;gmail.com&gt;

**Acknowledgement of Uploaded Deposit**
1 message

**Copyright Office** &lt;cop-rc@loc.gov&gt;         Fri, Dec 20, 2024 at 9:06 AM
To: sybrena

THIS IS AN AUTOMATED EMAIL. PLEASE DO NOT REPLY.

Thank you for submitting your registration claim using the Electronic Copyright Office (ECO) System.

The following files were successfully uploaded for service request 1-14583975161

File Name: miss_evans.png
File Size: 921572 KB
Date/Time: 12/20/2024 9:02:47 AM

[91]

United States Copyright Office

133

**Exhibit C**

**December 1, 2025 — U.S. Copyright Office Refusal of Application No. 1-14583975161**

This exhibit contains the U.S. Copyright Office's refusal letter dated December 1, 2025.



**United States Copyright Office**
Library of Congress · 101 Independence Avenue SE · Washington DC 20559-6000 · www.copyright.gov

December 01, 2025

Sybrena Evans
17710 Lakeview ct
Northville, MI 48168
United States

█████████████████████

RE    Miss Evans (case 1-14583975161)

Dear Sybrena Evans

We must refuse registration ████████████████████████

███████████████████████████████████████

Sincerely,

CS
Visual Arts Division
U S Copyright Office

Enclosures
  Reply Sheet

134

**Exhibit D**

**November 26, 2025 — Defendant's Email to U.S. Copyright Office**

This exhibit contains Defendant Danielle Robertson's email correspondence to the United

States Copyright Office dated November 26, 2025, in which she challenged Plaintiff's copyright

application.

---

**From:** DANIELLE ROBERTSON <danimontana2022@gmail.com>
**Sent:** Wednesday, November 26, 2025 9:00 PM
**To:** cop-ad <cop-ad@loc.gov>; PACorrespondence <PACorrespondence@copyright.go
publicrecords <publicrecords@copyright.gov>; copyrightfraud@copyright.gov; va@co
**Subject:** Request for Review – Potentially Fraudulent Copyright Application Involving (
Footage and My Composite Work

CAUTION: This email message has been received from an external source. Please use ca
opening attachments, or clicking on links.
Dear Copyright Office Review Staff,
I am writing to notify the Office of a potentially fraudulent copyright application filed b:
Evans, involving material she did not create, does not own, and which she admits was unla
obtained. This issue is currently being litigated in:
**Evans v. Robertson, Case No. 5:24-cv-13435 (E.D. Mich.)**
*Evans is attempting to register* (1) a composite meme that I created, and (2) a still frame extra
**Michigan PPO virtual court hearing,** which she did not fix, did not record, did not author, a
lawfully acquire.

**1. Summary of the Problematic Copyright Application**
Evans filed Copyright Application No. 1-14583975161, claiming she created an "original phot
of herself.
However, the work she submitted contains:
- A cropped still frame from sealed PPO court footage.
- A third-party commercial iStock background.
- And digital edits, assembly, and layout created by me, not her.
Evans did not take the photograph.
In fact, she admits in her federal court filings that:
1. The image was "captured from a video recording" that she did not make, and
2. It was unlawfully obtained, because recording the PPO hearing violates Michigan Cou
8.115(C)(3),
3. And a third person—not Evans—took or extracted the image from the court hearing.
Her own exhibits state that the footage is "the property of the State of Michigan Third Judicial C
Court," and that she did not "create or author this particular still image."
(See ECF No. 104, PageID.1979–2012.)
MAIL 1121
This alone makes her copyright application defective.

**2. Fixation Originated With the Court — Not Evans**
The still frame is not a photograph by Evans. It is:
- A court-created recording.
- Fixed by the Third Judicial Circuit Court.
- Sealed.
- Prohibited from being recorded by any party, and
- Not created, filmed, or authored by Evans.
The official Notice of Hearing warned all participants:

**Exhibit D** (Page 2)

**November 26, 2025** — **Defendant's Email to U.S. Copyright Office**

"It is unlawful to record any Court Proceeding."
(Complaint Exhibit B, ECF No. 1, PageID 38–39.)
003_evans ocr full complaint
Therefore:

- Evans could not have legally obtained the frame,
- Evans could not have legally fixed the frame,
- Evans could not have legally authored the frame,
- And Evans cannot register a still image she neither created nor lawfully pos

**3. Evans Admits Third-Party Authorship**
In addition to admitting the image came from illegally obtained footage, Evans also
her filings that:

- She did not record the hearing,
- She did not create the still image,
- And "someone else took the photo."

This destroys any authorship claim under 17 U.S.C. § 102(a)
Being the subject of a recording is not authorship and does not create copyright owners

**4. Additional Misrepresentation: Use of a Third-Party iStock Image**
The composite meme Evans submitted also includes:

- A commercial iStock background image
- That neither she nor I licensed,
- And which Evans falsely presents as part of an "original photograph."

A work containing third-party elements cannot be registered as her original creation, and
disclose this constitutes **material misrepresentation** under 17 U.S.C. § 411(b).

**5. Request for § 411(b) Review**
Given:

- Evans' admissions that she did not create the image,
- Her admission that the footage was unlawfully obtained,
- Her admission that "someone else" took the still,
- The fact that the fixation belongs to the Michigan court,
- The presence of an unlicensed iStock image,
- And her submission of a composite meme as an "original photograph."

I respectfully request:

1. A § 411(b) material-misrepresentation review,
2. Referral to the Register of Copyrights if necessary, and
3. Consideration of the federal court record before registration is issued or refused.

I can supply certified exhibits or sworn statements if needed.
Thank you for your time and attention to this matter.
Sincerely,
**Danielle Robertson**

**Exhibit E**

**December 11, 2025 — U.S. Copyright Office Response to Defendant**

This exhibit contains the U.S. Copyright Office's response dated December 11, 2025, sent to

Defendant Danielle Robertson regarding Application No. 1-14583975161.

**From:** registrationprogramoffice
**Sent:** Thursday, December 11, 2025 1:12 PM
**To:** 'danimontana2022@gmail.com' <danimontana2022@gmail.com>
**Subject:** RE: Request for Review – Potentially Fraudulent Copyright Application Involving Co Owned Footage and My Composite Work

We are writing in response to your email, received November 26, 2025, requesting that the U.S. Copyright Office intervene in an application for copyright registration filed by Sybrena Evans. Y email asserts that this application contains fraudulent information. We have also taken administra notice that the work or works submitted with this registration may be at issue in active litigation t place in the US District Court for the Eastern District of Michigan under docket number 5:24-cv-

The US Copyright Office will take no further action regarding your request.

As a general rule, the Copyright Office does not invite, and will not entertain, requests to intervene cancel or amend any registration or application by any party other than the claimant named in the certificate of registration. As an office of public record, the Copyright Office does not conduct interference or adversarial proceedings. Likewise, the Copyright Office will not provide legal opin or advice to applicants, copyright litigants, their attorneys, or the general public on matters such as rights of persons in connection with contracts, infringement disputes, or matters of a similar nature C.F.R. § 201.2(a)(3). If there is a dispute between two or more parties, it is the responsibility of ea party to pursue their claims in an appropriate court.

Additionally, the Copyright Office will not adjudicate adverse or conflicting claims submitted for registration. Each claim is examined to determine whether it complies with statutory and regulator requirements; if it does, it is registered. Even where conflicting claims are received, the Office ma both claims on record if each is acceptable on its own merits. *Compendium (Third)* § 1808.8. It is responsibility of the parties involved in a dispute to pursue their rights in their works. If an applica uses this system to perpetrate fraudulent actives, this is a matter that can only be resolved in an appropriate court of law.

Accordingly, and as stated above, the Office will take no further action regarding your request. W also written to provide the same information, and a copy of this letter to Ms. Evans. This letter is your information only. No reply is necessary.

Sincerely,

Aaron Watson
Attorney Advisor for Registration Policy & Practice
United States Copyright Office

137

**Exhibit F**

**December 11, 2025 — U.S. Copyright Office Notification to Plaintiff**

This exhibit contains the U.S. Copyright Office's letter to Plaintiff dated December 11, 2025,

informing her of Defendant's communications regarding Application No. 1-14583975161.

**United States Copyright Office**
Library of Congress · 101 Independence Avenue SE · Washington DC 20559-6000 · www.copyright.gov

December 11, 2025

Sybrena Evans
17710 Lakeview cr.
Northville, MI 48168
United States

Correspondence ID:

RE:    Miss Evans

Dear Sybrena Evans:

The U.S. Copyright Office received the enclosed email from Danielle Robertson on November 26, 20[...]
They contend that registration 1-14583975161, for a work, or works, titled *Miss Evans* is fraudulent, [...]
enumerates several alleged deficiencies. We have also taken administrative notice that the work or
works submitted with this registration may be at issue in active litigation taking place in the US Distri[...]
Court for the Eastern District of Michigan under docket number 5:24-cv-13435.

138

**Exhibit G**

**May 26, 2024 – October 18, 2024 — Defendant's Altered and Manipulated Publications Using Plaintiff's Likeness from the April 9, 2024 PPO Hearing**

The following screenshots and images depict Defendant Danielle Robertson's publication, alteration, manipulation, and dissemination of Plaintiff's likeness derived from the closed April 9, 2024 Personal Protection Order hearing, including cropped images, edited composites, and meme-style depictions published across online platforms.

Defendant utilized Plaintiff's likeness without authorization, including by removing or altering background elements while preserving Plaintiff's recognizable appearance, and republished the resulting imagery in online content, including monetized YouTube publications. These images are offered as evidence of Defendant's unauthorized use, manipulation, republication, and exploitation of Plaintiff's likeness and visual identity.



139

**Exhibit G** (Page 2)

**May 26, 2024 - October 18, 2024 — Defendant's Altered and Manipulated Publications**

**Using Plaintiff's Likeness from the April 9, 2024 PPO Hearing**







**Exhibit H**

**June 23, 2024 — Defendant's Sexually Explicit Deepfake Content and Monetized Publications Using Plaintiff's Likeness from the April 9, 2024 Closed PPO Hearing**

This exhibit contains screenshots and images of sexually explicit deepfake content created by Defendant using Plaintiff's likeness unlawfully obtained from the April 9, 2024 non-public PPO Zoom hearing. It also includes examples of Defendant's publication and monetization of this material on YouTube and other social media platforms, including solicitations via her TruthTellerDani CashApp.



141

## Exhibit I

## November 17, 2025 — Defendant's Court Filing Identifying the "Original PPO Zoom Image" as a Non-Party Recording

Case 5:24-cv-13435-JEL-EAS   ECF No. 109, PageID.2302   Filed 11/17/25   Page 13 of 22

*Exhibit G1 – Original PPO Zoom Image (April 2024 – Recorded by Non-Party)*



## Exhibit I-1

## November 26, 2025 — Defendant's Copyright Office Correspondence Asserting Plaintiff Did Not Create, Record, or Author the Image

**From:** DANIELLE ROBERTSON <danimontana2022@gmail.com>
**Sent:** Wednesday, November 26, 2025 9:00 PM
**To:** cop-ad <cop-ad@loc.gov>; PACorrespondence <PACorrespondence@copyright.gov>;
publicrecords <publicrecords@copyright.gov>; copyrightfraud@copyright.gov; va@co
**Subject:** Request for Review – Potentially Fraudulent Copyright Application Involving
Footage and My Composite Work

**2. Fixation Originated With the Court — Not Evans**
The still frame is not a photograph by Evans. It is:
- A court-created recording,
- Fixed by the Third Judicial Circuit Court,
- Sealed,
- Prohibited from being recorded by any party, and
- Not created, filmed, or authored by Evans.

142

**Exhibit J**

**November 17, 2025 — Defendant's Submitted Images Labeled "Cropped Face Extracted From Original (Used in Meme)" and "Defendant's Composite Meme (Derivative Work)"**

This exhibit additionally contains Defendant's statements characterizing the disputed image material as a "Derivative Meme" and "Digital Composite."


Case 5:24-cv-13435-JEL-EAS   ECF No. 109, PageID.2305   Filed 11/17/25   Page 16 of 22


Case 5:24-cv-13435-JEL-EAS   ECF No. 109, PageID.2303   Filed 11/17/25   Page 14 of 22


Exhibit G4 – Defendant's Composite Meme (Derivative Work)


Exhibit G2 – Cropped Face Extracted From Original (Used in Meme)

Case 5:24-cv-13435-JEL-EAS   ECF No. 109, PageID.2295   Filed 11/17/25   Page 6 of 22

party, not through Plaintiff's creative effort. These allegations independently defeat authorship, ownership, and standing under **17 U.S.C. § 501(b)**.

**2. Plaintiff's Copyright Filing Misrepresents Defendant's Derivative Meme as an Original Work**

The image Plaintiff submitted to the Copyright Office (ECF No. 104, PageID.2012) is not a photograph she created, but a digital composite generated by Defendant for commentary. Plaintiff's description in the Complaint — that Defendant "misappropriated the Plaintiff Sybrena Evans image, unlawfully obtained from a PPO hearing, removed the background without altering the likeness... and published the untransformed work" — is contradicted by the exhibits. The meme uses a pre-existing red hockey shirt image that originally contained another person's face. Defendant removed that face, inserted Plaintiff's face, and performed digital adjustments to lighting, tint, and context, pairing the image with commentary. The background is the licensed ISTOCK ID #900301626 bookshelf, which Plaintiff does not own and does not claim to have licensed. These elements establish that the work is derivative and highly transformed (Exhibit G1-G6). Plaintiff's attempt to register it as an original, non-derivative photograph is materially misleading.

143

**Exhibit J-1**

**February 9, 2026 — Screenshot from Magistrate Judge's Order, ECF No. 137, PageID.3050, Addressing Conspiracy to Share and Publish Screenshots Captured During the PPO Hearing**

Excerpt from the Magistrate Judge's February 9, 2026 Order stating:

"At most, this evidence shows a conspiracy to share and publish the screenshots of Evans unlawfully captured during the hearing."
(ECF No. 137, PageID.3050).

**Screenshot**

Case 5:24-cv-13435-JEL-EAS   ECF No. 137. PageID.3050   Filed 02/09/26   Page 9 of 10

dispute that Robertson obtained a still image of Evans from the hearing and published it with some modifications.  ECF No. 114, PageID.2336, 2342.

At most, this evidence shows a conspiracy to share and publish the screenshots of Evans unlawfully captured during the hearing.  But no evidence supports the basis of the claim—that Robertson and Williams conspired to fraudulently obtain the PPO.  *See* ECF No. 129, PageID.2859-

144

**Exhibit K**

**May 26, 2024 — Plaintiff's Privacy Complaints, YouTube Takedown Notices, and Removal of Defendant's "Black Tea Sector and Jag Algorithm" Video for Privacy Violations**

Records reflecting Plaintiff's privacy complaints, YouTube takedown notices, and removal of Defendant's livestream titled "*Black Tea Sector and Jag Algorithm*" from Defendant's "Dani Montana" YouTube channel for privacy violations. The video was among multiple broadcasts in which Defendant displayed and republished the "meme" Defendant admitted creating using Plaintiff's image extracted from the original PPO hearing image in connection with alleged defamatory commentary and invasion of privacy claims.



**Exhibit K-1**

**May 26, 2024 — Plaintiff's Privacy Complaint to YouTube and Notice of Removal of Defendant's "Black Tea Sector and Jag Algorithm" Video for Privacy Violations**

YouTube responded to Plaintiff's privacy complaint with the following notice:

"We have removed the material in question for a privacy violation, pursuant to our Community Guidelines."

This removal concerned Defendant's unauthorized publication of Plaintiff's image from the closed April 9, 2024 PPO hearing. Despite this notice, Defendant repeatedly republished the same material.



146

**Exhibit K-2**

**December 8, 2024 — Plaintiff's Good-Faith DMCA Copyright Takedown Notification to YouTube Regarding PPO Hearing Image**

## Copyright Infringement Notification Confirmation

Thank you for your submission. It is under review to ensure it is valid and includes all required elements. We will reply to this email when we've taken action on your request. You can also check on the status of your takedown request in the 'Removal requests' tab which is found in the Copyright section of your channel.

Here is the information you filled in

- Copyright Owner Name (Company Name if applicable) Sybrena Kenan and Associates Inc. dba/ UNWINEWITHTEDDY
- Your Full Legal Name (Aliases, usernames or initials not accepted) Sybrena Kenan (Evans)
- Your Title or Job Position (What is your authority to make this complaint?) President
- Address
  - 17710 Lakeview Cr
  - Northville, MI 48168
  - US
- Username UNWINEWITHTEDDY
- Email Address unwinewithteddy@gmail.com
- Phone (248) 362-1300

- URL of allegedly infringing video to be removed https://www.youtube.com/watch?v=UX7Qgbq0Gu8
- Describe the work allegedly infringed Other
  - Title of copyrighted work Hearing on Petition for Personal Protection Order
  - Type of copyrighted work Video Image
  - Additional information I submit a DMCA takedown request for an infringing YouTube video featuring copyrighted material from my closed PPO hearing (Case No. 24-███████ violating law and court orders. Timestamps upon req
  - Where does the content appear? Entire video

147

**Exhibit K-2** (Page 2)

- Country where copyright applies: US
- I state UNDER PENALTY OF PERJURY that:
  - I am the owner, or an agent authorized to act on behalf of the owner of an exclusive right that is allegedly infringed.
  - I have a good faith belief that the use of the material in the manner complained of is not authorized by the copyright owner, its agent, or the law; and
  - This notification is accurate.
  - I acknowledge that under Section 512(f) of the DMCA any person who knowingly materially misrepresents that material or activity is infringing may be subject to liability for damages.
  - I understand that abuse of this tool will result in termination of my YouTube channel.
- Authorized Signature: Sybrena Kenan (Evans)

- The YouTube Team

Help Center • Email Options

You received this email to provide information and updates around your YouTube channel or account.

YouTube

© 2021 Google LLC d/b/a YouTube, 901 Cherry Ave, San Bruno, CA 94066

148

**Exhibit K-2** (Page 3)

## Defendant's Counter Notification Response

- http://www.youtube.com/watch?v=UX7Qgbq0Gu8

Display name of uploader: DANI MONTANA

The alleged infringing content is fully protected under Fair Use as defined by U.S. copyright law (17 U.S.C. § 107). I, Dani Montana, am the creator and owner of the content in question. Any clips used, if applicable, were not taken in their entirety and required significant creative input to produce. These clips were utilized for educational purposes, commentary, and criticism, all of which fall under the Fair Use exception. Fair Use Defense Transformative Use: The content is not a replication of the original but has been extensively transformed with commentary, critique, and original elements that provide new meaning and purpose. This transformative nature is fundamental to Fair Use protections. Limited Use: Only short segments of the original material were used, if any, and these were significantly edited, ensuring that the "heart" of the work was not taken or exploited. Purpose and Nature: The material was used to educate, critique, and discuss, which are core purposes protected by Fair Use. Market Effect: The content does not substitute or harm the market for the original material. Instead, it provides additional commentary, enhancing understanding and discussion. Copyright Ownership If a photograph is at issue, copyright ownership belongs to the photographer, not the subject, unless explicitly transferred. This is a well-established principle in copyright law. Prepared to Defend The video is a creative work, full of original content, extensive commentary, and transformative purpose. I am prepared to present evidence of its originality and transformative nature in court. I can provide documentation of my editing process, the limited use of any third-party material, and the educational and critical intent behind the work. This case falls squarely within Fair Use protections, and I am confident in defending this position.

I swear, under penalty of perjury, that I have a good faith belief the material was removed due to a mistake or misidentification of the material to be removed or disabled.

I consent to the jurisdiction of the Federal District Court for the district in which my address is located, or if my address is outside of the United States, the judicial district in which YouTube is located, and will accept service of process from the claimant.

Danielle Robertson

Danielle Robertson
8 The Green STE A
Dover, Delaware 19907
United States

Danimontana2022@gmail.com

(860) 864-0028

149

**Exhibit K-2** (Page 4)



## Copyright Infringement Notification Confirmation

Thanks for contacting the YouTube Copyright compliance team.

If you believe that your copyrighted content is being used without authorization, you may submit a copyright takedown notice through our webform. You can find the requirements for copyright takedown requests, and info about our copyright policy, in our Copyright Center. Please make sure that you've given us all of the required info so we can process your request. If you opt to prevent reuploads of removed videos, your email address, copyright owner name, and description of your allegedly infringed work may be shared with the uploader if their videos are prevented from uploading.

If you have concerns about harassment, your privacy, safety, or other abuse issues, learn more about how to stay safe on YouTube. Or, you may submit a complaint regarding other legal issues, including trademark and defamation.

We detected videos from your email and have started processing your request. If we missed any videos from your email, please file a new request. If your email has many video URLs, you may receive follow up responses.

Here is the list of videos we detected from your email:

- https://www.youtube.com/watch?v=thjqgNJ_zf8

- The YouTube Team

Help Center • Email Options

You received this email to provide information and updates around your YouTube channel or account.



© 2021 Google LLC d/b/a YouTube, 901 Cherry Ave, San Bruno, CA 94066

**Exhibit K-2** (Page 5)

## Defendant's Counter Notification Response

- http://www.youtube.com/watch?v=thjqgNJ_zf8

Display name of uploader  DANI MONTANA

The alleged infringing content is fully protected under Fair Use as defined by U.S. copyright law (17 U.S.C. § 107). I, Dani Montana, am the creator and owner of the content in question. Any clips used, if applicable, were not taken in their entirety and required significant creative input to produce. These clips were utilized for educational purposes, commentary, and criticism, all of which fall under the Fair Use exception. Fair Use Defense Transformative Use: The content is not a replication of the original but has been extensively transformed with commentary, critique, and original elements that provide new meaning and purpose. This transformative nature is fundamental to Fair Use protections. Limited Use: Only short segments of the original material were used, if any, and these were significantly edited, ensuring that the "heart" of the work was not taken or exploited. Purpose and Nature: The material was used to educate, critique, and discuss, which are core purposes protected by Fair Use. Market Effect: The content does not substitute or harm the market for the original material. Instead, it provides additional commentary, enhancing understanding and discussion. Copyright Ownership If a photograph is at issue, copyright ownership belongs to the photographer, not the subject, unless explicitly transferred. This is a well-established principle in copyright law. Prepared to Defend The video is a creative work, full of original content, extensive commentary, and transformative purpose. I am prepared to present evidence of its originality and transformative nature in court. I can provide documentation of my editing process, the limited use of any third-party material, and the educational and critical intent behind the work. This case falls squarely within Fair Use protections, and I am confident in defending this position.

I swear, under penalty of perjury, that I have a good faith belief the material was removed due to a mistake or misidentification of the material to be removed or disabled.

I consent to the jurisdiction of the Federal District Court for the district in which my address is located, or if my address is outside of the United States, the judicial district in which YouTube is located, and will accept service of process from the claimant.

Danielle Robertson

Danielle Robertson
8 The Green STE A
Dover, Delaware 19901
United States

Danimontana2022@gmail.com

(860) 864-0027

151

**Exhibit K-2** (Page 6)



## Copyright Infringement Notification Confirmation

Thanks for contacting the YouTube Copyright compliance team.

If you believe that your copyrighted content is being used without authorization, you may submit a copyright takedown notice through our webform. You can find the requirements for copyright takedown requests, and info about our copyright policy, in our Copyright Center. Please make sure that you've given us all of the required info so we can process your request. If you opt to prevent reuploads of removed videos, your email address, copyright owner name, and description of your allegedly infringed work may be shared with the uploader if their videos are prevented from uploading.

If you have concerns about harassment, your privacy, safety, or other abuse issues, learn more about how to stay safe on YouTube. Or, you may submit a complaint regarding other legal issues, including trademark and defamation.

We detected videos from your email and have started processing your request. If we missed any videos from your email, please file a new request. If your email has many video URLs, you may receive follow up responses.

Here is the list of videos we detected from your email:

- https://www.youtube.com/watch?v=uicvxu6Uyzg

- The YouTube Team

Help Center · Email Options

You received this email to provide information and updates around your YouTube channel or account.

YouTube

© 2021 Google LLC d/b/a YouTube. 901 Cherry Ave., San Bruno, CA 94066

152

**Exhibit K-2** (Page 7)

*Defendant's Counter Notification Response*

- http://www.youtube.com/watch?v=uicvxu6Uyzg

Display name of uploader: DANI MONTANA

The alleged infringing content is fully protected under Fair Use as defined by U.S. copyright law (17 U.S.C. § 107). I, Dani Montana, am the creator and owner of the content in question. Any clips used, if applicable, were not taken in their entirety and required significant creative input to produce. These clips were utilized for educational purposes, commentary, and criticism, all of which fall under the Fair Use exception. Fair Use Defense Transformative Use: The content is not a replication of the original but has been extensively transformed with commentary, critique, and original elements that provide new meaning and purpose. This transformative nature is fundamental to Fair Use protections. Limited Use: Only short segments of the original material were used, if any, and these were significantly edited, ensuring that the "heart" of the work was not taken or exploited. Purpose and Nature: The material was used to educate, critique, and discuss, which are core purposes protected by Fair Use. Market Effect: The content does not substitute or harm the market for the original material. Instead, it provides additional commentary, enhancing understanding and discussion. Copyright Ownership: If a photograph is at issue, copyright ownership belongs to the photographer, not the subject, unless explicitly transferred. This is a well-established principle in copyright law. Prepared to Defend: The video is a creative work, full of original content, extensive commentary, and transformative purpose. I am prepared to present evidence of its originality and transformative nature in court. I can provide documentation of my editing process, the limited use of any third-party material, and the educational and critical intent behind the work. This case falls squarely within Fair Use protections, and I am confident in defending this position.

I swear, under penalty of perjury, that I have a good faith belief the material was removed due to a mistake or misidentification of the material to be removed or disabled.

I consent to the jurisdiction of the Federal District Court for the district in which my address is located, or if my address is outside of the United States, the judicial district in which YouTube is located, and will accept service of process from the claimant.

Danielle Robertson

Danielle Robertson
8 The Green STE A
Dover, Delaware 19901
United States

DaniMontana2022@gmail.com

153

**Exhibit K-2** (Page 8)



## Copyright Infringement Notification Confirmation

Thanks for contacting the YouTube Copyright compliance team.

If you believe that your copyrighted content is being used without authorization, you may submit a copyright takedown notice through our webform. You can find the requirements for copyright takedown requests, and info about our copyright policy, in our Copyright Center. Please make sure that you've given us all of the required info so we can process your request. If you opt to prevent reuploads of removed videos, your email address, copyright owner name, and description of your allegedly infringed work may be shared with the uploader if their videos are prevented from uploading.

If you have concerns about harassment, your privacy, safety, or other abuse issues, learn more about how to stay safe on YouTube. Or, you may submit a complaint regarding other legal issues, including trademark and defamation.

We detected videos from your email and have started processing your request. If we missed any videos from your email, please file a new request. If your email has many video URLs, you may receive follow up responses.

Here is the list of videos we detected from your email.

- https://www.youtube.com/watch?v=AjCZaPkEODY

- The YouTube Team

Help Center • Email Options

You received this email to provide information and updates around your YouTube channel or account.

YouTube

154