

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SYBRENA EVANS ET AL.,

       Plaintiffs,

vs.

DANIELLE ROBERTSON ET AL.,

       Defendants,

Case No.24-cv-13435

Honorable Judith E. Levy

Magistrate Judge Elizabeth A. Stafford

**DEFENDANT'S MOTION FOR CLARIFICATION OF ECF NO. 159**

---

**DEFENDANT'S MOTION FOR CLARIFICATION OF ECF NO. 159**
*Submitted Under Special Appearance Without Waiving Jurisdictional Objections)*

Defendant, appearing specially and without waiving any jurisdictional, service, process, First Amendment, anonymity, or appellate objections, respectfully moves for clarification of the Court's May 26, 2026 Order overruling Defendant's objections. (ECF No. 159.) To the extent the Court construes this request as seeking reconsideration, Defendant seeks only limited reconsideration under Eastern District of Michigan Local Rule 7.1(h)(2).

Defendant does not file this motion to relitigate the underlying identity-disclosure orders. Defendant seeks only clarification that Defendant's Response to the Order to Show Cause (ECF No. 150) was timely filed and should be considered before any future finding of contempt, sanctions, willfulness, bad faith, or defiance.

I. LIMITED CLARIFICATION REQUESTED

Defendant respectfully requests clarification that ECF No. 150 remains part of the record and should be considered before any contempt or sanctions finding.

If the Court construes this motion as one for reconsideration, Defendant submits that clarification is warranted under Local Rule 7.1(h)(2)(A) because ECF No. 159 does not appear to address the distinct role of ECF No. 150 as Defendant's timely response to the Order to Show Cause. The mistake Defendant seeks to clarify is not the Court's ultimate ruling on the identity-disclosure orders, but the absence of any statement confirming that ECF No. 150 was Defendant's timely response to the Order to Show Cause and should be considered before any future contempt or sanctions determination.

## II. LIMITED RELIEF REQUESTED

ECF No. 159 states that Defendant's objections are overruled because Defendant did not show that Magistrate Judge Stafford's March 3, 2026 Order to Show Cause was clearly erroneous or contrary to law. ECF No. 159 also states that Defendant's good-faith, judicial-review, and constitutional arguments were unavailing.

However, ECF No. 150 specifically addressed why contempt and sanctions should not issue. In that filing, Defendant argued that her conduct reflected a good-faith legal dispute regarding irreversible identity disclosure while judicial review was pending, not willful disobedience or contempt.

## III. ECF NO. 150 WAS DEFENDANT'S RESPONSE TO THE ORDER TO SHOW CAUSE

The March 3, 2026 Order required Defendant to show cause by March 24, 2026 why she should not be held in contempt or sanctioned. ECF No. 159 describes ECF No. 144 in that manner. Defendant responded on March 24, 2026. ECF No. 150 is titled "Defendant's Response to Order to Show Cause." In that filing, Defendant appeared specially and without waiving jurisdictional

objections and argued that the record reflected good-faith efforts to preserve constitutional rights through proper procedural channels, not contempt.

ECF No. 150 further explained that Defendant sought Rule 72(a) review and a stay, preserved First Amendment anonymity objections, disputed waiver, and argued that contempt or sanctions were not appropriate where the dispute concerned irreversible identity disclosure.

IV. CLARIFICATION IS NEEDED BECAUSE NONCOMPLIANCE AND CONTEMPT ARE DISTINCT ISSUES

Defendant understands that the Court has distinguished between the prior identity-disclosure orders and the later Order to Show Cause. ECF No. 159 states that ECF No. 144 did not itself order disclosure, but required Defendant to show cause why contempt or sanctions should not issue.

That distinction is why clarification is necessary.

Whether Defendant complied with ECF Nos. 118 and 124 is one issue. Whether Defendant's conduct warrants contempt, sanctions, or a finding of willfulness, bad faith, or defiance is a separate issue. ECF No. 150 addressed the second issue.

Defendant respectfully submits that any future contempt or sanctions ruling should address ECF No. 150 before finding willfulness, bad faith, defiance, contempt, or sanctionable conduct.

V. DEFENDANT DOES NOT SEEK TO RELITIGATE THE UNDERLYING ORDERS

Defendant does not seek through this motion to reargue the entire identity-disclosure dispute. Defendant seeks only limited clarification that:

1. ECF No. 150 was Defendant's timely response to the Order to Show Cause;

2. ECF No. 150 preserved Defendant's constitutional, service, jurisdictional, and anonymity objections; and

3. ECF No. 150 should be considered before any finding of contempt, sanctions, willfulness, bad faith, or defiance.

VI. CONCLUSION

For these reasons, Defendant respectfully requests that the Court clarify ECF No. 159 for the limited purpose of confirming that ECF No. 150 remains preserved and should be considered before any contempt or sanctions finding.

Respectfully submitted,

/s/ Anonymous Defendant
Improperly named as Danielle Robertson

Date: 6/1/2026


Defendant, Pro Se
4539 N 22nd St
Phoenix, AZ 85016-4639
DaniRobertson@proton.me


DECLARATION REGARDING CITATIONS I declare under penalty of perjury that to the best of my knowledge, the citations and authorities referenced herein are accurate and correspond to the materials cited.

**CERTIFICATE OF SERVICE**

 I hereby certify that on this date, June 1, 2026, I served the foregoing document upon the Plaintiff, Sybrena Evans, via first-class United States mail, postage prepaid, to the following address: Sybrena Evans 17710 Lakeview Cr. Northville, MI 48168