

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED

JUN 09 2026

CLERK'S OFFICE (NA)
DETROIT

SYBRENA EVANS,

        Plaintiff

V.

DANIELLE ROBERTSON, et al.,

        Defendants.

Case No: 5:24-cv-13435
Hon. Judith E. Levy
Magistrate Judge Elizabeth A. Stafford

---

**PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE THE PROPOSED FIRST AMENDED AND SUPPLEMENTAL COMPLAINT (ECF NO. 160) AND IN RESPONSE TO DEFENDANT'S RESPONSE (ECF NO. 161)**

---

Plaintiff Sybrena Evans, proceeding pro se, respectfully submits this Reply in Support of her Motion for Leave to File the Proposed First Amended and Supplemental Complaint (ECF No. 160) and in Response to Defendant's Response in Opposition (ECF No. 161). For the reasons set forth below, Defendant's arguments are unpersuasive, and Plaintiff's Motion should be granted.

## I. INTRODUCTION

Defendant argues that Plaintiff's renewed motion fails to cure the deficiencies identified in (ECF No. 137) and still does not allege facts supporting a plausible inference of coordinated conduct between Defendant and non-party Keva Williams. Defendant's response, however, largely

evaluates individual allegations in isolation rather than the chronological sequence presented in Plaintiff's renewed motion.

Plaintiff's Proposed First Amended and Supplemental Complaint was specifically drafted to address the concerns identified in (ECF No. 137) by organizing contemporaneous statements, service-related activity, hearing awareness, communications, post-hearing conduct, and later admissions into a unified chronology. Viewed collectively, the allegations extend beyond mere parallel commentary and support a plausible inference of coordinated conduct sufficient to permit amendment.

Moreover, the non-party Declaration submitted in response to Plaintiff's motion confirms direct communication and voluntary transmission of PPO-related materials between non-party Keva Williams and Defendant while leaving material questions concerning timing, scope, and the sequence of events unresolved.

For these reasons, and as discussed below, Defendant's response does not establish that amendment and supplementation of Plaintiff's Complaint would be futile.

## II. DEFENDANT'S RESPONSE DOES NOT NEGATE THE REVISED CHRONOLOGY

Defendant argues that Plaintiff has failed to cure the deficiencies identified by the Court and still does not allege facts showing an actual agreement between Defendant and non-party Keva Williams. Respectfully, Plaintiff's Proposed First Amended and Supplemental Complaint does not rely upon any single statement or isolated event. Instead, Plaintiff reorganized the allegations into a chronological sequence of contemporaneous statements, conduct, and later admissions that were not previously presented in a unified manner.

Among other things, Plaintiff identified Defendant's statements concerning planning and acting in a "calculated" and "methodical" manner, statements concerning service-related activity using

collective language, statements reflecting advance awareness of the PPO proceeding, statements concerning contacting the court to determine whether the hearing remained scheduled, post-hearing dissemination of information concerning the proceeding, and Defendant's later admissions regarding possession and use of PPO-related materials.

Non-party Keva Williams' Declaration likewise confirms that PPO-related materials were voluntarily transmitted to Defendant. Although Defendant disputes Plaintiff's ultimate interpretation of these events, Plaintiff's Proposed First Amended and Supplemental Complaint presents a chronology of communications, conduct, awareness, and information-sharing that extends beyond mere parallel commentary. At the pleading stage, Plaintiff need only allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plaintiff's Proposed First Amended and Supplemental Complaint was specifically drafted to address the organizational and chronology concerns identified by the Court and should be evaluated in that context.

## III. THE NON-PARTY DECLARATION CONFIRMS COMMUNICATIONS AND LEAVES MATERIAL QUESTIONS UNRESOLVED

Defendant relies in part upon a declaration submitted by non-party Keva Williams in response to Plaintiff's Motion. Rather than negating the plausibility of Plaintiff's allegations, the declaration confirms certain communications and transmissions of information while leaving material questions unresolved.

First, Paragraph 21 of non-party Keva Williams' declaration expressly acknowledges that PPO-related materials were voluntarily transmitted to Defendant Danielle Robertson. Specifically, Williams states: "I provided a copy of my PPO petition and related materials to Danielle Robertson voluntarily so that she could respond to allegations in this federal

lawsuit that concern me, my PPO petition, and my alleged conduct." (ECF No. 161, PageID.3807.)

This admission confirms direct communication and voluntary transmission of PPO-related materials between non-party Keva Williams and Defendant. This admission is particularly noteworthy because it demonstrates that Defendant received and intended to use official PPO petition materials in defending this federal action. Such direct engagement stands in tension with Defendant's repeated characterizations, both in her filings and public statements, of having no involvement with or connection to the PPO proceeding itself. It also bears on Defendant's assertion that she "cannot represent, defend, or speak for" non-party Williams, given that Defendant submitted Williams' declaration in opposition to Plaintiff's Motion and thereafter filed a separate notice for clarification concerning the same subject matter. Defendant further relies upon PPO-related materials provided by Williams in opposing Plaintiff's Motion.

Second, although non-party Keva Williams acknowledges that PPO-related materials were provided to Defendant, the declaration does not identify when those materials were first transmitted, when communications between non-party Keva Williams and Defendant began concerning the PPO proceeding, whether similar materials had previously been shared, or whether additional hearing-related materials were later exchanged. The declaration likewise does not explain the scope of the "related materials" referenced therein.

These omissions are significant because Plaintiff's Motion identified a chronology of events occurring before, during, and after the PPO proceeding, including contemporaneous statements concerning service of process, Defendant's public statements regarding contacting the court to confirm whether the PPO hearing remained scheduled, Defendant's awareness of the hearing before it occurred, post-hearing dissemination activity, and Defendant's later possession and use of PPO-derived materials.

Third, the declaration does not resolve the chronology identified in Plaintiff's Motion. Plaintiff alleged that Defendant made statements suggesting awareness of, interest in, and involvement surrounding the PPO proceeding before and after the hearing. The declaration does not explain Defendant's service-related statements, her statements concerning contact with the court before the hearing, or how Defendant later obtained PPO-related materials referenced in her publications and filings.

Accordingly, even accepting the declaration at face value, it does not negate the chronology identified by Plaintiff. To the contrary, the declaration confirms direct communication and voluntary transmission of PPO-related materials while leaving unresolved questions concerning timing, scope, and the sequence of events identified in Plaintiff's Motion.

## IV. PLAINTIFF HAS CURED THE DEFICIENCIES IDENTIFIED IN (ECF No. 137)

Defendant argues that Plaintiff has failed to cure the deficiencies identified in (ECF No. 137.) Respectfully, Plaintiff's Proposed First Amended and Supplemental Complaint was specifically drafted to address the Court's prior observation that the allegations did not sufficiently connect Defendant to conduct occurring before and during the PPO proceeding itself.

The Court previously concluded that the allegations, at most, supported an inference that PPO-related materials and screenshots were later shared and published. Plaintiff's Proposed First Amended and Supplemental Complaint does not rely solely upon post-hearing dissemination. Instead, Plaintiff identifies a chronology of contemporaneous statements and conduct occurring before, during, and after the PPO proceeding.

Plaintiff's Proposed First Amended and Supplemental Complaint was drafted specifically to address that distinction by identifying alleged conduct connected to the PPO proceeding itself, rather than relying exclusively upon events occurring after the hearing.

Among other things, Plaintiff identifies statements concerning planning and acting in a "calculated" and "methodical" manner, statements concerning service-related activity using collective language, statements reflecting advance awareness of the PPO hearing, statements concerning contacting the court to determine whether the hearing remained scheduled, post-hearing dissemination activity, and Defendant's later admissions concerning possession and use of PPO-related materials.

The non-party Declaration likewise confirms direct communication and voluntary transmission of PPO-related materials between non-party Keva Williams and Defendant. While Defendant disputes Plaintiff's interpretation of these facts, the renewed motion presents a materially expanded chronology that was not before the Court when (ECF No. 137) was decided.

Plaintiff does not contend that any single statement alone establishes an agreement. Rather, the significance of the renewed allegations arises from their timing, sequence, and cumulative relationship to one another. Viewed collectively, the allegations support a plausible inference of coordinated conduct sufficient to permit amendment and are materially different from the isolated post-hearing sharing allegations discussed in (ECF No. 137.)

## V. CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Court:

1. **REJECT** Defendant's arguments that Plaintiff's Proposed First Amended and Supplemental Complaint would be futile;
2. **FIND** that Plaintiff's Proposed First Amended and Supplemental Complaint adequately addresses the concerns identified in (ECF No. 137);
3. **GRANT** Plaintiff's Motion for Leave to File the Proposed First Amended and Supplemental Complaint (ECF No. 160);

4. **PERMIT** the filing of the Proposed First Amended and Supplemental Complaint attached to Plaintiff's Motion; and

5. **GRANT** such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Sybrena Evans

Sybrena Evans, Pro Se

17710 Lakeview Cr.

Northville, MI 48168

Date: June 8, 2026

**CERTIFICATE OF SERVICE**

I certify that on June 8, 2026, I served this Reply by First-Class U.S. Mail,

postage upon:

Danielle Robertson

4539 N. 22nd St. , Phoenix, Arizona 85016-4639

/s/ Sybrena Evans

**CERTIFICATION OF AUTHORITIES**

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Plaintiff certifies that the authorities cited herein have been reviewed and, to the best of Plaintiff's knowledge, are accurately cited.

/s/ Sybrena Evans

Sybrena Evans, Plaintiff, Pro Se