

FILED

JUN 0 9 2026

CLERK'S OFFICE
DETROIT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SYBRENA EVANS,

              Plaintiff

V.

DANIELLE ROBERTSON, et al.,

              Defendants.

Case No: 5:24-cv-13435
Hon. Judith E. Levy
Magistrate Judge Elizabeth A. Stafford

---

## PLAINTIFF'S MOTION FOR LEAVE TO SERVE LIMITED THIRD-PARTY SUBPOENAS TO OBTAIN IDENTIFYING INFORMATION NECESSARY TO ENFORCE THE COURT'S DISCLOSURE ORDERS

---

Plaintiff Sybrena Evans, proceeding pro se, respectfully moves this Court pursuant to Federal Rules of Civil Procedure 26(d)(1) and 45 for leave to serve narrowly tailored third-party subpoenas to obtain identifying information necessary to enforce this Court's prior disclosure orders.

## I. INTRODUCTION

Although named as a defendant, Danielle Robertson remains effectively anonymous. She has actively litigated this matter for months by filing motions, objections, replies, notices, and supplemental submissions while repeatedly refusing to comply with this Court's orders requiring disclosure of her legal name and postal address. (ECF Nos. 118, 124, 159.)

On May 26, 2026, this Court overruled Defendant's objections and reaffirmed that prior orders requiring Defendant to disclose her legal name and postal address "remain in full force and

1

effect." (ECF No. 159, PageID.3497.) The Court further recognized that "Plaintiff's failure to serve Defendant is due to Defendant's own unwillingness to reveal her identity despite numerous Court orders." (ECF No. 159, PageID.3498.)

Despite that clear ruling, Defendant continues to litigate anonymously and, as recently as June 4, 2026, filed yet another motion seeking clarification. (ECF No. 162.) Defendant's Response to the Order to Show Cause (ECF No. 150) similarly fails to provide the required disclosure.

Plaintiff has exhausted less intrusive means of obtaining this information, including repeated Court orders directing Defendant to disclose her identity. Limited third-party discovery is now necessary to enforce the Court's disclosure orders, resolve ongoing disputes concerning identity and account control, and permit the orderly continuation of this litigation.

## II. FACTUAL BACKGROUND

This Court ordered Defendant to disclose her legal name and postal address on December 4, 2025 (ECF No. 118; Exhibit E) and again on December 29, 2025 (ECF No. 124; Exhibit F). Defendant failed to comply with either order.

On March 3, 2026, Magistrate Judge Stafford issued an Order to Show Cause directing Defendant to explain why she should not be held in contempt and sanctioned for her continued noncompliance. (ECF No. 144; Exhibit G.) Defendant filed objections (ECF No. 152; Exhibit H), which this Court overruled on May 26, 2026. (ECF No. 159; Exhibit I.)

Defendant nevertheless continues to file substantive papers while withholding the identifying information this Court has repeatedly ordered her to provide. Defendant has publicly associated herself with the "$TruthTellerDani" Cash App account since at least September 8, 2021, when she displayed "MessyDani.com," "@TruthTellerDani," and "$TruthTellerDani" together while promoting her online platforms and methods of audience support. (Exhibit B-1.) Defendant

2

continued publicly identifying, displaying, promoting, discussing, and utilizing the "$TruthTellerDani" Cash App account over the ensuing years, including through livestreams, community posts, and public statements concerning receipt, management, expenditure, and refund of funds associated with the account. (Exhibits A-B.)

From September 2021 through at least 2026, Defendant publicly identified, promoted, discussed, and utilized the "$TruthTellerDani" Cash App account in connection with her online activities. (Exhibits A-B.) Anonymous filings have simultaneously asserted that the account is legally owned by "John Doe" while acknowledging that others may have accessed the account. (Exhibit C.) These competing representations create unresolved questions concerning ownership, registration, access, and operational control that can be resolved through records maintained by Block, Inc.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 26(d)(1) generally prohibits discovery before the Rule 26(f) conference, but courts may authorize early discovery, including limited third-party subpoenas, upon a showing of good cause.

Courts in this District routinely authorize limited third-party discovery to identify parties who litigate anonymously while defying disclosure orders. See *Strike 3 Holdings, LLC v. Doe*, Case No. 25-14206 (E.D. Mich. Jan. 15, 2026) (Levy, J.).

Good cause exists where the requested discovery is narrowly tailored, unavailable through other means, and necessary to enforce Court orders and advance the litigation.

Plaintiff satisfies these standards here because Defendant remains subject to multiple unfulfilled disclosure orders, the requested discovery is narrowly tailored, and the information sought is unavailable through alternative means. This Court has already determined that Plaintiff's

inability to complete service results from Defendant's refusal to disclose her identity despite multiple Court orders. (ECF No. 159.)

## IV. ARGUMENT

### A. Limited Third-Party Discovery Is Necessary to Enforce This Court's Orders

This Court has already ordered Defendant to disclose her identity on multiple occasions. (ECF Nos. 118, 124, 159.) Defendant's continued refusal to comply, including in her Response to the Order to Show Cause (ECF No. 150), has created a procedural impasse that prevents Plaintiff from completing service and hinders the orderly administration of this litigation.

Limited third-party subpoenas are therefore necessary not merely to identify a defendant, but to enforce this Court's existing orders. As the Court recently reaffirmed, Robertson may not use her anonymity "simultaneously as a shield to protect her privacy and as a sword to undermine the litigation." (ECF No. 159, PageID.3498 n.2.) Defendant has already been afforded multiple opportunities to comply voluntarily and has not done so. The requested subpoenas therefore represent a limited and proportionate means of obtaining information that Defendant has repeatedly been ordered to provide but continues to withhold.

### B. Defendant's Public Statements and Contradictory Positions Establish Good Cause

Defendant has publicly claimed operational and financial control over specific accounts, including the "TruthTellerDani" Cash App account, while anonymous filings have attributed ownership to "John Doe." Moreover, filings submitted by anonymous parties have acknowledged that Defendant Danielle Robertson knows of, has access to, and uses the account, notwithstanding any claims of different ownership.

4

These representations establish a direct connection between Defendant and the account regardless of the identity of the nominal account holder. The conflicting positions advanced concerning ownership and operational control further demonstrate the need for limited third-party verification through records maintained by Block, Inc. (Exhibit C.)

Defendant has publicly associated herself with the "TruthTellerDani" Cash App account, described the account as a means of supporting her channel, discussed funds received through the account in first-person terms, and characterized those funds as "my money." (Exhibit A.) Examples of Defendant's public association with the account are attached as (Exhibit B.)

The record further reflects the following: (Exhibits A-B.)

- Defendant publicly promoted the "$TruthTellerDani" Cash App account over a period of years;
- Defendant repeatedly displayed the "$TruthTellerDani" Cash App account in videos and livestreams;
- Defendant referred to the account as "my Cash App";
- Defendant discussed expenditures made using funds associated with the account;
- Defendant discussed receiving financial support through the account;
- Defendant discussed budgeting and managing funds associated with the account;
- Defendant discussed sending Cash App payments to third parties

At the same time, anonymous filings have asserted that the account is legally owned by "John Doe" while acknowledging that others may have accessed the account. (Exhibit C.) Defendant has also publicly discussed methods by which online creators may separate themselves from identifying account information, maintain anonymity online, and avoid being easily located through online accounts and services. (Exhibit D.) These competing representations create

unresolved questions concerning ownership, registration, access, use, and operational control that cannot be resolved through the parties' assertions alone.

Records concerning ownership, registration, access, and operational control are relevant because Defendant has publicly associated herself with the account while anonymous filings attribute ownership to "John Doe." Objective third-party records are therefore necessary to determine the relationship between the account and the individual continuing to litigate anonymously before this Court.

Accordingly, limited third-party discovery directed to Block, Inc. is necessary to obtain objective information concerning ownership, registration, access, and operational control of the account and to assist in enforcing this Court's prior disclosure orders.

## C. The Requested Discovery Is Narrowly Tailored and Proportional

Plaintiff seeks leave to serve narrowly tailored subpoenas limited to identifying, registration, ownership, and account-control information maintained by the following entities:

- Block, Inc. (Cash App) — Limited to ownership, registration, and operational control data for the "TruthTellerDani" account.
- Google LLC / YouTube — Limited to identifying and monetization information associated with channels Defendant has publicly linked to her activity.

At this time, Plaintiff does not seek the contents of communications, private messages, emails, videos, or unrelated financial records. Should additional discovery become necessary at a later stage of the litigation, Plaintiff will seek leave of Court consistent with the Federal Rules of Civil Procedure.

**D. The Requested Discovery Is Consistent with Prior Objections Raised by Google**

Google previously indicated that it may be willing to produce responsive non-content information but raised procedural objections concerning jurisdiction, anonymous-speaker protections, and the absence of judicial findings supporting disclosure.

Plaintiff now seeks precisely such judicial authorization. The requested subpoenas are limited to identifying, registration, ownership, and account-control information necessary to enforce this Court's prior disclosure orders and identify the individual actively litigating this case.

At this time, Plaintiff does not seek the contents of communications, private messages, emails, videos, or unrelated financial records. Plaintiff seeks only the limited identifying information necessary to enforce existing Court orders and permit the orderly continuation of this litigation.

**V. CONCLUSION**

Plaintiff satisfies the good-cause standard applied by courts within this District for authorizing limited discovery under Rules 26(d)(1) and 45.

Defendant has repeatedly failed to comply with Court-ordered disclosure obligations while continuing to actively litigate anonymously. The requested discovery is narrowly tailored, proportional, unavailable through alternative means, and necessary to enforce this Court's prior disclosure orders and permit orderly administration of this litigation.

For the foregoing reasons, Plaintiff respectfully requests that the Court grant leave to serve limited third-party subpoenas directed to Block, Inc. and Google LLC for the limited purpose of obtaining identifying, registration, ownership, and account-control information necessary to enforce the Court's disclosure orders.

## VI. RELIEF REQUESTED

Plaintiff respectfully requests that the Court:

1. **GRANT** leave under Rule 26(d)(1) to conduct limited third-party discovery;

2. **AUTHORIZE** narrowly tailored Rule 45 subpoenas directed to Block, Inc. and Google LLC;

3. **LIMIT** the subpoenas issued pursuant to this Motion solely to identifying information, registration information, ownership information, and account-control information;

4. **AUTHORIZE** such limited discovery as necessary to enforce the Court's prior disclosure orders and permit orderly continuation of this litigation; and

5. **GRANT** such other and further relief as the Court deems just and proper

Respectfully submitted,

/s/ Sybrena Evans

Sybrena Evans, Pro Se

17710 Lakeview Cr.

Northville, MI 48168

Date: June 8, 2026

## CERTIFICATE OF SERVICE

I certify that on June 8, 2026, I served this Motion by First-Class U.S. Mail,

postage upon:

Danielle Robertson

4539 N. 22nd St.

Phoenix, Arizona 85016-4639

/s/ Sybrena Evans

8

**DECLARATION OF SYBRENA EVANS**

**IN SUPPORT OF MOTION FOR LEAVE TO SERVE LIMITED THIRD-PARTY SUBPOENAS TO OBTAIN IDENTIFYING INFORMATION NECESSARY TO  ENFORCE THE COURT'S DISCLOSURE ORDERS**

I, Sybrena Evans, declare as follows:

1. I am the Plaintiff in the above-captioned matter and proceed pro se. I have personal knowledge of the facts set forth herein.

2. Defendant Danielle Robertson has actively participated in this litigation through numerous filings while refusing to comply with this Court's repeated orders to disclose her legal name and postal address.

3. Defendant has publicly referenced and utilized specific accounts, including the "TruthTellerDani" Cash App account and associated YouTube channels, in connection with the conduct alleged in this action.

4. Defendant's public statements referenced herein were made during publicly available livestreams, videos, community posts, and related online content. Plaintiff has preserved recordings, screenshots, transcript excerpts, and associated metadata for the referenced materials. To the extent transcript excerpts are attached as exhibits, the underlying audio and video recordings are available and can be produced if requested by the Court.

5. Defendant has also made public statements acknowledging financial control, budgeting, and personal benefit from these accounts, while anonymous filings have attributed ownership or control to "John Doe."

6. Anonymous filings have further acknowledged Defendant's access to and use of the referenced account notwithstanding those ownership assertions.

7.  The limited third-party subpoenas sought in this Motion are necessary to verify

Defendant's identity, resolve inconsistencies regarding account control, and enforce this

Court's prior disclosure orders.

I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.

Executed on: June 8, 2026

/s/ Sybrena Evans

Sybrena Evans, Plaintiff, Pro Se

**TABLE OF AUTHORITIES**

**Cases**

*Strike 3 Holdings, LLC v. Doe,* Case No. 25-14206 (E.D. Mich. Jan. 15, 2026) (Levy, J.)

**Federal Rules**

Fed. R. Civ. P. 26(d)(1)

Fed. R. Civ. P. 45

**Certification**

Plaintiff certifies that all cited authorities have been reviewed and, to the best of Plaintiff's knowledge, the citations are accurate and reflect the sources relied upon herein.

Respectfully submitted,

/s/ Sybrena Evans

Sybrena Evans, Pro Se

**EXHIBIT LIST**

**Exhibit A:** Defendant's Public Statements Concerning the "$TruthTellerDani" Cash App Account

**Exhibit A** (Page 1)

Excerpt 1 — Defendant's Statements Concerning Channel Support and Cash App References

Excerpt 2 — Defendant's Statements Concerning the Purpose of the "$TruthTellerDani" Cash App Account

**Exhibit A (Page 2)**

Excerpt 3 — Defendant's Statements Concerning Receipt, Use, and Management of Funds Associated with the "$TruthTellerDani" Cash App Account

Excerpt 4 — Defendant's Statements Concerning Expenditures and Personal Control of Funds

**Exhibit A (Page 3)**

Excerpt 5 — Defendant's Statements Concerning Cash App Support and Receipt of Funds from Viewers

Excerpt 6 — Defendant's Statements Concerning Receipt and Refund of Cash App Payments

**Exhibit A (Page 4)**

Excerpt 7 — Defendant's Statements Concerning Financial Resources and Expenditures

**Exhibit B**: Defendant's Public Identification, Promotion, and Association with the "$TruthTellerDani" Cash App Account

**Exhibit B-1**: September 8, 2021 Livestream Displaying "$TruthTellerDani" Cash App Account and Defendant's Public Identification of the Account

**Exhibit B-2**: January 21, 2022 Livestream Displaying "$TruthTellerDani" Cash App Account and Defendant's Public Identification of the Account

**Exhibit B-3**: November 6, 2022 Livestream Displaying and Promoting the "$TruthTellerDani" Cash App Account

**Exhibit B-4**: March 14, 2023 Livestream Displaying and Promoting the "$TruthTellerDani" Cash App Account

**Exhibit B-5**: March 18, 2023 Livestream Displaying and Promoting the "$TruthTellerDani" Cash App Account

**Exhibit B-6**: March 23, 2023 Livestream Displaying and Promoting the "$TruthTellerDani" Cash App Account

**Exhibit B-7**: April 10, 2024 Livestream Displaying and Promoting the "$TruthTellerDani" Cash App Account

**Exhibit B-8**: April 23, 2024 Livestream Referencing Receipt of Cash App Funds and Displaying the "$TruthTellerDani" Cash App Account

**Exhibit B-9**: May 29, 2024 Livestream Displaying and Promoting the "$TruthTellerDani" Cash App Account

**Exhibit B-10**: May 31, 2024 Livestream Displaying and Promoting the "$TruthTellerDani" Cash App Account

**Exhibit B-11**: June 8, 2024 Livestream Displaying and Promoting the "$TruthTellerDani" Cash App Account

**Exhibit B-12**: June 9, 2024 Livestream Displaying and Promoting the "$TruthTellerDani" Cash App Account

**Exhibit B-13**: September 12, 2024 Community Post Referencing Defendant's Continued Ownership and Operation of Three Monetized YouTube Channels

**Exhibit C**: Anonymous "John Doe" Filings Concerning Ownership, Access, and Control of the "$TruthTellerDani" Cash App Account

**Exhibit D**: Defendant's Statements Concerning Online Anonymity, VPN Use, and Efforts to Avoid Identification Through Online Accounts and Services

**Exhibit D** (Page 2): Defendant's Statements Concerning Online Anonymity and Efforts to Avoid Identification

**Exhibit E**: ECF No. 118 — Order Requiring Disclosure of Defendant's Legal Name and Postal **Address (Dec. 4, 2025)**

**Exhibit F**: ECF No. 124 — Order Requiring Disclosure of Defendant's Legal Name and Postal Address (Dec. 29, 2025)

**Exhibit G**: ECF No. 144 — Order to Show Cause (Mar. 3, 2026)

**Exhibit H**: ECF No. 152 — Defendant's Objections to Order to Show Cause

**Exhibit I**: ECF No. 159 — Order Overruling Defendant's Objections and Reaffirming Disclosure Orders (May 26, 2026)

**Exhibit A**

**Defendant's Public Statements Concerning the "$TruthTellerDani" Cash App Account**

The following transcript excerpts reflect Defendant's public discussion of the "$TruthTellerDani" Cash App account, including channel support, receipt of funds, personal expenditures, budgeting, and Defendant's characterization of funds associated with the account as her own.

**Excerpt 1 – Channel Support and Cash App References**

Defendant's Livestream: *Days of Our Lies! Eeny Meeny Miny Moe, Catch a Bear by Its Paw!*

February 13, 2023

(1:37:35–1:37:43)

- "If you'd like to support the channel, yes, hunty yes, that's how you can support the channel"
- "You know how out of jealousy, they're always mentioning Cash App?"
- "They are always mentioning like, oh, she has her Cash App here, she has her Cash App there"

**Excerpt 2 – Defendant's Statements Concerning the Purpose of the Account**

*Days of Our Lies! Eeny Meeny Miny Moe, Catch a Bear by Its Paw!* (1:37:44–1:37:55)

- "I don't have my Cash App on the f'king petition"
- "The Cash App is only on my main YouTube channel"
- "That's for people to support my channel, okay, my, my, my…"

— Danielle Robertson

**Exhibit A** (Page 2)

**Defendant's Public Statements Concerning the "$TruthTellerDani" Cash App Account**

**Excerpt 3 – Defendant's Statements Concerning Receipt, Use, and Management of Funds**

Defendant's Livestream: "*Dani Robertson's Statements Concerning Receipt, Use, and Management of Funds Associated with the "$TruthTellerDani" Cash App Account*" 2025

(00:05–00:27)

- "If someone sends me a Cash App, I don't have anything besides their username"
- "That money could make my bank account a lot bigger"
- "If I kept all the money and never gave anything to anybody, I would have a bigger savings account"
- "I budget. ... I can see how much is being spent on certain things"

**Excerpt 4 – Defendant's Statements Concerning Expenditures**

Defendant's Livestream: "*The Dani Robertson Aftershow Cafe! The Lying Dust Mite*"
April 5, 2026

(1:11:05–1:11:27)

- "I don't know how many times people have mentioned the $800 bucks I spent on the police footage and what I could have done with the money"
- "First of all, it's my money"
- "Second of all, mind your business and focus on your own pockets"

— Danielle Robertson

16

**Exhibit A** (Page 3)

**Excerpt 5 – Defendant's Statements Concerning Cash App Support and Receipt of Funds from Viewers**

Defendant's Livestream: "*The Lies and Hypocrisy Continue: It's the Playing Victim for Me*"
February 11, 2023

(59:43–59:58)

- "If you would like to support the channel, you can do so via Cash App"

- "Some people did send me Cash Apps earlier"

- "Low-key. Thanks for supporting my channel…So she sent me a Cash App"

- "Chris Stephanie, thank you for sending me a Cash App as well"

- "Thank you so much for the Cash App"

**Excerpt 6 – Defendant's Statements Concerning Receipt and Refund of Cash App Payments**

Defendant's Livestream: "*The Lies and Hypocrisy Continue: It's the Playing Victim for Me*"
February 11, 2023

(3:55:11–3:56:22)

- "You said you sent me a Cash App and then I said I refunded your Cash App"

- "... send me a Cash App"

- "Let me see the Cash App where the Cash App says I refunded your Cash App"

- "You sent me a Cash App saying you come in peace."

- "I refunded her money…I gave her money back"

**Exhibit A** (Page 4)

- "You can't buy me with no five dollars"

— Danielle Robertson

**Excerpt 7 – Defendant's Statements Concerning Financial Resources and Expenditures**

Defendant's Livestream: "*The Lies and Hypocrisy Continue: It's the Playing Victim for Me*"

February 11, 2023

(3:32:36 –3:33:09)

- "I have money in my bank account"
- "I have a nice savings"
- "I have a nice checking account"
- "I'm not dependent on YouTube for income"
- "I have money coming in every week"
- "If I need to pay to get police footage, I will pay it"
- "It was $1,000 for somebody's police footage"

— Danielle Robertson

**Supporting Materials:**

- Transcript excerpts
- Preserved audio/video recordings

18

**Exhibit B**

**Defendant's Public Identification, Promotion, and Association with the "$TruthTellerDani" Cash App Account**

Over a period of years, Defendant repeatedly identified, promoted, discussed, and utilized the "$TruthTellerDani" Cash App account in public-facing content. The following sub-exhibits contain screenshots, transcript excerpts, and supporting audio/video references documenting Defendant's public statements and representations concerning the account. These exhibits are offered to demonstrate Defendant's public association with the account and to support Plaintiff's request for limited third-party discovery concerning ownership, registration, and operational control.



**Exhibit B** (Page 2)

**Defendant's Public Identification, Promotion, and Association with the "$TruthTellerDani"**

**Cash App Account**



SCAN TO PAY WITH CASH APP

## Dani Robertson

$truthtellerdani

**Exhibit B** (Page 3)

**Defendant's Public Identification, Promotion, and Association with the "$TruthTellerDani"**

**Cash App Account**



**Exhibit B-1**

**September 8, 2021 — Defendant's Livestream Video "Fake Woke" Displaying
"MessyDani.com," "@TruthTellerDani," and "$TruthTellerDani"**

At the conclusion of the livestream titled "Fake Woke," Defendant displayed the identifiers
"MessyDani.com," "@TruthTellerDani," and "$TruthTellerDani" together on screen while
promoting her online platforms and methods of audience support.

Defendant's livestream: *"Fake Woke"* screenshots below:





**Exhibit B-2**

**January 21, 2022 — Livestream Displaying "$TruthTellerDani" Cash App Account and Defendant's Public Identification of the Account**

Livestream: *"Surviving NoseyHeaux Live: Exposing The Sham Investigation The Cosigning Sidekick II"*

Timestamp: 1:07:45-1:07:55

Statement:

- "Lastly, my Cash App name is $TruthTellerDani ... goodbye for now xoxo Lady Dani."

— Danielle Robertson

Evidence Included:

- Screenshot of livestream display
- Transcript excerpt
- Meta data
- Preserved video recording

WEBSITE- MESSYDANI.COM
Twitter @TruthTellerDani
CashApp $TruthTellerDani

**Exhibit B-3**

**November 6, 2022 — Defendant's Public Identification, Promotion, and Association with the "$TruthTellerDani" Cash App Account**

Defendant's livestream: *"Dani Robertson: Addressing The Basics"*





**Exhibit B-4**

**March 14, 2023 — Defendant's Public Identification, Promotion, and Association with the "$TruthTellerDani" Cash App Account**

Defendant's livestream: *"Teddy Bundy's Subscribers Called Her Out… "*





**Exhibit B-5**

**March 18, 2023 — Defendant's Public Identification, Promotion, and Association with the "$TruthTellerDani" Cash App Account**

Defendant's livestream: *"Exposing The Sham Investigation Continued: The Case of The Chopped and Screwed Up Audio"*





**Exhibit B-6**

**March 23, 2023 — Defendant's Public Identification, Promotion, and Association with the "$TruthTellerDani" Cash App Account**

Defendant's livestream: *"Part 3: The Verdict and More Deflection from the Scammers: Mommy Biter (Hear Him TV) and Teddy Bundy"*





**Exhibit B-7**

**April 10, 2024 — Defendant's Public Identification, Promotion, and Association with the "$TruthTellerDani" Cash App Account**

*Defendant's livestream: "Black Tea Sector: Teddy Bundy The Real Tea! April 9th"*



**Exhibit B-8**

**April 23, 2024 — Defendant's Public Identification, Promotion, and Association with the "$TruthTellerDani" Cash App Account**

Defendant's livestream: *"Black Tea Sector: Pathological Liars and Scammers"*

- *"Thanks to Lo Key For The Cash App"*

— Danielle Robertson





**Exhibit B-9**

**May 29, 2024 — Defendant's Public Identification, Promotion, and Association with the "$TruthTellerDani" Cash App Account**

*Defendant's livestream: "Dani Robertson: Addressing The Basics"*



**Exhibit B-10**

**May 31, 2024 — Defendant's Public Identification, Promotion, and Association with the "$TruthTellerDani" Cash App Account**

*Defendant's livestream: "Dani Robertson Jag Algorthim: If It's Up Then It's Stuck"*



31

**Exhibit B-11**

**June 8, 2024 — Defendant's Public Identification, Promotion, and Association with the "$TruthTellerDani" Cash App Account**

Defendant's livestream: *"Dani Robertson Side and Jaguar Wright Side – "Loose Ends and Psychos"*



**Exhibit B-12**

**June 9, 2024 — Defendant's Public Identification, Promotion, and Association with the "$TruthTellerDani" Cash App Account**

*Defendant's livestream: "Dani Robertson Side and Jaguar Wright Side – "Continued From Morning Live"*



33

**Exhibit B-13**

**September 12, 2024** — Defendant's "Unhinged With Bundy" Community Post Referencing Defendant's Continued Ownership and Operation of Three Monetized YouTube Channels

This exhibit is offered to demonstrate Defendant's public association with monetized YouTube channels operated through Google's YouTube platform. Plaintiff seeks limited discovery from Google LLC concerning identifying and monetization-related information associated with channels Defendant has publicly identified as her own.



**Exhibit C**

**John Doe's Anonymous Filings Concerning Ownership, Access, and Use of the "$TruthTellerDani" Cash App Account**

The following statements were made in anonymous filings submitted by "John Doe" concerning the "$TruthTellerDani" Cash App account. The statements are offered solely to demonstrate representations made to the Court regarding account ownership, access, and use, and to support Plaintiff's request for limited third-party discovery concerning ownership, registration, and account-control information.

**Exhibit C-1**

ECF No. 27, PageID.166

- "I am the legal account holder whose financial information, legal name, and personal identifiers are being improperly sought through these subpoenas."

**Exhibit C-2**

ECF No. 27, PageID.167

- "Neither subpoena was served on me, the legal account holder. "

**Exhibit C-3**

ECF No. 34, PageID.322

- "John Doe is not a party to this case. He is the sole legal owner of a financial account that was improperly subpoenaed by Plaintiff."

**Exhibit C-4**

ECF No. 34, PageID.323

- "The account is not registered to Danielle Robertson."

**Exhibit C-5**

ECF No. 54, PageID.504

- "Doe has not denied that others may have accessed his account."

**Exhibit C-6**

ECF No. 54, PageID.504

- "The subpoena targets Doe solely because he is the legal owner, not because of any alleged misconduct."

— John Doe

**Exhibit D**

**April 24, 2022 — Defendant's Statements Concerning Anonymity, Concealment of Identity, Online Identification, VPN Use, and Efforts to Avoid Being Easily Located Through Online Accounts and Services**

Defendant's Livestream: *"Dani Robertson's Stationhead April 24th"*

Selected Transcript Excerpts;

(2:48:12–2:50:10)

- "For the record, my personal information is not linked to YouTube or Google"
- "That's not how someone will be able to find me"
- "There's layers to this, hunty"
- "You actually think I put all my real information on YouTube and Google?"
- "No, I don't even want YouTube and Google to know who I am"
- "My website is not connected to me"
- "The only people that can find me are the police"
- "The police would have to do a thorough investigation to find me"
- "They will have to do more than just pull something."
- "I also use a VPN when I connect to the Internet"
- "I am not someone who is easy to find"
- "I have not made myself easy to find. …I'm not stupid"
- "All the threats online about 'I'm going to subpoena this' or 'I'm going to get the IP' do not scare me."

— Danielle Robertson

37

**Exhibit D** (Page 2)

**April 24, 2022 — Defendant's Statements Concerning Online Anonymity and Efforts to Avoid Identification**

Defendant's Livestream: *Dani Robertson's Stationhead April 24th*

Selected Transcript Excerpts;

(2:53:06–2:54:22)

One of many "Public Statements" made by Defendant Danielle Robertson Regarding Avoidance and Obfuscation.

"Now for YouTube, as a creator, you do have to give information, but who says that you have to give your information? It could be someone else over your account. So, if that person is pinned they can say, ugh..that's not them. And yeah, because there's different managers and other people that can be over the YouTube account..."

"So yeah, basically I'm not connected to anything... and everything is put in place so I'm not going to be found, trust on that. The only people that can find me, like I said, are the police. And that's through a thorough investigation and peeling layers and actually interviewing people and asking questions to see who is behind the account."

(2:54:22–2:54:35)

- "So, yeah, I'm not afraid of anybody finding me"

— Danielle Robertson

**Exhibit E**

**December 4, 2025 — (ECF No. 118) Order Requiring Disclosure of Defendant's Legal Name and Postal Address**

Case 5:24-cv-13435-JEL-EAS   ECF No. 118, PageID.2368   Filed 12/04/25   Page 1 of 26

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Sybrena Evans,

                Plaintiff,      Case No. 24-13435

v.

                                 Judith E. Levy
Danielle Robertson, *et al.*,      United States District Judge

                                 Mag. Judge Elizabeth A. Stafford
                Defendants.

_____/

**ORDER OVERRULING DEFENDANT DANIELLE
ROBERTSON'S OBJECTIONS [82] TO MAGISTRATE JUDGE
STAFFORD'S ORDER [74], DENYING AS MOOT DEFENDANT'S
EMERGENCY MOTION TO STAY [82], OVERRULING
DEFENDANT'S OBJECTIONS [94] TO MAGISTRATE JUGDE
STAFFORD'S ORDER STRIKING ECF NO. 83 [87], AND
DENYING DEFENDANT'S MOTION TO SUBMIT VIDEO
EVIDENCE [94]**

Before the Court is Defendant "Danielle Robertson's"[1] objections

(ECF No. 82) to Magistrate Judge Elizabeth A. Stafford's September 25,

2025 order (ECF No. 74), which contained the following decisions:

- Denying as moot Plaintiff Sybrena Evans' motion to strike
non-party John Doe's motion to quash, John Doe's motion for
reconsideration, and Plaintiff's motion to compel John Doe to

_____

[1] "Danielle Robertson" is Defendant's alias and not her true name.

**Exhibit E** (Page 2)

**December 4, 2025 — (ECF No. 118) Order Requiring Disclosure of Defendant's Legal**

**Name and Postal Address**

Case 5:24-cv-13435-JEL-EAS   ECF No. 118, PageID.2393   Filed 12/04/25   Page 26 of 26

OVERRULED (ECF No. 94), and Defendant's motion for leave to submit

video evidence is DENIED. (*Id.*)

Further, the Court's order staying Defendant Danielle Robertson's

deadline to file a written notice identifying her legal name and postal

address is VACATED. (ECF No. 95.) Defendant must file this written

notice by **December 15, 2025**.

IT IS SO ORDERED.

Dated: December 4, 2025       s/Judith E. Levy
Ann Arbor, Michigan           JUDITH E. LEVY
                              United States District Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served
upon counsel of record and any unrepresented parties via the Court's
ECF System to their respective email or first-class U.S. mail addresses
disclosed on the Notice of Electronic Filing on December 4, 2025.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager

26

40

**Exhibit F**

**December 29, 2025 — (ECF No. 124) Order Requiring Disclosure of Defendant's Legal Name and Postal Address**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Sybrena Evans.

|                        |                                       |
|------------------------|---------------------------------------|
| Plaintiff.             | Case No. 24-13435                     |
| v.                     | Judith E. Levy                        |
|                        | United States District Judge          |
| Danielle Robertson. *et al.*. |                                |
|                        | Mag. Judge Elizabeth A. Stafford      |
| Defendants.            |                                       |

_____/

ORDER STRIKING DEFENDANT DANIELLE ROBERTSON'S
EMERGENCY MOTION TO STAY. MOTION FOR
RECONSIDERATION. AND CONDITIONAL REQUEST FOR
CERTIFICATION [121]

Before the Court is Defendant "Danielle Robertson's"[1] "emergency motion to stay identity disclosure pending resolution of motion for reconsideration: and motion for reconsideration of identify-disclosure order (ECF Nos. 74 & 118): and conditional request for § 1292(b) certification." (ECF No. 121.) For the reasons set forth below. Defendant's filing is stricken.

_____

[1] "Danielle Robertson" is Defendant's alias and not her true name.

41

**Exhibit F** (Page 2)

**December 29, 2025 — (ECF No. 124) Order Requiring Disclosure of Defendant's Legal Name and Postal Address**

Case 5:24-cv-13435-JEL-EAS   ECF No. 124, PageID.2636   Filed 12/29/25   Page 4 of 4

imposed if future filings contain factitious citations. (*See* ECF No. 111, PageID.2322.)

As such, Defendant's filing (ECF No. 121) is STRICKEN. Defendant must file a written notice identifying her legal name and postal address by January 5, 2026.

IT IS SO ORDERED.

Dated: December 29, 2025
Ann Arbor, Michigan

s/Judith E. Levy
JUDITH E. LEVY
United States District Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 30, 2025.

s/Kelly Winslow
KELLY WINSLOW
Case Manager

4

**Exhibit G**

**March 3, 2026 — (ECF No. 144) Order to Show Cause**

Case 5:24-cv-13435-JEL-EAS   ECF No. 144, PageID.3206   Filed 03/03/26   Page 1 of 11

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SYBRENA EVANS,

Plaintiff,

v.

DANIELLE ROBERTSON, et al.,

Defendants.

Case No. 24-cv-13435
Honorable Judith E. Levy
Magistrate Judge Elizabeth A. Stafford

_____

**ORDER GRANTING PLAINTIFF'S
MOTION FOR ORDER TO SHOW CAUSE
(ECF NO. 134)**

_____

I.     **Introduction**

Plaintiff Sybrena Evans, proceeding pro se, sues Defendant Danielle

Robertson[1] and Jane Does 1-10 for copyright infringement, defamation,

fraud, and harassment.  ECF No. 1.  The Honorable Judith E. Levy referred

the case to the undersigned for all pretrial matters under 28 U.S.C.

§ 636(b)(1).  ECF No. 7.  Evans moves for an order requiring Robertson to

show cause why she should not be held in contempt and sanctioned for

_____

[1] Robertson made a special appearance as a Jane Doe stating that
"Danielle Robertson" is an online alias and not her legal name.  ECF No.
28, PageID.183.  For the sake of clarity, the Court will nevertheless refer to
this individual as Robertson.

43

**Exhibit G** (Page 2)

**March 3, 2026 — (ECF No. 144) Order to Show Cause**

Case 5:24-cv-13435-JEL-EAS   ECF No. 144, PageID.3215   Filed 03/03/26   Page 10 of 11

doctrine applies. *See Evanston Ins.*, 2010 WL 11691694, at *2. The Court declines to consider Robertson's belated First Amendment argument on the anonymity issue.

### IV.   Conclusion

The Court thus **GRANTS** Evans's motion for an order to show cause (ECF No. 134). By **March 24, 2026**, Robertson must show cause why she should not be held in contempt and sanctioned for her defiance of Judge Levy's orders to disclose her legal name and postal address.

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: March 3, 2026

### NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

10

**Exhibit H**

**April 3, 2026 — (ECF No. 152) Defendant's Objections to Order to Show Cause**

Case 5:24-cv-13435-JEL-EAS ECF No. 152, PageID.3411 Filed 04/03/26 Page 1 of 28    28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

F I L E D
APR 0 3 2026
CLERK'S OFFICE
DETROIT

| | |
|---|---|
| SYBRENA EVANS ET AL... | Case No.24-cv-13435 |
| Plaintiffs, | Honorable Judith E. Levy |
| vs. | Magistrate Judge Elizabeth A. Stafford |
| DANIELLE ROBERTSON ET AL., | |
| Defendants, | **DEFENDANT'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER** |

**DEFENDANT'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER**

Defendant, appearing specially and without waiving jurisdictional objections, respectfully submits the following objections pursuant to Federal Rule of Civil Procedure 72(a) and requests that the Court stay enforcement of the order compelling disclosure of Defendant's identity pending review of these objections.

**I. STATEMENT OF RESPECT AND CLARIFICATION OF DEFENDANT'S POSITION**

Defendant respectfully submits that she has not defied or disregarded this Court's authority at any stage of these proceedings. To the contrary, Defendant has actively participated in this case by filing motions, objections, and responses in accordance with the Federal Rules of Civil Procedure.

1

**Exhibit H** (Page 2)

## April 3, 2026 — (ECF No. 152) Defendant's Objections to Order to Show Cause

. Case 5:24-cv-13435-JEL-EAS ECF No. 152, PageID.3435 Filed 04/03/26 Page 25 of 28

Finally, the posture of the case has materially changed. The Magistrate Judge has recommended dismissal of most claims, including the federal copyright claim with prejudice, leaving only a single remaining state-law claim whose viability remains contested and may be subject to constitutional and immunity-based defenses.

Under these circumstances, compelling disclosure of Defendant's identity would risk irreversible harm to protected anonymity without sufficient justification. Compelling disclosure in a case that may ultimately be dismissed for lack of jurisdiction or failure to state a claim would invert the proper order of judicial analysis and risk irreversible constitutional harm without legal necessity.

For all of these reasons, Defendant respectfully requests that the Court:

• Sustain Defendant's objections under Rule 72(a);

• Set aside the Magistrate Judge's order compelling identity disclosure (ECF No. 144);

• Stay enforcement of the identity disclosure requirement pending review; and

• Grant any further relief the Court deems just and appropriate.

**I certify that I have checked all citations in this filing and, to the best of my knowledge, they are accurate.**

Respectfully submitted.
s/ Doe
Anonymous Defendant, pro se
Improperly named as Danielle Robertson
Dated: February 23, 2026

**Exhibit I**

**May 26, 2026 — (ECF No. 159) Order Overruling Defendant's Objections and Reaffirming Disclosure Orders**

Case 5:24-cv-13435-JEL-EAS   ECF No. 159, PageID.3494   Filed 05/26/26   Page 1 of 6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Sybrena Evans,

                Plaintiff,      Case No. 24-13435

v.

                             Judith E. Levy
                             United States District Judge
Danielle Robertson, *et al.*,

                             Mag. Judge Elizabeth A. Stafford
                Defendants.

_____/

### ORDER OVERRULING DEFENDANT'S OBJECTIONS [152]

Before the Court is Defendant "Danielle Robertson's"[1] "objections to Magistrate Judge's Order." (ECF No. 152.) Defendant asks the Court to "[s]et aside the Magistrate Judge's order compelling identity disclosure (ECF No. 144)." (*Id.* at PageID.3435.) Defendant appears to reference Magistrate Judge Elizabeth A. Stafford's March 3, 2026 order requiring Defendant to show cause by March 24, 2026, why she should not be held in contempt and sanctioned for her defiance of the Undersigned's orders to disclose her legal name and postal address. (ECF No. 144.)

---

[1] "Danielle Robertson" is apparently Defendant's alias and not her true name.

47

**Exhibit I** (Page 2)

**May 26, 2026 — (ECF No. 159) Order Overruling Defendant's Objections and Reaffirming Disclosure Orders**

Case 5:24-cv-13435-JEL-EAS   ECF No. 159, PageID.3498   Filed 05/26/26   Page 5 of 6

concerns." (*Id*. at PageID.3411–3412.)[2] These arguments are unavailing. It is undisputed that the Court ordered Defendant to reveal her identity on December 4, 2025 (ECF No. 118) and December 29, 2025 (ECF No. 124), and Defendant did not comply with those orders. As such, Defendant's objections do not demonstrate that Judge Stafford's order to show cause is contrary to the law or clearly erroneous.

Defendant's objections are OVERRULED. (ECF No. 152.)

IT IS SO ORDERED.

Dated: May 26, 2026
Ann Arbor, Michigan

s/Judith E. Levy
JUDITH E. LEVY
United States District Judge

---

[2] Defendant also argues that revealing her identity would be inappropriate because Plaintiff has not successfully served her pursuant to Federal Rule of Civil Procedure 4. (ECF No. 152, PageID.3433.) But Plaintiff's failure to serve Defendant is due to Defendant's own unwillingness to reveal her identity despite numerous Court orders. As set forth numerous times by Judge Stafford and the Undersigned, "Robertson may not use her anonymity 'simultaneously as a shield to protect her privacy and as a sword to undermine the litigation.'" (ECF No. 144, PageID.3207 (quoting ECF No. 74, PageID.778).)

48