UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED
JUN 2 6 2026
CLERK'S OFFICE
DETROIT

| | |
|---|---|
| SYBRENA EVANS ET AL.,<br><br>Plaintiffs,<br><br>vs.<br><br>DANIELLE ROBERTSON ET AL.,<br><br>Defendants, | Case No.24-cv-13435<br><br>Honorable Judith E. Levy<br><br>Magistrate Judge Elizabeth A. Stafford<br><br>**DEFENDANT DANIELLE ROBERTSON'S MOTION FOR SANCTIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 11** |

**DEFENDANT DANIELLE ROBERTSON'S MOTION FOR SANCTIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 11**

Submitted Without Waiving Jurisdictional, Service, Rule 12, First Amendment, Anonymity, or Other Objections

Defendant Danielle Robertson, appearing pro se and without waiving any defenses, objections, jurisdictional challenges, service challenges, anonymity objections, First Amendment objections, or appellate rights, respectfully moves for sanctions under Federal Rule of Civil Procedure 11. This motion concerns Plaintiff's Renewed Motion for Leave to File Proposed First Amended and Supplemental Complaint, ECF No. 160, and the proposed pleading attached to it, including ECF No. 160-1. Plaintiff's filing contains a materially misleading factual contention concerning Defendant's May 23, 2026 livestream statement. Plaintiff attempts to characterize Defendant's statement as an admission, confession, or evidence of coordination regarding alleged medical-board reports. The actual transcript, audio, and context do not support that characterization.

1

Defendant served Plaintiff with the proposed Rule 11 motion on June 4, 2026, pursuant to Rule 11(c)(2). The proposed motion was served for safe-harbor purposes only and was not filed with the Court at that time. More than 21 days have passed since service. Plaintiff did not withdraw or appropriately correct the challenged allegations. Defendant therefore files this motion with the Court.

For the reasons stated below, Defendant respectfully requests that the Court grant this motion and impose sanctions limited to deterrence, including striking or disregarding the unsupported allegations based on the mischaracterized May 23, 2026 livestream statement, prohibiting Plaintiff from relying on that statement as an alleged admission or confession, requiring correction of the record, denying leave to amend or supplement to the extent the proposed amendment relies on the mischaracterized statement, and awarding reasonable costs and expenses directly resulting from responding to the unsupported factual contention to the extent permitted by Rule 11.

BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR SANCTIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 11

I. ISSUE PRESENTED

Whether Plaintiff violated Rule 11(b)(3) by presenting a factual contention that lacks evidentiary support when Plaintiff characterized Defendant's May 23, 2026 livestream statement as an admission, confession, or evidence of coordination regarding alleged medical-board reports, even though the transcript and audio show Defendant was describing Plaintiff's accusation and expressly denying it.

II. CONTROLLING OR MOST APPROPRIATE AUTHORITY

Federal Rule of Civil Procedure 11(b)(3) provides that factual contentions in a filing must have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for investigation or discovery.

Federal Rule of Civil Procedure 11(c)(2) requires that a sanctions motion be made separately from any other motion, served under Rule 5, and not filed if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service.

III. BACKGROUND

Plaintiff filed a Renewed Motion for Leave to File Proposed First Amended and Supplemental Complaint, ECF No. 160, along with a proposed pleading, ECF No. 160-1. In that filing, Plaintiff relies on Defendant's May 23, 2026 livestream commentary and attempts to characterize Defendant's statement as an admission, confession, or evidence of coordination concerning alleged medical-board reports.

That characterization is not supported by the transcript, audio, or context.

The relevant statement was not an admission. It was a denial. Defendant was discussing Plaintiff's accusation that Defendant and another commentator had filed false reports against Plaintiff with a medical board. Defendant then expressly denied that accusation by stating that it was "not true."

The relevant transcript excerpt reflects, in substance:

"we filed we filed ... false reports against her on the medical board which is not true."

The key phrase is "which is not true."

Plaintiff's filing omits or distorts the surrounding context and attempts to convert Defendant's denial into a purported confession. Plaintiff's characterization is not a reasonable factual contention after a reasonable inquiry into the transcript and audio.

## IV. RULE 11 SAFE-HARBOR COMPLIANCE

Defendant complied with Rule 11(c)(2).

On June 4, 2026, Defendant served Plaintiff with the proposed Rule 11 motion for safe-harbor purposes only. Defendant did not file the proposed motion with the Court at that time. The safe-harbor notice requested that Plaintiff withdraw or appropriately correct the challenged allegations, including allegations that mischaracterized Defendant's May 23, 2026 statement as an admission, confession, or evidence of coordination regarding medical-board reports.

More than 21 days have now passed since service. Plaintiff did not withdraw or appropriately correct the challenged allegations. Defendant therefore files this motion after expiration of the Rule 11(c)(2) safe-harbor period.

## V. PLAINTIFF'S CHARACTERIZATION LACKS EVIDENTIARY SUPPORT

Rule 11(b)(3) requires factual contentions to have evidentiary support. Plaintiff's characterization of Defendant's May 23, 2026 livestream statement does not meet that standard. Plaintiff presents the statement as if Defendant admitted to filing, coordinating, conspiring, or participating in false medical-board reports. But the available transcript and audio show the opposite. Defendant was describing Plaintiff's accusation and then denying it.

There is a material difference between:

"Defendant admitted filing false medical-board reports,"

and:

"Defendant discussed Plaintiff's allegation that false medical-board reports were filed and expressly denied that allegation."

Plaintiff's filing presents the first meaning when the transcript and audio support the second.

That matters because Plaintiff uses the alleged statement to support a renewed attempt to expand the case, revive or repackage conspiracy allegations, and suggest coordination or wrongdoing by Defendant. A factual contention used for that purpose must have evidentiary support. It cannot be based on a partial quote, omitted context, or a distorted interpretation of a denial.

## VI. PLAINTIFF'S USE OF PARTIAL WORDING IS MATERIALLY MISLEADING

The problem is not a minor disagreement over wording. Plaintiff's characterization changes the meaning of the statement.

Plaintiff isolates words from the middle of the sentence while omitting or minimizing the surrounding context and express denial. Plaintiff's filing relies on alleged wording such as "we fought" or similar phrasing to imply that Defendant admitted to filing, fighting, coordinating, or participating in false medical-board reports. But Plaintiff cannot reasonably rely on isolated or disputed wording while ignoring the express denial reflected in the actual statement.

A reasonable inquiry into the transcript and audio would have revealed that Defendant was denying Plaintiff's accusation, not admitting it.

## VII. SANCTIONS REQUESTED

Defendant requests sanctions limited to what is sufficient to deter repetition of the conduct. Defendant respectfully requests that the Court enter an order:

1. striking or disregarding the unsupported allegations based on the mischaracterized May 23, 2026 livestream statement;

2. prohibiting Plaintiff from relying on the May 23, 2026 statement as an alleged admission or confession;

3. requiring Plaintiff to correct the record regarding the livestream statement;

4. denying leave to amend or supplement to the extent Plaintiff's proposed amendment relies on the mischaracterized statement;

5. awarding Defendant reasonable costs and expenses incurred in responding to the unsupported factual contention, to the extent permitted by Rule 11; and

6. granting any other sanction the Court deems appropriate and limited to deterrence.

VIII. CONCLUSION

Plaintiff should not be permitted to place a distorted version of Defendant's statement on the docket and characterize a denial as a confession. The transcript and audio show that Defendant was responding to Plaintiff's accusation and expressly denying it.

Defendant served the proposed Rule 11 motion on Plaintiff on June 4, 2026, provided the required safe-harbor period, and did not file the motion during that period. Plaintiff did not withdraw or appropriately correct the challenged allegations.

For these reasons, Defendant respectfully requests that the Court grant this Motion for Sanctions under Federal Rule of Civil Procedure 11.

Respectfully submitted,

/s/ Danielle Robertson

Danielle Robertson

Defendant, Pro Se

4539 N 22nd St

Phoenix, AZ 85016-4639

DaniRobertson@proton.me


Dated: June 26, 2026

**CERTIFICATE OF SERVICE**

I certify that on June 26, 2026, I served this Motion for Sanctions under Federal Rule of Civil Procedure 11 on Plaintiff Sybrena Evans by U.S. Mail

/s/ Danielle Robertson

Danielle Robertson