UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

F I L E D
JUN 2 6 2026
CLERK'S OFFICE
DETROIT

SYBRENA EVANS ET AL.,

    Plaintiffs,

vs.

DANIELLE ROBERTSON ET AL.,

    Defendants,

Case No.24-cv-13435

Honorable Judith E. Levy

Magistrate Judge Elizabeth A. Stafford

DEFENDANT'S NOTICE OF FILING UNDER PROTEST, OBJECTION TO NON-SERVICE, AND RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO SERVE LIMITED THIRD-PARTY SUBPOENAS [ECF NO. 166]

---

## DEFENDANT'S NOTICE OF FILING UNDER PROTEST, OBJECTION TO NON-SERVICE, AND RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO SERVE LIMITED THIRD-PARTY SUBPOENAS [ECF NO. 166]

Submitted Under Special Appearance Without Waiving Jurisdictional, Service, First Amendment, or Other Objections

Defendant files this opposition under protest solely to avoid prejudice and to preserve objections. Defendant does not consent to personal jurisdiction, does not waive insufficient process, does not waive insufficient service of process, does not waive any Rule 12 defense, and does not submit to merits discovery by responding to ECF No. 166. Defendant expressly preserves all defenses and objections, including lack of personal jurisdiction, insufficient process, insufficient service of process, First Amendment objections, non-party privacy objections, and objections to premature discovery.

Defendant "Danielle Robertson," appearing pro se and without waiving any previously asserted defenses or objections, respectfully submits this Notice of Filing Under Protest, Objection to Non-Service, and Response in Opposition to Plaintiff Sybrena Evans' Motion for Leave to Serve Limited Third-Party Subpoenas, ECF No. 166.

Defendant also disputes that she was properly served with ECF No. 166. Defendant further objects that Plaintiff failed to seek concurrence before filing the motion, as required by Eastern District of Michigan Local Rule 7.1(a).

Defendant does not file a separate counter-motion in this response. However, as relief within this opposition, Defendant respectfully requests that the Court strike ECF No. 166, or alternatively deny it without prejudice, because Plaintiff failed to seek concurrence, failed to properly serve Defendant with the motion, and failed to satisfy the heightened showing required for pre-service unmasking discovery.

If the Court reaches the merits, Plaintiff's request should still be denied. In the alternative, any discovery allowed should be limited to the minimum service-related information the Court finds necessary, if any, produced under seal to the Court only in the first instance, and not disclosed to Plaintiff unless and until Defendant and any affected non-party receive notice and a meaningful opportunity to object.

CONCISE STATEMENT OF ISSUES PRESENTED

1. Whether ECF No. 166 should be stricken, or alternatively denied without prejudice, because Plaintiff failed to seek concurrence and failed to include the required Local Rule 7.1(a) concurrence statement.

2. Whether ECF No. 166 should be stricken, or alternatively denied without prejudice, because Defendant disputes actual service of the motion.

3. Whether Plaintiff should be permitted to conduct pre-service and pre-Rule 26(f) third-party discovery while service, personal jurisdiction, pleading sufficiency, and the scope of any surviving claim remain unresolved.

4. Whether Plaintiff has made a sufficient showing to justify subpoenas that would unmask an anonymous or pseudonymous speaker and potentially disclose non-party account, ownership, control, financial, monetization, or platform records.

5. Whether, if any disclosure is allowed, it should be limited to sealed service-only information with notice, non-disclosure protections, and an opportunity to object before disclosure.

CONTROLLING OR MOST APPROPRIATE AUTHORITY

Eastern District of Michigan Local Rule 7.1(a) and 7.1(i); Federal Rules of Civil Procedure 4, 12, 26(b)(1), 26(d)(1), 37(a)(1), and 45; McIntyre v. Ohio Elections Comm'n, 514 U.S. 334 (1995); Signature Mgmt. Team, LLC v. Doe, 876 F.3d 831 (6th Cir. 2017); Doe v. Cahill, 884 A.2d 451 (Del. 2005); Dendrite Int'l, Inc. v. Doe No. 3, 775 A.2d 756 (N.J. App. Div. 2001); Doe v. 2TheMart.com Inc., 140 F. Supp. 2d 1088 (W.D. Wash. 2001); Ghanam v. Does, 303 Mich. App. 522, 845 N.W.2d 128 (2014); and Michigan's Uniform Public Expression Protection Act, MCL 691.1851 et seq.

I. INTRODUCTION

Plaintiff's motion should be denied because it reverses the proper sequence of litigation. A plaintiff must first have a viable claim and a procedurally proper basis to proceed; she may not obtain broad third-party discovery to find missing elements of her claim, identify non-party account holders, or expand the case beyond the narrow issue allegedly remaining. Early

discovery cannot substitute for pleading, service, jurisdiction, or a prima facie showing sufficient to overcome anonymous-speech protections.

Plaintiff styles her motion as a request for "limited" discovery to enforce disclosure orders, but the proposed subpoenas go far beyond a narrow request for service information. Plaintiff seeks records from Block, Inc. and Google LLC concerning identifying information, registration information, ownership information, account-control information, and monetization information. That is not simply service discovery. It is early unmasking discovery and account-control discovery directed at anonymous online activity and records that may belong to or implicate a non-party.

This case is not in ordinary discovery posture. Plaintiff invokes Rule 26(d)(1), which confirms she seeks discovery before the Rule 26(f) conference and before ordinary merits discovery has opened. Early discovery is an exception, not the rule. It should not be used to cure pleading defects, investigate whether a viable defamation claim exists, or obtain broad account-control, ownership, financial, or monetization information from third parties.

Nor has Plaintiff shown that the requested discovery is tied to a viable claim. The only claim the February 9, 2026 Report and Recommendation suggested might remain is a narrow defamation theory based on alleged 2024 LARA complaints. But the same R&R expressly recognized that "the exact substance of the LARA complaints is unknown." ECF No. 138, PageID.3074. Michigan defamation law requires a plaintiff to identify the exact language alleged to be defamatory. Id., PageID.3069. Plaintiff should not be allowed to use subpoenas to discover whether a claim exists in the first place.

At most, if the Court concludes that some disclosure is necessary to enforce its prior orders, the remedy should be limited to the minimum service-related information the Court finds necessary,

if any, produced under seal to the Court only in the first instance, and not disclosed to Plaintiff unless and until Defendant and any affected non-party receive notice and a meaningful opportunity to object. The Court should deny Plaintiff's request for Block, Google, Cash App, YouTube, ownership, account-control, transaction, monetization, or platform-operation discovery.

## II. ECF NO. 166 SHOULD BE STRICKEN OR DENIED WITHOUT PREJUDICE FOR FAILURE TO SEEK CONCURRENCE

Plaintiff's motion should be stricken or denied without prejudice for failure to comply with E.D. Mich. LR 7.1(a) and this Court's Motion Practice Guidelines. ECF No. 166 is a discovery-related motion because Plaintiff seeks leave under Rules 26(d)(1) and 45 to serve third-party subpoenas before ordinary discovery has opened. Under LR 7.1(a), a movant must confer in good faith before filing a motion, and the motion must state whether concurrence was sought, whether a conference occurred, whether reasonable efforts failed, or whether an exception applies. The rule permits the Court to sanction violations by denying the motion or striking the filing.

Judge Levy's Motion Practice Guidelines likewise require strict compliance with LR 7.1(a), state that failure to seek concurrence will result in the filing being stricken, and explain that a good-faith effort normally requires actual contact with the opposing side and communication of the specific issues the party intends to raise. Plaintiff did neither before filing ECF No. 166. Plaintiff did not seek concurrence from Defendant before filing ECF No. 166. Plaintiff also did not include the required concurrence statement. Plaintiff cannot claim that concurrence was impossible while simultaneously certifying that she mailed the motion to Defendant. If Plaintiff believed she had a usable address for service of the motion, she could have used that same

address, or any available method of contact, to seek concurrence before filing. Plaintiff did not do so.

This failure is prejudicial because Defendant also disputes actual service of ECF No. 166. Defendant was not given pre-filing notice through a concurrence conference and was not actually served with the motion after it was filed. Accordingly, ECF No. 166 should be stricken or denied without prejudice.

Because Plaintiff seeks extraordinary pre-service discovery, strict compliance with the concurrence requirement was especially important before burdening the Court and third parties with subpoena practice.

## III. THIS IS EARLY DISCOVERY, NOT ORDINARY MERITS DISCOVERY

Plaintiff seeks leave under Rule 26(d)(1) and Rule 45. Rule 26(d)(1) generally bars discovery before the parties have conferred under Rule 26(f), unless authorized by rule, stipulation, or court order. Even where early discovery is authorized, it must still be relevant and proportional under Rule 26(b)(1).

That matters here because the case remains in a threshold posture. Defendant has challenged service, jurisdiction, pleading sufficiency, and the scope of any remaining claim. Plaintiff's proposed amended and supplemental complaint, ECF No. 160, remains unresolved. The February 9, 2026 R&R, ECF No. 138, recommended dismissal of most claims and left, at most, a narrow defamation theory based on alleged 2024 LARA complaints.

The Court has acknowledged that Plaintiff has not successfully served Defendant under Rule 4, although the Court attributed that failure to Defendant's alleged unwillingness to disclose identifying information. ECF No. 159, PageID.3498 n.2. Defendant preserves her objection that she has not been served and does not waive that objection by filing this response under protest.

Plaintiff should not be permitted to use early third-party subpoenas to expand discovery before the Court resolves threshold issues. Early discovery is not a tool to repair pleading defects, search for claim elements, or obtain information Plaintiff lacks to establish a viable defamation claim.

IV. PLAINTIFF SEEKS PRE-SERVICE UNMASKING DISCOVERY WITHOUT SATISFYING FIRST AMENDMENT OR PRIMA FACIE REQUIREMENTS

Plaintiff's motion also should be denied because it seeks pre-service unmasking discovery while service, personal jurisdiction, pleading sufficiency, and the scope of any surviving claim remain unresolved. The Court has acknowledged that Plaintiff has not successfully served Defendant under Rule 4, although the Court attributed that failure to Defendant's alleged unwillingness to disclose identifying information. ECF No. 159, PageID.3498 n.2. Defendant preserves her objection that she has not been served and does not waive that objection by filing this response under protest.

Because Plaintiff seeks identifying information from third parties to unmask an anonymous or pseudonymous online speaker, the request implicates the First Amendment. The Supreme Court recognizes protection for anonymous speech. See McIntyre v. Ohio Elections Comm'n, 514 U.S. 334 (1995). The Sixth Circuit has recognized that anonymous internet speech implicates First Amendment interests and requires careful balancing. See Signature Mgmt. Team, LLC v. Doe, 876 F.3d 831 (6th Cir. 2017).

Courts addressing attempts to identify anonymous online speakers generally require more than allegations before disclosure. Dendrite requires notice, identification of the exact actionable statements, a prima facie evidentiary showing, and balancing of the plaintiff's need for disclosure against the speaker's anonymity interests. Cahill requires a defamation plaintiff to make a

summary-judgment-type showing on elements within the plaintiff's control before unmasking. 2TheMart.com requires careful scrutiny where subpoenas seek anonymous speakers' identities. Michigan authority also supports careful judicial screening before discovery is used to identify anonymous online speakers. In Ghanam v. Does, 303 Mich. App. 522, 845 N.W.2d 128 (2014), the Michigan Court of Appeals recognized that anonymous speech is protected by the First Amendment and addressed the need to evaluate the viability of a defamation claim before permitting discovery that would identify anonymous speakers. That principle supports requiring Plaintiff to identify the exact allegedly defamatory statement and make a threshold showing before obtaining third-party unmasking discovery.

Plaintiff has not satisfied those safeguards. Plaintiff has not identified the exact allegedly defamatory statement supporting a viable remaining claim, has not made a prima facie showing of falsity, publication by Defendant, fault, actual malice if required, lack of privilege, and damages, and has not shown that Block, Google, Cash App, YouTube, ownership, account-control, or monetization records are necessary to prove any viable claim. Plaintiff is attempting to unmask first and establish the claim later. That is backwards in a speech-based defamation case.

## V. PLAINTIFF'S REQUEST IS NOT NARROWLY TIED TO SERVICE

Plaintiff claims the subpoenas are needed for service and enforcement. But the requested categories are not limited to a legal name and mailing address. Plaintiff seeks ownership, registration, account-control, operational-control, identifying, and monetization information. Those categories are much broader than service information. They relate to account use, platform control, financial benefit, channel operation, and account association. Those issues go to Plaintiff's merits theories, not service.

Plaintiff's own motion confirms this. She argues that Defendant publicly promoted or referenced a Cash App account, discussed support, discussed funds, and allegedly characterized funds as "my money." ECF No. 166. Plaintiff then asks to subpoena Block for ownership, registration, access, and operational-control information. That request seeks to prove account association and financial/control theories. It does not merely seek information necessary to mail a summons. The same is true of the proposed Google subpoena. Plaintiff seeks identifying and monetization information associated with YouTube channels. Monetization information is not needed to identify a defendant for service. It is merits-adjacent financial and platform discovery.

If the Court believes any information is necessary for service, the remedy should be limited to the minimum service-related information the Court finds necessary, if any, produced under seal to the Court only in the first instance, and not disclosed to Plaintiff unless and until Defendant and any affected non-party receive notice and a meaningful opportunity to object.

## VI. THE BLOCK/CASH APP REQUEST IMPROPERLY IMPLICATES NON-PARTY PRIVACY

Plaintiff's motion acknowledges that filings have attributed ownership of the Cash App account to "John Doe." If the account is owned by a non-party, then Plaintiff's proposed Block subpoena seeks non-party account records. A non-party's Cash App ownership, registration, access, or operational-control records do not establish Defendant's legal name or mailing address.

Plaintiff previously attempted third-party subpoena practice involving Block. At ECF No. 62, the Court denied Plaintiff's motion to compel and granted motions to quash subpoenas. Plaintiff should not be allowed to repackage previously quashed subpoena efforts as "service" discovery without satisfying First Amendment, good-cause, proportionality, and non-party privacy requirements.

The fact that a person publicly referenced or promoted a payment handle does not prove legal ownership of the account. Nor does public reference to audience support justify compelled disclosure of a non-party's private financial or account records.

The proposed Block subpoena is particularly disproportionate because the only potentially remaining claim concerns alleged LARA complaints. Cash App ownership, registration, access, use, and operational-control information do not identify the exact allegedly defamatory LARA statement. They do not prove falsity. They do not prove actual malice. They do not prove service. They do not prove personal jurisdiction.

## VII. PLAINTIFF CANNOT RELY ON DISMISSED OR NON-OPERATIVE THEORIES TO JUSTIFY BROAD SUBPOENAS

The February 9, 2026 R&R recommended dismissal of most claims and narrowed the case to, at most, a limited LARA-related defamation theory. Plaintiff's proposed amended and supplemental complaint has not been accepted as the operative pleading. Plaintiff cannot use dismissed, non-operative, or proposed new theories to justify subpoenas into Cash App records, YouTube monetization, account control, or platform identity.

Plaintiff's motion relies on a broad narrative about online activity, financial support, account control, anonymity, and public commentary. But those issues are not the narrow alleged LARA statement. They are not necessary to determine whether Plaintiff has pleaded a viable defamation claim. They are not necessary for the Court to decide the pending motions and objections. Allowing discovery now would permit Plaintiff to build or expand claims before the Court has determined what claims, if any, survive.

## VIII. PLAINTIFF'S SELECTIVE USE OF PUBLIC COMMENTARY DOES NOT ESTABLISH GOOD CAUSE

Plaintiff relies heavily on curated excerpts of Defendant's public commentary. Defendant disputes Plaintiff's selective framing and interpretation of those statements. Plaintiff has repeatedly taken public commentary out of context, including characterizing denials as admissions and treating privacy-protective or litigation-related conduct as suspicious. A court should not authorize intrusive third-party subpoenas based on selective public-commentary excerpts, disputed interpretations, or speculation. Public references to channel support, a payment handle, or online anonymity do not establish ownership, identity, liability, or good cause for broad platform subpoenas.

Plaintiff's request also ignores that anonymous online speech, commentary, pseudonymous criticism, and privacy-protective online practices are protected interests. The fact that a person uses online privacy tools or separates online accounts from personal identifying information does not by itself justify unmasking.

## IX. STRIKE 3 DOES NOT SUPPORT THE BROAD DISCOVERY REQUESTED HERE

Plaintiff cites Strike 3 Holdings, LLC v. Doe. That type of case is distinguishable. Strike 3 cases generally involve a copyright plaintiff attempting to identify an unknown internet subscriber tied to alleged infringement through specific technical evidence. Here, Plaintiff's copyright claim has been recommended for dismissal, and the subpoena request is not tied to a specific act of infringement.

This case involves anonymous commentary and an alleged defamation theory based on an unknown LARA statement. Plaintiff does not identify the exact allegedly defamatory language. Plaintiff seeks account-control and monetization information unrelated to that unknown statement. Strike 3 does not authorize broad discovery into non-party financial accounts, YouTube monetization, or platform-control records under the label of service enforcement.

Even where courts allow early identifying discovery in Strike 3-type cases, that discovery is typically tied to specific technical evidence and limited to identifying a subscriber with notice and an opportunity to object before disclosure. Plaintiff's proposed subpoenas are different. They seek broad account-control, ownership, operational, monetization, and potentially non-party records in a speech-based defamation case where the allegedly defamatory words remain unidentified.

Even in Strike 3, the subpoena was limited to the subscriber's full name and address, the plaintiff was required to attach the order to the subpoena, the provider had to notify the Doe defendant, and the Doe defendant received thirty days to file an appropriate motion before disclosure. Plaintiff seeks broader relief here without comparable safeguards.

## X. MICHIGAN'S PUBLIC-EXPRESSION POLICY ALSO COUNSELS AGAINST BROAD SPEECH-CHILLING DISCOVERY

Defendant does not rely on Michigan's Uniform Public Expression Protection Act as an automatic dispositive basis for denying ECF No. 166. However, UPEPA confirms Michigan's public policy against allowing litigation and discovery to chill protected speech. The Act expressly recognizes the need to protect citizens from retributive or abusive suits targeting public expression and includes discovery-stay protections once a special motion is filed.

Defendant acknowledges that UPEPA is state law and that this case is pending in federal court. Defendant also acknowledges that this action was filed before UPEPA's effective date. Defendant therefore cites UPEPA only as persuasive public-policy support, not as the sole basis for denying Plaintiff's motion.

To the extent Plaintiff seeks new or supplemental speech-based claims after UPEPA's effective date, or to the extent the Court considers Michigan public policy when evaluating

proportionality, burden, and the risk of chilling anonymous speech, UPEPA supports denying broad pre-service unmasking discovery absent a threshold prima facie showing.

## XI. ANY DISCOVERY, IF ALLOWED, MUST BE STRICTLY LIMITED AND PROTECTED

Defendant respectfully asks the Court to deny Plaintiff's motion in full. If the Court is inclined to permit any discovery, Defendant requests the following limitations:

1. No subpoena should seek monetization information, financial records, transaction records, access logs, operational-control records, account-control history, channel revenue, or content-related information.

2. No subpoena should seek records belonging to or identifying a non-party account holder unless that non-party receives notice and a meaningful opportunity to object or move to quash before production.

3. Any subpoena should be limited to the minimum service-related information the Court finds necessary, if any, produced under seal to the Court only in the first instance.

4. No information should be disclosed to Plaintiff unless and until Defendant and any affected non-party receive notice and a meaningful opportunity to object.

5. Disclosure to Plaintiff should be stayed until Defendant and any affected non-party have had an opportunity to object.

6. Plaintiff should be prohibited from publishing, posting, disseminating, or using any produced information outside this litigation.

7. Any information produced should not be used for merits discovery, damages, account-control theories, financial investigation, public commentary, or harassment.

## XII. CONCLUSION AND RELIEF REQUESTED

This case should not proceed by subpoena shortcut. Plaintiff has not completed Rule 4 service; Defendant disputes actual service of ECF No. 166; Plaintiff did not seek concurrence; ordinary discovery has not opened; and the requested subpoenas reach far beyond service information. At most, if the Court believes additional information is necessary to effect service, any order should be limited to the minimum service-related information the Court finds necessary, if any, produced under seal to the Court only in the first instance, and not disclosed to Plaintiff unless and until Defendant and any affected non-party receive notice and a meaningful opportunity to object.

Plaintiff's motion should be denied. Plaintiff seeks early discovery before ordinary discovery has opened, while threshold issues remain unresolved. Plaintiff has not identified the exact allegedly defamatory LARA statement supporting the only potentially remaining claim. Plaintiff has not made a prima facie showing sufficient to unmask an anonymous speaker. And Plaintiff's requested subpoenas seek far more than service information, including account ownership, control, monetization, and non-party records.

For these reasons, Defendant respectfully requests that the Court strike Plaintiff's Motion for Leave to Serve Limited Third-Party Subpoenas, ECF No. 166, for failure to seek concurrence under E.D. Mich. LR 7.1(a). In the alternative, Defendant requests that the Court deny the motion without prejudice and require Plaintiff to properly seek concurrence and properly serve Defendant before refiling.

Defendant further requests that no subpoena issue while Defendant's objections to service, non-service of ECF No. 166, and filing-under-protest objections remain pending.

If the Court declines to strike or deny the motion in full, Defendant alternatively requests that any discovery be limited to the minimum service-related information the Court finds necessary,

if any, produced under seal to the Court only in the first instance, and not disclosed to Plaintiff unless and until Defendant and any affected non-party receive notice and a meaningful opportunity to object.

/s/ Danielle Robertson

Danielle Robertson

Defendant, Pro Se

4539 N 22nd St

Phoenix, AZ 85016-4639

DaniRobertson@proton.me

Dated: June 26, 2026

I certify that, to the best of my knowledge, the citations referred to in this document are true and correct.

**CERTIFICATE OF SERVICE**

I certify that on June 26, 2026, I served this Opposition on Plaintiff Sybrena Evans by U.S. Mail.

/s/ Danielle Robertson

Danielle Robertson