

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SYBRENA EVANS

        Plaintiff

v.

DANIELLE ROBERTSON, et al.

        Defendants.

Case No: 5:24-cv-13435
Hon. Judith E. Levy
Magistrate Judge Elizabeth A. Stafford

---

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SANCTIONS UNDER**

**FEDERAL RULE OF CIVIL PROCEDURE 11 (ECF No. 168)**

---

**INTRODUCTION**

Plaintiff Sybrena Evans, proceeding pro se, respectfully submits this Response in opposition to Defendant Danielle Robertson's Motion for Sanctions under Federal Rule of Civil Procedure 11 (ECF No. 168). Defendant seeks sanctions based upon Plaintiff's characterization of Defendant's May 23, 2026 livestream statement in Plaintiff's Renewed Motion for Leave to File Proposed First Amended and Supplemental Complaint (ECF No. 160). Defendant contends that Plaintiff misrepresented the evidence by characterizing the statement as an admission, confession, or evidence of coordination regarding alleged medical-board reports.

Federal Rule of Civil Procedure 11 is designed to deter objectively frivolous filings and abuses of the judicial process. It is not a vehicle to resolve competing interpretations of evidence, adjudicate factual disputes on the merits, or strike portions of a proposed pleading. Defendant's

1

Motion should be denied because Plaintiff conducted a reasonable pre-filing inquiry, the challenged contention has evidentiary support, and Defendant's arguments improperly invite the Court to weigh evidence and resolve merits issues prematurely.

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 11(b)(3) requires that factual contentions have evidentiary support or, if specifically identified, are likely to have such support after a reasonable investigation or discovery. Rule 11 is intended to deter baseless filings and requires a reasonable pre-filing inquiry. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). In the Sixth Circuit, the test for imposing Rule 11 sanctions is whether the attorney's conduct was objectively reasonable under the circumstances. *Ridder v. City of Springfield*, 109 F.3d 288, 293 (6th Cir. 1997) (quoting *Mann v. G & G Mfg., Inc.*, 900 F.2d 953, 958 (6th Cir. 1990)). The inquiry therefore focuses on whether Plaintiff's challenged filing was objectively reasonable at the time it was made.

## II. DEFENDANT CANNOT ESTABLISH A RULE 11 VIOLATION

### A. Plaintiff Conducted a Reasonable Pre-Filing Inquiry

Plaintiff satisfied Rule 11(b)(3) by reviewing the publicly available transcript and audio of Defendant's May 23, 2026 livestream, examining the surrounding context and timing, and identifying the supporting factual allegations set forth throughout the proposed amended and supplemental complaint. Rule 11 requires only a reasonable inquiry, not absolute certainty that every inference will ultimately be accepted by the Court. Plaintiff met this obligation before presenting the challenged contentions.

**B. Defendant's Motion Improperly Seeks to Resolve Evidentiary Weight and Merits Issues**

Defendant's Motion repeatedly asks the Court to adopt Defendant's interpretation of the May 23 statement, weigh competing inferences, and reject Plaintiff's characterization. This inquiry concerns the weight and persuasiveness of the evidence, not whether Plaintiff had an objectively reasonable basis for the contention when (ECF No. 160) was filed. Such merits determinations are properly addressed in connection with Plaintiff's pending motion for leave to amend, not through a Rule 11 motion. Rule 11 is not intended to function as an early summary adjudication of factual disputes.

**C. Plaintiff's Allegations Are Not Objectively Unreasonable**

Plaintiff's proposed pleading does not rely upon the May 23 statement in isolation. Rather, the statement is one piece of evidence within a broader body of factual allegations and surrounding context alleged throughout (ECF No. 160). A good-faith disagreement over the meaning or significance of a public statement does not constitute a Rule 11 violation. Defendant has identified no evidence that Plaintiff acted in bad faith or knowingly presented a false contention.

**D. Defendant's Request to Strike Allegations Is Improper**

Defendant improperly seeks to use Rule 11 as a procedural vehicle for resolving factual disputes or determining which competing interpretation of the evidence should control Plaintiff's proposed amended pleading. Rule 11 is not designed to serve that purpose.

**III. DEFENDANT IS NOT ENTITLED TO ANY REQUESTED RELIEF**

Because Plaintiff has not violated Rule 11, Defendant is not entitled to any of the sanctions requested: (1) striking or disregarding the challenged allegations; (2) prohibiting reliance on the May 23 statement; (3) requiring correction of the record; (4) denying leave to amend to the

extent the proposed amendment relies on the statement; (5) awarding costs and expenses; or (6) any other sanction. Defendant has failed to establish any basis for costs or expenses under Rule 11(c).

**CONCLUSION**

Defendant has not demonstrated that Plaintiff filed any factual contention without evidentiary support after a reasonable inquiry. Defendant therefore has failed to demonstrate that Plaintiff's challenged filing was objectively unreasonable under Rule 11. At most, Defendant identifies a disagreement concerning the interpretation of publicly available evidence, a matter properly resolved through ordinary litigation rather than through Rule 11 sanctions. Defendant's Motion for Sanctions (ECF No. 168) should therefore be denied in its entirety.

**Accordingly, Plaintiff respectfully requests that the Court:**

1. Deny Defendant's Motion for Sanctions under Federal Rule of Civil Procedure 11 (ECF No. 168);

2. Deny each form of relief requested therein, including Defendant's requests to strike allegations, prohibit reliance on the challenged statement, require correction of the record, deny leave to amend, award costs and expenses, or impose any other sanction; and

3. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Sybrena Evans

Sybrena Evans

Plaintiff, Pro Se

17710 Lakeview Circle

Northville, MI 48168


**CERTIFICATE OF SERVICE**

I certify that on July 10, 2026, I served a copy of the foregoing Plaintiff's Response to

Defendant's Motion for Sanctions Under Federal Rule of Civil Procedure 11 (ECF No. 168) by

First-Class U.S. Mail, postage prepaid, addressed to:

Danielle Robertson

4539 N. 22nd St.

Phoenix, AZ 85016-4639


Respectfully submitted,

/s/ Sybrena Evans

Sybrena Evans

Plaintiff, Pro Se

**PLAINTIFF'S DECLARATION IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT'S RULE 11 MOTION**

I, Sybrena Evans, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true:

1. I am the Plaintiff in this action and have personal knowledge of the matters stated herein.

2. Before filing my Renewed Motion for Leave to File Proposed First Amended and Supplemental Complaint (ECF No. 160), I reviewed the publicly available May 23, 2026 livestream, the available transcript, and the surrounding context of the statements at issue.

3. I also reviewed the additional factual allegations and supporting materials referenced throughout my proposed amended and supplemental complaint before presenting the challenged factual contentions to the Court.

4. My characterization of the May 23, 2026 statement was made after a reasonable pre-filing inquiry and reflected my good-faith interpretation of the publicly available evidence and its surrounding factual context.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed this 10th day of July, 2026.

Respectfully submitted,

/s/ Sybrena Evans

Sybrena Evans

Plaintiff, Pro Se

**LEGAL AUTHORITIES**

Specifically, Plaintiff reviewed:

- Federal Rule of Civil Procedure 11(b)(3);

- *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990);

- *Ridder v. City of Springfield*, 109 F.3d 288, 293 (6th Cir. 1997); and

- *Mann v. G & G Mfg., Inc.*, 900 F.2d 953, 958 (6th Cir. 1990).

To the best of Plaintiff's knowledge, information, and belief, formed after a reasonable review of these authorities, the legal propositions cited in Plaintiff's Response accurately reflect the principles for which those authorities are relied upon.

Respectfully submitted,

/s/ Sybrena Evans

Sybrena Evans

Plaintiff, Pro Se