

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**FILED**

JUL 1 0 2026

CLERK'S OFFICE
DETROIT

SYBRENA EVANS

        Plaintiff

v.

DANIELLE ROBERTSON, et al.

        Defendants.

Case No: 5:24-cv-13435
Hon. Judith E. Levy
Magistrate Judge Elizabeth A. Stafford

---

**PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO SERVE LIMITED THIRD-PARTY SUBPOENAS (ECF No. 166) AND IN RESPONSE TO DEFENDANT'S OPPOSITION (ECF No. 169)**

---

## INTRODUCTION

Plaintiff Sybrena Evans, proceeding pro se, respectfully submits this Reply in support of her Motion for Leave to Serve Limited Third-Party Subpoenas (ECF No. 166) and in response to Defendant's Opposition (ECF No. 169).

This Motion arises from Defendant's continued refusal to comply with multiple Court orders requiring disclosure of her legal name and mailing address. Despite those orders—and this Court's recognition that Plaintiff's inability to complete service stems from Defendant's noncompliance—Defendant continues to actively litigate while withholding the required information. Plaintiff therefore seeks leave to serve narrowly tailored third-party subpoenas as the least intrusive means available to enforce this Court's existing disclosure orders.

1

Defendant's Opposition largely sidesteps this procedural posture. Instead, it mischaracterizes Plaintiff's limited request as broad merits discovery or a fishing expedition. As explained below, Plaintiff has demonstrated good cause under Rule 26(d)(1), and the requested subpoenas represent the least intrusive means available to enforce this Court's existing disclosure orders after repeated efforts to secure voluntary compliance proved unsuccessful.

## I. PROCEDURAL BACKGROUND

On December 4, 2025, this Court ordered Defendant to disclose her legal name and postal address. The Court reaffirmed that obligation on December 29, 2025. When Defendant failed to comply, Magistrate Judge Stafford issued an Order to Show Cause. Defendant objected, but on May 26, 2026, this Court overruled the objections and reaffirmed that its prior disclosure orders remain in full force and effect. The Court further recognized that Plaintiff's inability to complete service resulted from Defendant's refusal to provide the ordered information.

Following entry of the Court's disclosure orders, Defendant continued filing substantive motions and objections without providing the identifying information previously ordered. Plaintiff has exhausted less intrusive means of securing compliance. Only after repeated Court orders proved ineffective did Plaintiff seek leave for limited third-party subpoenas.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26(d)(1) prohibits discovery before the Rule 26(f) conference absent stipulation or court order. Courts may permit early discovery upon a showing of good cause, a determination that rests within the district court's discretion. Relevant factors include whether the request is narrowly tailored, seeks information unavailable through less intrusive means, is proportional to the needs of the case, and is necessary to advance the litigation or enforce prior orders.

Rule 26(b)(1) further limits discovery to relevant, nonprivileged matters that are proportional to the case. Here, Plaintiff seeks only constrained third-party records to enforce existing disclosure orders.

## III. DEFENDANT'S CONCURRENCE ARGUMENT DOES NOT WARRANT DENIAL OF THE MOTION

Defendant argues that Plaintiff's Motion should be denied for failure to seek concurrence under Local Rule 7.1(a). Plaintiff sought judicial authorization under Rule 26(d)(1) because the requested limited discovery could not proceed absent leave of Court. Plaintiff therefore reasonably believed judicial intervention was necessary.

In any event, Defendant has fully opposed the Motion on both procedural and substantive grounds and identifies no prejudice resulting from the absence of a concurrence conference. Under these circumstances, denying or striking the Motion would elevate form over substance while preventing consideration of a narrowly tailored request to enforce the Court's existing disclosure orders.

## IV. DEFENDANT MISCHARACTERIZES PLAINTIFF'S NARROWLY TAILORED REQUEST

Defendant's Opposition repeatedly addresses a motion Plaintiff did not file. Rather than engaging with the limited relief requested, Defendant portrays the Motion as seeking unrestricted merits discovery, private communications, financial records, or a broad investigation into anonymous speech. Those characterizations are inaccurate.

Plaintiff requests leave to serve focused subpoenas on specific third parties (Block, Inc. and Google LLC) solely for identifying, registration, ownership, and operational-control information uniquely within their possession. The Motion expressly excludes contents of communications, emails, videos, or unrelated records. This constrained request serves only to enforce the Court's

prior disclosure orders and resolve issues of account control implicated by Defendant's continued anonymous participation.

Defendant's arguments concerning the merits of Plaintiff's claims, witness credibility, and disputed questions of ownership are not presently before the Court. The sole issue before the Court is whether good cause supports this limited discovery under the unique circumstances presented.

## V. DEFENDANT FAILS TO ADDRESS THE COURT'S EXISTING DISCLOSURE ORDERS

Defendant's Opposition fundamentally ignores the procedural posture of this case. This is not a situation in which Plaintiff seeks to identify an unknown speaker at the outset of litigation. Defendant is a named party who has actively litigated for months while defying multiple Court orders to disclose her identity and address.

Those disclosure obligations were litigated and resolved. The Court has already ordered disclosure, reaffirmed it, issued an Order to Show Cause, overruled Defendant's objections, and confirmed that its disclosure orders remain in effect. The Court further recognized that Plaintiff has been unable to complete service because Defendant has not complied with those disclosure orders. Defendant offers no explanation for her continued noncompliance, nor does Defendant explain how Plaintiff is expected to enforce the Court's disclosure orders if narrowly tailored third-party verification is unavailable. Plaintiff therefore seeks only a limited mechanism to verify the identifying information necessary to comply with those orders.

This Motion is not about whether Defendant must disclose her identity. That question has already been answered by the Court. This Motion concerns only the limited means by which those existing orders may now be enforced.

Plaintiff's limited subpoenas therefore constitute a narrowly tailored mechanism to obtain objective third-party verification after all less intrusive options have failed. Defendant's position, if accepted, would render the Court's disclosure orders unenforceable. The Federal Rules do not compel that outcome. Courts retain discretion to authorize limited discovery to enforce their orders and ensure orderly proceedings.

## VI. PLAINTIFF HAS DEMONSTRATED GOOD CAUSE

Plaintiff has established good cause because the requested subpoenas are narrowly focused on objective records held by third parties, unavailable through other reasonable means, and necessary to enforce this Court's existing disclosure orders.

**First**, the subpoenas are narrowly tailored in both scope and purpose: they seek only objective identifying, registration, ownership, and operational-control records held by third parties. Plaintiff does not seek the contents of private communications, emails, videos, or unrelated financial information.

**Second**, Plaintiff has exhausted all less intrusive means. This Court issued successive disclosure orders and an Order to Show Cause. Even after objections were overruled, Defendant continued litigating without compliance. The present Motion is the least intrusive mechanism remaining.

**Third**, the information sought cannot reasonably be obtained through alternative means. The requested records exist exclusively in the custody of the third-party service providers and are necessary to resolve questions of account ownership, registration, access, and operational control.

**Fourth**, Defendant identifies no viable alternative for enforcing the Court's disclosure orders. Defendant argues that Plaintiff should not be permitted to obtain limited third-party verification,

yet Defendant simultaneously continues withholding the very information the Court has repeatedly ordered disclosed. Under these circumstances, the requested subpoenas are proportional, supported by the record, and necessary to permit this litigation to proceed.

Accordingly, Plaintiff has demonstrated every element of good cause contemplated by Rule 26(d)(1). The requested subpoenas are narrowly tailored, proportional, supported by the record, and necessary to enforce this Court's prior orders.

**CONCLUSION**

For the foregoing reasons, Defendant's Opposition provides no basis for denying Plaintiff's narrowly tailored request for limited third-party discovery. Plaintiff has demonstrated good cause under Federal Rule of Civil Procedure 26(d)(1), exhausted less intrusive means of obtaining compliance, and seeks only objective identifying information necessary to enforce this Court's existing disclosure orders. Granting the requested relief will permit enforcement of those orders while ensuring that discovery remains narrowly confined to the objective identifying information sought.

Accordingly, Plaintiff respectfully requests that the Court:

1.  Grant Plaintiff's Motion for Leave to Serve Limited Third-Party Subpoenas (ECF No. 166);
2.  Authorize Plaintiff to serve the proposed limited subpoenas on Block, Inc. and Google LLC, as set forth in Plaintiff's Motion; and
3.  Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Sybrena Evans

Sybrena Evans

Plaintiff, Pro Se

17710 Lakeview Circle

Northville, MI 48168

**CERTIFICATE OF SERVICE**

I certify that on July 10, 2026, I served a copy of the foregoing Plaintiff's Reply in Support of

Plaintiff's Motion for Leave to Serve Limited Third-Party Subpoenas (ECF No. 166)  by

First-Class U.S. Mail, postage prepaid, addressed to:

Danielle Robertson

4539 N. 22nd St.

Phoenix, AZ 85016-4639

Respectfully submitted,

/s/ Sybrena Evans

Sybrena Evans

Plaintiff, Pro Se