

FILED
JUL 2 0 2026
CLERK'S OFFICE
DETROIT

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

|  |  |
|---|---|
| **Sybrena Evans et al.,**<br>**Plaintiffs,**<br>**vs.**<br><br><br>**Danielle Robertson et al.,**<br>**Defendants,** | **Case No.24-cv-13435**<br>**Honorable Judith E. Levy**<br>**Magistrate Judge Elizabeth A. Stafford**<br><br><br><br>**REPLY IN SUPPORT OF MOTION FOR**<br>**SANCTIONS UNDER FEDERAL RULE**<br>**OF CIVIL PROCEDURE 11** |

**DEFENDANT DANIELLE ROBERTSON'S REPLY IN SUPPORT OF MOTION FOR**
**SANCTIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 11**

Defendant Danielle Robertson, appearing pro se, submits this Reply in support of her Motion for

Sanctions, ECF No. 168. This Reply addresses only the collateral Rule 11 issue and does not

waive any timely preserved objection, defense, right, or remedy.

**INTRODUCTION**

Plaintiff—not Defendant—introduced the May 23, 2026 livestream and relied on it as

purportedly new evidence supporting leave to amend. Plaintiff described Defendant's remarks as

"post-filing admissions," asserted that they supported "coordinated and strategic activity," and

incorporated them into allegations intended to establish a "meeting of the minds." ECF No. 160,

PageID.3502, 3508–3509; ECF No. 160-1, PageID.3597–3599.

The primary evidence is the publicly available video and audio recording. The corresponding

transcript reflects the same words and sequence. Defendant recounts Plaintiff's accusation that

Defendant and another commentator filed false medical-board reports and immediately states:

"Which is not true." ECF No. 168, PageID.3882; Ex. A at approximately 39:17–39:42.

1

The Court can hear the denial in the publicly available audio and observe its sequence and context in the corresponding video. Plaintiff identifies no language converting that denial into an admission. The limited Rule 11 question is not whether Defendant's denial was ultimately true, but whether the recording supported Plaintiff's characterization of the denial as an admission. It did not.

**ARGUMENT**

**I. THE PUBLICLY AVAILABLE RECORDING DOES NOT SUPPORT PLAINTIFF'S CHARACTERIZATION**

Plaintiff relied on the livestream to address the Court's earlier finding that "[n]o evidence supports the basis of the claim—that Robertson and Williams conspired to fraudulently obtain the PPO." ECF No. 160, PageID.3501. Plaintiff claimed that a revised chronology and "supplemental post-filing admissions" supplied additional support. Id., PageID.3504, 3506–3509.

The publicly available video establishes a different sequence. Defendant first recounts Plaintiff's accusation that Defendant and another commentator filed false medical-board reports. Defendant immediately denies that accusation by stating, "which is not true." Only afterward does Defendant conditionally discuss a possible litigation "curveball" if the remaining claim continues. Ex. A at approximately 39:17–39:42.

Plaintiff's accusation, as repeated by Defendant, is not Defendant's admission. The words immediately following it expressly reject the accusation. Plaintiff identifies no statement in the video, audio, or transcript in which Defendant admits filing a false report, coordinating such a report, directing another person to file one, or entering an agreement with Williams.

2

Plaintiff instead combines Defendant's recounting of the accusation with separate comments about a "curveball," "next move," and litigation "strategy." Those comments do not erase the denial. The "curveball" comment was conditional on the claim continuing. The later "next move" and "strategy" comments concerned when Defendant would disclose litigation information. Ex. A at approximately 50:58–51:18. Neither passage contains an admission of the denied conduct. The Rule 11 issue is narrow. Plaintiff relied on a passage containing an express denial as part of her purported "post-filing admissions" supporting coordination, yet she identifies no language in the source admitting the denied conduct.

## II. REVIEWING THE SOURCE IS NOT AN IMPROPER MERITS DETERMINATION

Plaintiff argues that Defendant asks the Court to weigh competing inferences or prematurely decide factual issues. ECF No. 170, PageID.3904. But Plaintiff placed the recording before the Court and asked the Court to rely on her characterization when deciding ECF No. 160. Defendant does not ask the Court to determine whether a medical-board report was filed, whether any report was false, whether Williams's personal protection order was fraudulently obtained, or whether Plaintiff will prevail on an underlying claim. The question is whether the cited source supported characterizing Defendant's statement as an admission of conduct she expressly denied.

Answering that question does not require the Court to determine whether Defendant's denial was truthful. It requires only recognition that the recorded words were a denial, not an admission. A Rule 11 proceeding is collateral to the merits. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 395–96 (1990). Its collateral nature does not prevent the Court from comparing a challenged factual contention with the evidence cited to support it. That comparison is necessary under Rule 11(b)(3).

Plaintiff made the recording relevant by submitting it as purportedly new evidence. She cannot rely on the recording and then prevent examination of its actual content by labeling the issue merits-based.

## III. PLAINTIFF'S DECLARATION AND CONTINUED ADVOCACY DO NOT CURE THE DEFECT

Plaintiff declares that she reviewed the livestream, transcript, and surrounding context before filing ECF No. 160. ECF No. 170, PageID.3907, ¶¶ 2–4. That declaration confirms she had access to the complete source, including the audible words "which is not true."

It does not establish that her characterization was objectively reasonable. Plaintiff identifies no language admitting that Defendant filed or coordinated false reports, qualifying the express denial, connecting the later litigation comments to an agreement with Williams, or explaining why the denial was omitted or disregarded when the remarks were presented as admissions. Rule 11 applies an objective reasonableness standard. Ridder v. City of Springfield, 109 F.3d 288, 293 (6th Cir. 1997). A subjective assertion of good faith does not create evidentiary support that the cited source lacks.

Defendant served the proposed Rule 11 motion on June 4, 2026, and waited through the 21-day safe-harbor period before filing ECF No. 168. ECF No. 168, PageID.3881, 3883. Plaintiff's Response identifies no defect in Defendant's Rule 11(c)(2) service or safe-harbor timing. The notice gave Plaintiff an opportunity to quote the complete statement, acknowledge the denial, withdraw the "admission" characterization, or clarify that she was not claiming Defendant admitted to filing or coordinating false reports. Plaintiff did none of those things. Even assuming the initial omission resulted from oversight, Plaintiff received precise notice and continued defending the characterization. Rule 11 applies both to presenting and later advocating

4

a factual contention. Fed. R. Civ. P. 11(b). The Court need not find subjective intent to mislead; continued advocacy of an objectively unsupported characterization after notice is relevant to whether corrective relief is warranted under Rule 11.

## IV. THE PRIOR RECORD IS RELEVANT TO NOTICE AND DETERRENCE

The present violation is independently established by ECF No. 160, the complete May 23 recording, and Plaintiff's continued advocacy after safe-harbor notice. The prior record is relevant only to notice, repetition, and deterrence.

Plaintiff previously filed a Copyright Office refusal letter expressly labeled "[Redacted]." ECF No. 128, PageID.2680. That version disclosed the refusal but did not reveal the Office's full explanation later submitted by Defendant. ECF No. 135, PageID.3020–3022, 3035–3039. The Magistrate Judge thereafter recommended dismissal without prejudice based on the pre-suit exhaustion defect and, separately, dismissal with prejudice on the merits because Plaintiff failed to plausibly allege a valid copyright. ECF No. 138, PageID.3057–3060. Defendant does not contend that the fuller correspondence caused or was the sole basis for that recommendation. The narrower point is that the redacted version did not disclose information necessary to evaluate the source completely.

Defendant also previously objected in ECF No. 33 to selective excerpts, redacted metadata, and omitted outcomes. ECF No. 33, PageID.310–321. Although those objections were not adjudicated, they placed Plaintiff on notice concerning incomplete presentations of source evidence.

The Court later sanctioned Plaintiff for fictitious citations and a false quotation. When confronted, Plaintiff attributed the defects to formatting errors, deadline pressure, incomplete research, and using quotation marks for emphasis. The Court rejected those explanations as

5

lacking "consistency and credibility," found the quotation-mark explanation implausible, and characterized the conduct as "tantamount to bad faith" or "wanton." ECF No. 111, PageID.2317–2324.

The same concern appears here. Plaintiff omitted Defendant's immediate denial—**"which is not true"**—and now relies on a generalized "good-faith interpretation" rather than identifying any language supporting an admission.

These prior matters do not independently prove the current violation. They show a recurring concern in the record involving incomplete or inaccurate source presentations followed by explanations that do not confront what the underlying source says. That history supports narrowly tailored corrective relief and shows why another warning alone may be insufficient.

## V. NARROW CORRECTIVE RELIEF IS APPROPRIATE

Rule 11(c)(4) limits sanctions to what is sufficient to deter repetition. Defendant therefore requests corrective relief tied to the specific violation.

Defendant asks the Court to find that the cited May 23 passage does not constitute an admission that Defendant filed or coordinated false medical-board reports; disregard Plaintiff's characterization of the passage as an admission; require Plaintiff to correct or clarify the record by acknowledging Defendant's express denial; consider the publicly available audiovisual recording together with the corresponding transcript when deciding ECF No. 160; direct Plaintiff not to repeat the challenged characterization as though Defendant admitted the denied conduct; award any documented and legally recoverable out-of-pocket expenses directly resulting from the violation; and impose any other narrowly tailored directive sufficient to deter repetition.

Defendant does not ask the Court to deny leave to amend as a Rule 11 punishment. Defendant asks the Court to decide ECF No. 160 without treating an express denial as an admission or giving the challenged characterization evidentiary weight the source does not support.

**CONCLUSION**

Plaintiff presented the May 23 remarks as purportedly new admissions supporting coordinated conduct. The publicly available audiovisual recording allows the Court to hear Defendant recount Plaintiff's accusation and immediately state: "Which is not true." The corresponding transcript confirms the same words and sequence. Defendant does not ask the Court to decide whether the denial was ultimately true. The question is whether the source supported Plaintiff's characterization of the denial as an admission. It did not. Plaintiff reviewed the source, received Rule 11(c)(2) notice, had an opportunity to correct the record, and continued advocating the unsupported characterization. Defendant respectfully requests that the Court grant ECF No. 168 and impose narrowly tailored corrective relief.

Respectfully submitted,

/s/ Danielle Robertson
Danielle Robertson, Defendant Pro Se
4539 N. 22nd St.
Phoenix, Arizona 85016-4639
DaniRobertson@proton.me
Dated: July 19, 2026

I certify to the best of my knowledge that the citations are true and correct.

**CERTIFICATE OF SERVICE**

I certify that on July 19, 2026, I served this Reply upon Plaintiff Sybrena Evans by First-Class United States Mail, postage prepaid, addressed to 17710 Lakeview Circle, Northville, Michigan 48168.

**EXHIBIT A**

MAY 23, 2026 LIVESTREAM SOURCE AND TRANSCRIPT EXCERPTS

Source: May 23, 2026 livestream

https://www.youtube.com/live/mGlJbqiwJGk

The publicly available audiovisual recording is the primary source. The publicly displayed transcript reflects the same operative words and sequence and is submitted only as a textual aid. The recording controls if any discrepancy exists. Defendant has not edited or altered the recording and submits the corresponding transcript excerpts only as a textual aid. Punctuation has been added for readability, and ellipses identify omitted irrelevant or censored language. No omission changes the express denial or the sequence of the statements.

Excerpt 1 — Approximately 39:01–39:42

"In that case, there will possibly be a curveball depending on the decision that is made. In that case, right now, there's only one claim remaining. The judge has recommended for dismissal almost a whole case besides one case which she made up . . . involving me and Come Get This Commentary saying we filed—we filed false reports against her on the medical board, which is not true. Now, if that claim is kept and it continues on, there's going to be a curveball that she doesn't expect and no one will expect. It's going to be shocking, and that's all I can really say and that's all I'm going to say."

Excerpt 2 — Approximately 50:58–51:18

"I will let you all know what's going on. It's not a hidden secret. It's called keeping it cute, keeping it moving, keeping it classy. I have to only tell y'all things when it's safe to tell y'all and when someone cannot use it against me or when someone cannot know my next move or my next strategy."

8

**EXHIBIT B**

**DECLARATION OF DEFENDANT IMPROPERLY NAMED AS DANIELLE ROBERTSON**

I, the Defendant improperly named in this action as Danielle Robertson, declare under penalty of perjury as follows:

1. I am the individual appearing in this action as the Defendant improperly named as Danielle Robertson. Nothing in this declaration is intended to disclose, concede, or waive any preserved position concerning my identity, anonymity, anonymous speech, or use of a pseudonym.

2. I have personal knowledge of the facts stated in this declaration.

3. I participated in and spoke during the May 23, 2026 livestream identified in Exhibit A.

4. reviewed the publicly available audiovisual recording and recognize it as the May 23, 2026 livestream in which I participated. I have not edited or altered the recording submitted or identified with this filing.

5. At approximately 39:17–39:42, I recounted Plaintiff's accusation that I and another commentator had filed false reports against Plaintiff with the medical board.

6. Immediately after recounting that accusation, I expressly denied it by stating, "which is not true."

7. I then conditionally discussed a possible litigation "curveball" if the remaining claim continued.

8. At approximately 50:58–51:18, I discussed when I would disclose information concerning my next move or litigation strategy.

9. I did not state in either passage that I filed or coordinated false medical-board reports.

9

10. I did not state in either passage that I entered into an agreement with Keva Williams concerning a medical-board report or personal protection order.

11. The transcript excerpts contained in Exhibit A accurately reproduce the operative words audible in the recording. Punctuation was added only for readability.

12. The Court can hear the words "which is not true" directly in the original audio and review their sequence and context in the original video.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 19, 2026

Defendant Improperly Named as Danielle Robertson