# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Sybrena Evans,

                         Plaintiff,        Case No. 24-13435

v.                               Judith E. Levy
                                       United States District Judge

Danielle Robertson, *et al.*,

                                       Mag. Judge Elizabeth A. Stafford

                         Defendants.

_____/

## ORDER STRIKING NUMEROUS FILINGS [140, 141, 142, 143] AND ADOPTING THE REPORT AND RECOMMENDATION [138]

On February 9, 2026, Magistrate Judge Stafford issued a Report and Recommendation ("R&R") recommending that Defendant "Danielle Robertson's"[1] motion to dismiss for lack of jurisdiction and failure to state a claim be granted in part and denied in part, and that her motion to dismiss for failure to join parties be denied. (ECF No. 138.) That same day, Judge Stafford issued an order denying Plaintiff's motions for leave to supplement the complaint. (ECF No. 137.)

---

[1] "Danielle Robertson" is apparently Defendant's alias and not her true name.

Plaintiff and Defendant filed objections to the R&R. (ECF Nos. 140, 143.) Plaintiff also filed objections to the order denying Plaintiff's motions for leave to supplement the complaint (ECF No. 142), and a motion for leave to file that objection after the deadline has passed. (ECF No. 141.)

For the reasons set forth below, the R&R (ECF No. 138) is adopted, and Plaintiff and Defendant's filings (ECF Nos. 140, 141, 142, 143) are stricken from the record.

## I.  Report and Recommendation on Defendant's motions to dismiss (ECF No. 138)

Defendant filed two motions to dismiss. (ECF Nos. 77, 127.) Judge Stafford's R&R recommended that the motion to dismiss for lack of jurisdiction and failure to state a claim be granted in part and denied in part, and that the motion to dismiss for failure to join parties be denied. (ECF No. 138.)

Plaintiff and Defendant filed objections to the R&R. (ECF Nos. 140, 143.) The objections are fully briefed. (*See* ECF Nos. 146, 147.[2]) Plaintiff

---

[2] This document is titled, "Plaintiff's objections to Defendant's (ECF No. 143) Objections to the Report and Recommendation (ECF No. 138)." (ECF No. 147.) The Court construes this as a response to Defendant's Objections.

also filed a notice of clarification, which Defendant also responded to.[3] (ECF Nos. 156, 157.)

Plaintiff and Defendant's objections will be stricken because they contain factitious citations.

The litigants in this case have been repeatedly warned that factitious citations will not be tolerated by the Court. (*See* ECF No. 106, PageID.2254; ECF No. 124, PageID.2634.) Magistrate Judge Elizabeth A. Stafford ordered Plaintiff and Defendant to "include a written representation that [they have] personally checked each legal citation and each citation is accurate and stands for its asserted proposition" and warned that a failure to do so may result in sanctions. (ECF No. 74, PageID.783–784.) Despite Judge Stafford's order and this Court's repeated warnings, both Plaintiff and Defendant have violated the Court's express requirements numerous times. (ECF Nos. 106, 124.)

On November 20, 2025, the Court imposed sanctions on both Plaintiff and Defendant for their repeated use of factitious citations,

---

[3] Defendant filed a document on March 23, 2026, titled, "Defendant's response to Plaintiff's arguments regarding the remaining claim." (ECF No. 149.) It is entirely unclear to the Court what this document intends to respond to, nor does Defendant identify any particular document to which it responds. As such, the Court will not consider this document at this time.

(ECF No. 111), and have stricken the parties' filings when they contain factitious citations. (ECF Nos. 106, 124.) The parties have been warned that additional sanctions may be imposed if future filings contain factitious citations. (ECF No. 111, PageID.2322; ECF No. 124, PageID.2635–2636.)

### A. Plaintiff's objections (ECF No. 140)

Plaintiff's objections contain factitious citations. Plaintiff declares in her objection that she "reviewed the citations and representations contained herein and that, to the best of [her] knowledge, information, and belief formed after reasonable inquiry, they are accurate and supported by the record."[4] (ECF No. 140, PageID.3116.) However, in her objections, Plaintiff argues,

> Michigan's single-publication rule does not bar claims based on a new and discrete act of publication occurring within the statutory period. Where a defendant affirmatively reissues, relinks, re-amplifies, or otherwise causes renewed dissemination of allegedly defamatory material, that act may

---

[4] The Court notes that Plaintiff's certification does not follow Judge Stafford's order and could, in itself, be a basis for striking Plaintiff's objection. Judge Stafford ordered the parties to include in their filings a certification that they have "personally checked each legal citation and each citation is accurate and stands for its asserted proposition." (ECF No. 74, PageID.783–784.) Plaintiff's certification does not certify that each citation "stands for its asserted proposition." (*Id.*)

constitute a separate publication. *Mitan v. Campbell*, 474 Mich. 21[ ] (2005).

(*Id.* at PageID.3096–3097.) Plaintiff cites *Mitan* for a similar proposition later in her objection, stating, "Michigan law further provides that liability may attach where a defendant authorizes or affirmatively causes a republication. See Mitan v. Campbell, 474 Mich. 21 [ ] (2005)." (*Id.* at PageID.3105.)

But *Mitan* does not remotely stand for Plaintiff's asserted proposition. In fact, the *Mitan* court states the opposite. *Mitan*, 474 Mich. at 24–25 (stating that "a defamation claim must be filed within one year from the date the claim first accrued" and that accrual of a claim is not extended "on the basis of republication").

### B. Defendant's objections (ECF No. 143)

Defendant's objections also contain factitious citations. Defendant declares in her objection that she "checked all citations in this filing and, to the best of [her] knowledge, they are accurate." (ECF No. 143, PageID.3183.)[5] However, many of Defendant's citations are factitious.

---

[5] Like Plaintiff's certification, Defendant's certification does not follow Judge Stafford's order and could, in itself, be a basis for striking Defendant's objection. Judge Stafford ordered the parties to include in their filings a certification that they have "personally checked each legal citation and each citation is accurate and stands

For example, Defendant cites *Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009), for the statement, "Plaintiff bears the burden of establishing diversity jurisdiction." (ECF No. 143, PageID.3162.) But at no point does the *Delay* opinion support that statement. Instead, the Sixth Circuit in *Delay* directed the defendants "to submit a jurisdictional statement identifying the citizenship of all its members" in its efforts to determine whether it had jurisdiction over the case. *Delay*, 585 F.3d at 1005.

Similarly, Defendant cites *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818 (6th Cir. 2006), for the contention that "Plaintiff bears the burden of establishing that the amount in controversy exceeds $75,000 under 28 U.S.C. § 1332." (ECF No. 143, PageID.3177.) At no point does the *Everett* opinion support this contention. Instead, the *Everett* decision states that "[a] defendant wishing to remove a case bears the burden of satisfying the amount-in-controversy requirement." *Everett*, 460 F.3d at 822.[6]

---

for its asserted proposition." (ECF No. 74, PageID.783–784.) Defendant's certification does not certify that each citation "stands for its asserted proposition." (*Id.*)

[6] Although the Court only describes two factitious citations here, numerous citations in Defendant's objections appears to be factitious. But even a single factitious citation is a violation of the Court's prior orders and is sanctionable.

### C. Conclusion

Despite the parties' certifications and the Court's numerous warnings, the parties' objections contain factitious citations. The parties were warned in previous Court orders that sanctions may be imposed if future filings contain factitious citations. (*See* ECF No. 111, PageID.2322; ECF No. 124; *see also* ECF No. 74, PageID.783–784 (requiring the parties to certify that each citation is accurate <u>and stands for its asserted proposition</u>").)

Yet again, the parties have violated the Court's express requirements, misrepresented the law to the Court, and wasted the Court's time. Plaintiff and Defendant's objections are stricken and will not be considered by the Court. (ECF No. 143, 140.)

The Court carefully reviewed the R&R and concurs in the reasoning and result. Thus, the Court will adopt the R&R. (ECF No. 138.)

## II. Order denying Plaintiff's motions for leave to supplement the complaint (ECF No. 137)

Plaintiff filed two motions for leave to supplement the complaint. (ECF Nos. 128, 129.) Judge Stafford issued an order denying both motions. (ECF No. 137.)

7

In response to the Order, Plaintiff sought to file an objection. She filed a motion for leave to file a late objection to the Order (ECF No. 141), as well as the late objection. (ECF No. 142.)

Plaintiff's motion for leave to file a late objection is stricken for failure to include the certification ordered by Judge Stafford on September 25, 2025. (ECF No. 74.) Plaintiff's late objection is also stricken for failure to include this certification.

On September 25, 2025, Judge Stafford set forth,

In each of their future filings, Evans and Robertson "must include a written representation that [they have] personally checked each legal citation and each citation is accurate and stands for its asserted proposition." *See* [*Everett J. Prescott, Inc. v. Beall*, No. 1:25-cv-00071, 2025 WL 2084353, at *2 (D. Me. July 24, 2025)].

(ECF No. 74, PageID.783–784.) Judge Stafford warned that failure to do so may result in sanctions. (*Id.*)

Here, Plaintiff's motion for leave to file a late objection and the objection to the Order do not include the required certification. (ECF Nos. 141, 142.) As such, Plaintiff's motion and objection are stricken.

### III. Conclusion

For the reasons set forth above,

Plaintiff's objection to the R&R (ECF No. 140), Plaintiff's motion for leave to file objection out of time (ECF No. 141), Plaintiff's objection to Judge Stafford's Order (ECF No. 142), and Defendant's objection to the R&R (ECF No. 143) are STRICKEN and not part of the record;

The R&R (ECF No. 138) is ADOPTED;

Defendant's motion to dismiss for lack of jurisdiction and failure to state a claim is GRANTED IN PART AND DENIED IN PART (ECF No. 77); and,

Defendant's motion to dismiss for failure to join parties is DENIED (ECF No. 127).

IT IS SO ORDERED.

Dated: July 21, 2026
Ann Arbor, Michigan

s/Judith E. Levy
JUDITH E. LEVY
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 21, 2026.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager

9