UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SYBRENA EVANS,

Plaintiff,

v.

DANIELLE ROBERTSON, *et al.*,

Defendants.

Case No. 24-cv-13435
Honorable Judith E. Levy
Magistrate Judge Elizabeth A. Stafford

---

**ORDER DENYING MOTION FOR LEAVE TO FILE
PROPOSED AMENDED COMPLAINT, GRANTING
MOTION FOR LEAVE TO FILE THIRD PARTY SUBPOENAS,
AND SCHEDULING PERIOD FOR DISCOVERY
(ECF NOS. 160, 166)**

---

**A**.

Plaintiff Sybrena Evans, proceeding pro se, sues Defendant Danielle Robertson[1] and Jane Does 1-10 for copyright infringement, defamation, fraud, and harassment.  ECF No. 1.  The Honorable Judith E. Levy referred the case to the undersigned for all pretrial matters under 28 U.S.C.

---

[1] Robertson made a special appearance as a Jane Doe stating that "Danielle Robertson" is an online alias and not her legal name.  ECF No. 28, PageID.183.  For the sake of clarity, the Court will nevertheless refer to this individual as Robertson.

§ 636(b)(1).  ECF No. 7.  Because Robertson violated orders requiring her to disclose her identity, the Court has recommended that a default judgment be entered against her.  ECF No. 175.  The Court now denies Evans's motion for leave to amend her complaint, grants her motion to serve third-party subpoenas, and schedules a period for limited discovery.

**B.**

Evans's proposed complaint is improper under Federal Rules of Civil Procedure 8 and 10.  Rule 8 requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief," and requires that each allegation be "simple, concise, and direct."  Fed. R. Civ. P. 8(a)(2), (d)(1).  The rule ensures that "[t]he district court and defendants . . . not have to fish a gold coin from a bucket of mud to identify the allegations really at issue."  *Kensu v. Corizon, Inc.*, 5 F.4th 646, 651 (6th Cir. 2021) (cleaned up).  To determine whether a complaint violates Rule 8, "[t]he key is whether the complaint is so verbose, confused and redundant that its true substance, if any, is well disguised."  *Id.* (cleaned up).  And Rule 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

2

Evans's proposed amended complaint is 235 pages, including a multitude of exhibits. ECF No. 160-1; ECF No. 160-2; ECF No. 160-3. The proposed complaint itself includes no numbered paragraphs until Count 6, which started with paragraph 100. ECF No. 160-1, PageID.3558-3602. And the narrative format of Evans's complaint suggests that she misunderstands a complaint's purpose, which is to "simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) (cleaned up).

True, a plaintiff must plead enough facts to make her claims plausible, but the requirement of Rule 8 that pleadings be short and plain remains. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 614 (6th Cir. 2012). Evans's proposed complaint, with its lengthy narrative paragraphs and numerous exhibits, reads more like a Federal Rule of Civil Procedure 56 summary judgment brief than a short and plain complaint. *See Bell v. City of Cleveland*, 548 F. Supp. 2d 444, 448-49 (N.D. Ohio 2008) (rejecting defendant's argument that the plaintiff needed to show a genuine issue of fact at the complaint stage and noting that the defendant sought "to impose a summary judgment standard under Rule 56 onto the initial pleadings of this case.").

3

The Court also finds that Evans's goals for amending her complaint will be moot if Judge Levy adopts the report and recommendation (R&R) to enter a default judgment against Robertson.  ECF No. 175.  With a default judgment, Evans will have a chance to show her entitlement to damages and injunctive relief based on the claims that survived Robertson's motion to dismiss: (1) copyright infringement stemming from the use of Evans's likeness; (2) defamation stemming from Robertson's alleged posts about Evans's professional misconduct, false reports to police, and posts including bodycam footage; and (3) cyberbullying and harassment stemming from Robertson's posts about Evans's divorce.  *Id*., PageID.3946.  Evans will not be entitled to more damages if she adds a conspiracy claim.  *See Tokmenko v. MetroHealth Sys.*, 488 F. Supp. 3d 571, 577 (N.D. Ohio 2020) ("[A] party is not entitled to recover twice for the same loss, even if the party would otherwise be able to recover for that loss under separate theories of liability.").  And Evans's existing claims would allow an injunction that prohibits Robertson from misusing her likeness and engaging in online harassment.

For these reasons, the Court **DENIES** Evans's motion for leave to amend her complaint.  ECF No. 160.   If Judge Levy rejects the R&R,

4

Evans may move for leave to file an amended complaint that complies with Rules 8 and 10.

**C.**

Evans also moves for leave to serve third-party subpoenas to identify Robertson's identity.  ECF No. 166.  The Court **GRANTS** that motion.  The Court will permit the parties to engage in discovery limited to (1) Evans serving third-party subpoenas and using any other means permitted under the discovery rules to identify Robertson's identity, and (2) allowing Robertson to conduct discovery related to Evans's requested relief.  This period for limited discovery will close on **November 13, 2026**.

**IT IS ORDERED.**

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: August 6, 2026

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling**

5

**remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 6, 2026.

<u>s/Caitlin Shrum</u>
CAITLIN SHRUM
Case Manager

6