AUG 06 2026

CLERK'S OFFICE
DETROIT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Sybrena Evans et al.,
Plaintiffs,

vs.

Danielle Robertson et al.,
Defendants,

Case No.24-cv-13435
Honorable Judith E. Levy
Magistrate Judge Elizabeth A. Stafford

DEFENDANT'S EMERGENCY MOTION
TO STAY EARLY DISCOVERY
PENDING CLARIFICATION OF THE
OPERATIVE CLAIMS

---

### DEFENDANT'S EMERGENCY MOTION TO STAY EARLY DISCOVERY PENDING CLARIFICATION OF THE OPERATIVE CLAIMS

Defendant, the individual sued under the disputed designation "Danielle Robertson," respectfully requests a temporary stay of all early discovery, including the issuance, service, enforcement, and production of any third-party subpoenas contemplated by ECF Nos. 166 and 175, until the Court clarifies the precise claim or claims remaining after ECF Nos. 138 and 173.

ECF No. 175 states that three claims remain based on ECF Nos. 75 and 112 and relies on that three-claim description in discussing prejudice, identity disclosure, default judgment, and discovery. But ECF No. 173 later adopted ECF No. 138 and granted Defendant's later motion to dismiss in part. Thus, there is only one remaining claim, not three, which is important as it pertains to discovery and subsequently any possible default.

Because discovery must be relevant and proportional to the claims and defenses actually remaining in the case, the scope and necessity of any early discovery cannot be properly

determined until the operative claims are identified. Fed. R. Civ. P. 26(b)(1). Early discovery also requires court authorization before the Rule 26(f) conference. Fed. R. Civ. P. 26(d)(1).

A temporary stay will preserve the status quo without causing the loss of evidence. In contrast, disclosure of identity, account-registration, ownership, or account-control information could not be undone after production.

Defendant therefore requests that the Court:

1. Stay the issuance, service, enforcement, and production of all third-party subpoenas contemplated by ECF Nos. 166 and 175;

2. Clarify the precise claim, allegations, statements, and theories remaining after ECF Nos. 138 and 173;

3. Limit any later discovery to matters relevant and proportional to the actual surviving claim or claims; and

4. Alternatively, require any production to be made first to the Court under seal and not disclosed to Plaintiff until further order.

This motion does not concede valid service, personal jurisdiction, use of Defendant's legal name, or waiver of any previously asserted First Amendment or Rule 12 objections.

**WHEREFORE**, Defendant respectfully requests an immediate temporary stay of early discovery until the Court clarifies the operative claims.

Respectfully submitted,

Individual sued under the disputed designation

Danielle Robertson

Defendant, Pro Se

4539 N 22nd St

Phoenix, AZ 85016-4639

DaniRobertson@proton.me

**DEFENDANT'S BRIEF IN SUPPORT OF EMERGENCY MOTION TO STAY EARLY DISCOVERY PENDING CLARIFICATION OF THE OPERATIVE CLAIMS**

**ISSUE PRESENTED**

Whether the Court should temporarily stay early third-party discovery until it clarifies the precise claim or claims remaining after ECF Nos. 138 and 173, where ECF No. 175 relies on an earlier three-claim description of the case when discussing prejudice, default judgment, identity disclosure, and future discovery.

**MOST APPLICABLE AUTHORITY**

Federal Rules of Civil Procedure 26(b)(1), 26(c)(1), and 26(d)(1); *Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936).

**RELEVANT BACKGROUND**

On July 21, 2026, the District Court entered ECF No. 173, adopting ECF No. 138 and granting Defendant's later motion to dismiss in part. Defendant understands that ruling to have materially narrowed the action from the earlier three-claim posture described in ECF Nos. 75 and 112.

On August 6, 2026, the Magistrate Judge entered ECF No. 175. ECF No. 175 states that three claims survived Defendant's motion to dismiss and relies on ECF Nos. 75 and 112 for that proposition. ECF No. 175, PageID.3946, 3956–3957. The recommendation then relies on those three claims when evaluating alleged prejudice, the asserted importance of Defendant's identity, and the recommendation that default judgment be entered.

ECF No. 175 further states that a separate order will grant a period of discovery permitting Plaintiff to serve third-party subpoenas. Id., PageID.3960. Plaintiff's filings concerning ECF No.

166 describe the proposed subpoenas as seeking identifying, registration, ownership, and operational-control information from third-party providers.

ECF No. 175 does not identify or analyze the effect of the intervening ruling at ECF No. 173 on the claims and theories remaining in the action.

## ARGUMENT

### I. The Court should clarify the operative claims before authorizing early discovery.

Rule 26(b)(1) limits discovery to nonprivileged matters that are relevant to a party's claim or defense and proportional to the needs of the case. The claims and defenses actually remaining after dismissal therefore define the permissible scope of discovery.

Here, ECF No. 175 evaluates the need for identity disclosure and future discovery by relying on the earlier three-claim posture reflected in ECF Nos. 75 and 112. But ECF No. 173 later adopted ECF No. 138 and granted Defendant's later motion to dismiss in part.

Until the Court identifies the exact claim, statements, publications, accounts, time periods, and theories remaining after ECF Nos. 138 and 173, the relevance and proportionality of the requested discovery cannot be accurately determined.

Claims and theories that were dismissed cannot independently justify discovery. Nor should discovery concerning damages or injunctive relief extend beyond the claim or claims that remain operative.

Defendant does not ask the Court to accept Defendant's characterization of what remains. Defendant asks the Court to state the operative scope expressly before third-party discovery proceeds.

## II. A temporary stay is appropriate because early discovery has not otherwise opened.

Rule 26(d)(1) generally prohibits a party from seeking discovery before the parties have conferred under Rule 26(f), except when discovery is authorized by the Federal Rules, agreement, or court order.

No Rule 26(f) conference or ordinary discovery period has occurred here. Plaintiff therefore seeks exceptional early discovery through ECF No. 166, and ECF No. 175 contemplates a separate order authorizing that discovery.

Because this discovery requires special judicial authorization, the Court should ensure that the authorization is based on the correct and current scope of the case. A brief stay pending clarification will not improperly interrupt an existing discovery schedule because no ordinary discovery schedule has begun.

Federal courts possess inherent authority to stay proceedings as part of their power to control the disposition of matters on their dockets. In exercising that authority, the Court must weigh the competing interests and keep any stay within reasonable limits. *Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936). Here, Defendant seeks only a brief and defined stay until the Court clarifies the claims remaining after ECF Nos. 138 and 173.

## III. Disclosure before clarification would create irreversible prejudice.

The requested third-party information reportedly includes identity, registration, ownership, and account-control information.

Once that information is produced to Plaintiff, its disclosure cannot be undone. A later ruling narrowing the subpoenas, sustaining an objection, or limiting the case cannot restore the anonymity that existed before production.

By contrast, a temporary stay will not destroy evidence or prevent eventual discovery. Third-party providers may preserve potentially responsive records while production is suspended. If the Court later authorizes discovery, it can tailor the subpoenas to the precise surviving claim and relevant time period.

The balance of prejudice therefore favors preserving the status quo until the Court clarifies the operative claims.

**IV. Any discovery later authorized should be narrowly limited and protected.**

If the Court ultimately permits third-party discovery, it should be limited to information relevant and proportional to the claim or claims remaining after ECF Nos. 138 and 173.

At minimum, the Court should:

1. Limit discovery to the particular statement, publication, account, attribution theory, and time period connected to the surviving claim;

2. Exclude communications content, unrelated account activity, financial records, and information concerning unrelated speakers or nonparties;

3. Require production first to the Court under seal; and

4. Prohibit disclosure to Plaintiff until Defendant and any affected nonparty receive notice and an opportunity to object.

Rule 26(c)(1) permits the Court, for good cause, to forbid discovery, prescribe its terms or method, limit its scope, and require confidential information to be revealed only in a specified manner.

These protections would permit necessary evidence to be preserved while preventing discovery from exceeding the actual scope of the case.

**CONCLUSION**

Defendant respectfully requests that the Court:

1. Temporarily stay the issuance, service, enforcement, and production of all third-party subpoenas contemplated by ECF Nos. 166 and 175;

2. Clarify the precise claim, allegations, statements, publications, and theories remaining after ECF Nos. 138 and 173;

3. Limit any later discovery to matters relevant and proportional to the actual surviving claim or claims; and

4. Alternatively, require any production to be submitted first to the Court under seal and withheld from Plaintiff until further order.

Respectfully submitted,

**/s/ Danielle Robertson**

Danielle Robertson

Defendant, Pro Se

4539 N 22nd St

Phoenix, AZ 85016-4639

DaniRobertson@proton.me

Dated: August 6, 2026

## CERTIFICATION REGARDING CITATIONS

I personally checked each legal citation in this filing, and each citation is accurate and stands for the proposition for which it is cited.

**/s/ Danielle Robertson**

Danielle Robertson

## CERTIFICATION REGARDING CITATIONS

I personally checked each legal citation in this filing, and each citation is accurate and stands for the proposition for which it is cited.

## CERTIFICATE OF SERVICE

I certify that on August 6, 2026, I served a copy of the foregoing Defendant's Emergency Motion to Stay Early Discovery Pending Clarification of the Operative Claims on Plaintiff Sybrena Evans by First-Class U.S. Mail at the address listed on the Court's docket.