FILED

AUG 10 2026

CLERK'S OFFICE
DETROIT

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**SYBRENA EVANS,**
Plaintiff/Counter-Defendant,

v.

**DANIELLE ROBERTSON, et al.,**
Defendants.

Case No. 5:24-cv-13435-JEL-EAS

Hon. Judith E. Levy
Mag. Judge Elizabeth A. Stafford

---

**DEFENDANT'S SUPPLEMENTAL EMERGENCY MOTION FOR IMMEDIATE ADMINISTRATIVE STAY; TO STAY AND TAILOR IDENTITY DISCOVERY UNDER ECF NO. 176; TO DEFER ACTION ON ECF NO. 175; TO CONFIRM THE SOLE OPERATIVE CLAIM ESTABLISHED BY ECF NOS. 138 AND 173; AND, ALTERNATIVELY, FOR CERTIFICATION UNDER 28 U.S.C. § 1292(b) AND A STAY PENDING APPELLATE REVIEW**

Defendant, the individual sued under the disputed designation "Danielle Robertson," respectfully moves for an immediate administrative stay of third-party identity discovery authorized by ECF No. 176 while District Judge Levy resolves Defendant's objections and the material conflict between the operative claim disposition in ECF Nos. 138 and 173 and the earlier three-claim framework subsequently used in ECF Nos. 175 and 176.

This motion presents a narrow but consequential issue.

On February 9, 2026, Magistrate Judge Stafford issued ECF No. 138 addressing Defendant's later motions to dismiss. After resolving the remaining claims and theories, the R&R expressly concluded:

"The sole remaining claim would be Evans's defamation claim based on Robertson's and Williams's alleged LARA complaints."

ECF No. 138, PageID.3082.

1

On July 21, 2026, Judge Levy adopted ECF No. 138. The Court stated that it had "carefully reviewed the R&R and concurs in the reasoning and result," ECF No. 173, PageID.3932, and expressly ordered that "[t]he R&R (ECF No. 138) is ADOPTED." *Id.*, PageID.3933.

Thus, following ECF No. 173, the operative merits posture was the single defamation claim concerning the alleged 2024 complaints to the Michigan Department of Licensing and Regulatory Affairs ("LARA").

Nevertheless, on August 6, 2026, ECF Nos. 175 and 176 reverted to the earlier three-claim framework reflected in ECF Nos. 75 and 112.

ECF No. 175 states:

"Three of Evans's claims survived Robertson's motion to dismiss"

and identifies copyright infringement, broader defamation theories involving professional misconduct, police reports, and body-camera footage, and cyberbullying and harassment concerning Plaintiff's divorce. ECF No. 175, PageID.3946.

ECF No. 176 likewise states that, following a default judgment, Plaintiff could establish damages and injunctive relief based upon those same three categories, including copyright and the broader online-harassment theories. ECF No. 176, PageID.3965.

Nothing in ECF Nos. 175 or 176 expressly reconsidered, modified, or vacated ECF No. 173. Nothing expressly reinstated the claims eliminated through ECF Nos. 138 and 173.

That discrepancy materially prejudices Defendant.

Defendant obtained substantial relief through her motion to dismiss. If claims dismissed through that motion continue to supply the basis for prejudice, compelled identification, discovery,

2

default liability, damages, or injunctive relief, Defendant is deprived of much of the practical benefit of the dismissal she obtained.

Defendant does not ask the Court to determine why ECF Nos. 175 and 176 returned to the earlier framework. The objective inconsistency in the record and its consequences are sufficient to require clarification.

Nor does Defendant seek indefinite anonymity or to prevent the remaining action from proceeding.

Defendant is prepared to comply with the Court's identity-disclosure requirement through the privacy accommodation previously authorized in ECF No. 74. Specifically, Defendant requests leave, after the Court resolves the operative-claim issue, to provide her legal name and a registered-agent postal address within seven days or within another period directed by the Court. ECF No. 74 expressly permitted Defendant's postal address to be the address of a registered agent. ECF No. 74, PageID.784.

Defendant's willingness to comply directly provides a concrete, less drastic alternative to default and substantially reduces the stated need for third-party unmasking.

Accordingly, Defendant asks the Court to preserve the status quo long enough to determine which claim actually governs the present proceedings.

RELIEF REQUESTED

Defendant respectfully requests that the Court:

A. Enter an immediate administrative stay of the service, enforcement, compliance, production, and disclosure associated with third-party identity discovery authorized by ECF No. 176 while Judge Levy considers Defendant's Rule 72 objections and resolves the operative-claim conflict;

B. Permit preservation of potentially responsive information during the stay without production or disclosure;

C. Confirm that ECF No. 138, as adopted in ECF No. 173, establishes that the sole remaining merits claim is Plaintiff's defamation claim based on Robertson's and Williams's alleged 2024 LARA complaints;

D. Clarify that claims and theories dismissed through ECF Nos. 138 and 173 may not independently be used to establish prejudice, justify identity discovery, support default liability, establish damages, or support injunctive relief;

E. Clarify or modify ECF No. 176 so that any identity discovery is relevant and proportional to identifying the person alleged to have made or participated in the LARA complaints underlying the sole surviving claim;

F. Defer action on ECF No. 175 until Judge Levy resolves Defendant's Rule 72(b) objections, including Defendant's objection that portions of the prejudice, necessity, and scope analyses rely upon claims already dismissed through ECF Nos. 138 and 173;

G. Treat Defendant's present willingness to disclose her legal name and registered-agent postal address through the procedure authorized by ECF No. 74 as a concrete less drastic alternative to default and third-party unmasking;

H. Permit Defendant, within seven days after the Court resolves the operative-claim issue or another period directed by the Court, to provide her legal name and registered-agent postal address consistent with ECF No. 74 while preserving her objections;

I. Permit the action thereafter to proceed on the sole surviving LARA-defamation claim under an orderly schedule established by the Court;

J. Require compliance with Federal Rule of Civil Procedure 45(a)(4), including service upon Defendant of the required notice and copy of any document subpoena before service upon the recipient;

K. Toll the November 13, 2026 limited-discovery deadline for the duration of any stay;

L. Alternatively, if the Court enters an order holding that claims dismissed through ECF Nos. 138 and 173 may continue to support identity discovery, prejudice, default liability, damages, or injunctive relief, certify an appropriate controlling question under 28 U.S.C. § 1292(b) if the Court determines that the statutory criteria are satisfied;

M. If certification is granted, stay identity disclosure and related proceedings while Defendant timely seeks permission from the United States Court of Appeals for the Sixth Circuit to appeal; and

N. Grant such other relief as the Court considers just and appropriate.

BRIEF IN SUPPORT

I. ECF NOS. 138 AND 173 ESTABLISHED THE SOLE OPERATIVE CLAIM.

The sequence of the Court's rulings is central.

Earlier rulings at ECF Nos. 75 and 112 described three categories of claims as surviving at that stage of the litigation.

Those earlier rulings did not end Defendant's later motion practice.

Magistrate Judge Stafford subsequently issued ECF No. 138 addressing Defendant's later motions to dismiss. ECF No. 138 analyzed the copyright claim, the remaining defamation theories, timeliness issues, and the other surviving state-law theories.

After doing so, the R&R expressly stated:

"The sole remaining claim would be Evans's defamation claim based on Robertson's and Williams's alleged LARA complaints."

ECF No. 138, PageID.3082.

The phrase "sole remaining claim" identifies the posture that would exist after resolution of those motions.

Judge Levy then adopted that disposition.

On July 21, 2026, Judge Levy struck the parties' objections because of citation violations. ECF No. 173. But the Court did not leave the R&R unresolved.

Instead, Judge Levy stated:

"The Court carefully reviewed the R&R and concurs in the reasoning and result. Thus, the Court will adopt the R&R."

ECF No. 173, PageID.3932.

The Court then expressly ordered:

"The R&R (ECF No. 138) is ADOPTED."

*Id.*, PageID.3933.

Accordingly, following ECF No. 173, the operative merits posture was one remaining claim: defamation based upon the alleged 2024 LARA complaints.

The Court then expressly ordered: "The R&R (ECF No. 138) is ADOPTED." *Id.*, PageID.3933.

No order identified by Defendant between July 21 and August 6 expressly reinstated the copyright claim, broader online-defamation theories, police or wellness-check theories, body-camera theories, divorce allegations, cyberbullying, harassment, or the other theories eliminated through ECF Nos. 138 and 173.

## II. ECF NOS. 175 AND 176 SUBSEQUENTLY RETURNED TO THE EARLIER THREE-CLAIM FRAMEWORK.

On August 6, 2026, Magistrate Judge Stafford issued ECF Nos. 175 and 176.

ECF No. 175 states:

"Three of Evans's claims survived Robertson's motion to dismiss"

and identifies:

1. copyright infringement stemming from the use of Evans's likeness;
2. defamation stemming from alleged posts about professional misconduct, false reports to police, and body-camera footage; and
3. cyberbullying and harassment stemming from posts about Evans's divorce.

ECF No. 175, PageID.3946.

7

That description reflects the earlier posture in ECF Nos. 75 and 112.

It does not reflect the later disposition in ECF No. 138 and its adoption in ECF No. 173.

The same discrepancy appears in ECF No. 176.

ECF No. 176 states that, if default judgment is entered, Plaintiff would have an opportunity to establish damages and injunctive relief based upon:

1. copyright infringement;

2. broader defamation involving professional misconduct, police reports, and body-camera footage; and

3. cyberbullying and harassment.

ECF No. 176, PageID.3965.

But by August 6, ECF No. 138 had already been adopted.

Nothing in ECF Nos. 175 or 176 expressly states that ECF No. 173 is reconsidered, modified, or vacated.

Nothing expressly reinstates the dismissed claims.

The resulting inconsistency should therefore be resolved before identity disclosure or default-related proceedings move forward under the broader three-claim framework.

III. CONTINUED RELIANCE ON DISMISSED CLAIMS MATERIALLY PREJUDICES DEFENDANT AFTER HER MOTION TO DISMISS WAS GRANTED IN PART.

This discrepancy has substantive consequences.

Defendant litigated and obtained dismissal of substantial claims and theories.

If those same dismissed claims continue to establish prejudice, justify compelled identification, enlarge discovery, establish default liability, support damages, or support injunctive relief, then the dismissal does not meaningfully narrow the case.

Federal Rule of Civil Procedure 26(b)(1) confines discovery to nonprivileged matter relevant to a party's claim or defense and proportional to the needs of the case.

A. What *Oppenheimer* directly establishes.

The Supreme Court has explained that discovery may properly be denied where information is relevant only to claims or defenses that have been stricken, unless that information is independently relevant to an issue that remains in the case. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351–52 (1978).

Accordingly, a dismissed claim cannot remain an independent discovery target, although information associated with a dismissed claim may still be discoverable if it is independently relevant to an issue remaining in the case.

B. Defendant's application of that rule here.

Defendant does not contend that every historical fact associated with a dismissed allegation has become categorically undiscoverable.

If Plaintiff demonstrates that particular information is independently relevant and proportional to identifying the person alleged to have made or participated in the 2024 LARA complaints, the Court may evaluate that showing under Rule 26.

But copyright, cyberbullying, harassment, or another dismissed theory should not itself supply the independent reason for identity discovery after that claim has been eliminated.

The copyright theory illustrates the prejudice particularly clearly.

ECF No. 138 eliminated the copyright claim before ECF Nos. 175 and 176 were entered.

Yet the August 6 orders returned to a framework in which copyright remained part of the case and part of the stated need for identification and future relief.

The proper inquiry now is whether Plaintiff is prejudiced in prosecuting the surviving LARA-defamation claim, not whether Plaintiff would be prejudiced in pursuing the broader collection of claims previously described in ECF Nos. 75 and 112.

## IV. SIGNATURE MANAGEMENT CONFIRMS THAT PROCEDURAL POSTURE MATTERS TO UNMASKING.

A. What *Signature Management* directly says.

*Signature Management Team, LLC v. Doe* draws an important distinction between prejudgment identity discovery and post-judgment unmasking. 876 F.3d 831, 835, 837–38 (6th Cir. 2017).

The Sixth Circuit explained that prejudgment unmasking tests are designed in part to safeguard potentially nonliable defendants, whereas entry of judgment largely eliminates that concern because liability has then been established. *Id.* at 835.

After judgment has been entered for a plaintiff, a presumption in favor of unmasking applies, but the court still requires a fact-specific balancing of the relevant interests. *Id.* at 837–38.

Thus, *Signature Management* does not treat prejudgment identity discovery and post-judgment unmasking as interchangeable.

Defendant does not cite *Signature Management* as holding that prejudgment identity discovery is prohibited. It does not.

B. Defendant's application of *Signature Management* here.

Here, unlike the post-judgment posture addressed in *Signature Management*, no judgment has established Defendant's liability on the surviving LARA-defamation claim.

Moreover, the copyright claim had already been dismissed through ECF Nos. 138 and 173 before ECF Nos. 175 and 176 were entered.

Defendant therefore relies on *Signature Management* for the narrower proposition that procedural posture matters when a court evaluates the need for identity disclosure.

The posture here should be evaluated as it actually existed on August 6: one surviving LARA-defamation claim, no judgment establishing Defendant's liability on that claim, and an adopted prior ruling that had already eliminated copyright and the other broader theories.

That distinction supports preserving the status quo while Judge Levy resolves what claim properly governs the identity-discovery and default proceedings.

V. THE CLAIM-SCOPE ERROR MATERIALLY AFFECTS THE DEFAULT RECOMMENDATION.

ECF No. 175 recommends default judgment as a sanction for Defendant's failure to comply with prior identity-disclosure orders.

A. What *Maness* directly establishes.

The Supreme Court has stated the general rule that an operative court order must ordinarily be obeyed unless stayed or reversed through orderly judicial proceedings. *Maness v. Meyers*, 419 U.S. 449, 458–59 (1975).

B. Defendant's position concerning the earlier disclosure orders.

Defendant therefore does not argue that the later dismissal of claims retroactively eliminated earlier disclosure orders or authorized unilateral noncompliance.

The present argument is different.

Even if Defendant's earlier conduct remains relevant to culpability, the current assessment of prejudice, necessity, proportionality, less drastic alternatives, scope of default, damages, and injunctive relief must correspond to the claim that actually remains pending.

C. What *Prime Rate* directly establishes.

In reviewing a case-ending sanction such as default, the Sixth Circuit considers whether the party acted in bad faith, whether the opposing party was prejudiced, whether adequate warning was given, and whether less drastic sanctions could have ensured compliance. *Prime Rate Premium Fin. Corp. v. Larson*, 930 F.3d 759, 768–69 (6th Cir. 2019).

D. Defendant's application of those factors here.

The claim-scope discrepancy materially affects at least the prejudice and less-drastic-alternative portions of that analysis.

*1. Prejudice must be measured against the surviving claim.*

Plaintiff cannot properly establish present litigation prejudice based upon an inability to prosecute claims that have already been dismissed.

To the extent the prejudice analysis relies upon Plaintiff's inability to pursue copyright, cyberbullying, harassment, body-camera, police-report, or other dismissed theories without Defendant's identity, the analysis rests upon a case that no longer exists in that form.

The proper question is whether Plaintiff is prejudiced in litigating the sole surviving LARA-defamation claim.

*2. Defendant now offers a concrete less drastic alternative.*

Defendant is prepared to provide her legal name and a registered-agent postal address through the method expressly authorized by ECF No. 74.

ECF No. 74 permitted Defendant's postal address to be the address of a registered agent. ECF No. 74, PageID.784.

Defendant respectfully requests the following procedure:

1. Judge Levy resolves the conflict concerning the operative claim;

2. Defendant provides her legal name and registered-agent postal address within seven days after that ruling, or another period directed by the Court;

3. Defendant proceeds in the action on the surviving claim while preserving properly raised objections; and

4. the Court establishes an orderly schedule for the litigation that actually remains.

13

That proposal directly addresses the stated need for Plaintiff to identify Defendant.

It is also materially less drastic than entry of default.

*3. Default-related proceedings should correspond to the claim actually pending.*

ECF No. 173 adopted the disposition identifying the LARA-defamation claim as the sole remaining claim.

Accordingly, any later default-related liability, damages, or injunctive-relief proceedings should be confined to claims actually remaining after ECF No. 173 unless the Court first expressly modifies that disposition.

ECF No. 176's statement that default would permit relief on the earlier three-claim framework illustrates why clarification is necessary before action is taken on ECF No. 175.

VI. DEFENDANT'S PRESENT OFFER TO COMPLY SUBSTANTIALLY REDUCES THE NEED FOR THIRD-PARTY IDENTITY DISCOVERY.

ECF No. 176 authorizes Plaintiff to serve third-party subpoenas and use other means permitted under the discovery rules to identify Defendant.

Defendant now affirmatively offers direct compliance with the identity-disclosure requirement through the privacy procedure the Court previously authorized.

Defendant is therefore not asking to remain indefinitely unidentified.

Instead, Defendant respectfully requests a short stay and leave to satisfy the identity-disclosure requirement within seven days after the Court resolves the claim-scope issue.

14

That procedure permits Defendant to comply through an orderly judicial process rather than conditioning compliance upon Defendant's unilateral determination of which order controls.

Once Defendant provides her legal name and registered-agent postal address, the asserted need for third parties to identify Defendant is substantially reduced.

If Plaintiff later seeks ordinary merits discovery relevant to the surviving LARA-defamation claim, that discovery can be addressed under the Federal Rules and an appropriate scheduling order.

Direct disclosure therefore offers a practical means of moving the action forward without unnecessary third-party unmasking while the Court reconciles the operative claim disposition.

VII. DEFENDANT'S PROPOSED COMPLIANCE DOES NOT WAIVE HER OBJECTIONS.

Defendant's willingness to comply should not be construed as conceding that ECF Nos. 175 and 176 correctly relied upon the earlier three-claim posture.

Nor should it be construed as waiving Defendant's objections concerning claim scope, forfeiture, prejudice, discovery, or the effect of ECF Nos. 138 and 173.

ECF No. 175 concludes that Defendant forfeited earlier First Amendment objections concerning compelled identification.

Defendant preserves her Rule 72(b) objections to that determination.

But the forfeiture finding does not resolve the separate question presented by ECF No. 176: whether newly authorized third-party identity discovery may be justified or expanded by claims dismissed through ECF Nos. 138 and 173.

15

Rule 72(a) separately authorizes objections to nondispositive magistrate-judge rulings.

ECF No. 176 itself advised the parties that they had fourteen days to object under Rule 72(a). ECF No. 176, PageID.3966.

Thus, even assuming an earlier constitutional objection was inadequately preserved, Defendant may still present a timely objection to the new discovery order based upon the subsequent sole-claim disposition, Rule 26, Rule 45, and the scope of the Court's operative orders.

## VIII. AN EXPRESS STAY IS NECESSARY BECAUSE RULE 72 OBJECTIONS DO NOT AUTOMATICALLY STAY ECF NO. 176.

Rule 72(a) allows a party to object to a magistrate judge's nondispositive order within fourteen days after service.

But filing an objection does not itself stay the ruling.

Eastern District of Michigan Local Rule 72.2 provides:

"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."

E.D. Mich. LR 72.2.

ECF No. 176 itself quotes that rule. ECF No. 176, PageID.3966.

Accordingly, Defendant cannot preserve the status quo merely by filing Rule 72(a) objections.

A separate stay is necessary.

Once Defendant's identity is disclosed through third-party discovery, later Rule 72 review cannot restore the pre-disclosure position.

Defendant therefore seeks preservation rather than destruction of information: potentially responsive information may remain preserved while production and disclosure are temporarily stayed.

The November 13, 2026 limited-discovery deadline can be tolled for the duration of the stay so that Plaintiff loses no authorized discovery time.

IX. THE TRADITIONAL STAY FACTORS SUPPORT TEMPORARY RELIEF.

A. What *Michigan Coalition* directly establishes.

The Sixth Circuit identifies four traditional factors relevant to stay relief:

1. the likelihood that the party seeking the stay will prevail;

2. the likelihood of irreparable harm absent a stay;

3. the prospect that others will be harmed if the stay is granted; and

4. the public interest.

*Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991).

*Michigan Coalition* involved a stay pending appeal. Defendant cites it here for the traditional stay factors identified by the Sixth Circuit, not as holding that every short administrative stay arises under precisely the same procedural posture.

B. Defendant's application of the stay factors here.

*1. Defendant presents a substantial record-based issue.*

The discrepancy appears on the face of the Court's own rulings.

17

ECF No. 138 says "sole remaining claim."

ECF No. 173 adopts ECF No. 138.

ECF Nos. 175 and 176 thereafter return to the earlier three-claim framework.

The issue does not depend upon speculation about motive.

It is a concrete question concerning which claim disposition controls the present proceedings.

*2. Disclosure would alter the status quo in a manner that cannot practically be reversed.*

Once third-party discovery identifies Defendant, a later ruling narrowing the discovery order cannot restore the anonymity that existed before disclosure.

The asserted harm therefore concerns the timing and irreversibility of disclosure, not merely the fact that discovery has been authorized.

*3. A short stay does not materially prejudice Plaintiff.*

Defendant requests that potentially responsive information be preserved.

Defendant agrees that the November 13, 2026 limited-discovery deadline may be tolled for the duration of any stay.

Defendant also proposes direct disclosure of her legal name and registered-agent address promptly after the Court resolves the claim-scope question.

Plaintiff therefore retains the ability to prosecute the surviving claim.

*4. The public interest favors orderly adherence to the Court's operative dispositive rulings.*

The orderly administration of justice is served when discovery, sanctions, default, damages, and injunctive relief correspond to the claims actually pending.

A short stay permits Judge Levy to resolve that threshold issue before disclosure occurs.

X. RULE 45(a)(4) NOTICE MUST PRECEDE ANY THIRD-PARTY DOCUMENT SUBPOENA.

If the Court permits third-party discovery to proceed before resolving the present motion, Defendant alternatively requests strict compliance with Federal Rule of Civil Procedure 45(a)(4).

Rule 45(a)(4) requires that, before a subpoena commanding pretrial production of documents or electronically stored information is served upon the recipient, notice and a copy of the subpoena must first be served on every party.

Advance notice allows Defendant to review what is being sought and, if appropriate, seek timely relief before production occurs.

Rule 45 also requires the party responsible for issuing and serving a subpoena to take reasonable steps to avoid imposing undue burden or expense upon the person subject to the subpoena. Fed. R. Civ. P. 45(d)(1).

A subpoenaed person may serve objections before the earlier of the compliance date or fourteen days after service. Fed. R. Civ. P. 45(d)(2)(B).

The Court must also quash or modify certain subpoenas, including subpoenas that fail to allow a reasonable time to comply or subject a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A).

Defendant does not contend that Rule 45 creates a universal fourteen-day minimum between service and compliance.

Defendant instead requests a reasonable opportunity for judicial review before identity disclosure makes that review ineffective.

XI. THE COURT SHOULD RESOLVE THE OPERATIVE-CLAIM ISSUE BEFORE ACTING ON ECF NO. 175.

ECF No. 175 is a Report and Recommendation that, if adopted, would impose a dispositive sanction.

Defendant's objections to ECF No. 175 therefore require review under Rule 72(b) and 28 U.S.C. § 636(b)(1).

ECF No. 176, by contrast, is a nondispositive discovery order subject to Rule 72(a).

The Court can address those matters in an orderly sequence:

First, determine the operative claim established by ECF Nos. 138 and 173.

Second, review the portions of ECF No. 175 that depend upon the earlier three-claim framework.

Third, review ECF No. 176 in light of the claim that actually remains.

Fourth, permit Defendant to comply directly with the identity-disclosure requirement through the registered-agent procedure previously authorized.

That sequence avoids allowing a disputed discovery order to accomplish an irreversible disclosure before the district judge resolves the predicate dispute concerning the scope of the case.

XII. ALTERNATIVE INTERLOCUTORY REVIEW SHOULD BE PRESERVED IF THE COURT ENTERS AN ADVERSE RULING PRESENTING A CONTROLLING LEGAL QUESTION.

Defendant respectfully submits that this Court can resolve the present dispute without interlocutory appellate proceedings by harmonizing ECF Nos. 175 and 176 with ECF Nos. 138 and 173.

A. What § 1292(b) requires.

Section 1292(b) permits certification where an otherwise nonappealable order involves:

1. a controlling question of law;

2. substantial ground for difference of opinion; and

3. an immediate appeal may materially advance the ultimate termination of the litigation.

28 U.S.C. § 1292(b).

Certification is discretionary.

Section 1292(b) also does not automatically stay district-court proceedings.

B. Defendant's proposed application if an adverse ruling is entered.

If the Court enters an order holding that claims dismissed through an adopted dispositive ruling may nevertheless continue to supply the legal basis for identity discovery, prejudice, default liability, damages, or injunctive relief without first modifying the dispositive ruling, Defendant alternatively requests certification if the Court determines that the statutory criteria are satisfied.

An appropriate proposed question would be:

Whether, after the district court adopts a dispositive ruling expressly leaving a single surviving claim, later identity-discovery and default proceedings may rely upon claims dismissed by that adopted ruling to establish prejudice, necessity for identification, liability, damages, or injunctive relief without an order modifying the adopted disposition or reinstating the dismissed claims.

Defendant submits that the issue is potentially controlling because its resolution affects the permissible scope of identity discovery, the prejudice analysis underlying ECF No. 175, the scope of any default-related proceedings, and the claims upon which damages or injunctive relief may proceed.

Defendant recognizes, however, that the apparent inconsistency among orders does not itself establish every statutory requirement.

Certification is therefore requested only as alternative relief if the Court enters an adverse legal ruling and independently determines that § 1292(b) is satisfied.

If certification is granted, Defendant separately requests a stay sufficient to permit her to timely seek permission from the Sixth Circuit to appeal before identity disclosure renders appellate review ineffectual.

## XIII. DEFENDANT'S PROPOSED PATH FORWARD PROVIDES AN ORDERLY AND LESS DRASTIC RESOLUTION.

Defendant does not seek to prevent the surviving LARA-defamation claim from reaching a merits determination.

Defendant seeks clarity concerning the effect of the dismissal she already obtained.

A straightforward procedure is available:

22

1. Confirm that ECF Nos. 138 and 173 establish the sole remaining LARA-defamation claim;

2. Permit Defendant seven days, or another period directed by the Court, to provide her legal name and registered-agent postal address through the procedure authorized by ECF No. 74;

3. Permit Defendant to proceed in the action on the surviving claim while preserving properly raised objections;

4. Establish an orderly schedule governing the litigation actually remaining; and

5. Confine discovery and any later relief to claims and issues legally pending before the Court.

This procedure gives meaningful effect to Defendant's successful motion to dismiss.

It also gives Plaintiff the identity information necessary to continue the surviving case, substantially reduces the need for third-party unmasking, and provides a concrete less drastic alternative to default.

CONCLUSION

Defendant respectfully requests an immediate administrative stay because the record contains a material claim-scope conflict that should be resolved before Defendant's identity is disclosed through third-party discovery.

ECF No. 138 expressly concluded that the sole remaining claim would be Plaintiff's defamation claim based on the alleged LARA complaints.

Judge Levy adopted ECF No. 138 in ECF No. 173.

ECF Nos. 175 and 176 subsequently returned to the earlier three-claim framework and treated dismissed copyright and other theories as though they remained relevant to prejudice, identification, and future relief.

Whatever the reason for that inconsistency, its effect is material.

Defendant successfully obtained dismissal of substantial claims. Those dismissed claims should not continue independently to enlarge discovery or the prejudice and default analyses after their dismissal.

Defendant also does not seek indefinite anonymity.

Defendant respectfully requests leave to comply directly with the Court's identity-disclosure requirement by providing her legal name and a registered-agent postal address, as authorized by ECF No. 74, within seven days after the Court resolves the operative-claim issue or another period directed by the Court.

That proposal provides a concrete and less drastic path forward.

For these reasons, Defendant respectfully requests that the Court:

1. immediately stay third-party identity discovery and disclosure;

2. confirm the sole operative LARA-defamation claim established by ECF Nos. 138 and 173;

3. conform the scope of the proceedings under ECF Nos. 175 and 176 to that operative disposition;

4. defer action on the default recommendation until Defendant's objections and the claim-scope issue are resolved;

5. permit Defendant to satisfy the identity requirement through the registered-agent procedure authorized by ECF No. 74;

6. allow the remaining litigation to proceed in an orderly manner on the claim actually surviving; and

7. alternatively, preserve appropriate interlocutory appellate review if the Court enters an adverse order satisfying 28 U.S.C. § 1292(b).

Respectfully submitted,
Defendant, proceeding pro se
Sued under the disputed designation
"Danielle Robertson"
4539 N. 22nd Street
Phoenix, Arizona 85016-4639
DaniRobertson@proton.me
Dated: August 7, 2026

Dated: August 7, 2026

CERTIFICATION REGARDING LEGAL CITATIONS

Pursuant to the Court's prior orders, Defendant certifies that Defendant has personally checked each legal citation contained in this filing and that each citation is accurate and stands for the proposition for which it is cited.

CERTIFICATE OF SERVICE

I certify that on August 7, 2026, I served the foregoing filing upon all parties entitled to service through mail required by the Federal Rules of Civil Procedure and the Court's orders.

Danielle Robertson

Defendant