UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SYBRENA EVANS,

Plaintiff,

v.

DANIELLE ROBERTSON, *et al.*,

Defendants.

Case No. 24-cv-13435
Honorable Judith E. Levy
Magistrate Judge Elizabeth A. Stafford

**ORDER DENYING EMERGENCY MOTIONS TO STAY EARLY
DISCOVERY PENDING CLARIFICATION
OF THE OPERATIVE CLAIMS
(ECF NOS. 177, 178)**

The Honorable Judith E. Levy referred the case to the undersigned

for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 7.  On August

6, 2026, this Court entered a report and recommendation (R&R)

recommending default judgment against Defendant Danielle Robertson[1] as

a sanction for violating two of Judge Levy's orders for her to disclose her

---

[1] Robertson made a special appearance as a Jane Doe stating that
"Danielle Robertson" is an online alias and not her legal name.  ECF No.
28, PageID.183.  For the sake of clarity, the Court will nevertheless refer to
this individual as Robertson.

identity.  ECF No. 175.  This Court then ordered "the parties to engage in discovery limited to (1) Evans serving third-party subpoenas and using any other means permitted under the discovery rules to identify Robertson's identity, and (2) allowing Robertson to conduct discovery related to Evans's requested relief."  ECF No. 176, PageID.3966.

Robertson filed an emergency motion to stay limited discovery until the Court clarifies the remaining claims and she filed a supplemental motion asking for the same relief.  ECF No. 177; ECF No. 178.  She correctly noted that the R&R misstated that Evans has three remaining claims, while the sole remaining claim is defamation stemming from Robertson's and Williams's alleged LARA complaints.  ECF No. 138, PageID.3082; ECF No. 173.  In addition to her request for a stay, Robertson asks that discovery be limited to that relevant and proportional to the remaining claim, and that the Court require that production be made under seal and not disclosed to Evans.  ECF No. 177.  Robertson claims that a staying would "preserve the status quo."  ECF No. 177, PageID.3969.

The status quo is that Judge Levy ordered Robertson to disclose her identity and that Robertson defied those orders.  Robertson's motion to stay is in effect a request for the Court to aid her continued defiance of

2

Judge Levy's orders.  And the orders for her to disclose her identity were not dependent on the specific claims at issue.  The fact that only one claim remains does not lessen Robertson's obligation to follow Judge Levy's orders to disclose her identity.  And when the Court has ordered Robertson to disclose her identity, her challenge to the relevance and proportionality of Evans's planned third-party subpoenas is nonsensical.  Judge Levy's orders have established that Robertson's identity is relevant and proportional to the needs of the case.

Because Evans's motions to stay lack merit, they are **DENIED**.  ECF No. 177; ECF No. 178.

s/Elizabeth A. Stafford          
ELIZABETH A. STAFFORD

Dated: August 12, 2026          United States Magistrate Judge

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling**

**remains in full force and effect unless and until it is stayed by the**

**magistrate judge or a district judge."** E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 12, 2026.

s/Caitlin Shrum
CAITLIN SHRUM
Case Manager

4