UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SYBRENA EVANS,

Plaintiff,

v.

DANIELLE ROBERTSON, *et al.*,

Defendants.

Case No. 24-cv-13435
Honorable Judith E. Levy
Magistrate Judge Elizabeth A. Stafford

## AMENDED REPORT AND RECOMMENDATION TO ENTER A DEFAULT JUDGMENT AGAINST DEFENDANT

### I.      Introduction

Plaintiff Sybrena Evans, proceeding pro se, sues Defendant Danielle Robertson[1] and Jane Does 1-10, alleging that Robertson has targeted her in online postings.  ECF No. 1.  The Honorable Judith E. Levy referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 7.

---

[1] Robertson made a special appearance as a Jane Doe stating that "Danielle Robertson" is an online alias and not her legal name.  ECF No. 28, PageID.183.  For the sake of clarity, the Court will nevertheless refer to this individual as Robertson.

Evans moved for an order requiring Robertson to show cause why she should not be held in contempt and sanctioned for disobeying two of Judge Levy's orders to disclose her identity.  ECF No. 118; ECF No. 124.  The Court granted the motion and Robertson was ordered to show cause why she should not be sanctioned.  ECF No. 144.  Robertson responded that the Court should defer enforcement of Judge Levy's orders until it resolves the viability of Evans's claims.  ECF No. 150.

"The orderly and expeditious administration of justice by the courts requires that an order issued by a court with jurisdiction over the subject matter and person must be obeyed by the parties until it is reversed by orderly and proper proceedings."  *Maness v. Meyers*, 419 U.S. 449, 459 (1975) (cleaned up).  Because of this bedrock principle, Robertson should be sanctioned with a default judgment for her violations of Judge Levy's orders.

## II.    Background

Evans, a Michigan resident, alleges that Robertson engaged in a pervasive campaign of harassment and cyberbullying on her social media platforms and websites from 2022 to 2024.[2]  ECF No. 1, PageID.7-9.

---

[2] Robertson's alleged social media usernames include: "Dani Montana," "Dani Robertson," "Truth Teller Dani," "Lori Davis," "Unhinged with Bundy,"

Robertson allegedly posted YouTube videos calling Robertson "Teddy Bundy" and falsely accusing her of stalking and other crimes.  *Id.*, PageID.8, 15, 45-47, 75; ECF No. 67, PageID.654.  Evans also alleges that Robertson published deepfake pornography using Evans's likeness.  *Id.*, PageID.9, 42, 50.  In a YouTube video, Robertson allegedly discussed Evans's divorce and published documents from those proceedings, and encouraged her followers to likewise post content harassing Evans.  *Id.*, PageID.12, 74-75; ECF No. 67, PageID.667.

Posing as Evans's family member, Robertson allegedly made several fraudulent calls to local police to report concerns about Evans's mental health and animal cruelty.  ECF No. 1, PageID.10.  Officers then performed wellness checks on Evans and recorded her on bodycam.  *Id.*, PageID.10, 52.  Evans claims that Robertson obtained the bodycam footage through a Freedom of Information Act (FOIA) request and published content from the footage to YouTube and her websites.  *Id.*, PageID.10, 54; ECF No. 65, PageID.606; ECF No. 67, PageID.658.

---

"WhewChile The Ghetto," "Danie Monroe," "Public Awareness to Medical Malpractice," and "For The Basics."  ECF No. 1, PageID.4, 6, 9, 14.  Her websites include MessyDani.com and ICANTICANT.com.  *Id.*, PageID.8.  Evans contends that Robertson changed at least one of these usernames and removed content after this action was filed.  ECF No. 65, PageID.604.

Evans next alleges that Robertson conspired with an unnamed petitioner to obtain a personal protective order (PPO) against Evans, posted about a hearing on the PPO, and published the PPO on her website.  ECF No. 1, PageID.15, 38-41; ECF No. 66, PageID.644. Robertson then allegedly obtained content from the virtual PPO hearing that she published in a YouTube video.  ECF No. 1, PageID.7, 41; ECF No. 66, PageID.629.

In social media postings, Robertson allegedly accused Evans, a physician assistant, of being found guilty of medical malpractice.  ECF No. 1, PageID.8-9, 49.  Evans claims that Robertson later reported her for professional misconduct to the Michigan's Department of Licensing and Regulatory Affairs (LARA).  *Id.*, PageID.9-11; *see also* ECF No. 66, PageID.633, 639.  One of the complaints was allegedly made by the PPO petitioner in coordination with Robertson, as Robertson posted about the complaint and published a letter from LARA on YouTube and her website. ECF No. 1, PageID.11, 58-61; ECF No. 66, PageID.637, 640.

Robertson also urged her social media followers to file anonymous complaints against Evans and provided links to the required forms on the LARA website.  ECF No. 1, PageID.9-10, 49, 51, 55-56.  One alleged post states:

> Michigan complaint form: You can file anon.  There's an option to report possible drug/substance abuse, such as her alleged but apparent alcohol consumption, and a box to fill in complaints such as mental illness, etc.  [Link to LARA website].  Here's the information needed to complete the complaint: [two more links].

*Id.*, PageID.51; ECF No. 68, PageID.670.  And Evans claims that Robertson created a Change.org petition accusing Evans of unethical behavior and seeking to damage her professional reputation.  ECF No. 1, PageID.15; ECF No. 67, PageID.647.  One post promoting the petition states:

> Hey everyone, as stated, I was going to create a PSA petition for Michigan patients and people worldwide to be aware of unethical physician assistants who cyberbully, dox, and harass innocent people… Evans, PA, is currently under investigation with the Medical board.  Other officials and agencies are also being made aware of her unethical behavior…Sign the petition here.  [Link to Change.org website].

ECF No. 1, PageID.48.  The unethical behavior Robertson alleged in the petition included stalking, "doxxing,"[3] and cyberbullying.  ECF No. 68, PageID.674.  LARA informed Evans that no violations could be

---

[3] "Doxxing" is the practice of publicly disclosing a person's identifying information such as their home address or their social media username in hopes that others will likewise harass the "outed" person "(e.g., plastering their Facebook wall with hateful comments)."  *Vangheluwe v. Got News, LLC*, 365 F. Supp. 3d 850, 852, 860 (E.D. Mich. 2019).

substantiated and closed the matters.  ECF No. 1, PageID.10-11, 57; ECF No. 66, PageID.636.

Evans has her own YouTube channels, "Unwinewithteddy" and "RunTellThatToo."  ECF No. 1, PageID.12.  Robertson allegedly impersonated others to file hundreds of false copyright and privacy complaints with YouTube, claiming ownership of Evans's content.  *Id.*, PageID.12, 14, 62-68.  YouTube terminated Evans's accounts but later reinstated some videos after finding the claims invalid.  *Id.*, PageID.12, 14.  Robertson also allegedly filed multiple copyright infringement claims against Evans with the Copyright Claims Board (CCB).  *Id.*, PageID.12, 14, 69-70.

After dispositive motions, Evans's sole remaining claim is defamation stemming from Robertson's and Williams's alleged LARA complaints. ECF No. 138, PageID.3082; ECF No. 173.[4]

In September 2025, the Court considered several motions involving Robertson's positions that she should be allowed to proceed anonymously and that the action should be dismissed because Evans failed to serve her

---

[4] In the original report and recommendation (R&R) to enter a default judgment against Robertson, the Court mistakenly indicated that three of Evans's claims remained.  ECF No. 175.  Robertson pointed out that mistake in her motion to stay, ECF No. 177, prompting this amended R&R.

properly or use her legal name.  ECF No. 74, PageID.774-778, 780-781; ECF No. 75, PageID.813-823.  Finding that Robertson may not use her anonymity "simultaneously as a shield to protect her privacy and as a sword to undermine the litigation," the Court ordered alternate service on Robertson's email address and that Robertson disclose her legal name and postal address.  ECF No. 74, PageID.778, 781.  Robertson objected to the order, and Judge Levy stayed the requirement that she disclose her identity pending resolution of those objections.  ECF No. 82; ECF No. 95.

Judge Levy then overruled Robertson's objections and ordered her to disclose her legal name and postal address by December 15, 2025.  ECF No. 118, PageID.2384-2393.  Robertson did not comply and instead moved for reconsideration on December 18, 2025.  ECF No. 121.  Judge Levy struck Robertson's motion for reconsideration because it contained a factitious citation and ordered Robertson to disclose her legal name and postal address by January 5, 2026.  ECF No. 124, PageID.2636.  Again, Robertson did not comply.

## III.    Analysis

### A.

"It is settled law that federal courts have the inherent authority to punish those who violate court orders."  *Martinez v. Blue Star Farms, Inc.*,

325 F.R.D. 212, 224 (W.D. Mich. 2018) (citing *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 831 (1994)).  "The courts' inherent powers include the power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates, and, as a corollary to this proposition, to preserve themselves and their officers from the approach and insults of pollution." *Whiting v. City of Athens*, 170 F.4th 455, 462 (6th Cir. 2026) (cleaned up).  Thus, when a party refuses to submit to a lawsuit mandate set forth in an order, a court may use its inherent power to impose punishment.  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991).

Sanctions permitted under the Court's inherent authority include "'contempt citations, fines, awards of attorneys' fees, and such other orders and sanctions as [courts] find necessary, including even dismissals and default judgments.'" *Dell, Inc. v. Advicon Comput. Servs., Inc.*, No. 06-11224, 2007 WL 2021842, at *5 (E.D. Mich. July 12, 2007) (quoting *Shepherd v. Am. Broad. Cos., Inc.*, 62 F.3d 1469, 1472 (D.C. Cir. 1995)); see also *In re Sunshine Jr. Stores, Inc.*, 456 F.3d 1291, 1304-06 (11th Cir. 2006) (affirming entry of default judgment under the court's inherent because violated court orders); *Thomas, Head & Griesen Employees Trust v. Buster*, 95 F.3d 1449, 1457-59 (9th Cir. 1996) (affirming default judgment

under inherent authority when defendants violated terms of preliminary injunction and other court orders).

Default judgment is warranted when no alternate sanction would protect the integrity of the judicial process. *Bradley J. Delp Revocable Tr. v. MSJMR 2008 Irrevocable Tr.*, 665 F. App'x 514, 524 (6th Cir. 2016). The Court has a duty to "uphold the integrity and sanctity of the court's orders." *United States v. Hall*, 153 F. Supp. 661, 664 (W.D. Ky. 1957). Although entry of default judgment is a drastic measure, the district court does not abuse its discretion in entering a default judgment to punish a party for "egregious conduct and to deter other litigants who might be tempted to make a mockery of the" the judicial proceedings. *Grange Mut. Cas. Co. v. Mack*, 270 F. App'x 372, 378 (6th Cir. 2008).

Four factors guide whether a default judgment is proper:

> (1) whether the conduct at issue was the result of willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the disobedient party's conduct; (3) whether the disobedient party was warned that failure to cooperate could lead to default judgment; and (4) whether less drastic sanctions were imposed or considered before entry of default judgment.[5]

---

[5] These factors apply whether proceeding under Federal Rules of Civil Procedure 16(f), 37, 41(b), or the Court's inherent authority. *Coleman v. Am. Red Cross*, 23 F.3d 1091, 1094 n.1 (6th Cir. 1994); *Hardy v. Whitaker*, 351 F.R.D. 84, 100 n.10 (E.D. Mich. 2026).

*KCI USA, Inc. v. Healthcare Essentials, Inc.*, 801 F. App'x 928, 934 (6th Cir. 2020).  Although no one factor is dispositive, bad faith is the preeminent consideration.  *Fharmacy Records v. Nassar*, 379 F. App'x 522, 524 (6th Cir. 2010).

Applying these factors, default judgment is proper here.

**1.**

For the ***first factor***, to qualify as "bad faith, willfulness, or fault," a party's conduct "must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [her] conduct on those proceedings."  *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001) (cleaned up).  There must be "a clear record of delay or contumacious conduct" that is "perverse in resisting authority and stubbornly disobedient."  *Carpenter v. City of Flint*, 723 F.3d 700, 704-05 (6th Cir. 2013) (cleaned up).

Robertson has stubbornly disobeyed Judge Levy's orders for her to disclose her identity.  And a court order "'must be obeyed by the parties until it is reversed by orderly and proper proceedings.'"  *United States v. Hendrickson*, 822 F.3d 812, 818 (6th Cir. 2016) (quoting *United Mine Workers*, 330 U.S. at 293).  Even if an order is erroneous, the remedy is to appeal unless enforcement of the order is stayed.  *Maness*, 419 U.S. at

458.  Judge Levy twice ordered Robertson to disclose her identity, and Robertson defied both orders.  ECF No. 118; ECF No. 124.  Litigants like Robertson who "make private determinations of the law and refuse to obey an order generally risk criminal contempt even if the order is ultimately ruled incorrect."  *Maness*, 419 U.S. at 458.

True, a party may try to avoid a finding of contempt when complying with an invalid order "would necessarily result in an *irrevocable* and permanent surrender of a constitutional right."  *Kleiner v. First Nat'l Bank of Atlanta*, 751 F.2d 1193, 1208 (11th Cir. 1985) (cleaned up).  This exception has been applied when a witness refuses to testify about information implicating the Fifth Amendment privilege against self-incrimination.  *Maness*, 419 U.S. at 460-61.  Legal experts have advocated for the exception to apply when a litigant violates "ex parte injunctions restraining First Amendment speech rights," but "thus far, the exception has not extended beyond the limited confines of self-incrimination."  *In re Establishment Inspection of Hern Iron Works, Inc.*, 881 F.2d 722, 728 (9th Cir. 1989); *see also Kleiner*, 751 F.2d at 1208 ("[T]he Supreme Court emphatically rejected the suggestion that an individual may disregard a court order simply because it interfered with his exercise of First Amendment rights." (cleaned up)); *United States v. Donziger*, No. 19-CR-

11

561, 2021 WL 3141893, at *60 n.573 (S.D.N.Y. July 26, 2021) ("Other courts have expressly declined to extend *Maness* beyond its facts.").

To justify her continued defiance, Robertson repeats her argument from her October 2025 motion to dismiss that the orders to disclose her identity violate the First Amendment protections against "unmasking" anonymous online critics. ECF No. 150, PageID.3393-3398; ECF No. 77, PageID.994 (citing *In re Anonymous Online Speakers*, 661 F.3d 1168, 1173-76 (9th Cir. 2011)). Robertson is correct that "[a]n author's decision to remain anonymous is an aspect of the freedom of speech protected by the First Amendment." *Signature Mgmt. Team, LLC v. Doe*, 876 F.3d 831, 835 (6th Cir. 2017) (cleaned up). In litigation involving anonymous internet users, courts have weighed the validity of the claims and the plaintiff's need to uncover the users' identities against the First Amendment's protection of anonymous speech. *See, e.g.*, *id.* at 834; *Sony Music Ent. Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 564-65 (S.D.N.Y. 2004); *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 578-79 (N.D. Cal. 1999).

But Judge Levy's determination that Robertson must disclose her identity is the law of the case and may not be revisited absent extraordinary circumstances. *See Hayden v. Rhode Island*, 13 F. App'x 301, 302 (6th Cir. 2001) ("Under the law of the case doctrine, findings made at one point

in the litigation become the law of the case for subsequent stages of that same litigation."). "A prior ruling may only be reconsidered where: (1) substantially different evidence is raised on subsequent trial; (2) where a subsequent contrary view of the law is decided by the controlling authority; or (3) where a decision is clearly erroneous and would work a manifest injustice." *United States v. Haynes*, 468 F.3d 422, 426 (6th Cir. 2006) (cleaned up). Robertson seems to argue that Judge Levy's orders for her to disclose her identity were clearly erroneous and would work a manifest injustice, but her skeletal arguments fall short. *See* ECF No. 153, PageID.3341-3443.

And Robertson waived her First Amendment argument "by failing to assert it [i]n any of [her] previously-filed briefs" about the anonymity issue. *See Evanston Ins. Co. v. Cogswell Props., LLC*, No. 1:09-CV-996, 2010 WL 11691694, at *2 (W.D. Mich. Aug. 12, 2010). Although she made the argument in a motion to dismiss, that motion did not concern the orders to disclose her identity. Neither the Court nor Judge Levy was obligated to scour the record on Robertson's behalf to develop her arguments. *See Sutherland v. Warren*, No. 18-cv-13568, 2019 WL 13368706, at *2 (E.D. Mich. Dec. 6, 2019), *adopted*, 2020 WL 13789265 (E.D. Mich. Feb. 10, 2020) (declining to review hundreds of pages of documents that were in the

record but were not attached to the relevant motion).  As the Court has

warned the parties, "[j]udges are not like pigs, hunting for truffles that might

be buried in the record."  *Knight Cap. Partners Corp. v. Henkel AG & Co.,*

*KGaA*, 930 F.3d 775, 780 n.1 (6th Cir. 2019).

Robertson made no First Amendment argument in seeking a

protective order preventing Evans from obtaining discovery about her

identity.  ECF No. 28.  Robertson did refer to the First Amendment when

opposing Evans's motion to strike filings Robertson made under her alias,

but only in a fake quotation misattributed to *Doe v. Porter*, 370 F.3d 558,

560 (6th Cir. 2004).  ECF No. 49, PageID.469; *see also* ECF No. 74,

PageID.774.  The Court had no duty to develop Robertson's First

Amendment argument.  "[I]ssues adverted to in a perfunctory manner,

unaccompanied by some effort at developed argumentation, are deemed

waived. It is not sufficient for a party to mention a possible argument in the

most skeletal way, leaving the court to put flesh on its bones." *McPherson*

*v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) (cleaned up).  In the same

vein, issues not presented to a magistrate judge in the first instance are

waived.  *See Ward v. Cnty. of Wayne*, No. 21-cv-12742, 2024 WL

1174555, at *8-9 (E.D. Mich. Mar. 19, 2024).

Robertson also made no First Amendment argument in her objections to this Court's order for her to disclose her identity.  ECF No. 82.  In her only mention of the First Amendment, she claimed that the Court erred by declining to review evidence "before making a dispositive factual conclusion on the safety risk underlying the First Amendment inquiry."  *Id*., PageID.1145.  But Robertson neither cited authority supporting her First Amendment argument nor elaborated on how the Court misapplied that authority.  *Id*.  Thus, she again waived her First Amendment argument. *McPherson*, 125 F.3d at 996.  And "when a defendant does not raise an argument in his objections to the magistrate's report and recommendation he has forfeited" his right to raise that issue on appeal.  *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (cleaned up).

Robertson did raise the First Amendment argument in her motion for reconsideration of Judge Levy's order overruling the objections and directing Robertson to disclose her identity.  ECF No. 121, PageID.2529-2533.  But Judge Levy struck that motion because Robertson included a factitious citation in support of her First Amendment argument, despite previous sanctions and many warnings that such citations would not be tolerated.  ECF No. 124, PageID.2635-2636 (quoting ECF No. 121, PageID.2542); *see also* ECF No. 58, PageID.529; ECF No. 74,

PageID.783; ECF No. 106; ECF No. 111.  Forfeiting her First Amendment argument was a justified consequence of Robertson's reckless litigation practices.

In the order to show cause, the Court explained that Robertson must follow Judge Levy's orders even if they are later found erroneous and that Robertson had waived her First Amendment arguments.  ECF No. 144. Still, Robertson has continued to stubbornly violate the orders, relying on her private determinations about what the law requires.  Her stubborn disobedience amounts to bad faith.

**2.**

Addressing the **second factor**, Evans has been and will continue to be prejudiced by Robertson's obstinate refusal to disclose her identity. Evans's remaining claim alleges defamation.  ECF No. 138; ECF No. 173. As courts have found, the identity of an anonymous online content creator is "critical to the success of [the plaintiff's] defamation claim."  *Castro v. Doe*, No. 23-mc-80198-TSH, 2023 WL 9232964, at *5-6 (N.D. Cal. Oct. 12, 2023); *see also Jones v. Meta Platforms, Inc.*, No. 25-mc-80165-TSH, 2025 WL 2308494, at *11-12 (N.D. Cal. Aug. 11, 2025).  And the First Amendment does not protect anonymous speech that infringes on

16

copyrights, or that is tortious, defamatory, or libelous.  *Sony Music Ent. Inc.*, 326 F. Supp. 2d at 567; *Castro*, 2023 WL 9232964, at *6.

Robertson has taken pains to hide her identity.  Danielle Robertson is not her real name; she uses multiple aliases even when making complaints against Evans to the Copyright Claims Board and corresponding with YouTube.  *See* ECF No. 75, PageID.790, 817, 821.  Robertson's continued use of subterfuge in her dealings with her would impede meaningful discovery and the efficient resolution of this case.

### 3.

The remaining factors also weigh in favor of a default judgment.

The **third factor** relates to prior warnings that the disobedient party faced a default judgment.  Although an earlier warning is relevant, it is not required when there is evidence of bad faith or contumacious conduct. *Harmon v. CSX Transp., Inc.,* 110 F.3d 364, 368 (6th Cir. 1997); *Annabel v. Erichsen*, No. 15-10345, 2019 WL 2218766, at *5 (E.D. Mich. Mar. 15, 2019).  Robertson's refusal to comply with Judge Levy's orders for her to disclose her identity is contumacious.  And the Court *did* warn Robertson that she faced sanctions, including default judgment, in the March 2026 order to show cause.  ECF No. 144, PageID.3209.  That warning had no effect.

For the **fourth factor**, the Court has considered whether lesser sanctions would suffice but finds that only a default judgment would adequately uphold the integrity and sanctity of court orders. *Hall*, 153 F. Supp. at 664.  Permitting Robertson to flout orders with impunity would mock the Court.  *Grange Mut.*, 270 F. App'x at 378.

## IV.   Conclusion

The Court thus **RECOMMENDS** that a default judgment be entered against Robertson.  "Once default is entered, the defaulting party is deemed to have admitted all of the well-pleaded factual allegations in the complaint regarding liability, including jurisdictional averments." *Zinganything, LLC v. Imp. Store*, 158 F. Supp. 3d 668, 670 (N.D. Ohio 2016); *see also Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006).

Subsequent proceedings with be necessary to decide the remedies to which Evans is entitled.  In her complaint, she requests actual and punitive damages, injunctive relief, and attorney's fees and costs.  ECF No. 1, PageID.21.  An evidentiary hearing should be held to determine the amount of damages.  *See New London Tobacco Mkt., Inc. v. Kentucky Fuel Corp.*, 44 F.4th 393, 409 (6th Cir. 2022).  But because no factual issues remain in dispute, an evidentiary hearing is not needed to determine Evans's

entitlement to injunctive relief.  *Gibson Guitar Corp. v. Paul Reed Smith Guitars, LP*, 423 F.3d 539, 546 (6th Cir. 2005); *Disney Enters. v. Farmer*, 427 F. Supp. 2d 807, 814 (E.D. Tenn. 2006).

Still, Evans should be required to better outline the injunctive relief that is supported by her factual allegations and by the remaining claims for relief.  She asks to Court to prohibit Robertson "and any co-conspirators from engaging in further conspiratorial acts, including fraud, harassment, or defamatory conduct against the plaintiff of her associated entities."  ECF No. 1, PageID.21.  But only a defamation claim remains, and her requests for injunctive relief are too broadly written.  ECF No. 75, PageID.825.  Thus, Evans should be required to specify the injunctive relief to which she is entitled stemming from her existing claim.

Finally, as a pro se party, Evans has no right to recover attorney's fees.  *Kay v. Ehrler*, 900 F.2d 967, 969 (6th Cir. 1990); *Tindall v. One 1973 Ford Mustang*, 315 F. App'x 533, 534 (6th Cir. 2009).

In a separate order, this Court will grant the parties a period of discovery that will allow Evans to serve third-party subpoenas and allow Robertson to conduct discovery related to Evans's requested relief.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

19

Dated: August 12, 2026

## **NOTICE TO PARTIES ABOUT OBJECTIONS**

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 12, 2026.

s/Caitlin Shrum
CAITLIN SHRUM
Case Manager
