8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SYBRENA EVANS,

Plaintiff

V.

DANIELLE ROBERTSON, et al.,

Defendants.

Case No: 5:24-cv-13435
Hon. Judith E. Levy
Magistrate Judge Elizabeth A. Stafford

FILED
AUG 14 2026
CLERK'S OFFICE
DETROIT

**PLAINTIFF/COUNTER-DEFENDANT'S MOTION TO STAY MERITS PROCEEDINGS ON DEFENDANT'S COUNTERCLAIMS PENDING COMPLETION OF COURT-AUTHORIZED IDENTITY DISCOVERY AND FURTHER ORDER OF THE COURT (ECF NOS. 179, 176)**

Plaintiff/Counter-Defendant Sybrena Evans, proceeding pro se, respectfully moves to stay merits proceedings concerning Defendant Danielle Robertson's counterclaims in ECF No. 179 pending completion of the Court-authorized identity discovery under ECF No. 176 and further Order of the Court.

Plaintiff does not seek to stay the identity discovery authorized by ECF No. 176, any proceedings necessary to issue, serve, enforce, or resolve that discovery, or Plaintiff's right and deadline to file objections to any pending Report and Recommendation or Amended Report and Recommendation.

## I. INTRODUCTION

On August 10, 2026, Defendant, who continues to appear under the name “Danielle Robertson” while withholding her true legal identity, filed ECF No. 179, consisting of an Answer, Affirmative Defenses, Counterclaims, and a request for prospective injunctive relief.

Only four days earlier, on August 6, 2026, the Court entered ECF No. 176 authorizing Plaintiff to conduct limited third-party discovery for the purpose of identifying Defendant Danielle Robertson. That discovery follows the Court's prior Orders requiring Defendant to disclose her legal name and postal address, ECF Nos. 118 and 124, with which Defendant did not comply. Plaintiff is presently pursuing that Court-authorized discovery through subpoenas directed to third parties reasonably believed to possess records sufficient to establish Defendant's true legal name and current or last-known postal address.

The identity issue is not collateral to ECF No. 179. Defendant herself continues in ECF No. 179 to preserve objections concerning “compelled identity disclosure,” “anonymous expression,” and “identity-related matters,” while acknowledging that the Court authorized third-party identity discovery on August 6, 2026. ECF No. 179 at PageID.4003.

The Court's August 12, 2026 Amended Report and Recommendation further underscores the materiality of this unresolved issue. The Magistrate Judge found that Defendant had repeatedly disobeyed Judge Levy's orders requiring disclosure of her identity, concluded that Defendant's continued disobedience amounted to bad faith, and determined that Plaintiff “has been and will continue to be prejudiced” by Defendant's refusal to disclose her identity. ECF No. 181, PageID.4129. The Amended Report and Recommendation further recognized that Defendant's continued use of subterfuge concerning her identity would impede meaningful discovery and the efficient resolution of this action. Id. at PageID.4130.

Against that procedural background, permitting Defendant's newly asserted affirmative counterclaims to proceed while Plaintiff is still undertaking the Court-authorized process necessary to determine the identity of the person asserting those claims would compound the prejudice already recognized by the Court and risk unnecessary or duplicative proceedings.

Plaintiff therefore respectfully requests that proceedings concerning Defendant's counterclaims and requested affirmative relief in ECF No. 179 be stayed pending completion of the identity discovery authorized by ECF No. 176, determination of Defendant's true legal identity, and further Order of the Court.

## II. A STAY OF PROCEEDINGS ON DEFENDANT'S COUNTERCLAIMS IS WARRANTED UNTIL DEFENDANT'S IDENTITY IS RESOLVED

Defendant now seeks affirmative relief against Plaintiff through counterclaims while continuing to withhold the legal identity under which she is prosecuting those claims. At the same time, Defendant expressly preserves objections to compelled disclosure of that identity.

This creates an unusual procedural imbalance. Plaintiff is being required to defend against affirmative claims asserted by a counter-plaintiff whose true legal identity remains unresolved, even while Plaintiff is actively undertaking the specific third-party discovery the Court authorized to resolve that question.

A stay would permit the orderly completion of that discovery before substantial litigation proceeds on the counterclaims. It would also reduce the risk of unnecessary motion practice, duplicative pleadings, disputes concerning identification of the proper counter-plaintiff, and potential amendments after Defendant's legal identity is established.

The requested stay would not prevent Defendant from defending against Plaintiff's remaining claim. Plaintiff seeks to stay proceedings directed to Defendant's affirmative counterclaims and

requested affirmative relief asserted in ECF No. 179 until the threshold identity issue is resolved and further Order of the Court.

**III. ECF NO. 179 ITSELF DEMONSTRATES THE MATERIALITY OF THE IDENTITY ISSUE**

Defendant's counterclaims place identity directly at issue.

Defendant expressly states that her participation is not intended to waive objections concerning compelled identity disclosure, anonymous expression, or identity-related discovery and separately preserves First Amendment objections concerning disclosure of her legal identity. ECF No. 179 at PageID.4003.

Defendant further acknowledges that the Court authorized third-party identity discovery on August 6, 2026. Id. Thus, the very filing through which Defendant seeks affirmative relief recognizes that proceedings concerning her identity remain active and unresolved.

ECF No. 179 also contains allegations concerning Plaintiff's attempts to determine Defendant's identity. For example, Defendant alleges identity-related commentary and conduct as part of the factual circumstances supporting her counterclaims.

Under these circumstances, requiring Plaintiff immediately to litigate the merits of Defendant's affirmative counterclaims before completion of the Court-authorized process for determining who Defendant actually is would be inefficient and potentially prejudicial.

**IV. THE REQUESTED STAY PRESERVES THE STATUS QUO AND PROMOTES JUDICIAL ECONOMY**

Plaintiff requests that proceedings concerning Defendant's counterclaims and requested affirmative relief in ECF No. 179 be stayed pending completion of the Court-authorized identity discovery and further Order of the Court.

The duration of the requested stay should not be tied to a predetermined date because completion of the identity discovery depends upon responses from third parties and may require resolution of objections, compliance issues, or other discovery disputes. Instead, the stay should remain in effect until:

1. the limited third-party identity discovery authorized by ECF No. 176 has been completed;
2. responsive identity records have been produced and any material third-party discovery disputes necessary to complete that discovery have been resolved; and
3. Defendant's true legal identity has been established and the Court determines that proceedings concerning the counterclaims and requested affirmative relief should resume.

The requested stay would not prevent Plaintiff from continuing to issue, serve, pursue, or, where necessary, seek enforcement of the third-party identity discovery authorized by ECF No. 176. Nor does Plaintiff seek through this motion to stay her deadline or right to file objections to any pending Report and Recommendation or Amended Report and Recommendation.

A stay would preserve the status quo while allowing the already-authorized identity discovery to reach its intended result. It would also permit Plaintiff to respond to Defendant's affirmative counterclaims with knowledge of the true legal identity of the person seeking affirmative relief against her, while avoiding unnecessary motion practice, duplicative proceedings, and potential amendments resulting from continued uncertainty concerning Defendant's identity.

## V. REQUEST FOR CORRESPONDING EXTENSION OR SUSPENSION OF RESPONSIVE-PLEADING DEADLINE

Because this motion concerns whether litigation of the counterclaims should proceed before Defendant's identity is established, Plaintiff respectfully requests that the Court stay Plaintiff's deadline to answer, move against, or otherwise respond to the counterclaims in ECF No. 179 while this Motion is pending and, if granted, for the duration of the stay.

Alternatively, if the Court declines to stay the responsive-pleading deadline, Plaintiff respectfully requests an extension sufficient to permit resolution of this Motion and the Court-authorized identity discovery.

## VI. CONCLUSION

For these reasons, Plaintiff/Counter-Defendant respectfully requests that the Court:

1. stay proceedings concerning Defendant Danielle Robertson's counterclaims and requested affirmative relief in ECF No. 179 pending completion of the limited identity discovery authorized by ECF No. 176, establishment of Defendant's true legal identity, and further Order of the Court;
2. stay Plaintiff's deadline to answer, move against, or otherwise respond to those counterclaims for the duration of the stay;
3. expressly permit Plaintiff to continue issuing, serving, pursuing, and, where necessary, seeking enforcement of the subpoenas and related third-party identity discovery authorized by ECF No. 176;
4. permit proceedings necessary to resolve any objections, compliance issues, or other disputes arising from the identity discovery authorized by ECF No. 176; and
5. grant such other relief as the Court deems just and appropriate.

Respectfully submitted,

/s/ Sybrena Evans

Sybrena Evans, Pro Se

17710 Lakeview Cr. Northville, MI 48168

Dated: August 14, 2026

**CERTIFICATE OF SERVICE**

I certify that on August 14, 2026, I served this Motion by First-Class U.S. Mail, postage prepaid, upon:

Danielle Robertson

4539 N. 22nd St.

Phoenix, Arizona 85016-4639

**CERTIFICATION OF CITATIONS**

Plaintiff certifies that she has personally checked each legal citation contained in this Motion, and each citation is accurate and stands for its asserted proposition. Plaintiff has also personally checked the citations and references to the case record, including ECF docket entries and PageID references, for accuracy.

**DECLARATION OF SYBRENA EVANS IN SUPPORT OF PLAINTIFF/COUNTER-DEFENDANT'S MOTION TO STAY MERITS PROCEEDINGS ON DEFENDANT'S COUNTERCLAIMS PENDING COMPLETION OF COURT-AUTHORIZED IDENTITY DISCOVERY AND FURTHER ORDER OF THE COURT (ECF NOS. 179, 176)**

I, Sybrena Evans, declare as follows:

1. I am the Plaintiff and Counter-Defendant in this action and submit this declaration in support of my Motion to Stay Merits Proceedings on Defendant's Counterclaims.
2. Pursuant to the Court's August 6, 2026 Order, ECF No. 176, I am actively pursuing limited third-party discovery for the purpose of identifying Defendant Danielle Robertson.
3. I have prepared and am pursuing subpoenas directed to third parties reasonably believed to possess records relevant to establishing Defendant's true legal identity and current or last-known postal address.
4. That identity discovery remains ongoing, and responsive records have not yet been fully obtained.
5. I make this declaration based upon my personal knowledge and the record in this action.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 14, 2026, in Northville, Michigan.

**/s/ Sybrena Evans**

Sybrena Evans

Plaintiff/Counter-Defendant, Pro Se