UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SYBRENA EVANS,

Plaintiff

V.

DANIELLE ROBERTSON, et al.,

Defendants.

Case No: 5:24-cv-13435
Hon. Judith E. Levy
Magistrate Judge Elizabeth A. Stafford

FILED
AUG 14 2026
CLERK'S OFFICE
DETROIT

**PLAINTIFF'S MOTION TO REQUIRE DEFENDANT TO DESIGNATE AN ADDRESS FOR SERVICE OR, ALTERNATIVELY, TO AUTHORIZE SERVICE AT ALTERNATE ADDRESSES**

Plaintiff Sybrena Evans, proceeding pro se, respectfully moves for an Order requiring Defendant Danielle Robertson to designate a current physical or mailing address at which she will accept service of papers and notices in this action or, alternatively, authorizing Plaintiff to serve Defendant through the alternate physical and electronic addresses identified below.

Defendant continues to participate actively in this litigation. On August 10, 2026, Defendant filed ECF No. 179 asserting affirmative defenses, counterclaims, and requests for affirmative relief. Defendant nevertheless continues to preserve objections concerning disclosure of her legal identity and identity-related matters. ECF No. 179, PageID.4003.

The absence of a reliable designated service address creates an immediate procedural problem. Plaintiff must continue serving papers and notices arising in this action, including notices and copies of third-party subpoenas issued in connection with the Court-authorized identity discovery.

The service-address issue arises against the background of the Court's prior Orders requiring Defendant to disclose her legal name and postal address, ECF Nos. 118 and 124. The Court subsequently authorized Plaintiff to conduct limited third-party discovery to identify Defendant in ECF No. 176. Plaintiff is presently pursuing that discovery.

Plaintiff does not seek through this Motion to prejudge the results of the identity discovery or to establish that any particular alternate address is Defendant's residence. Rather, Plaintiff seeks a clear and reliable method of serving Defendant with papers and notices while Defendant continues to participate in this action and the Court-authorized identity discovery remains pending.

**I. DEFENDANT HAS DIRECTED PLAINTIFF TO A "MAILING ADDRESS OF RECORD" WITHOUT IDENTIFYING THAT ADDRESS**

On August 12, 2026, Defendant advised Plaintiff in writing that she is a "mail-service party" and directed that papers required to be served upon her be sent by mail to her "address of record." Defendant further instructed Plaintiff not to use Defendant's Proton Mail address for future service or correspondence unless otherwise authorized by the Federal Rules, Local Rules, or an Order of the Court. **See Exhibit A.**

In a separate communication that evening, Defendant again instructed Plaintiff to serve the Rule 45(a)(4) notice by an authorized method and to direct future formal service to Defendant's "mailing address of record." Defendant also requested that the Rule 45(a)(4) notice include the complete subpoena and accompanying materials. **See Exhibit A.**

Defendant's communications, however, did not identify the mailing address she contends constitutes her current "mailing address of record." On August 13, 2026, Plaintiff therefore

requested that Defendant provide the complete mailing address Plaintiff should presently use for service, specifically including service associated with the Rule 45(a)(4) notice. **See Exhibit A.**

After receiving no identification of the requested mailing address, Plaintiff sought Defendant's concurrence pursuant to E.D. Mich. LR 7.1 in an anticipated motion requesting that the Court clarify or establish the method and address for service during the Court-authorized identity discovery. **See Exhibit A.**

Thus, Defendant has affirmatively directed Plaintiff to use a “mailing address of record” for formal service while failing, in the communications concerning service, to identify the complete address to which Plaintiff should send the papers Defendant has requested be served by mail.

## II. THE RECORD IDENTIFIES ALTERNATE PHYSICAL AND ELECTRONIC CONTACT ADDRESSES

Plaintiff has identified physical and electronic addresses Defendant has used or through which Defendant has received or transmitted communications relating to this litigation. Plaintiff identifies these addresses not to establish Defendant's residence, but to provide the Court with documented alternatives should Defendant continue to decline to identify the “mailing address of record” to which she has directed Plaintiff to send formal service.

### A. Phoenix Mailing Address

Federal court correspondence has been directed to Danielle Robertson at:

Danielle Robertson

4539 N. 22nd Street

Phoenix, Arizona 85016

Plaintiff attaches the relevant federal court correspondence as **Exhibit B**. Plaintiff relies upon this correspondence only as evidence that the address has been used for mail directed to Defendant, not as proof that the address constitutes Defendant's residence.

**B. Proton Mail Address**

Defendant has directly communicated with Plaintiff concerning this litigation through:

danirobertson@proton.me

The August 12 and August 13, 2026 communications collected in **Exhibit A** demonstrate Defendant's use of this electronic address for litigation-related communications, including communications specifically addressing service and the Rule 45(a)(4) notice. Defendant has expressly stated that she does not presently consent to service by email absent authorization under the applicable rules or an Order of the Court. **Exhibit A.**

Plaintiff therefore does not contend that Defendant has voluntarily designated this address for Rule 5 electronic service. Rather, Plaintiff identifies the address as a documented electronic means through which Defendant communicates concerning this action and requests its use only if authorized by the Court.

**C. Gmail Address**

Defendant has identified and used danimontana2022@gmail.com in connection with this litigation. Defendant transmitted a Rule 11(b) Safe-Harbor Notice to Plaintiff from that address, and the Notice itself identifies DaniMontana2022@gmail.com in Defendant's signature and contact information. The Notice further contains Defendant's certificate stating that she served the document upon Plaintiff by email and first-class United States mail. **See Exhibit C.**

Plaintiff identifies this evidence not as establishing Defendant's consent to receive service by email, but as evidence of a documented electronic address used by Defendant for litigation-related communications and transmission of litigation papers.

**III. COURT CLARIFICATION IS NECESSARY TO PERMIT ORDERLY SERVICE DURING THE PENDENCY OF THIS ACTION**

Defendant has expressly requested that Plaintiff use an authorized method of service and has directed Plaintiff to a "mailing address of record." At the same time, the communications concerning service do not identify the complete mailing address Defendant presently contends Plaintiff should use.

Plaintiff is simultaneously pursuing the limited third-party identity discovery authorized by ECF No. 176 and must provide notices and copies of third-party subpoenas as required by the Federal Rules of Civil Procedure.

The resulting uncertainty places Plaintiff in the position of being instructed to serve Defendant by mail while lacking an unambiguous designation from Defendant of the complete mailing address she contends should presently be used. Court clarification would eliminate that uncertainty, facilitate compliance with applicable service requirements, and reduce unnecessary disputes concerning whether litigation papers and Rule 45 notices have been properly served.

Accordingly, Plaintiff respectfully requests that Defendant be ordered, within a period established by the Court, to designate the complete current physical or mailing address at which she will accept service of papers and notices in this action.

If Defendant fails or declines to designate such an address, Plaintiff alternatively requests authorization to serve papers and notices through one or more of the documented physical or

electronic addresses identified in Section II, to the extent such service is permitted by the Federal Rules, Local Rules, or Order of the Court.

Plaintiff does not seek through this Motion to alter any service requirement that the Court determines must be satisfied by a particular method, nor does Plaintiff seek a determination through this Motion that any particular alternate address constitutes Defendant's residence.

**IV. REQUESTED RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order:

1. requiring Defendant Danielle Robertson, within a time established by the Court, to designate the complete current physical or mailing address at which she will accept service of papers and notices in this action;
2. alternatively, if Defendant fails or declines to designate such an address, authorizing Plaintiff to serve Defendant through one or more of the alternate physical or electronic addresses identified in this Motion;
3. providing that service through a Court-authorized alternate method constitutes sufficient service for papers and notices for which that method of service is legally permissible;
4. clarifying that such authorization extends to notices and copies of third-party subpoenas required to be served upon Defendant in connection with the identity discovery authorized by ECF No. 176; and
5. granting such other relief as the Court deems just and appropriate.

Respectfully submitted,

/s/ Sybrena Evans

Sybrena Evans, Pro Se

17710 Lakeview Cr.

Northville, MI 48168

Dated: August 14, 2026

**CERTIFICATE OF SERVICE**

I certify that on August 14, 2026, I served this Motion by First-Class U.S. Mail, postage prepaid, upon:

**Danielle Robertson**

4539 N. 22nd St.

Phoenix, Arizona 85016-4639

**/s/ Sybrena Evans**

Sybrena Evans

**CERTIFICATION OF CITATIONS**

Plaintiff certifies that she has personally checked each legal citation contained in this Motion, and each citation is accurate and stands for its asserted proposition. Plaintiff has also personally checked the citations and references to the case record, including ECF docket entries and PageID references, for accuracy.

**/s/ Sybrena Evans**

Sybrena Evans

**DECLARATION OF SYBRENA EVANS**

I, Sybrena Evans, declare:

1. I am Plaintiff in this action and have personal knowledge of the facts stated in the accompanying Motion.
2. Exhibit A contains true and correct copies of the relevant August 12-13, 2026 email communications concerning service and Defendant's referenced "mailing address of record."
3. Exhibits B and C are true and correct copies of the records described in the Motion concerning the Phoenix mailing address and Defendant's use of danimontana2022@gmail.com in connection with this litigation.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 14, 2026, in Northville, Michigan.

/s/ Sybrena Evans

Sybrena Evans

**EXHIBIT A**

**DEFENDANT'S AUGUST 12-13, 2026 EMAIL CORRESPONDENCE CONCERNING SERVICE, RULE 45 NOTICE, AND "MAILING ADDRESS OF RECORD"**

Includes Defendant's objections to email service, direction to use a "mailing address of record," Plaintiff's request for identification of that address, and Plaintiff's request for concurrence.

8/14/26, 1:51 PM (12) Inbox | EvansServiceCase13435@protonmail.com | Proton Mail

**Objection to Email Service and Request for Complete Rule 45 Notice**

From D.R. <DaniRobertson@proton.me>

To evansservicecase13435@protonmail.com <EvansServiceCase13435@protonmail.com>, unwinewithteddy@gmail.com <UNWINEWITHTEDDY@GMAIL.COM>

Date Wednesday, August 12th, 2026 at 9:10 PM

Ms. Evans:

Please be advised that I do not consent to service of notices, pleadings, discovery materials, subpoena notices, or other papers by email. I have not authorized email as a method of service upon me.

I am a mail-service party. Accordingly, all papers that are required to be served upon me should be served by mail at my address of record unless the Court enters an order providing otherwise.

With respect to your purported notice under Federal Rule of Civil Procedure 45(a)(4), please serve the complete notice by an authorized method of service and include a complete copy of the subpoena and all attachments, exhibits, schedules, document requests, definitions, instructions, and other materials that are part of or accompany the subpoena.

An email stating that a subpoena is "attached" does not cure the failure to provide the complete materials required for meaningful advance notice if those materials were not actually provided to me through a valid method of service.

Please do not use this email address for future service or correspondence with me. All future service and correspondence must be sent by mail to my address of record unless otherwise authorized by the Federal Rules, the Local Rules, or an order of the Court.

Respectfully,

Defendant Robertson
*Evans v. Robertson, et al.*
Case No. 5:24-cv-13435-JEL-EAS

https://mail.proton.me/u/3/inbox/O-uU35wbNXt1mPKo39C5nkT0u7LN1alUqwzxj4hDLrT6nRD8nGsCb-61N7T-PMbKvB35VhWywjinZMNEWUUlvQ== 1/1

# Objection to Purported Email Service of Rule 45 Notice

From D.R. <DaniRobertson@proton.me>

To evansservicecase13435@protonmail.com <EvansServiceCase13435@protonmail.com>

Date Wednesday, August 12th, 2026 at 9:24 PM

I do not consent to service by email under Federal Rule of Civil Procedure 5(b)(2)(E).

I am not a registered ECF filing user, and I have not provided written consent for you to serve notices, discovery materials, subpoena notices, pleadings, motions, or other papers upon me by email.

Any prior order permitting alternative service of the summons and complaint concerned service of process in connection with the commencement of this action. It did not constitute my written consent to ongoing service by email under Rule 5, nor does it authorize you to treat this email address as my address for service of later papers unless the Court has specifically ordered otherwise.

Accordingly, your email does not constitute my consent to electronic service of the purported Rule 45(a)(4) notice.

Please serve the Rule 45(a)(4) notice upon me by an authorized method of service. The service must include the complete copy of the subpoena required by Rule 45(a)(4), including all pages, attachments, schedules, exhibits, document requests, definitions, instructions, and other materials incorporated into or accompanying the subpoena.

Please direct future formal service to my mailing address of record unless the Federal Rules or a specific order of the Court authorizes another method.

Nothing in this communication waives any objection concerning service of process, personal jurisdiction, the sufficiency or completion of prior service, the subpoena, the requested discovery, or any other procedural or substantive defense.

Defendant Robertson
*Evans v. Robertson, et al.*
Case No. 5:24-cv-13435-JEL-EAS

## Re: Objection to Purported Email Service of Rule 45 Notice

From evansservicecase13435@protonmail.com <EvansServiceCase13435@protonmail.com>

To D.R. <DaniRobertson@proton.me>

Date Thursday, August 13th, 2026 at 8:12 AM

Defendant Robertson:

In your August 12, 2026 communication, you stated: "Please serve the Rule 45(a)(4) notice upon me by an authorized method of service." You further directed Plaintiff to send future formal service to your "mailing address of record."

Your communication does not identify the mailing address to which you are directing Plaintiff to send formal service.

To avoid any ambiguity concerning your instruction and to permit Plaintiff to comply with your stated service direction, please provide the complete mailing address that you contend Plaintiff should presently use to serve you with papers in this action, including the Rule 45(a)(4) notice referenced in your communication.

This request is made solely to clarify the service instruction contained in your August 12, 2026 communication.

Respectfully submitted,

Sybrena Evans
Plaintiff, Pro Se
*Evans v. Robertson, et al.*
Case No. 5:24-cv-13435-JEL-EAS

Sent with Proton Mail secure email.

## Re: Objection to Purported Email Service of Rule 45 Notice

From evansservicecase13435@protonmail.com <EvansServiceCase13435@protonmail.com>

To D.R. <DaniRobertson@proton.me>

Date Thursday, August 13th, 2026 at 1:42 PM

Defendant Robertson:

Pursuant to E.D. Mich. LR 7.1, Plaintiff seeks your concurrence in an anticipated motion requesting that the Court clarify or establish the method and address for service upon you during the Court-authorized identity discovery process.

This follows Plaintiff's earlier request today that you identify the complete mailing address you contend should be used for service, to which Plaintiff has not received a response.

Please advise whether you concur in the requested relief.

Respectfully submitted,
Sybrena Evans
Plaintiff, Pro Se
*Evans v. Robertson, et al.*
Case No. 5:24-cv-13435-JEL-EAS

Sent with Proton Mail secure email.

**EXHIBIT B**

**FEDERAL COURT CORRESPONDENCE IDENTIFYING DANIELLE ROBERTSON AT 4539 N. 22ND STREET, PHOENIX, ARIZONA 85016**

United States Court of Appeals for the Sixth Circuit correspondence.



**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

Kelly L. Stephens
Clerk

100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed: May 15, 2026

Ms. Danielle Robertson
4539 N. 22nd Street
Phoenix, AZ 85016

Re: Case No. 26-1380
*Kimberly Smith v. Danielle Robertson*
Originating Case No. 2:24-cv-12213

Dear Ms. Robertson,

**EXHIBIT C**

**DEFENDANT'S IDENTIFICATION AND USE OF DANIMONTANA2022@GMAIL.COM IN LITIGATION-RELATED SERVICE**

Rule 11(b) Safe-Harbor Notice transmitted from danimontana2022@gmail.com, identifying the same electronic address in Defendant's signature/contact information and reflecting Defendant's use of email for service of litigation papers.

Service of Rule 11(b) Safe-Harbor Notice — Evans et al. v. Robertson, Case No. 5:24-cv-13435 Inbox ×

Convert to PDF

**DANIELLE ROBERTSON** <danimontana2022@gmail.com>

to me

Jan 19, 2026, 8:52PM

Ms. Evans,

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SYBRENA EVANS ET AL., | Case No.24-cv-13435 |
| Plaintiffs, | Honorable Judith E. Levy |
| vs. | Magistrate Judge Elizabeth A. Stafford |
| DANIELLE ROBERTSON ET AL., | **RULE 11(b) SAFE-HARBOR NOTICE** |
| Defendants, | |

**RULE 11(b) SAFE-HARBOR NOTICE**

(Submitted Under Special Appearance Without Waiving Jurisdictional Objections)

**V. RESERVATION OF RIGHTS**

Nothing in this Notice constitutes a waiver of jurisdictional objections, anonymity rights, First Amendment protections, or any defenses under Rule 12 or otherwise. All rights are expressly reserved.

Respectfully submitted,
/s/ Jane Doe
Jane Doe, Pro Se Defendant
30 N. Gould St.
Sheridan, WY 82801
DaniMontana2022@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, January 19, 2025, I served the foregoing document upon the Plaintiff, Sybrena Evans, via email and first-class United States mail, postage prepaid, to the following address: Sybrena Evans 17710 Lakeview Cr. Northville, MI 48168