17

FILED
AUG 18 2026
CLERK'S OFFICE
DETROIT

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**SYBRENA EVANS,**
Plaintiff/Counter-Defendant,

v.

**DANIELLE ROBERTSON, et al.,**
Defendants.

Case No. 5:24-cv-13435-JEL-EAS
Hon. Judith E. Levy
Mag. Judge Elizabeth A. Stafford

## DEFENDANT/COUNTER-PLAINTIFF'S CONSOLIDATED RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTIONS AT ECF NOS. 182 AND 183

Defendant/Counter-Plaintiff Josephine Kennedy, the individual sued under the designation "Danielle Robertson," respectfully submits this consolidated response in opposition to Plaintiff's Motion to Stay Merits Proceedings on Defendant's Counterclaims, ECF No. 182, and Plaintiff's Motion to Require Defendant to Designate an Address for Service or Alternatively Authorize Alternate Service, ECF No. 183.

Both motions were filed on August 14, 2026. Both principally rest upon circumstances that have since materially changed.

Defendant has now disclosed her legal identity, designated a complete registered-agent postal address for this action pursuant to the privacy accommodation expressly authorized by ECF No. 74, answered Plaintiff's sole remaining claim, and asserted affirmative defenses and counterclaims.

Plaintiff therefore now possesses both the legal identity of the Counter-Plaintiff and a complete postal address at which papers may be served.

Moreover, Plaintiff was not without a usable mailing address when she filed ECF Nos. 182 and 183. The Phoenix mailing location had appeared previously in Defendant's filings, and Plaintiff's own motions demonstrate that Plaintiff knew and used that location. ECF No. 183 expressly

identifies 4539 N. 22nd Street, Phoenix, Arizona 85016, and Plaintiff's Certificates of Service for both ECF Nos. 182 and 183 state that she mailed those motions to that Phoenix address.

Defendant respectfully submits that ECF Nos. 182 and 183 should therefore be denied as moot or unnecessary or, alternatively, denied on their merits.

Defendant seeks to move this action forward through the ordinary merits process while preserving all constitutional, statutory, jurisdictional, service, appellate, Rule 72, and other objections and defenses previously asserted.

## BRIEF IN SUPPORT OF CONSOLIDATED RESPONSE

### STATEMENT OF ISSUES PRESENTED

1. Whether ECF No. 182 should be denied where Plaintiff requested a stay of Defendant's counterclaims until Defendant's legal identity was established, and Defendant has now directly disclosed that legal identity.

2. Whether ECF No. 183 should be denied where Plaintiff already possessed and actually used Defendant's Phoenix mailing location, and Defendant has now formally designated the complete registered-agent address at that same location pursuant to ECF No. 74.

3. Whether Plaintiff's limited discovery under ECF No. 176, which was authorized for the stated purpose of identifying Defendant, provides a continuing basis to stay Defendant's counterclaims after Defendant has directly supplied the identity sought.

4. Whether ECF No. 183 was preceded by the meaningful and timely concurrence process contemplated by E.D. Mich. LR 7.1(a), where Plaintiff sought concurrence on August 13 and filed the Motion the following day.

5. Whether alternate electronic service is necessary where a complete mailing address is available and Rule 5 already provides reciprocal service procedures.

**CONTROLLING OR MOST APPROPRIATE AUTHORITIES**

Fed. R. Civ. P. 5(a)(1)(C), 5(b)(2)(C), 5(b)(2)(E).

Fed. R. Civ. P. 26(b)(1).

E.D. Mich. LR 7.1(a), (i).

E.D. Mich. LR 72.2.

ECF No. 74, PageID.776–778, 784.

ECF No. 176, PageID.3966.

## I. THE CENTRAL FACTUAL PREMISES OF BOTH MOTIONS HAVE BEEN RESOLVED BY DEFENDANT'S INTERVENING COMPLIANCE

Plaintiff filed ECF Nos. 182 and 183 on August 14, 2026.

ECF No. 182 requests that proceedings on Defendant's counterclaims be stayed principally because Plaintiff asserted that Defendant's legal identity remained unresolved. Plaintiff requested that the stay continue until, among other things, Defendant's "true legal identity has been established." ECF No. 182, PageID.4138–4139.

ECF No. 183 separately requests that Defendant be required to designate a complete current physical or mailing address for service and seeks alternate physical or electronic service if Defendant fails or declines to do so. ECF No. 183, PageID.4146–4147.

Both asserted circumstances have now been resolved.

Defendant filed a Notice of Compliance With ECF No. 74 and Preservation of Objections disclosing her legal identity and formally designating the following postal address for this action:

**c/o Registered Agents Inc.**

**4539 N. 22nd St., Ste. R**

**Phoenix, Arizona 85016**

That designation uses the precise privacy accommodation previously authorized by the Court.

ECF No. 74 expressly stated:

> "Even if Robertson discloses her legal name, she may retain a registered agent to accept delivery of legal documents to protect her physical location from disclosure."

ECF No. 74, PageID.777.

The Court then ordered disclosure of Defendant's legal name and postal address while expressly providing that, "for privacy purposes, Robertson may retain a registered agent and use that address." Id., PageID.778. The operative summary likewise provides that Defendant's postal address "may be the address of a registered agent." Id., PageID.784.

Defendant has now done precisely what ECF No. 74 permitted.

Accordingly, there is no longer either an unidentified Counter-Plaintiff whose legal name must be discovered before her counterclaims may proceed or an absence of a designated mailing address requiring the creation of an alternate-service regime.

## II. ECF NO. 182 SHOULD BE DENIED BECAUSE THE IDENTITY-BASED BASIS FOR STAYING DEFENDANT'S COUNTERCLAIMS NO LONGER EXISTS

ECF No. 182 repeatedly describes Defendant's legal identity as unresolved and relies upon that premise as the reason Plaintiff should not yet be required to litigate Defendant's counterclaims.

Plaintiff states that she would otherwise be required to defend affirmative claims brought by a Counter-Plaintiff "whose true legal identity remains unresolved." ECF No. 182, PageID.4136.

Plaintiff consequently asks that the counterclaims remain stayed until:

1. Plaintiff's third-party identity discovery has been completed;

2. responsive identity records have been produced; and

3. Defendant's "true legal identity has been established."

Id., PageID.4138.

The third and central condition has now occurred directly.

Defendant has disclosed her legal identity.

There is therefore no longer an unidentified person whose identity must first be established before Plaintiff may answer, move against, or otherwise respond to the counterclaims.

The actual language of ECF No. 176 reinforces the point. As to Plaintiff, the Court authorized:

> "Evans serving third-party subpoenas and using any other means permitted under the discovery rules to identify Robertson's identity."

ECF No. 176, PageID.3966.

Thus, Plaintiff's discovery was limited to a stated identification purpose. The identity that Plaintiff sought to establish through that discovery has now been directly supplied by Defendant.

Completion of every contemplated third-party subpoena should not become an independent prerequisite to litigation merely because third-party discovery was one authorized mechanism for obtaining an identity that is no longer unknown.

Defendant respectfully submits that doing so would elevate the discovery mechanism over the result the discovery was authorized to obtain.

Plaintiff also relies upon ECF No. 181's statements concerning continuing prejudice arising from Defendant's then-ongoing failure to disclose her identity. See ECF No. 182, PageID.4135.

Defendant will address ECF No. 181 separately through timely objections and does not ask the Court to adjudicate the dispositive issues raised by that recommendation through this response.

For present purposes, however, the factual posture has changed. Defendant has disclosed her legal identity, answered Plaintiff's surviving claim, and asserted affirmative defenses and counterclaims.

Plaintiff can now identify the Counter-Plaintiff against whom she is defending.

Staying Defendant's affirmative claims based upon an identity issue that has now been resolved would no longer serve the judicial-economy rationale asserted in ECF No. 182.

If any stay concerning the disputed third-party discovery is appropriate while Defendant's Rule 72 objections are reviewed, that issue concerns the discovery itself—not whether Defendant may litigate counterclaims under her now-disclosed legal identity.

Consistent with E.D. Mich. LR 7.1(i), Defendant does not combine a counter-motion for such relief with this response. Any request to stay third-party discovery pending resolution of Defendant's objections will be presented separately.

## III. ECF NO. 183 SHOULD BE DENIED BECAUSE PLAINTIFF ALREADY POSSESSED AND USED DEFENDANT'S PHOENIX MAILING LOCATION AND DEFENDANT HAS NOW FORMALLY DESIGNATED THE COMPLETE REGISTERED-AGENT ADDRESS

ECF No. 183 characterizes the issue as the absence of a reliable mailing address for Defendant.

Plaintiff's own Motion shows otherwise.

Plaintiff expressly identifies the following Phoenix mailing location in Section II.A:

Danielle Robertson

4539 N. 22nd Street

Phoenix, Arizona 85016

ECF No. 183, PageID.4144.

Plaintiff also attaches federal-court correspondence directed to Defendant at that same location. Id., PageID.4154.

More importantly, Plaintiff actually used the Phoenix location to serve the very motions presently before the Court.

The Certificate of Service attached to ECF No. 182 states that Plaintiff served the Motion by First-Class U.S. Mail upon Defendant at 4539 N. 22nd St., Phoenix, Arizona 85016-4639. ECF No. 182, PageID.4140.

The Certificate of Service attached to ECF No. 183 states the same. ECF No. 183, PageID.4148.

Thus, Plaintiff was not without an address at which she could mail litigation papers.

Defendant had also previously used the same Phoenix address in filings in this action. See, e.g., ECF No. 135, PageID.3023.

Defendant's August 12 communication therefore directed Plaintiff to use the "mailing address of record." ECF No. 183, PageID.4150–4151.

The fact that Defendant did not retype the complete address inside that particular email does not establish that no mailing address existed, particularly where Plaintiff's own filing demonstrates that she already possessed and actually used the Phoenix address.

Any possible ambiguity has now been eliminated.

Defendant has formally designated:

**c/o Registered Agents Inc.**

**4539 N. 22nd St., Ste. R**

**Phoenix, Arizona 85016**

The present designation does not introduce an unrelated or newly created mailing location. It formalizes the same underlying 4539 N. 22nd Street Phoenix location already appearing in the record and already used by Plaintiff, while adding the registered-agent and suite designation identifying Defendant's current service recipient.

ECF No. 74 expressly authorized Defendant, as an individual party, to utilize a registered agent for that purpose.

Accordingly, the primary relief requested in ECF No. 183 has already been accomplished, and there is no present need to authorize substitute electronic service or require disclosure of a residential address.

## IV. A SERVICE ADDRESS DOES NOT REQUIRE DISCLOSURE OF DEFENDANT'S RESIDENTIAL OR PHYSICAL LOCATION

ECF No. 183 asks for a "physical or mailing address." Defendant has supplied a complete mailing address.

That is sufficient to resolve the service concern raised by Plaintiff.

ECF No. 74 expressly distinguished between legal identification and unnecessary disclosure of Defendant's physical location. The Court permitted use of a registered agent specifically "to protect her physical location from disclosure." ECF No. 74, PageID.777.

The registered-agent accommodation was adopted against the backdrop of the Court's express recognition of Defendant's privacy concerns. In ECF No. 74, the Court observed that "Evans's

many videos evince an unusual fixation on Robertson and the dispute." ECF No. 74, PageID.776. Although the Court ultimately required disclosure of Defendant's legal name, it separately recognized Defendant's privacy concerns and specifically permitted her to use a registered agent to accept legal documents while protecting her physical location from disclosure. Id., PageID.777–778. Thus, Defendant's present use of the registered-agent address is not an attempt to avoid service or withhold an address from Plaintiff; it is the precise privacy mechanism the Court authorized after considering the parties' history and Defendant's concerns regarding disclosure of her physical location.

Plaintiff therefore does not need Defendant's residence merely to accomplish service.

Likewise, Plaintiff describes her ongoing third-party discovery in ECF No. 182 as seeking records sufficient to establish Defendant's "true legal name and current or last-known postal address." ECF No. 182, PageID.4135.

But ECF No. 176 itself authorized Plaintiff's limited discovery "to identify Robertson's identity." ECF No. 176, PageID.3966.

Defendant has now directly supplied that identity and has supplied a complete Court-authorized registered-agent mailing address.

To the extent any future discovery seeks additional residential, physical-location, or other identifying information, its relevance and proportionality should be evaluated separately under the Federal Rules and the operative scope of the case rather than presumed necessary merely to accomplish service.

Defendant's contemporaneous Rule 72(a) objections to ECF No. 176 separately address the proper continuing scope of that discovery.

## V. PLAINTIFF DID NOT PROVIDE A MEANINGFUL PERIOD FOR THE CONCURRENCE PROCESS BEFORE FILING ECF NO. 183

Defendant also respectfully raises the timing of Plaintiff's concurrence efforts.

E.D. Mich. LR 7.1(a)(1) requires the movant to confer in good faith in a manner allowing an interactive process aimed at resolving the matter or narrowing those aspects that can be resolved without Court intervention.

The Rule further provides:

> "The conference must be held sufficiently in advance of filing the motion to allow a good faith interactive exchange aimed at resolving the matter."

E.D. Mich. LR 7.1(a)(1).

Judge Levy's Motion Practice Guidelines similarly require a "meaningful and timely conference" to explain the relief sought, seek concurrence, and narrow the issues.

The chronology in Plaintiff's own Exhibit A is short.

Defendant sent her service-related communications on August 12, 2026 and directed Plaintiff to the mailing address of record.

Plaintiff sent an email on August 13 requesting that Defendant identify the complete address. ECF No. 183, PageID.4152.

Plaintiff then sent the LR 7.1 concurrence request at approximately 1:42 p.m. on August 13. Id., PageID.4153.

ECF No. 183 was filed the following day, August 14.

Defendant does not contend that LR 7.1 imposes a fixed forty-eight-hour or seventy-two-hour waiting period. It does not.

The issue is instead whether the concurrence process occurred "sufficiently in advance" to permit a meaningful, good-faith interactive exchange.

Here, less than one business day elapsed between Plaintiff's concurrence request and the filing of ECF No. 183.

The issue was not an emergency.

And additional communication could have clarified what Plaintiff's own Motion already demonstrated: the Phoenix mailing location existed, Plaintiff possessed it, and Plaintiff was already using it for service.

Defendant respectfully submits that the limited concurrence period further supports resolving ECF No. 183 without imposing additional service requirements.

ECF No. 182 presents a related procedural issue. The Motion, as filed, does not appear to contain the concurrence statement required by LR 7.1(a)(2), nor does it identify a conference, reasonable and timely efforts to conduct one, or an emergent basis for dispensing with concurrence.

Defendant does not request sanctions. She respectfully asks only that the Court consider these circumstances in determining whether the requested relief was necessary.

## VI. RULE 5 ALREADY PROVIDES A RELIABLE AND RECIPROCAL METHOD FOR SERVICE BY MAIL

There is no need to create a one-sided alternate-service regime.

Federal Rule of Civil Procedure 5(a)(1)(C) requires service of discovery papers that must be served on a party.

Rule 5(b)(2)(C) permits a paper to be served by:

"mailing it to the person's last known address—in which event service is complete upon mailing."

Plaintiff has a complete mailing address for Defendant.

Defendant likewise has Plaintiff's docket mailing address:

**Sybrena Evans**

**17710 Lakeview Cr.**

**Northville, MI 48168**

Indeed, Plaintiff lists that address in both ECF Nos. 182 and 183.

Accordingly, the parties can reciprocally serve Rule 5 papers by mail at their respective addresses of record.

This is especially important as the case proceeds into the limited merits discovery concerning Plaintiff's surviving LARA-based defamation claim. Defendant should be able to serve properly authorized interrogatories, requests, notices, and other Rule 5 papers by mailing them to Plaintiff's address of record without creating a separate dispute over whether Plaintiff physically signed for or personally accepted a tracked mailing.

Under Rule 5(b)(2)(C), service by mail is complete upon mailing.

To avoid future disputes, Defendant intends to use Rule 5-compliant U.S. Mail to Plaintiff's address of record. Any certified-mail, FedEx, or other tracked copy may be used as supplementary delivery documentation where appropriate, but Defendant does not rely upon a recipient's signature as a prerequisite to service where Rule 5 provides otherwise.

If a future dispute arises concerning a particular delivery, Defendant can preserve and present the relevant postal or carrier records at that time.

## VII. ALTERNATE ELECTRONIC SERVICE IS UNNECESSARY; ANY ELECTRONIC-SERVICE PROTOCOL SHOULD BE RECIPROCAL AND LIMITED TO LEGITIMATE CASE-RELATED COMMUNICATIONS

Plaintiff alternatively requests authorization to serve Defendant through electronic addresses.

That relief is unnecessary because Defendant has a complete mailing address.

Plaintiff's own exhibits also demonstrate that Defendant has never consented generally to Rule 5 service by email.

Defendant's August 12 communication expressly stated:

> "I do not consent to service by email under Federal Rule of Civil Procedure 5(b)(2)(E)."

ECF No. 183, PageID.4151.

That communication further requested service by an authorized method and directed formal service to Defendant's mailing address of record.

Rule 5(b)(2)(E) permits service by other electronic means outside the Court's electronic-filing system when the person to be served has consented in writing.

Defendant has not supplied such general consent.

Defendant does not object to email communications that are actually necessary under the Federal Rules, Local Rules, or an Order of the Court, including a proper request for concurrence under LR 7.1.

But Defendant does not consent to unrestricted direct electronic contact.

If the Court nevertheless determines that an electronic-service protocol would assist the two pro se parties, Defendant respectfully requests that any such protocol be:

1. reciprocal;

2. limited to formal service and necessary case-related communications;

3. not construed as authorization for personal, repetitive, extraneous, or non-litigation communications; and

4. without prejudice to either party's ability to use Rule 5-compliant service by mail.

That limited approach would facilitate litigation without converting an email address into an unrestricted channel for direct contact.

## VIII. DEFENDANT'S COUNTERCLAIMS SHOULD NOT BE STAYED WHILE THE IDENTITY ISSUE HAS ALREADY BEEN RESOLVED

The relief requested in ECF No. 182 would create a one-sided procedural result: Defendant could continue defending Plaintiff's claim, but her own affirmative claims would be frozen until Plaintiff completed third-party discovery whose principal stated identification purpose has now been fulfilled.

That result is no longer justified by the facts relied upon in the Motion.

Defendant is now legally identified.

Plaintiff has a service address.

Defendant has filed an Answer, affirmative defenses, and counterclaims.

Plaintiff can therefore respond to those counterclaims in the ordinary course.

Defendant respectfully seeks adjudication on the merits rather than continued threshold litigation concerning an identity and service address that have now been supplied.

The question whether third-party discovery itself should be stayed while Defendant's objections to ECF No. 176 are resolved is distinct from whether Defendant's counterclaims should be stayed.

Defendant does not ask the Court to decide that separate stay request through this response.

Pursuant to LR 7.1(i), any affirmative motion to stay the disputed third-party discovery will be presented separately.

## IX. RESERVATION OF RIGHTS

Defendant's compliance, designation of a registered-agent address, and participation in this response do not waive or abandon any preserved constitutional, First Amendment, Petition Clause, statutory-immunity, jurisdictional, service, appellate, Rule 72, or other objections or defenses.

Defendant expressly preserves those matters for the proceedings in which they are properly presented.

Nothing in this response concedes the correctness, scope, or finality of any separate determination concerning waiver or forfeiture of Defendant's constitutional objections.

## REQUESTED RELIEF

WHEREFORE, Defendant/Counter-Plaintiff respectfully requests that the Court:

1. DENY ECF No. 182 as moot or, alternatively, deny it on the merits, because Defendant has now disclosed her legal identity and the stated basis for staying the counterclaims has been resolved;
2. DENY ECF No. 183 as moot or unnecessary, because Defendant has designated a complete mailing address for service consistent with ECF No. 74;
3. DECLINE to authorize alternate electronic service absent a separate showing that such relief is necessary; and
4. GRANT such other relief as the Court deems just and appropriate.

Respectfully submitted,

Josephine Kennedy

Defendant/Counter-Plaintiff, Pro Se

Individual sued under the designation "Danielle Robertson"

**Postal Address for This Action Only:**
c/o Registered Agents Inc.

4539 N. 22nd St., Ste. R

Phoenix, Arizona 85016

Email: DaniRobertson@proton.me

Dated: August 18, 2026

## CERTIFICATION REGARDING LEGAL CITATIONS

Pursuant to ECF No. 74, PageID.783–784, I certify that I have personally checked each legal citation contained in this filing and that each citation is accurate and stands for the proposition for which it is cited.

## CERTIFICATE OF SERVICE

I certify that on August 18, 2026, I served a true and correct copy of the foregoing **Defendant/Counter-Plaintiff's Consolidated Response in Opposition to Plaintiff's Motions at ECF Nos. 182 and 183** upon Plaintiff Sybrena Evans by First-Class U.S. Mail, postage prepaid, at the address listed by Plaintiff on the Court's docket:

Sybrena Evans

17710 Lakeview Cr.

Northville, MI 48168

Dated: August 18, 2026