FILED
AUG 18 2026
CLERK'S OFFICE
DETROIT

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| **SYBRENA EVANS,**<br>Plaintiff/Counter-Defendant,<br><br>v.<br><br>**DANIELLE ROBERTSON, et al.,**<br>Defendants. | **Case No. 5:24-cv-13435-JEL-EAS**<br>Hon. Judith E. Levy<br>Mag. Judge Elizabeth A. Stafford |

**DEFENDANT'S LIMITED OBJECTIONS TO ECF NO. 176 UNDER FED. R. CIV. P. 72(a)**

Defendant/Counter-Plaintiff respectfully submits these limited objections to ECF No. 176 under Fed. R. Civ. P. 72(a).

The principal issue is the operative scope of Plaintiff's remaining case and the effect of that scope upon the limited discovery authorized by ECF No. 176.

Before ECF No. 176 was entered, ECF No. 138 had already substantially narrowed Plaintiff's action, and Judge Levy subsequently adopted that disposition in ECF No. 173. ECF No. 138 ultimately concluded that "[t]he sole remaining claim would be Evans's defamation claim based on Robertson's and Williams's alleged LARA complaints." ECF No. 138, PageID.3082.

ECF No. 176 nevertheless described three categories of claims as remaining when discussing Plaintiff's potential damages and injunctive relief: copyright infringement, broader defamation theories, and cyberbullying or harassment. ECF No. 176, PageID.3965.

The Magistrate Judge has since expressly acknowledged that the earlier three-claim description was mistaken. ECF No. 181, PageID.4119 n.4. Defendant appreciates that correction. ECF No. 176, however, remains operative and continues to contain the same outdated three-claim description. Defendant therefore respectfully requests corresponding modification of ECF No. 176 so that the governing discovery order conforms to the disposition established by ECF Nos. 138 and 173.

That correction materially narrows the limited discovery authorized by ECF No. 176. The Order established a limited discovery period in which Plaintiff was permitted discovery for the stated purpose of identifying Defendant, while Defendant was permitted "discovery related to Evans's requested relief." ECF No. 176, PageID.3966. Plaintiff's sole remaining affirmative claim has now been clarified as the defamation claim based on Robertson's and Williams's alleged 2024 LARA complaints. Defendant therefore does not seek discovery concerning Plaintiff's dismissed claims. Defendant respectfully submits that the limited discovery concerning Evans's requested relief should now be confined to matters relevant and proportional to that single surviving LARA-based defamation claim.

Defendant has now complied with the Court's legal-name disclosure directive, has answered Plaintiff's remaining claim, and has asserted affirmative defenses and counterclaims. Defendant respectfully seeks to move this action forward through the ordinary merits process under the correct operative claim scope.

## I. STANDARD OF REVIEW AND GOVERNING DISCOVERY RULES

Federal Rule of Civil Procedure 72(a) permits a party to object to a magistrate judge's nondispositive pretrial order within fourteen days after service. The District Judge must consider timely objections and modify or set aside any portion that is clearly erroneous or contrary to law.

Rule 26 separately governs the scope and extent of discovery. Under Rule 26(b)(1), discovery must be relevant to a party's claim or defense and proportional to the needs of the case. Rule 26(b)(2)(C) further requires limitation of otherwise authorized discovery when it becomes unreasonably cumulative or duplicative, can be obtained from a more convenient or less burdensome source, or falls outside Rule 26(b)(1).

The Supreme Court has likewise recognized that discovery directed only to claims or defenses that have been eliminated may properly be denied unless the information remains independently relevant to a live issue. Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 352 (1978).

## II. RELEVANT CLAIM-SCOPE BACKGROUND

ECF No. 138 precisely identifies what remained after Defendant's later motions to dismiss.

The R&R first addressed Plaintiff's allegations concerning the alleged LARA communications. In doing so, the Court expressly recognized:

> "The exact substance of the LARA complaints is unknown, as Evans lacks access to the communications."

ECF No. 138, PageID.3074.

The Court then explained that Plaintiff's allegations concerning an earlier complaint and the alleged later regulatory complaints "support an inference that Robertson and Williams accused Evans of malpractice." Id.

Thus, at the pleading stage, the R&R treated the alleged content of the 2024 LARA communications as an inference rather than an established fact. The R&R expressly recognized that the actual substance of those communications was unknown. ECF No. 138, PageID.3074.

After addressing qualified privilege and the allegations concerning actual malice, the Court identified the claim that survived:

> "Thus, Evans has stated a plausible defamation claim based on Robertson's and Williams's 2024 LARA complaints."

ECF No. 138, PageID.3077.

The R&R's Conclusion then stated the operative disposition in unmistakable terms:

"The sole remaining claim would be Evans's defamation claim based on Robertson's and Williams's alleged LARA complaints."

ECF No. 138, PageID.3082.

Judge Levy subsequently adopted ECF No. 138. The Court stated that it had "carefully reviewed the R&R and concurs in the reasoning and result," ECF No. 173, PageID.3932, and expressly ordered that "[t]he R&R (ECF No. 138) is ADOPTED." Id., PageID.3933.

The significance of that disposition is not merely that the number of claims changed from three to one. The substantive scope of Plaintiff's case changed.

ECF No. 138 did not leave the copyright claim, the older and time-barred defamation theories, the police/wellness-check and body-camera theories, the divorce/cyberbullying theory, or the challenged social-media statements as independent surviving claims. The remaining Plaintiff-side claim is the specific defamation claim arising from Robertson's and Williams's alleged 2024 LARA complaints. ECF No. 138, PageID.3077, 3082.

ECF No. 176, entered afterward, nevertheless used the earlier three-claim description at PageID.3965 immediately before establishing the limited discovery period at PageID.3966.

The Court has since expressly acknowledged that the earlier three-claim description was mistaken. Defendant respectfully asks only that the operative discovery order now be made consistent with the corrected record.

The nature of the sole surviving claim also makes the remaining merits discovery unusually focused. ECF No. 138 expressly recognized that "[t]he exact substance of the LARA complaints is unknown, as Evans lacks access to the communications." ECF No. 138, PageID.3074. Those alleged communications arose within LARA's professional-licensing complaint process rather than through ordinary public internet postings. Michigan law provides that information obtained in an

investigation before an administrative complaint is issued is confidential, subject to statutory exceptions. Mich. Comp. Laws § 333.16238. LARA likewise states that "[t]he name of the person filing the allegation will be kept confidential unless he or she is required to testify at a hearing." Michigan Dep't of Licensing & Regulatory Affairs, Bureau of Professional Licensing, *What Information Is Required to File a Complaint?* (last visited Aug. 18, 2026). Defendant does not contend that every document maintained by LARA is privileged or categorically immune from discovery. The point is that the surviving claim concerns a narrow regulatory record whose actual contents were unknown at the pleading stage, rather than the broader public-posting theories that have been dismissed.

## III. OBJECTION NO. 1 — ECF NO. 176 CONTAINS AN INCORRECT CLAIM DESCRIPTION THAT SHOULD BE MODIFIED

Defendant respectfully objects to ECF No. 176, PageID.3965, to the extent it describes three categories of claims as remaining after ECF Nos. 138 and 173.

At the time ECF No. 176 was entered, the adopted disposition no longer consisted of copyright infringement, broader defamation theories, and cyberbullying or harassment.

ECF No. 138 had already narrowed the action and ultimately concluded that "[t]he sole remaining claim would be Evans's defamation claim based on Robertson's and Williams's alleged LARA complaints." ECF No. 138, PageID.3082.

That was not merely a general description of an ongoing professional-misconduct dispute. ECF No. 138 specifically recognized that "[t]he exact substance of the LARA complaints is unknown, as Evans lacks access to the communications," PageID.3074, and held at the pleading stage that Plaintiff's allegations supported an inference concerning their content. The Court ultimately held

that Plaintiff had stated a plausible defamation claim "based on Robertson's and Williams's 2024 LARA complaints." Id., PageID.3077.

The Court has since corrected the three-claim description elsewhere in the record. Defendant appreciates that correction.

ECF No. 176, however, remains in effect and continues to contain the earlier description.

Defendant therefore respectfully requests modification of ECF No. 176 so that the operative discovery order accurately reflects the sole remaining Plaintiff-side claim established by ECF Nos. 138 and 173.

This correction is material because dismissed claims should not continue as independent bases for discovery, damages, injunctive relief, or other relief merely because they remain recited in an operative discovery order.

Information associated with an earlier allegation may remain discoverable if it possesses an independent relevance and proportionality basis tied to a live claim or defense. But the dismissed copyright, police-report, body-camera, divorce-related, cyberbullying, harassment, and other eliminated theories should not themselves continue to define the scope of this action.

## IV. OBJECTION NO. 2 — THE LIMITED DISCOVERY AUTHORIZED BY ECF NO. 176 SHOULD CORRESPOND TO THE SOLE REMAINING LARA-BASED DEFAMATION CLAIM

ECF No. 176 authorized two distinct categories of limited discovery:

> "(1) Evans serving third-party subpoenas and using any other means permitted under the discovery rules to identify Robertson's identity, and (2) allowing Robertson to conduct discovery related to Evans's requested relief."

ECF No. 176, PageID.3966.

The correction of the operative claim scope has consequences for that discovery authorization.

Most importantly, ECF No. 176 expressly authorizes Defendant to conduct discovery "related to Evans's requested relief." But the same Order mistakenly described Plaintiff's requested relief as potentially arising from three categories of claims.

That broader merits posture no longer exists.

Because Plaintiff's sole remaining affirmative claim is the defamation claim based on Robertson's and Williams's alleged 2024 LARA complaints, Defendant's discovery concerning Plaintiff's requested relief should correspond to that surviving claim and the relief Plaintiff may legally obtain from it.

Defendant makes this request consistently rather than asymmetrically. Defendant does not seek discovery concerning dismissed claims merely because those claims remain described in ECF No. 176. With the Plaintiff-side action narrowed to one surviving LARA-based defamation claim, Defendant's limited discovery concerning "Evans's requested relief" should be correspondingly narrow.

The surviving claim is not based upon the dismissed copyright claim, the police/wellness-check or body-camera theories, the divorce/cyberbullying theory, generalized online harassment, or the challenged public social-media statements that ECF No. 138 separately determined did not support the remaining cause of action. Instead, the surviving claim is specifically based upon Robertson's and Williams's alleged 2024 LARA complaints. ECF No. 138, PageID.3077, 3082.

The R&R expressly recognized that "[t]he exact substance of the LARA complaints is unknown, as Evans lacks access to the communications." ECF No. 138, PageID.3074. Thus, the central factual evidence concerning the surviving claim is what was actually submitted through the LARA professional-licensing complaint process, rather than unrelated public internet activity.

Defendant's limited merits discovery should therefore be focused primarily upon the actual alleged 2024 LARA complaint submissions and the nonpublic regulatory records bearing upon them, including, as applicable, the dates of the complaints, the identified submitters, the substance of the complaints, LARA's intake and investigative records, communications generated or received by LARA concerning those complaints, and records reflecting their disposition or closure.

LARA, through its Bureau of Professional Licensing, is the direct source for LARA's own complaint, intake, investigative, and disposition records concerning the alleged 2024 complaints. LARA explains that its Complaint Intake Section reviews health-professional allegations and may either close the matter or authorize an investigation, after which investigative staff collect evidence relevant to the case. Michigan Dep't of Licensing & Regulatory Affairs, Bureau of Professional Licensing, *What Happens After a Complaint Is Filed?* (last visited Aug. 18, 2026).

Nothing in the surviving claim, however, independently preserves the dismissed YouTube, copyright, body-camera, divorce, cyberbullying, or generalized online-harassment theories as discovery subjects. Discovery directed to unrelated platforms, service providers, or other third parties should therefore require an independent showing that the information sought is relevant and proportional to the surviving LARA-based claim or a live defense.

Defendant does not ask the Court to hold that LARA is categorically the only possible source of relevant evidence. Because the surviving claim concerns alleged complaints attributed to Robertson and Williams, discovery from a person directly involved in the alleged 2024 complaint submissions may also be relevant if otherwise permitted by the Federal Rules. The requested limitation is directed at broader third-party discovery having no independent connection to the actual alleged LARA complaints.

Defendant therefore seeks less discovery, not more. With the Plaintiff-side case now narrowed to one specific LARA-based defamation claim, the limited merits discovery contemplated by ECF

No. 176 should likewise be substantially narrower than the three-claim framework reflected in that Order.

Any discovery concerning Defendant's counterclaims may be addressed separately under the Federal Rules and any scheduling or further discovery order governing those claims. Defendant does not contend that ECF No. 176 presently supplies general counterclaim discovery.

**V. COMPLIANCE WITH THE DISCRETE IDENTIFICATION PORTION OF ECF NO. 176**

ECF No. 176 separately authorized Plaintiff to conduct limited discovery "to identify Robertson's identity." ECF No. 176, PageID.3966.

Defendant has now complied with the Court's legal-name disclosure requirement.

Accordingly, Defendant respectfully submits that the discrete identification objective stated in ECF No. 176 has been satisfied.

Defendant does not seek through these objections to relitigate the prior disclosure directive. She seeks to proceed under the corrected merits scope and to litigate the remaining claims and defenses through the ordinary adversarial process.

Nothing in these objections seeks adjudication of the separate, presently challenged determination concerning Defendant's First Amendment anonymity arguments, or otherwise concedes the correctness, scope, or finality of any finding of waiver or forfeiture. Defendant preserves her objections to that determination in the proceedings in which it is presently challenged. Nor does anything in these objections waive any constitutional, First Amendment, Petition Clause, jurisdictional, service, appellate, statutory-immunity, or other objection or defense that remains available to Defendant with respect to the surviving LARA-based defamation claim. *See Signature Mgmt. Team, LLC v. Doe*, 876 F.3d 831, 835 (6th Cir. 2017) (recognizing First Amendment

protection for an author's decision to remain anonymous); *California Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 510–11 (1972) (recognizing that the First Amendment right to petition extends to administrative agencies); Mich. Comp. Laws § 333.16244(1) (providing civil and criminal immunity for qualifying acts of a person acting in good faith who makes or assists with a report under Article 15).

**VI. REQUESTED RELIEF**

WHEREFORE, Defendant respectfully requests that Judge Levy:

1. MODIFY ECF No. 176, PageID.3965, to conform its description of Plaintiff's remaining claims to the disposition established by ECF Nos. 138 and 173, under which "[t]he sole remaining claim would be Evans's defamation claim based on Robertson's and Williams's alleged LARA complaints." ECF No. 138, PageID.3082;

2. CLARIFY ECF No. 176, PageID.3966, so that the limited discovery authorized to Defendant concerning "Evans's requested relief" is confined to matters relevant and proportional to Plaintiff's sole surviving defamation claim based on Robertson's and Williams's alleged 2024 LARA complaints, including the actual alleged complaint submissions and LARA records bearing upon their contents, dates, identified submitters, investigation, and disposition;

3. CLARIFY that the dismissed copyright, police/wellness-check, body-camera, divorce/cyberbullying, generalized online-harassment, public-posting, and other eliminated theories do not remain independent discovery subjects under ECF No. 176, and that discovery directed outside the alleged 2024 LARA complaint process should proceed only where the information sought has an independently demonstrated relevance and proportionality basis tied to the surviving LARA-based defamation claim or a live defense;

4. RECOGNIZE that Defendant's compliance has satisfied the discrete legal-identification purpose assigned to Plaintiff's limited discovery at ECF No. 176, PageID.3966; and

5. GRANT such other relief as the Court deems just and appropriate.

Respectfully submitted,

**Josephine Kennedy**
Defendant/Counter-Plaintiff, Pro Se
Individual sued under the designation "Danielle Robertson"

Postal Address for This Action Only:
c/o Registered Agents Inc.
4539 N. 22nd St., Ste. R
Phoenix, Arizona 85016

Email: DaniRobertson@proton.me

Dated: August 18, 2026

**CERTIFICATION REGARDING LEGAL CITATIONS**

Pursuant to ECF No. 74, PageID.783–784, I certify that I have personally checked each legal citation contained in this filing and that each citation is accurate and stands for the proposition for which it is cited.

**CERTIFICATE OF SERVICE**

I certify that on August 18, 2026, I served a true and correct copy of the foregoing Defendant's Limited Objections to ECF No. 176 Under Fed. R. Civ. P. 72(a) upon Plaintiff Sybrena Evans by First-Class U.S. Mail at the address listed for Plaintiff on the Court's docket.

Dated: August 18, 2026