**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| **Sybrena Evans et al.,**<br>**Plaintiffs,**<br>**vs.**<br><br>**Danielle Robertson et al.,**<br>**Defendants,** | **Case No.24-cv-13435**<br>**Honorable Judith E. Levy**<br>**Magistrate Judge Elizabeth A. Stafford**<br><br>FILED<br>AUG 17 2026<br>CLERK'S OFFICE<br>DETROIT<br><br>**DEFENDANT'S NOTICE OF COMPLIANCE WITH ECF NO. 74 AND PRESERVATION OF OBJECTIONS** |

**DEFENDANT'S NOTICE OF COMPLIANCE WITH ECF NO. 74 AND PRESERVATION OF OBJECTIONS**

Defendant **Josephine Kennedy**, the individual sued in this action under the designation "Danielle Robertson," respectfully submits this Notice of Compliance with ECF No. 74.

ECF No. 74 ordered Defendant to identify her legal name and postal address and expressly permitted Defendant, for privacy purposes, to retain a registered agent and use the registered agent's address. ECF No. 74, PageID.777–778, 784.

Defendant therefore provides the following:

**Legal Name:** Josephine Kennedy

**Registered Agent:** Registered Agents Inc.

**Postal Address for This Action Only:**

4539 N 22nd St., Ste. R

Phoenix, Arizona 85016

Defendant designates the above registered-agent address as her postal address **solely for purposes of this action, Evans v. Robertson, Case No. 5:24-cv-13435-JEL-EAS**, pursuant to the privacy accommodation expressly authorized by ECF No. 74. This designation is limited to this action and should not be construed as Defendant's residential address, general mailing address, or authorization for use in any other action, proceeding, or matter.

Defendant is providing the information required by the Court and does not seek permission to continue withholding the information required by ECF No. 74. Defendant's compliance, however, does not constitute waiver, abandonment, consent, or intentional relinquishment of any preserved constitutional, First Amendment, Sixth Circuit, procedural, jurisdictional, service, appellate, or other legal objection.

## I. LIMITED EXPLANATION FOR DELAY

Defendant respectfully provides limited context for the delay because the prior noncompliance forms the basis of the pending recommendation for default judgment at ECF No. 181.

Defendant understood disclosure of her legal identity to be an **irreversible step**. Once disclosed, Defendant understood that her anonymity could not meaningfully be restored even if a reviewing court later determined that compelled disclosure was unwarranted.

That concern became particularly significant as this action was substantially narrowed. ECF No. 181 now recognizes that Plaintiff's **sole remaining claim is defamation stemming from Defendant's and Williams's alleged LARA complaints**. ECF No. 181, PageID.4119.

The remaining claim therefore concerns **unidentified alleged LARA or medical-board complaints**, whose precise authorship, contents, circumstances, and legal character remain disputed.

Because of the irreversible nature of identity disclosure. the First Amendment interests implicated. the changing posture of this litigation. and the fact that the sole surviving claim concerns unidentified alleged reports or complaints to a governmental professional-licensing body. Defendant attempted to obtain qualified legal counsel before taking that irreversible step. Defendant sought legal assistance concerning the Court's disclosure orders. the First Amendment issues implicated by compelled identification. preservation of her rights. and the appropriate means of challenging an irreversible disclosure order through the judicial-review process. Obtaining counsel has been difficult because of the substantial procedural history and complexity of this action. the constitutional issues involved. the volume of filings. and the financial cost of representation.

Defendant provides this explanation **not as authority to disregard a court order**. but as relevant context for the delay and for the Court's consideration of whether the severe sanction of default judgment remains necessary.

Defendant has now determined that the appropriate course is to comply with the Court's disclosure directive while preserving and presenting her objections through the orderly judicial-review process.

Accordingly. there is no longer an ongoing refusal to comply with the identity-disclosure requirement.

## II. COMPLIANCE AND THE PENDING DEFAULT RECOMMENDATION

Defendant respectfully requests that the Court consider her present compliance when reviewing the recommendation of default judgment at ECF No. 181.

The factual posture has materially changed. The identifying information the Court directed Defendant to provide has now been provided before entry of default judgment.

Defendant recognizes that present compliance does not erase the Court's consideration of the prior delay. However, because the disclosure has now occurred, Defendant respectfully submits that default judgment is no longer necessary **to compel compliance with the identity-disclosure directive.**

If the Court determines that Defendant's prior delay warrants a sanction, Defendant respectfully requests consideration of a lesser measure that would permit Plaintiff's sole remaining claim and Defendant's affirmative counterclaims to be resolved on their merits.

## III. PRESERVATION AND PREVIEW OF DEFENDANT'S OBJECTIONS

Defendant's compliance does not constitute waiver, abandonment, consent, or intentional relinquishment of her constitutional, First Amendment, Sixth Circuit, procedural, jurisdictional, service, appellate, or other preserved objections.

Defendant specifically **does not concede the conclusion in ECF No. 181 that her First Amendment anonymity argument was forfeited.**

Defendant intends to timely and specifically object to that determination and to address the First Amendment protection afforded anonymous online speech under controlling Sixth Circuit authority, including *Signature Management Team, LLC v. Doe*, 876 F.3d 831, 835–39 (6th Cir. 2017).

Defendant's forthcoming objections will also address whether the prejudice and sanction analysis should be evaluated according to the case **as it presently exists**, rather than according to the broader collection of claims previously believed to remain.

ECF No. 181 now confirms that Plaintiff's sole surviving claim is a Michigan defamation claim arising from **unidentified alleged LARA or medical-board complaints**. Defendant therefore preserves the position that any claimed prejudice must be assessed specifically in relation to that

remaining claim and the substantive Michigan law applicable to the alleged communications at issue.

The alleged communications concern reports or complaints made to a **Michigan governmental professional-licensing body**. Defendant therefore preserves all potentially applicable Michigan-law defenses and protections, including qualified privilege and any applicable statutory immunity concerning good-faith reports to professional licensing authorities.

Defendant does not ask the Court to resolve those merits issues through this Notice. Defendant identifies them only to make clear that the sole remaining claim presents substantial unresolved factual and legal issues that Defendant intends to address through the appropriate adversarial process.

Accordingly, Defendant's present compliance should not be understood as a concession that the First Amendment issue has been forfeited, that Plaintiff has established prejudice based upon the sole remaining claim, or that default judgment is necessary or appropriate.

Rather, Defendant is complying with the Court's disclosure directive while preserving those substantial issues for her timely and separate objections to ECF No. 181.

**IV. CONCLUSION**

Defendant **Josephine Kennedy**, the individual sued under the designation "Danielle Robertson," respectfully notifies the Court that she has now complied with the legal-name and postal-address requirements of ECF No. 74 through the registered-agent-address accommodation expressly permitted by that Order.

Defendant respectfully requests that the Court consider this intervening compliance when determining whether the recommended case-dispositive sanction of default judgment remains necessary.

Defendant further expressly preserves her timely objections concerning First Amendment anonymity. the finding of forfeiture. the appropriate assessment of prejudice in light of the **sole surviving LARA-defamation claim.** and whether a lesser sanction is appropriate now that compliance has occurred.

Defendant will present those objections separately through the orderly judicial-review process.

Respectfully submitted.

**Josephine Kennedy**

Defendant. Pro Se

Individual sued under the designation "Danielle Robertson"

**Postal Address for This Action Only:**

c/o **Registered Agents Inc.**

4539 N 22nd St.. Ste. R

Phoenix. AZ 85016

Email: DaniRobertson@proton.me

**Dated: August 16, 2026**

**NOTICE REGARDING CONCURRENCE REQUESTS**

Please allow up to **72 hours for a response to concurrence emails, excluding weekends**.

**CERTIFICATION REGARDING CITATIONS**

I personally checked each legal citation in this filing. and each citation is accurate and stands for the proposition for which it is cited.

**CERTIFICATE OF SERVICE**

I certify that on **August 16, 2026.** I served a copy of the foregoing **Defendant's Notice of Compliance With ECF No. 74 and Preservation of Objections** upon Plaintiff Sybrena Evans by First-Class U.S. Mail at the address listed for Plaintiff on the Court's docket.

**Josephine Kennedy**

Defendant. Pro Se

**Dated: August 16, 2026**