13

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED
AUG 20 2026
CLERK'S OFFICE
DETROIT

SYBRENA EVANS,

Plaintiff

V.

Case No: 5:24-cv-13435
Hon. Judith E. Levy
Magistrate Judge Elizabeth A. Stafford

DANIELLE ROBERTSON, et al.,

Defendants.

---

**PLAINTIFF'S LIMITED OBJECTIONS TO SPECIFIED PORTIONS OF THE REPORT AND RECOMMENDATION (ECF NO. 175) AND ORDER ON AMENDMENT AND DISCOVERY (ECF NO. 176)**

---

Plaintiff Sybrena Evans, proceeding pro se, respectfully submits these limited objections to specified portions of ECF Nos. 175 and 176.

Plaintiff does not object to the recommendation in ECF No. 175 that default judgment be entered against Defendant. Plaintiff affirmatively requests that Judge Levy adopt that recommendation. Plaintiff likewise does not challenge ECF No. 176's determination that the proposed amended and supplemental complaint submitted with ECF No. 160 did not comply with Federal Rules of Civil Procedure 8 and 10.

Plaintiff's principal objection is narrower. ECF No. 176 determined that Plaintiff's goals for amendment and supplementation would become moot if Judge Levy adopted the recommendation for default judgment. That determination expressly relied upon the Court's

then-existing understanding that three substantive claims remained and that those claims would provide Plaintiff avenues for damages and injunctive relief. ECF No. 176, PageID.3965.

The subsequent record corrected that premise. Only Plaintiff's LARA-based defamation claim presently remains. Plaintiff therefore respectfully requests that the default recommendation be adopted while the separate determination that default necessarily renders amendment and supplementation moot be modified or set aside.

Plaintiff does not ask the Court through these objections to grant amendment, revive any dismissed claim, or determine the viability of any proposed future claim. Plaintiff asks only that she retain the opportunity to seek leave under Rule 15 to present a substantially shortened amended and supplemental complaint complying with Rules 8 and 10.

**I. STANDARD OF REVIEW**

Federal Rule of Civil Procedure 72(a) governs review of a magistrate judge's order on a nondispositive pretrial matter. Upon a timely objection, the district judge must consider the objection and "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

Plaintiff's objection to ECF No. 176 is limited principally to its determination that Plaintiff's amendment and supplementation goals would become moot upon adoption of the recommended default judgment. Plaintiff does not challenge the Order's authorization of limited third-party identity discovery or its related discovery period.

To the extent ECF No. 175 describes three substantive claims as remaining, Plaintiff requests only that the corrected claim posture be applied in subsequent proceedings. Plaintiff does not challenge ECF No. 175's findings supporting the recommended default judgment.

## II. PLAINTIFF AFFIRMATIVELY SUPPORTS ADOPTION OF THE DEFAULT RECOMMENDATION

ECF No. 175 recommends entry of default judgment after addressing Defendant's repeated noncompliance with the Court's orders requiring disclosure of her identity, the resulting prejudice to Plaintiff, Defendant's prior warning concerning default, and the inadequacy of lesser sanctions.

Plaintiff does not object to those findings or to the resulting recommendation. Plaintiff affirmatively requests that Judge Levy ADOPT ECF No. 175's recommendation that default judgment be entered against Defendant.

The subsequent correction of the operative claim posture does not undermine the independent findings supporting that recommendation. Default concerns Defendant's noncompliance with the Court's orders and the sanction warranted by that conduct. Plaintiff's opportunity to seek leave to amend and supplement presents a separate procedural question.

Accordingly, Plaintiff respectfully requests that those matters remain distinct: the default recommendation should be adopted, while Plaintiff's opportunity to seek leave to amend and supplement should not be extinguished as moot based upon the subsequently corrected three-claim premise.

## III. ECF NO. 176'S MOOTNESS DETERMINATION RESTED UPON THE SUBSEQUENTLY CORRECTED THREE-CLAIM PREMISE

ECF No. 176 stated:

> "The Court also finds that Evans's goals for amending her complaint will be moot if Judge Levy adopts the report and recommendation (R&R) to enter a default judgment against Robertson."

ECF No. 176, PageID.3965.

That determination did not rest merely upon the possibility of default. The Court reasoned that Plaintiff would already have an opportunity following default to establish entitlement to damages and injunctive relief through what the Court then understood to be three surviving substantive claims. The Court further reasoned that Plaintiff could not obtain duplicative damages by adding another theory of liability and that the existing claims would permit injunctive relief addressing misuse of Plaintiff's likeness and online harassment.

Thus, the mootness determination depended upon the premise that three substantive claims remained available and already provided avenues for the injuries and forms of relief implicated by Plaintiff's proposed amendment.

That premise was subsequently corrected. The operative disposition establishes that only Plaintiff's defamation claim arising from the 2024 LARA complaints presently remains.

The correction is material because the single LARA-based defamation claim is substantially narrower than the three-claim remedial framework upon which ECF No. 176 relied.

The significance of that correction is not merely numerical. ECF No. 176 relied upon the substantive remedies supposedly available through the three identified claims to conclude that amendment would become moot. Once the underlying claim framework was corrected, the remedial premise supporting that determination no longer corresponded to the operative case.

Plaintiff does not contend that correction of the three-claim description revives any dismissed claim. Nor does Plaintiff ask the Court to determine through these objections that any proposed additional claim is viable. Rather, Plaintiff respectfully submits that the corrected claim posture removes the stated basis for concluding that amendment necessarily becomes moot upon entry of default because three existing claims supposedly already provide the relevant avenues for relief.

Whether a future proposed amendment states a timely and viable claim can be determined under Rule 15 upon presentation of the actual proposed pleading. It need not be resolved through the superseded assumption that three substantive claims remain.

## IV. PLAINTIFF ACCEPTS THE RULES 8 AND 10 DETERMINATION, BUT THAT PLEADING DEFICIENCY IS DISTINCT FROM MOOTNESS

Plaintiff does not dispute ECF No. 176's determination that the proposed amended and supplemental complaint submitted with ECF No. 160 did not comply with Rules 8 and 10.

Rule 8 requires a short and plain statement of the claim showing that the pleader is entitled to relief; and each allegation must be simple, concise, and direct. Fed. R. Civ. P. 8(a)(2), (d)(1). Rule 10(b) requires a party to state claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. Fed. R. Civ. P. 10(b).

Plaintiff accepts the Court's determination concerning the organization and presentation of her prior proposed pleading. Any renewed proposed pleading would be substantially shorter, would state material factual allegations in concise, consecutively numbered paragraphs, would separate proposed claims into distinct counts, and would eliminate unnecessary evidentiary narrative, argument, and duplication.

The Rules 8 and 10 determination, however, concerns how allegations must be presented in a pleading. The separate mootness determination concerns whether amendment retains any practical significance following default. Those are analytically distinct questions.

Plaintiff therefore does not ask the Court to disturb the Rules 8 and 10 determination. She asks only that deficiencies in the form of the previous proposed pleading not be treated as establishing that her opportunity to seek amendment is substantively moot.

## V. ECF NO. 176 ITSELF CONTEMPLATED A FUTURE RULES 8 AND 10-COMPLIANT AMENDMENT

ECF No. 176 expressly stated:

> "[I]f Judge Levy rejects the R&R, Evans may move for leave to file an amended complaint that complies with Rules 8 and 10."

ECF No. 176, PageID.3965-3966.

Thus, ECF No. 176 did not treat the identified Rules 8 and 10 deficiencies as categorically foreclosing Plaintiff from presenting a future compliant proposed amendment. Rather, the Order expressly contemplated another Rule 15 motion if the default recommendation were rejected.

The different conclusion if default were adopted rested upon the separate premise that Plaintiff already possessed three surviving substantive claims capable of providing the relevant damages and injunctive relief.

Because that premise was subsequently corrected, Plaintiff respectfully requests that adoption of default no longer operate automatically to extinguish her opportunity to seek leave to amend and supplement.

Preserving that opportunity is particularly important because the sole presently operative LARA-based defamation claim remains factually developing. Plaintiff does not yet possess the complete underlying LARA agency record or the complete body of materials Defendant has represented were submitted to LARA. Plaintiff also possesses evidence concerning Defendant's prior statements and publications directed toward Plaintiff's Michigan professional licensure and Defendant's encouragement of reports to Michigan licensing authorities, matters that Plaintiff contends may bear upon the origin, purpose, factual basis, and circumstances surrounding the subsequent LARA complaints.

Plaintiff does not ask the Court through these objections to determine the legal significance of those facts, revive dismissed claims, or grant amendment based upon them. Rather, they further demonstrate why Plaintiff's opportunity to seek leave under Rule 15 retains practical significance. Plaintiff seeks the opportunity, upon presentation of an actual proposed pleading, to organize any additional or later-developed allegations into a substantially shortened, Rules 8 and 10-compliant amended and supplemental complaint so that the Court may determine the timeliness, viability, and legal sufficiency of any proposed claims under Rule 15.

Federal Rule of Civil Procedure 15(a)(2) provides that courts "should freely give leave when justice so requires." The Supreme Court has instructed that where the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, the plaintiff "ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Plaintiff does not ask the Court to grant amendment or determine the viability of any proposed claim at this time. She asks only to preserve the opportunity to submit a substantially shortened and properly organized amended and supplemental complaint for evaluation under Rule 15 rather than upon the superseded three-claim premise.

## VI. LIMITED MODIFICATION OF ECF NO. 175 IS APPROPRIATE WITHOUT DISTURBING THE DEFAULT RECOMMENDATION

ECF No. 175 likewise proceeded from the understanding that three substantive claims remained. Plaintiff does not object to the findings supporting default or to the recommendation itself.

ECF No. 175 recognizes that entry of default will not conclude the case. It recommends subsequent proceedings concerning damages and requires Plaintiff to better specify the injunctive relief supported by her factual allegations and remaining claims.

Plaintiff therefore requests that the Court adopt the default recommendation while preserving Plaintiff's opportunity to seek leave under Rule 15 to file a Rule 8 and 10-compliant amended and supplemental complaint, and that such opportunity not be deemed moot based upon the previously erroneous three-claim framework.

This relief can be granted without disturbing ECF No. 175's findings concerning Defendant's noncompliance, prejudice to Plaintiff, prior warnings, inadequacy of lesser sanctions, or its ultimate recommendation that default judgment be entered.

## VII. PLAINTIFF'S PRESENT PRO SE STATUS SHOULD NOT CATEGORICALLY FORECLOSE ATTORNEY'S FEES ACTUALLY INCURRED FOR RETAINED COUNSEL

ECF No. 175 states that, “as a pro se party, Evans has no right to recover attorney's fees.” ECF No. 175, PageID.3960. Plaintiff respectfully objects to that determination only to the extent it categorically forecloses consideration of attorney's fees actually incurred for services performed by retained counsel before Plaintiff proceeded pro se.

Before proceeding pro se, Plaintiff retained counsel and incurred legal fees for professional services directly related to matters underlying this litigation, including cease-and-desist correspondence, matters concerning allegations directed at Plaintiff's professional license and LARA, police and body-camera-related incidents, PPO proceedings involving Keva Williams, and preparation of the federal Complaint.

ECF No. 175 also recognizes in its sanctions analysis that the Court's inherent authority permits sanctions that may include awards of attorney's fees. ECF No. 175, PageID.3948. Plaintiff does not contend that she is automatically entitled to such fees.

Plaintiff respectfully requests that her present pro se status not, by itself, categorically foreclose consideration of attorney's fees actually incurred for services performed by retained counsel. Whether any such fees are recoverable, and under what legal basis, may be determined at the appropriate damages, sanctions, or relief proceeding.

## VIII. RELIEF REQUESTED

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. **ADOPT** ECF No. 175's recommendation that default judgment be entered against Defendant;
2. **SUSTAIN** Plaintiff's limited objection to the portion of ECF No. 176 determining that Plaintiff's amendment and supplementation goals would become moot upon adoption of the default recommendation;
3. **MODIFY OR SET ASIDE** that portion of ECF No. 176 to the extent the mootness determination rests upon the superseded three-claim framework;
4. **PRESERVE** Plaintiff's opportunity to seek leave under Rule 15 to present a substantially shortened Rules 8 and 10-compliant amended and supplemental complaint, with the

timeliness, viability, and propriety of any proposed amendment or supplementation to be determined upon presentation of the actual proposed pleading;

5. **MODIFY** ECF No. 175 to the extent it categorically forecloses consideration of attorney's fees based solely upon Plaintiff's present pro se status, and **PRESERVE** for the appropriate damages, sanctions, or relief proceeding the determination whether attorney's fees actually incurred for services performed by retained counsel are recoverable under applicable law; and
6. **LEAVE UNDISTURBED** the portions of ECF No. 176 authorizing Plaintiff's limited third-party identity discovery and establishing the related discovery period.

Respectfully submitted,

/s/ Sybrena Evans

Sybrena Evans, Pro Se

17710 Lakeview Cr.

Northville, MI 48168

Dated: August 20, 2026

**CERTIFICATE OF SERVICE**

I certify that on August 20, 2026, I served these Objections by First-Class U.S. Mail, postage prepaid, upon:

Danielle Robertson

4539 N. 22nd St.

Phoenix, Arizona 85016-4639

/s/ Sybrena Evans

Sybrena Evans

**DECLARATION OF SYBRENA EVANS IN SUPPORT OF PLAINTIFF'S LIMITED OBJECTIONS TO SPECIFIED PORTIONS OF THE REPORT AND RECOMMENDATION (ECF NO. 175) AND ORDER ON AMENDMENT AND DISCOVERY (ECF NO. 176)**

I, Sybrena Evans, declare as follows:

1. I am the Plaintiff in this action and submit this declaration in support of my Limited Objections to specified portions of ECF Nos. 175 and 176. I have personal knowledge of the matters stated in this declaration.
2. Before ECF No. 175 was issued, I had already sought leave to amend and supplement my complaint. On May 29, 2026, I filed ECF No. 160 seeking leave to file an amended and supplemental complaint. My request for amendment and supplementation therefore did not arise from the later statement in ECF No. 175 that three substantive claims remained in this action.
3. Through ECF No. 160, I sought to consolidate and more clearly plead allegations, dates, publications, supporting facts, and later-developed facts and admissions that had appeared in different portions of the record.
4. In preparing the proposed amended and supplemental complaint submitted with ECF No. 160, I attempted to provide a complete chronology and explain the relationship among the relevant events, publications, exhibits, and later-developed evidence.
5. I understand the pleading deficiencies identified in ECF No. 176 and am prepared to submit a substantially shortened and reorganized proposed amended and supplemental complaint using concise, consecutively numbered factual allegations and eliminating unnecessary narrative, argument, duplication, and evidentiary detail.
6. My purpose in seeking amendment and supplementation is not to rely upon the erroneous three-claim description in ECF No. 175. I seek the opportunity to present

amended and supplemental allegations in a pleading that complies with the Federal Rules so that the Court may determine their legal sufficiency.

7. I do not presently possess the complete LARA agency record concerning the 2024 complaints underlying the remaining defamation claim. The complete record may bear upon allegations and supporting facts relevant to any future proposed amended or supplemental pleading.
8. I respectfully request that adoption of the recommended default judgment not be treated as rendering moot my opportunity to seek leave to amend and supplement.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 20, 2026, in Northville, Michigan.

/s/ Sybrena Evans

Sybrena Evans

Plaintiff, Pro Se

**TABLE OF AUTHORITIES**

**Cases**

*Foman v. Davis*,

371 U.S. 178, 182 (1962)

**Federal Rules of Civil Procedure**

Fed. R. Civ. P. 8

Fed. R. Civ. P. 10

Fed. R. Civ. P. 15

Fed. R. Civ. P. 72(a)

**CERTIFICATION OF CITATIONS**

Plaintiff certifies that she has personally checked each legal citation contained in these Objections, and each citation is accurate and stands for its asserted proposition. Plaintiff has also personally checked the citations and references to the case record, including ECF docket entries and PageID references, for accuracy.

/s/ Sybrena Evans

Sybrena Evans