7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED
AUG 24 2026
CLERK'S OFFICE
DETROIT

SYBRENA EVANS,

Plaintiff

V.

Case No: 5:24-cv-13435
Hon. Judith E. Levy
Magistrate Judge Elizabeth A. Stafford

DANIELLE ROBERTSON, et al.,

Defendants.

---

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE (ECF NO. 185) TO PLAINTIFF'S MOTIONS (ECF NOS. 182 AND 183)**

---

Plaintiff Sybrena Evans, proceeding pro se, respectfully submits this Reply to Defendant's Consolidated Response in Opposition (ECF No. 185) to Plaintiff's Motions at ECF Nos. 182 and 183.

Defendant contends that both motions have become moot because she has now represented that her legal name is "Josephine Kennedy" and has designated a registered-agent address in Phoenix, Arizona as her postal address for purposes of this action pursuant to ECF No. 74. ECF No. 185, PageID.4387–4388. Those subsequent representations narrow certain issues raised in Plaintiff's motions, but they do not fully resolve them.

**I. DEFENDANT'S DISCLOSURE OF A REPRESENTED LEGAL NAME DOES NOT ESTABLISH THAT THE IDENTITY ISSUE HAS BEEN RESOLVED**

Defendant's principal argument concerning ECF No. 182 is that the identity-based reason for staying her counterclaims no longer exists because she has now disclosed what she represents to be her legal identity. Defendant further argues that the third and “central condition” identified in Plaintiff's motion has therefore occurred and that completion of Plaintiff's authorized third-party discovery is unnecessary for purposes of determining whether the counterclaims should proceed. ECF No. 185, PageID.4392.

Plaintiff does not contend in this Reply that Defendant's newly represented name is false. Plaintiff contends only that the representation has not yet been independently verified and should not, standing alone, be treated as conclusively establishing Defendant's identity. ECF No. 176 expressly authorized Plaintiff to serve third-party subpoenas and use other discovery methods permitted by the Federal Rules to identify Defendant. Defendant herself acknowledges that authorization in ECF No. 185.

The subsequent representation of a legal name therefore does not necessarily eliminate the purpose of the already-authorized identity discovery. That discovery may independently confirm Defendant's representation or otherwise provide information bearing upon the identity issues that led to ECF No. 182. Plaintiff respectfully submits that ECF No. 182 should not be denied as moot merely because Defendant has now supplied a name while the Court-authorized identity discovery remains pending.

Plaintiff's request for independent verification does not rest merely upon speculation concerning Defendant's newly represented legal identity. As previously presented to the Court in ECF No. 166, Defendant has publicly made statements concerning her efforts to maintain anonymity and avoid identification. See ECF No. 166, PageID.3866–3867. Plaintiff does not offer those statements to establish that the name now represented to the Court is false. Rather, they provide context for why Plaintiff respectfully submits that Defendant's unilateral identification

should not substitute for completion of the independent identity discovery the Court has already authorized.

Plaintiff therefore asks neither the Court to reject Defendant's represented identity nor to make a present finding concerning its accuracy. Plaintiff asks only that the existing discovery process be permitted to confirm or clarify the representation through independent records.

## II. DEFENDANT'S REGISTERED-AGENT DESIGNATION DOES NOT FULLY RESOLVE THE SERVICE ISSUE

Defendant has now designated Registered Agents Inc., 4539 N. 22nd St., Ste. R, Phoenix, Arizona 85016, as her postal address for this action. Plaintiff acknowledges that this subsequent designation narrows the address issue presented in ECF No. 183. It does not, however, fully resolve the service issue. Defendant characterizes the Phoenix address as a mailing address at which Plaintiff may serve Rule 5 papers and argues that the parties may reciprocally serve such papers by mail under Rule 5(b)(2)(C). ECF No. 185, PageID.4399.

Defendant's subsequent filing confirms the continuing ambiguity. In ECF No. 187, Defendant characterizes the Phoenix registered-agent address as a postal address "solely for purposes of this action," expressly limits what the designation establishes, and simultaneously preserves her "procedural, jurisdictional, service, appellate, or other legal objection." ECF No. 187, PageID.4416. Plaintiff therefore does not dispute that Defendant has now supplied a postal address pursuant to ECF No. 74; Plaintiff disputes that the designation, standing alone, renders ECF No. 183 moot where Defendant expressly preserves service objections.

Plaintiff does not seek Defendant's residential address merely because Defendant has elected to use a registered-agent address. Plaintiff seeks a reliable and unambiguous means of service that will not generate recurring disputes concerning the legal effect of Defendant's address

designation. Defendant now expressly represents that Rule 5 papers may be served by mail at the Phoenix address, while separately preserving service and other procedural objections. Accordingly, if the Court accepts Defendant's registered-agent address as satisfying ECF No. 74, Plaintiff respectfully requests clarification as to whether, and to what extent, that designation may be relied upon for service beyond papers governed by Rule 5, including service of process where applicable. Alternatively, Plaintiff requests preservation of the alternate-service relief requested in ECF No. 183 should Defendant later contend that the designated registered agent lacks authority to accept a particular form of service.

## III. DEFENDANT'S CONCURRENCE ARGUMENT DOES NOT RESOLVE THE SUBSTANTIVE ISSUES PRESENTED

Defendant acknowledges that E.D. Mich. LR 7.1 does not establish a fixed forty-eight- or seventy-two-hour waiting period. Her objection instead concerns whether Plaintiff allowed sufficient time for an interactive exchange before filing ECF No. 183. ECF No. 185, PageID.4397–4398.

Plaintiff attempted to resolve the underlying service issue before filing ECF No. 183. On August 12, 2026, Defendant stated that she did not consent to service by email, characterized herself as a "mail-service party," and directed that papers be served by mail at her "address of record." Defendant did not, however, identify that address in the communication. On August 13, Plaintiff responded that Defendant's communication did not identify the mailing address to which she was directing Plaintiff to send formal service and specifically requested the complete mailing address Defendant contended Plaintiff should use to serve her with papers in this action. Plaintiff explained that the request was made "solely to clarify the service instruction" contained in Defendant's August 12 communication. Defendant subsequently designated the Phoenix

registered-agent address as her postal address for purposes of this action, but the scope and legal effect of that designation remain disputed for the reasons addressed above.

Accordingly, although Defendant challenges the amount of time afforded for concurrence immediately before ECF No. 183 was filed, the record reflects that Plaintiff had already attempted to resolve the underlying service-address problem directly with Defendant. Plaintiff respectfully submits that the concurrence timing does not warrant denial of ECF No. 183 on procedural grounds.

As to ECF No. 182, Plaintiff acknowledges that the Motion does not contain a separate LR 7.1 concurrence statement. That procedural omission, however, does not alter the substantive circumstances underlying the requested stay. Defendant had asserted affirmative counterclaims (ECF No. 179) while the identity discovery expressly authorized by ECF No. 176 remained ongoing. ECF No. 182 sought preservation of the status quo pending that Court-authorized process. Defendant has since fully presented her opposition to the Motion in ECF No. 185. Plaintiff therefore respectfully submits that the omission caused no prejudice to Defendant and does not warrant denial of ECF No. 182 on that basis alone.

**IV. RELIEF REQUESTED**

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. **DECLINE TO DENY** ECF No. 182 as moot solely on the basis of Defendant's subsequent representation of a legal identity where that identity has not yet been independently verified through the Court-authorized discovery provided by ECF No. 176;
2. **DECLINE TO DENY** ECF No. 183 as moot solely on the basis of Defendant's subsequent designation of a registered-agent postal address, and **CLARIFY** the scope

and effect of that designation for service in this action, including service beyond papers governed by Rule 5 where applicable;

3. **PRESERVE** Plaintiff's ability to complete the identity discovery authorized by ECF No. 176 notwithstanding Defendant's subsequent representation of a legal identity; and
4. **GRANT** such other relief as the Court deems just and appropriate.

Respectfully submitted,

/s/ Sybrena Evans

Sybrena Evans, Pro Se

17710 Lakeview Cr.

Northville, MI 48168

Dated: August 24, 2026

**CERTIFICATE OF SERVICE**

I certify that on August 24, 2026, I served this REPLY by First-Class U.S. Mail, postage prepaid, upon:

Danielle Robertson

4539 N. 22nd St. Ste. R

Phoenix, Arizona 85016

/s/ Sybrena Evans

Sybrena Evans

**DECLARATION OF SYBRENA EVANS**

I, Sybrena Evans, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the factual statements in this Reply concerning my communications with Defendant, my efforts to clarify Defendant's mailing address and the means by which papers may be served upon Defendant, and the status of my Court-authorized identity discovery are true and correct based upon my personal knowledge and the records in my possession.

Executed on August 24, 2026.

Sybrena I. Evans

/s/ Sybrena Evans

Sybrena Evans

Plaintiff, Pro Se

**AUTHORITIES REFERENCED**

Fed. R. Civ. P. 5(b)(2)(C); E.D. Mich. LR 7.1(a); 28 U.S.C. § 1746.

**CERTIFICATION OF CITATIONS**

Plaintiff certifies that she has personally checked each legal citation contained in this Reply, and each citation is accurate and stands for its asserted proposition. Plaintiff has also personally checked the citations and references to the case record, including ECF docket entries and PageID references, for accuracy.

/s/ Sybrena Evans

Sybrena Evans

Plaintiff, Pro Se