UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED
AUG 24 2026
CLERK'S OFFICE
DETROIT

SYBRENA EVANS,

Plaintiff

V.

DANIELLE ROBERTSON, et al.,

Defendants.

Case No: 5:24-cv-13435
Hon. Judith E. Levy
Magistrate Judge Elizabeth A. Stafford

---

**PLAINTIFF'S EMERGENCY MOTION FOR PROTECTIVE ORDER UNDER FED. R. CIV. P. 26(c) REGARDING DEFENDANT'S WRITTEN AND DEPOSITION DISCOVERY**

---

Plaintiff Sybrena Evans, proceeding pro se, respectfully moves pursuant to Federal Rules of Civil Procedure 26(b)(1), 26(b)(2)(C), 26(c)(1), and 26(d)(3) for a protective order and appropriate case-management relief governing the scope, timing, and sequence of discovery recently propounded by Defendant Danielle Robertson, including interrogatories, requests for production, requests for admission, and deposition discovery directed to Plaintiff.

Defendant's discovery extends substantially beyond the presently operative 2024 LARA-based defamation claim and seeks information concerning, among other subjects, nearly six years of Plaintiff's employment history, events predating the limitations period implicated in this action, and third-party YouTube personalities and online disputes that are not themselves part of the presently operative claim. Plaintiff does not ask the Court through this Motion to adjudicate every individual discovery request, but seeks temporary protection and appropriate sequencing

to ensure that discovery remains relevant, proportional, and appropriately limited to the claims and defenses at issue.

Plaintiff is presently pursuing the limited third-party identity discovery authorized by ECF No. 176 and has not yet received and reviewed the underlying agency record concerning the 2024 LARA complaints. Plaintiff requests that Defendant-directed written and deposition discovery be temporarily deferred, limited, and appropriately sequenced while the Court determines the proper scope and sequence of merits discovery.

Plaintiff therefore respectfully requests that the Court defer her deadlines to respond to Defendant's outstanding written discovery, temporarily stay deposition discovery directed to Plaintiff, preserve Plaintiff's objections, leave undisturbed the Court-authorized identity discovery, and exercise its case-management authority to establish an orderly and proportional sequence for Defendant-directed merits discovery.

## I. PROCEDURAL BACKGROUND

On August 6, 2026, Magistrate Judge Stafford issued ECF No. 175 recommending that default judgment be entered against Defendant Robertson. On August 12, 2026, Magistrate Judge Stafford issued the Amended Report and Recommendation at ECF No. 181, correcting the original Report and Recommendation as to the number of Plaintiff's remaining claims while continuing to recommend entry of default judgment against Defendant Robertson. The Amended Report and Recommendation remains pending before Judge Levy.

Also on August 6, 2026, the Court entered ECF No. 176, which authorized Plaintiff to conduct limited third-party discovery for the purpose of identifying Defendant. Plaintiff is presently pursuing that Court-authorized discovery.

The sole presently operative Plaintiff-side substantive claim is the defamation claim arising from complaints submitted to LARA in 2024. Plaintiff has separately filed objections concerning ECF No. 176 and will separately address the Amended Report and Recommendation at ECF No. 181. This Motion does not seek resolution of those matters or determination of the merits of any future request for amendment or supplementation.

Following entry of ECF Nos. 175 and 176, Defendant served Plaintiff with written discovery, including interrogatories, requests for production, requests for admission, and deposition discovery. Those demands require Plaintiff to provide sworn responses, produce documents, and prepare for deposition while the appropriate scope, timing, and sequence of merits discovery remain at issue.

The present discovery posture follows an extended period during which threshold matters concerning Defendant's identity and compliance remained unresolved. In September 2025, the Court ordered Defendant to disclose her legal name and postal address. After Defendant objected, the disclosure requirement was temporarily stayed pending resolution of those objections. Judge Levy subsequently overruled Defendant's objections and ordered disclosure by December 15, 2025. After Defendant failed to comply and sought reconsideration, Judge Levy again ordered disclosure by January 5, 2026. The Defendant again failed to comply. On March 3, 2026, Magistrate Judge Stafford granted Plaintiff's motion for an order to show cause and directed Defendant to show cause why she should not be held in contempt and sanctioned for failure to comply with Judge Levy's disclosure orders. (ECF No. 144.)

Those identity and compliance proceedings continued while the merits of Plaintiff's action remained unresolved. On August 6, 2026, Magistrate Judge Stafford issued ECF No. 175 recommending entry of default judgment and entered ECF No. 176 granting Plaintiff's motion for leave to serve third-party subpoenas and authorizing Plaintiff to use other discovery methods

permitted by the Federal Rules to identify Defendant. On August 12, 2026, Magistrate Judge Stafford issued the Amended Report and Recommendation at ECF No. 181, correcting the original Report and Recommendation ECF No. 175 as to the number of Plaintiff's remaining claims, clarifying that the sole presently operative Plaintiff-side substantive claim is the 2024 LARA-based defamation claim, and continuing to recommend entry of default judgment against Defendant Robertson.

Against that procedural history, Defendant has now asserted affirmative counterclaims at ECF No. 179 containing hundreds of allegations and has simultaneously propounded interrogatories, requests for production, requests for admission, and deposition discovery directed to Plaintiff. Plaintiff therefore seeks emergency protection and case-management relief so that the timing and sequence of merits discovery do not compound the delay and procedural uncertainty that have already affected the orderly progression of this action.

The present discovery dispute therefore does not arise in isolation. At the same time that the Amended Report and Recommendation recommending entry of default judgment remains pending, Defendant has opposed Plaintiff's pending motions, objected to the Court's identity-discovery order, and filed a notice asserting purported compliance with prior identity and address requirements. These overlapping proceedings, together with Defendant's affirmative counterclaims and simultaneous discovery demands, have created substantial uncertainty concerning the present posture, proper scope, and orderly sequence of merits discovery.

Plaintiff does not ask the Court through this Motion to resolve the merits of those separate filings. Plaintiff identifies the present procedural posture because it bears directly upon whether extensive sworn written responses, document production, admissions, and deposition testimony should proceed before the Court has had an opportunity to address the threshold matters presently before it.

Temporary protection would permit the Court to maintain an orderly progression of the action, clarify the appropriate scope of merits discovery, and prevent the parties from undertaking potentially unnecessary or duplicative discovery while those matters remain unresolved. Absent reasonable case-management measures, the increasing number of overlapping filings, unresolved threshold matters, affirmative claims, and simultaneous discovery demands risk allowing the sequence of party filings, rather than the Court's orderly management of the action, to determine the course of discovery. Plaintiff therefore seeks a limited case-management measure, not an indefinite prohibition on Defendant's ability to conduct appropriate discovery.

## II. GOOD CAUSE EXISTS UNDER RULE 26(c) FOR TEMPORARY PROTECTION AND ORDERLY SEQUENCING OF DISCOVERY

Federal Rule of Civil Procedure 26(c)(1) permits the Court, for good cause, to “issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.” The Court may, among other things, forbid discovery, specify the terms including time and place or the allocation of expenses, for the disclosure or discovery, prescribe a discovery method other than the one selected by the party seeking discovery, or limit the scope of disclosure or discovery to certain matters. Fed. R. Civ. P. 26(c)(1)(A)-(D).

Good cause exists here for temporary protection and orderly sequencing. Plaintiff is simultaneously pursuing Court-authorized discovery concerning Defendant's identity and has not yet received and reviewed the underlying LARA agency record concerning the sole presently operative Plaintiff-side claim, while the Amended Report and Recommendation recommending entry of default judgment and other threshold matters remain pending.

Although Rule 26(d)(3) generally permits discovery methods to proceed in any sequence, it also permits the Court to order otherwise for the parties' and witnesses' convenience and in the

interests of justice. Fed. R. Civ. P. 26(d)(3). Plaintiff seeks such sequencing here, not an indefinite prohibition on appropriate merits discovery.

Requiring Plaintiff at this stage to provide sworn interrogatory responses, admissions, document production, and deposition testimony before the relevant LARA records are available creates a substantial risk of unnecessary supplementation, duplicative discovery, or repeated or extended deposition testimony. Temporarily controlling the timing and sequence of Defendant-directed discovery would reduce that burden without foreclosing Defendant from conducting appropriate discovery within the scope ultimately established by the Court.

The requested relief is also consistent with the Court's authority to manage discovery so that the parties' resources are directed toward matters relevant and proportional to the claims and defenses actually at issue. Temporary sequencing would preserve Defendant's ability to obtain appropriate discovery while reducing the risk that the parties undertake burdensome discovery that later must be narrowed, supplemented, repeated, or revisited after the pending threshold matters are resolved.

**The Cumulative and Simultaneous Litigation Demands Support Temporary Protective Relief**

The present burden arises not from any single discovery request, but from the convergence of multiple litigation demands within a compressed period. Defendant has filed extensive original and amended counterclaim pleadings, including ECF Nos. 179 and 184 and related filings; served successive sets of interrogatories, requests for production, and requests for admission; and sought deposition discovery directed to Plaintiff. At the same time, Plaintiff must address other pending filings and is actively pursuing the limited third-party identity discovery expressly authorized by ECF No. 176.

The preparation required to address Defendant's newly filed pleadings and simultaneous written and deposition discovery has necessarily diverted substantial time from Plaintiff's ability to complete service and pursue the Court-authorized third-party discovery. Plaintiff therefore seeks reasonable sequencing and temporary protection, not exemption from appropriate discovery.

The cumulative burden is further illustrated not merely by the approximately 494 pages of Defendant's recent pleadings and discovery materials, but by the hundreds of separately numbered allegations and discovery demands contained within those pages, many requiring individualized investigation, admission or denial, objection, document review, or other response. **See Exhibit A.** Representative excerpts further illustrate discovery requiring responses concerning the presently unproduced LARA record **(Exs. A-1 and A-2),** as well as discovery extending into historical events, third parties, online activity, and collateral subjects **(Ex. A-3)**.

## III. DISCOVERY SHOULD BE SEQUENCED SO THAT PLAINTIFF MAY FIRST OBTAIN AND REVIEW THE UNDERLYING LARA RECORD

The sole presently operative Plaintiff-side substantive claim concerns allegedly defamatory complaints submitted to LARA in 2024. Plaintiff does not presently possess the complete LARA agency record concerning those complaints, including the complete allegations, communications, supporting materials, and third-party information submitted during the LARA proceedings. Plaintiff has taken affirmative steps through available legal process to obtain access to those records, and that process remains ongoing.

Defendant's own discovery demonstrates the significance of the missing record. Defendant expressly seeks discovery concerning third-party creators identified in materials “supplied during

the LARA investigation" and states that those inquiries concern, among other things, the factual basis for Defendant's report and what Defendant knew and possessed when she reported. Plaintiff therefore is being asked to provide sworn responses concerning matters that Defendant represents were contained in or supplied during the LARA investigation, although Plaintiff has not received or reviewed the complete underlying agency record.

Knowledge that complaints were made against Plaintiff is not equivalent to knowledge of every allegation, communication, exhibit, third-party submission, or supporting material provided to LARA. Plaintiff cannot accurately admit, deny, characterize, or explain materials that she has not received. Requiring Plaintiff to provide definitive sworn interrogatory responses, admissions, document responses, or deposition testimony concerning those matters before Plaintiff obtains access to the underlying record creates a substantial risk of incomplete responses, unnecessary supplementation, duplicative discovery, and avoidable discovery disputes.

The missing record also materially affects Plaintiff's present ability to provide complete discovery concerning causation and damages. Plaintiff can identify categories of injury presently known to her, but cannot fairly provide a complete and informed attribution or substantiation of damages arising from the surviving LARA-based claim without knowing the complete contents and context of the communications, submissions, and supporting materials reflected in the agency record.

Plaintiff does not seek protection from discovery concerning matters within her personal knowledge. Plaintiff requests limited sequencing relief so that discovery requiring her to identify, characterize, or respond to materials she does not presently possess may proceed after Plaintiff has obtained access to and had a reasonable opportunity to review the underlying LARA record.

**IV. DEFENDANT'S DISCOVERY RAISES RELEVANCE, PROPORTIONALITY, AND BURDEN CONCERNS UNDER RULE 26(b)(1) AND (b)(2)(C)**

Rule 26(b)(1) permits discovery regarding nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case, considering, among other factors, the parties' relative access to relevant information and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Rule 26(b)(2)(C)(i) further requires the Court to limit the frequency or extent of discovery if the discovery sought is unreasonably cumulative or duplicative, or can be obtained from another source that is more convenient, less burdensome, or less expensive.

Defendant herself recently represented that discovery should be confined to matters "relevant and proportional to that single surviving LARAbased defamation claim." ECF No. 186, PageID.4405. Plaintiff agrees with that proposition. Yet Defendant's successive discovery extends beyond the immediate LARA communications into historical events, third-party records and proceedings, employment matters, and other collateral subjects whose relationship to the presently operative claim or requested relief is not readily apparent.

The recurrence of collateral third-party subject matter is particularly significant because similar material has previously been presented to and addressed by the Court. In ECF No. 118, the Court considered Defendant's assertion that her exhibits demonstrated Plaintiff's alleged "Collaboration with Documented Violent Individuals." ECF No. 118, PageID.2386. In addressing Defendant's allegations concerning one identified third party, the Court observed that Defendant had not explained why that individual's alleged threats could be attributed to Plaintiff and had not provided a record citation supporting her description of the incident. *Id.* at PageID.2388-2389. The Court further found Defendant's extensive exhibits "repetitive and too long," noting that her 461 pages of exhibits were "inappropriately lengthy because they are

needlessly repetitive," including duplicate exhibits and repeated screenshots. *Id.* at PageID.2387–2388. Related third-party, social-media, channel-tagging, account-identifier, online-publication, and historical subject matter now recurs in Defendant's amended counterclaim allegations, see ECF No. 184, and again through Defendant's successive written discovery, **see Ex. A-3.** Plaintiff identifies this history not to relitigate those prior matters, but because the recurrence and volume of substantially overlapping subject matter bear upon whether the present discovery is relevant, proportional, cumulative, or duplicative under Rule 26.

Plaintiff does not contend that all third-party or historical subject matter is necessarily irrelevant. To the extent the underlying LARA communications contain allegations concerning such matters, the relevance and proper scope of related discovery may depend upon what those communications actually contain. That circumstance reinforces the need for reasonable sequencing. Plaintiff has not yet obtained the complete LARA record and therefore cannot presently determine whether particular collateral subjects correspond to statements actually made to LARA, bear upon a claim or defense presently before the Court, or warrant the frequency and extent of Defendant's related requests.

The same problem is apparent in discovery directed specifically to the LARA communications. Defendant seeks identification of the communications, their allegedly defamatory contents, evidence concerning authorship and attribution, and production of LARA-related materials. See Exs. A-1–A-2. Yet, as previously recognized by the Magistrate Judge, "[t]he exact substance of the LARA complaints is unknown, as Evans lacks access to the communications," a finding Defendant herself quoted in ECF No. 186, PageID.4406. Requiring Plaintiff to reconstruct or characterize materials she has not yet obtained risks unnecessary supplementation, duplication, and dispute.

At the same time, Defendant's First Interrogatories separately seek information directly concerning licensing or regulatory consequences, employment and professional consequences, economic damages, online-platform losses, noneconomic injuries, treatment expenses, and requested prospective relief allegedly resulting from the LARA communication. Those requests demonstrate that discovery can be directed specifically to causation, damages, and relief associated with the remaining claim.

Plaintiff does not ask the Court to adjudicate every interrogatory, request for production, request for admission, or anticipated deposition topic through this Motion. Nor does Plaintiff contend that information predating the operative claim is automatically undiscoverable. Rather, viewed as a whole, Defendant's successive discovery repeatedly returns to the same or substantially overlapping events, third-party matters, terminology, and disputed allegations through separately numbered requests, creating a cumulative, repetitive, and potentially duplicative responsive burden.

That burden must also be considered in context. Plaintiff is proceeding without counsel, addressing multiple pending filings, responding to extensive written and anticipated deposition discovery, and simultaneously pursuing the limited third-party identity discovery expressly authorized by ECF No. 176. The practical burden is further increased because Plaintiff is presently required to submit filings to the Court by physical delivery or mail rather than electronic filing. Requiring all of these matters to proceed simultaneously, while the foundational LARA record remains unavailable to Plaintiff, risks delaying rather than advancing orderly resolution of the case.

Plaintiff therefore does not seek protection merely because discovery requires time or effort. She seeks reasonable sequencing and proportional limitations so that discovery remains directed toward the claims and defenses properly before the Court. Temporary protection would

preserve Defendant's ability to pursue relevant and proportional discovery while avoiding unnecessary, cumulative, or duplicative proceedings before Plaintiff has obtained and reasonably reviewed the underlying LARA record.

## V. DEPOSITION DISCOVERY DIRECTED TO PLAINTIFF SHOULD BE TEMPORARILY STAYED UNDER RULE 26(c)

Deposition discovery presents an immediate and distinct burden because Defendant has now identified October 1, 2026 as the anticipated date for Plaintiff's deposition, with a formal Rule 30 notice to follow. Plaintiff may therefore be required to provide sworn testimony concerning the LARA complaints, damages, historical events, and other disputed subjects while the appropriate scope of Defendant's discovery remains unsettled and before Plaintiff has had a reasonable opportunity to review the underlying LARA agency record.

Proceeding with deposition discovery under those circumstances creates a substantial risk of incomplete testimony, duplicative questioning, or the need to revisit subjects after Plaintiff has had a reasonable opportunity to review the underlying agency record and the appropriate scope of merits discovery is established.

For good cause, Rule 26(c)(1) authorizes the Court to protect a party from undue burden or expense, including by forbidding discovery, specifying terms for discovery, prescribing a discovery method other than the one selected by the party seeking discovery, or limiting the scope of discovery to certain matters. Fed. R. Civ. P. 26(c)(1)(A)-(D).

A temporary stay of deposition discovery directed to Plaintiff would permit any deposition to proceed within an established scope and in an orderly sequence.

Plaintiff does not seek to avoid appropriate deposition discovery. Plaintiff requests only that deposition discovery directed to her be temporarily stayed pending the Court's determination of

the appropriate scope and sequence of merits discovery, without prejudice to Defendant's ability to conduct an appropriate deposition after Plaintiff has had a reasonable opportunity to review the underlying agency record and the scope and sequence of merits discovery have been established.

Alternatively, should the Court permit Plaintiff's deposition to proceed before completion of the requested sequencing, Plaintiff respectfully requests that any remote deposition proceed upon reciprocal conditions. If Defendant participates in the examination by contemporaneous video, Plaintiff will likewise appear by contemporaneous video. If Defendant elects not to appear by video, Plaintiff requests that she likewise not be required to appear on camera and that the deposition proceed by audio or telephone means, absent agreement of the parties or further order of the Court.

## VI. PLAINTIFF'S COURT-AUTHORIZED IDENTITY DISCOVERY SHOULD REMAIN UNAFFECTED

Plaintiff expressly excludes from the requested protective order the limited third-party identity discovery authorized by ECF No. 176. That discovery serves a distinct purpose authorized by the Court, and Plaintiff is presently pursuing it.

Accordingly, Plaintiff requests that any protective order entered on this Motion apply only to Defendant's written and deposition discovery directed to Plaintiff and leave undisturbed the limited third-party identity discovery authorized by ECF No. 176.

## VII. RELIEF REQUESTED

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. **DEFER** Plaintiff's deadlines to respond to Defendant's presently outstanding Interrogatories, Requests for Production, and Requests for Admission pending Plaintiff's receipt and reasonable opportunity to review the underlying LARA agency record and the Court's determination of the appropriate scope and sequence of merits discovery;
2. **TEMPORARILY STAY** deposition discovery directed to Plaintiff pending Plaintiff's receipt and reasonable opportunity to review the underlying LARA agency record and the Court's determination of the appropriate scope and sequence of merits discovery;
3. **PRESERVE** Plaintiff's right to assert all applicable objections to Defendant's outstanding discovery requests when responses become due;
4. **LEAVE UNDISTURBED** the limited third-party identity discovery authorized by ECF No. 176 and permit that discovery to proceed;
5. **EXERCISE** the Court's authority under Rules 26(b)(1), 26(b)(2)(C)(i) and (iii), 26(c)(1), and 26(d)(3) to establish an orderly and proportional sequence for Defendant-directed merits discovery consistent with the claims and defenses properly before the Court; and
6. **GRANT** such other relief as the Court deems just and appropriate.

Respectfully submitted,

/s/ Sybrena Evans

Sybrena Evans, Pro Se

17710 Lakeview Cr.

Northville, MI 48168

Dated: August 24, 2026

**CERTIFICATE OF SERVICE**

I certify that on August 24, 2026, I served this Motion by First-Class U.S. Mail, postage prepaid, upon:

Danielle Robertson

4539 N. 22nd St. Suite R.

Phoenix, Arizona 85016

/s/ Sybrena Evans

Sybrena Evans

**CERTIFICATION OF GOOD-FAITH CONFERENCE**

Pursuant to Fed. R. Civ. P. 26(c)(1) and E.D. Mich. LR 7.1, Plaintiff certifies that she sought Defendant's concurrence and requested a conference concerning the timing, scope, proportionality, and sequencing of written and deposition discovery. Defendant declined concurrence and maintained that existing discovery deadlines remain unchanged absent agreement or Court order. On August 24, 2026, Defendant proposed a September 1, 2026 conference date and certain conditions for the conference. Plaintiff has not yet agreed to the proposed date or conditions.

/s/ Sybrena Evans

Sybrena Evans, Pro Se

**DECLARATION OF SYBRENA EVANS IN SUPPORT OF PLAINTIFF'S EMERGENCY MOTION FOR PROTECTIVE ORDER UNDER FED. R. CIV. P. 26(c) REGARDING DEFENDANT'S WRITTEN AND DEPOSITION DISCOVERY**

I, Sybrena Evans, declare as follows:

1. I am the Plaintiff in this action and submit this Declaration in support of Plaintiff's Emergency Motion for Protective Order Under Fed. R. Civ. P. 26(c) Regarding Defendant's Written and Deposition Discovery. I have personal knowledge of the matters stated in this Declaration.
2. Defendant has served me with written discovery, including interrogatories, requests for production, and requests for admission, and has also sought deposition discovery directed to me. On August 24, 2026, Defendant identified October 1, 2026 as the anticipated date for my deposition and stated that a formal Rule 30 notice would follow.
3. Defendant's discovery seeks information concerning subjects that include several years of my employment history, historical events, third-party YouTube personalities, online commentary, and other matters extending beyond the 2024 LARA complaints underlying the presently operative Plaintiff-side claim.
4. Defendant has simultaneously directed multiple forms of written and deposition discovery to me while I am proceeding without counsel and addressing multiple pending matters in this action.
5. I am presently required to submit filings to the Court by physical delivery or mail rather than electronic filing. Matters requiring prompt Court intervention therefore require additional travel or mailing time and expense in addition to the time required to prepare and serve the filings.

6. I am presently pursuing the limited third-party identity discovery authorized by ECF No. 176. I do not seek through this Motion to stay or interfere with that Court-authorized discovery.
7. I do not presently possess the complete underlying LARA agency record concerning the 2024 complaints underlying the presently operative Plaintiff-side claim.
8. I have taken affirmative steps through the available legal process to obtain access to the underlying LARA records, and that process remains ongoing.
9. Defendant's discovery requires me to respond concerning allegations, third-party information, communications, and other materials that I have not received or reviewed.
10. I seek a reasonable opportunity to obtain access to and review the underlying agency record before providing definitive sworn discovery responses and deposition testimony dependent upon the contents of those materials.
11. I do not seek protection merely because discovery requires time or effort, nor do I seek to avoid appropriate discovery. I request temporary protective and case-management relief concerning the timing and sequence of Defendant-directed written and deposition discovery while preserving my objections to the scope and propriety of Defendant's individual discovery requests.
12. I respectfully request that the limited third-party identity discovery authorized by ECF No. 176 remain unaffected by any protective order entered on this Motion.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 24, 2026, in Northville, Michigan.

/s/ Sybrena Evans

Sybrena Evans

Plaintiff, Pro Se

**TABLE OF AUTHORITIES**

**Federal Rules of Civil Procedure**

Fed. R. Civ. P. 26(b)(1)

Fed. R. Civ. P. 26(b)(2)(C)(i), (iii)

Fed. R. Civ. P. 26(c)(1)

Fed. R. Civ. P. 26(c)(1)(A)-(D)

Fed. R. Civ. P. 26(d)(3)

**Local Rules**

E.D. Mich. LR 7.1

**CERTIFICATION OF CITATIONS**

Plaintiff certifies that she has personally checked each legal citation contained in this Motion, and each citation is accurate and stands for its asserted proposition. Plaintiff has also personally checked the citations and references to the case record, including ECF docket entries and PageID references, for accuracy.

/s/ Sybrena Evans

Sybrena Evans

**EXHIBITS TO PLAINTIFF'S EMERGENCY MOTION FOR PROTECTIVE ORDER UNDER FED. R. CIV. P. 26(c) REGARDING DEFENDANT'S WRITTEN AND DEPOSITION DISCOVERY**

**EXHIBIT A**

**CHRONOLOGICAL SUMMARY AND REPRESENTATIVE EXCERPTS DEMONSTRATING THE CUMULATIVE VOLUME, BREADTH, AND OVERLAPPING NATURE OF DEFENDANT'S RECENT PLEADINGS AND DISCOVERY**

Within a compressed period in August 2026, Defendant filed extensive original and amended counterclaim pleadings and transmitted successive written discovery, including interrogatories, requests for production, and requests for admission, together with anticipated deposition discovery. The materials summarized below total approximately **494 pages** and contain **hundreds of separately numbered allegations and discovery demands requiring individualized review and response**. The page count therefore reflects only the physical volume and not the substantially greater responsive burden contained within those materials.

| Filing / Discovery | Pages | Nature / Responsive Burden |
|---|---|---|
| ECF No. 179 | 108 | Original answer, affirmative defenses, and extensive separately numbered counterclaim allegations |

| | | |
|---|---|---|
| ECF Nos. 184, 184-1 & 184-2 | 230 | Amended answer, affirmative defenses, and counterclaims extending through at least separately numbered allegation 879 |
| ECF Nos. 185–187 | 35 | Additional Defendant filings requiring review and consideration of responsive obligations |
| First Written Discovery | 65 | Interrogatories, RFPs, RFAs, and anticipated deposition discovery |
| Second Written Discovery | 56 | Successive RFPs and RFAs continuing the numbering of the first discovery packet |
| **TOTAL** | **494** | Hundreds of separately numbered allegations and discovery demands requiring individualized review and response |

The page totals above reflect only the physical volume of the materials and do not capture the substantially greater number of separately numbered allegations and discovery requests contained within those pages.

**EXHIBIT A-1**

**REPRESENTATIVE DISCOVERY REQUIRING SPECIFIC RESPONSES CONCERNING THE UNPRODUCED LARA RECORD**

Defendant/Counter-Plaintiff's First Interrogatories to Plaintiff/Counter-Defendant

Interrogatory Nos. 1–7 | Pages 10–12

Representative excerpts demonstrating requests requiring Plaintiff to identify the underlying 2024 LARA complaints or communications, state with precision the allegedly defamatory words, and identify evidence concerning their contents, authorship, and attribution before Plaintiff has received and reviewed the complete underlying LARA agency record.

## DEFENDANT'S FIRST INTERROGATORIES TO PLAINTIFF

**Interrogatory No. 1**

Identify each distinct 2024 LARA complaint or communication upon which Plaintiff bases any request for damages, judgment, or injunctive relief against Defendant.

**Answer/Objection:**

---

**Interrogatory No. 2**

State the words Plaintiff presently contends were false and defamatory in Defendant's LARA Communication as precisely as Plaintiff contends those words were communicated.

**Answer/Objection:**

---

**Interrogatory No. 3**

Identify each source through which Plaintiff first learned any portion of the alleged substance of Defendant's LARA Communication.

**Answer/Objection:**

---

**Interrogatory No. 4**

Identify the evidence upon which Plaintiff relies to establish the actual content of Defendant's LARA Communication.

**Answer/Objection:**

---

**Interrogatory No. 5**

Identify the evidence upon which Plaintiff relies to establish that Defendant authored or submitted each particular LARA communication for which Plaintiff seeks relief from Defendant.

**Answer/Objection:**

**Interrogatory No. 6**

State the factual basis upon which Plaintiff contends that a Williams LARA Communication may legally be attributed to Defendant through agency, direction, authorization, control, agreement, concerted action, or another relationship.

**Answer/Objection:**

**Interrogatory No. 7**

State the factual basis upon which Plaintiff contends that the challenged factual content of Defendant's LARA Communication was false.

**Answer/Objection:**

**EXHIBIT A-2**

**REPRESENTATIVE REQUESTS FOR PRODUCTION DEPENDENT UPON THE UNDERLYING LARA RECORD**

Defendant/Counter-Plaintiff's First Requests for Production to Plaintiff/Counter-Defendant Requests for Production Nos. 1–9 | Pages 19–21

Representative excerpts demonstrating requests for production seeking the underlying 2024 LARA communications, Plaintiff's communications with LARA, agency notices and disposition records, and documents concerning the contents, authorship, falsity, and attribution of the LARA communications before Plaintiff has received and reviewed the complete underlying LARA agency record.

## DEFENDANT'S FIRST REQUESTS FOR PRODUCTION TO PLAINTIFF

**Request for Production No. 1**

Produce every copy, reproduction, screenshot, photograph, transcript, summary, allegation description, or excerpt of any 2024 LARA complaint or communication Plaintiff contends forms the basis of the Remaining LARA Claim.

**Response/Objection:**

---

**Request for Production No. 2**

Produce all communications between Plaintiff and LARA concerning the 2024 LARA communications forming the Remaining LARA Claim.

**Response/Objection:**

---

**Request for Production No. 3**

Produce all LARA notices, allegation summaries, status letters, closure letters, disposition records, administrative complaints, orders, or other records concerning the disposition of Defendant's LARA Communication.

**Response/Objection:**

---

**Request for Production No. 4**

Produce all documents upon which Plaintiff relies to establish that Defendant authored or submitted the specific LARA communication for which Plaintiff seeks relief.

**Response/Objection:**

---

**Request for Production No. 5**

Produce all documents upon which Plaintiff relies to establish the actual words or substance of Defendant's LARA Communication.

**Response/Objection:**

---

**Request for Production No. 6**

Produce all documents upon which Plaintiff relies to establish that a factual statement contained in Defendant's LARA Communication was false.

**Response/Objection:**

---

**Request for Production No. 7**

Produce all documents upon which Plaintiff relies to establish that Defendant knew a challenged statement was false or acted with reckless disregard for its truth or falsity.

**Response/Objection:**

---

**Request for Production No. 8**

Produce all communications between Plaintiff and Keva Williams concerning any 2024 complaint, report, or communication to LARA about Plaintiff.

**Response/Objection:**

---

**Request for Production No. 9**

Produce all documents upon which Plaintiff relies to contend that Defendant directed, controlled, authorized, paid, coordinated with, or acted jointly with Keva Williams concerning a LARA complaint about Plaintiff.

**Response/Objection:**

---

**EXHIBIT A-3**

**REPRESENTATIVE DISCOVERY CONCERNING HISTORICAL EVENTS, THIRD PARTIES, ONLINE ACTIVITY, AND COLLATERAL SUBJECTS**

Defendant/Counter-Plaintiff's Second Requests for Admission to Plaintiff/Counter-Defendant

Requests for Admission Nos. 98–113 | Pages 25–29

Representative excerpts illustrating the breadth of subjects encompassed by Defendant's successive discovery, including historical third-party records, PPO-related matters, online accounts and identifiers, third-party associates, and technical-misconduct allegations.

**Request for Admission No. 98**

Admit that before publicly displaying or discussing the March 3, 2020 bankruptcy records as records concerning the Keva Williams involved in Plaintiff's online dispute, Plaintiff had not confirmed that the debtor identified in those records was the same person.

**Answer/Objection:**

**Request for Admission No. 99**

Admit that Keva Williams alleged in support of her 2024 Personal Protection Order petition that Plaintiff attempted to identify, expose, or publicly disclose personal information concerning Williams.

**Answer/Objection:**

**Request for Admission No. 100**

Admit that materials submitted in support of Keva Williams's Personal Protection Order petition included March 3, 2020 bankruptcy records that Williams contended concerned **a different Keva Williams**.

**Answer/Objection:**

**Request for Admission No. 101**

Admit that allegations supporting Keva Williams's Personal Protection Order petition included alleged unwanted online contact, repeated tagging, and attempted public exposure of personal information.

**Answer/Objection:**

**Request for Admission No. 102**

Admit that on or about **January 24, 2024**, Plaintiff published or participated in online content concerning Keva Williams titled substantially:

**"Keva 'YOUR CHANNELS ARE A FLOP' Then Watch Her Roar Like A Bear."**

**Answer/Objection:**

## XI. MESSYDANI AND DFOR DANIELLE

**Request for Admission No. 103**

Admit that before February 25, 2025, Plaintiff knew that **MessyDani** was a name or identifier associated with Defendant's website or online identity.

**Answer/Objection:**

**Request for Admission No. 104**

Admit that Plaintiff used the identifier **MessyDani** in connection with an online account, social-media account, payment account, or promotional activity.

**Answer/Objection:**

**Request for Admission No. 105**

Admit that the DForDanielle profile displayed a link to **Cash App `$MessyDani`**.

**Answer/Objection:**

**Request for Admission No. 106**

Admit that the DForDanielle profile displayed a link to an Instagram account using the identifier **`messydani`**.

**Answer/Objection:**

**Request for Admission No. 107**

Admit that the DForDanielle profile displayed a link to a Stationhead account using the identifier **`dfordanielle`**.

**Answer/Objection:**

**Request for Admission No. 108**

Admit that the DForDanielle profile displaying $MessyDani, messydani, and dfordanielle also displayed the email address **unwinewithteddy@gmail.com**.

**Answer/Objection:**

## XII. "DIRTY 40" AND ASSOCIATE-FOCUSED CONDUCT

**Request for Admission No. 109**

Admit that Plaintiff publicly used the terms **"Dirty 40"** or **"Dirty Forty"** when discussing Defendant or persons Plaintiff associated with Defendant.

**Answer/Objection:**

**Request for Admission No. 110**

Admit that Plaintiff associated persons Plaintiff believed were Defendant's friends, moderators, subscribers, supporters, or associates with the **"Dirty 40."**

**Answer/Objection:**

**Request for Admission No. 111**

Admit that Plaintiff publicly used the term **"co-conspirator"** when discussing at least one person Plaintiff associated with the "Dirty 40."

**Answer/Objection:**

## XIII. HACKING AND TECHNICAL ACCUSATIONS

**Request for Admission No. 112**

Admit that before or during the LARA investigation Plaintiff publicly accused Defendant of hacking Plaintiff's YouTube channel, manipulating source code, or engaging in comparable unauthorized technical activity.

**Answer/Objection:**

## XIV. DELETED, HIDDEN, PRIVATE, OR UNLISTED PUBLICATIONS

**Request for Admission No. 113**

Admit that Plaintiff deleted, hid, made private, made unlisted, or otherwise removed from public availability at least one previously public video or livestream concerning Defendant.