23

FILED
AUG 28 2026
CLERK'S OFFICE
DETROIT

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF MICHIGAN**

**SOUTHERN DIVISION**

| | |
|---|---|
| **SYBRENA EVANS,** | Case No. 5:24-cv-13435-JEL-EAS |
| Plaintiff/Counter-Defendant, | Hon. Judith E. Levy |
| v. | Mag. Judge Elizabeth A. Stafford |
| **DANIELLE ROBERTSON, et al.,** | |
| Defendants. | |

**DEFENDANT/COUNTER-PLAINTIFF JOSEPHINE KENNEDY'S SPECIFIC OBJECTIONS TO THE AMENDED REPORT AND RECOMMENDATION AT ECF NO. 181 UNDER FED. R. CIV. P. 72(b) AND 28 U.S.C. § 636(b)(1)**

Defendant/Counter-Plaintiff **Josephine Kennedy**, the individual sued in this action under the designation "Danielle Robertson," appearing pro se, respectfully submits the following specific objections to the Amended Report and Recommendation entered August 12, 2026 at ECF No. 181.

ECF No. 181 recommends the case-dispositive sanction of default judgment because Defendant previously failed to comply with orders requiring disclosure of her legal identity and postal address. Defendant recognizes the general rule, repeatedly stated in the R&R, that an operative court order ordinarily must be obeyed unless stayed or reversed. Defendant does not ask the District Court to hold that the existence of a legal objection, by itself, automatically excused compliance with an operative order.

The question now before the District Court, however, is materially different from whether Defendant previously complied on the dates ordered.

Before any default judgment has been entered, Defendant has disclosed her legal identity, designated a complete postal address for this action, answered Plaintiff's sole surviving claim, asserted affirmative defenses and counterclaims, and continued participating in the ordinary adversarial process while preserving her service and jurisdictional objections. See ECF No. 187, PageID.4415–4421. Thus, the continuing noncompliance on which ECF No. 181's prospective prejudice and lesser-sanction findings depended no longer exists.

The Amended R&R also corrected a material claim-scope error in the original recommendation. It now expressly acknowledges that, after dispositive motion practice, "Evans's sole remaining claim is defamation stemming from Robertson's and Williams's alleged LARA complaints." ECF No. 181, PageID.4119. Yet portions of its prejudice and sanctions analysis continue to rely upon copyright matters, Copyright Claims Board activity, YouTube communications, multiple alleged aliases, and other allegations connected with causes of action and theories that have been dismissed or otherwise eliminated. ECF No. 181, PageID.4119 n.4, further acknowledges that Defendant identified the original R&R's mistaken three-claim description, prompting correction in the Amended R&R.

Defendant's disclosure also removes the identity-related obstacle the Court previously identified as preventing completion of Rule 4 service. See ECF No. 159, PageID.3498 n.2. The Court may now determine what further Rule 4 process, if any, remains required in light of Defendant's disclosed legal name and designated postal address.

Defendant therefore respectfully requests that Judge Levy conduct the required de novo review, consider Defendant's intervening compliance and the present posture of the case, reject the recommendation of default judgment, and permit the sole surviving claim to proceed through the ordinary adversarial process.

## STATEMENT OF ISSUES PRESENTED

1. Whether ECF No. 181, which recommends a case-dispositive default judgment, is subject to de novo review under Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1)(C).

2. Whether default judgment remains necessary or proportionate under the KCI factors where Defendant complied before judgment, continued participating, and ECF No. 176 provides an existing vehicle for claim-specific factual development.

3. Whether ECF No. 181 incorrectly treats Defendant's First Amendment anonymity objection as waived or forfeited despite Defendant's repeated assertion and preservation of that objection, and whether any earlier preservation ruling may prospectively foreclose Defendant's timely and distinct objections to the third-party identity discovery later authorized by ECF No. 176.

4. Whether liability by sanction is appropriate where only the LARA-defamation claim remains, ECF No. 138 acknowledged that the exact LARA substance was unknown, and ECF Nos. 191 and 192 confirm that the complete record, causation, damages, attribution, and prospective relief still require factual development.

5. Whether Defendant's claim-specific defenses—including statutory good-faith reporting immunity, common-law qualified privilege, truth or substantial truth, lack of actual malice, attribution, causation, and damages—support merits adjudication rather than liability imposed by sanction.

6. Whether, now that Defendant has disclosed her legal identity and designated postal address, the Court should permit completion of whatever Rule 4 process remains required before entering a final default judgment.

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

Fed. R. Civ. P. 72(b)(2)–(3)

28 U.S.C. § 636(b)(1)(C)

Callier v. Gray, 167 F.3d 977, 981 (6th Cir. 1999)

KCI USA, Inc. v. Healthcare Essentials, Inc., 801 F. App'x 928, 934 (6th Cir. 2020)

Mulbah v. Detroit Board of Education, 261 F.3d 586, 591 (6th Cir. 2001)

Maness v. Meyers, 419 U.S. 449, 458–59 (1975)

*Signature Mgmt. Team, LLC v. Doe*, 876 F.3d 831, 835–36 (6th Cir. 2017)

United States v. Olano, 507 U.S. 725, 733 (1993)

*Gable v. Lewis*, 201 F.3d 769, 771–73 (6th Cir. 2000)

New London Tobacco Market, Inc. v. Kentucky Fuel Corp., 44 F.4th 393, 403, 410 (6th Cir. 2022)

Fed. R. Civ. P. 65(d)(1)

Fed. R. Civ. P. 4

Mich. Comp. Laws § 333.16244(1)

## STANDARD OF REVIEW

Because ECF No. 181 recommends entry of a default judgment, these specific objections are governed by Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1)(C). The District Judge must determine de novo any properly objected-to portion and may accept, reject, or modify the recommendation, receive further evidence, or recommit the matter with instructions. Fed. R. Civ. P. 72(b)(2)–(3); 28 U.S.C. § 636(b)(1)(C); E.D. Mich. LR 72.1(a)(2)(C), (d).

Rule 72(b)(3) and 28 U.S.C. § 636(b)(1)(C) permit the District Judge to receive further evidence and recommit the matter with instructions. Because material post-R&R circumstances are already reflected on this Court's docket, Defendant respectfully asks the Court to consider those

intervening circumstances in determining whether the recommended sanction remains necessary and proportionate.

**OBJECTION NO. 1**

**ECF NO. 181 APPLIES THE WRONG RULE AND STANDARD OF REVIEW TO A DISPOSITIVE RECOMMENDATION**

Defendant specifically objects to the Notice at ECF No. 181, PageID.4133, which states:

> "Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law."

That is the standard for a magistrate judge's **nondispositive order**. Fed. R. Civ. P. 72(a).

ECF No. 181 is not such an order. It expressly "RECOMMENDS that a default judgment be entered against Robertson." ECF No. 181, PageID.4131.

The Sixth Circuit has held that a motion for default judgment is dispositive because it is substantially similar to matters enumerated in 28 U.S.C. § 636(b)(1)(A). *Callier*, 167 F.3d at 981. A recommendation that judgment be entered against a party on liability is therefore case-dispositive.

Rule 72(b)(3), not Rule 72(a), therefore supplies the applicable review standard.

Defendant respectfully requests that Judge Levy review every properly objected-to portion of ECF No. 181 **de novo**.

## OBJECTION NO. 2

## INTERVENING COMPLIANCE MATERIALLY CHANGES THE KCI PREJUDICE, CULPABILITY, LESSER-SANCTION, AND NECESSITY ANALYSES

Defendant specifically objects to ECF No. 181, PageID.4129–4131, insofar as the recommendation rests on findings that Plaintiff "has been and will continue to be prejudiced," that identity-based conduct will continue to impede discovery, and that "only a default judgment" can protect the Court's orders. Those findings were made while Defendant remained in noncompliance. Before judgment, Defendant disclosed her legal identity, designated a postal address, filed her Answer, affirmative defenses, and counterclaims, and documented compliance. ECF No. 187, PageID.4415–4421. Later compliance does not erase prior missed deadlines; it changes the present necessity and proportionality inquiry.

ECF No. 181 applies the four *KCI* factors: willfulness or bad faith, prejudice, prior warning, and consideration of lesser sanctions. *KCI USA, Inc. v. Healthcare Essentials, Inc.*, 801 F. App'x 928, 934 (6th Cir. 2020). The changed record directly affects prejudice and lesser sanctions. The R&R's statement that Plaintiff "will continue to be prejudiced" was forward-looking and rested on an ongoing refusal that no longer exists. Plaintiff now has Defendant's disclosed identity and postal address, Defendant has answered, and the Court has an existing discovery schedule through November 13, 2026 under ECF No. 176. The relevant present question is therefore not whether historical delay occurred, but whether that delay now makes merits adjudication impracticable. The current docket shows that claim-specific factual development remains available.

Plaintiff's own post-R&R discovery position further bears on the asserted continuing prejudice. Plaintiff states that she does not possess the complete LARA record, cannot accurately characterize materials she has not received, and cannot yet provide complete discovery concerning

causation and damages. See ECF No. 191, PageID.4451. Her filing also attaches Defendant's interrogatories directed to content, authorship, attribution, and falsity. Id., PageID.4464–4467. Thus, claim-specific factual development remains necessary regardless of Defendant's earlier nondisclosure, and the present posture favors completion of that factual development rather than entry of liability by sanction.

The existing schedule gives the Court practical tools to address any residual prejudice without entering liability by sanction. ECF No. 176 already created a defined discovery period, and direct disclosure has satisfied the principal identity objective that drove the continuing-prejudice concern. The Court can manage remaining discovery, require prompt responses, resolve concrete disputes as they arise, and impose prospective deadlines tailored to the surviving claim. Nothing about the present posture requires the Court to treat past delay as proof of the elements of the LARA tort claim. The availability of ordinary case-management tools materially changes the premise that "only a default judgment" can move the case forward.

The lesser-sanction analysis has likewise changed. In *KCI*, monetary sanctions had already been imposed and misconduct continued. 801 F. App'x at 934. Here, compliance occurred before default judgment. If historical delay warrants a consequence, the Court retains narrower alternatives: firm prospective compliance orders, an express warning tied to future violations, reasonable costs or expenses causally attributable to sanctionable conduct if authorized by applicable law, or another tailored non-case-dispositive measure. The prior warning may weigh against Defendant, but no single factor is dispositive. *Mulbah v. Detroit Board of Education*, 261 F.3d 586, 591 (6th Cir. 2001).

Defendant also does not dispute the general rule in *Maness v. Meyers*, 419 U.S. 449, 458–59 (1975), that an operative order ordinarily must be obeyed unless stayed or reversed. Nor does

Defendant contend that filing objections automatically suspended an unstayed order. But culpability remains a matter of degree and must be evaluated in the posture that exists when the Court decides whether to impose the ultimate sanction. Defendant did not abandon the litigation, disappear, destroy merits evidence, or refuse all participation. She repeatedly appeared, sought judicial review, filed objections and responses, answered the surviving claim, asserted defenses and counterclaims, participated in discovery, and ultimately complied before entry of default judgment. That course of conduct does not erase the violation, but it differs materially from a record in which a party remains absent or continues refusing the conduct needed for the case to proceed.

It nevertheless bears on whether the record shows continuing obstruction or whether only default will secure participation. *Mulbah* explains that culpability requires conduct displaying an intent to thwart judicial proceedings or reckless disregard for the effect of the conduct on those proceedings. 261 F.3d at 591. Defendant's eventual compliance and continued participation therefore bear on the present culpability and necessity analysis.

The distinction matters because the sanction conduct and the tort merits are not the same issue. Earlier nondisclosure may support an appropriate consequence for violation of the Court's orders, but it does not answer what was communicated to LARA, who authored each communication, whether any statement was false, whether a report was privileged or statutorily protected, whether actual malice existed, or what injury the communication caused. Default would therefore do more than enforce the disclosure orders; it would substitute the disclosure violation for adjudication of disputed elements of the surviving state-law tort that are now capable of resolution through evidence.

Most importantly, the identity-and-address nondisclosure did not itself establish the content, truth or falsity, privilege, malice, speaker attribution, causation, or damages of the alleged LARA communications. Those merits questions remain available for ordinary proof. The Court can therefore address historical noncompliance separately from the tort merits. Defendant respectfully requests reassessment of the *KCI* factors on the present record and rejection of default as unnecessary and disproportionate.

**OBJECTION NO. 3**

**DEFENDANT DID NOT WAIVE OR FORFEIT HER FIRST AMENDMENT ANONYMITY OBJECTIONS, AND ANY EARLIER PRESERVATION RULING DOES NOT PROSPECTIVELY FORECLOSE A TIMELY OBJECTION TO THE LATER IDENTITY-DISCOVERY ORDER**

Defendant specifically objects to ECF No. 181, PageID.4125–4128, insofar as the Amended R&R characterizes Defendant's First Amendment anonymity position as waived or forfeited and treats that determination as foreclosing later identity-related objections. ECF No. 181 itself recognizes that "[a]n author's decision to remain anonymous is an aspect of the freedom of speech protected by the First Amendment." ECF No. 181, PageID.4125.

*Signature Management Team, LLC v. Doe* recognizes that anonymous expression implicates the First Amendment and distinguishes prejudgment efforts to identify an anonymous defendant from disclosure after liability has been established by judgment. 876 F.3d 831, 835–36 (6th Cir. 2017). In discussing prejudgment unmasking, the Sixth Circuit explained that tests developed in other courts are designed to safeguard against unmasking potentially nonliable anonymous defendants. 876 F.3d at 835–36. Defendant relies on *Signature Management* only for those limited principles. The decision does not establish an absolute right to remain anonymous, adopt a

categorical Sixth Circuit test barring identity discovery, excuse noncompliance with an unstayed order, or immunize actionable speech from liability. Its relevance here is that Defendant's anonymity objection implicated a recognized First Amendment interest before liability on the surviving claim had been adjudicated on a merits record, while ECF No. 138 acknowledged that the exact substance of the alleged LARA communications was unknown. Defendant has now complied with the disclosure directive while continuing to preserve her objection.

Waiver and forfeiture are distinct. Waiver is the intentional relinquishment of a known right; forfeiture concerns the failure timely to assert one. *United States v. Olano*, 507 U.S. 725, 733 (1993). Defendant disputes both characterizations. The record does not establish an intentional abandonment of the First Amendment position. Defendant repeatedly asserted constitutional objections to compelled identity disclosure, expressly disputed waiver in ECF No. 150, preserved First Amendment and identity-related objections in subsequent filings, and expressly preserved those objections when ultimately complying. See ECF No. 150, PageID.3395–3398; ECF No. 178, PageID.3991–3992; ECF No. 187, PageID.4415–4421.

The later record confirms that those objections remained expressly asserted rather than abandoned. ECF No. 178 preserved Defendant's Rule 72(b) objection to the earlier forfeiture determination and separately explained that the forfeiture finding did not resolve the distinct question presented by ECF No. 176. ECF No. 176 newly authorized third-party identity discovery and itself advised the parties that objections to that nondispositive discovery order could be filed under Rule 72(a). ECF No. 176, PageID.3966. Defendant timely invoked that procedure rather than treating an earlier ruling as eliminating her ability to challenge materially distinct later discovery.

Defendant therefore maintains that her First Amendment objection was not forfeited. Alternatively, even if the Court adheres to an earlier procedural-forfeiture determination concerning the disclosure orders then before it, that determination should be confined to the particular argument and procedural stage in which the Court found inadequate preservation. It should not operate prospectively as a perpetual forfeiture of objections to a later discovery order involving different scope, means, proportionality, third-party records, and a materially narrowed merits posture.

This distinction is particularly concrete here. ECF No. 176 authorized a new form of third-party discovery after the litigation had been narrowed to the sole LARA-defamation claim, and the Order expressly provided a new Rule 72(a) objection procedure. Defendant's ECF No. 178 then expressly invoked that distinction, stating that even assuming an earlier constitutional objection had been inadequately preserved, Defendant could still present a timely objection to the new discovery order based upon the subsequent claim posture and the Federal Rules governing discovery.

Defendant does not ask the District Court in these Rule 72(b) objections to adjudicate every issue presented by her separate Rule 72(a) challenge to ECF No. 176. The narrower point is one of preservation: ECF No. 181 should not convert an earlier waiver or forfeiture ruling into a prospective extinguishment of Defendant's First Amendment objections to materially distinct later identity discovery. Nor should Defendant's eventual compliance itself be treated as surrendering constitutional, discovery, service, jurisdictional, or appellate objections that she expressly preserved.

**OBJECTION NO. 4**

**THE SOLE SURVIVING LARA-DEFAMATION CLAIM MUST GOVERN PREJUDICE, LIABILITY, DISCOVERY, DAMAGES, AND INJUNCTIVE RELIEF**

ECF No. 181 correctly states that, after dispositive motions, "Evans's sole remaining claim is defamation stemming from Robertson's and Williams's alleged LARA complaints." ECF No. 181, PageID.4119. That narrowing must govern the analysis. Copyright, CCB/YouTube, and other eliminated theories cannot continue as independent sources of liability, damages, or injunctive relief. Distinct publications likewise should not be collapsed into a single professional-misconduct narrative: public statements, Defendant's alleged LARA submission, Williams's alleged LARA submission, and later discussion of the regulatory process may involve different speakers, audiences, wording, dates, defenses, causation, and damages. Defendant's Answer specifically disputes the characterization of the alleged LARA communication, which is precisely the type of issue ordinary merits adjudication can test. If default were imposed, it would not establish the amount of damages; damages must still be proved. *New London Tobacco Market, Inc. v. Kentucky Fuel Corp.*, 44 F.4th 393, 403 (6th Cir. 2022). Because Plaintiff's sole surviving claim is the LARA-defamation claim, any recoverable damages must be proved as attributable to that claim.

ECF No. 181's background necessarily recounts allegations from Plaintiff's Complaint, but those allegations remain materially disputed. Defendant's First Amended Answer and Counterclaims now place a competing factual account and supporting record before the Court concerning the parties' multi-year course of conduct, the circumstances surrounding the regulatory dispute, attribution, causation, and reputational history. See ECF No. 184. Defendant does not ask the Court to accept her counter-allegations as established merely because they have been pleaded. The significance is that competing factual accounts now exist and are capable of being tested

through discovery and evidence. Entry of default would terminate that adversarial process and risk allowing one party's disputed historical narrative—including allegations associated with claims already dismissed—to become the operative account without consideration of Defendant's defenses, counterclaims, and supporting evidence. That consequence further supports merits adjudication and a lesser response to the historical disclosure violation rather than liability by sanction.

The resulting prejudice is not that the Court summarized Plaintiff's allegations; it is that default would prevent Defendant from meaningfully contesting those allegations at the very point when a developed competing record and ordinary merits process are now available.

The operative Complaint itself demonstrates the problem. It separately identifies an August 2022 public statement that Plaintiff had been "found guilty of medical malpractice," ECF No. 1, PageID.49, but ECF No. 138 held the older defamation theories time-barred. The surviving 2024 allegations are materially different. Exhibit X alleges only that Defendant filed "additional false claims" with the Michigan Medical Board in June and September 2024 in an effort to have Plaintiff's license revoked; neither that allegation nor the attached LARA acknowledgment letters identifies the factual substance of those allegedly false claims. ECF No. 1, PageID.60–61. ECF No. 181 likewise distinguishes the public malpractice accusation from the later alleged LARA reports for "professional misconduct." ECF No. 181, PageID.4117. Thus, when ECF No. 138 acknowledged that "[t]he exact substance of the LARA complaints is unknown" and concluded that surrounding allegations "support an inference" of malpractice, ECF No. 138, PageID.3074, malpractice was a pleading-stage inference concerning an unidentified publication—not factual language actually alleged as having appeared in the surviving 2024 LARA reports.

Plaintiff's subsequent position makes that distinction material to the scope of the proposed default. Plaintiff later expressly stated that the surviving claim "does not depend on a technical malpractice accusation." ECF No. 147, PageID.3271. Plaintiff instead discussed other forms of alleged professional misconduct while continuing to acknowledge that she did not possess the actual regulatory submissions or their precise wording. Those later descriptions may bear on merits discovery, but they do not themselves amend the operative Complaint or determine the factual scope of what would be admitted through default.

*New London Tobacco Market* confirms that default judgment on a particular claim may stand only if there is a sufficient basis in the pleadings for the judgment entered, and that conclusions of law are not admitted by default. 44 F.4th at 410. Defendant relies on *New London Tobacco Market* only for that rule. The operative Complaint alleges that Defendant filed additional false claims with the Michigan Medical Board in June and September 2024 but does not identify the factual substance of those alleged submissions. ECF No. 1, PageID.60–61. Defendant therefore objects to treating ECF No. 138's pleading-stage malpractice inference as though the Complaint itself alleged that malpractice was the content of the surviving 2024 LARA communications. Any factual matter treated as admitted through default should remain confined to the well-pleaded factual allegations actually contained in the operative Complaint.

Plaintiff's post-R&R filings reinforce that the surviving claim remains dependent on factual development. In ECF No. 191, Plaintiff states that she does not possess the complete LARA agency

record and that the missing record materially affects her ability to provide complete discovery concerning causation and damages. She further states that she cannot presently provide a "complete and informed attribution or substantiation of damages" without knowing the complete contents and context of the LARA communications and supporting materials. ECF No. 191, PageID.4451.

The unresolved matters extend beyond damages. Plaintiff attached Defendant's interrogatories requiring identification of the particular LARA communications, the allegedly defamatory words as precisely as Plaintiff contends they were communicated, the evidence establishing content and authorship, the basis for attributing any Williams communication to Defendant, and the factual basis for alleged falsity. Id., PageID.4464–4467. ECF No. 192 likewise states that Plaintiff cannot finally formulate the injunctive relief she seeks without first obtaining and reviewing the underlying LARA record, while accepting that later evidentiary proceedings will be necessary to determine damages. ECF No. 192, PageID.4488–4493. These are central factual components of the surviving claim and requested relief, not merely collateral issues.

That unresolved posture also matters under Fed. R. Civ. P. 65(d)(1), which requires every injunction to state its terms specifically and describe in reasonable detail the acts restrained or required. Plaintiff's acknowledged inability to finally formulate claim-specific injunctive relief without the underlying LARA record further supports factual development before any final injunctive relief is imposed.

Those admissions matter to more than the size of a later award. The content of the report bears on whether there is an actionable false statement at all; authorship and attribution bear on whether a communication can be charged to Defendant; the factual basis for falsity bears on truth and substantial truth; and the complete agency record bears on whether the alleged publication caused

the injuries for which Plaintiff seeks relief. Plaintiff's own newest filings therefore describe a case in which central elements and defenses remain dependent on evidence that neither side has yet fully developed.

The ordinary adversarial process is now available to perform that factual development. Defendant has complied, answered the surviving claim, asserted affirmative defenses and counterclaims, and is participating in discovery. Plaintiff has likewise requested additional time to "answer, move, or otherwise respond" to Defendant's counterclaims. See ECF No. 194, PageID.4512, 4515–4516. The parties are therefore in a functioning adversarial case capable of resolving content, speaker, falsity, privilege or immunity, actual malice, attribution, causation, damages, and relief through evidence. That course is particularly appropriate where LARA ultimately closed the matters after informing Plaintiff that no violations could be substantiated. ECF No. 181, PageID.4118–4119. That agency result does not itself resolve liability or damages, but it reinforces the need for claim-specific proof.

The same distinction applies to actual malice. ECF No. 138 did not make an evidentiary finding that Defendant acted with actual malice; it took Plaintiff's allegation as true under Rule 12(b)(6) and held that Plaintiff plausibly alleged facts sufficient to overcome qualified privilege at the pleading stage. ECF No. 138, PageID.3075–3076. Where the precise underlying statement remains unknown, pleading sufficiency is not the same as evidentiary proof that Defendant knew a particular statement was false or recklessly disregarded its truth. Nor does the identity-disclosure violation establish that mental state. The R&R itself recommends an evidentiary hearing to determine damages and requires Plaintiff to narrow her requested injunction because "only a defamation claim remains." ECF No. 181, PageID.4131–4132. If factual proceedings are required to determine the consequences of the alleged LARA reports, ordinary merits adjudication provides

the more coherent means to determine both what was actually communicated and what relief, if any, follows. Accordingly, whether the Court rejects default or imposes some lesser sanction, the sole surviving LARA claim should define the permissible scope of liability, prejudice, discovery, damages, and injunctive relief; a sanction should not restore dismissed theories or transform identity nondisclosure into proof of the unknown LARA communications.

**OBJECTION NO. 5**

**CLAIM-SPECIFIC DEFENSES SUPPORT MERITS ADJUDICATION NOW THAT COMPLIANCE HAS OCCURRED**

Defendant specifically objects to the recommendation at ECF No. 181, PageID.4131, insofar as entry of liability default would foreclose merits adjudication of claim-specific defenses whose application depends upon the undeveloped LARA record.

Defendant has filed an Answer specifically addressing the alleged LARA communication and asserting, among other defenses, statutory good-faith reporting immunity under Mich. Comp. Laws § 333.16244, common-law qualified privilege, truth or substantial truth, failure to identify an actionable false statement, absence of actual malice, no agency or joint publication as to Williams, causation, damages, limitations, and applicable First Amendment protections.

The governmental recipient of the surviving alleged communication presents a separate First Amendment consideration from Defendant's anonymity objection. In *Gable v. Lewis*, the Sixth Circuit held that the Petition Clause extends to complaints submitted to nonlegislative and nonjudicial public agencies. 201 F.3d 769, 771–73 (6th Cir. 2000). Defendant relies on *Gable* only for the proposition that submitting a complaint to a governmental administrative agency constitutes petitioning activity protected by the Petition Clause. Defendant does not contend that *Gable* immunizes defamatory statements, establishes the truth of any alleged LARA communication, or

resolves Plaintiff's surviving defamation claim. Its relevance is that the alleged LARA communication occurred through a form of activity recognized by the Sixth Circuit as petitioning government, while the separate questions of what was communicated, whether it was false, whether privilege or statutory immunity applies, whether actual malice existed, and what injury resulted remain merits questions.

Those defenses are claim-specific and turn on the very facts Plaintiff now says remain unresolved. The actual LARA words bear on whether a statement is actionable and on truth or substantial truth; the nature, purpose, and recipient of the report bear on statutory immunity and qualified privilege; the identity of the speaker and surrounding circumstances bear on attribution and actual malice; and Plaintiff's acknowledged need for the complete LARA record bears directly on causation and damages. See ECF No. 191, PageID.4451, 4464–4467. These are not abstract defenses inserted to avoid default. They correspond to the same factual questions Plaintiff's own discovery filing identifies as still requiring answers. The point is not to adjudicate those defenses here, but to recognize that the ordinary merits process has concrete factual work to do.

Mich. Comp. Laws § 333.16244(1) provides civil and criminal immunity for qualifying good-faith reporting activity under Article 15 and expressly presumes good faith. Defendant does not contend that the statute automatically immunizes every communication; whether the statutory conditions are satisfied depends on the actual report and surrounding facts. Separately, ECF No. 138 recognized that Michigan's common-law qualified privilege applies to a report of medical malpractice to a state regulatory agency and may be overcome only by actual malice. ECF No. 138, PageID.3074–3076. These are substantive, claim-specific defenses whose application depends on the evidentiary record that remains undeveloped.

Because those defenses turn on the actual communication, its speaker and purpose, Defendant's state of mind, and the injury allegedly caused, their application depends upon the evidentiary record the present merits process is capable of developing.

The Court therefore need not choose between enforcing its orders and adjudicating the merits. A tailored sanction can address historical identity-related noncompliance without treating that procedural violation as substantive evidence that an unidentified LARA statement was false, malicious, unprivileged, attributable to Defendant, or damaging. Now that disclosure has occurred, the procedural violation and the merits of the surviving tort claim can be addressed separately.

**OBJECTION NO. 6**

**THE COURT SHOULD DETERMINE WHAT FURTHER RULE 4 PROCESS, IF ANY, REMAINS BEFORE ENTRY OF FINAL DEFAULT JUDGMENT**

Defendant specifically objects to the recommendation at ECF No. 181, PageID.4131, insofar as final default judgment would be entered before the Court determines what further Rule 4 process, if any, remains required.

Defendant has now disclosed her legal identity and designated a postal address for this action. The identity-and-address uncertainty previously identified by the Court therefore no longer presents the same obstacle. Defendant does not, however, concede that prior Rule 4 service was proper, consent to personal jurisdiction, or waive any preserved service objection. The Court may determine what further Rule 4 process, if any, remains required in light of the present record.

**CONCLUSION AND REQUESTED RELIEF**

For the foregoing reasons, Defendant respectfully requests that Judge Levy:

1. APPLY Rule 72(b) and 28 U.S.C. § 636(b)(1)(C) and conduct de novo review of the portions of ECF No. 181 specifically challenged;

2. CONSIDER Defendant's intervening compliance, continued participation, merits Answer and defenses, and the existing discovery posture; REJECT the recommendation of default judgment because the present record materially changes the prejudice, culpability, necessity, and lesser-sanction analyses; and, if a sanction remains warranted, employ a lesser non-case-dispositive sanction proportionate to the historical conduct;

3. CONFINE the case to the sole surviving LARA-defamation claim and permit that claim, Defendant's defenses, and properly pending counterclaims to proceed through the ordinary adversarial process so that the actual content and speaker of the alleged LARA publications and the disputed issues of falsity, privilege or immunity, actual malice, attribution, causation, damages, and relief may be determined through evidence;

4. DECLINE to find that Defendant waived or forfeited her First Amendment anonymity objections; alternatively, LIMIT any procedural-forfeiture determination to the particular argument and procedural stage in which the Court concludes preservation was inadequate, without extending that determination prospectively to Defendant's timely and materially distinct objections to third-party identity discovery authorized by ECF No. 176; and DECLINE to treat Defendant's subsequent compliance as an intentional relinquishment of preserved constitutional, discovery, service, jurisdictional, or appellate objections;

5. PERMIT the Court to determine what further Rule 4 process, if any, remains required in light of Defendant's disclosed legal name and designated postal address, without treating Defendant's compliance as a waiver of any preserved service or personal-jurisdiction objection; and

6. ALTERNATIVELY, if default is nevertheless imposed, LIMIT any liability judgment to the well-pleaded factual allegations actually contained in the

operative Complaint; do not treat ECF No. 138's pleading-stage inference concerning malpractice, any separate public statement, later briefing, or legal conclusion as though it were pleaded factual content of the alleged June or September 2024 LARA submissions; REQUIRE separate proof of legally recoverable damages and relief attributable to the sole surviving LARA-defamation claim; and, if additional factual development is needed to evaluate the changed record, receive further evidence or recommit the matter under Fed. R. Civ. P. 72(b)(3) and 28 U.S.C. § 636(b)(1)(C).

Defendant also requests such other relief as the Court deems just and appropriate.

Respectfully submitted,

**Josephine Kennedy**

Defendant/Counter-Plaintiff, Pro Se

Individual sued under the designation "Danielle Robertson"

**Postal Address for This Action Only:**

Danielle Robertson

4539 N. 22nd St., Ste. R

Phoenix, Arizona 85016

Email: DaniRobertson@proton.me

Telephone: 302-585-1375

Dated: August 28, 2026

## CERTIFICATION REGARDING LEGAL CITATIONS

Pursuant to ECF No. 74, PageID.783–784, I certify that I have personally checked each legal citation contained in this filing and that each citation is accurate and stands for the proposition for which it is cited.

**Josephine Kennedy**

Defendant/Counter-Plaintiff, Pro Se

**CERTIFICATE OF SERVICE**

I certify that on August 28, 2026, I served a true and correct copy of the foregoing Defendant/Counter-Plaintiff Josephine Kennedy's Specific Objections to the Amended Report and Recommendation at ECF No. 181 Under Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1) upon Plaintiff/Counter-Defendant Sybrena Evans by First-Class U.S. Mail, postage prepaid, at the address listed for Plaintiff on the Court's docket:

Sybrena Evans

17710 Lakeview Cr.

Northville, MI 48168