UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SYBRENA EVANS,<br><br>Plaintiff,<br><br>v.<br><br>DANIELLE ROBERTSON, *et al.*,<br><br>Defendants. | Case No. 24-cv-13435<br>Honorable Judith E. Levy<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER RESOLVING MISCELLANEOUS MOTIONS (ECF NOS. 182, 191, 194, 200), STRIKING IMPROPER FILINGS (ECF NOS. 189, 195, 204), AND STAYING DISCOVERY PERMITTED UNDER ECF NO. 176**

## I. Introduction

Plaintiff Sybrena Evans, proceeding pro se, sues Defendant "Danielle Robertson"[1] and Jane Does 1-10, alleging that defendant has targeted her in online postings. ECF No. 1. The Honorable Judith E. Levy referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 7.

[1] Roberston initially made a special appearance as a Jane Doe stating that "Danielle Robertson" is an online alias and not her legal name. ECF No. 28, PageID.183.

This case has a long and convoluted procedural history. Of relevance here, in July 2026, Judge Levy issued an order that narrowed Evans's claims to one—a defamation claim stemming from alleged LARA complaints. ECF No. 173; *see also* ECF No. 138, PageID.3082. And in August 2026, this Court issued an amended report and recommendation to enter default judgment against defendant on that claim as a sanction for violating two of Judge Levy's orders for her to disclose her identity. ECF No. 181. The Court also granted the parties a period of discovery "limited to (1) Evans serving third-party subpoenas and using any other means permitted under the discovery rules to identify [defendant]'s identity, and (2) allowing [defendant] to conduct discovery related to Evans's requested relief." ECF No. 176, PageID.3966. Since then, defendant has answered Evans's remaining claim and brought counterclaims against Evans. ECF No. 179; ECF No. 184. Defendant has also disclosed her identity as someone by the name of Josephine Kennedy. ECF No. 187, PageID.4415. Evans now moves for various forms of relief.

## II. Analysis

### A.

Evans moved to extend the time to respond to Kennedy's counterclaims. ECF No. 194. But Evans has since moved to dismiss those

counterclaims. ECF No. 198. Thus, the Court **DENIES** Evans's motion for an extension (ECF No. 194) as moot.

**B.**

Evans also moves to stay proceedings regarding the merits of Kennedy's counterclaims. ECF No. 182. "Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999). When deciding a motion to stay, "courts consider three factors: '(1) whether a stay will simplify the issues in the case or conserve judicial resources; (2) whether a stay will unduly prejudice or present a clear tactical disadvantage to the non-moving party; and (3) whether discovery is complete and when (or whether) a trial date has been set.'" *Parker v. Lee*, No. 23-11684, 2025 WL 2803822, at *1 (E.D. Mich. Oct. 1, 2025) (quoting *Moore v. Auto Club Servs.*, No. 19-10403, 2022 WL 16536216, at *2 (E.D. Mich. Oct. 28, 2022)).

Kennedy argues that a stay is unnecessary because she has now disclosed her identity. ECF No. 185. But the recommendation to enter a default judgment against her on Evans's sole claim remains. Evans also filed a motion to dismiss the counterclaims. A stay will simplify the issues and conserve judicial resources. And there is no undue prejudice or clear

tactical advantage to Kennedy, especially because a scheduling order has not yet been issued in this case.

Thus, the Court **GRANTS** Evans's motion to stay proceedings related to the merits of Kennedy's counterclaims (ECF No. 182). And the Court sua sponte stays all discovery, including that permitted for Evans to learn defendant's identity. ECF No. 176, PageID.3966. The Court previously denied Kennedy's motion to stay that discovery. ECF No. 180. Kennedy has now disclosed her identity and offered to provide proof that Josephine Kennedy is her true identity. ECF No. 201. She moved for a protective order and a host of other relief, and the deadline for Evans's response is September 18, 2026. *Id*. The Court will decide Kennedy's motion after briefing is complete.

In the meantime, neither party may initiate further discovery. And each party is warned not to publicly disclose each other's personal and private information. *See Vangheluwe v. Got News, LLC*, 365 F. Supp. 3d 850, 859 (E.D. Mich. 2019). This stay will remain in place until Judge Levy rules on the pending report and recommendation to enter default judgment against Kennedy and the forthcoming report and recommendation on the motion to dismiss.

**C.**

Evans also brings a motion and supplemental motion for a protective order. ECF No. 191; ECF No. 200. Evans argues that Kennedy has served her with unduly burdensome discovery requests that relate to the counterclaims. In light of the stay regarding the merits of Kennedy's counterclaims, the Court **DENIES WITHOUT PREJUDICE** the motions for a protective order (ECF Nos. 191, 200) as moot. Once the stay is lifted, Evans may refile her request for a protective order if needed.

**D.**

The Court strikes Evans's improper filings. Federal Rule of Civil Procedure 7(a) authorizes parties to file various pleadings, limited to: a complaint; an answer to a complaint; an answer to a counterclaim; an answer to a crossclaim; a third-party complaint; an answer to a third-party complaint; or, if the court orders one, a reply to an answer. Parties may also file motions that "state with particularity the grounds for seeking" a court order. Fed. R. Civ. P. 7(b). And the Court's local rules permit parties to file responses and replies to motions. E.D. Mich. LR 7.1(d). Federal Rule of Civil Procedure 72 authorizes parties to file objections to an order issued by a magistrate judge on non-dispositive matters and objections to a recommended disposition entered by a magistrate judge on dispositive

motions. The Court's local rules permit parties to file responses and replies to objections. E.D. Mich. LR 72.1(d).

Evans has filed several "notices." ECF No. 189; ECF No. 195; ECF No. 204. Two notices seek to clarify certain statements made in other filings. ECF No. 189; ECF No. 204. And one notice takes issue with defendant's use of her alias in a filing before the Sixth Circuit. ECF No. 195. Because these filings are not authorized under federal or local rules, the Court **STRIKES** them (ECF Nos. 189, 195, 204). To the extent Evans wishes to supplement an earlier filed brief, she must seek leave prior to filing the supplement.

The Court also **WARNS** Evans that she may face sanctions if she clogs the docket with improper filings. "Every paper filed with the Clerk of this court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *Moore v. Hillman*, No. 4:06-CV-43, 2006 WL 1313880, at *4 (W.D. Mich. May 12, 2006). Evans's pro se status does not give her license "to clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Bradley v. Wallrad*, No. 1:06CV246, 2006 WL 1133220, at * 1 n.2 (S.D. Ohio Apr. 27, 2006) (cleaned up). If

Evans continues to do so, the sanctions that she may face include "(1) involuntary dismissal with prejudice; (2) revoking the plaintiff's IFP status; and (3) enjoining the plaintiff from filing lawsuits in this district without leave of court." *Hardy v. Whitaker*, 351 F.R.D. 84, 100 (E.D. Mich. 2026).

## III. Conclusion

In sum, the Court:

- **DENIES** Evans's motion for an extension (ECF No. 194);
- **GRANTS** Evans's motion to stay proceedings regarding the merits of Kennedy's counterclaims (ECF No. 182);
- **STAYS** all discovery granted under the Court's earlier order (ECF No. 176);
- **DENIES WITHOUT PREJUDICE** Evans's motions for a protective order (ECF Nos. 191, 200); and
- **STRIKES** Evans's improper filings (ECF Nos. 189, 195, 204).

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: September 11, 2026

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 11, 2026.

s/Caitlin Shrum
CAITLIN SHRUM
Case Manager