UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SYBRENA EVANS,<br><br>Plaintiff,<br><br>v.<br><br>DANIELLE ROBERTSON, *et al.*,<br><br>Defendants. | Case No. 24-cv-13435<br>Honorable Judith E. Levy<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER DENYING DEFENDANT'S MOTION FOR RULE 11 SANCTIONS (ECF NO. 168)**

## I. Introduction

Plaintiff Sybrena Evans, proceeding pro se, sues Defendant Danielle Robertson[1] and Jane Does 1-10 for defamation. ECF No. 1. The substance of Evans's claims has been described in previous reports and recommendations and is not repeated here. ECF No. 75; ECF No. 138; ECF No. 181. In relevant part, Kennedy is an anonymous online poster

[1] Robertson made a special appearance as a Jane Doe stating that "Danielle Robertson" is an online alias and not her legal name. ECF No. 28, PageID.183. She has since identified her legal name as Josephine Kennedy. ECF No. 187. The Court will refer to this individual as Kennedy.

who allegedly cyberbullied and made defamatory remarks about Evans on her social media platforms.

The Honorable Judith E. Levy referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 7. Kennedy moves to impose various non-dispositive sanctions on Evans under Federal Rule of Civil Procedure 11. ECF No. 168. Kennedy claims that Evans made misleading allegations in her proposed amended complaint about Kennedy's statements during a May 23, 2026 livestream broadcast. *Id.*, PageID.3882. The Court **DENIES** Kennedy's motion.

## II. Analysis

### A.

Rule 11(b) "impose[s] a continuing duty of candor on representations made to the court by attorneys and unrepresented parties and authorize[s] sanctions for any violation of that duty." *Metron Nutraceuticals, LLC v. Cook*, 550 F. Supp. 3d 484, 487 (N.D. Ohio 2021). And "[o]n its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)." Rule 11(c)(3). Sanctions against a pro se party for violating Rule 11 may include "(1) involuntary dismissal with prejudice; (2) revoking the plaintiff's IFP status; and (3) enjoining the plaintiff from filing lawsuits in this district

without leave of court." *Hardy v. Whitaker*, 351 F.R.D. 84, 100 (E.D. Mich. 2026).

**B.**

Kennedy contends that Evans falsely alleged in her proposed amended complaint that Kennedy admitted during a May 23, 2026 livestream broadcast to making false complaints about Evans to the medical board. ECF No. 168, PageID.3883 (citing ECF No. 160; ECF No. 160-1). Kennedy argues that she made no such admission and instead denied making any false medical board complaints. *Id.* Kennedy seeks non-dispositive sanctions against Evans, including (1) striking the allegations, (2) prohibiting Evans from relying on the livestream statements, (3) requiring Evans to correct the record, (4) denying Evans's motion for leave to amend, and (5) awarding Kennedy reasonable costs and expenses. *Id.*, PageID.3884-3885.

Kennedy provides no precise citation for Evans's allegedly false allegations, instead citing two documents spanning a combined 154 pages. ECF No. 160; ECF No. 160-1. The Court declines to scour the record on Kennedy's behalf to develop her arguments. *See Sutherland v. Warren*, No. 18-cv-13568, 2019 WL 13368706, at *2 (E.D. Mich. Dec. 6, 2019), adopted, 2020 WL 13789265 (E.D. Mich. Feb. 10, 2020). Nor does

Kennedy offer evidence, such as a transcript or recording of the livestream, proving what statements were made. Because the Court has no way of verifying whether Evans made false allegations, Kennedy fails to show that Evans violated the duty of candor. In any event, the Court has already denied Evans's motion for leave to amend, so any allegations in that filing are non-operative.

## III. Conclusion

The Court **DENIES** Kennedy's motion for Rule 11 sanctions (ECF No. 168).

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: October 8, 2026

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling**

**remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge.”** E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court’s ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 8, 2026.

s/Caitlin Shrum
CAITLIN SHRUM
Case Manager