UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SYBRENA EVANS,<br><br>Plaintiff,<br><br>v.<br><br>DANIELLE ROBERTSON, *et al.*,<br><br>Defendants. | Case No. 24-cv-13435<br>Honorable Judith E. Levy<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER DENYING AS MOOT PLAINTIFF'S MOTION TO REQUIRE DEFENDANT TO DESIGNATE AN ADDRESS FOR SERVICE (ECF NO. 183)**

Plaintiff Sybrena Evans, proceeding pro se, sues Defendant Danielle Robertson[1] and Jane Does 1-10 for defamation. ECF No. 1. The substance of Evans's claims has been described in previous reports and recommendations and is not repeated here. ECF No. 75; ECF No. 138; ECF No. 181. In relevant part, Kennedy is an anonymous online poster who allegedly cyberbullied and made defamatory remarks about Evans on her social media platforms. The Honorable Judith E. Levy referred the

[1] Robertson made a special appearance as a Jane Doe stating that "Danielle Robertson" is an online alias and not her legal name. ECF No. 28, PageID.183. She has since identified her legal name as Josephine Kennedy. ECF No. 187. The Court will refer to this individual as Kennedy.

case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 7.

Evans moves to require Kennedy to designate an address for "service of papers and notices in this action," or to authorize service by alternate means. ECF No. 183. Kennedy later filed a "notice of compliance" identifying her legal name as Josephine Kennedy and providing a registered agent's address for service purposes: Registered Agents Inc., 4539 N. 22nd St., Ste R, Phoenix, AZ 85016. ECF No. 187. The notice designates that address as Kennedy's "postal address solely for purposes of this action" and provides that it "should not be construed as Defendant's residential address, general mailing address, or authorization for use in any other action, proceeding, or matter." *Id.*, PageID.4416. Kennedy also states that she does not waive any service objections. *Id.*

Notwithstanding the "without waiving" language in the notice, Kennedy has provided an address at which she consents to receive service of pleadings and other papers as required under Federal Rule of Civil Procedure 5. ECF No. 185, PageID.4398-4399. That is what Evans requested in her motion. Evans's argument about potential "recurring disputes" about service is speculative. *See* ECF No. 190, PageID.4439-4440. Kennedy has not disputed service under Rule 5, and any such

objections would face an uphill battle given her consent to use the Phoenix address.

Evans's motion to require Kennedy to designate an address for service is thus **DENIED** as moot.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: October 8, 2026

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 8, 2026.

s/Caitlin Shrum
CAITLIN SHRUM
Case Manager