22

FILED
OCT 09 2026
CLERK'S OFFICE
DETROIT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SYBRENA EVANS,
Plaintiff

V.

DANIELLE ROBERTSON, et al.,
Defendants

Case No. 5:24-cv-13435
Hon. Judith E. Levy
Magistrate Judge Elizabeth A. Stafford

---

**PLAINTIFF'S MOTION FOR EXPEDITED CONSIDERATION TO ENFORCE AND CLARIFY (ECF NO. 205) AND FOR PROTECTIVE RELIEF CONCERNING ALLEGED MISUSE OF THE WAYNE COUNTY PPO PROCEEDING TO CIRCUMVENT THE DISCOVERY STAY**

---

Plaintiff Sybrena Evans respectfully moves for enforcement and clarification of the Court's September 11, 2026 Order staying discovery, ECF No. 205, and for narrowly tailored protective relief. Plaintiff does not ask this Court to adjudicate, dismiss, or otherwise determine the merits of the subsequently filed state-court petition for personal protection order. Rather, this Motion concerns the concrete risk that testimony, admissions, documents, or other evidentiary materials developed through the PPO proceeding may be used to advance Defendant's federal counterclaims while Plaintiff's Consolidated Pre-Answer Motion to Dismiss those counterclaims, ECF No. 198, remains pending and discovery is stayed.

Plaintiff is particularly concerned that such materials could subsequently be used in this action in a manner that prejudices her ability to respond to any surviving counterclaims or participate fairly in discovery should the stay be lifted.

## I. INTRODUCTION

On September 17, 2026, six days after entry of ECF No. 205, a petition for a personal protection order ("PPO") was filed against Plaintiff in Wayne County Circuit Court under the name Josephine Kennedy. In ECF No. 225, PageID.5180 n.1, entered October 8, 2026, this Court acknowledged that Defendant, previously appearing under the name Danielle Robertson, subsequently identified her legal name as Josephine Kennedy in ECF No. 187. The Court stated that it would refer to this individual as Kennedy. Plaintiff acknowledges the Court's designation for purposes of this Motion without representing that Defendant's asserted legal identity has been independently verified.

The PPO petition presents allegations that substantially overlap with, and in material respects repeat, allegations contained in Defendant's federal counterclaims, ECF No. 184. Plaintiff's Consolidated Pre-Answer Motion to Dismiss those counterclaims, ECF No. 198, remains pending, and discovery is stayed under ECF No. 205. Nevertheless, the subsequently filed PPO proceeding presents an opportunity for testimony, admissions, documents, or other evidentiary development concerning those same allegations before this Court has determined which, if any, of Defendant's counterclaims may proceed. Plaintiff is concerned that materials developed in the PPO proceeding could subsequently be used to advance surviving counterclaims or prejudice Plaintiff's ability to defend against them and participate fairly in discovery if the stay is lifted.

Plaintiff therefore requests expedited clarification of ECF No. 205 and, upon an appropriate showing, narrowly tailored protective relief concerning the use of evidence obtained through collateral proceedings to advance stayed federal discovery. Plaintiff does not contend that the mere filing or adjudication of the PPO petition constitutes a violation of ECF No. 205, nor does

Plaintiff request that this Court interfere with the Wayne County Circuit Court's authority to adjudicate that petition.

**II. THE CHRONOLOGY, RECORDED STATEMENTS, AND SUBSTANTIVE OVERLAP WARRANT CLARIFICATION OF ECF NO. 205**

The sequence of federal filings, Defendant's recorded statements, and the subsequent Wayne County PPO proceeding is material to Plaintiff's request for expedited enforcement and clarification of ECF No. 205:

- **August 6, 2026:** The Court entered ECF No. 176, authorizing limited third-party discovery concerning Defendant's identity.
- **August 10, 2026:** Defendant filed her initial Answer and Counterclaims ECF No. 179.
- **August 12, 2026:** Magistrate Judge Stafford issued an Amended Report and Recommendation ECF No. 181.
- **August 17, 2026:** In ECF No. 187, Defendant identified her asserted legal name as Josephine Kennedy, as subsequently acknowledged by the Court in ECF No. 225, PageID.5180 n.1.
- **August 17, 2026:** Defendant filed her First Amended Answer, Affirmative Defenses, and Counterclaims ECF No. 184.
- **August 19, 2026:** Defendant publicly stated her intention to seek a restraining order against Plaintiff and, if initially unsuccessful, to continue accumulating evidence or “receipts” and return until she obtained one.
- **August 31, 2026:** Plaintiff filed her Consolidated Pre-Answer Motion to Dismiss Counterclaims ECF No. 198, documenting Defendant's August 19 statements at PageID.4589.

- **September 11, 2026:** The Court entered ECF No. 205, staying discovery as specified in that Order.
- **September 17, 2026:** Six days after the stay, a PPO petition was filed against Plaintiff under the name Josephine Kennedy in Wayne County Circuit Court, Case No. 26-112XXX-PH. *See* Ex. A. The final three digits of the state-court case number are intentionally redacted in this filing; Plaintiff will provide the complete case number upon the Court's request.
- **October 5, 2026:** Plaintiff was served with the PPO petition.
- **October 21, 2026:** The Wayne County PPO hearing is scheduled for 10:00 a.m.

Plaintiff's concerns regarding Defendant's retaliatory use of judicial proceedings predate the September 17 PPO petition. Defendant's August 19 recorded statements were documented in Plaintiff's August 31 filing, ECF No. 198, PageID.4589, before the PPO petition existed and before the Court entered the discovery stay. Thus, Plaintiff's present concern is grounded in previously documented conduct rather than an objection formulated solely in response to the state proceeding.

The September 17, 2026 PPO petition incorporates specifically identifiable allegations from Defendant's amended federal counterclaims, including alleged third-party coordination, identity-related investigations, and Plaintiff's public YouTube commentary, as demonstrated in Section III. The substantive overlap is material because Plaintiff's motion to dismiss those counterclaims, ECF No. 198, remains pending, and the Court has stayed discovery under ECF No. 205.

The chronology, Defendant's previously documented statements, and the overlapping allegations raise a concrete concern that testimony, admissions, documents, or other evidence developed in the PPO proceeding could subsequently be used to advance federal

counterclaims that have not yet survived Plaintiff's pending motion to dismiss. If any counterclaims survive and discovery resumes, Plaintiff may face prejudice from evidentiary materials developed concerning those allegations during the period when discovery in this action was stayed.

Plaintiff does not contend that the mere filing or adjudication of the PPO petition constitutes a violation of ECF No. 205. Rather, Plaintiff seeks clarification of whether, and under what circumstances, materials obtained through a collateral proceeding may be used to advance discovery concerning stayed federal counterclaims. Expedited consideration is warranted because the PPO hearing is scheduled for October 21, 2026. Plaintiff requests narrowly tailored protective relief, upon an appropriate showing, to preserve the effectiveness of this Court's discovery stay without restricting the Wayne County Circuit Court's independent authority to adjudicate the PPO petition.

## III. THE PPO PETITION REPEATS ALLEGATIONS FROM DEFENDANT'S FEDERAL COUNTERCLAIMS AND REINTRODUCES MATTERS TARGETED BY STAYED DISCOVERY

Plaintiff identifies the following four examples solely to demonstrate the overlap between allegations contained in Defendant's federal counterclaims and the Wayne County PPO petition. Plaintiff does not adopt, admit, or concede the truth, accuracy, characterization, or legal sufficiency of any allegation in either proceeding. The comparisons are based on Defendant's pleadings and Petitioner's statements, not on admissions by Plaintiff.

The overlap between the federal counterclaims and the subsequently filed PPO petition is not merely thematic. The PPO petition repeats allegations concerning Plaintiff's YouTube commentary, online identities, alleged third-party coordination, and Defendant's disputes with other YouTube content creators. Plaintiff identifies four representative incidents involving corresponding dates, publications, account references, and allegations concerning Plaintiff's

intentions and conduct. These examples are illustrative and do not exhaust the overlapping allegations contained in the two proceedings.

**A. August 12, 2025: KingWurld and Alleged Third-Party Coordination**

In ECF No. 184, ¶¶ 467–469, PageID.4256, Defendant alleges that Plaintiff publicly mentioned the YouTube channel associated with Marquisio Watson, known as KingWurld, in connection with voice-identification commentary. Defendant's pleading also addresses whether Watson's alleged independent conduct may be attributed to Plaintiff.

The PPO petition references the same alleged incident and describes Watson's purported investigative activities as part of the circumstances supporting Petitioner's stalking allegations. PPO Statement of Facts, p. 4, ¶ g.

The significance of this comparison extends beyond the overlap between the two proceedings. In her federal counterclaims, Defendant expressly declines to attribute Watson's independent conduct to Plaintiff absent legally sufficient proof. In the subsequent PPO petition, however, Petitioner characterizes the alleged communication as recruiting and soliciting Watson to assist in identifying her. Plaintiff identifies this material difference in the characterization of the same alleged incident without admitting the truth of either account.

**B. August 15, 2023: Alleged Identity Investigation and Third-Party Contacts**

In ECF No. 184, ¶¶ 271–274, PageID.4206–4208, Defendant alleges that Plaintiff discussed identity-related research, voice comparisons, telephone and address information, and purported outreach involving individuals associated with the Allen and Tolbert families during an August 15, 2023 broadcast. Defendant further alleges that Plaintiff reported receiving no response from members of the Tolbert family. Significantly, in ¶ 274, Defendant expressly states that contacting a third party, standing alone, does not automatically constitute stalking.

The PPO petition references the same August 15, 2023 incident but characterizes the alleged identity-related research and purported third-party contacts as stalking or threatening behavior, asserting that the conduct caused Petitioner intimidation and concern for her privacy and safety. PPO Statement of Facts, p. 4, ¶ h.

The significance of this comparison extends beyond the overlap between the two proceedings. In her federal counterclaims, Defendant expressly qualifies the legal significance of third-party contact, while the subsequent PPO petition presents substantially the same alleged incident as part of the basis for stalking-related protective relief. Neither pleading, in the cited paragraphs, establishes a familial relationship between Petitioner and the individuals allegedly investigated. Plaintiff identifies these differences in presentation without admitting the truth or legal sufficiency of either account.

**C. October 12, 2025: Alleged YouTube Account Mention**

In ECF No. 184, ¶¶ 497–498, PageID.4264, Defendant alleges that Plaintiff referenced the YouTube account identifier @DaniRobertson in an October 12, 2025 community post. Defendant characterizes the alleged reference as a literal account mention rather than an ordinary hashtag or general public reference.

The PPO petition, filed under the name Josephine Kennedy, identifies the same community post and account identifier, which Petitioner claims belongs to her. PPO Statement of Facts, p. 7, ¶ n.

The identical incident appearing in both proceedings demonstrates substantive overlap between the PPO allegations and Defendant's stayed federal counterclaims. Neither cited passage independently establishes that the individual identifying herself as Josephine Kennedy owns or controls the referenced YouTube account.

**D. August 24, 2025: YouTube Commentary and Alleged Account Mentions**

In ECF No. 184, ¶¶ 477–478, PageID.4258, Defendant references Plaintiff's August 24, 2025 YouTube publication, *DForDestruction II "THE BLACK TEA SECTOR" AnalyzeThisMess*, alleging that Plaintiff discussed Defendant and other creators. Defendant characterizes the commentary as evidence of audience mobilization, continuity, and motive, while expressly acknowledging in ¶ 478 that ordinary audience criticism, standing alone, does not constitute stalking.

The PPO petition references the same publication, alleging that it contained mentions of the YouTube account identifiers @DaniRobertson, @TruthTellerDani, and @DaniMontanaTV, which Petitioner claims are associated with her. PPO Statement of Facts, p. 9, ¶ r.

The appearance of the same publication in both proceedings demonstrates substantive overlap between the PPO allegations and Defendant's stayed federal counterclaims, without establishing ownership or control of the referenced accounts.

**E. Significance of the Four Examples**

The October 21, 2026 PPO hearing may provide an opportunity for testimony, admissions, documents, or other evidentiary development concerning allegations also contained in Defendant's federal counterclaims. Those counterclaims remain subject to Plaintiff's pending Consolidated Pre-Answer Motion to Dismiss, ECF No. 198, and discovery remains stayed under ECF No. 205. Plaintiff is concerned that materials developed during the PPO proceeding could subsequently be used to advance any surviving counterclaims or affect Plaintiff's ability to respond to discovery if the stay is lifted. Plaintiff therefore requests clarification and, upon an appropriate showing, narrowly tailored protective relief concerning the use of such materials in this federal action.

**IV. LEGAL AUTHORITY AND SCOPE OF REQUESTED RELIEF**

Federal Rule of Civil Procedure 26(c)(1) authorizes courts, upon a showing of good cause, to protect parties from annoyance, embarrassment, oppression, or undue burden or expense, including by forbidding discovery, prescribing alternative discovery methods, and limiting inquiry into specified matters. See Fed. R. Civ. P. 26(c)(1)(A), (C)–(D).

Plaintiff faces substantial financial burden and litigation prejudice from defending the subsequently filed Wayne County PPO proceeding while Defendant's overlapping federal counterclaims remain subject to the discovery stay imposed by ECF No. 205. Plaintiff has received a retainer quote of approximately $2,500 for legal representation in the pending Wayne County PPO proceeding, in addition to the expenses, time, and resources already devoted to this federal litigation.

The potential prejudice extends beyond the immediate expense of defending the state-court proceeding. Plaintiff's motion challenging the legal sufficiency of Defendant's federal counterclaims, ECF No. 198, remains pending. Consequently, Plaintiff may be required to address substantially overlapping allegations in the PPO proceeding before this Court determines which, if any, of those counterclaims may proceed. Testimony, admissions, or other materials developed during that proceeding could subsequently become the subject of discovery requests, evidentiary disputes, or other litigation activity in this action if the discovery stay is lifted. Plaintiff seeks clarification of the federal stay to address that potential prejudice without restricting the state court's independent adjudication of the PPO petition.

Plaintiff further contends that Defendant's pursuit of the PPO is retaliatory and intended to create an adverse judicial record that could jeopardize Plaintiff's professional licensure and reputation. The duplication of allegations across proceedings, combined with the potential use

of PPO testimony or evidence to advance stayed federal counterclaims, creates a substantial risk of undue burden, expense, and prejudice.

The September 17, 2026 PPO petition is not the first protective-order proceeding arising from this dispute. A prior PPO proceeding in 2024 did not result in the relief sought. Defendant's August 19, 2026 recorded statements, previously documented in ECF No. 198, PageID.4589, concerning her intention to continue accumulating evidence and seeking a restraining order if unsuccessful, heighten Plaintiff's concern about recurring proceedings, duplicative litigation burdens, and escalating expense. Plaintiff contends that these circumstances support an inference of retaliatory litigation conduct and demonstrate good cause for narrowly tailored protective relief under Fed. R. Civ. P. 26(c)(1) to prevent circumvention of ECF No. 205.

The documented chronology, Defendant's recorded statements, and the overlapping allegations support Plaintiff's request for clarification whether ECF No. 205 prohibits the use of collateral proceedings to obtain discovery for Defendant's stayed federal counterclaims.

Plaintiff requests clarification and, upon a showing of good cause, narrowly tailored protective relief under Fed. R. Civ. P. 26(c)(1), directed toward preventing circumvention of the Court's discovery stay.

**CONCLUSION**

The documented chronology, Defendant's recorded statements, and the specifically identified overlap between the federal counterclaims and the subsequently filed Wayne County PPO petition warrant expedited clarification of ECF No. 205. Plaintiff's Consolidated Pre-Answer Motion to Dismiss Defendant's counterclaims, ECF No. 198, remains pending, and discovery is stayed. The possibility that testimony, admissions, or other evidentiary materials developed during the PPO proceeding may subsequently be used to advance surviving federal

counterclaims presents a concrete concern regarding potential prejudice to Plaintiff's defense and future discovery proceedings. Plaintiff therefore seeks clarification and, upon an appropriate showing, narrowly tailored protective relief to preserve the effectiveness of the Court's discovery stay.

WHEREFORE, Plaintiff Sybrena Evans respectfully requests that this Court:

1. Grant expedited consideration of this Motion in light of the October 21, 2026 hearing in the Wayne County Circuit Court;
2. Establish an abbreviated briefing schedule, including a shortened response period as the Court deems appropriate, to permit consideration and, if warranted, a ruling before October 21, 2026;
3. Clarify the scope and application of ECF No. 205, including whether its discovery stay prohibits a party from using collateral judicial proceedings as an indirect means of obtaining discovery, testimony, admissions, documents, or other evidentiary development for claims whose discovery remains stayed in this action;
4. Determine whether the documented chronology, substantive overlap, and alleged use of collateral proceedings warrant protective relief to prevent circumvention of ECF No. 205;
5. Upon an appropriate finding, enter narrowly tailored prospective protective relief prohibiting the use of collateral proceedings as a means of conducting or circumventing discovery stayed in this federal action, including the use of evidence obtained through such proceedings to advance stayed federal discovery in violation of ECF No. 205, without restricting the state court's independent authority to adjudicate the pending PPO petition;
6. Confirm that ECF No. 205 remains in full force and effect unless and until modified by this Court; and
7. Grant such other and further relief as the Court deems just and appropriate.

Plaintiff does not request that this Court stay, dismiss, or adjudicate the merits of the Wayne County PPO proceeding. Plaintiff seeks only enforcement and clarification of the federal discovery stay and such protective relief as the Court determines is warranted to prevent its circumvention.

Respectfully submitted,

/s/ Sybrena Evans

Sybrena Evans, Plaintiff, Pro Se

17710 Lakeview Cr.

Northville, MI 48168

**CERTIFICATE OF CONCURRENCE**

Pursuant to E.D. Mich. LR 7.1(a), Plaintiff certifies that she sought Defendant's concurrence in the relief requested by this Motion on October 2, 2026. Defendant responded on October 3, 2026. Plaintiff renewed her request for concurrence on October 7, 2026, but concurrence was not obtained.

/s/ Sybrena Evans

Sybrena Evans

Plaintiff, Pro Se

**DECLARATION OF SYBRENA EVANS**

I, Sybrena Evans, declare under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am the Plaintiff in this action, proceeding pro se, and have personal knowledge of the matters stated herein.
2. On September 11, 2026, the Court entered ECF No. 205, staying discovery as specified in that Order. On September 17, 2026, a personal protection order petition was filed against me in Wayne County Circuit Court under the name Josephine Kennedy, Case No. 26-112XXX-PH.
3. On August 31, 2026, I filed ECF No. 198, documenting Defendant's August 19 recorded statement about seeking a restraining order and continuing to gather “receipts” if unsuccessful. ECF No. 198, PageID.4589. I subsequently compared the September 17 PPO petition with Defendant's federal counterclaims, ECF Nos. 184 and 184-1, and previously served discovery requests, identifying the overlapping allegations described in this Motion.
4. The PPO hearing is scheduled for October 21, 2026, at 10:00 a.m. I am concerned that the hearing may be used to obtain testimony or evidence concerning matters already subject to the federal discovery stay.
5. I submit this Declaration in support of expedited clarification and protective relief under ECF No. 205, without seeking interference with the state PPO proceeding.
6. I have received a retainer quote of approximately $2,500 for legal representation in the Wayne County PPO proceeding scheduled for October 21, 2026. This anticipated expense is in addition to the financial and other burdens I have incurred in prosecuting and defending claims in the federal action.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: October 9, 2026

/s/ Sybrena Evans

Sybrena Evans

Plaintiff, Pro Se

**CERTIFICATE OF SERVICE**

I certify that on October 9, 2026, I served the foregoing Motion by First-Class U.S. Mail upon Defendant Josephine Kennedy, identified in this action as Danielle Robertson, at the address designated for service under Federal Rule of Civil Procedure 5 and recognized by the Court in ECF No. 225, PageID.5181–5182:

Josephine Kennedy

(identified in this action as Danielle Robertson)

c/o Registered Agents Inc.

4539 N. 22nd St., Ste. R

Phoenix, AZ 85016

/s/ Sybrena Evans

Sybrena Evans

Plaintiff, Pro Se

## TABLE OF AUTHORITIES

**Federal Statutes**

28 U.S.C. § 1746

**Federal Rules of Civil Procedure**

Fed. R. Civ. P. 26(c)(1)

Fed. R. Civ. P. 26(c)(1)(A), (C)–(D)

**Local Rules**

E.D. Mich. LR 7.1(a)

## CERTIFICATION OF CITATIONS

Plaintiff certifies that she has personally checked each legal citation contained in this Motion, and each citation is accurate and stands for its asserted proposition. Plaintiff has personally verified the ECF and PageID citations against the case record.

/s/ Sybrena Evans

Sybrena Evans

**EXHIBIT A**

**Josephine Kennedy's PPO Hearing Notice, Petition Form, and Redacted Excerpts from Statement of Facts**

The Petition for Personal Protection Order in *Kennedy v. Evans*, Wayne County Circuit Court Case No. 26-112XXX-PH, was filed on September 17, 2026, with a hearing scheduled for October 21, 2026.

This exhibit includes the PPO hearing notice, petition form, and redacted excerpts from the Statement of Facts, limited to the allegations identified in Section III of Plaintiff's Motion.

**INDEX OF EXHIBIT A**


- **Exhibit A, Page 2:** Notice of Hearing on Petition for Personal Protection Order
- **Exhibit A, Page 3:** Petition for Personal Protection Order (Non-Domestic)
- **Exhibit A, Page 4:** Redacted PPO Statement of Facts, Original Page 4, Paragraphs (g) and (h)
- **Exhibit A, Page 5:** Redacted PPO Statement of Facts, Original Page 7, Paragraph (n)
- **Exhibit A, Page 6:** Redacted PPO Statement of Facts, Original Page 9, Paragraph (r)

**Exhibit A** (Page 2) Notice Of Hearing On Petition For Personal Protection Order

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | **NOTICE OF HEARING ON PETITION FOR PERSONAL PROTECTION ORDER** | CASE NO.<br>**26-1129[redacted]** |
|---|---|---|

**Court address 1801 CAYMC, 2 Woodward Ave., Detroit, MI 48226** **Court telephone no. 313-224-0120**

Petitioner name
Josephine Kennedy

v

Respondent name, address, and telephone
Sybrena Nevon Evans

TO: Sybrena Nevon Evans

**You are notified that the petitioner has requested a Personal Protection Order be issued against you. A Hearing has been scheduled to decide whether or not to issue the Personal Protection Order.**

Judge: Docket Judge PPO

Date: 10/21/2026

Time: 10:00 AM

Location: Zoom Hearing. Please see attached instructions.

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

Date

Signature

**TO THE PETITIONER:**

The respondent must be served with this notice at least one day before the hearing date if you are asking for a domestic relationship PPO( CC 375 or CC 375M) or a nondomestic stalking PPO(CC 377 or CC 377M). If you filed a petition for a nondomestic sexual assault PPO(CC395 or CC395M), the respondent must be served with this notice at least two days before the hearing. **YOUR PROOF OF SERVICE MUST BE FILED WITH THE COURT AT PPO@3RDcc.org AT LEASE ONE DAY PRIOR TO THE HEARING OR YOUR HEARING MAY BE ADJOURNED OR DISMISSED.** If the respondent is under 18 years of age, you must also serve the parents, guardians, or custodians of the respondent.

**IMPORTANT:** If either party has evidence they wish for the Court to review at your hearing, submit each item in pdf format properly labeled to PPO-Courts@3rdcc.org at least 3 days prior to hearing. Any evidence not properly submitted **will not** be

Approved, SCAO
Form CC 381, Rev. 3/23
MCR3.705(A)(5),(B)
Page 1 of 1

Distribute form to:
Court
Judge Assignment clerk
Respondent
Petitioner
Return

**Exhibit A** (Page 3) Petition For Personal Protection Order (NonDomestic)

| STATE OF MICHIGAN<br>3rd JUDICIAL CIRCUIT<br>WAYNE COUNTY | PETITION FOR PERSONAL PROTECTION ORDER (NONDOMESTIC) | CASE NO. and JUDGE |
|---|---|---|

Court address: 2 Woodward Avenue, Detroit, MI 48226 — Court telephone no. (313) 224-5261

| | | | |
|---|---|---|---|
| A — Petitioner's name: Josephine Kennedy — Age: 36<br>Address and telephone no. where court can reach petitioner: 4539 North 22nd Street, Phoenix, AZ 85016 — (302) 585-1375 | v | Respondent's name, address, and telephone no.: Sybrena Nevon Evans, 17710 West Northville Trail, Northville, MI 48168 — (248) 808-4538 — Age: 68 | |

1. The petitioner and respondent have never been married, resided in the same household together, had a child in common, or had a dating relationship with one another.

B 2. ☐ The respondent is required to carry a firearm in the course of his/her employment. ☐ Unknown.

C 3. a. There ☒ are ☐ are not other pending actions in this or any other court regarding the parties.

| Case number | Name of court, county, and state or province | Name of judge |
|---|---|---|
| See attachment. | See attachment. | See attachment. |

b. There ☐ are ☒ are not orders/judgments entered by this or any other court regarding the parties.

| Case number | Name of court, county, and state or province | Name of judge |
|---|---|---|
| | | |

D 4. I need a personal protection order because: Explain what has happened (attach separate sheets)

Please see attached "Statement of Facts".

E 5. I make this petition under the authority of MCL 600.2950a(1) and ask the court to grant a personal protection order prohibiting the respondent from

- ☒ a. stalking me as defined by MCL 750.411h and MCL 750.411i, which includes but is not limited to
  - ☒ following me or appearing within my sight.
  - ☐ appearing at my workplace or residence.
  - ☐ approaching or confronting me in a public place or on private property.
  - ☐ entering onto or remaining on property owned, leased, or occupied by me.
  - ☒ sending mail or other communications to me.
  - ☒ contacting me by telephone.
  - ☒ placing an object on or delivering an object to property owned, leased, or occupied by me.
- ☒ b. threatening to kill or physically injure me.
- ☐ c. purchasing or possessing a firearm.
- ☒ d. posting a message through the use of any medium of communication, including the Internet or a computer or any electronic medium, pursuant to MCL 750.411s.
- ☒ e. other: Please see "Relief Requested" in Attachment.

Approved, SCAO
Form CC 377, Rev. 3/23
MCL 600.2950a, MCR 3.703
Page 1 of 2

Distribute form to
Court
Judge/Assignment clerk
Respondent
Petitioner
Return

Imaged & Filed Cathy M. Garrett, Wayne County Clerk 09/17/2026 26-112906-PH

**Exhibit A** (Page 4)

Redacted PPO Statement of Facts Original Page 4, Paragraphs (g) and (h)

[redacted]

g. Another incident of stalking or other threatening behavior by Sybrena Nevon Evans occurred on or about August 12, 2025 at the following location: online.

At that time, Sybrena Nevon Evans said or did the following: On August 12, 2025, Sybrena N. Evans directly re-engaged a third party, Marquisio Watson, also known as KingWurld, in her continuing effort to identify me. Evans publicly tagged him and asked, "Does this sound like somebody you know?" She directed him to previously published material asking listeners to identify me from my "unedited voice" and "unique laughter." This occurred after Watson had publicly discussed methods including "boots on the ground," address verification, contacting family members, telephone calls, contemplated travel, and "pull up" activity. I had already repeatedly demanded that Evans stop the unwanted contact and identity targeting.

I know Sybrena Nevon Evans was responsible for the behavior because: I know Sybrena N. Evans is responsible because she personally tagged and solicited Watson concerning my identity and directed him to specific voice-identification material asking people to determine who I was.

Because of this incident I felt Because of this incident I felt harassed, intimidated, and fearful that Evans's online efforts to identify me could escalate into real-world contact or location efforts. I was particularly concerned because she continued soliciting assistance from a person who had publicly discussed "boots on the ground," address verification, family contact, telephone calls, travel, and "pull up" activity.

There were witnesses to the incident.

h. Another incident of stalking or other threatening behavior by Sybrena Nevon Evans occurred on or about August 15, 2023 at the following location: Online.

At that time, Sybrena Nevon Evans said or did the following: On August 15, 2023, after I had already sent multiple written notices demanding that Sybrena N. Evans stop the unwanted contact and targeting, Evans publicly stated that she had decided to "reach out to a few people" while attempting to identify me. She discussed researching telephone numbers and addresses associated with members of the Allen/Tolbert family and acknowledged that she had contacted members of that family. She also discussed attempting to obtain the opinion of Danielle Elizabeth Allen's father concerning my identity and voice. Evans further explained that she wanted family members who might be listening to hear her claims about me.

I know Sybrena Nevon Evans was responsible for the behavior because: I know Sybrena N. Evans is responsible because she personally described during her own broadcast that she had researched telephone numbers and addresses, reached out to members of the family, and was attempting to obtain information from family members concerning my identity.

Because of this incident I felt Because of this incident I felt harassed, intimidated, and increasingly concerned for my privacy and safety. Evans was researching real-world addresses and telephone numbers and contacting family members in an effort to determine my identity despite my prior requests that the targeting stop. This caused me to fear that the identity investigation would continue expanding into my offline life.

There were witnesses to the incident.

Statement of Facts
Page 4

**Exhibit A** (Page 5)

Redacted PPO Statement of Facts Original Page 7, Paragraph (n)

[redacted]

n. Another incident of stalking or other threatening behavior by Sybrena Nevon Evans occurred on or about October 12, 2025 at the following location: Online.

At that time, Sybrena Nevon Evans said or did the following: On October 12, 2025, Sybrena N. Evans again directly addressed my YouTube account, @DaniRobertson, in a Community Post. This occurred after I had repeatedly told Evans that I did not want her tagging, contacting, or directing online communications toward my accounts. By that date, I had sent six written cease-and-desist notices, including notices dated September 3, 2022; October 5, 2022; January 31, 2023; April 24, 2024; September 11, 2024; and June 21, 2025. Despite those repeated notices, Evans continued using a literal @ mention directed to my established account.

I know Sybrena Nevon Evans was responsible for the behavior because: I know Sybrena N. Evans is responsible because the preserved Community Post was published through her associated online activity and expressly used my established @DaniRobertson account handle after I had repeatedly instructed her to stop directing unwanted contact toward me.

Because of this incident I felt Because of this incident I felt harassed, anxious, and frustrated because Evans continued directing online contact toward my account even after years of written notices telling her to stop. By October 2025, I had repeatedly made my lack of consent clear, yet she continued using my literal account handle. This made me feel that my requests to be left alone were being ignored and that the unwanted contact would continue regardless of how many times I told her to stop.

There were witnesses to the incident.

[redacted]

**Exhibit A** (Page 6)

Redacted PPO Statement of Facts Original Page 9, Paragraph (r)

[redacted]

r. Another incident of stalking or other threatening behavior by Sybrena Nevon Evans occurred on or about August 24, 2025 at the following location: online.

At that time, Sybrena Nevon Evans said or did the following: On August 24, 2025, Sybrena N. Evans again published content directed toward me titled "DForDestruction II 'THE BLACK TEA SECTOR' AnalyzeThisMess." The publication expressly used my @DaniRobertson, @TruthTellerDani, and @DaniMontanaTV accounts. This was another separate account-directed publication after my June 21, 2025 cease-and-desist and after other direct account contacts earlier that same month.

I know Sybrena Nevon Evans was responsible for the behavior because: I know Sybrena N. Evans is responsible because she published the separate "DForDestruction II 'THE BLACK TEA SECTOR' AnalyzeThisMess" video through her online activity, and the preserved record shows that the publication expressly used my @DaniRobertson, @TruthTellerDani, and @DaniMontanaTV accounts.

Because of this incident I felt Because of this incident I felt harassed, overwhelmed, and anxious because the direct account tagging continued repeatedly even after I had expressly demanded that Evans stop. By this point, the repeated contact made me believe that additional cease-and-desist notices would not cause her to respect my request to be left alone.

There were witnesses to the incident.

[redacted]

**Other Pending Actions, continued from C3a**

**Case number: 5:24-cv-13435**
Name of court: United States District Court - Eastern Michigan District
County: Wayne
State: MI
Name of judge: Judith Ellen Levy

Statement of Facts
Page 9

**EXHIBIT B**

**CROSS-REFERENCE OF OVERLAPPING ALLEGATIONS IN THE FEDERAL COUNTERCLAIMS AND WAYNE COUNTY PPO PETITION**

*Kennedy v. Evans*, Wayne County Circuit Court, Case No. 26-112XXX-PH, filed September 17, 2026.

The following four cross-references are representative, non-exhaustive examples of allegations appearing in both the Wayne County PPO petition and Defendant's federal counterclaims. The broader overlap also encompasses allegations concerning Defendant's disputes with third-party YouTube content creators, online identities, communications, and Plaintiff's public commentary.

These examples are presented to demonstrate the substantive overlap between the two proceedings rather than to catalogue every overlapping allegation.

1. Statement of Facts, Page 4, Paragraph g: August 12, 2025, alleged involvement of third party Marquisio Watson (KingWurld). Corresponds to ECF No. 184, ¶¶ 467–469, PageID.4256.
2. Statement of Facts, Page 4, Paragraph h: August 15, 2023, alleged third party Allen/Tolbert and identity investigation. Corresponds to ECF No. 184, ¶¶ 271–274, PageID.4206–4208.
3. Statement of Facts, Page 7, Paragraph n: October 12, 2025, alleged YouTube account tagging. Corresponds to ECF No. 184-1, ¶¶ 497–498, PageID.4264.
4. Statement of Facts, Page 9, Paragraph r: August 24, 2025, YouTube publication titled *DForDestruction II "THE BLACK TEA SECTOR" AnalyzeThisMess*. Corresponds to ECF No. 184-1, ¶¶ 477–478, PageID.4258.