UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SYBRENA EVANS,<br><br>Plaintiff,<br><br>v.<br><br>DANIELLE ROBERTSON, *et al.*,<br><br>Defendants. | Case No. 24-cv-13435<br>Honorable Judith E. Levy<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTIVE RELIEF (ECF NO. 226)**

Plaintiff Sybrena Evans, proceeding pro se, sues Defendant Josephine Kennedy, a/k/a Danielle Robertson,[1] and Jane Does 1-10 for defamation. ECF No. 1. The substance of Evans's claims has been described in previous reports and recommendations and is not repeated here. ECF No. 75; ECF No. 138; ECF No. 181. In relevant part, acting anonymously, Kennedy allegedly cyberbullied and made defamatory remarks about Evans on her social media platforms. The Honorable Judith

[1] Robertson made a special appearance as a Jane Doe stating that "Danielle Robertson" is an online alias and not her legal name. ECF No. 28, PageID.183. She has since identified her legal name as Josephine Kennedy. ECF No. 187. The Court will refer to this individual as Kennedy.

E. Levy referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 7.

In August 2026, the Court recommended that default judgment be entered against Kennedy and ordered a period of discovery limited to uncovering Kennedy's identity and determining Evans's requested relief. ECF No. 175; ECF No. 176, PageID.3966; ECF No. 181. Evans served third party discovery subpoenas. *See* ECF No. 201; ECF No. 206. Kennedy then filed an answer and countercomplaint, as well as a notice identifying her legal name and mailing address. ECF No. 179; ECF No. 184; ECF No. 187. Evans moved to dismiss the counterclaims. ECF No. 198. Given the possibility of default judgment and the uncertainty about what counterclaims will remain, the Court stayed all discovery in this action. ECF No. 205, PageID.4727-4728.

Kennedy recently filed a petition for personal protection order (PPO) in the Wayne County Circuit Court (WCCC) based on Evans's alleged online stalking and harassment. ECF No. 226, PageID.5201-5204. The petition is scheduled for a hearing on October 21, 2026. *Id.*, PageID.5200. Evans moves for protective relief seeking to prevent Kennedy from using the PPO proceeding as an indirect way to circumvent the discovery stay and obtain discovery for use in this action. *Id.*, PageID.5194-5195.

A ruling on a motion to exclude evidence before the evidence is offered amounts to an advisory opinion and “falls entirely within the discretion of the district court.” *Applewhite v. FCA US LLC*, 603 F. Supp. 3d 528, 531 (E.D. Mich. 2022). Evans’s motion is premature, as it poses a hypothetical scenario. The WCCC has not yet authorized discovery, and it is uncertain whether it will. Even if the WCCC permits discovery, it is unclear what information Kennedy might obtain and whether she will seek to use that information in this action. Evans’s motion seeking a ruling excluding some unknown information is not sufficiently specific and is premature at best. *See Fakoury v. O’Reilly*, No. 16-13323, 2022 WL 909347, at *6 (E.D. Mich. Mar. 28, 2022) (“Where a motion in limine simply asserts objections without tying them to specific evidentiary items, the Court properly may deny it as overbroad and insufficiently specific.”). If Kennedy tries to use some specific evidence obtained in discovery for the PPO proceedings as exhibits in this case, Evans may object to the Court’s consideration of that evidence at that time.

Evans states that she “does not request that this Court stay, dismiss, or adjudicate the merits of the [WCCC] PPO proceeding.” ECF No. 226, PageID.5195. Nor could she. Under the Anti-Injunction Act, “[a] court of the United States may not grant an injunction to stay proceedings in a State

court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The Act prevents federal courts from enjoining state court proceedings unless one of the three exceptions applies. *Martingale LLC v. City of Louisville*, 361 F.3d 297, 302 (6th Cir. 2004). Evans has not shown that any of the exceptions applies here.

The Court thus **DENIES** Evans's motion for protective relief.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: October 15, 2026

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

**CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 15, 2026.

s/Caitlin Shrum
CAITLIN SHRUM
Case Manager