UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SYBRENA EVANS,<br><br>Plaintiff,<br><br>v.<br><br>DANIELLE ROBERTSON, *et al.*,<br><br>Defendants. | Case No. 24-cv-13435<br>Honorable Judith E. Levy<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCOMPLAINT (ECF NO. 198)**

## I. Introduction

Plaintiff Sybrena Evans, proceeding pro se, sues Defendant Danielle Robertson[1] and Jane Does 1-10 for defamation. ECF No. 1. The substance of Evans's claims has been described in previous reports and recommendations and is not repeated here. ECF No. 75; ECF No. 138; ECF No. 181. In relevant part, Kennedy is an anonymous online poster who allegedly cyberbullied and made defamatory remarks about Evans on

[1] Robertson made a special appearance as a Jane Doe stating that "Danielle Robertson" is an online alias and not her legal name. ECF No. 28, PageID.183. She has since identified her legal name as Josephine Kennedy. ECF No. 187. The Court will refer to this individual as Kennedy.

her social media platforms. The Honorable Judith E. Levy referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 7.

In August 2026, Kennedy filed an answer and countercomplaint. ECF No. 179; ECF No. 184. Evans moves to dismiss the countercomplaint. ECF No. 198. The Court **RECOMMENDS** that Evans's motion be **GRANTED**.

## II. Analysis

### A.

Evans argues that Kennedy's countercomplaint is so confusing that she cannot reasonably formulate a responsive pleading. ECF No. 198, PageID.4572-4574. The Court agrees.

Federal Rule of Civil Procedure 8 requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief," and requires that each allegation be "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). Such a statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The rule ensures that "the district court and defendants should not have to fish a gold coin from a bucket of mud to identify the allegations really at issue."

*Kensu v. Corizon, Inc.*, 5 F.4th 646, 651 (6th Cir. 2021) (cleaned up). To determine whether a complaint violates Rule 8, "the key is whether the complaint is so verbose, confused and redundant that its true substance, if any, is well disguised." *Id.* (cleaned up).

Kennedy's 170-page, 756-paragraph countercomplaint fails to satisfy this pleading standard. The countercomplaint is so lengthy and rambling that it obscures what claims Kennedy is asserting. *See* ECF No. 184; ECF No. 184-1. It includes 120 pages of minutiae-laden factual allegations that are so confusing that any factual narrative is rendered incomprehensible. ECF No. 184, PageID.4172-4256; ECF No. 184-1, PageID.4257-4290.

Comprehending the countercomplaint's meaning would require the Court "or opposing party to forever sift through its pages in search of that understanding." *See Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990) (dismissing a 55-page complaint for violating Rule 8). Such "[a] prolix and confusing complaint should be dismissed because it makes it difficult for the defendant to file a responsive pleading and for the court to conduct orderly litigation." *Flayter v. Wisc. Dep't of Corr.*, 16 F. App'x 507, 509 (7th Cir. 2001) (dismissing a 116-page complaint for violating Rule 8); *see also Sherman v. Saxon Mortg. Servs., Inc.*, No. CIV. 10-2282-STA-TMP, 2010 WL 2465459, at *5 (W.D. Tenn. June 14, 2010) (collecting

cases). The Court has recommended dismissing complaints half the length of Kennedy's. *See Mays v. Stellantis*, No. 25-cv-13663, 2026 WL 1836566, at *2 (E.D. Mich. June 22, 2026), *adopted*, 2026 WL 1836548 (E.D. Mich. June 25, 2026) (43 pages); *Mannon v. VAMC Ann Arbor*, No. 23-cv-12612, 2025 WL 2737445, at *3 (E.D. Mich. Sept. 25, 2025) (100 pages); *Simmons v. City of Warren*, No. 19-cv-11531, 2025 WL 1540126, at *4 (E.D. Mich. Apr. 4, 2025), *adopted*, 2025 WL 1536741 (E.D. Mich. May 29, 2025) (89 pages).

Kennedy's countercomplaint should be dismissed. The Court does not address whether Kennedy's answer was timely, as that question may be moot if Judge Levy adopts the recommendation to enter default judgment against Kennedy.

## III. Conclusion

The Court **RECOMMENDS** that Evans's motion to dismiss Kennedy's countercomplaint be **GRANTED** (ECF No. 198).

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: October 19, 2026

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections lack merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 19, 2026.

s/Caitlin Shrum
CAITLIN SHRUM
Case Manager