UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SYBRENA EVANS,<br><br>Plaintiff,<br><br>v.<br><br>DANIELLE ROBERTSON, *et al.*,<br><br>Defendants. | Case No. 24-13435<br>Honorable Judith E. Levy<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER DENYING DEFENDANT'S MOTION FOR RECUSAL (ECF NO. 232)**

Plaintiff Sybrena Evans, proceeding pro se, sues Defendant Danielle Robertson[1] and Jane Does 1-10 for defamation. ECF No. 1. The substance of Evans's claims has been described in previous reports and recommendations and is not repeated here. ECF No. 75; ECF No. 138; ECF No. 181. In relevant part, Kennedy is an anonymous online poster who allegedly cyberbullied and made defamatory remarks about Evans on her social media platforms. The Honorable Judith E. Levy referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).

[1] Robertson made a special appearance as a Jane Doe stating that "Danielle Robertson" is an online alias and not her legal name. ECF No. 28, PageID.183. She has since identified her legal name as Josephine Kennedy. ECF No. 187. The Court will refer to this individual as Kennedy.

ECF No. 7. Kennedy moves for Judge Stafford to recuse herself under 28 U.S.C. § 455. ECF No. 232.

A judge is presumed to be impartial, and a party moving for recusal bears the burden of showing that the judge should be disqualified. *Scott v. Metro Health Corp.*, 234 F. App'x 341, 352 (6th Cir. 2001); *Burley v. Gagacki*, 834 F.3d 606, 616 (6th Cir. 2016). To sustain that burden, a party alleging bias or prejudice must file "a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144.

Recusal is an objective standard and is not based on the subjective viewpoint of the party. *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1251 (6th Cir. 1989). Disqualification is required "[w]here [a Judge] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). A judge is not disqualified when the alleged bias emanates from the proceedings themselves. *Wheeler,* 875 F.2d at 1252. Thus, the "critical test is whether the alleged bias 'stem[s] from an extrajudicial source and result[s] in an opinion on the merits on some basis other than what the judge learned from his participation in the case.'" *Id*. (quoting *United States v. Grinnell Corp.,* 384 U.S. 563, 583 (1965)).

Kennedy's motion largely disputes factual characterizations and legal conclusions made in several previous orders and reports and recommendations (R&Rs). ECF No. 232, PageID.5261-5268 (disputing the Court's August 2026 R&R to enter default judgment, a September 2025 R&R noting Kennedy's attempts to obscure her address, an October 2026 order denying Kennedy's motion for sanctions, and an October 2026 R&R to dismiss Kennedy's countercomplaint). Kennedy's disagreement with these orders and R&Rs cannot support her motion for recusal. *See Liteky v. United States*, 510 U.S. 540, 555-56 (1994); *Wheeler,* 875 F.2d at 1252.

Kennedy also contends that the Court is biased because its rulings unfairly characterize her as deceitful and lacking in credibility. ECF No. 232, PageID.5256-5260, 5268-5271. She cites the Court's findings that she has "taken pains to hide her identity" through "continued use of subterfuge" and failed to comply with court orders despite having disclosed her legal name and service address. *Id.* (citing ECF No. 181, PageID.4130; ECF No. 229, PageID.5231-5232). The Court's disputed findings were based on record evidence and not on any extrajudicial source. *See* ECF No. 75, PageID.817-822; ECF No. 181, PageID.4120, 4130; ECF No. 229, PageID.5231-5232. And the September 2025 and August 2026 R&Rs were entered before Kennedy disclosed her name and

address. As Kennedy recognizes, later disclosure of her identity "does not erase past delay or automatically eliminate punishment and deterrence as sanction considerations." ECF No. 232, PageID.5261.

Kennedy's disagreement with the Court's rulings and recommendations serve as "proper grounds for appeal, not for recusal." *Liteky*, 510 U.S. at 555. The Court thus **DENIES** Kennedy's motion for recusal.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: November 2, 2026

**NOTICE TO PARTIES ABOUT OBJECTIONS**

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 2, 2026.

s/Caitlin Shrum
CAITLIN SHRUM
Case Manager