29

FILED
NOV 25 2026
CLERK'S OFFICE
DETROIT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SYBRENA EVANS,

Plaintiff

V.

DANIELLE ROBERTSON, et al.,

Defendants.

Case no: 5:24-cv-13435
Hon. Judith E. Levy
Magistrate Judge Elizabeth A. Stafford

---

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR LIMITED IN-PERSON COURT-SUPERVISED IDENTITY VERIFICATION (ECF NO. 243)**

---

Plaintiff Sybrena Evans, proceeding pro se, respectfully submits this Response in Opposition to Defendant's Motion for Limited In-Person Court-Supervised Identity Verification (ECF No. 243). Plaintiff requests that the Court deny Defendant's Motion in its entirety and defer judicial identity verification pending resolution of the outstanding matters before the Court and production and review of the subpoenaed Block, Inc./Cash App records. In support thereof, Plaintiff states as follows:

## I. INTRODUCTION

The issue before the Court is not whether Defendant's true legal identity should be verified, but when, how, and under what conditions that verification should occur.

It was Plaintiff who sought identity discovery, and it was Plaintiff to whom the Court granted authorization to pursue independent third-party discovery for that purpose. (ECF No. 176,

PageID.3966.) Plaintiff remains supportive of court-supervised identity verification, provided that it affords Plaintiff meaningful participation and does not compromise the independent discovery previously authorized by the Court.

Defendant's proposed procedure fails to satisfy those conditions. It excludes Plaintiff from meaningful participation and seeks verification before production and review of the subpoenaed Block, Inc./Cash App records, thereby creating a substantial risk that the subpoena could subsequently be deemed moot, unnecessary, or no longer relevant.

Of particular significance is Defendant's previous reliance upon disclosure of her asserted legal name to advance two distinct objectives: restricting the independent identity discovery authorized by ECF No. 176 and seeking a lesser sanction in place of the recommended default judgment. (ECF No. 201, PageID.4642; ECF No. 232, PageID.5261.)

Defendant has previously maintained that her disclosure of the name Josephine Kennedy constituted compliance with the Court's identity-disclosure requirements. She subsequently challenged the continued reliance upon the Court's findings concerning identity concealment and the continued pendency of the default-judgment recommendation notwithstanding her asserted compliance.

Indeed, within three days of the October 16, 2026 Order denying Doe's motion to quash the Block subpoena, Defendant sought Plaintiff's concurrence in a motion seeking the recusal of Magistrate Judge Stafford. In denying recusal, the Court expressly identified Defendant's disagreement with its findings in ECF No. 229 among the grounds advanced by Defendant. (ECF No. 234, PageID.5311–5312.)

The Court further recognized Defendant's own acknowledgment that subsequent disclosure of her identity "does not erase past delay or automatically eliminate punishment and deterrence as sanction considerations." (ECF No. 234, PageID.5312, citing ECF No. 232, PageID.5261.)

Against this procedural history, Defendant's present request for a judicial determination that the authorized purpose of identity discovery has been satisfied carries potential consequences extending well beyond the inspection of an identification document. (ECF No. 243, PageID.5562.)

Such a determination could provide Defendant with a renewed basis for challenging both the necessity of continued independent identity discovery and the appropriateness of the pending default-judgment recommendation. The material difference is that Defendant could now rely upon a judicial determination rather than merely her own assertion of compliance.

Plaintiff respectfully submits that the Court should resolve the outstanding matters in an orderly sequence without allowing premature identity verification to alter the procedural posture of either the previously authorized discovery or the pending default-judgment proceedings.

**II. APPLICABLE LEGAL STANDARD**

Federal Rule of Civil Procedure 26(b)(1) permits discovery of nonprivileged information relevant to a party's claim or defense and proportional to the needs of the case.

Under Federal Rule of Civil Procedure 26(c)(1), the Court may, for good cause, prescribe appropriate conditions governing discovery to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Such protections, however, remain subject to the Court's discretion.

Federal Rule of Civil Procedure 26(d)(3) further recognizes the Court's authority to regulate the sequence of discovery in the interests of justice.

Additionally, Federal Rule of Civil Procedure 1 directs that the Federal Rules be construed, administered, and employed to secure the just, speedy, and inexpensive determination of every action and proceeding.

In exercising its discretion, the Court should consider the existing procedural posture, its prior discovery rulings, the availability of independent corroborating evidence, and the potential prejudice resulting from premature identity verification.

Here, the Court has already authorized independent third-party identity discovery (ECF No. 176) and expressly determined that the Block subpoena is relevant to discovering Defendant's identity (ECF No. 229, PageID.5232).

Defendant's proposed verification procedure should therefore be evaluated not in isolation, but in the context of those prior rulings, the existing discovery stay, the outstanding matters before the Court, and the potential consequences for both independent identity discovery and the pending default-judgment recommendation.

## III. THE PROCEDURAL HISTORY, SEQUENCE, AND TIMING OF DEFENDANT'S AND DOE'S FILINGS

### A. Plaintiff Obtained Judicial Authorization to Conduct Independent Identity Discovery

The necessity for independent identity discovery arose from Defendant's prior noncompliance with the Court's identity-disclosure orders.

- **August 6, 2026 — ECF Nos. 175 and 176.** Magistrate Judge Stafford issued a Report and Recommendation recommending default judgment as a sanction for Defendant's

noncompliance. The Court separately authorized Plaintiff to pursue third-party subpoenas and other permissible discovery mechanisms to ascertain Defendant's identity. (ECF No. 176, PageID.3966.)

- **August 17, 2026 — ECF No. 187.** Defendant represented that her legal name was Josephine Kennedy. (PageID.4415.)
- **September 4, 2026 — ECF No. 201.** Defendant sought a protective order restricting further identity discovery following disclosure of her asserted legal name.
- **September 11, 2026 — ECF No. 205.** The Court stayed discovery and acknowledged Defendant's offer to provide proof of her asserted legal identity.
- **September 11, 2026 — ECF No. 206.** Non-party John Doe subsequently moved to quash the Block subpoena.

Plaintiff undertook substantial efforts and incurred expenses in pursuing the independent discovery authorized by the Court. Disclosure of an asserted legal name did not itself resolve the questions necessitating that discovery or eliminate the relevance of the subpoenaed Block records.

**B. The Denial of Doe's Motion to Quash and Defendant's Subsequent Request for Recusal**

- **October 16, 2026 — ECF No. 229.** Magistrate Judge Stafford denied Doe's motion to quash the Block subpoena. In addressing the relevance of the subpoena to the authorized identity inquiry, the Court stated:

> "There is a possibility that Doe is another of Kennedy's aliases. And even if Doe is another person, Evans has at least shown that Kennedy is using the account. Because Evans has shown that Kennedy owns or controls the account, her subpoena is relevant to discovering Kennedy's identity." (PageID.5232.)

- **October 19, 2026, approximately 8:17 p.m. —** Defendant's Recusal Concurrence Request. Three days after the denial of Doe's motion to quash, Defendant requested Plaintiff's concurrence in two proposed motions, including a motion seeking the recusal of Magistrate Judge Stafford. (Exhibit A.)
- **October 21, 2026, approximately 3:50 p.m. —** Plaintiff's Response to Defendant's Concurrence Request. Plaintiff sought clarification concerning the timing, factual basis, and intended procedural consequences of the proposed recusal motion. Specifically, Plaintiff asked:

> "Why is recusal being sought now? What specific event, ruling, or newly discovered circumstance prompted your request at this stage of the litigation?"

Plaintiff further expressly asked:

> "Is your proposed recusal motion related to the October 16, 2026 order denying John Doe's motion to quash the Cash App/Block subpoena, particularly while the period for objections under Federal Rule of Civil Procedure 72(a) may remain open?"
>
> (Exhibit B, Section II, Nos. 1 and 4.)

Plaintiff also requested clarification concerning the specific rulings allegedly demonstrating partiality and whether Defendant intended to seek reconsideration, vacatur, reassignment, or other relief affecting prior judicial rulings and pending proceedings.

Plaintiff reserved her decision on concurrence and expressly preserved her procedural and substantive objections. Defendant did not respond to Plaintiff's inquiries.

- **November 2, 2026 — ECF No. 234.** Magistrate Judge Stafford denied Defendant's recusal motion, addressing Defendant's challenges to prior judicial findings that she had "taken pains to hide her identity" through "continued use of subterfuge," including findings contained in ECF No. 229. The Court expressly stated that its disputed findings were based on record evidence and not on any extrajudicial source. (ECF No. 234, PageID.5311.)

Plaintiff's contemporaneous correspondence is particularly significant because it establishes that her concerns regarding the relationship between Defendant's recusal request and the Block subpoena were expressly documented before Defendant filed her recusal motion, before Doe filed his subsequent objections, and before Defendant filed the present identity-verification motion.

Those concerns were not developed retrospectively in response to ECF No. 243.

**C. Plaintiff's Prior Support for Court-Supervised Verification Does Not Constitute Consent to Defendant's Proposed Procedure**

Defendant relies upon Plaintiff's prior statements in ECF No. 212 recognizing court-supervised verification as an appropriate means of resolving Defendant's asserted legal identity. (ECF No. 243, PageID.5562.) Plaintiff does not dispute those statements. However, Defendant's reliance upon them fails to account for the conditions expressly contemplated by Plaintiff and the material procedural developments that have occurred since those statements were made.

Plaintiff's requested relief expressly contemplated a Court-supervised procedure that "permits meaningful Plaintiff participation while protecting genuinely sensitive information from public dissemination." (ECF No. 212, PageID.4963, Request No. 8.)

At no time did Plaintiff propose a judge-only inspection, exclusion of Plaintiff from meaningful participation, or prohibitions against copying, scanning, or retaining identification documents. Protecting genuinely sensitive information from public dissemination is fundamentally different from excluding Plaintiff from the verification process or restricting the Court's ability to preserve an adequate evidentiary record.

Plaintiff's statements in ECF No. 212 were made on September 18, 2026, before the Court's October 16, 2026 Order denying Doe's motion to quash. Plaintiff acknowledges that she previously supported reliable verification during the discovery stay and recognized that such verification could substantially narrow or eliminate the need for future provider-based identity discovery.

However, the procedural circumstances have materially changed.

Following the October 16 Order, Defendant sought recusal of Magistrate Judge Stafford, expressly challenging findings contained in that Order. Doe subsequently filed objections and additional motions advocating direct judicial verification before further production of the subpoenaed Block records. Defendant then filed the present motion seeking a determination as to whether the authorized identity-verification purpose has been satisfied.

The sequence, timing, and complementary substance of these filings present concerns that were not before Plaintiff when she filed ECF No. 212.

Given Defendant's previous reliance upon her asserted identity disclosure to challenge both the continuation of independent identity discovery and the recommended sanction of default judgment, Plaintiff has substantial reason to oppose a procedure that could prematurely affect either matter.

Plaintiff's prior support for reasonable court-supervised verification does not constitute consent to Defendant's subsequently proposed restrictions or require Plaintiff to disregard intervening judicial rulings and subsequent litigation developments.

Plaintiff's objective remains unchanged: reliable verification of Defendant's true legal identity. Plaintiff opposes both Defendant's restrictive conditions and the premature sequencing of verification before production and review of the independently maintained Block records.

Accordingly, judicial identity verification should be deferred until the outstanding matters have been resolved and the subpoenaed Block records have been produced and reviewed following the lifting of the applicable discovery stay.

**D. The Significance of the Sequence, Timing, and Complementary Substance of the Filings**

The sequence, timing, and complementary substance of Defendant's and Doe's filings raise substantial concerns regarding possible coordination. Following the denial of Doe's motion to quash and Defendant's unsuccessful attempt to recuse Magistrate Judge Stafford, both advanced proposals favoring judicial verification of Defendant's asserted legal identity before production and review of the subpoenaed Block records.

Regardless of whether these filings were expressly coordinated, they advance a common procedural objective and create a foreseeable risk of prematurely terminating independent identity discovery.

The Court should therefore consider not only the procedure requested in ECF No. 243, but why it is being advanced at this particular stage and its potential consequences for both the previously authorized identity discovery and the pending default-judgment recommendation.

## IV. DEFENDANT'S PROPOSED VERIFICATION PROCEDURE RISKS RENDERING THE BLOCK SUBPOENA MOOT

### A. Defendant Previously Relied Upon Disclosure of Her Asserted Legal Name to Restrict Further Discovery

Defendant's present motion must be considered in light of her earlier efforts to restrict identity discovery following disclosure of the name Josephine Kennedy.

Defendant represented that she had disclosed her legal identity and thereafter sought restrictions on further efforts to ascertain that identity. (ECF Nos. 187 and 201.)

Plaintiff's position has consistently been that disclosure of an asserted legal name does not, standing alone, constitute reliable and independent verification of that identity.

The present motion introduces an additional consideration.

If Defendant obtains judicial verification of her asserted legal name before production of the Block records, she could thereafter rely upon that judicial verification to advance substantially the same argument previously raised following her disclosure of the name Josephine Kennedy: that the purpose of identity discovery has been satisfied and further discovery is unnecessary.

The difference is that Defendant would then be relying upon a judicial determination rather than solely upon her own representation.

That potential consequence is particularly significant given Doe's continuing efforts to prevent or restrict production of the Block records.

**B. The Requested Determination Could Prematurely Terminate Independent Identity Discovery**

Of particular significance is Defendant's request that the Court determine whether the authorized identity-verification purpose has been satisfied. (ECF No. 243, PageID.5562.)

That requested determination extends beyond the mere inspection of a government-issued identification document.

A determination that the authorized identity-verification purpose has been satisfied could materially affect the continued relevance of the Block subpoena and the resolution of Doe's pending objections.

If the Court makes such a determination before production of the Block records, Defendant and Doe could subsequently argue that the authorized purpose of identity discovery has been satisfied and that the Block subpoena is therefore moot, unnecessary, or no longer proportional to the needs of the case.

The practical consequence could be the same result Doe originally sought through his unsuccessful motion to quash: preventing production of the subpoenaed Block records.

Plaintiff would thereby lose the opportunity to examine independent third-party evidence, compare that evidence against Defendant's and Doe's respective representations, and identify any material discrepancies.

Plaintiff does not contend that granting ECF No. 243 would automatically quash the Block subpoena. Rather, Plaintiff submits that granting the motion in the sequence presently proposed could create a substantial procedural basis for seeking that result.

The Court should not permit a change in the sequence of identity verification to accomplish indirectly what Doe's unsuccessful motion to quash sought to accomplish directly.

**C. Verification of a Legal Name Does Not Resolve Historical Account Access, Use, or Control**

Verification of Defendant's asserted legal name and Doe's registered account ownership would not necessarily resolve the separate questions of historical account access, operation, use, or control.

Defendant could present identification bearing the name Josephine Kennedy, and Doe could establish registered ownership of the Cash App account, without resolving whether Defendant historically accessed, operated, used, or controlled that account.

These distinctions are particularly important given the Court's findings concerning the relevance of the Cash App account to Defendant's identity. (ECF No. 229, PageID.5232.)

Plaintiff has addressed these distinctions in her opposition to Doe's Rule 72(a) objections. (ECF No. 245.)

The Block records constitute an independent source of evidence that may assist in evaluating the relationship between the asserted legal identities, the account, and its historical use or control.

Neither Defendant's presentation of identification nor Doe's representation of registered account ownership should substitute for examination of that independently maintained evidence.

Plaintiff does not contend that Defendant's asserted legal name is necessarily false. Plaintiff seeks reliable verification through a process that permits meaningful consideration of the

relevant evidence before the Court determines that the authorized identity inquiry has been satisfied.

## V. DEFENDANT HAS NOT DEMONSTRATED ANY NECESSITY FOR IMMEDIATE VERIFICATION

### A. Defendant's Asserted Legal Name Is Already Part of the Record

Defendant's asserted legal name has been part of the record since August 17, 2026. (ECF No. 187.)

Discovery was subsequently stayed by the Court on September 11, 2026. (ECF No. 205.)

Defendant has not demonstrated any urgency requiring judicial verification of her asserted legal identity while discovery remains stayed and related matters remain pending before the Court.

Defendant has not established that deferring verification would diminish the reliability or availability of her identification evidence.

Nor has Defendant identified any specific prejudice that would result from awaiting the orderly resolution of the pending matters and production of the subpoenaed Block records.

The opportunity to verify Defendant's asserted legal identity will remain available after those matters are resolved.

There is no demonstrated necessity to conduct the proposed verification proceeding now.

Conversely, conducting verification prematurely could jeopardize Plaintiff's ability to obtain independent corroborating evidence that the Court has already determined to be relevant to the authorized identity inquiry.

Deferring verification preserves the opportunity for both independent discovery and judicial verification. Proceeding prematurely risks preserving one at the expense of the other.

**B. Orderly Judicial Administration Favors Resolution of the Pending Matters**

This litigation has already generated numerous motions, objections, requests for protective relief, and disputes concerning Defendant's identity.

Several matters affecting the scope and continuation of discovery remain pending before the Court.

The Court has established a discovery framework, authorized independent identity discovery, stayed discovery pending resolution of related matters, and denied Doe's motion to quash the Block subpoena.

Plaintiff respectfully submits that further piecemeal proceedings concerning the same underlying identity inquiry are neither necessary nor conducive to its efficient resolution.

Federal Rule of Civil Procedure 1 directs that the Rules be employed to secure the just, speedy, and inexpensive determination of every action and proceeding.

Conducting a separate identity-verification proceeding before resolution of the pending discovery disputes could introduce additional procedural complexity and generate further disputes concerning whether the authorized purpose of identity discovery has been satisfied.

It could also require the Court to revisit issues already addressed in ECF No. 229 without the benefit of the very records that order determined to be relevant.

Plaintiff submits that judicial economy would be better served by resolving the pending matters, preserving the existing discovery framework, and permitting authorized third-party discovery to proceed before undertaking judicial identity verification.

The timing, scope, and sequence of proceedings should remain under the Court's control and should not be dictated by Defendant's successive requests for procedural relief.

There is no demonstrated necessity to alter the existing procedural framework merely to accommodate Defendant's preferred sequence of verification.

**C. Plaintiff's Position Is Consistent With Her Objective of Reliable Identity Verification**

On September 18, 2026, Plaintiff expressed willingness to consider reasonable court-supervised identity verification while protecting genuinely sensitive information from public dissemination. (ECF No. 212, PageID.4959–4960.)

Plaintiff expressly emphasized that meaningful verification should not be treated as an accommodation available exclusively on terms selected by Defendant.

Plaintiff's earlier willingness to consider verification during the discovery stay preceded the October 16, 2026 Order denying Doe's motion to quash and the subsequent filings advocating direct verification before production of the Block records.

The procedural circumstances have materially changed.

The Court has since expressly determined that the Cash App account is relevant to discovering Defendant's identity. Doe has challenged that determination and sought additional relief concerning production of the subpoenaed records.

Defendant now seeks a verification procedure that excludes Plaintiff and requests a determination concerning satisfaction of the authorized identity-verification purpose.

Plaintiff's willingness to consider court-supervised verification did not constitute agreement to the particular restrictions now proposed in ECF No. 243, nor did it constitute consent to the substitution of Defendant's preferred procedure for independent third-party discovery.

Plaintiff continues to support reliable verification of Defendant's true legal identity.

Plaintiff opposes the proposed conditions and sequence because of their potential effect upon the independent discovery previously authorized by the Court.

**VI. DEFENDANT SHOULD NOT BE PERMITTED TO DICTATE THE TERMS OF HER OWN IDENTITY VERIFICATION**

**A. Defendant's Prior Statements and Litigation Conduct Warrant Careful Consideration**

Defendant has previously acknowledged privacy arrangements involving different names, accounts, persons, or structures. (ECF No. 184, PageID.4181; ECF No. 212, PageID.4946.)

Plaintiff has also previously documented Defendant's public statements concerning anonymity and measures taken to prevent discovery of her identity.

The necessity for court-authorized independent identity discovery did not arise merely because Plaintiff expressed uncertainty concerning Defendant's name. It arose in the context of Defendant's prior noncompliance with the Court's identity-disclosure orders and the resulting difficulty in ascertaining Defendant's true legal identity.

Defendant's public statements concerning her approach to controlling disputed matters provide additional context for Plaintiff's concerns.

On February 10, 2023, during a YouTube broadcast entitled *"Step Into The Bad Side,"* Defendant publicly distinguished between her online personas, Dani Robertson and Dani Montana.

During that same broadcast, Defendant stated:

> "And you know, I'm clever. I'm smart, you know? So I'm always the winner. I always win. Who gon' motherf**king check me boo? I always win." (Timestamp 6:43–6:52.)

— Danielle Robertson

Plaintiff offers these statements not as independent proof of identity concealment, coordination, or misconduct, but as context for her concerns regarding Defendant's efforts to control the narrative and prescribe the terms under which disputed matters are resolved.

The present motion must be considered in conjunction with Defendant's prior resistance to identity disclosure and the procedural chronology described above.

It was Plaintiff who sought independent identity discovery. It was Plaintiff who obtained judicial authorization to pursue that discovery. It was Plaintiff who undertook the efforts and incurred the expenses necessary to pursue the authorized subpoenas.

Defendant should not now be permitted to dictate the evidentiary process through which her own disputed representations are evaluated, particularly where that process could affect Plaintiff's ability to obtain independently maintained evidence.

**B. Defendant's Proposed Procedure Excludes Plaintiff From Meaningful Participation**

Defendant requests that her original government-issued photographic identification be presented exclusively for judicial inspection, without copying, scanning, retaining, or permitting Plaintiff to inspect it. (ECF No. 243, PageID.5559, 5563–5564.)

Under Defendant's proposed procedure, Plaintiff would be unable to examine the identification evidence, assess its consistency with independently maintained third-party records, identify material discrepancies, or meaningfully challenge the sufficiency of the verification.

Plaintiff recognizes that the Court possesses discretion to conduct in-camera proceedings and protect genuinely sensitive information.

However, the issue presented here is not simply whether the Court may privately inspect an identification document.

The issue is whether the Court should conduct such an inspection under Defendant's proposed restrictions and thereafter potentially determine that the authorized identity-verification purpose has been satisfied before Plaintiff has obtained the relevant third-party evidence.

Plaintiff is a party to this litigation, not a mere spectator in the proceedings.

Plaintiff should not be excluded from meaningful participation in an inquiry that she initiated, that the Court authorized, and that may directly affect her ability to prosecute this action.

The resulting prejudice would be particularly significant if Defendant or Doe subsequently relied upon the outcome of the proceeding to argue that further identity discovery was unnecessary.

Meaningful verification should permit consideration of relevant independent evidence and provide Plaintiff a meaningful opportunity to address material discrepancies.

Defendant's proposed procedure does not provide those assurances.

**C. Defendant's Proposed Restrictions Could Limit Preservation of an Adequate Evidentiary Record**

Defendant additionally seeks restrictions against copying, scanning, or retaining the identification presented for verification absent further order of the Court.

Such restrictions could limit the preservation of an adequate evidentiary record should questions subsequently arise concerning the verification.

If the verification proceeding results in a determination affecting the continuation of identity discovery, the adequacy of the underlying evidentiary record becomes particularly important.

Decisions concerning the preservation of verification evidence should remain within the Court's discretion rather than be dictated by Defendant.

Plaintiff submits that the Court should not adopt evidentiary restrictions that could impair meaningful consideration or subsequent review of a determination having consequences beyond the immediate verification proceeding.

**VII. DEFENDANT'S ASSERTED PRIVACY CONCERNS DO NOT JUSTIFY THE PROPOSED PROCEDURE**

Plaintiff recognizes the Court's authority to protect genuinely sensitive personal information.

However, protecting sensitive information should not be equated with excluding Plaintiff from meaningful participation in determining the identity of the opposing party.

To the extent Defendant seeks protective restrictions on discovery, Federal Rule of Civil Procedure 26(c) requires a showing of good cause.

Plaintiff submits that Defendant has not demonstrated a specific, substantiated risk of harm arising merely from Plaintiff learning Defendant's true legal identity for legitimate litigation purposes that warrants the particular restrictions sought in ECF No. 243.

Defendant's asserted privacy concerns also must be distinguished from the separate question of whether verification must occur before production of the subpoenaed Block records.

Even if privacy protections are warranted, that does not establish a necessity for immediate verification or justify terminating independent identity discovery before relevant records have been examined.

Plaintiff further notes the substantial disparity between the privacy protections Defendant seeks for herself and her prior treatment of Plaintiff's sensitive personal information.

Plaintiff has previously alleged and documented Defendant's dissemination of Plaintiff's divorce records, which included personal identification documents, Social Security number, and banking information. (ECF No. 240, PageID.5419, ¶ 129; PageID.5491, Exhibit R.)

Notwithstanding that history, Plaintiff does not seek to deprive Defendant of legitimate privacy protections. Plaintiff seeks reliable verification of Defendant's true legal identity for legitimate litigation purposes, not public dissemination of Defendant's sensitive personal information.

Defendant's asserted privacy concerns should not, however, justify restrictions that deprive Plaintiff of meaningful participation in the verification process or prematurely foreclose independent identity discovery expressly authorized by this Court.

Defendant's preference for anonymity should not supersede Plaintiff's legitimate interest in identifying the opposing party, obtaining court-authorized discovery, and meaningfully participating in proceedings that may determine the continuation of that discovery.

## VIII. PRODUCTION AND REVIEW OF THE BLOCK RECORDS SHOULD PRECEDE JUDICIAL IDENTITY VERIFICATION

### A. Independent Evidence Should Inform Verification

Plaintiff seeks independent corroboration of Defendant's and Doe's representations concerning their respective identities and relationship to the Cash App account, not an expansion of authorized identity discovery. Plaintiff does not presume whether the subpoenaed records will corroborate or contradict those representations.

Given the Court's prior findings that Defendant has "taken pains to hide her identity" through "continued use of subterfuge," and its determination that the Block subpoena is relevant to discovering Defendant's identity, Plaintiff should not be required to forgo independent corroborating evidence merely because Defendant now offers government-issued identification for private judicial inspection. (ECF No. 181, PageID.4130; ECF No. 229, PageID.5231–5232; ECF No. 234, PageID.5311.)

Plaintiff respectfully submits that independent evidence should inform judicial identity verification, rather than judicial identity verification determining whether Plaintiff will ever obtain that independent evidence.

### B. Defendant and Doe Should Appear Jointly Following Production and Review of the Block Records

Given the Court's recognition that Doe may be another of Defendant's aliases, Plaintiff respectfully requests that Defendant and Doe appear jointly before the Court following production and review of the subpoenaed Block records. (ECF No. 229, PageID.5232.)

Both have offered evidence concerning their respective identities. A joint appearance would permit the Court to evaluate their representations against the same independent evidentiary record, address any material discrepancies concerning identity and account ownership, access, use, or control, and afford Plaintiff meaningful participation.

This sequence would promote judicial economy, preserve previously authorized discovery, and permit a more informed verification process without violating the existing discovery stay.

## IX. CONCLUSION

Plaintiff does not oppose verification of Defendant's true legal identity but opposes the proposed procedure because of its restrictive conditions, exclusion of meaningful Plaintiff participation, and potential consequences for independent identity discovery and the pending default-judgment recommendation.

Defendant's asserted legal name has been part of the record since August 17, 2026, and no urgency requiring immediate verification has been demonstrated. Judicial verification will remain available after production and review of the Block records, whereas the opportunity to obtain those records could be lost through a premature judicial determination.

Given the sequence, timing, and complementary substance of Defendant's and Doe's filings, orderly judicial administration favors preserving previously authorized discovery rather than conducting another piecemeal proceeding.

The Court should retain control over the sequence of proceedings and deny Defendant's motion in its entirety.

**X. REQUESTED RELIEF**

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. **DENY** Defendant's Motion for Limited In-Person Court-Supervised Identity Verification (ECF No. 243) in its entirety;
2. **PRESERVE** the Block, Inc./Cash App subpoena and existing discovery orders (ECF Nos. 176 and 229), subject to the discovery stay and resolution of pending objections;
3. **DEFER** judicial identity verification and any determination that the authorized identity-verification purpose has been satisfied until after production and review of the subpoenaed Block records; and
4. **REQUIRE** Defendant and nonparty John Doe to appear jointly thereafter, through appropriate judicial process, with Plaintiff afforded meaningful participation.

Respectfully submitted,

s/ Sybrena Evans

Sybrena Evans

Plaintiff, Pro Se

17710 Lakeview Circle

Northville, Michigan 48168

Dated: November 25, 2026

**CERTIFICATE OF SERVICE**

I certify that on November 25, 2026, I served this Response and accompanying documents by prepaid First-Class U.S. Mail on Defendant Danielle Robertson at the following address:

Danielle Robertson

(also identified as Josephine Kennedy in ECF No. 187)

% Registered Agent, Inc.

4539 N. 22nd St., Ste. R

Phoenix, AZ 85016

/s/ Sybrena Evans

Sybrena Evans

**CERTIFICATION OF CITATIONS**

Plaintiff certifies that she has personally checked each legal citation contained in this Response In Opposition, and each citation is accurate and stands for its asserted proposition. Plaintiff has personally verified the ECF and PageID citations against the case record.

/s/ Sybrena Evans
Sybrena Evans

**DECLARATION OF SYBRENA EVANS IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR LIMITED IN-PERSON COURT-SUPERVISED IDENTITY VERIFICATION (ECF NO. 243)**

I, Sybrena Evans, declare as follows:

1. I am the Plaintiff in this action and have personal knowledge of the matters stated herein.
2. Exhibit A is a true and accurate copy of Defendant's October 19, 2026 correspondence requesting concurrence in two proposed motions, including a motion seeking the recusal of Magistrate Judge Elizabeth A. Stafford.
3. Exhibit B is a true and accurate copy of my October 21, 2026 response expressly questioning whether Defendant's proposed recusal motion was related to the October 16, 2026 Order denying nonparty John Doe's motion to quash the Block, Inc./Cash App subpoena.
4. Exhibit C is a true and accurate copy of Defendant's November 4, 2026 correspondence requesting concurrence in an identity-verification procedure limited to judicial inspection of her identification.
5. Exhibit D is a true and accurate copy of my separate November 4, 2026 correspondence requesting Defendant's concurrence in my proposed motion for leave to file a first amended and supplemental complaint.
6. I did not concur in Defendant's proposed identity-verification procedure.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on November 25, 2026.

/s/ Sybrena Evans

Sybrena Evans

Plaintiff, Pro Se

## EXHIBIT A

## OCTOBER 19, 2026 — DEFENDANT'S REQUEST FOR CONCURRENCE IN PROPOSED RECUSAL AND AMENDMENT MOTIONS



### Concurrence Request—Rule 15 Amendment and Recusal Motions

From D.R. <DaniRobertson@proton.me>

To evansservicecase13435@protonmail.com <EvansServiceCase13435@protonmail.com>

Date Monday, October 19th, 2026 at 8:17 PM

Ms. Evans:

I request your concurrence in two separate motions: a motion for leave to amend my countercomplaint under Federal Rule of Civil Procedure 15(a)(2), and a motion for recusal of Magistrate Judge Elizabeth A. Stafford under 28 U.S.C. § 455(a), based on the impartiality concerns described in my proposed motion.

Please state whether you concur in each motion. I am available to confer as well, provided an agreed upon date and time

## EXHIBIT B

## OCTOBER 21, 2026 — PLAINTIFF'S RESPONSE TO DEFENDANT'S CONCURRENCE REQUEST EXPRESSLY QUESTIONING THE CONNECTION TO ECF NO. 229

### Re: Concurrence Request—Rule 15 Amendment and Recusal Motions

From evansservicecase13435@protonmail.com <EvansServiceCase13435@protonmail.com>

To D.R. <DaniRobertson@proton.me>

Date Wednesday, October 21st, 2026 at 3:50 PM

Ms. Robertson:

I acknowledge receipt of your request for concurrence in two proposed motions: (1) leave to amend your countercomplaint under Federal Rule of Civil Procedure 15(a)(2), and (2) recusal of Magistrate Judge Elizabeth A. Stafford under 28 U.S.C. § 455(a).

Before providing my final position, I request clarification of the following matters.

**I. PROPOSED MOTION FOR LEAVE TO AMEND COUNTERCOMPLAINT**

Your counterclaims were previously amended within 21 days of their initial filing, and my Consolidated Pre-Answer Motion to Dismiss Counterclaims and for Alternative Relief (ECF No. 198) remains pending.

1. Why is another amendment necessary now, and what has changed since your previous amendment?
2. Does the proposed amendment add new counts, allegations, parties, or requests for relief, or does it seek to correct deficiencies in the existing counterclaims?
3. What effect do you contend the proposed amendment would have on my pending motion to dismiss (ECF No. 198), the pending default-judgment proceedings, and the existing discovery stay? Would it require additional discovery once the stay is lifted?
4. Please provide a copy of the proposed amended countercomplaint identifying the changes.

**II. PROPOSED MOTION FOR RECUSAL OF MAGISTRATE JUDGE STAFFORD**

1. **Timing:** Why is recusal being sought now? What specific event, ruling, or newly discovered circumstance prompted your request at this stage of the litigation?
2. **Specific rulings:** Which rulings, orders, findings, or recommendations do you contend demonstrate unfairness, bias, or a lack of impartiality? Please identify the applicable ECF numbers, dates, and specific grounds.
3. **Prior objections:** You previously expressed concerns regarding Magistrate Judge Stafford's rulings. What has changed since those objections, and why was recusal not sought at that time?
4. **ECF No. 229:** Is your proposed recusal motion related to the October 16, 2026 order denying John Doe's motion to quash the Cash App/Block subpoena, particularly while the period for objections under Federal Rule of Civil Procedure 72(a) may remain open?
5. **Grounds for recusal:** What specific facts, apart from disagreement with judicial rulings, do you contend would cause a reasonable person to question Magistrate Judge Stafford's impartiality under 28 U.S.C. § 455(a)?
6. **Effect on pending matters:** Do you intend to seek reconsideration, vacatur, reassignment, or other relief affecting the pending default-judgment proceedings, my motion to dismiss (ECF No. 198), or prior judicial orders and recommendations?

**III. POSITION ON CONCURRENCE**

At this time, I am reserving my decision on concurrence with respect to each proposed motion pending your response to the questions outlined above.

I am providing you an opportunity to clarify the factual and procedural bases for your requests so that I may make an informed determination regarding concurrence.

My willingness to consider your responses does not constitute concurrence, consent, or waiver of any procedural or substantive objections, including those concerning undue delay, prejudice, pending motions, default-judgment proceedings, and the existing discovery stay.

Upon receipt and review of your responses, I will communicate my position on each proposed motion separately.

Respectfully,

Sybrena Evans
Plaintiff/Counter-Defendant
Pro Se

Sent with Proton Mail secure email.

**EXHIBIT C**

**NOVEMBER 4, 2026 — DEFENDANT'S REQUEST FOR CONCURRENCE IN JUDGE-ONLY IDENTITY VERIFICATION**



**Concurrence request — in-person identity verification**

From D.R. <DaniRobertson@proton.me>

To evansservicecase13435@protonmail.com <EvansServiceCase13435@protonmail.com>

Date Wednesday, November 4th, 2026 at 9:29 AM

To Plaintiff/Codefendant,

Do you concur in Defendant's request that the Court verify Defendant's identity directly and in person, for identity-verification purposes only, through judicial inspection of original government-issued identification, for the judge's review only?

Defendant/Counter plaintiff

**EXHIBIT D**

**NOVEMBER 4, 2026 — PLAINTIFF'S SEPARATE REQUEST FOR CONCURRENCE IN PROPOSED AMENDED AND SUPPLEMENTAL COMPLAINT**

11/23/26, 9:29 PM Sent | EvansServiceCase13435@protonmail.com | Proton Mail

**Request for Concurrence – Motion for Leave to File First Amended and Supplemental Complaint (L.R. 7.1(a))**

From evansservicecase13435@protonmail.com <EvansServiceCase13435@protonmail.com>
To D.R. <DaniRobertson@proton.me>
Date Wednesday, November 4th, 2026 at 12:59 PM

Ms. Robertson:

Pursuant to E.D. Mich. Local Rule 7.1(a), I request your concurrence in my anticipated Motion for Leave to File a First Amended and Supplemental Complaint under Federal Rules of Civil Procedure 15(a)(2) and 15(d).

The motion seeks leave to file a pleading that clarifies allegations concerning timely conduct occurring on or after December 23, 2023, incorporates supplemental allegations concerning events after the original complaint, and seeks to cure previously identified pleading deficiencies under Rules 8 and 10.

Please advise whether you concur in or oppose the requested relief no later than **Friday, November 6, 2026, at 10:00 a.m. Eastern Time**. I anticipate filing the motion that day.

Respectfully,

Sybrena Evans
Plaintiff, Pro Se
Case No. 5:24-cv-13435

Sent with Proton Mail secure email.

https://mail.proton.me/u/1/all-sent/Ml0zO7m3E2XP8rXs5zinQbyVmUNIXwvzBw2wmA5H1DnxTivbRSqfSQoferBVz0kAF98KAuNjqr2vR282D-y6aQ==/j... 1/1